**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-[    ] (___)** |
| Debtor.[1] | |

**MOTION OF LECLAIRRYAN PLLC FOR ENTRY OF AN ORDER
(I) APPROVING THE FORM AND MANNER OF NOTICE OF COMMENCEMENT OF
THE CHAPTER 11 CASE AND (II) WAIVING THE REQUIREMENT THAT THE
DEBTOR SUBMIT A FORMATTED MAILING MATRIX**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned counsel, files this motion (the "Motion") for entry of an order, the proposed form of which is attached as Exhibit A (the "Order"), pursuant to sections 105(a) and 521(a)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rules 9007 and 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(H) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules") (i) approving the form and manner of the notice of commencement of this

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

chapter 11 case and (ii) waiving the requirement that the Debtor submit a formatted mailing matrix. In support of this Motion, the Debtor relies on the Declaration of Lori D. Thompson, Esq. in support of Chapter 11 Petition and First Day Motions (the "Thompson Declaration"). In further support of this Motion, the Debtor submits as follows:

**I.    Jurisdiction, Venue and Predicates for Relief**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

3. The predicates for the relief requested herein are sections 105(a) and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 9007 and 1007(a)(1), and Local Bankruptcy Rule 1007-1(H).

**II.    Background**

4. On the date hereof (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

5. The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No creditors' committee has been appointed in this Chapter 11 Case.

7. No trustee or examiner has been appointed.

8. A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in full in the Thompson Declaration, which was filed contemporaneously with this Motion and which is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### III. Relief Requested

9. By this Motion, the Debtor seeks entry of the Order (i) approving the following proposed procedures for the form and manner of the notice of commencement of this case and (ii) waiving the requirement that the Debtor submit a formatted mailing matrix.

**Notice of Commencement Procedures**

10. The Debtor proposes to serve on all known creditors by first class U.S. mail, postage prepaid, a combined notice of the commencement of the Chapter 11 Case and meeting of creditors pursuant to section 341 of the Bankruptcy Code (to the extent a meeting date has been set) substantially in the form of Exhibit 1 annexed to the Order (the "Notice of Commencement").

11. The Debtor further proposes to serve the Notice of Commencement within ten (10) business days following the date of entry of the Order granting the relief requested herein.[2]

### IV. Basis for Relief

12. Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9007 authorize the Court to approve the form, manner and sufficiency of notices provided under the Bankruptcy Rules. *See* 11 U.S.C. § 105(a); Fed. R. Bankr. P. 9007.

13. Pursuant to Bankruptcy Code section 521(a)(1), Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(H), a chapter 11 petition must be accompanied by a list of creditors including the name and address of each entity included or to be included on a debtor's

---

[2] The Debtor also filed concurrently herewith a motion requesting that the U.S. Trustee be authorized to schedule the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code after the 40-day deadline imposed by Bankruptcy Rule 2003(a). Accordingly, the Debtor is requesting authority to mail the Notice of Commencement to creditors on a date measured from entry of the order granting the relief requested in this Motion, rather than the date of the section 341 meeting of creditors.

schedules of assets and liabilities (the "Creditor Matrix").[3] Local Bankruptcy Rule 1007-1(H)(1) further requires that a debtor submit this list of creditors either on a diskette in a computer readable format specified by the Office of the Clerk of the Court (the "Clerk") or via the Electronic Case Files System. Exhibit 5 to the Local Bankruptcy Rules ("Exhibit 5") specifies the format in which a debtor must submit mailing matrices. Pursuant to Local Bankruptcy Rule 1007-1(H)(3), however, the Court may waive the requirement to submit creditor information on a diskette under certain circumstances.

14. The Debtor was not able to prepare its schedules of assets and liabilities for filing on the Petition Date.[4] Further, the Debtor intends to handle service of the Notice of Commencement and all major notices to be given to all creditors in this case.[5] Accordingly, the filing of the Creditor Matrix with this Court serves no practical purpose. Thus, the Debtor respectfully requests that the Court waive the requirement to file a Creditor Matrix with the Court.

15. Bankruptcy Courts routinely grant the relief requested herein relating to the mailing of the notice of commencement and the waiver of the requirement to file a Creditor Matrix with the Court. *See, e.g.*, *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. ED. Va. Sept. 21, 2017); *In re Alpha Natural Resources, Inc.*, Case No. 15-33896 (KRH) (Bankr.

---

[3] Section 521(a)(1)(A) of the Bankruptcy Code provides that "[the debtor shall file] a list of creditors ...." 11 U.S.C. § 521(a)(1)(A). Bankruptcy Rule 1007(a)(1) implements the requirement of section 521 of the Bankruptcy Code by requiring that a voluntary debtor "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms."

[4] The Debtor also filed concurrently herewith a motion for a 30-day extension of the time to file, among other things, its schedules of assets and liabilities.

[5] The Debtor intends to file a motion with this Court to retain and employ a notice, claims and balloting agent in this Chapter 11 Case to handle service for the Debtors.

E.D. Va. Aug. 5, 2015); *In re James River Coal Co.*, No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014); *In re AMF Bowling Worldwide, Inc.*, Case No. 12-36495 (KRH) (Bankr. E.D. Va. Nov. 14, 2012); *In re Bear Island Paper Co., L.L.C.*, Case No. 10-31202 (DOT) (Bankr. E.D. Va. Feb. 26, 2010); *In re Movie Gallery, Inc.*, Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 8, 2010); *In re Canal Corp. f/k/a Chesapeake Corp.*, Case No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 30, 2008).

## V.     Notice

16.     The Debtor has served notice of this Motion on (a) the U.S. Trustee; (b) counsel to ABL Alliance, LLLP; (c) ULX Partners, LLC; and (d) those creditors holding the 20 largest unsecured claims against the Debtor's bankruptcy estate.

## VI.    Waiver of Memorandum of Law

17.     The Debtor respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## VII.   No Previous Request

18.     No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

DATED: September 3, 2019

        Respectfully submitted,

        */s/ Tyler P. Brown*
        Tyler P. Brown (VSB No. 28072)
        Jason W. Harbour (VSB No. 68220)
        HUNTON ANDREWS KURTH LLP
        Riverfront Plaza, East Tower
        951 East Byrd Street
        Richmond, Virginia 23219
        Telephone:  (804) 788-8200
        Facsimile:    (804) 788-8218
        Email: tpbrown@HuntonAK.com
              jharbour@HuntonAK.com

        *Proposed Counsel to the Debtor*
        *and Debtor in Possession*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-[     ] (___)** |
| **Debtor.**[1] | |

**ORDER (I) APPROVING THE FORM AND MANNER OF
NOTICE OF COMMENCEMENT OF THE CHAPTER 11 CASE
AND (II) WAIVING THE REQUIREMENT THAT THE
DEBTOR SUBMIT A FORMATTED MAILING MATRIX**

Upon the motion (the "Motion")[2] of LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order, pursuant to sections 105(a) and 521(a)(1) of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rules 9007 and 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1(H) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), (i) approving the form and manner of the notice of commencement of this chapter 11 case and (ii)

---

[1]    The last four digits of the Debtor's federal tax identification number are 2451.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

waiving the requirement that the Debtor submit a formatted mailing matrix, the Court finds that (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; (d) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (e) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby GRANTED.

2. The combined form of the notice of commencement of this chapter 11 case and the meeting of creditors pursuant to section 341 of the Bankruptcy Code, annexed hereto as Exhibit 1 (the "Notice of Commencement"), is approved.

3. The requirement that the Debtor file a Creditor Matrix with the Court on the Petition Date pursuant to Bankruptcy Code section 521(a)(1), Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rule 1007-1(H) is hereby waived.

4. The Debtor, or any notice, claims and balloting agent retained and employed by the Debtor in the Chapter 11 Case, is authorized, but not directed, to undertake all mailings directed by the Court, or the U.S. Trustee, or in accordance with the Bankruptcy Code, including the Notice of Commencement, and any other correspondence that the Debtor may wish to send to parties in interest.

5. The Notice of Commencement shall be served by the Debtor on all known creditors by first-class U.S. mail, postage prepaid, no later than ten business days after the date of entry of this Order.

6. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. All forms of notice provided by the Motion are reasonably calculated to inform interested parties of this chapter 11 case.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

Richmond, Virginia

Dated:_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: _____

WE ASK FOR THIS:

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218
Email: tpbrown@HuntonAK.com
         jharbour@HuntonAK.com


*Proposed Counsel to the Debtor
and Debtor in Possession*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Tyler P. Brown*

# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:**<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor.[1] | **Chapter 11**<br><br>**Case No. 19**-[    ] (___) |

**NOTICE OF COMMENCEMENT OF
CHAPTER 11 CASE AND MEETING OF CREDITORS**

**Commencement of the Chapter 11 Case**.  On September 3, 2019, the above-captioned debtor and debtor-in-possession (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court").

Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan.  A plan is not effective unless confirmed by the Bankruptcy Court.  You may be sent a copy of a plan and a disclosure statement telling you about the plan, and you might have the opportunity to vote on the plan.  You will be sent notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing.  Unless a trustee is serving, the Debtor will remain in possession of its property and may continue to operate its business.

**Meeting of Creditors**.  Pursuant to section 341 of the Bankruptcy Code, the Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee") has scheduled a meeting of creditors **on _____ ___, 2019, at ____:____ _.m. (prevailing Eastern Time)**, at the office of the U.S. Trustee, 701 East Broad Street, Suite 4300, Richmond, Virginia 23219.  The Debtor's representatives will be present at the meeting to be examined under oath by the U.S. Trustee and by creditors.  Creditors are welcome to attend the meeting but are not required to do so.  The meeting may be continued and concluded at a later date without further notice.

---

[1]    The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

**Creditors May Not Take Certain Actions**. The filing of the bankruptcy petition automatically stays certain collection and other actions against the Debtor and the Debtor's property. Prohibited actions are listed in section 362(a) of the Bankruptcy Code. For example, creditors are prohibited from: (a) contacting the Debtor to demand repayment; (b) taking action against the Debtor to collect money owed to creditors; (c) starting or continuing lawsuits against the Debtor; and (d) taking certain actions against property of the Debtor's estates. *See* 11 U.S.C. § 362(a). If unauthorized actions are taken by a creditor against the Debtor, the Court may penalize that creditor. A creditor who is considering taking action against the Debtor or their property should review, among other things, section 362(a) of the Bankruptcy Code and seek legal advice.

**Notice of Bar Dates for Proofs of Claim**. The notice of the bar dates (the "Bar Date Notice") will be mailed separately. The Bar Date Notice will contain information regarding the bar dates, a proof of claim form and instructions for completing and filing a proof of claim form.

**Claims**. A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this Notice, you can obtain one at any Bankruptcy Court Clerk's office. You may look at the schedules that have been, or will be, filed at the Bankruptcy Court Clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled, unless you file a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim or you might not be paid any money on your claim and may be unable to vote on a plan. **The Bankruptcy Court has not yet set a deadline to file a Proof of Claim. If a deadline is set, you will be sent another notice.** A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim may submit the creditor to the jurisdiction of the Bankruptcy Court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address**: The deadline for filing claims will be set in a later Bankruptcy Court order and will apply to all creditors unless the order provides otherwise. If notice of the order setting the deadline is sent to a creditor at a foreign address, the creditor may file a motion requesting the Bankruptcy Court to extend the deadline. There is no assurance that such a motion would be granted.

**Case Management and Administrative Procedures**. On **[_____], 2019**, the Court entered the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. ___] (the "Case Management Order"). All parties who desire to participate in this Chapter 11 Case must follow the procedures set forth therein. The Case Management Order provides, among other things, that, except as set forth in the procedures approved by the Case Management Order, notice of proceedings in this chapter 11 case need only be sent via electronic mail to the parties on the established service list. Any party in interest that desires to receive electronic mail notice in this chapter 11 case and, consequently, be added to the service list, shall file with the Court a notice of appearance and request for service and shall serve such request on Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Attn.: Tyler P. Brown, email: tpbrown@huntonak.com. All creditors will receive notice of certain proceedings, including, but not limited to, bar dates (unless applicable to a limited population of creditors), the time fixed for filing objections to and any hearing to

2

consider a disclosure statement and/or confirmation of a chapter 11 plan and dismissal or conversion of this chapter 11 case to another chapter of the Bankruptcy Code.  A copy of the procedures approved by the Case Management Order is available from the sources described below.

**How to Obtain Documents**.  All documents filed with the Bankruptcy Court, including the Debtor's schedules of assets and liabilities and statements of financial affairs, will be available for inspection at the Bankruptcy Court Clerk's office or by (a) accessing the Bankruptcy Court's website, *www.vaeb.uscourts.gov*, or (b) contacting the Bankruptcy Court Clerk's office by telephone at 804-916-2400 or by mail at 701 East Broad Street, Suite 4000, Richmond, Virginia 23219.

**Attorneys for Debtor**.  The attorneys representing the Debtor are Tyler P. Brown and Jason W. Harbour, Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower, 951 East Byrd Street, Richmond, Virginia 23219, Telephone: (804) 788-8200; Facsimile: (804) 788-8218.

**Discharge of Debts and Deadline to File a Complaint to Determine Dischargeability of Certain Debts**.  Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  *See* Bankruptcy Code § 1141(d).  A discharge means that you may never try to collect the debt from the debtor, except as provided in the plan.  If you believe that a debt owed to you is not dischargeable under § 1141(d)(6)(A) of the Bankruptcy Code, you must start a lawsuit by filing a complaint in the Court by **[_____], 2019**.  The Court Clerk's Office must receive the complaint and any required filing fee by such deadline.

**Local Rule Dismissal Warning**.  Chapter 11 cases may be dismissed for failure to timely file lists, schedules, and statements.  *See* Local Bankruptcy Rule 1007-1

**Legal Advice**.  **Neither the Debtor's counsel nor the Court Clerk's Office can give you legal advice.  You may wish to consult an attorney to protect your rights.**

Dated: September [_], 2019                    Clerk of the U.S. Bankruptcy Court
                                              701 East Broad Street, Suite 4000
                                              Richmond, Virginia 23219

3