**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **LECLAIRRYAN PLLC,** | Case No. 19-[    ] (___) |
| Debtor.[1] | |

**MOTION OF LECLAIRRYAN PLLC FOR ENTRY OF AN ORDER ESTABLISHING**
**CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned counsel, files this motion (the "Motion") for entry of an order, the proposed form of which is attached as Exhibit A (the "Order"), pursuant to section 105(a) of Title 11 of the United States Code 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") and Rules 1015(c), 2002 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), establishing certain notice, case management, and administrative procedures. In support of this Motion, the Debtor relies on the Declaration of

---

[1]      The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

Lori D. Thompson, Esq. in support of Chapter 11 Petition and First Day Motions (the "Thompson Declaration").  In further support of the Motion, the Debtor submits as follows:

## I.        Jurisdiction, Venue and Predicates for Relief

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

3.      The predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c), 2002 and 9007.

## II.        Background

4.      On the date hereof (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "Chapter 11 Case").

5.      The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No creditors' committee has been appointed in this Chapter 11 Case.

7.      No trustee or examiner has been appointed.

8.      A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in full in the Thompson Declaration, which was filed contemporaneously with this Motion and which is incorporated herein by reference.  Additional facts in support of the specific relief sought herein are set forth below.

## III.        Relief Requested

9.      By this Motion, the Debtor seeks authority to implement certain procedures as set forth in Exhibit 1 annexed to the Order (the "Case Management Procedures") in connection with

the administration of this Chapter 11 Case.  The Debtor requests that, to the extent the Case Management Procedures conflict with the Bankruptcy Rules or the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Bankruptcy Rules"), the Case Management Procedures govern and supersede such rules for this Chapter 11 Case.

10.     As set forth more fully below, the Case Management Procedures: (i) establish requirements for the filing and service of notices, motions, applications, documents filed in support thereof, and objections and responses thereto, (ii) delineate standards for notices of hearing and agendas, (iii) articulate mandatory guidelines for the scheduling of hearings (including periodic omnibus hearings), objection deadlines, reply deadlines and evidentiary hearings, (iv) limit matters that are required to be heard by the Court and (v) authorize electronic service of documents.

## Case Management Procedures

11.     The Debtor has numerous potential creditors and equity holders who, along with other parties in interest in this Chapter 11 Case, may file requests for service of filings pursuant to Bankruptcy Rule 2002.  The Debtor also expects that numerous motions, applications, objections and other court papers will be filed in this case in pursuit of various forms of relief.

12.     Implementing the Case Management Procedures will maximize the efficiency and orderliness of the administration of this Chapter 11 Case and reduce the costs associated with traditional case management procedures.  Approving the Case Management Procedures also will limit the administrative burdens and costs associated with preparing for hearings and serving and mailing documents.  In addition, the Case Management Procedures will assist the Debtor and its personnel and professionals in organizing and prioritizing the numerous tasks attendant to this

Chapter 11 Case.  The Debtor estimates that the Case Management Procedures will yield significant savings to the Debtor's estate and will also avoid unnecessary costs or delays.

13.    As contemplated by the Case Management Procedures, with the advance scheduling of periodic omnibus hearings, all parties in interest – as well as the Debtor – will be better able to plan for and schedule attendance at hearings.  This will reduce the need for emergency hearings and requests for expedited relief, and will foster consensual resolution of important matters.  Moreover, by directing that certain notices be mailed only to recipients named on a shortened mailing list and those creditors who file a request with the Court to receive such notices, all parties in interest will be assured of receiving appropriate notice of matters affecting their interests and ample opportunity to prepare for and respond to such matters.

14.    Furthermore, a shortened mailing list will significantly reduce the substantial administrative and financial burden that would otherwise be placed on the Debtor's estate and other parties in interest who file documents in this case.  Similarly, allowing electronic service of documents to certain parties in accordance with the Case Management Procedures will further reduce the administrative and financial burden on the Debtor's estate, as well as on other serving parties, and will, in many cases, result in more expedient service of documents.

15.    As noted above, the Case Management Procedures proposed herein and summarized below are set forth in detail and attached as Exhibit 1 to the Order.  The Case Management Procedures will be (a) distributed to the Core Parties and the 2002 List Parties (as each is defined in the Case Management Procedures) with the *Notice of Commencement of the Chapter 11 Case*[2] (to save mailing costs) and (b) available at all times for a fee via PACER on

---

[2]    Contemporaneously herewith, the Debtor filed with the Court the *Motion of the Debtor and Debtor in Possession for Entry of an Order Approving the Form and Manner of Notice of Commencement of the Chapter 11 Case.*

the Court's website at *http://www.vaeb.uscourts.gov* (the "Court's Website").[3] Moreover, the Debtor will redistribute the Case Management Procedures to the 2002 List Parties in the event the Case Management Procedures are modified hereafter.

A.      *Notice Procedures*

16.      Given the administrative cost of mailing notices to all of the Debtor's creditors and parties in interest in this Chapter 11 Case, the Debtor requests that the mailing matrix for matters requiring notice under Bankruptcy Rule 2002(a)(2)–(6) be limited in accordance with the Case Management Procedures.

17.      The Case Management Procedures shall not affect the Debtor's obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtor's Chapter 11 Case to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on a disclosure statement and confirmation of a chapter 11 plan or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtor shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

B.      *Electronic Service*

18.      The Debtor also requests that the Court allow electronic service (where applicable) of documents to further reduce the administrative and financial burden of providing notice to the Debtor's creditors and other parties in interest.  The Debtor requests that the "Notice of Electronic Filing" that is automatically generated by the Court's electronic case filing system be deemed sufficient notice for all registered attorney users in accordance with section

---

[3]      A PACER login and password are needed to file documents on the ECF System and can be obtained at *www.pacer.gov*.

9(B) of the Case Management/Electronic Case Files (CM/ECF) Policy Statement (the "CM/ECF Policy").  The Case Management Procedures contain provisions that the Debtor believes will ensure that electronic service is efficient and effective in this Chapter 11 Case.

19.    The Debtor requests that the Court permit such electronic service in accordance with (a) Local Bankruptcy Rule 5005-2 ("All petitions, motions, memoranda of law, or other pleadings, documents and papers filed with the Court shall be filed through the Case Management/Electronic Case Files System (CM/ECF)") and (b) the CM/ECF Policy.

20.    Further, the Debtor requests that the filing deadlines should not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (indirectly made applicable to contested matters by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005(b)(3)) and Bankruptcy Rule 9006(f).

### C.    *Periodic Omnibus Hearings*

21.    The Debtor respectfully requests authorization to schedule, in cooperation with the Court, periodic omnibus hearings (each, an "Omnibus Hearing") at which Motions and other requests for relief shall be heard.  At least two days before an Omnibus Hearing, the Debtor shall file with the Court an agenda stating each matter to be heard at such hearing (the "Agenda"), which Agenda may be updated or amended from time to time thereafter to the extent necessary. The matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and certificates of service.  The Debtor shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court.

## IV.    Basis for Relief Requested

22.    The Bankruptcy Code, Bankruptcy Rules and Local Bankruptcy Rules provide the Debtor with the authority to establish notice, case management and administrative procedures.

23.     Specifically, section 105 of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The Debtor submits that implementing the Case Management Procedures is appropriate in this Chapter 11 Case and well within the Court's equitable powers under section 105 of the Bankruptcy Code.

24.     Bankruptcy Rule 2002 also provides that, unless otherwise ordered by the Court, notice of certain matters must be given to, among others, all of the Debtor's creditors, equity security holders and other parties in interest.  The Bankruptcy Rules provide that the Court "may from time to time enter orders designating the matters in respect to which, the entity to whom and the form of manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

25.     This case is likely to be complicated.  As a result, the demands on the Debtor and its personnel and professionals are great.  In addition to performing their ordinary duties, the Debtor's personnel now carry the substantial additional burdens imposed by this case.  The Case Management Procedures, by authorizing the Debtor to schedule omnibus hearing dates and by establishing clear timelines for the filing of Court Papers (as defined in the Case Management Procedures), will assist the Debtor's management and professionals (and, indeed, all parties in interest) in organizing their time and directing the attention of their personnel appropriately.

26.     The Debtor anticipates that numerous interested parties may request service of Court Papers in this Chapter 11 Case.  Consequently, the Debtor has requested procedures for the electronic service of Court Papers.  The Debtor submits that the proposed procedures, including

deeming the "Notice of Electronic Filing" automatically generated by the Court's CM/ECF System sufficient notice for registered users, are the most efficient, cost-effective procedures for service. In particular, to serve the Debtor's numerous creditors, equity holders and/or other parties-in-interest with each Request for Relief (as defined in the Case Management Procedures) could easily cost the Debtor a substantial amount in printing, mailing and service costs. By comparison, the cost of electronic service is *de minimis*. Although email is nearly universally available, if a party cannot reasonably obtain access to email, then such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies. Therefore, no party will be adversely affected by the proposed email service set forth herein. Considering the vast number of Court Papers that are likely to be filed and served in this Chapter 11 Case, the process proposed herein will save the Debtor's estate significant amounts of money.

27. The Debtor respectfully submits that adopting the Case Management Procedures will substantially reduce administrative burdens and result in substantial cost savings to the Debtor's estate because of the reduction of time and money the Debtor will have to expend. Pursuant to the Case Management Procedures, hearings shall be conducted only when necessary to the resolution of disputes between the Debtor and third parties. This process will reduce the administrative burdens and costs associated with preparing for and attending hearings, and will minimize the burden on the Court.

28. Similar procedures, including service by email, have been approved in other complex chapter 11 cases by bankruptcy courts in Virginia. *See, e.g.*, *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D. Va. Sept. 21, 2017); *In re Gymboree Corp.*, Case No. 17-32986 (KLP) (Bankr. E.D. Va. June 12, 2017); *In re James River Coal Co.*, Case No. 14-31848 (KRH) (Bankr. E.D. Va. Apr. 10, 2014); *In re AMF Bowling Worldwide, Inc.*, Case No.

12-36495 (KRH) (Bankr. E.D. Va. Nov. 20, 2012); *In re Workflow Mgmt., Inc.*, Case No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 8, 2010); *In re The Glebe, Inc.*, Case No. 10-71553 (RWK) (Bankr. W.D. Va. July 19, 2010) *In re Bear Island Paper Co., L.L.C.*, Case No. 10-31202 (DOT) (Bankr. E.D. Va. Feb. 26, 2010); *In re Movie Gallery, Inc.*, Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 8, 2010).  The Debtor submits that these circumstances warrant similar relief.

29.    Finally, the Debtor submits that the Case Management Procedures set forth herein will promote the efficient and orderly administration of this Chapter 11 Case.

## V.    Notice

30.    The Debtor has served notice of this Motion on (a) the U.S. Trustee; (b) counsel to ABL Alliance, LLLP; (c) ULX Partners, LLC; and (d) those creditors holding the 20 largest unsecured claims against the Debtor's bankruptcy estate.

## VI.    Waiver of Memorandum of Law

31.    The Debtor respectfully requests that this Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## VII.    No Previous Request

32.    No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested

herein and such other and further relief as is just and proper.

DATED: September 3, 2019

Respectfully submitted,

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:    (804) 788-8218
Email: tpbrown@HuntonAK.com
           jharbour@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| LECLAIRRYAN PLLC, | Case No. 19-[    ] (___) |
| Debtor.[1] | |

**ORDER ESTABLISHING CERTAIN NOTICE,**
**CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (the "Order"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c), 2002 and 9007, establishing certain notice, case management and administrative procedures; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Motion

---

[1]      The last four digits of the Debtor's federal tax identification number are 2451.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is hereby GRANTED.

2.      The Case Management Procedures as set forth in Exhibit 1 attached hereto are approved in all respects and shall govern all aspects of this Chapter 11 Case, except as otherwise ordered by the Court.

3.      To the extent the Case Management Procedures conflict with the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules, the Case Management Procedures govern and supersede and shall apply to this Chapter 11 Case.

4.      Nothing herein or in the Case Management Procedures shall affect the Debtor's obligation to give notice to all creditors, parties in interest and, where applicable, equity security holders of (a) the meeting of creditors, (b) the dismissal or conversion of the Debtor's Chapter 11 Case to another chapter, (c) the time fixed to accept or reject a proposed modification of a chapter 11 plan, (d) the time fixed for filing proofs of claim, (e) the time fixed for filing objections to and the hearing on a disclosure statement and the confirmation of a chapter 11 plan or (f) entry of an order confirming a chapter 11 plan.  In addition, the Debtor shall be required to comply with the notice requirements of Bankruptcy Rules 2002(d), 4006 and 4007.

5.      Notice and service accomplished in accordance with the provisions set forth in this Order shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the General Orders of this Court.

2

6.      Notice of the Motion as provided therein shall be deemed good and sufficient notice.

7.      Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      All time periods set forth in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

11.     The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

Richmond, Virginia

Dated:_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE


Entered on Docket: _____

3

WE ASK FOR THIS:

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218
Email: tpbrown@HuntonAK.com
        jharbour@HuntonAK.com


*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)


I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Tyler P. Brown*

4

# EXHIBIT 1 TO EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-[     ] (___)** |
| Debtor.[1] | |

## NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES

These notice, case management and administrative procedures (the "Case Management Procedures") have been approved by the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") for the chapter 11 case (the "Chapter 11 Case") of the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to the *Motion of the Debtor and Debtor in Possession for Entry of an Order Establishing Certain Notice, Case Management and Administrative Procedures* (the "Motion")[2].  On _____, 2019, the Court entered an order (the "Order") approving these Case Management Procedures.

---

[1]    The last four digits of the Debtor's federal tax identification number are 2451.

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

To the extent the Case Management Procedures conflict with title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>"), the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of Bankruptcy Practice and Procedure of the Eastern District of Virginia (the "<u>Local Rules</u>"), the Case Management Procedures govern and supersede and shall apply to this Chapter 11 Case.

## I.      Document Requests and Access to Documents.

1.      Electronic copies of all pleadings and documents are available for a fee via PACER on the Court's Website.  Finally, paper copies of all pleadings filed in this Chapter 11 Case may be available from the Court.

## II.      Filing and Notice Procedures.

2.      <u>Procedures Established for Notices</u>.  All motions, applications and other matters requiring notice and/or a hearing (collectively, the "<u>Requests for Relief</u>"), all objections and responses to such Requests for Relief (the "<u>Objections</u>"), all replies to such Objections (the "<u>Replies</u>") and all other documents filed with the Court (and together with the Requests for Relief, the Objections and the Replies, the "<u>Court Papers</u>") shall be filed with the Court or other applicable court and served in accordance with the procedures set forth herein.

3.      <u>Entities Entitled to Service</u>.  Court Papers shall be served on the Core Parties, the 2002 List Parties and any Affected Entity (each as defined herein) according to the procedures set forth herein.  A Court Paper is deemed not to have been properly served until served, at a minimum, on all of the Core Parties.

a.      <u>Core Parties</u>. The following entities shall comprise the core group of entities in this Chapter 11 Case (collectively, the "**Core Parties**"):

(i)      proposed counsel to the Debtor,
Hunton Andrews Kurth LLP
Riverfront Plaza, East Tower
951 East Byrd Street

Richmond, Virginia 23219
Attn: Tyler P. Brown
Jason W. Harbour
Email: tpbrown@huntonak.com
        jharbour@huntonak.com

(ii)     the Office of the United States Trustee
         for the Eastern District of Virginia (the "U.S. Trustee"),
         701 East Broad Street
         Suite 4304
         Richmond, Virginia 23219
         Attn: Robert B. Van Arsdale
         Email: USTPRegion04.RH.ECF@usdoj.gov;

(iii)    the attorneys for any official committee of unsecured creditors then
         appointed in this case (the "Creditors' Committee");[3]

(iv)     the attorneys for ABL Alliance, LLLP,
         McGuireWoods LLP
         Gateway Plaza
         800 East Canal Street
         Richmond, Virginia 23219-3916
         Attn: Douglas M. Foley, Sarah B. Boehm, Shawn R. Fox
         Email: dfoley@mcguirewoods.com
                sboehm@mcguirewoods.com
                sfox@mcguirewoods.com

         and

(v)      ULX Partners, LLC
         100 Broadway, 22nd Floor
         New York, New York 10005
         Attn: Nicholas Hinton
               Daniel E. Reed
         Email:  nicholas.hinton@unitedlex.com
                 dan.reed@unitedlex.com

         -and-

         ULX Partners, LLC
         Attn: Jennifer Mistal
         4405 Cox Road, Suite 200
         Glen Allen, Virginia 23060

---

[3]     Before the appointment of the Creditors' Committee and its counsel, if any, service shall be made upon the
        holders of the Debtor's 20 largest unsecured claims.

3

b.   <u>2002 List</u>.  This group (the "<u>2002 List Parties</u>") shall be comprised of all entities that have filed a request for service of filings pursuant to Bankruptcy Rule 2002 in this Chapter 11 Case.

(i)   <u>Filing Requests for Documents Requires Email Address</u>.  A request for service of papers pursuant to Bankruptcy Rule 2002 (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper if and only if it includes the following information with respect to the party filing such request: (A) name; (B) street address; (C) name of client(s), if applicable; (D) telephone number; (E) facsimile number; and (F) email address.  A 2002 Notice Request that contains more than one name with respect to the party filing such request must contain the information listed in clauses (B) through (F) of the previous sentence with respect to such additional name(s) in order for additional individuals to receive service on behalf of the filing party.

(ii)   <u>Certification Opting Out of Email Service</u>.  Any individual or entity filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the 2002 Notice Request a certification to that effect (the "<u>Certification</u>"), which Certification shall be served by such party by U.S. mail, overnight delivery, facsimile or hand delivery to proposed counsel to the Debtor.  The Certification shall include a statement certifying that the individual or entity (A) does not maintain an email address and (B) cannot practicably obtain an email address at which the individual or entity could receive service by email.  If a 2002 Notice Request fails to include an email address and a Certification, the Debtor shall forward a copy of these Case Management Procedures to such party within five business days specifically requesting an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the 2002 List (as defined below) and shall not be served with copies of pleadings and documents filed in this Chapter 11 Case unless such pleadings and/or documents directly affect such party.

(iii)   <u>2002 Notice List</u>.  The Debtor shall be responsible for maintaining an updated list of those who have submitted a proper 2002 Notice Request (the "<u>2002 List</u>"). It is the responsibility of each entity submitting a 2002 Notice Request to file with the Court an updated 2002 Notice Request as necessary to reflect changes to any information, including email address and contact person, and serve a copy of such request upon the Debtor.

4

      c.      <u>Affected Entity</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Paper (each, an "<u>Affected Entity</u>").

4.      <u>Service List</u>.  The Debtor shall maintain a service list of all Core Parties and 2002 List Parties (the "<u>Service List</u>"), which shall be updated as necessary and shall include names, addresses, facsimile numbers and email addresses for the Core Parties and 2002 List Parties.  At least once every 30 days, an updated Service List, if there is one, shall be filed with the Court and available via PACER on the Court's Website.  A Court Paper shall be deemed served on all Core Parties and 2002 List Parties if it is served on the parties on the most recent Service List filed with the Court as of the day prior to the date of service.

5.      <u>Waiver of Memorandum of Points and Authorities</u>.  Notwithstanding Local Bankruptcy Rule 9013-1(G), motions filed without a separate memorandum of points and authorities shall be deemed to (i) include a request for waiver of Local Bankruptcy Rule 9013-1(G) or (ii) be a single pleading as permitted by Local Bankruptcy Rule 9013-1(G).

6.      Except as set forth herein or otherwise provided by order of the Court, the procedures herein shall not supersede the requirements for notice of the matters or proceedings described in the following Bankruptcy Rules:

      a.      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to section 341 of the Bankruptcy Code);

      b.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

      c.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

      d.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

      e.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

f.   Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

g.   Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

h.   Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

i.   Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

j.   Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

k.   Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

7.    <u>Noticing a Matter for Hearing</u>.  Parties should consult the Local Bankruptcy Rules regarding the form and content of notices and visit the Court's Website for more information.

8.    <u>Certificates of Service</u>.  Within seven days of filing of any Court Paper, the filing party shall file with the Court either an affidavit of service or a certification of service (each, a "<u>Certificate of Service</u>") annexing the list of parties that received notice; *provided*, *however*, that if the list of parties that received notice of such Certificate of Service is the Service List, the filing party shall not be required to annex a list of parties to such Certificate of Service and need only indicate that the Certificate of Service was filed on the Service List.  A Certificate of Service shall indicate the method of service, but shall not include an individual's home address. Certificates of Service need not be served on any party.  The filing of Certificates of Service in accordance with the Case Management Procedures shall be deemed to satisfy the requirements of Local Bankruptcy Rule 5005-1(C)(8).

9.    <u>Serving Adversary Proceedings</u>.  All pleadings and other Court filings in any adversary proceeding commenced in this Chapter 11 Case shall be served upon Core Parties,

6

each Affected Entity and any other entities required to be served under any applicable Bankruptcy Rule or Local Bankruptcy Rule.

**III.    Service by Electronic Means.**

10.    <u>Service by Electronic Mail</u>.  All parties shall be authorized to serve all Court Papers on Core Parties, 2002 List Parties and, if applicable, Affected Entities by electronic mail, which shall be deemed to constitute proper service for all parties who are sent such electronic mail and be effective as of the date such Court Paper is posted on the Court's electronic filing system (the "<u>ECF System</u>"); *provided* that (i) any individual or entity that filed a Certification in accordance with these Case Management Procedures shall be served at the address indicated on such entity's Certification and (ii) any Affected Entity whose email address is then unknown shall be served at the physical address known for such entity, in each case by U.S. mail, overnight delivery, hand delivery or facsimile, in the sole discretion of the serving party.  In accordance with section 9(B) of the Case Management/Electronic Case Files (CM/ECF) Policy Statement, the "Notice of Electronic Filing" that is automatically generated by the Court's ECF System shall constitute service by electronic mail for those parties who are or whose agents are registered attorney users of the Court's ECF System.  Therefore, a party filing a Court Paper that is served on registered attorney users via the Court's ECF System has no further obligation for service of such Court Paper with respect to such entities to be proper.

11.    <u>Electronic Attachment of Files</u>.  All Court Papers served by electronic mail shall include access to an attached file or files containing the entire Court Paper, including the proposed form of order and any exhibits, attachments and other relevant materials, in PDF format.  Notwithstanding the foregoing, if a Court Paper cannot be annexed to an email (because of size, technical difficulties or otherwise), the serving party shall, in its sole discretion, either (a) serve the entire Court Paper by U.S. mail, hand delivery, overnight delivery or facsimile,

including the proposed form of order and any exhibits, attachments and other relevant materials or (b) electronically mail a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System and will be mailed only if requested.

12.    <u>Effective Date of Service</u>.  Service by electronic mail on a party shall be effective as of the earlier of (i) the date the Court Paper (or a notice stating that the Court Paper cannot be attached but is available on the Court's ECF System) is transmitted by email to the address provided by such party or (ii) the date the Court Paper is posted on the Court's ECF System where service on such entity via the Court's ECF System is proper under these Case Management Procedures.

13.    The filing deadlines set forth in these Case Management Procedures do not require three additional days' notice as set forth in Rule 6(d) of the Federal Rules of Civil Procedure (made applicable to contested matters indirectly by Bankruptcy Rule 9014(b) and to adversary proceedings by Bankruptcy Rule 7005) and Bankruptcy Rule 9006(f) when a document is served by electronic mail or other means, including service via the Court's ECF System.

14.    <u>Identification of Attorney</u>.  On the first page of every Court Paper, the attorney filing the same shall be identified by name, state bar number, complete mailing address, telephone number and the name of the party whom the attorney represents.

**IV.    Omnibus Hearing Dates.**

15.    <u>First Omnibus Hearings</u>.  The Court has set the following dates and times (all prevailing Eastern Time) as the next omnibus hearings (each, an "**Omnibus Hearing**"):

a.    _____, 2019, at __:__ _.m.;

b.    _____, 2019, at __:__ _.m.;

c.    _____, 2019, at __:__ _.m.;

d. _____, 2019, at __:__ _.m.; and

e. _____, 2019, at __:__ _.m.

16.     <u>Future Omnibus Hearings</u>.  The Debtor shall be authorized to schedule, in cooperation with the Court, future Omnibus Hearings at which Requests for Relief shall be heard.  The Debtor shall file notices of additional Omnibus Hearing dates on a periodic basis with the Court.  For information concerning future Omnibus Hearings that have been scheduled by the Court, entities may contact the Clerk of the Bankruptcy Court for the Eastern District of Virginia, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 or visit the Court's Website.

17.     All matters requiring a hearing in this Chapter 11 Case shall be set forth and be heard on an Omnibus Hearing date unless otherwise ordered by the Court for good reason shown, in accordance with the following:

a.      In the event that a party files a Request for Relief at least 21 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection (the "<u>Objection Deadline</u>") to such Request for Relief shall be seven calendar days prior to the Omnibus Hearing; *provided*, *however*, that the Debtor's counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtor in good faith believes that the hearing on the particular matter could exceed one hour.

b.      In the event that a party files a Request for Relief less than 21 calendar days but at least 14 calendar days prior to the next scheduled Omnibus Hearing, the matter shall be set for hearing on such scheduled Omnibus Hearing, and the deadline to file an Objection to such Request for Relief shall be three calendar days prior to the Omnibus Hearing; *provided*, *however*, that the Debtor's counsel may propose to schedule matters filed by another party on a date other than the next Omnibus Hearing date if the Debtor in good faith believes that the hearing on the particular matter could exceed one hour.

c.      The Objection Deadline may be extended with the consent of the movant or applicant without leave from the Court.   No Objection shall be

9

considered timely unless filed with the Court and properly served on or before the applicable Objection Deadline.

d.    If an Objection is filed, then unless otherwise ordered by the Court, any reply, including any joinders or statements in support of such Objection, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (prevailing Eastern Time) on the date that is one calendar day before the date of the applicable hearing (the "Reply Deadline").  Any joinder or statement of support of a Request for Relief shall be filed with the Court and served in accordance with these Case Management Procedures on or before the Reply Deadline, which may be extended solely with respect to any such joinder or statement of support with the consent of the movant or applicant, without further Court action.

18.    <u>Procedures Regarding the Omnibus Hearings</u>.  Unless otherwise ordered by this Court, the following procedures shall apply to all Omnibus Hearings:

a.    Requests for Relief shall not be considered by the Court unless filed and served in accordance with these Case Management Procedures at least 14 days before the next available Omnibus Hearing.

b.    Except as specifically set forth herein, all notice periods for Requests for Relief shall be computed in accordance with the Bankruptcy Rules and Local Bankruptcy Rules and nothing in these Case Management Procedures shall be deemed to change such requirements.

c.    Nothing contained herein shall prejudice the rights of any party in interest to move the Court to further limit or expand notice of matters and proceedings upon a showing of good cause, including, but not limited to, the right to file a Request for Relief upon shortened notice, to seek expedited hearings, where appropriate, in accordance with Local Bankruptcy Rule 9013-1(N) or to seek an enlargement or reduction of time pursuant to Bankruptcy Rule 9006.

d.    Any notice of an Omnibus Hearing shall conspicuously contain, on the first page of such notice, the date and time that the hearing will be held.

e.    If a party intends to present a proposed order at the Omnibus Hearing different from the proposed order attached to such party's Request for Relief, the Debtor's counsel, if aware of such party's intention, shall state on the Agenda (as defined below) that a different proposed order will be presented for entry.

f.    Notwithstanding Local Bankruptcy Rule 9013-1(J), and unless the Court orders otherwise, the Debtor's counsel may, without further leave of the

10

Court, (i) adjourn any hearing on a Request for Relief filed by the Debtor to a subsequent Omnibus Hearing, and (ii) adjourn any hearing on a Request for Relief not filed by the Debtor to a subsequent Omnibus Hearing together with any party that filed the Request for Relief.

g.      Unless the Court directs otherwise, the Debtor's attorneys may set a hearing on a Court Paper on a date other than the next Omnibus Hearing date, without the necessity of a Court order, if (i) the Court Paper purports to set a hearing date that is inconsistent with these Case Management Procedures or (ii) the Debtor in good faith believes that the hearing on the Court Paper could exceed one hour; *provided*, in each case that the Debtor shall provide the movant with notice of these Case Management Procedures and the scheduled hearing date as soon as reasonably practicable.

h.      Upon request, the Court may allow counsel to listen to or participate in any hearing by telephone.

19.     <u>Proposed Omnibus Hearing Agenda</u>.  No later than two days before an Omnibus Hearing, the Debtor shall file with the Court an agenda stating each matter to be heard at such hearing (the "<u>Agenda</u>"), which Agenda may be updated or amended from time to time thereafter to the extent necessary.  The Agenda shall include, to the extent known by the Debtor's counsel: (i) the docket number and title of each matter to be scheduled for hearing on such Omnibus Hearing, including the initial filing and any responses, replies or documents related thereto; (ii) whether the matters are contested or uncontested; (iii) whether the matters have settled or are proposed to be continued; (iv) other comments that will assist the Court; and (v) a suggestion for the order in which the matters should be addressed.  The matters listed on the Agenda shall be limited to matters of substance and shall not include administrative filings, such as notices of appearance and Certificates of Service.

20.     <u>Granting the Request for Relief Without a Hearing</u>.  A Request for Relief may be granted without a hearing, *provided* that (i) the notice filed with the Request for Relief includes a statement that the Request for Relief may be granted and an order entered without a hearing unless a timely Objection is filed and (ii) after the passage of the Objection Deadline, the

11

attorney for the entity who filed the Request for Relief (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (each, a "Certificate of No Objection") and (b) if the entity who filed the Request for Relief is not the Debtor, serves a Certificate of No Objection by electronic mail upon the counsel to the Debtor at least one day prior to submission thereof to the Court. Upon the filing of a Certificate of No Objection, the Court may grant the relief requested in the Request for Relief without further submission, hearing or request.  If the Court does not grant the relief, (x) the Request for Relief shall be heard at the next scheduled Omnibus Hearing and (y) the decision not to grant the relief shall not constitute an extension of the Objection Deadline related thereto, unless otherwise agreed between the party seeking relief and a party seeking to object.

21.     Service of Proposed Orders.  A proponent of any Request for Relief need only serve an order granting such relief on Core Parties, 2002 List Parties and any Affected Entity no later than five business days after such order was entered, and no list of parties who are to receive notice of entry of such proposed order need be submitted with the proposed order.

22.     No Bridge Order Necessary.  If a motion to extend the time for the Debtor to take any action is filed consistent with these Case Management Procedures before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules or the provisions of any order entered by this Court, such time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

**V.     Foreign Attorneys.**

23.     Local Rules.  All attorneys shall carefully review the Local Bankruptcy Rules regarding the procedure for appearing and practicing before the Court, which are available on the Court's Website.

## VI.    Motions for Relief from the Automatic Stay.

24.    Notwithstanding anything contained herein, motions for relief from the automatic stay filed by parties other than the Debtor pursuant to section 362 of the Bankruptcy Code shall be noticed for a preliminary hearing at an Omnibus Hearing that is at least 21 days after such motion is filed and served, and the Objection Deadline for such motion shall be three days before such scheduled hearing.

25.    The initial hearing on any motion for relief from the automatic stay shall be a preliminary hearing unless otherwise agreed to by the Debtor.  Notwithstanding section 362(e) of the Bankruptcy Code, if a scheduled motion with respect to a request for relief by a party other than the Debtor under section 362(d) of the Bankruptcy Code is adjourned upon the consent of the Debtor and the moving party to a date that is on or after the 30th day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a preliminary hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.  The Court may continue the effectiveness of the automatic stay until a final hearing on the matter.  Nothing in this section shall prevent a party from seeking expedited consideration of a motion for relief from the automatic stay.

## VII.    Settlements.

26.    In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute before the hearing, the parties may announce the settlement at such hearing.  In the event the Court determines that the notice of the dispute and the hearing constitutes adequate notice of the effects of the settlement (i.e., that the terms of the settlement are not materially different from those that parties in interest could have expected if

the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines at the hearing that additional or supplemental notice of the settlement is required, the parties shall serve such notice in accordance with these Case Management Procedures set forth herein, and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**VIII.    Notice of Order.**

27.    Within three days after the entry of the Order, the Debtor shall serve it by U.S. mail, hand delivery, facsimile or email on the Core Parties and all parties that, prior to the date of the entry of the Order, have requested notice pursuant to Bankruptcy Rule 2002.

**IX.    Compliance with Procedures Is Adequate.**

28.    Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules.

14