**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-[   ] (___)** |
| **Debtor.**[1] | |

**MOTION OF LECLAIRRYAN PLLC FOR ENTRY OF INTERIM AND FINAL
ORDERS APPROVING SETTLEMENT PROCEDURES FOR COMPROMISING
ACCOUNTS RECEIVABLE AND RELATED RELIEF**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned proposed counsel, hereby moves (the "Motion") the Court for entry of an interim order substantially in the form attached hereto as Exhibit A (the "Interim Order") and a substantially similar final order (the "Final Order" and together with the Interim Order, the "Orders"), pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Debtor's proposed procedures concerning the potential discount and settlement of accounts

---

[1]   The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

receivable. In support of the Motion, the Debtor relies on the Declaration of Lori D. Thompson, Esq. in support of the Chapter 11 Petition and Related Motions (the "Thompson Declaration"). In further support of the Motion, the Debtor submits as follows:

### I. Jurisdiction, Venue, and Predicates for Relief

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

4. The predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

### II. Background

**A. Chapter 11 Case**

5. On the date hereof (the "Petition Date"), the Debtor filed with the Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case. The Debtor continues to operate its business and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No creditors' committee has been appointed in this case. No trustee or examiner has been appointed.

7. A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in full in the Thompson Declaration, which was filed contemporaneously with the Motion and which is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

**B. Collection Efforts**

8. The Debtor and On-Site Associates, LLC ("On-Site") are parties to that certain Receivables Liquidation Agreement, dated as of October 1, 2018 (as amended by Amendment

No. 1 to Receivables Liquidation Agreement, dated as of March 1, 2019, and Amendment No. 2 to Receivables Liquidation Agreement, dated as of August 12, 2019, the "RLA"). Pursuant to the RLA, On-Site provides assistance in collecting certain of the Debtor's billed and unbilled accounts receivable. In exchange for its services, On-Site receives commissions based on the cumulative sum of actual collections received by the Debtor.

9. On August 12, 2019, the Debtor and On-Site entered into Amendment No. 2 to Receivables Liquidation Agreement ("Amendment No. 2"), which, among other things, expanded the receivables On-Site would help the Debtor collect and also revised and reduced the commission rates for commissions earned by On-Site. Amendment No. 2 also required the Debtor to cause ABL Alliance LLLP (also known as Virginia Commercial Finance ("Lender")) to indemnify On-Site in the event the Debtor fails to timely pay its obligations under the RLA.[2] As a condition to entering into Amendment No. 2, On-Site required that the Debtor, and the Debtor agreed to, move to assume the RLA on the petition date of any chapter 11 case. Contemporaneously herewith, the Debtor has filed a separate motion to assume the RLA.

10. Additionally, prior to the Petition Date, the Debtor continued its collection efforts concerning accounts receivable. The Debtor intends to continue such efforts post-petition.

**C.    The Receivables Procedures**

11. The Debtor has provided legal services to numerous clients pursuant to various engagement agreements that require the clients to pay the Debtor, thereby generating the Debtor's accounts receivable.

---

[2]    Also on August 12, 2019, Lender and On-Site entered into that certain Indemnity Agreement pursuant to which Lender agreed to indemnify On-Site for all sums earned by On-Site and not paid by the Debtor under the RLA.

12. Prior to the Petition Date, in the ordinary course of business, the Debtor offered discounts and settlements on accounts receivable for multiple reasons.

13. While the Debtor submits that offering discounts and settlements on its accounts receivable is in the ordinary course of the Debtor's business, the Debtor seeks the relief requested herein to avoid any issues concerning the Debtor's authority to offer discounts and settlements concerning the Debtor's accounts receivable. Moreover, it would be inefficient and costly if the Debtor were required to file a settlement motion for each and every discount and settlement the Debtor proposes with respect to the resolution and collection of accounts receivable. As a result, the Debtor seeks authority to discount and settle accounts receivable in accordance with the following procedures (collectively, the "<u>Receivables Procedures</u>"):

    A.    <u>Billing Corrections</u>. Certain of the Debtor's clients might have negotiated a certain hourly rate for some matters and different rates for others. In certain instances, the Debtor's invoice to a client might have included the incorrect hourly rate for a time keeper on a certain matter. In other instances, the Debtor might have agreed to exclude certain amounts, but the invoice might have included such amounts. In still other instances, more than one client might be responsible for an invoice and a client might have been billed more than its share (collectively, the "<u>Billing Correction Settlements</u>"). In these situations and similar circumstances in which a bill should be corrected, the Debtor proposes that, subject to the Lender's consent, clients may withhold from payment amounts agreed upon with the Debtor based on Billing Correction Settlements.

    B.    <u>General Billing Settlements</u>. Prior to the Petition Date, the Debtor agreed to discount, and the settlement of, accounts receivable as a result of (i) bona fide

4

disputes regarding the amounts; (ii) the costs of contesting or further negotiating the settlement potentially exceeding the amount of the discount in light of the Debtor's determination of the possibility that the client's dispute might have merit; (iii) the Debtor's determination about the client's lack of financial capacity to pay the accounts receivable; and (iv) discounts provided for timely payment based on the facts and circumstances at a given time including the risks associated with delay and non-payment (collectively, the "General Billing Settlements"). The Debtor proposes, subject to the Lender's consent, to authorize General Billing Settlements as long as the compromise results in the prompt payment of the accounts receivable and the compromise falls within the parameters set forth on Exhibit B, which the Debtor seeks to file under seal.

C.    Expense Reimbursement Settlements. Third parties, including without limitation court reporters, document producers, experts, local counsel, and other service providers provided services in connection with the Debtor representing the Debtor's clients. Generally, the Debtor either included the amounts due for such services on the Debtor's invoices, or delivered the invoices of third parties directly to the Debtor's clients. The Debtor proposes that, subject to the Lender's consent, (i) a client may withhold payment of a third party expense on an invoice of the Debtor as long as (a) the client promptly pays the third party for such expense and (b) the client promptly pays the Debtor the balance of the invoice; and (ii) a client may withhold payment on an invoice of the Debtor in the amount of a third party expense such client paid to the Debtor in connection with a prior invoice if (a) the third party has not received payment for such expense, (b) the

5

client promptly pays the third party for such expense, and (c) the client promptly pays the Debtor the balance of the invoice (collectively, the "<u>Expense Reimbursement Settlements</u>").

14. Although the Debtor seeks the relief herein, in part, to avoid the costs associated with obtaining entry of an order authorizing every discount and settlement, the Debtor anticipates that some clients might require an order of the Court that specifically authorizes their settlement with the Debtor even if such settlement is authorized by the Receivables Procedures. Accordingly, the Debtor also seeks authority to submit a stipulation and order for the Court's consideration and entry (a "<u>Stipulation and Order</u>") without providing notice to parties in interest as long as the settlement authorized by such Stipulation and Order complies with the parameters of the Receivables Procedures.

### III.  Relief Requested

15. By the Motion, the Debtor seeks entry of the Orders: (i) approving the Receivables Procedures; (ii) authorizing the Debtors to submit a Stipulation and Order for the Court's consideration and entry without providing notice to parties in interest as long as the settlement authorized by such Stipulation and Order complies with the parameters of the Receivables Procedures; and (iii) granting related relief.

### IV. Basis for Relief Requested

#### A.    The Debtor Has Satisfied the Requirements of Bankruptcy Rule 9019

16. Bankruptcy Rule 9019(a) authorizes the Court to approve compromises and settlements involving bankruptcy estates. The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" <u>Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424 (1968) (citing <u>Case v. Los Angeles Lumber Prods. Co.</u>, 308 U.S. 106, 130 (1939)). In <u>TMT Trailer</u>, the

6

Supreme Court stated that compromises and settlements must be "fair and equitable." 390 U.S. at 424; see also Martin v. Kane (In re A&C Props.), 784 F.2d 1377, 1381 (9th Cir. 1986); Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Woods, Inc.), No. 98-38685-T, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001); In re Frye, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); In re Austin, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995).

17. Compromises are generally favored in bankruptcy cases. See John S. Marandaas, P.C. v. Bishop (In re Sassalos), 160 B.R. 646, 653 (D. Ore. 1993). The decision to approve a particular settlement lies within the sound discretion of the Court. See Nellis v. Shugrue, 165 B.R. 115, 123 (S.D.N.Y. 1994).

18. Moreover, in the final analysis, the Court must determine whether the proposed settlement is in the best interests of the Debtor and its estate. Matter of Energy Coop. Inc., 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate."). In determining whether to approve the proposed settlement, however, the Court should not substitute its judgment for that of the Debtor. See Matter of Carla Leather, Inc., 44 B.R. 457, 465 (Bankr. S.D.N.Y. 1984). Instead, rather than conduct a mini-trial of the lawsuit, the Court must determine "whether the settlement falls below the lowest point in the range of reasonableness." In re Three Rivers Woods, 2001 WL 720620, at *6 (quoting In re Austin, 186 B.R. at 400). Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Rule 9019. In re Three Rivers Woods, 2001 WL 720620, at *6.

19. The Debtor submits the relevant considerations weigh heavily in favor of approving the Receivables Procedures and the other relief requested herein. The Receivables Procedures are fair and equitable, and are in the best interest of the Debtor's estate and creditors.

20. Absent the approval of the Receivables Procedures, the Debtor would be forced to incur expenses in order to obtain separate approval of each discount and settlement of its account receivables. Accordingly, it would take longer to reach final agreements with clients to discount and settle accounts receivable, and the payments associated with such discounts and settlements would be delayed and placed at additional risk.

21. Moreover, the Debtor believes that the ability to timely discount and settle the Debtor's accounts receivable as set forth in the Receivables Procedure will increase the total amounts collected on the Debtor's accounts receivable. As a result of all of the foregoing, the interests of the Debtor's estate and creditors will be served by the approval of the Receivables Procedures and the related relief requested herein.

### B.  The Debtor Has Exercised Sound Business Judgment

22. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts have noted that "where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

23. Once a debtor articulates a valid business justification under section 363, a presumption arises that the debtor's decision was made on "'an informed basis, in good faith,

and in the honest belief the action was in the best interest of the company.'" See In re Integrated Resources, Inc., 147 B.R. 650, 656 (Bankr. S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)); see also In re Life Partners Holdings, Inc., 2015 WL 8523103, *7 (W.D. Tex. Nov. 9, 2015). The business judgment rule has vitality in chapter 11 cases and shields a debtor's management "from judicial second-guessing." See Integrated Resources, Inc., 147 B.R. at 656; In re Johns-Manville Corp., 60 B.R. at 615–16 ("[T]he Code favors the continued operation of a business by a debtor and a presumption of reasonableness attaches to a debtor's management decisions").

24. Seeking approval of the Receivables Procedures and the other relief requested herein represents a sound exercise of the Debtor's business judgment and is justified under the circumstances because the benefits of such relief are numerous. Approval of the Receivables Procedures will allow the Debtor to avoid incurring the expenses associated with obtaining approval of every discount and settlement of accounts receivable. Further, in the good faith exercise of its business judgment, the Debtor believes that obtaining the relief requested herein will allow the Debtor to collect more on its accounts receivable than it could collect if the relief requested herein were denied.

25. For all of the reasons identified herein, the Debtor respectfully submits that the relevant considerations under Bankruptcy Rule 9019 and section 363 of the Bankruptcy Code support approving the relief requested herein.

## C. Request for Final Hearing

26. The Debtor requests that the Court schedule a final hearing on the Motion.

27. The Debtor requests that it be authorized to serve a copy of the signed Interim Order, which fixes the time and date for the filing of objections, if any, by first class mail upon

the Notice Parties listed below. The Debtor further requests that the Court consider such notice of the final hearing to be sufficient notice.

## V. Necessity for Immediate Relief

28. Bankruptcy Rule 6003(b) provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition," grant relief upon "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate." Fed. R. Bankr. P. 6003(b).

29. As set forth above, the Debtor has an immediate and urgent need to obtain approval of the relief requested herein. Absent the relief requested herein, the Debtor's ability to maximize the value of its accounts receivable would be irreparably damaged. Accordingly, without the relief requested herein, the Debtor's estate and creditors will suffer immediate and irreparable harm.

30. Additionally, the total amount of the General Billing Settlements the Debtor may agree upon pursuant to the Interim Order is limited to the amount indicated in Exhibit B pending approval of the Final Order.

31. Accordingly, the Debtor submits that the requirements of Bankruptcy Rule 6003(b) have been satisfied.

## VI. Request for Waiver of Stay

32. To implement the relief requested herein successfully, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

### VII. Notice

38. The Debtor has served notice of the Motion on (a) the U.S. Trustee; (b) counsel for the Lender; (c) ULX Partners, LLC; and (d) those creditors holding the 20 largest unsecured claims against the Debtor's estate.

### VII. Waiver of Memorandum of Law

39. The Debtor respectfully requests that this Court treat the Motion as a written memorandum of points and authorities or waive any requirement that the Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### VIII. No Previous Request

40. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested herein and such other and further relief as is just and proper.

DATED: September 3, 2019

        Respectfully submitted,

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Email: tpbrown@HuntonAK.com
      jharbour@HuntonAK.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

# EXHIBIT A

## Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** <br><br> **LECLAIRRYAN, PLLC,** <br><br> **Debtor.**[1] | **Chapter 11** <br><br> **Case No. 19-[    ] (___)** |

**INTERIM ORDER APPROVING SETTLEMENT PROCEDURES
FOR COMPROMISING ACCOUNTS RECEIVABLE AND
RELATED RELIEF, AND SCHEDULING A FINAL HEARING**

Upon the motion (the "Motion")[2] of LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor") for entry of an order pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Debtor's proposed procedures concerning the potential discount and settlement of accounts receivable and related relief; the Court finds that: (a) it has

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors, and is necessary to prevent immediate and irreparable harm; (d) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (e) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is hereby GRANTED on an interim basis.

2. Subject to the Lender's consent, the Debtor is authorized to enter into and document discounts and settlements of accounts receivable consistent with the Receivables Procedures without further order of the Court.

3. Subject to the Lender's consent, the Debtor is authorized to discount and settle accounts receivable pursuant to Billing Correction Settlements, and clients may withhold from payment amounts agreed upon with the Debtor based on Billing Correction Settlements.

4. Subject to the Lender's consent, the Debtor is authorized to discount and settle accounts receivable pursuant to General Billing Settlements as long as the compromise results in the prompt payment of the accounts receivable and the compromise falls within the parameters set forth on <u>Exhibit B</u> to the Motion, and clients may withhold from payment amounts agreed upon with the Debtor based on General Billing Settlements.

5. Subject to the Lender's consent, the Debtor is authorized to discount and settle accounts receivable pursuant to Expense Reimbursement Settlements, and as a result (i) a client may withhold payment of a third party expense on an invoice of the Debtor as long as (a) the

client promptly pays the third party for such expense and (b) the client promptly pays the Debtor the balance of the invoice; and (ii) a client may withhold payment on an invoice of the Debtor in the amount of a third party expense such client paid to the Debtor in connection with a prior invoice if (a) the third party has not received payment for such expense, (b) the client promptly pays the third party for such expense, and (c) the client promptly pays the Debtor the balance of the invoice.

6. The Debtor may, but shall not be required to, submit a stipulation and order to the Court for the Court's consideration and entry (a "Stipulation and Order") without providing notice to parties in interest as long as the settlement authorized by such Stipulation and Order complies with the parameters of the Receivables Procedures.

7. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

8. The final hearing on the Motion is scheduled on _____, 2019, at _____ (prevailing Eastern Time) before this Court (the "Final Hearing").

9. Within three business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order, thereby providing notice of the Final Hearing, on (a) the U.S. Trustee; (b) counsel for the Lender; (c) ULX Partners, LLC; and (d) those creditors holding the 20 largest unsecured claims against the Debtor's estate.

10. Any objection to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on _____ (the "Objection Deadline"), be: (a) filed with the Court; and (b) actually received by: (i) the Office of the U.S. Trustee, 701 East Broad Street, Suite 4304, Richmond, Virginia 23219, Attn: Robert B. Van Arsdale, Esq.; (ii) proposed counsel to the Debtor, Hunton Andrews Kurth LLP, Riverfront Plaza, East Tower,

3

951 East Byrd Street, Richmond, Virginia 23219, Attn: Tyler P. Brown, Esq., email: tpbrown@hunton.com; (iii) counsel for the Lender McGuireWoods LLP, Gateway Plaza, 800 East Canal Street, Richmond, VA 23219-3916, Attn: Douglas M. Foley, Esq., Sarah B. Boehm, Esq., Shawn R. Fox, Esq., email: dfoley@mcguirewoods.com, sboehm@mcguirewoods.com, sfox@mcguirewoods.com; and (iv) the attorneys for any official committee of unsecured creditors, if then appointed in these cases, on or before the Objection Deadline.

11. A reply to any timely filed and served Objection may be filed with the Court and served on or before 12:00 p.m. (prevailing Eastern Time) on the day that is at least one business day before the Final Hearing.

12. The contents of the Motion and the notice procedures set forth herein are good and sufficient notice and satisfy Bankruptcy Rules 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

13. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

14. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule of the Eastern District of Virginia that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The requirements of Bankruptcy Rule 6003 are satisfied.

16. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Interim Order.

Dated:_____, 2019

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE

                                                Entered on Docket: _____

WE ASK FOR THIS:

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
Email: tpbrown@HuntonAK.com
       jharbour@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

      I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                            */s/ Jason W. Harbour*

## **EXHIBIT B**

**General Billing Settlement Parameters**

**[Filed Under Seal]**