IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-[    ] (___)** |
| **Debtor.**[1] | |

DECLARATION OF GUY A. DAVIS IN SUPPORT OF MOTION OF
LECLAIRRYAN PLLC FOR ENTRY OF INTERIM AND FINAL
ORDERS AUTHORIZING THE DEBTOR TO USE CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION AND RELATED RELIEF

Guy A. Davis declares and says:

1. I am a managing director in the Richmond, Virginia, office of Protiviti Inc. ("Protiviti"), a global consulting firm that serves clients in more than 70 offices in over 20 countries. I submit this declaration in support of the *Motion of LeClairRyan PLLC for Entry of Interim and Final Orders Authorizing the Debtor to Use Cash Collateral and Granting Adequate Protection and Related Relief* (the "Motion").

2. In particular, I submit this Declaration in support of my view that use of cash collateral is necessary to avoid immediate and irreparable harm to the Debtor's estate. The statements in this Declaration, except where specifically noted, are based on my personal knowledge or opinion or on information that I have obtained from the Debtor's books and records, the Debtor's employees, the Debtor's advisors and their employees, or other members of

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

the Protiviti team working under my supervision or direction. I am not being specifically compensated for this testimony other than through payments received by Protiviti as a professional whose retention the Debtor will seek to obtain through the filing of an application with this Court at a later date. I am over the age of 18 years and authorized to submit this Declaration in support of the Motion. If I were called upon to testify, I could and would competently testify to the facts set forth herein.

### The Debtor's Need for Interim Access to Cash Collateral

3.    Prior to the commencement of these cases, the Debtor performed a critical review of its projected cash requirements during this chapter 11 case for the four-week period ending September 27, 2019 (the "Budget"). In advising the Debtor in this process, Protiviti became familiar with the assumptions and inputs utilized in connection with preparing the Budget. The Budget takes into account anticipated cash receipts and disbursements during the projected period and considers a number of factors.

4.    Based on my discussions with the Debtor's management and my review of the projections set forth in the Budget, it is my opinion that the Debtor requires immediate access to cash collateral to provide sufficient liquidity to continue to operate the Debtor's business, to protect and transition client files, to maximize the recovery to creditors, and to fund an orderly liquidation. It is my opinion that the Debtor needs access to the cash collateral to pay vendors on a post-petition basis, meet payroll obligations, pay other operating expenses, and fund the costs and professional expenses associated with this chapter 11 case. It is also my opinion that the Debtor's ability to continue making such payments during this chapter 11 case is essential to effectuate an orderly wind down of the Debtor's operations and a smooth transition of client

matters to successor firms, and to maximize the return to creditors. Without the ability to use cash collateral, such efforts would be damaged irreparably to the direct detriment of all creditors and parties in interest.

### The Lender and ULXP Are Adequately Protected

5. I understand that there are two parties that assert liens in substantially all of the Debtor's assets: ABL Alliance, LLLP (the "Lender") and ULX Partners, LLC ("ULXP")

6. It is my belief that as set forth in the Budget, the Debtor would have sufficient funds such that the claims of the Lender and ULXP would be adequately protected by the adequate protection contemplated by the Interim Order, including the replacement liens granted to the Lender and ULXP, and the proposed payments to the Lender.

7. I believe that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest and constitutes a critical element in achieving a successful and smooth transition to chapter 11. The inability of the Debtor to access cash collateral and to pay certain obligations on a timely basis would result in immediate and irreparable harm to the Debtor's estate.

I declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated: September 3, 2019

*/s/ Guy A. Davis*
Guy A. Davis