**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| Debtor.[1] | |

**OMNIBUS MOTION FOR ENTRY OF AN ORDER
AUTHORIZING LECLAIRRYAN PLLC TO (I) REJECT
UNEXPIRED LEASES AND (II) ABANDON CERTAIN
PROPERTY IN CONJUNCTION WITH SUCH REJECTION**

**Bankruptcy Rule 6006 Notice to Unexpired Lease Counter-Parties**

**Pursuant to Bankruptcy Rule 6006, parties receiving this Motion should locate their
respective names and leases listed on Exhibit 1 to the attached Proposed Order.**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession
("LeClairRyan" or the "Debtor"), by its undersigned counsel, hereby moves (the "Motion") the
Court for entry of an order in substantially the form annexed hereto as Exhibit A (the "Proposed
Order"), pursuant to sections 105(a), 365(a) and 554(a) of Title 11 of the United States Code, 11
U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 6006 of the Federal Rules
of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtor to (i) reject certain

---

[1]    The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor
and Debtor in Possession*

unexpired leases for non-residential real property listed on <u>Exhibit 1</u> to the Proposed Order (collectively, the "<u>Leases</u>") effective as of the dates listed in <u>Exhibit 1</u>, and (ii) abandon certain personal property and fixtures (collectively, the "<u>Personal Property</u>") at the premises under the Leases.  In support of this Motion, the Debtor relies on the Declaration of Lori D. Thompson, Esq. in support of Chapter 11 Petition and First Day Motions (the "<u>Thompson Declaration</u>").  In further support of this Motion, the Debtor submits as follows:

## I.      Jurisdiction, Venue and Predicates for Relief

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 28 U.S.C. § 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2.      The predicates for the relief sought herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## II.      Background

### A.      Chapter 11 Cases

3.      On the date hereof (the "<u>Petition Date</u>"), the Debtor filed with the Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>").

4.      The Debtor continues to operate its businesses and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      No creditors' committee has been appointed in this Chapter 11 Case.  No trustee or examiner has been appointed.

6.      A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in full in the Thompson Declaration,

which was filed contemporaneously with this Motion and which is incorporated herein by reference.  Additional facts in support of the specific relief sought herein are set forth below.

      **B.**      **Facts in Support of the Motion**

      7.      The Debtor formerly conducted the practice of law in leased premises in various cities in the United States.  Each of the Leases the Debtor seeks to reject by this Motion are for the leased premises the Debtor no longer is using to practice law.

      8.      Prior to the Petition Date, the Debtor began a process for shutting down its operations in all of its leased locations.  None of the lawyers who practiced with the firm currently are occupying any of the leased premises.  All vacated the offices prior to the Petition Date.  In addition, the remaining non-lawyer employees of the firm, who continue to work on billing and collection matters and the collection and transfer of client files, are now working either remotely or from an office leased by a non-debtor entity, as described below.

      9.      Prior to the Petition Date, the rights and obligations of the firm with respect to certain leased premises were transferred to third parties.  Specifically, the Debtor worked with lawyers who were leaving the firm to have their new firms take over the lease obligations for their office locations while working for the Debtor.  These include the leased premises associated with the Leases for office space in New Haven, Connecticut and Glen Allen, Virginia.  Out of an abundance of caution, the Debtor is seeking to reject the Leases for those locations as well to the extent the Debtor has any remaining rights under those Leases.

      10.      Except for eight locations, as of the Petition Date, the Debtor no longer has Personal Property located within any of the offices covered by the Leases that the Debtor believes would be beneficial for the Debtor to remove to retain or sell.  For the remaining Leases, the Debtor still has limited Personal Property that may have value and some client files

that the firm intends to catalogue and transfer to the appropriate place in consultation with those clients. The Debtor, therefore, seeks to reject most of the Leases as of the Petition Date, with the remaining eight locations to be rejected effective as of later dates in September 2019, as set forth on Exhibit 1 to the Proposed Order.

11.    The Debtor intends to conduct its wind-down out of office space leased by ULX Partners, LLC ("ULXP"), which is providing administrative support services to assist the Debtor's remaining employees to effectuate the wind-down. Any attorneys who are continuing to transfer client matters also are working remotely to do so. Accordingly, the Leases no longer provide any benefit to the Debtor's estate, but impose significant burdens in the form of rent and related obligations.

12.    In addition to rejecting the Leases, the Debtor also has determined to abandon any Personal Property located in the premises covered by the Leases, as of the effective dates of the rejections. The Debtor has determined, in the exercise of its good faith business judgment, that the Personal Property that the Debtor will leave in the premises has little or no value to its estate and may impose significant burdens were the Debtor required to remove it. Any Personal Property of value has been removed from the premises associated with the Leases to be rejected as of the Petition Date or will be removed by the dates of the proposed rejection set forth on Exhibit 1 to the Proposed Order.

13.    For the avoidance of doubt, the Debtor submits that Personal Property that it seeks to abandon herein shall not include client files or technology that holds client data (collectively, the "Client Files") that may be located at the leased premises. The Debtor is taking, and will continue to take, appropriate and necessary steps to protect such Client Files and store them centrally or return them to the applicable clients as appropriate.

### III.    Relief Requested

14.    By this Motion, the Debtor respectfully requests the entry of the Proposed Order authorizing the Debtor to (i) reject the Leases listed on Exhibit 1 annexed to the Proposed Order effective as of the dates identified in Exhibit 1, and (ii) abandon the Personal Property at the premises under the Leases.

### IV.    Basis for the Relief Requested

#### A.    Rejection of the Leases is Appropriate

15.    Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (*citing In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

16.    When analyzing a debtor's decision to reject an executory contract or an unexpired lease, courts typically apply a business judgment standard to determine whether to approve the proposed rejection.  *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard as the traditional test applied to authorize the rejection of executory contracts); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Federated Dept. Stores, Inc.*, 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases.").  Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate.  *See Orion Pictures Corp.*, 4

F.3d at 2098-99; *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *In re Stable News Assoc., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

17.     Upon a finding that the debtor has exercised its sound business judgment in determining that the assumption or rejection of an agreement is in the best interests of the debtor, its creditors and all parties-in-interest, the court should approve the assumption or rejection under section 365(a) of the Bankruptcy Code.  *See, e.g., In re Circuit City Stores, Inc.*, No. 08-35653, 2010 Bankr. LEXIS 1713, at *12 (Bankr. E.D. Va. June 9, 2010); *Bildisco*, 462 U.S. at 523; *Sharon Steel Corp.*, 872 F.2d at 39-40; *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

18.     An integral component of the Debtor's efforts to maximize value for its estate and stakeholders consists of eliminating unnecessary costs and burdensome contracts.  The Debtor has determined, in its good faith business judgment, that the rejection of the Leases is in the best interests of its creditors, stakeholders, and estate as there is little benefit and substantial burdens to the Debtor related to the Rejected Contracts.

**B.     Rejection of the Leases Should Be Effective as of the Dates Identified in Exhibit 1 Annexed to the Proposed Order**

19.     The Debtor also respectfully submits that it is appropriate for the Court to order that the effective date of rejection of each of the Leases should be the date identified in Exhibit 1 to the Proposed Order for such Lease, including on the Petition Date for certain of the Leases.

20.     While section 365 of the Bankruptcy Code does not specifically address the Court's authority to order rejection to be effective immediately, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing the rejection where the balance of equities weighs in favor of retroactive rejection.  *See, e.g., In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied sub nom. Pacific Shores Dev., LLC v. At Home Corp.*, 546 U.S. 814 (2005); *In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) (holding that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (holding that when principals of equity dictate, a bankruptcy court may approve rejection of nonresidential lease pursuant to section 365(a) retroactive to the motion filing date); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (holding that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

21.     Here, the balance of the equities favors rejection as requested herein.  Without the requested relief, the Debtor may be forced to incur unnecessary administrative expenses for the Leases that provide little or no tangible benefit to the Debtor's estate.

22.     The counterparties to the Leases will not be unduly prejudiced if the rejection is deemed effective as of the date identified in <u>Exhibit 1</u> for such Lease because they will receive timely notice of this Motion, and, thus, have sufficient opportunity to act accordingly.  In fact,

7

the landlords may benefit from such rejection the Debtor expects to have vacated the premises under each Lease on or before the rejection date identified in Exhibit 1 for such Lease, thereby allowing the landlords to relet the premises. *See, e.g., In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of case where debtor turned over keys and vacated premises prepetition and served motion to reject the lease as soon as possible); *In re Federated Dep't Stores, Inc.*, 131 B.R. 808, 814 (S.D. Ohio 1991) (affirming lower court's approval of debtor's rejection of real property lease where debtor had closed its retail store and vacated the premises).

23.     Courts in this district and others have permitted retroactive rejection when the non-debtor party to an executory contract or unexpired lease is given definitive notice of the debtor's intent to reject. *See, e.g., In re Morris, Schneider, Wittstadt Va., PLLC,* Case No. 15-33370 (KLP) (Bankr. E.D. Va. July 31, 2015); *In re Workflow Mgmt., Inc.*, No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 29, 2010)*; In re MMR Holdings, Inc.*, No. 10-32658 (DOT) (Bankr. E.D. Va. June 4, 2010); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); *see also In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (authorizing the rejection of leases retroactive to the petition date); *In re Sun-Times Media Grp., Inc.*, No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009) (same); *In re Leiner Health Prods., Inc.*, No. 08-10446 (KJC) (Bankr. D. Del. Apr. 7, 2008) (authorizing the rejection of leases retroactive to the date the motion was filed); *In re Am. Home Mortg. Holdings, Inc.*, No. 07-11047 (CSS) (Bankr. D. Del. Sept. 20, 2007) (authorizing the rejection of leases and granting retroactive relief requested); *In re Loewen Grp. Int'l, Inc.*, No. 99-1244 (PJW) (Bankr. D. Del.Oct. 26, 2000) (authorizing the rejection of leases retroactive to the date the motion was filed).

24.     Accordingly, the Debtor submits that it is both fair and equitable for the Court to order that the rejection of the Leases be effective as of the dates listed in Exhibit 1 to the Proposed Order.

### C.     Abandonment of Certain Personal Property

25.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(a).  Courts generally give great deference to a debtor's decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters.").  Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve abandonment. *Id.*

26.     The Debtor submits that any Personal Property that remains on the leased premises will be of inconsequential value or burdensome to the Debtor's estates to remove.  The Debtor believes that the costs of retrieving, marketing and reselling the Personal Property far outweigh any recovery the Debtor could hope to attain for the Personal Property, assuming any recovery could be had at all.  Accordingly, the Debtor has determined that the abandonment of the Personal Property left in any leased premises as of the rejection date is in the best interests of the Debtor's estate.

## V.     Notice

27.     The Debtor has served notice of this Motion on (a) the U.S. Trustee; (b) counsel to ABL Alliance, LLLP; (c) ULX Partners, LLC; (d) those creditors holding the 20 largest unsecured claims against the Debtor's bankruptcy estate; and (e) each of the landlords under the Leases.

9

## VI.    No Prior Request

28.    No prior request for the relief requested herein has been made to this or any other

court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Debtor

the relief requested herein and such other and further relief as the Court deems just and proper.

DATED: September 3, 2019

Respectfully submitted,

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
Email: tpbrown@HuntonAK.com
          jharbour@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**EXHIBIT A**

**PROPOSED ORDER**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:

LECLAIRRYAN PLLC,

Debtor.[1]

Chapter 11

Case No. 19-[    ] (____)

## ORDER AUTHORIZING LECLAIRRYAN PLLC
## TO (I) REJECT UNEXPIRED LEASES AND (II) ABANDON CERTAIN
## PROPERTY IN CONJUNCTION WITH SUCH REJECTION

Upon the motion (the "Motion")[2] of LeClairRyan PLLC, the above-captioned debtor and

debtor-in-possession ("LeClairRyan" or the "Debtor") for entry of an order, pursuant to sections

105(a), 365(a) and 554(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules for

entry of an order authorizing the Debtor to (i) reject the unexpired leases for non-residential real

property (collectively, the "Leases") listed on Exhibit 1 annexed hereto effective as of the dates

listed in Exhibit 1, and (ii) abandon personal property and fixtures at the premises (collectively,

the "Personal Property") under the Leases; the Court finds that: (a) it has jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a

---

[1]     The last four digits of the Debtor's federal tax identification number are 2451.

[2]     Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is in the best interests of the Debtor, its estates and creditors; (e) the Debtor has exercised its business judgment in determining to reject the Leases and abandon the Personal Property; (f) the Personal Property is of inconsequential value or would be burdensome to the Debtor's estate to remove; (g) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (h) upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is **GRANTED**.

2.     The Debtor hereby is authorized to reject the Leases, which rejection shall be deemed effective as of the date identified in Exhibit 1 annexed hereto for such Lease.

3.     The Debtor hereby is authorized in its discretion to abandon the Personal Property, if any, on the premises under the Leases as of the rejection dates set forth on Exhibit 1; provided, however, the Debtor is not abandoning client files or technology that holds client data (collectively, the "Client Files") that the may be located at the premises under the Leases.

4.     Any counterparty to a Lease to the extent it elects to file a rejection damages claim, if any, relating to the rejection of a Lease, shall file such claim by the claims bar date established in the Debtor's chapter 11 case.

5.     Nothing herein shall prejudice the right of the Debtor to object to the allowance or classification of any claim for damages arising from the rejection of the Lease.

6.      Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might

otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be

immediately effective and enforceable upon its entry.

7.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

8.      The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum

of law in connection with the Motion is hereby waived.

9.      The Debtor is authorized and empowered to take all actions necessary to

implement the relief requested in this Order.

_____, 2019


_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218
Email: tpbrown@HuntonAK.com
        jharbour@HuntonAK.com


*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)


    I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Tyler P. Brown*

**EXHIBIT 1**

| | Landlord | Lease Location | Lease Term | Rejection Date |
|---|---|---|---|---|
| 1. | **Landlord:**<br>11ᵗʰ & Cochran, LC<br>c/o Hunter E. Craig Co.<br>P.O. Box 5509<br>Charlottesville, Virginia 22905 | 123 E. Main Street<br>Charlottesville, Virginia 22902 | March 31, 2020 | Petition Date |
| 2. | **Landlord:**<br>Baltic Providence, LLC<br>2180 Mendon Road, Suite 11<br>Cumberland, Rhode Island 02864 | 400 Westminster Street<br>Providence, Rhode Island 02903 | December 31, 2019 | Petition Date |
| 3. | **Landlord:**<br>BPP Connecticut Avenue LLC<br>c/o Transwestern,<br>815 Connecticut Avenue N.W., Suite 300<br>Washington, D.C. 20006<br>Attn: Property Manager<br><br>**Copy To:**<br>BPP Connecticut Avenue, LLC<br>c/o Equity Office Management, L.L.C.<br>222 South Riverside Plaza, Suite 2000<br>Chicago, Illinois 60606<br>Attn: Managing Counsel and Lease Admin | 815 Connecticut Avenue, NW<br>Washington, D.C. 20006 | December 31, 2024 | Petition Date |
| 4. | **Landlord:**<br>Carlyle Overlook Owner, LLC<br>c/o Principal Real Estate Investors, LLC<br>711 High Street,<br>Des Moines, Iowa 50392-1370<br>Attn: Shawn Leisinger & Shannon G. Holz<br><br>**Copy To:**<br>The Holmberg Law Offices, P.C.<br>4118 Leonard Drive, Suite 200<br>Fairfax, Virginia 22030<br>Attn: Eric B. Holmberg, Esq. | 2318 Mill Road<br>Alexandria, Virginia 22314 | October 31, 2027 | September 5, 2019 |
| 5. | **Landlord:**<br>Dominion Tower Financial Associates, LLC<br>999 Waterside Drive, Suite 2300<br>Norfolk, Virginia 23510 | Dominion Tower<br>999 Waterside Drive<br>Norfolk, Virginia 23510 | May 31, 2021 | Petition Date |

| | Landlord | Lease Location | Lease Term | Rejection Date |
|---|---|---|---|---|
| 6. | **Landlord:**<br>EYP Realty, LLC<br>c/o Brookfield Properties Management LLC<br>725 S. Figueroa Street, Suite 1850<br>Los Angeles, California 90017<br>Attn: General Manager<br><br>**Copy To:**<br>Brookfield Properties Management LLC<br>601 S. Figueroa Street, Suite 2200<br>Los Angeles, California 90017<br>Attn: VP, Regional Counsel | 725 S. Figueroa Street<br>Los Angeles, California 90017 | December 31, 2022 | Petition Date |
| 7. | **Landlord:**<br>Faison-Roanoke Office Limited Partnership, et al.,<br>c/o Faison & Associates, LLC<br>121 West Trade Street, 27th Floor<br>Charlotte, North Carolina 28202<br><br>**Copy To:**<br>Stephen W. Lemon, Esq.<br>Martin Hopkins and Lemon, PC<br>P.O. Box 13366<br>Roanoke, Virginia 24033 | 1800 Wells Fargo Tower<br>Roanoke, Virginia 24006 | December 31, 2020 | Petition Date |
| 8. | **Landlord:**<br>Ford Motor Land Development Corporation<br>3300 Town Center Drive, Suite 1100<br>Dearborn, Michigan 48126<br>Attn: Sales and Leasing Department | 290 Town Center Drive<br>Dearborn, Michigan 48126 | March 31, 2022 | Petition Date |
| 9. | **Landlord:**<br>Hines Sacramento Wells Fargo Center LP<br>c/o Property Manager<br>400 Capitol Mall, Suite 670<br>Sacramento, California 95814 | 400 Capital Mall<br>Sacramento, California 95814 | October 31, 2023 | September 5, 2019 |
| 10. | **Landlord:**<br>Latham & Watkins LLP<br>12636 High Bluff Drive<br>San Diego, California 92130<br>Attn: Chief Real Estate & Facilities Officer<br><br>**Copy To:**<br>Latham & Watkins LLP<br>885 Third Avenue,<br>New York, New York 10022 | 885 Third Avenue<br>New York, New York 10022 | June 23, 2021 | September 5, 2019 |

| | **Landlord** | **Lease Location** | **Lease Term** | **Rejection Date** |
|---|---|---|---|---|
| 11. | **Landlord:**<br>LSOP 3C III, LLC<br>c/o Cushman & Wakefield of MD, Inc.<br>500 East Pratt Street, Suite 500<br>Baltimore, Maryland 21202 | 180 Admiral Cochran Drive<br>Annapolis, Maryland 21401 | March 31, 2026 | Petition Date |
| 12. | **Landlord:**<br>MA-60 State Associates, L.L.C.<br>c/o Oxford Properties Group<br>125 Summer Street<br>Boston, Massachusetts 02110<br>Attn: Director of Legal<br><br>**Copy To:**<br>Nutter, McLennen & Fish, LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, Massachusetts 02210<br>Attn: Timothy M. Smith, Esq. | 60 State Street<br>Boston, Massachusetts 02109 | December 31, 2028 | Petition Date |
| 13. | **Landlord:**<br>Matrix One Riverfront Plaza, LLC<br>c/o Matric Realty, Inc.<br>CN 4000<br>Cranbury, New Jersey 08512<br>Attn: Joseph S. Taylor<br><br>**Copy To:**<br>Drinker Biddle Reath LLP<br>500 Campus Drive<br>Florham Park, New Jersey 07932<br>Attn: Michael E. Rothpletz, Jr., Esq. | 1037 Raymond Blvd.<br>Newark, New Jersey 07102 | November 30, 2021 | September 20, 2019 |
| 14. | **Landlord:**<br>New Boston Long Wharf, LLC<br>c/o New Boston Fund, Inc.<br>75 State Street, Suite 1410<br>Boston, Massachusetts 02109-1803<br><br>**Copy To:**<br>Rappaport, Aserkoff & Gelles<br>75 State Street, Suite 1410<br>Boston, Massachusetts 02109-1803<br><br>New Boston Management Services, Inc.<br>60 State Street, Suite 1500<br>Boston, Massachusetts 02109-1803<br><br>New Boston Management Services, Inc. | 545 Long Wharf Drive<br>New Haven, Connecticut 06511 | December 31, 2021 | Petition Date |

|  | **Landlord** | **Lease Location** | **Lease Term** | **Rejection Date** |
|---|---|---|---|---|
|  | 175 Capital Boulevard, Suite 200<br>Rocky Hill, Connecticut 06067<br><br>CB Richard Ellis – New England Partners, LP<br>33 Arch Street, 28th Floor<br>Boston, Massachusetts 02210<br>Attn: Property Management Accounting |  |  |  |
| 15. | **Landlord:**<br>Parmenter 919 Main Street, LP, LLLP<br>c/o Parmenter Realty Partners<br>919 East Main Street, Suite 100<br>Richmond, Virginia 23219<br>Attn: Property Manager<br><br>**Copy To:**<br>Parmenter 919 Main Street, LP, LLLP<br>c/o Parmenter Realty Partners<br>3399 Peachtree Road, NE, Suite 0150<br>Atlanta, Georgia 30326<br>Attn: Asset Manager<br><br>Parmenter 919 Main Street, LP, LLLP<br>c/o Parmenter Realty Partners<br>701 Brickell Avenue, Suite 2020<br>Miami, Florida 33131<br>Attn: Andrew Weiss | SunTrust Center<br>919 East Main Street<br>Richmond, Virginia 23219 | January 31, 2026 | September 20, 2019 |
| 16. | **Landlord:**<br>Post Oak Realty Investment Partners, LP<br>13355 Noel Road, 22nd Floor<br>Dallas, Texas 75240<br>Attn: President<br><br>**Copy To:**<br>TPMC Realty Corporation<br>1233 West Loop South, Suite 1230<br>Houston, Texas 77027<br>Attn: Steven M. Seltzer<br><br>Park Towers Investment, LLC<br>c/o Regent Properties<br>12100 Wilshire Boulevard, Suite 1750<br>Los Angeles, California 90025<br>Attention: Eric Fleiss | 1233 West Loop South<br>Houston, Texas 77027 | October 31, 2020 | Petition Date |

|     | Landlord | Lease Location | Lease Term | Rejection Date |
| --- | --- | --- | --- | --- |
| 17. | **Landlord:**<br>Quest Workspaces 515 N. Flagler LLC<br>515 N. Flagler Drive<br>West Palm Beach, Florida 33401 | 515 N. Flagler Drive<br>West Palm Beach, Florida 33401 | September 30, 2019 | Petition Date |
| 18. | **Landlord:**<br>Regional Headquarters, Inc.<br>4201 Dominion Blvd., Suite 300<br>Glen Allen, Virginia 23060 | 4201 Dominion Blvd.<br>Glen Allen, Virginia 23060 | July 31, 2021 | Petition Date |
| 19. | **Landlord:**<br>Regus Management Group, LLC<br>P.O. Box 842456<br>Dallas, Texas 72584<br><br>**Copy To:**<br>Philadelphia.onelibertyplace@regus.com<br><br>Regus PLC<br>26 Boulevard Royal<br>L-2449 Luxembourg<br>Luxembourg | 1650 Market Street, Suite 3800<br>Philadelphia, Pennsylvania 19103 | October 31, 2019 | September 5, 2019 |
| 20. | **Landlord:**<br>Regus Management Group, LLC<br>P.O. Box 842456<br>Dallas, Texas 72584<br><br>**Copy To:**<br>Chicago.westjackson@regus.com<br><br>Regus PLC<br>26 Boulevard Royal<br>L-2449 Luxembourg<br>Luxembourg | 111 West Jackson Blvd.<br>Chicago, Illinois 60604 | January 31, 2020 | Petition Date |
| 21. | **Landlord:**<br>Regus Management Group, LLC<br>P.O. Box 842456<br>Dallas, Texas 72584<br><br>**Copy To:**<br>Dallas.leepark@regus.com | 3333 Lee Parkway<br>Dallas, Texas 75219 | October 31, 2019 | Petition Date |

5

| | Landlord | Lease Location | Lease Term | Rejection Date |
|---|---|---|---|---|
| | Zulema.gonzalez@iwgplc.com<br><br>Regus PLC<br>26 Boulevard Royal<br>L-2449 Luxembourg<br>Luxembourg | | | |
| 22. | **Landlord:**<br>STRS Ohio,<br>275 Broad Street,<br>Columbus, Ohio 43215-3771<br>Attn: Director of Real Estate | 44 Montgomery Street<br>San Francisco, California 94104 | September 30, 2005 | September 15, 2019 |
| 23. | **Landlord:**<br>Talcott II Gold, LLC<br>One Financial Plaza<br>Hartford, Connecticut 06103 | 755 Main Street<br>Hartford, Connecticut 06103 | August 31, 2022 | September 5, 2019 |

045890.0000005 EMF_US 76040097v8