**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | |
| LeClairRyan, PLLC, | Case No. 19-34574-KRH |
| | Chapter 11 |
| Debtor. | |

**NOTICE OF MOTION TO CONVERT CASE TO CHAPTER 7**
**AND NOTICE OF HEARING**

PLEASE TAKE NOTICE that the United States Trustee has filed with the Court a Motion to Convert this Case to Chapter 7 (the "Motion").

<u>Your rights may be affected</u>.  You should read these papers carefully and discuss them with your attorney, if you have on in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one).  Under Local Bankruptcy Rule 9013-1, unless a written response to the Motion is filed with the Clerk of Court and served on the moving party within seven (7) days prior to the date set for a hearing on this matter, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the relief requested.

The hearing will be held before The Honorable Judge Kevin R. Huennekens, Courtroom 5000, United States Courthouse, 701 East Broad Street, Richmond, Virginia 23219 on  September  26, 2019 at 2:00 p.m. at Courtroom 5000.

Robert B. Van Arsdale, Esq., AUST, VSB 17483
Shannon Pecoraro, Esq., VSB 46864
Office of the U.S. Trustee
701 East Broad Street
Suite 4304
Richmond, VA 23219
(804) 771-2310

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within seven (7) days prior to the date set for a hearing on this matter, you or your attorney must:

( X )   File with the Court, at the address shown below, a written response with supporting memorandum pursuant to Local Bankruptcy Rule 9013-1.  You must mail or otherwise file it early enough so that the Court will receive it on or before the due date identified above.

Clerk of Court
United States Bankruptcy Court
701 East Broad Street – Suite 4000
Richmond, VA 23219

You must also mail a copy to:

Robert B. Van Arsdale, Esquire
Assistant U.S. Trustee
Office of the U.S. Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219

If you, or your attorney, do not take these steps, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

                            Respectfully submitted,

                            John P. Fitzgerald, III
                            Acting United States Trustee
                            Region Four

                            by:/s/Robert B. Van Arsdale
                                 Robert B. Van Arsdale
                                 Assistant U.S. Trustee

                            by: /s/ Elisabetta Gasparini
                                 Elisabetta Gasparini
                                 Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>LE CLAIRRYAN PLLC,<br><br>　　　　　　　　　　Debtor. | Case No. 19-34574-KRH<br>Chapter 11 |

**UNITED STATES TRUSTEE MOTION TO CONVERT CASE TO CHAPTER 7**

John P. Fitzgerald, III, Acting United States Trustee for Region Four (the "UST"), moves the Court for an order converting the above-referenced case. The UST files this motion under 11 U.S.C. §§ 1112(b)(1) and (4)(A) and the authority granted to him by 28 U.S.C. § 586 and 11 U.S.C. § 307. In support of this motion, the UST respectfully states:

**FACTUAL BACKGROUND**

1. On September 3, 2019 (the "Petition Date"), LeClairRyan PLLC (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

2. The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to Bankruptcy Code Section 1107(a) and 1108. To date, no trustee or examiner has been appointed in this Chapter 11 case.

3. To date, the Debtors have yet to file schedules, and the deadline to do so was extended until October 17, 2019. ECF Doc. No. 35.

4. The Debtor was founded in 1988 and became a national law firm, which, until recently, operated through approximately 25 offices around the country. *See* Declaration of Lori D. Thompson, Esq. In Support of Chapter 11 Petition and First Day Motion (the "First Day Declaration"), ECF Doc. No. 35 at ¶ 8.

*The Dissolution Committee and Wind-Down of Debtor*

5. On July 29, 2019, the Debtor's members voted to dissolve the firm and, since then, the Debtor has been managed by the Dissolution Committee. *Id.* at ¶ 10. The Debtors' members originally appointed Christopher J. Lange, Lori Thompson, Richard W. Bowerman, Esq. and C. Erik Gustafson to the Dissolution Committee. *Id.* at ¶ 24. Mr. Gustafson resigned after approving the commencement of the Chapter 11 case and negotiating the Services Agreement between the Debtor and Ms. Thompson and Mr. Lange. *Id.* Mr. Bowerman has also since resigned from the Dissolution Committee. *Id.*

6. In April of 2018, the Debtor entered into a joint venture with UnitedLex Corporation ("UnitedLex") to form ULXP Partners, LLC ("ULXP") in order to engage in the business of providing an alternative staffing model for law firms. *Id.* at ¶ 13. The Debtor remains a member of ULXP. Pursuant to the joint venture, ULXP hired more than 300 administrative and legal support professionals from the Debtor. *Id.* The wind-down team is comprised of certain employees of ULXP. *Id.*

*Debtor's Assets and Liabilities*

7. While no schedules are yet on file, the First Day Declaration discloses that the Debotor's assets consist principally of cash, accounts receivable, and work-in-progress. *Id.* at ¶ 14. The Debtors also may have potential claims and causes of action against various parties, including Chapter 5 causes of action. *Id.*

1

8. As of the Petition Date, the Debtors' unsecured liabilities consist primarily of obligations to landlords, vendors, employees and other creditors. *Id.* at ¶ 15.

9. As for its secured creditors, the Debtor is indebted to ABL Alliance LLP and to ULXP. In December of 2017, the Debtor entered into Loan and Security Agreement with ABL Alliance LLP in the amount of $15,000,000. *Id.* at ¶ 17. The amount outstanding on the ABL Loan as of July 19. 2019 was approximately $9.8 million and as of the Petition Date, it had decreased to approximately $6.8 million.

10. In December of 2018, the Debtor entered into an Outstanding Deferred Loan Promissory Note by which the Debtor agreed to pay ULXP the principal amount of $8,000,000 for deferred fees owed by the Debtor to ULXP under the Master Services Agreement. *Id.* at ¶ 20.

***First Day Motions and Orders***

11. As part of the First Day Motions, the Debtor sought approval of, among other things, settlement procedures concerning the potential discount and settlement of accounts receivable. *See* ECF Doc. No. 8. An interim order approving the sealed settlement procedures was entered on September 4, 2019. *See* ECF Doc. No. 42.

12. The Debtor also sought authority to assume executory contracts with Ms. Thompson, Mr. Lange, and On-Site – a collection agent. *See* ECF Doc. No. 12. An interim order approving the assumption of those contracts was entered on September 6, 2019. *See* ECF Doc. No. 52.

13. The Debtor further sought an order authorizing the use of the cash collateral and granting adequate protection. *See* ECF Doc. No. 13. An Interim Order Authorizing the Debtor's use of cash collateral was entered on September 4, 2019 (the "Interim Cash Collateral Order"). *See* ECF Doc. No. 41.

14. The Interim Cash Collateral Order authorized the use of cash collateral pursuant to the Budget attached as Exhibit B.

15. Upon information and belief, the collections during the first week were significantly below projections while the expenses continue to quickly diminish the available cash.

## ARGUMENT

Section 1112(b) of the Bankruptcy Code governs the conversion or dismissal of a Chapter 11 case and grants bankruptcy courts the power to promptly administer Chapter 11 cases on their docket. It provides that, on request of a party in interest, and after notice and a hearing,

> [t]he Court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate.

11 U.S.C. §1112(b)(1). "Cause" is defined in 11 U.S.C. § 1112(b)(4) to include:

(A) Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

11 U.S.C. § 1112(b)(1). Courts are given broad discretion in determining what may constitute sufficient cause for the dismissal or conversion of a case. *Toibb v. Radloff*, 501 U.S. 157, 165 (1991).

Section 1112(b)(4)(A) has two components, both of which must be satisfied for "cause" to exist for dismissal or conversion to Chapter 7. The first is that there must be a substantial or continuing loss or diminution to the estate. In other words, there must be continuing losses or a negative cash flow after the filing of the bankruptcy petition. *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 713-14 (Bakr. D. Md. 2011); *In re Park,* 436 B.R. 811, 816 (Bankr. W.D. Va. 2010). The second prong requires the movant to show that the debtor has no reasonable likelihood of rehabilitation. The determination under the second hurdle is "not whether a debtor can confirm a plan, but whether the debtor has sufficient business prospects". *In re Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 715 (Bakr. D. Md. 2011) (holding that where chapter 11

1

debtor which had no business other than holding purchase money note and deed of trust, whose assets were fully encumbered by loan that it had obtained to acquire these assets, and whose only feasible Chapter 11 plan was one of liquidation did not have any "reasonable likelihood of rehabilitation"). As a court has noted:

> Rehabilitation is a more demanding standard than reorganization, and is defined by whether the debtor will be able to reestablish his business on a firm, sound basis . . . Where a debtor proposes a plan of pure liquidation, there is no likelihood of rehabilitation. Thus, rehabilitation depends upon establishing a cash flow from which current obligations can be satisfied.

*In re Hunter*, 597 B.R. 287, 293 (Bankr. M.D. N.C. 2019).

There is no hiding that this case consists of a wind-down. And there is no hiding that it is the Debtor and the lender's intent that the case will eventually convert to Chapter 7. The only question is when that will be. The Debtor has ceased operation and the "Dissolution Committee" – now consisting of only two ex-members of the firm, are orchestrating the wind-down with the help of about eight other employees. Against this backdrop, the Debtor is attempting to collect the remaining accounts receivables.

According to the approved interim Budget, the Debtors were to collect a total of $4,425,000 in cash receipts during the first four weeks of the case, with $1,306,000.00 collected the week ending September 6, 2019. Pursuant to the Interim Budget, the payroll, taxes and benefits amounted to $421,000 as of the end of the fourth week. Moreover, the projections reflected that as of the fourth week of the case, the available cash would amount to $452,000 – a substantial decrease from the initial cash available during the first week of the case of $932,000. *See* Interim Cash Collateral Order at Exhibit B. Upon information received, the report for the first week shows that the projected collections are significantly lower than what had been projected by over 40%. While the fee collections have not been coming in at the rate originally expected, the operating

expenses continue at the tune of approximately $228,000.00 a week (or $910,000 during the first four weeks), with the largest expense being paid to ULXP.

Not only is the cash flow diminishing, but the expenses are only going to increase if the case continues in Chapter 11. The UST may have to appoint a creditors' committee in the near future and the Debtor is seeking to assume executory contracts at the hearing on September 26, 2019. Clearly, the Chapter 5 actions are the crux of this case, and, as previously stated, all parties are in agreement that the case should be converted to Chapter 7 in the near future.  The case should be converted that a Chapter 7 Trustee can be put in place in an attempt to stop the hemorrhaging, make decisions about what contracts to assume or reject, and start paving the road to recoveries from avoidance actions.  Delaying conversion would only saddle the estate with additional administrative expenses and render the transition to a Chapter 7 harder as the few employees left will continue to leave leaving the trustee with little to no historical knowledge or support.

WHEREFORE, the United States Trustee moves this Court to convert to chapter 7 granting such other and further relief as may be deemed just and proper.  It is also respectfully requested that, insofar as this motion presents no novel legal concepts, and the basis of the motion is found in the pleading itself, the Court waive the requirement for a separate memorandum of law in support of this motion as provided for in Local Rule 9013-1(G).

    Respectfully submitted,

    JOHN P. FITZGERALD, III
    ACTING UNITED STATES TRUSTEE
    REGION FOUR

    By: /s/Robert B. Van Arsdale
    Robert B. Van Arsdale
    Assistant United States Trustee

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all ECF registrants in this case. I further certify that the foregoing was served on September 12, 2019, on the following parties email if an email address is indicated, or by mailing a copy first class postage prepaid to the addresses below where no email address is shown:

/s/Robert B. Van Arsdale
Robert B. Van Arsdale
Assistant U.S.Trustee

| Name1 | Name2 | Address | Email address |
|---|---|---|---|
| 60 State TRS (DE) LLC | | 320 Park Avenue, Floor 17<br>New York, NY 10022 | Ahillman@oxfordproperties.com |
| ABL Alliance, LLLP | Attn: Douglas M. Foley, Esq. | McGuireWoods<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219 | dfoley@mcguirewoods.com |
| Bank of America | Attn: Brian Warren | 1111 E. Main Street<br>Richmond, VA 23219 | brian.m.warren@baml.com |
| BCal, LLC | c/o Beacon Capital Partners | 200 State Street, 5th Floor<br>Boston, MA 02109 | Accountantmontgomery@avisonyoung.com |
| BPP Lower Office REIT Inc. | BPP Connecticut Ave LLC - BLDG ID: 26870 | P.O. Box 209259<br>Austin, TX 78720-9259 | christopher.lyons@transwestern.com |

| | | | |
|---|---|---|---|
| Carlyle Overlook JV, LLC | | 711 High Street<br>Des Moines, IA 50392 | Erin.Albert@cushwake.com |
| Christopher J. Lange, Esq. | | 5615 Riverside Drive<br>Richmond, Virginia 23225 | Christopher.Lange@leclairryan.com |
| ConvergeOne, Inc. | | 3344 Highway 149<br>Eagan, MN 55121 | Esalley@convergeone.com |
| EYP Realty LLC | | P.O. Box 844801<br>Los Angeles, CA 90084-4801 | James.Ishibashi@brookfield.com |
| GLC Business Services, Inc. | | 28 Prince Street<br>Rochester, NY 14607 | mhayes@glcbs.com |
| HSBC | Attn: Stacy J. Schwartz | 531 Broad Hollow Road - Suite 130<br>Melville, NY 11747 | stacy.j.schwartz@us.hsbc.com |
| Integreon Managed Solutions (ND) Inc. | | 3247 47th Street South<br>Fargo, ND 58104 | murray.joslin@integreon.com |

1

| Name1 | Name2 | Address | Email address |
|---|---|---|---|
| Iron Mountain Record Management | | 448 Broadway<br>Ulster Park, NY 12487 | Noe.lebeau@ironmountain.com |
| Latham & Watkins LLP | | 885 Third Avenue<br>New York, NY 10022-4834 | Eric.Pike@lw.com |
| Matrix One Riverfront Plaza LLC | | CN 4000 Forsgate Drive<br>Cranbury, NJ 08512 | farias@matrixcompanies.com |
| NetRight Intermediate LLC | iManage LLC | 540 W. Madison Street, Suite 2400<br>Chicago, IL 60661 | Jessica.Martens@imanage.com |
| New Boston Long Wharf, LLC | | 75 State Street, Suite 1410<br>Boston, MA 02109 | Brenda.Keegan@cbre-ne.com |
| On-Site Associates, LLC | | 505 Montgomery St., Floor 11<br>San Francisco, California 94111 | gabodeely@onsiteassociates.com |
| Page White Farrer Limited | | Bedford House, 21 John Street<br>Holborn, London WC1N 2BF<br>United Kingdom | Robert.Hawthorn@pagewhite.com |
| Parmenter Realty Fund III, Inc. | | 701 Brickell Avenue, Suite 2020<br>Miami, FL 33131 | nreser@parmco.com |
| Poe & Cronk Real Estate Group, Inc. | | 10 S. Jefferson Street, Suite 1200<br>Roanoke, VA 24011 | slawrence@poecronk.com |
| Post Oak Realty Investment Partners, LP | | 13355 Noel Road, 22nd Floor<br>Dallas, TX 75240 | Kim.Bishop@brookfieldproperties.com |
| Spilman, Thomas & Battle, PLLC | Attn: Lori D. Thompson, Esq. | 310 First Street, SW, Suite 1100<br>Roanoke, Virginia 24011 | LThompson@spilmanlaw.com |
| Super-Server, LLC | | 707 East Main Street, Suite 1425<br>Richmond, VA 23219 | cjohnson@proxios.com |
| Thomson Reuters | Master Data Center | P.O. Box 673451<br>Detroit, MI 48267-3451 | cristina.romualdez@thomsonreuter.com;<br>jose.carvajal@thomsonreuter.com |
| Thomson West-6292 | | P.O. Box 629<br>Carol Stream, IL 60197-6292 | jose.carvajal@thomsonreuter.com |

| Name1 | Name2 | Address |
|---|---|---|
| Amegy Bank of Texas | c/o Corporation Service Company | 211 E. 7th Street, Suite 620<br>Austin, Texas 78701 |
| Banco Santander | Santander Holdings USA, Inc. Attn: Corporation Service Company | 100 Shockoe Slip, Fl 2<br>Richmond, Virginia 23219-4100 |
| Boston Private Bank | Attn: Officer, Director, or Manager | Ten Post Office Square Boston, Massachusetts 02109 |
| Independent Bank | Attn: Gary R. English | 8751 Sudley Road<br>Manassas, Virginia 20110 |
| Plains State Bank | | 19404 Kenswick Drive<br>Humble, Texas 77338-8147 |
| ULX Partners LLC | Attn: Jennifer Mistal | 4405 Cox Road, Suite 200 Glen Allen, Virginia 23060 |
| ULX Partners LLC | c/o Philip W. Goodin, Esq. | UnitedLex Corporation<br>6130 Sprint Parkway, Suite 300 Overland Park, Kansas 66211 |