# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34754 (KRH)** |
| **Debtor.**[1] | |

### SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING LECLAIRRYAN PLLC TO (I) REJECT UNEXPIRED LEASES AND (II) ABANDON CERTAIN PROPERTY IN CONJUNCTION WITH SUCH REJECTION

### Bankruptcy Rule 6006 Notice to Unexpired Lease Counter-Parties

**Pursuant to Bankruptcy Rule 6006, parties receiving this Motion should locate their respective names and leases listed on Exhibit 1 to the attached Proposed Order.**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned counsel, hereby moves (the "Second Rejection Motion") the Court for entry of an order in substantially the form annexed hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 365(a) and 554(a) of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the

---

[1]   The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

Debtor to (i) reject certain unexpired leases for non-residential real property listed on <u>Exhibit 1</u> to the Proposed Order (the "<u>Leases</u>") effective as of the dates listed in <u>Exhibit 1</u>, and (ii) abandon certain personal property and fixtures (collectively, the "<u>Personal Property</u>") at the premises under the Leases.  In support of this Second Rejection Motion, the Debtor submits as follows:

## I. Jurisdiction, Venue and Predicates for Relief

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 28 U.S.C. § 1334(b).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2. The predicates for the relief sought herein are sections 105(a), 365(a) and 554(a) of the Bankruptcy Code and Bankruptcy Rule 6006.

## II. Background

**A.  Chapter 11 Cases**

3. On September 3, 2019 (the "<u>Petition Date</u>"), the Debtor filed with the Court its voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case (the "<u>Chapter 11 Case</u>").

4. The Debtor continues to operate its businesses and manage its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No creditors' committee has been appointed in this Chapter 11 Case.  No trustee or examiner has been appointed.

6. A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in full in the *Declaration of Lori D. Thompson, Esq. in Support of Chapter 11 Petition and First Day Motions* (Docket No. 3), which

is incorporated herein by reference. Additional facts in support of the specific relief sought herein are set forth below.

### B. Facts in Support of the Second Rejection Motion

7. On the Petition Date, the Debtor filed the *Omnibus Motion for Entry of an Order Authorizing LeClairRyan PLLC to (I) Reject Unexpired Leases and (II) Abandon Certain Property in Conjunction with Such Rejection* (Docket No. 18) (the "First Rejection Motion"), seeking to (i) reject certain unexpired leases for non-residential real property (collectively, the "First Motion Leases") listed on Exhibit 1 to the proposed order attached to the First Rejection Motion as Exhibit A, and (ii) abandon certain personal property and fixtures (collectively, the "First Motion Personal Property") at the premises under the First Motion Leases. The First Rejection Motion is scheduled for a hearing before this Court on September 26, 2019, at 2:00 P.M. (EST). *See Notice of Motion and Notice of Hearing* (Docket No. 50).

8. During discussions with landlords for certain of the First Motion Leases concerning the First Rejection Motion, some landlords have requested that the Debtor seek relief from this Court to expressly provide for the rejection of existing subleases that are the subject of a First Motion Lease. With the exception of the Annapolis Lease (defined below), each of the Leases are subleases that are subject to either a First Motion Lease or the Annapolis Lease, as the primary lease. As set forth below, the subleases would be deemed rejected by virtue of rejection of the primary lease. Nevertheless, the Debtor is seeking the relief requested herein out of an abundance of caution.

9. In addition to the Leases that are subleases, pursuant to this Second Rejection Motion the Debtor seeks to reject the primary lease by and between the Debtor, as tenant, and Annapolis City Marina Limited Partnership, LLLP, as landlord, concerning the premises located

3

at 410 Severn Avenue, Annapolis, Maryland 21403 (the "Annapolis Lease"). The Debtor vacated, and removed any client files from, the premises for the Annapolis Lease before the Petition Date.

### III.     Relief Requested

10.     By this Second Rejection Motion, the Debtor respectfully requests the entry of the Proposed Order authorizing the Debtor to (i) reject the Leases listed on Exhibit 1 annexed to the Proposed Order effective as of the dates identified in Exhibit 1, and (ii) abandon the Personal Property at the premises under the Leases.

### IV.     Basis for the Relief Requested

#### A.     Rejection of the Leases is Appropriate

11.     Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guaranty Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (*citing In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

12.     When analyzing a debtor's decision to reject an executory contract or an unexpired lease, courts typically apply a business judgment standard to determine whether to approve the proposed rejection. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard as the traditional test applied to authorize the rejection of executory contracts); *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098-99 (2d Cir. 1993); *In re Federated Dept. Stores, Inc.*, 131 B.R. 808, 811 (S.D. Ohio 1991) ("Courts traditionally have

4

applied the business judgment standard in determining whether to authorize the rejection of executory contracts and unexpired leases."). Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See Orion Pictures Corp.*, 4 F.3d at 2098-99; *Sharon Steel Corp. v. National Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003); *In re Stable News Assoc., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).

13. Upon a finding that the debtor has exercised its sound business judgment in determining that the assumption or rejection of an agreement is in the best interests of the debtor, its creditors and all parties-in-interest, the court should approve the assumption or rejection under section 365(a) of the Bankruptcy Code. *See, e.g., In re Circuit City Stores, Inc.*, No. 08-35653, 2010 Bankr. LEXIS 1713, at *12 (Bankr. E.D. Va. June 9, 2010); *Bildisco*, 462 U.S. at 523; *Sharon Steel Corp.*, 872 F.2d at 39-40; *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.)*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

14. Additionally, upon rejection of a primary lease, a sublease is deemed rejected. *See Chatlos Systems, Inc. v. Kaplan*, 147 B.R. 96, 100 (D. Del. 1992); *see also In re The Great Atl. & Pac. Tea Co., Inc.*, 544 B.R. 43, 53-54 (Bankr. S.D.N.Y. 2016) (subtenant lacks any meaningful right to possession under a sublease after rejection since the debtor no longer can confer such rights); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1992) (rejection of the prime lease also results in the rejection of the sublease) (internal citations omitted); *In re 6177 Realty Assocs., Inc.*, 142 B.R. 1017, 1019-20 (Bankr. S.D. Fla. 1992) (while rejection does

not equal termination, section 365(d)(4)'s surrender requirement effectively terminates all leases in chain where rejecting debtor is both lessee and sublessor). Accordingly, each Lease that is a sublease would be deemed rejected upon the rejection of the primary lease. Out of an abundance of caution, however, by this Second Rejection Motion the Debtor seeks express authority to reject such subleases.

15. An integral component of the Debtor's efforts to maximize value for its estate and stakeholders consists of eliminating unnecessary costs and burdensome contracts. The Debtor has determined, in its good faith business judgment, that the rejection of the Leases is in the best interests of its creditors, stakeholders, and estate as there is little benefit and substantial burdens to the Debtor related to the Leases.

**B. Rejection of the Leases Should Be Effective as of the Dates Identified in <u>Exhibit 1</u> Annexed to the Proposed Order**

16. The Debtor respectfully submits that it is appropriate for the Court to order that the effective date of rejection of each of the Leases should be the date identified in <u>Exhibit 1</u> to the Proposed Order for such Lease, including on the Petition Date for certain of the Leases.

17. While section 365 of the Bankruptcy Code does not specifically address the Court's authority to order rejection to be effective immediately, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing the rejection where the balance of equities weighs in favor of retroactive rejection. *See, e.g., In re At Home Corp.*, 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied sub nom. Pacific Shores Dev., LLC v. At Home Corp.*, 546 U.S. 814 (2005); *In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st. Cir. 1995) (holding that "bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); *In re*

6

*Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (holding that when principals of equity dictate, a bankruptcy court may approve rejection of nonresidential lease pursuant to section 365(a) retroactive to the motion filing date); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); *In re Jamesway Corp.*, 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (holding that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

18. Here, the balance of the equities favors rejection as requested herein. With respect to the Annapolis Lease, absent rejection as of the Petition Date as requested herein the Debtor could be forced to incur unnecessary administrative expenses that provide little or no tangible benefit to the Debtor's estate. The Debtor also seeks to reject the sublease that is subject to the Annapolis Lease as of the Petition Date.

19. For the other Leases, each such Lease is a sublease and the date identified on Exhibit 1 is the date that the Debtor seeks to reject the related First Motion Lease that is the primary lease agreement. A discussed above, each such Lease would be deemed rejected upon the rejection of the related First Motion Lease.

20. The counterparties to the Leases will not be unduly prejudiced if the rejection is deemed effective as of the dates identified in Exhibit 1 because they will receive timely notice of this Second Rejection Motion, and, thus, have sufficient opportunity to act accordingly. Furthermore, the counter-parties to the Leases that are subleases will be free to enter into new leases with the landlords for the related primary leases, which should mitigate any rejection damages claims that might arise.

21.     Courts in this district and others have permitted retroactive rejection when the non-debtor party to an executory contract or unexpired lease is given definitive notice of the debtor's intent to reject. *See, e.g.*, *In re Morris, Schneider, Wittstadt Va., PLLC,* Case No. 15-33370 (KLP) (Bankr. E.D. Va. July 31, 2015); *In re Workflow Mgmt., Inc.*, No. 10-74617 (SCS) (Bankr. E.D. Va. Oct. 29, 2010)*; In re MMR Holdings, Inc.*, No. 10-32658 (DOT) (Bankr. E.D. Va. June 4, 2010); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 10, 2008); *see also In re Visteon Corp.*, No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (authorizing the rejection of leases retroactive to the petition date); *In re Sun-Times Media Grp., Inc.*, No. 09-11092 (CSS) (Bankr. D. Del. Apr. 28, 2009) (same); *In re Leiner Health Prods., Inc.*, No. 08-10446 (KJC) (Bankr. D. Del. Apr. 7, 2008) (authorizing the rejection of leases retroactive to the date the motion was filed); *In re Am. Home Mortg. Holdings, Inc.*, No. 07-11047 (CSS) (Bankr. D. Del. Sept. 20, 2007) (authorizing the rejection of leases and granting retroactive relief requested); *In re Loewen Grp. Int'l, Inc.*, No. 99-1244 (PJW) (Bankr. D. Del.Oct. 26, 2000) (authorizing the rejection of leases retroactive to the date the motion was filed).

22.     Accordingly, the Debtor submits that it is both fair and equitable for the Court to order that the rejection of the Leases be effective as of the dates listed in Exhibit 1 to the Proposed Order.

**C.    Abandonment of Certain Personal Property**

23.     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(a).  Courts generally give great deference to a debtor's decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the

8

trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve abandonment. *Id.*

24.     While the Debtor does not believe that any Personal Property remains on the leased premises, to the extent any does, the Debtor submits that any such Personal Property will be of inconsequential value or burdensome to the Debtor's estates to remove.  The Debtor submits that the costs of retrieving, marketing and reselling the Personal Property far outweigh any recovery the Debtor could hope to attain for the Personal Property, assuming any recovery could be had at all.  Accordingly, the Debtor has determined that the abandonment of the Personal Property left in any leased premises as of the rejection date is in the best interests of the Debtor's estate.

25.     The Debtor also submits that no client files or technology that holds client data remains at the leased premises (collectively, the "Client Files").  Out of an abundance of caution, however, the Proposed Order provides that the Debtor is not abandoning Client Files.

## V.    Notice

26.     Notice of this Second Rejection Motion has been provided in accordance with the *Notice, Case Management and Administrative Procedures* (Docket No. 38).  The Debtor submits that no other or further notice need be provided.

## VI.    Waiver of Memorandum of Law

27.     The Debtor respectfully requests that this Court treat the Second Rejection Motion as a written memorandum of points and authorities or waive any requirement that the Second Rejection Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

9

## VII.   No Prior Request

28.   No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Debtor the relief requested herein and such other and further relief as the Court deems just and proper.

DATED: September 12, 2019

Respectfully submitted,

*/s/ Henry P. (Toby) Long, III*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:    (804) 788-8218
Email: tpbrown@HuntonAK.com
           jharbour@HuntonAK.com
           hlong@HuntonAK.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

# EXHIBIT A

## PROPOSED ORDER

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| **Debtor.**[1] | |

**SECOND ORDER AUTHORIZING LECLAIRRYAN PLLC
TO (I) REJECT UNEXPIRED LEASES AND (II) ABANDON CERTAIN
PROPERTY IN CONJUNCTION WITH SUCH REJECTION**

Upon the motion (the "Motion")[2] of LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor") for entry of an order, pursuant to sections 105(a), 365(a) and 554(a) of the Bankruptcy Code and Rule 6006 of the Bankruptcy Rules for entry of an order authorizing the Debtor to (i) reject the unexpired leases for non-residential real property (collectively, the "Leases") listed on Exhibit 1 annexed hereto effective as of the dates listed in Exhibit 1, and (ii) abandon personal property and fixtures at the premises (collectively, the "Personal Property") under the Leases; the Court finds that: (a) it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a

---

[1]  The last four digits of the Debtor's federal tax identification number are 2451.

[2]  Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) the relief requested in the Motion is in the best interests of the Debtor, its estates and creditors; (e) the Debtor has exercised its business judgment in determining to reject the Leases and abandon the Personal Property; (f) the Personal Property is of inconsequential value or would be burdensome to the Debtor's estate to remove; (g) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (h) upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtor hereby is authorized to reject the Leases, which rejection shall be deemed effective as of the date identified in Exhibit 1 annexed hereto for such Lease.

3. The Debtor hereby is authorized in its discretion to abandon the Personal Property, if any, on the premises under the Leases as of the rejection dates set forth on Exhibit 1; provided, however, the Debtor is not abandoning client files or technology that holds client data that the may be located at the premises under the Leases.

4. Any counterparty to a Lease to the extent it elects to file a rejection damages claim, if any, relating to the rejection of a Lease, shall file such claim by the claims bar date established in the Debtor's bankruptcy case.

5. Nothing herein shall prejudice the right of the Debtor to object to the allowance or classification of any claim for damages arising from the rejection of a Lease.

6. Notwithstanding any Bankruptcy Rule or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

9. The Debtor is authorized and empowered to take all actions necessary to implement the relief requested in this Order.

_____, 2019

UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Henry P. (Toby) Long, III*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel: (804) 788-8200
Fax: (804) 788-8218
Email: tpbrown@HuntonAK.com
       jharbour@HuntonAK.com
       hlong@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**CERTIFICATION OF ENDORSEMENT**
**UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

    I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                                                       */s/ Henry P. (Toby) Long, III*

**EXHIBIT 1**

|   | **Landlord or Sub-Tenant** | **Lease Location** | **Lease Term** | **Rejection Date** |
|---|---|---|---|---|
| 1. | **Landlord:**<br>Annapolis City Marina Limited Partnership, LLLP<br>2328 West Joppa Road, Suite 200<br>Lutherville, Maryland 21093<br><br>**Copy To:**<br>MacKenzie Commercial Real Estate Services, LLC<br>2328 West Joppa Road, Suite 200<br>Lutherville, Maryland 21093 | 410 Severn Avenue<br>Annapolis, Maryland 20814 | July 31, 2023 | Petition Date |
| 2. | **Sub-Tenant:**<br>Goodman, Allen & Filetti, PLLC<br>Attn: Daniel G. Krasnegor<br>123 E. Main Street, 7th Floor<br>Charlottesville, Virginia 22902 | 123 E. Main Street<br>Charlottesville, Virginia 22902 | March 31, 2020 | Petition Date |
| 3. | **Sub-Tenant:**<br>HeimLantz CPAs & Advisors, LLC<br>180 Admiral Cochrane Drive<br>Annapolis, Maryland 21401<br>Attn: Heim F. Carter | 180 Admiral Cochran Drive<br>Annapolis, Maryland 21401 | March 31, 2026 | Petition Date |
| 4. | **Sub-Tenant:**<br>Morton G. Thalhimer, Inc.<br>Attn: Chip Dustin<br>Wachovia Tower<br>10 South Jefferson Street, Suite 1700<br>Roanoke, Virginia 24011 | 10 South Jefferson Street, Suite 1700<br>Roanoke, Virginia 24011 | December 31, 2020 | Petition Date |

|   | **Landlord or Sub-Tenant** | **Lease Location** | **Lease Term** | **Rejection Date** |
|---|---|---|---|---|
| 5. | **Sub-Tenant:**<br>Tuckahoe Holdings<br>919 East Main Street, Suite 2010<br>Richmond, Virginia 23219<br>Attn: Peter Ferrell<br><br>**Copy To:**<br>Goodman Allen Donnelly PLLC<br>4501 Highwoods Parkway, Suite 210<br>Glen Allen, Virginia 23060<br>Attn: E. Duffy Myrtetus, Esq. | SunTrust Center<br>919 East Main Street, Suite 2010<br>Richmond, Virginia 23219 | February 28, 2022 | September 20, 2019 |
| 6. | **Sub-Tenant:**<br>Westbourne Investment Advisors, Inc.<br>410 Severn Avenue, Suite 216<br>Annapolis, Maryland 20814 | 410 Severn Avenue, Suite 216<br>Annapolis, Maryland 20814 | July 31, 2023 | Petition Date |