## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **LECLAIRRYAN PLLC,** | Case No. 19-34574 (KRH) |
| Debtor.[1] | |

## MOTION OF LECLAIRRYAN PLLC FOR APPROVAL
## OF CLIENT FILE DISPOSITION PROCEDURES

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned counsel, hereby files this Motion (the "Motion"), for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") approving the proposed records disposition procedures pursuant to sections 105(a), 363(b)(1), and 554 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 6004 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Debtor submits as follows:

---

[1]        The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

## I.  Jurisdiction, Venue, and Predicates for Relief

1.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for the relief requested herein are sections 105(a), 363, and 554 of the Bankruptcy Code, and Bankruptcy Rule 2002.

## II.  Background

### A.  Chapter 11 Case

3.     On September 3, 2019 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case.

4.     The Debtor continues to operate its business as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No creditors' committee has been appointed in this case.  No trustee or examiner has been appointed.

6.     A full description of the Debtor's business operations, corporate structure, capital structure, and reasons for commencing this case is set forth in full in the *Declaration of Lori D. Thompson, Esq. in Support of Chapter 11 Petition and First Day Motions* [Doc. No. 3].  Additional facts in support of the specific relief sought herein are set forth below.

### B.  Retained Client Files

7.     Founded in 1988 as a legal boutique for emerging growth companies, the Debtor grew into a national law firm which, until recently, operated through approximately twenty-five offices around the country, including, among other locations, offices located in Richmond, Los

Angeles, San Francisco, Newark, New Haven, Boston, Philadelphia, New York City, Dallas,

Houston, Detroit, and Washington, D.C.

8.     Since July 29, 2019, when the members of the Debtor voted to dissolve the firm,

the Debtor has been and currently is managed by its Dissolution Committee, which has been

authorized by the members of the firm to effectuate a wind-down of the Debtor's operations and a

smooth transition of client matters to successor firms in an effort to maximize the return to all

creditors and parties in interest.

9.     Although the Debtor is making progress in the wind-down of the Debtor's

operations, there remain a number of necessary tasks that need to be completed related to winding

down the Debtor's business, maximizing the value of the Debtor's assets, and discharging the

Debtor's duties to former clients.

10.    As a result of the wind-down, substantially all of the Debtor's former attorneys

have become associated with other law firms.  In general, as the Debtor's former attorneys

transferred to other firms, they took active client matters with them.  While the files for some active

matters have been transferred to the applicable attorneys' new law firms, and the Debtor is

continuing to transfer active client files, all active files have not been transferred.  In addition, files

related to most inactive matters have not transferred.

11.    Due to the size of the Debtor's prior practice, the Debtor is currently storing

substantial amounts of electronic client files and physical client files (collectively, the "Retained

Client Files").  The Debtor currently is storing the Retained Client Files electronically and in

physical facilities in compliance with the applicable rules of professional responsibility, including

to protect the interests of the Debtor's former clients.

12.    Certain of the physical Retained Client Files are located at off-site storage facilities operated by records management company Iron Mountain.  Due to the Debtor's prior nationwide practice, the physical Retained Client Files are located in multiple jurisdictions.

### C.    File Disposition Procedures

13.    The Debtor believes that the proposed client file disposition procedures (the "File Disposition Procedures") adequately address its ethical obligations.  The procedures provide notice to former clients advising them that their files are available to be returned at the their expense (or maintained with a storage provider at their expense).  The procedures also permit the Debtor to rid itself of the burdensome Retained Client Files that would impair the effective wind-down of the Debtor and the administration of its estate if such Retained Client Files are not destroyed or abandoned.

14.    The proposed File Disposition Procedures and a brief explanation of the rationale behind each are set forth below.

### D.    Written Notice

15.    Upon Court approval of the File Disposition Procedures, the Debtor will make reasonable efforts to send a copy of the "*Notice of Intent to Dispose of Client Files,*" substantially in the form attached hereto as Exhibit B (the "Notice of Intent"), by electronic means (if known) or by first class mail to those former clients whose files may be included in the Retained Client Files using the most current contact information available to the Debtor.

16.    While the Debtor should be able to successfully identify names and addresses related to the Retained Client Files that were created as newer matters, it is uncertain whether all such names and addresses remain valid as of the date of this Motion.  However, such information represents the best and most accurate information available to the Debtor.  Additionally, given the longevity of the Debtor's operations, the Debtor is simply uncertain of the address of some former

clients whose files have been in storage for numerous years and as such, the Debtor proposes to provide such former clients with unknown contact information notice of the File Disposition Procedures by publication notice as more fully described below.

17.     The Notice of Intent will advise that the Debtor may currently be in possession of certain client files, which it intends to dispose of no sooner than 90 days after service of notice, unless the client directs otherwise.  The proposed deadline to respond shall be no less than 90 days after the Notice of Intent is mailed to former clients.  To claim and retrieve a client file, a former client must complete and return a file retrieval form (the "File Retrieval Form"), which will be attached to the Notice of Intent, to the Debtor no later than the later of 90 days after publication or the date the Notice of Intent is mailed to former clients.  A copy of the File Retrieval Form is included in Exhibit B attached hereto.

18.     In the event that a former client does not return the File Retrieval Form to the Debtor before the expiration of the 90 day period, those Retained Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the former client and the Debtor shall be permitted to destroy such files.

19.     The 90 day notice period is consistent with procedures utilized in other law firm bankruptcies, which cases are cited below, and tailored to comply with instructions outlined in the ethics rules and opinions that such notice period be provided to a client in the event of a sale of a law firm or before seeking to destroy client files.  As noted herein, while ethics rules do not specifically addresses the dissolution of a law firm or a law firm in bankruptcy, the Debtor believes that such notice period is reasonable and adequate under the circumstances.

**E.     Publication Notice**

20.     To provide broad and appropriate notice to former clients regarding the File Disposition Procedures, the Debtor proposes, pursuant to Bankruptcy Rule 2002(l), to provide

publication notice (the "Publication Notice") one time each in the Richmond Times Dispatch (the widest circulating newspaper in the city of the Debtor's former home office) and a nationally circulated publication. A copy of the proposed Publication Notice is attached hereto as Exhibit C.

21.    The Debtor believes that by publishing notice in the referenced publications, the Debtor will provide adequate notice of the File Disposition Procedures to former clients whose addresses are not known to the Debtor or who cannot be located. Moreover, any other approach would be impracticable and unduly expensive.

22.    As with written notice, the former client will have 90 days after the Publication Notice is published to contact the Debtor and request that its files be returned to it or request that its files be destroyed. Furthermore, 90 days after the publication of the Publication Notice or mailing of the Notice of Intent, whichever is later, those Retained Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the Debtor without the need for further order of this Court and the Debtor will be permitted to dispose of such Retained Client Files in the manner it deems fit that preserves the confidentiality of the contents of the Retained Client Files.

### F.    Retrieval of Files Shall be at Client's Expense

23.    The efforts to retrieve a Retained Client File for a former client upon request will result in a cost to the estate. The Debtor intends to charge former clients for expenses arising from the removal, mailing, and disposition of Retained Client Files. The Debtor also anticipates charging for the retrieval and delivery of electronic Retained Client Files that will require the Debtor to incur substantial time and expense processing, compiling and delivering such electronic Retained Client Files to its former clients.

24.    The Debtor is not in physical possession of certain of the physical Retained Client Files and certain storage facilities where Retained Client Files are located may charge retrieval

related fees.  The Debtor will not pay any retrieval fee to a storage facility or any other third party

fee to deliver or facilitate the return of a Retained Client File to any party.  Instead, the Debtor will

require the former client to pay such fees if the client notifies the Debtor that it wishes to retrieve

its documents or have them destroyed.

25.    In the event that the Debtor does not receive a File Retrieval Form from its former

clients regarding the disposition of their Retained Client Files, the Debtor will pay the costs for

the destruction of such Retained Client Files so that it can be assured that the storage facilities

employ means of destruction that will ensure that client confidences are not compromised.

**G.    Files Must Be Retrieved Within a Reasonable Period**

26.    To the extent a File Retrieval Form is timely received, the former client shall have

a reasonable opportunity thereafter to make arrangements to retrieve its files.  However, in the

event the former client fails to make efforts to retrieve its files or fails to retrieve its files within

30 days after the Debtor receives notice of a former client's intent to retain such Retained Client

Files, the Debtor requests Court approval that said Retained Client Files be deemed abandoned

and that the Debtor may dispose of said Retained Client Files as it sees fit.

**H.    Debtor May Retain Some Client Files**

27.    Notwithstanding the authority granted to the Debtor to abandon a Retained Client

File, the Debtor may seek to retain certain Retained Client Files to the extent such retention is in

the best interests of the Debtor's estate.  Additionally, the Debtor intends to take reasonable steps

to avoid the destruction of certain estate planning documents, such as wills, and intrinsically

valuable documents to the extent the Debtor identifies any such documents based on a reasonable

client file title search in the event that the former client fails to respond to the Notice of Intent or

Publication Notice.

28.     The Debtor's practice areas included white-collar defense analogous to matters in the criminal defense context.  For the avoidance of doubt, if the Debtor does not receive a File Retrieval Form for Retained Client Files that involve a criminal matter or a white-collar defense matter, the Debtor is seeking authorization to destroy such Retained Client Files.

### III.     Relief Requested

29.     Pursuant to this Motion, the Debtor seeks entry of the Proposed Order approving the File Disposition Procedures substantially in the form of the procedures outlined above. Additionally, the Debtor requests that the File Disposition Procedures apply to any successor in interest to the Debtor, including, without limitation, any Chapter 7 trustee appointed in the Debtor's bankruptcy case.

### IV.     Basis for Relief Requested

### A.     Abandonment of Client Files is in the Best Interests of Estate

30.     Pursuant to 11 U.S.C. § 554(a), after notice and a hearing, the Debtor may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.  The Retained Client Files, however, may not be considered property of the Debtor's estate.  In Virginia, client files belong to the client rather than to the law firm.  *See, e.g.*, Va. R. Pro'f Conduct 1.16(e) ("All original, client-furnished documents and any originals of legal instruments or official documents which are in the lawyer's possession (wills, corporate minutes, etc.) are the property of the client . . .").  However, in an abundance of caution and to the extent that the Debtor retains an interest in certain of the information contained in the Retained Client Files, such property interests constitutes property of the Debtor's estate pursuant to section 541 of the Bankruptcy Code that the Debtor may abandon.

31.    The Retained Client Files are not only unnecessary for the Debtor's wind-down process, but their maintenance imposes a significant ongoing financial and administrative burden to the estate.  There is no question that the continued and indefinite storage of the Retained Client Files poses an undue burden to the estate without a corresponding benefit to the estate or its creditors.  Accordingly, the Debtor seeks authority to abandon the Retained Client Files in accordance with the File Disposition Procedures.

### B.    The File Disposition Procedures are Justified Under Sections 363(b) and 105

32.    The Court should approve the File Disposition Procedures under the authority of Bankruptcy Code section 363(b), which provides, "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  In determining whether to authorize a use of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies its action and are cautious not to substitute the court's business judgment for the debtor's.  *See e.g.*, *In re Crystal Apparel*, 207 B.R. 406, 410 (S.D.N.Y. 1997) ("[C]ourts must exercise great deference in reviewing a corporation's desire to pay its managers.).  The File Disposition Procedures are a reasonable and efficient means of handling the substantial amounts of Retained Client Files and should be approved.

33.    The relief requested in this Motion is also authorized by Bankruptcy Code § 105(a) which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  The purpose of Bankruptcy Code section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 Collier on Bankruptcy, 105.01, at 105-6 (16th ed.).  Thus, section 105 essentially codifies the Bankruptcy Court's inherent equitable powers.  *See Management Tech. Corp. v. Pardo (In re Management Tech. Corp.)*, 56 B.R. 337, 339 (Bankr. D.N.J. 1985) (indicating that court's equitable powers are derived from

section 105).  Based on the court's equitable powers, the Debtor respectfully requests that the Court approve the File Disposition Procedures.

### C.      **Ethical and Professional Considerations**

34.     The Debtor believes that, while abandonment is authorized by section 554(a) of the Bankruptcy Code, the Retained Client Files should nevertheless be disposed of in a manner that is appropriate under the circumstances and in light of potential ethical and professional obligations to former clients, including to maintain the confidentiality of client information contained in the Retained Client Files.

35.     The American Bar Association's Model Rules of Professional Conduct (the "Model Rules"), which have been substantially adopted by numerous states, including Virginia,[2] do not provide express direction regarding whether or how a law firm undergoing dissolution in bankruptcy should dispose of closed client files.  In general, ethical rules are silent on disposition of client files that a client has not requested be returned.

36.     The Debtor is winding up its affairs in this bankruptcy case. Therefore, it is unclear whether and to what extent ethical rules that might otherwise apply to law firms would apply to the Debtor.   Nevertheless, both the Model Rules and administrative guidance from certain jurisdictions provide some guidance, and the File Disposition Procedures were developed in light of that guidance.

37.     Confidentiality is a paramount concern.   The File Disposition Procedures are designed to preserve the confidentiality of former client information in the Debtor's possession.

---

[2] On May 10, 2018, the California Supreme Court issued Administrative Order 2018-05-09, which adopted new Rules of Professional Conduct that go into effect in California on November 1, 2018 (the "California Rules"). The amended California Rules largely mirror the Model Rules, but deviate from the Model Rules in some ways. However, the rules relating to handling of closed client files are substantially similar across jurisdictions.

*See* Model Rules of Prof'l Conduct R. 1.6; R. 1.6 cmt. (Am. Bar Ass'n) ("The duty of confidentiality continues after the client-lawyer relationship has terminated.").

38.     Reasonable efforts to provide notice to clients are appropriate.  The Model Rules, for example, provide that "[u]pon termination of a representation, a lawyer shall reasonably take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client . . . [and] surrendering papers and property to which the client is entitled." Model Rule 1.16(d).  Similarly, in the event of a sale of a law practice, the Model Rules contemplate the transfer of client files to the new firm upon written notice to the client, including a presumption that the client consents to such transfer if the client does not take any action within 90 days of receipt of the notice.  Model Rule 1.17(c)(3) ("the client's consent to the transfer of the client's files will be presumed if the client does not take any action or does not otherwise object within ninety (90) days of receipt of the notice.").

39.     The Model Rules provide that client property should generally be preserved and further provide that property of a client in the lawyer's possession "shall be preserved for a period of five years after termination of the representation."  Model Rule 1.15(a); *see also* Va. R. Pro'f Conduct 1.15(c)(4) (providing that a lawyer shall maintain books and records related to the safekeeping of client property for at least five years after the termination of representation).  That rule, however, does not expressly provide for a situation in which a law firm has dissolved or entered bankruptcy.

40.     While the estate cannot continue to bear the cost of storing Retained Client Files in a secure manner indefinitely, the Debtor is aware that simply abandoning Retained Client Files may not preserve the confidentiality of client information contained in those files.  Rather, to ensure the confidentiality of information in the Retained Client Files that are not retrieved pursuant

to the File Disposition Procedures, the Debtor believes it is appropriate for the estate, after making reasonable efforts to provide notice to former clients, to destroy such files.

41.    Some files related to active matters have already been transferred to other law firms. Additionally, the Debtor is continuing to transfer Retained Client Files to other law firms and clients.  Many Retained Client Files for active matters, however, have not been transferred.  Most Retained Client Files for inactive or closed matters have not been transferred.  Indeed, many of the Retained Client Files for inactive or closed matters have not been accessed for numerous years, and many have not been accessed for greater than five years.

42.    Nevertheless, the Debtor believes it is appropriate to attempt again to contact potentially affected former clients by (a) sending the Notice of Intent using the most recent contact information readily available to the Debtor, and (b) causing the Publication Notice to be published. Finally, allowing at least 90 days for former clients to respond to the notices before disposing of Retained Client Files is fully consistent with the notice periods contemplated in the Model Rules for notice of intent to transfer files upon the sale of a law firm.

43.    Informal Opinion 1384 (1977) of the American Bar Association Committee on Professional Responsibility[3] states that while there is no specific time during which an attorney must preserve all files and beyond which he or she is free to destroy all files, "good common sense" should provide answers to most questions.  Among the considerations set forth in ABA Informal Opinion 1384 are: (i) whether the information "may still be necessary or useful in the assertion or defense of the client's position in a matter for which the applicable statutory limitations period has not expired"; and (ii) whether the information "has not previously been given to the client, and is

---

[3]    *Available at* https://www.americanbar.org/groups/professional_responsibility/services/ethicssearch/materials_on_client_file_retention/

not otherwise readily available to the client, and which the client may reasonably except will be

preserved by the lawyer."

44.    The Professional Ethics Committee for the State Bar of Texas Ethics Opinion 627

(April 2013) also provides some helpful guidance on this issue:

> Under the Texas Disciplinary Rules of Professional Conduct, closed files of current or former clients that are held by a lawyer or law firm are held subject to certain basic principles. First, confidential information of clients or former clients must be protected from unauthorized disclosure. Second, except when important interests of other persons or the client would be compromised, a lawyer or law firm possessing closed client files should turn them over to the client if requested by the client to do so. *Third, a lawyer or law firm is permitted to destroy closed files when circumstances, including the passage of time, the nature of the files, and the absence of client instructions to the contrary, justify a reasonable conclusion that destruction of the file is not likely to harm material interests of the client concerned,* provided that reasonable steps (such as a brief visual review of physical files) have been taken to avoid destruction of items of client property, such as currency, bonds and original deeds, that might be included in the files to be destroyed. . . . *Lawyers are not required to undertake a detailed review of the contents of closed files if destruction of the files is otherwise permitted,* and any such detailed review should be treated as additional legal services subject to normal rules concerning lawyer competence to provide particular services and agreed compensation for legal services provided. Costs of complying with the basic principles of the Texas Disciplinary Rules of Professional Conduct applicable to closed client files should be borne by the lawyers and law firms having responsibility for the files, and costs of additional services provided at the request of a client should be borne by the client requesting such services. In addition to the principles of the Texas Disciplinary Rules of Professional Conduct, requirements with respect to the treatment of closed client files may also be created or modified by statutory or decisional law of Texas and by agreement between client and lawyer.

*available    at*    https://www.legalethicstexas.com/Ethics-Resources/Opinions    /Opinion-627

(emphasis added).

45.    The proposed File Disposition Procedures are generally consistent with the above

considerations set forth in ABA Informal Opinion 1384 and Texas Ethics Opinion 627 while also

balancing competing interests of the Debtor's estate, including continuing storage costs, and the

practical reality that the Debtor is liquidating and lacks the means to continue to pay to hold the Retained Client Files indefinitely.

### D.    Similar Relief Granted in Other Law Firm Bankruptcy Cases

46.    While not directly addressed in ethical rules, disposition and destruction of client files have been addressed in a number of law firm bankruptcy cases where relief similar to that requested herein has been sought and granted. *See e.g., In re Sedgwick, LLP*, Case No. 18-31087 (Bankr. N.D. Cal. Dec. 4, 2018) [Docket No. 112]; *In re Howrey LLP,* Case No. 11-31376 (Bankr. N.D. Cal. Mar. 2, 2012) [Docket No. 636]; *In re Dewey & LeBoeuf LLP,* Case No. 12-12321 (Bankr. S.D.N.Y. July 13, 2012) [Docket No. 237]; *In re Heller Ehrman LLP,* Case No. 08-32514 (Bankr. N.D. Cal. May, 7, 2009) [Docket No. 436]; *In re Thelen, LLP,* No. 09-15631 (Bankr. S.D.N.Y. December 23, 2009) [Docket No. 60]; *In re Coudert Brothers LLP,* Case No. 06-12226 (S.D.N.Y. Jan. 22, 2007) [Docket No. 222].

## V.    Notice

47.    Notice of this Motion has been provided in accordance with the *Notice, Case Management and Administrative Procedures* (Docket No. 38).  The Debtor submits that no other or further notice need be provided.

## VI.    Waiver of Memorandum of Law

48.    The Debtor respectfully requests that this Court treat the Motion as a written memorandum of points and authorities or waive any requirement that the Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

## VII.    No Prior Request

49.    No previous request for the relief sought herein has been made by the Debtor to this

or any other court.

WHEREFORE, the Debtor respectfully requests that the Court approve the File

Disposition Procedures and grant such other and further relief to the Debtor as the Court may deem

just and proper.

DATED: September 12, 2019

Respectfully submitted,

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No.68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
Email: tpbrown@HuntonAK.com
        jharbour@HuntonAK.com
        hlong@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**<u>Exhibit A</u>**
Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| Debtor.[1] | |

**ORDER APPROVING CLIENT FILE DISPOSITION PROCEDURES**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor-in-possession

(the "Debtor") for an order authorizing and approving File Disposition Procedures related to the

disposition of former client files; the Court finds that (i) it has jurisdiction over the matters raised

in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interest of the Debtor,

its estate, and its creditors and within the sound business judgment of the Debtor, (iv) proper and

adequate notice of the Motion and the opportunity for a hearing thereon has been given under the

particular circumstances and that no other or further notice is necessary, (v) good and sufficient

cause exists for granting of the relief requested in the Motion as set forth herein, (vi) the

---

[1]      The last four digits of the Debtor's federal tax identification number are 2451.

[2]      Capitalized terms not defined herein are given the meaning assigned to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

transmission of written notice and notice by publication is a reasonable means of locating former clients in an effort to advise such former clients of the need to retrieve their Remained Client Files, and (vii) the legal and factual bases set forth in the Motion establish just cause for the relief granted herein.  Therefore,

IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED**.

2.      The Debtor and any successor trustee including, without limitation, any Chapter 7 trustee appointed in the Debtor's bankruptcy case (collectively, the "Debtor/Trustee") is authorized and directed to send written notice, substantially in the form attached to the Motion as Exhibit B (the "Notice of Intent"), by electronic means (if known) or by first class mail to those former clients whose files may be included in the Retained Client Files using the most current contact information available to the Debtor.  The Notice of Intent will advise the former clients that the Debtor/Trustee may currently be in possession of certain client files which the Debtor/Trustee intends to dispose of no less than 90 days after the Notice of Intent is mailed to the former client, unless the client completes and returns a "File Retrieval Form," which the Debtor/Trustee shall deliver with the Notice of Intent, to the Debtor/Trustee postmarked on or before the expiration of the 90 day notice period.  The File Retrieval Form must be timely received by the Debtor/Trustee in order for a former client to preserve its right to claim and retrieve its files. The deadline shall be no less than 90 days after the Notice of Intent is mailed to the former clients. Once the File Retrieval Form is received by the Debtor/Trustee, the Debtor/Trustee is authorized to instruct the off-site storage facility(ies) to release and transfer the hard copy files to the former client.  The foregoing procedures are hereinafter referred to as the "File Disposition Procedures."

3.      The Debtor/Trustee is authorized and directed to provide notice to former clients regarding the File Disposition Procedures by publication notice ("Publication Notice") one time in both the Richmond Times Dispatch and a nationally circulated publication.  The Debtor/Trustee is authorized and directed to publish the Publication Notice, in a form substantially similar to Exhibit C attached to the Motion.  The Publication Notice will provide former clients with 90 days' notice from the date the Publication Notice is published to contact the Debtor/Trustee to request a File Retrieval Form and to return the File Retrieval Form to the Debtor/Trustee on or before 90 days after the publication date of the Publication Notice.

4.      If a File Retrieval Form is not timely received by the Debtor/Trustee concerning any Retained Client Files, then the Debtor/Trustee may arrange for the destruction of such Retained Client Files in a manner that will reasonably ensure that client confidences are not compromised. The Debtor/Trustee will pay the costs for such destruction of Retained Client Files.

5.      If a File Retrieval Form is timely received by the Debtor/Trustee, then the former clients shall have a reasonable opportunity thereafter to make arrangements to retrieve their Retained Client Files, either in hard copy or electronic version.  If a former client fails to make adequate arrangements for the retrieval of its Retained Client Files or otherwise fails to retrieve its Retained Client Files within thirty (30) days, then the Debtor/Trustee may arrange for the destruction of such Retained Client Files in a manner that will reasonably ensure that client confidences are not compromised.  The Debtor/Trustee will pay the costs for such destruction of Retained Client Files.

6.      Any former client's retrieval of Retained Client Files shall be subject to payment of all costs attendant to retrieval by the former client or its qualified agent, including, without limitation, (i) any charges arising from the removal, mailing, and disposition of such Retained

3

Client Files; and (ii) the retrieval and delivery of electronic Retained Client Files that will require the Debtor/Trustee to incur time and expense processing, compiling and delivering such electronic data to such former clients.  The Debtor/Trustee will not be responsible for the payment of any fees to a storage facility or any other third party related to the delivery or return of a Retained Client File to any party.

7.      Notwithstanding any other provision in this Order, the Debtor/Trustee is authorized to retain any Retained Client File it deems necessary for the administration of the estate or for any other reason.

8.      The Debtor/Trustee shall take reasonable steps to avoid the destruction of certain estate planning documents, such as wills, and intrinsically valuable documents to the extent the Debtor/Trustee has any such files.  In the event the Debtor does not receive a File Retrieval Form or cannot locate the owner(s) of Retained Client Files that include ongoing criminal defense matters or estate planning documents, the Debtor shall be permitted to destroy such Retained Client Files.

9.      The File Disposition Procedures do not violate any ethical or professional rules that would otherwise require a law firm outside of bankruptcy to retain copies of client files for a set number of years after a client's file is closed.

10.     This Order and the File Disposition Procedures shall be binding on any successor in interest to the Debtor, including, without limitation, any Chapter 7 Trustee.

11.     The Debtor/Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

12.    This Court shall retain jurisdiction over any and all matters arising from or related
to the implementation or interpretation of this Order.

Dated:_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: _____

WE ASK FOR THIS:

*/s/ Jason W. Harbour*_____
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218
Email: tpbrown@HuntonAK.com
         jharbour@HuntonAK.com
         hlong@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served
upon all necessary parties.

*/s/ Jason W. Harbour*_____

5

**Exhibit B**
Notice of Intent and File Retrieval Form

## NOTICE OF INTENT TO DISPOSE OF CLIENT FILES

Dear Sir/Madam:

As you may know, on July 29, 2019, LeClairRyan PLLC (the "Firm") elected to dissolve and to wind up its business operations under the direction of the Firm's Dissolution Committee. As you also may know, on September 3, 2019, the Firm filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court"), Case No. 19-34574-KRH.

The Firm's records indicate that there may be files held by the Firm pertaining to the Firm's former representation of you and/or your company. The purpose of this letter is to determine whether you would like to take custody of any of the files that the Firm is holding, including those located at off-site storage facilities, or whether the records instead may now be destroyed.

| | |
|---|---|
| **Important Notice** | **IF WE DO NOT RECEIVE A RESPONSE FROM YOU ON OR BEFORE [_insert 90 days after the date of mailing_], YOUR FILES MAY AUTOMATICALLY BE PERMANENTLY DESTROYED WITHOUT FURTHER NOTICE TO YOU.** |

This letter is to inform you that the Bankruptcy Court has approved procedures for disposing of client files. The procedures allow you an opportunity to retrieve, at your expense, all files, if any, identified as relating to legal services provided to you. These files may include physical files or files in electronic form. To ensure the confidentiality of client information, files that are not retrieved will ultimately be permanently destroyed. The procedures approved by the Bankruptcy Court supersede all prior procedures for the transfer of files.

Please indicate on the enclosed File Retrieval Form whether you wish to retrieve your files and return the complete form to us promptly. Your response must be received no later than [_insert 90 days after the date of the letter_].

The bankruptcy estate of the Firm is not in a position to absorb any of the costs associated with copying or transferring these files, whether in hard copy or electronically. Under the approved procedures, you will be responsible for any costs associated with the retrieval of your client files. Thank you for your attention to this matter.

If you wish to obtain these files, please so indicate on the enclosed form. We will then contact you and provide you with an estimate of the costs associated with transferring these records to you, along with any instructions concerning the necessary electronic hardware you will need to provide us to transfer any electronic files.

We look forward to receiving your response as soon as possible. Thank you for your cooperation.

**LeClairRyan PLLC (the "Firm") Client File Retrieval Response Form**

Please provide the following information:

| | |
|---|---|
| Client Name: | |
| Contact Name: | |
| Address: | |
| Direct Telephone: | |
| Email Address: | |

I **DO / DO NOT** (circle one) wish to retrieve and take custody of ALL (you cannot choose to take some files and not others) **physical** records currently in the possession of the Firm related to legal services provided by the Firm to me.

I **DO / DO NOT** (circle one) wish to retrieve and take custody of ALL (you cannot choose to take some files and not others) **electronic** records currently in the possession of the Firm related to legal services provided by the Firm to me.

I understand that if I wish to retrieve and take custody of my files, I will be responsible for all costs associated with retrieval and delivery of such files.

I understand that if I do not wish to retrieve and take custody of my files, or if I make no selection on this File Response Form, I authorize the Firm to destroy my files.

_____
Signature

_____
Print Name

_____
Print Relationship to Client

_____
Date

Return Completed Form To:
[_insert address_]

**<u>Exhibit C</u>**
Publication Notice

## NOTICE OF INTENT TO DISPOSE OF CLIENT FILES

**ATTENTION: To all former clients of LeClairRyan PLLC (the "Firm").**

On [__], 2019, the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") entered an Order [Doc. No. __], Case No.19-34574-KRH, authorizing the Firm to dispose of certain client files remaining in its possession pursuant to certain file disposition procedures.  Parties who believe that their file(s) are in the possession of the Firm and desire to retrieve such file(s) are asked to follow these disposition procedures.  If you fail to retrieve your files after a certain period of time, as set forth below, unretrieved files will be destroyed.

**A.     HOW TO REQUEST AN OPPORTUNITY TO RETRIEVE YOUR FILE**

To request an opportunity to claim and retrieve a client file, (i) the former client on whose behalf services were rendered; (ii) a qualified agent of such client; or (iii) the attorney formerly or presently responsible for the file, shall complete and return a File Retrieval Form, according to the instructions contained therein, which form can be obtained by contacting the Firm at:

[_insert address_]

**SUCH FILE RETRIEVAL FORMS MUST BE RECEIVED BY _____.**

To the extent a File Retrieval Form is timely received, the identity of the client or qualified agent requesting the file(s) will be verified and all available information concerning the location of the file(s) will be provided and such former client or qualified agent will be provided an opportunity to obtain the file(s).  It will be the client's responsibility to pay for all delivery and related retrieval charges.  Such file(s) will not be disposed of or abandoned by the Debtor if adequate arrangements are made with the Debtor or the possessor of the file by _____.  If adequate arrangements are not made for the retrieval of the files by _____, the files may be destroyed without further notice.

**B.     CONSEQUENCES OF FAILURE TO REQUEST AN OPPORTUNITY TO RETRIEVE YOUR CLIENT FILE**

**FOR THOSE FILES FOR WHICH NO FILE RETRIEVAL FORM IS TIMELY RECEIVED, THE BANKRUPTCY COURT HAS GRANTED THE FIRM THE AUTHORITY TO DESTROY SUCH FILES.  ACCORDINGLY, YOUR FILE (OR YOUR CLIENT'S FILE) MAY BE DESTROYED IF YOU CHOOSE NOT TO ACT BY _____.**