# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| **Debtor.**[1] | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND
## DIRECTING PAYMENT OF CLIENT EXPENSE REIMBURSEMENTS

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan" or the "Debtor"), by its undersigned counsel, hereby files this Motion (the "Motion"), for entry of the order attached hereto as Exhibit A (the "Order") authorizing and directing the payment of third party expense reimbursements received from clients post-petition and deposited into a segregated account, and respectfully represents as follows:

### I. Jurisdiction, Venue, and Predicates for Relief

1.  This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

2.     The predicates for the relief requested herein are sections 105(a), 363, and 541 of the Bankruptcy Code.

## II.     Background

### A.     Chapter 11 Case

3.     On September 3, 2019 (the "Petition Date"), the Debtor filed with the Court a voluntary petition for relief under chapter 11 of Title 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case.

4.     The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     No creditors' committee has been appointed in this case. No trustee or examiner has been appointed.

6.     A full description of the Debtor's business operations, corporate structure, capital structure, and reasons for commencing this case is set forth in full in the Declaration of Lori D. Thompson, Esq. in Support of Chapter 11 Petition and First Day Motions [Docket No. 3] (the "Thompson Declaration"). Additional facts in support of the specific relief sought herein are set forth below.

### B.     Client Expense Reimbursements

7.     As a matter of course, LeClairRyan billed its clients for attorney fees and for reimbursement of certain expenses (the "Client Expense Reimbursements") that it incurred for services provided by certain third-party vendors ("Client Vendors") providing services to, or for the benefit of, LeClairRyan's clients. LeClairRyan's business practice was to pay the Client Vendors directly following receipt of payments from its clients for Client Expense Reimbursements billed by LeClairRyan.

8. In the months leading up to the Petition Date, LeClairRyan segregated the portions of client payments received representing Client Expense Reimbursements from other portions representing payment of fees or other amounts owed to LeClairRyan. Specifically, the Client Expenses Reimbursements were deposited into a money market account where such amounts would remain until LeClairRyan paid the appropriate Client Vendor.

9. Between July 26 and July 29, 2019, LeClairRyan wrote checks totaling approximately $1.2 million against its operating account for the payment of amounts owed to Client Vendors. LeClairRyan then transferred such amount from the money market to its operating account to cover the payments. Based on discussions with its lender, LeClairRyan believed that all such checks would be honored despite the lender having a deposit and control agreement on that operating account. During the next two weeks, the lender required the transfer of funds from the operating account to reduce the outstanding balance of its loan. On or about August 13, 2019, LeClairRyan received notice that its operating account was overdrawn. In light of the overdrawn status of its operating account, on August 13, 2019, LeClairRyan issued stop payments on the remaining outstanding checks issued to Client Vendors.

10. Subsequently, and before the Petition Date, the Debtor stopped including Client Expense Reimbursements on new invoices to clients. Nevertheless, the Debtor has continued to receive, and expects to continue to receive, Client Expense Reimbursements for invoices sent to clients pre-petition.

11. The Debtor has transferred all Client Expense Reimbursements received post-petition into a separate account (the "<u>Segregated Account</u>"). The Segregated Account holds all Client Expense Reimbursements received by the Debtor post-petition.

12. Additionally, the Debtor has transferred into the Segregated Account funds in the amount of Client Expense Reimbursements received by the Debtor since on or about August 19, 2019.

13. On September 6, 2019, the Court entered its *Interim Order Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief, and Scheduling a Final Hearing* [Doc. No. 51] (the "Settlement Procedures Order").  Among other things, the Settlement Procedures Order authorizes the Debtor to discount and settle accounts receivable pursuant to Expense Reimbursement Settlements (as defined therein) upon the consent of its lender, which includes permitting a client (i) to withhold payment of a Client Expense Reimbursement included on an invoice; and (ii) to withhold payment on an invoice in the amount of a Client Expense Reimbursement previously paid by the client if the client knows that the Client Vendor has not been paid for such amount and the client promptly pays the Client Vendor.  Nevertheless, the Debtor does not believe that the Expense Reimbursement Settlements will resolve all of the issues related to Client Expense Reimbursements.

14. The Debtor is holding the post-petition Client Expense Receivables in trust in the Segregated Account for the appropriate Client Vendors.  As a result, the post-petition Client Expense Receivables are not property of the Debtor's estate and should be promptly transferred to the appropriate Client Vendors, or to the related client if so directed by the applicable client.

15. The relief requested in this Motion is intended to work in conjunction with the Expense Reimbursement Settlements approved as part of the Settlement Procedures Order.  Client Expense Reimbursements will not be paid to Client Vendors to the extent the client has deducted such amount from a subsequent invoice issued by LeClairRyan pursuant to an Expense Reimbursement Settlement.  For the avoidance of doubt, the Debtor does not currently seek

authority to pay Client Expense Reimbursements that were received prior to the Petition Date, but reserves the right to seek additional or other relief as to those funds.

### III. Relief Requested

16. The Debtor seeks entry of an order authorizing and directing the Debtor and any successor trustee including, without limitation, any chapter 7 trustee appointed in the Debtor's bankruptcy case, to disburse Client Expense Reimbursements received post-petition to the appropriate Client Vendors, or to the related client if so directed by the applicable client.

### IV. Basis for Relief Requested

17. The bases for granting the relief requested in the Motion include (a) section 541 of the Bankruptcy Code, which provides that funds held in trust are not property of the Debtor's estate; (b) section 363 of the Bankruptcy Code, which authorizes the Debtor to make disbursements in the ordinary course of business; and (c) section 105 of the Bankruptcy Code and the Court's general equitable powers, which permit the Court to grant the requested relief.

#### A. Property of the Estate

18. A debtor's bankruptcy estate consists of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A debtor's bankruptcy estate, however, "cannot succeed to a greater interest in property than the debtor held prior to bankruptcy." *NTA, LLC v. Councourse Holding Co., (In re NTA, LLC)*, 380 F.3d 523, 528 (1st Cir. 2004); *see also TTS, Inc. v. Citibank, N.A. (In re TTS, Inc.)*, 158 B.R. 583, 585 (D. Del. 1993) (noting that "[t]he rule is elementary that the estate succeeds to only the title and rights in the property that the debtor possessed.") (citations omitted). Thus, commencing its bankruptcy case did not expand the Debtor's interests in the Client Expense Reimbursements.

19. Moreover, "when a 'debtor does not own an equitable interest in property he holds in trust for another, that interest is not property of the estate' for purposes of the Bankruptcy Code."

5

*Dameron*, 155 F.3d at 721-22 (quoting *Begier v. IRS,* 496 U.S. 53, 59, 110 L. Ed. 2d 46, 110 S. Ct. 2258 (1990)); *see also* 11 U.S.C.§ 541(d).

20. Although the Bankruptcy Code creates the bankruptcy estate, "state law determines whether a given property falls within this federal framework." *Holmes Environmental, Inc. v. Suntrust Banks, Inc. (In re Holmes Environmental, Inc.)*, 287 B.R. 363, 374 (Bankr. E.D. Va. 2002) (citations omitted); *see Mid-Atlantic Title & Escrow Services, Inc. v. Tyler (In re Dameron)*, 155 F.3d 718, 722 (4th Cir. 1998). The Debtor believes that because the post-petition Client Reimbursement Expenses were received from clients, deposited into the Segregated Account, and held separately for the express purpose of paying the Client Vendors, such funds are validly held in trust. *See, e.g., Virginia State Bar v. Goggin*, 260 Va. 31, 33, 530 S.E.2d 415, 416, 417 (2000) ("[C]laimants [with claims] to the proceeds of an attorney's trust account retain ownership in those funds and are entitled to recover the full amount of their identifiable ownership where possible.").

21. As a result, the Debtor submits that the post-petition Client Expense Reimbursements are not property of the Debtor's estate and that Client Vendors are entitled to payment of their respective Client Expense Reimbursements.

### B. Ordinary Course of Business

22. The Court also may grant the relief requested herein pursuant to section 363 of the Bankruptcy Code. Section 363(c) provides, in relevant part, that the Debtor "may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or hearing, and may use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1).

23. The Debtor submits that approval of the proposed payment of Client Expense Reimbursements as described in this Motion represents the ordinary course of LeClairRyan's

business and that Court approval is not required to continue such practice. Nevertheless, out of an abundance of caution, the Debtor seeks the relief requested herein to make such payments.

### C. The Court's Equitable Powers

24. Finally, the Court may rely on its general equitable powers to grant the relief requested in this Motion as codified in section 105(a) of the Bankruptcy Code. Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

25. The Motion seeks authority to pay the post-petition Client Expense Reimbursements, which are not property of the Debtor's estate, and therefore should be transferred to the applicable Client Vendors. The Debtor submits that it is appropriate for the Court to exercise its equitable powers and grant the relief requested in this Motion, including making the relief binding on any trustee appointed in this chapter 11 case and/or upon conversion of the case to chapter 7.

### V. Notice

26. Notice of this Motion has been provided in accordance with the *Notice, Case Management and Administrative Procedures* (Docket No. 38). The Debtor submits that no other or further notice need be provided.

### VI. Waiver of Memorandum of Law

27. The Debtor respectfully requests that this Court treat the Motion as a written memorandum of points and authorities or waive any requirement that the Motion be accompanied by a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G).

### VII.  **No Prior Request**

28. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and grant such other and further relief to the Debtor as the Court may deem just and proper.

DATED: September 12, 2019

Respectfully submitted,

_/s/ Jason W. Harbour_
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No.68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
Email: tpbrown@HuntonAK.com
          jharbour@HuntonAK.com
          hlong@HuntonAK.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## Exhibit A

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **LECLAIRRYAN PLLC,** | **Case No. 19-34574 (KRH)** |
| **Debtor.**[1] | |

**ORDER AUTHORIZING AND DIRECTING PAYMENT OF
<u>CLIENT EXPENSE REIMBURSEMENTS</u>**

Upon consideration of the Motion[2] of the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>") for an order authorizing, approving, and directing the payment of certain post-petition Client Expense Reimbursements to the appropriate Client Vendors; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate, and its creditors, (iv) proper and adequate notice of the Motion and the opportunity for a hearing thereon has been given under the

---

[1]  The last four digits of the Debtor's federal tax identification number are 2451.
[2]  Capitalized terms not defined herein are given the meaning assigned to them in the Motion.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

particular circumstances and that no other or further notice is necessary, and (v) good and sufficient cause exists for granting of the relief requested in the Motion as set forth herein. Therefore,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby GRANTED.

2. The Debtor and any successor trustee including, without limitation, any chapter 7 trustee appointed in the Debtor's bankruptcy case (collectively, the "Debtor/Trustee") is authorized and directed to pay Client Expense Reimbursements received from clients post-petition to the appropriate Client Vendors, or to the related client if so directed by the applicable client; *provided, however*, that the Debtor/Trustee shall not be authorized or directed to pay a Client Expense Reimbursement if the client deducts the amount of a Client Expense Reimbursement from an invoice of the Debtor pursuant to an Expense Reimbursement Settlement authorized by the Court in the Settlement Procedures Order.

3. This order shall be binding on any trustee appointed in this chapter 11 case and upon conversion of this case to a case under chapter 7 of the Bankruptcy Code.

4. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such application, and the requirements of Bankruptcy Rule 6004(a) and the local rules of the Court are satisfied by such notice.

6. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The Debtor/Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated:_____, 2019

_____
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: _____

WE ASK FOR THIS:

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Jason W. Harbour*