# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>LECLAIRRYAN PLLC,<br><br>Debtor. | Chapter 11<br><br>Case No.  19-34574 (KRH) |

## MOTION OF MICHELE CRADDOCK FOR
## LIMITED RELIEF FROM THE AUTOMATIC STAY

COMES NOW Michele Craddock ("Craddock"), by undersigned counsel, and moves this Court for entry of an order, substantially in the form attached hereto, granting her: (a) limited relief from the automatic stay pursuant to section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") as discussed herein; (b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (c) for certain related relief.  In support of this Motion, Craddock respectfully states as follows:

### I.   JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.

2. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

**MICHAEL WILSON PLC**
Michael G. Wilson (VSB No. 48927)
PO Box 6330
Glen Allen, VA 23058
Telephone: (804) 614-8301
mike@mgwilsonlaw.com

*Counsel to Michele Craddock*

3. The bases for the relief requested herein are 11 U.S.C. § 362(d) and Bankruptcy Rules 4001 and 9014.

## II. BACKGROUND

4. On September 3, 2019 ("Petition Date"), the above-captioned debtor (the "Debtor") commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor remains in possession of its assets and continues to manage its business as debtor-in-possession pursuant to Bankruptcy Code Section 1107(a) and 1108. To date, no trustee or examiner has been appointed in this Chapter 11 case.

6. As of the date hereof, the Office of the United States Trustee has not appointed an official committee of unsecured creditors, and has, in fact, moved the Court to convert this case to one under chapter 7 of the Bankruptcy Code.

7. The Debtor was founded in 1988 and operated as a national law firm that grew to more than 20 offices around the country. On or about July 30, 2019, the Debtor announced that the members of the firm had determined to dissolve the firm and wind-down the Debtor's operations.

8. Craddock was an employee, and later a shareholder, of the Debtor from 2003 to early 2015. In January 2015, Craddock asserted certain employment discrimination and related claims (the "Claims") against the Debtor with the Equal Employment Opportunity Commission. In early 2016, Craddock commenced an action in the United States District Court for the Eastern District of Virginia (the "District Court"). In December of 2015, the Debtor made a demand to arbitrate the Claims.

9. The parties arbitrated those Claims during a ten day hearing in January of 2018 before a panel of the American Arbitration Association (the "Panel"). By its Final Revised Award, dated October 16, 2018 (the "Award"), the Panel found the Debtor intentionally discriminated against her based on her gender and awarded Craddock $1,021,390.14 plus interest for back-pay ($274,746.00), compensatory damages for the emotional distress ($20,000.00) Craddock

experienced as a result of the Debtor's intentional gender discrimination, and attorneys' fees ($678,151,50), including an enhancement of those fees related to, among other things, factors cited by the arbitration panel, as recognized by the United States Supreme Court for such enhancements.

10. In addition, the amount of the Award included amounts to reimburse Craddock for the costs and expenses she incurred ($48,492.64) during the proceeding, which were significantly increased by the Debtor's litigation and delay tactics during the proceeding. For example, the Debtor made baseless arguments[1] and withheld key documents until witnesses were forced to admit under oath during the arbitration hearing that the documents existed.

11. The Debtor has repeatedly represented to Craddock that insurance coverage exists for the Claims asserted by Craddock and reflected in the Award. However, despite repeated requests, the Debtor has refused to provide a copy of the Debtor's Employment Practices Liability Insurance policy or even provide the name of the insurer.

12. Craddock filed a motion with the District Court asking it confirm the Award and enter judgment on her behalf. The Debtor, however, objected to Craddock's motion and cross-moved the District Court to reassert a Motion to Seal the Award, previously denied by the arbitration panel, and to correct and vacate certain portions of the Award related to the attorneys' fees calculations and the enhancement awarded by the Panel. The Debtor did not, however, dispute $885,779.84 of the Award. The District Court entered an Order on June 19, 2019 denying the Debtor's Motion to Seal and denying Craddock's motion, vacating a portion of the Award and remanding the case to the Panel to correct the attorneys' fees award.

13. The parties have re-initiated the arbitration and fully briefed the issues requested by the Panel, and, upon information and belief, the Panel was prepared to enter a revised Award shortly after the Labor Day holiday. However, prior to the revised Award being entered, the

---

[1] The Debtor repeatedly argued Craddock was not entitled to the protections of Federal employment laws because she was a shareholder, not an employee of the Debtor, despite clear documentation that at all times she was an "employee at will."

Debtor commenced this case and the action before the Panel was automatically stayed under section 362(a) of the Bankruptcy Code.

### III.  RELIEF REQUESTED

13. Craddock requests that the Court enter an order, substantially in the form attached hereto as Exhibit A (the "Order"), granting her (a) limited relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to permit the Panel to enter the revised Award and, if necessary, to permit Craddock to move to confirm any revised Award before the District Court and any related proceedings therefrom, including appeals; (b) waiving the fourteen (14) day stay of the Order imposed by Bankruptcy Rule 4001(a)(3); and (c) authorizing her to take such other and further actions as may be necessary to permit her to seek to recover the revised Award from the Debtor's insurance provider, if any.

### IV.  ARGUMENT

14. Section 362(d) of the Bankruptcy Code provides that, after notice and a hearing, the Court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). Congress, however, did not define the term "cause" in the Bankruptcy Code. Thus, "courts must determine when discretionary relief is appropriate on a case-by-case basis." *See, e.g., Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992) (citations omitted).

15. The Robins Court established a three-factor test for courts to use when determining whether "cause" exists:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.*

16. Here, all three factors weigh in favor of granting the relief requested. While the Claims asserted by Craddock do arise under federal employment law, the parties have fully responded to the only briefing requested by the arbitration panel on the remaining issue related to the attorneys' fees enhancement before the Panel. As was the case in *Robins*, the only thing that remains to happen is for the Panel to enter the revised Award, which may include re-entering the original Award, modifying same or incorporating the additional findings of fact in support of the enhancement. Thus, resolution of the limited remaining issue is not one that "require[s] the expertise of the bankruptcy court."

17. For much the same reason, it would be a complete waste of this Court's time and the estate's limited assets to have to re-litigate any of the issues raised in the Claims before this Court. The Claims have been fully litigated for almost four years before the Panel and the District Court, and the Panel is in a position and prepared to enter a revised Award addressing the concerns raised by the District Court in short order. Thus, granting the relief requested herein would impose little, if any, additional burden on the Debtor or estate.

18. Finally, Craddock seeks only relief to permit entry of the revised Award and then to take any actions necessary to recover from any available insurance coverage for the Claims. To the extent the revised Award exceeds any insurance coverage available, Craddock will pursue any deficiency claim only pursuant to this Court's normal claims process.

## V.    CONCLUSION

**WHEREFORE**, for the reasons set forth above, Craddock requests that the Court enter the Order granting to her: (a) limited relief from the automatic stay pursuant to section 362(d)(1) of the Bankruptcy Code to permit the Panel to enter the revised Award and, if necessary, to permit Craddock to move to confirm any revised Award before the District Court; (b) waiving the fourteen

(14) day stay of the Order imposed by Bankruptcy Rule 4001(a)(3); and (c) authorizing her to take such other and further actions as may be necessary to permit her to seek to recover the revised Award from the Debtor's insurance provider, if any; and (d) granting to her such other and further relief as the Court deems just and proper.

Dated:  September 18, 2019                            **MICHELE CRADDOCK**

/s/ Michael Wilson
Michael G. Wilson (VSB #48927)
**Michael Wilson PLC**
PO Box 6330
Glen Allen, VA 23058
(804)  614-8301
mike@mgwilsonlaw.com

*Counsel to Michele Craddock*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September 2019, I caused a copy of the foregoing pleading to be served by electronic means through the Court's ECF system and emailed to all parties receiving notices in this case in accordance with the Case Management Order.

/s/ Michael Wilson
Michael Wilson