UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:

LeClairRyan PLLC                                    Case No.: 19-34574-KRH

                                                    Chapter 11
           Debtor in Possession

**OBJECTION OF SUPER-SERVER, LLC
TO MOTION BY DEBTOR FOR APPROVAL OF
CLIENT FILE DISPOSITION PROCEDURES**

COMES NOW Super-Server, LLC d/b/a Proxios, by counsel ("Proxios"), and objects to the Debtor's Motion for Approval of Client File Disposition Procedures [Docket #70]. In support of this Objection, Proxios states:

1. Pursuant to a Master Services Agreement, Proxios provides, maintains and supports system hardware, hosted hardware and system software necessary for the access and utilization to parts of the Debtor's electronic information, including its financial and billing records, electronic client files, and other electronic records. To fully access the electronic information of the Debtor, the electronic system relies upon approximately 80 different applications which are licensed through and maintained by Proxios.

Karen M. Crowley (VSB # 35881)
Joseph T. Liberatore (VSB #32302)
CROWLEY LIBERATORE P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510
Telephone (757) 333-4500
kcrowley@clrbfirm.com
Counsel for Super Server, LLC

2. The Debtor filed a Motion for Approval of Client File Disposition Procedures pursuant to which it seeks this Court's approval as to the disposition of the paper and electronic records of clients of the firm. The Motion was filed without any input from Proxios.

3. Proxios has no objection to the procedure outlined by the Debtor for disposition of the paper client files in the possession of the Debtor. This objection by Proxios relates only to the Debtor's proposed procedure for managing the electronic client files some of which are stored and maintained by Proxios.

4. Proxios would object to the procedure to the extent that it imposes upon it any obligation to identify client files, retain those files on behalf of the LeClair client, or destroy them.

5. Proxios objects to the Motion to the extent that it obligates Proxios to provide continued service or storage without appropriate compensation.

6. Proxios does not believe that the proposed procedure adequately addresses the ethical obligations of the Debtor, based upon the following:

    a. Paragraph 18 provides that "those Retained Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the former client and the Debtor shall be permitted to destroy such files." The identification and destruction of the files will require a representative of LeClairRyan to take action to ensure the documents are appropriately destroyed. Proxios believes that the order should obligate the Debtor to destroy such files by a date certain or file pleadings explaining why they have decided not to do so.

  b. Paragraph 26 again gives the Debtor the discretion to destroy the Retained Client Files if the client does not retrieve the file within 30 days after return of the File Retrieval Form. Proxios believes that the order should obligate the Debtor to destroy such files by a date certain rather than give the Debtor discretion.

7. The Debtor seeks to shift the cost of retrieving the electronic information to the former clients without any discussion as to how that cost will be calculated. Proxios believes that the first step would be to reach an agreement with Proxios as to the nature, extent and cost of the continued provision of service by Proxios so that access to the electronic records remains available. The next step would be to identify a lead person with the Debtor who will manage the identification, retrieval and/or destruction of the requested information. The Debtor and Proxios have a meeting scheduled for September 24 where such matters will be discussed. Proxios objects to any procedure that would impose obligations upon Proxios to negotiate with or obtain payment from the Debtor's former clients for retrieval or storage of the Retained Client Files.

8. Proxios believes that the partners of LeClairRyan and the attorneys whose confidential client files are maintained electronically at Proxios and in other locations share in the ethical obligation imposed by the applicable ethical rules and are equally obligated to share in fulfilling the duty to the client. Abdicating that responsibility to the creditors of the estate cannot constitute the fulfillment of those ethical obligations.

WHEREFORE, for the reasons set forth above, Super-Server, LLC d/b/a Proxios requests that the Court deny the Motion unless the foregoing issues are adequately addressed, delay entry of a final order approving the Motion until such time as the Chapter 7 Trustee can evaluate the terms and grant it such other and further relief as is just.

Date:   September 23, 2019                         Respectfully Submitted,

                                             SUPER-SERVER, LLC

                                             /s/ Karen M. Crowley
                                                 Of Counsel

Karen M. Crowley (VSB # 35881)
Joseph T. Liberatore (VSB #32302)
CROWLEY LIBERATORE P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510
Telephone (757) 333-4500
kcrowley@clrbfirm.com
Counsel for Super Server, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Objection was served on September 23, 2019, by electronic mail, to those listed on the attached Core Service List with an e-mail address and by first class mail upon those listed on the attached Core Service List without an e-mail address.

                                                                      /s/ Karen M. Crowley