**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re:

**Chapter 11**

**LECLAIRRYAN PLLC,**

**Case No. 19-34574 (KRH)**

Debtor.[1]

**RESPONSE OF LECLAIRRYAN PLLC TO MOTION OF UNITED
STATES TRUSTEE TO CONVERT CASE TO CHAPTER 7**

LeClairRyan PLLC, the above-captioned debtor and debtor-in-possession ("LeClairRyan"

or the "Debtor"), by its undersigned proposed counsel, hereby files this response (the "Response")

to the *United States Trustee Motion to Convert Case to Chapter 7* (Docket No. 61) (the "Motion

to Convert") filed by John P. Fitzgerald, III, Acting United States Trustee for Region Four (the

"U.S. Trustee").  In support of this Response, the Debtor submits as follows:

**I.  Response**

1.      It is the movant's burden to prove that "cause" exists to convert a Chapter 11 case

pursuant to section 1112(b) of the Bankruptcy Code.  See, e.g., In re Pittsfield Weaving Co., 393

---

[1]      The last four digits of the Debtor's federal tax identification number are 2451.

HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)

*Proposed Counsel to the Debtor
and Debtor in Possession*

B.R. 271, 274 (Bankr. D.N.H. 2008); <u>see also</u> 7 Collier on Bankruptcy ¶ 1112.04[4] (16th Ed. 2019)

("Although the words, 'for cause' appear in section 1112(b)(1), the movant bears the initial burden

of demonstrating that cause exists to convert the chapter 11 case to chapter 7 . . . .").  The court,

however, has "broad discretion" in determining whether cause exists to convert a chapter 11 case.

<u>Halvajian v. Bank of New York (In re Halvajian)</u>, 216 B.R. 502, 513 (D.N.J. 1998), <u>aff'd</u>, 168

F.3d 478 (3d Cir. 1998); <u>see also</u> <u>In re 1031 Tax Gr., LLC</u>, 374 B.R. 78, 93 (Bankr. S.D.N.Y.

2007) ("However, even if there is a finding of cause a court is not obligated to convert the case –

the decision remains within the court's discretion.").

      2.      The first step is for the Court to determine whether the movant has demonstrated

that "cause" exists to convert this case.  While the U.S. Trustee suggests there were cash shortfalls

against projected income in the shortened Labor Day week when the Debtor filed this case, that

position does not paint the complete picture of the Debtor's financial situation during the short

time this case has been pending.  More importantly, it does not accurately reflect the successes to

date of the Debtor in collecting its receivables while simultaneously serving its roles as a fiduciary

for the various constituencies with interests in this case.  In fact, the Debtor has had a successful

start in collecting revenue, reducing expenses and fulfilling its duties through this chapter 11 case.

If necessary, the Debtor will present evidence of its progress to date.

      3.      The Debtor submits that liquidation of the LeClairRyan's assets through chapter 11

not only is appropriate, but also has constituted the most efficient means of doing so to this point.

The Debtor is mitigating damages and maximizing the return to creditors through a process that

carefully balances the ethical responsibilities of LeClairRyan to safeguard confidential client

information while simultaneously pursuing billing and collections to maximize the value of the

accounts receivable.

2

4.      The Debtor has had great success following the week of Labor Day in collecting its accounts receivable.  While the U.S. Trustee is correct that collections did not meet projections during the first three days in the holiday-shortened first week of the case, collections during the second and third weeks closely tracked the projections in the cash collateral budget.  Thus, the Debtor has been able to curtail the Lender's debt in the total amount of $1,883,496 to date post-petition.  Specifically, in accordance with the *Interim Order Authorizing LeClairRyan PLLC to Use Cash Collateral, Granting Adequate Protection and Related Relief, and Scheduling a Final Hearing* (Docket No. 41) ("Interim Cash Collateral Order"), the Debtor has made curtailment payments to the Lender (as defined in the Interim Cash Collateral Order) of (i) $217,563 on September 9, (ii) $900,904 on September 16, and (iii) $765,029 on September 23.  The Debtor makes these curtailment payments at the bottom of the waterfall represented by the cash collateral budget, after paying the ongoing post-petition expenses as they come due during the budget period. The Debtor, therefore, flatly denies that there are substantial or continuing losses or diminution to the estate.

5.      The substantial curtailment payments to the Lender also explain the decrease in the amount of cash held by the Debtor.  The Debtor has made curtailment payments to the Lender each Monday post-petition while only retaining the amounts contemplated by the Interim Cash Collateral Order to cover expenses to be paid while income is expected to be received throughout the following week.  Thus, the decrease in the cash held by the Debtor is the result of the Debtor complying with its obligations under the Interim Cash Collateral Order to pay expenses and also curtail the secured debt, and in no way evidences diminishing cash flows.

6.      While reserving the right to contest that cause exists to convert the case, the Debtor and its professionals currently are engaged in discussions with the Lender and with representatives

3

of the U.S. Trustee regarding the appropriate next steps for the Debtor's liquidation.  While

reserving all of its rights to contest the Motion to Convert, and the contentions of any parties

joining in that Motion to Convert, the Debtor is hopeful that the discussions will result in an

agreement among the Debtor, the Lender, and the U.S. Trustee concerning the Motion to Convert

with respect to the hearing scheduled for September 26, 2019.

## II.    Reservation of Rights

7.    The Debtor expressly reserves its right to amend, modify, or supplement this

Response and to raise any additional arguments and present evidence at any hearing concerning

the Motion to Convert.

DATED: September 23, 2019

Respectfully submitted,

*/s/ Tyler P. Brown*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No.68220)
Henry P. (Toby) Long, III (VSB No. 75134)
HUNTON ANDREWS KURTH LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone:  (804) 788-8200
Facsimile:   (804) 788-8218
Email: tpbrown@HuntonAK.com
        jharbour@HuntonAK.com
        hlong@HuntonAK.com

*Proposed Counsel to the Debtor
and Debtor in Possession*