**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | CASE NO. 19-34574 (KRH) |
| | ) | |
| LECLAIRRYAN PLLC, | ) | CHAPTER 11 |
| | ) | |
|       Debtor. | ) | |
| | ) | |
| | ) | |
| BANK DIRECT CAPITAL FINANCE, LLC, | ) | |
| | ) | |
|       Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LYNN L. TAVENNER, TRUSTEE | ) | |
| FOR THEBANKRUPTCY ESTATE OF | ) | |
| LECLAIRRYAN, PLLC, | ) | |
| | ) | |
|       Respondent. | ) | |
| | ) | |

**BANKDIRECT CAPITAL FINANCE, LLC's
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
AND MOTION FOR EXPEDITED HEARING**

Comes now BankDirect Capital Finance ("BankDirect"), a secured creditor of the Debtor herein, and hereby moves the Court for relief from the automatic stay, pursuant to 11 U.S.C. §§ 362(d), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, and Local R. Bankr. P. 4001, to authorize BankDirect to cancel certain insurance policies described below and to collect all unearned premiums on said policies and apply such unearned premiums to the balance of the outstanding indebtedness to BankDirect ("Motion").  In support of this Motion, BankDirect states as follows:

1

## I.    EXPEDITED MOTION

1.     BankDirect brings this motion on an expedited basis as its collateral (more fully described below) is decreasing in value daily by the amount of $5,082.87. While BankDirect has been in contact with counsel for the Debtor, no adequate protection payments have been proposed by the Chapter 7 Trustee or made to BankDirect.  Thus, BankDirect faces irreparable harm as its collateral continues to decline in value.  A certification required by Local Rule 9013-1(N) is below.

## II.    JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to, without limitation, 28 U.S.C. §§ 1567(b)(1), (b)(2)(A), and (b)(2)(G).  Venue in this Court is proper under 28 U.S.C. § 1409(a).

## III.    BACKGROUND FACTS

### A.    Bankruptcy Filing

3.     On September 3, 2019 (the "Petition Date"), LeClairRyan PLLC ("LeClairRyan" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Case").

4.     On October 4, the case was converted to a Chapter 7 case and Lynn Tavenner was appointed trustee of the debtor's bankruptcy estate.

### B.    The Premium Finance Agreement.

5.     On or about December 17, 2018, the Debtor and BankDirect entered into that certain Commercial Insurance Premium Finance and Security Agreement (the "Premium Finance Agreement"), pursuant to which BankDirect advanced funds to enable the Debtor to prepay the insurance premiums on, or otherwise purchase insurance coverage provided under, the insurance policies (the "Policies") listed on the Premium Finance Agreement (the "Financial Insurance").

The Premium Finance Agreement is governed by the laws of Illinois. A true and correct copy of the Premium Finance Agreement is attached hereto as *Exhibit A*.

6. In return, under the Premium Finance Agreement, the Debtor agreed to make eleven (11) monthly payments to BankDirect in the amount of $157,520.72, with the first payment due on March 1, 2019 and the monthly installment payments due as set forth in the Premium Finance Agreement.

7. To secure payment of the indebtedness evidenced by the Premium Finance Agreement, in accordance with the terms and conditions thereof, the Debtor assigned and granted to BankDirect a security interest in and to, among other things, all unearned premiums under the Policies and granted unto BankDirect an irrevocable power of attorney coupled with an interest to cancel the Policies and to collect all unearned premiums in the event that the Debtor defaulted under the terms of the Premium Finance Agreement. BankDirect has a validly perfected, first priority security interest in, among other things, the Policies and the unearned premium related to the Policies pursuant to the laws of Illinois.

8. The Debtor made the first eight (8) payments due under the Premium Finance Agreement but has not made the payment due on August 31st. As a result, the Debtor is in default of its obligations under the Premium Finance Agreement.

9. BankDirect notified counsel for the Debtor that Debtor was in default of the Premium Finance Agreement and requested that the Debtor and the Trustee either: (a) allow BankDirect to cancel the Policies effective as of the Petition Date; or (b) make the payments required under the Premium Finance Agreement to keep the Policies in effect. To date, the payment default has not been cured, and absent the automatic stay existing in this case, BankDirect would have cancelled the Policies with an effective cancellation date of August 31, 2019.

## IV.    ARGUMENTS AND AUTHORITIES

10.    BankDirect is in the business of financing the purchase of insurance coverage for

commercial entities through transactions commonly known as "insurance premium financing."

Courts have described the typical insurance premium financing transaction as follows:

> An insurance premium finance agreement is essentially a loan
> collateralized by a purchase money security interest. The insured
> makes a down payment, and funds the balance of the premium with
> an advance from the premium finance company ... The entire
> premium is typically prepaid to the insurer, but is "earned" during
> the term covered by the insurance policy … If the policy is
> cancelled before the end of the term, the insurer must refund the
> unearned portion …
>
> The unearned premium serves as collateral for the premium
> financing loan. Typically, the insured executes a premium finance
> agreement agreeing to pay off the finance portion plus related
> finance charges in installments, … assigns the unearned premiums
> to the premium financier as security for its obligations, … and grants
> the premium financier a limited power of attorney to cancel the
> policies in the event of the insured's default….

*In the Matter of QA3 Financial Corp.*, 2011 WL 1297840 (Bankr. D. Neb. 2011) (quoting

*In re Teligent, Inc.*, 337 B.R. 39, 43-44 (Bankr. S.D.N.Y. 2005) (citations omitted); see, also *In re
JII Liquidating, Inc.*, 344 B.R. 875, N.3 (Bankr. N.D. Ill. 2006).

11.    Premium financing is a common commercial transaction. A company providing

premium financing, such as BankDirect, has a perfected security interest in the unearned premiums

of the insurance policy or policies that were financed without the necessity of filling a UCC-1

financing statement. See, *In re JII Liquidating, Inc. f/k/a Jernberg Industries, Inc.*, 344 B.R. 875,

882-85 (Bankr. N.D. Ill. 2006). (Applying Illinois law).

12.    The Debtor is in default under the terms and conditions of the Premium Finance

Agreement for failure to make the payments due on August 31, 2019. The Debtor has been duly

notified of the default under the Premium Finance Agreements. Despite the Debtor's defaults, the

Debtor continues to consume BankDirect's collateral, *i.e.*, the unearned premium under the Policies, inasmuch as each and every day a portion of the unearned premiums become earned.  See, *e.g.*, *Drabkin v. A.I. Credit Corp. (In re Auto-Train Corp.)*, 9 B.R. 159 (Bankr., D.C. 1981) (collateral declines each day by the amount per diem as the unearned premiums become used).

13.    The estimated value of BankDirect's collateral as of the Petition Date was $609,821.62.  The value of BankDirect's collateral decreases at the rate of approximately $5,082.87 per day.

14.    As a secured creditor, BankDirect is entitled to relief from the automatic stay under 11 U.S.C. §§ 362(d)(1) as the Debtor has failed to provide BankDirect with adequate protection of its interest in the collateral, primarily the unearned premium.  *In the Matter of QA3 Financial Corp.*, 2011 WL 1297840 (Bankr. D. Neb. 2011) (granting relief from the automatic stay to enable insurance premium financer to cancel insurance policy for lack of adequate protection); *In re JII Liquidating, Inc.*, 344 B.R. 875, 890 (Bankr. N.D. Ill. 2006) (same).

## V.    RELIEF REQUESTED

15.    BankDirect requests that this Court enter an order lifting the automatic stay for cause so that the Trustee may make the payments due under the Premium Finance Agreement on August 31, 2019 and to further permit Debtor to make all remaining payments to BankDirect due under the Premium Finance Agreement.

16.    In the alternative, in the event Debtor does not desire to maintain the Policies, BankDirect requests that it be permitted to cancel the Policies effective August 31, 2019 (or the earliest later date as the insurance companies will cancel the policies under applicable law), which is the date BankDirect would have canceled if not for the automatic stay, and after cancellation, to collect all unearned premiums and apply such unearned premium to the sums owed to BankDirect pursuant to the Premium Finance Agreement (and applicable law) with the residual unearned

premium, if any, after payment of the indebtedness owed to BankDirect turned over to the Chapter 7 Trustee.

17.     Relief from the automatic stay is proper under § 362(d)(1) for cause, including lack of adequate protection of BankDirect's interest in the unearned premiums.  The Debtor has failed to make its payment due under the Premium Finance Agreement, or otherwise provide adequate protection to BankDirect, and BankDirect's collateral is diminishing in value each day as the premiums are earned, all of which has also resulted in BankDirect's security interest being inadequately protected.

18.     For the aforesaid reasons, sufficient cause exists for relief from the stay under § 362(d)(1).

19.     The relief sought herein is not an election of remedies or a waiver or release of any other claims or remedies to which the movant may be entitled.

*WHEREFORE,* BankDirect requests the entry of an Order: (a) lifting the automatic stay to permit the Trustee to make the payments due to BankDirect pursuant to the Premium Finance Agreement on August 31, 2019 and to further permit Trustee to make all remaining payments to BankDirect due under the Premium Finance Agreements; or in the alternative, (b) terminating the automatic stay to permit BankDirect to take all actions necessary or appropriate to (i) cancel the Policies effective August 31, 2019 (or the earliest later date as the insurance companies will allow cancellation of the policies under applicable law), (ii) collect all unearned premiums on said Policies and (iii) apply such unearned premiums to the balance of the outstanding indebtedness to BankDirect (with the residual unearned premium, if any, after payment of the outstanding indebtedness owed to BankDirect paid to the Chapter 7 Trustee); (c) further providing that the stay

provision of Federal Bankruptcy Rule 4001(a)(3) shall not apply to the Order lifting the automatic

stay; and (d) for such other and further relief as the Court may deem just and proper.


Respectfully submitted,

**BANKDIRECT CAPITAL FINANCE, LLC**

/s/ Kevin J. Funk

By_____

   Counsel

Kevin J. Funk (VSB No. 65465)
Durrette Arkema Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia  23219
Telephone:  804-775-6900
Facsimile:  804-775-6911
Email:  kfunk@dagglaw.com

David B.H. Williams
David J. Strubbe
221 N. LaSalle Street
Suite 3700
Chicago, IL 60602
Tel:  (312) 372-3311
Fax:  (312) 372-5720
williams@wbs-law.com
strubbe@wbs-law.com


**<u>CERTIFICATION</u>**

Pursuant to the Local Rules of this Court, I certify that:

1. I am a member of the Bar of this Court.
2. I have carefully examined this matter and have concluded that there is a true need
    for an emergency hearing.
3. I have not created the emergency through the lack of diligence.
4. A *bona fide* effort to resolve the matter could not be made without a hearing.


_____/s/ Kevin J. Funk_____

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2019, a true and correct copy of the foregoing document was served, on the Core Group and all entities on the 2002 List pursuant to the Case Management Procedures.


_____/s/ Kevin J. Funk_____