UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>　　LeClairRyan, PLLC,[1]<br><br>　　Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**TRUSTEE'S SUPPLEMENT TO HER MOTION FOR AUTHORITY TO OPERATE CERTAIN ASPECTS OF THE DEBTOR'S BUSINESS FOR A LIMITED PERIOD AND MEMORANDUM IN SUPPORT THEREOF**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files her supplement (the "**Supplement**"), by counsel, to her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, which Operation Motion was filed pursuant to 11 U.S.C. §§ 363(b), (f) and 721, and Rules 2002, 4001, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**"). This Court granted the

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155. Consistent with the Operation Motion and the Immediate Authority Order, this Supplement seeks additional authority to continue to operate certain aspects of the Debtor's business for a limited period and, in support thereof, states as follows:

## JURISDICTION

1.  The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.  On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.  On September 12, 2019, the United States Trustee filed its Motion to Convert Case to Chapter 7 (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP

(the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6.  Upon conversion, Lynn L. Tavenner was appointed interim trustee, and she continues to serve in that capacity.

7.  On the Conversion Date, the Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143. As indicated in the Cash Collateral Motion, the Lender has agreed that the Trustee, on behalf of the Estate, may use under certain terms and conditions cash collateral to pay delineated expenses related to the Wind-down Operations (as hereafter defined).

8.  On the Conversion Date, the Trustee also filed her Operation Motion in which she requested the immediate authority to operate the Wind-down Operations (as hereafter defined) to preserve the value of the Estate. Pursuant to the Operation Motion, the Trustee indicated that she would file this Supplement, informing the Court of the additional basis for her continued authority pursuant to Bankruptcy Code § 721 to continue the Wind-down Operations.

9.  On the Conversion Date, the Court entered the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151, granting the relief sought in the Cash Collateral Motion. The Court also entered the Immediate Authority Order, granting the Immediate Authority sought in the Operation Motion.

3

**Relief Requested**

10.    In this Supplement, the Trustee requests additional authority to continue to operate certain aspects of the Debtor's business through and including December 17, 2019.

11.    At the time of the conversion, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all requisite insurance (the "**Wind-down Operations**"). The Wind-down Operations were performed by employees, independent contractors, consultants, and/or agents (collectively, the "**Wind-down Team**" and each a "**Member of the Wind-down Team**"). Before the Petition Date, the Debtor, through attorneys within its employ,[2] provided legal advice and related services (the "**Legal Services**") to numerous clients. After the Petition Date, the Debtor may have provided limited Legal Services.

12.    Since the Conversion Date, the Trustee has continued the Wind-down Operations to effectuate an orderly liquidation pursuant to the Immediate Authority Order. As such, the Trustee has:

---

[2] This "employment" characterization is simply used to describe the Debtor's business and is not intended to ascribe any type of legal connotation to the relation between the Debtor and any attorney that the Debtor held out to the public as a LeClairRyan attorney.

4

    a. Worked with members of the Wind-down Team and the Lender in the reconciliation, resolution, and collection of accounts receivable;

    b. Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction;

    c. Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities;

    d. Addressed operational issues;

    e. Addressed items related to disposition of other Estate assets;

    f. Reviewed insurance items;

    g. Addressed items related to the preservation of Estate assets; and

    h. Corresponded with numerous creditors regarding the Case and began addressing certain concerns raised by the same.

13. Neither the Trustee nor her professionals have engaged or will engage in any Legal Services on behalf of the Debtor.

14. Based on her efforts to date, the Trustee, in the exercise of her business judgment, believes it is in the best interest of the Estate to continue the Wind-down Operations.

WHEREFORE, the Trustee respectfully requests that the Court (A) enter an Order, in substantially the same form as Exhibit A attached hereto: (1) authorizing the Trustee to continue to conduct the Wind-down Operations; (2) setting a continued hearing(s); and (3) granting such other and further relief as is just and appropriate under the circumstances; and (B) enter additional

orders thereafter as subsequently requested by the Trustee.

                                                      Respectfully submitted,

                                                      **LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: October 17, 2019                   By: */s/ Paula S. Beran*
Richmond, Virginia                         Paula S. Beran, Esquire (VSB No. 34679)
                                                    PBeran@TB-LawFirm.com
                                                    David N. Tabakin, Esquire (VSB No. 82709)
                                                    DTabakin@TB-LawFirm.com
                                                    Tavenner & Beran, PLC
                                                    20 North 8th Street
                                                    Richmond, Virginia 23219
                                                    Telephone: (804) 783-8300
                                                    Telecopier: (804) 783-0178

                                                    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      Pursuant to the Immediate Authority Order, I certify that on this 17th day of October 2019, a true copy of the foregoing Supplement was sent electronically to:

  Robert B. Van Arsdale, Esquire
  Office of the United States Trustee
  701 East Broad Street, Suite 4304
  Richmond, Virginia 23219-1885
  Robert.B.Van.Arsdale@usdoj.gov

  And all other parties receiving CM/ECF notices in this Case.

                                                    */s/ Paula S. Beran*
                                                    Paula S. Beran, Esquire
                                                    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
|     LeClairRyan, PLLC,[1] | 19-34574-KRH |
|     Debtor | Chapter 7 |

### SUPPLEMENTAL ORDER AUTHORIZING TRUSTEE TO CONTINUE TO OPERATE CERTAIN ASPECTS OF DEBTOR'S BUSINESS FOR A LIMITED PERIOD

This matter came before the Court upon the *Motion for Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and Memorandum in Support Thereof* (the "**Operation Motion**") and the *Trustee's Supplement to Her Motion for Authority to Operate Certain Aspects of the Debtor's Business for a Limited Period and Memorandum in Support Thereof* (the "**Supplement**") filed by Lynn L. Tavenner, Trustee ("**Trustee**") of the bankruptcy estate of LeClairRyan, PLLC (the "**Debtor**").

IT APPEARING that the Court previously entered the Immediate Authority Order finding that proper notice of the Operation Motion was given to all necessary parties under the circumstances; and that the relief sought in the Operation Motion was just and proper and in the best interest of the Estate; and

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

IT ALSO APPEARING THAT the relief sought in the Supplement is in the best interest of the Estate and supported by the business judgment of the Trustee; and that notice of the Supplement was proper pursuant to the Immediate Authority Order; and for good cause shown, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Operations Motion, as modified by the Supplement, is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Supplement.

3. The Trustee is authorized, pursuant to § 721 of the Bankruptcy Code, to continue to operate the Wind-down Operations until December 19, 2019, for the purpose of accomplishing tasks for an orderly liquidation of the Estate's assets and winding up the Estate's affairs in an efficient and effective manner.

4. The Trustee is hereby granted all necessary authority and permitted to take all requisite actions to effectuate the terms of this Order including but not limited to (a) paying the expenses of the Wind-down Operations consistent with any additional order entered granting the Cash Collateral Motion; and (b) utilizing any and all Members of the Wind-down Team consistent with any additional order entered granting the Cash Collateral Motion.

5. Neither the Trustee nor her professionals shall have any obligation to provide Legal Services to any of the Debtor's former clients. Furthermore, in the context of this Case, neither the Trustee nor her professionals shall provide Legal Services to any of the Debtor's former clients.

6. To the extent the Trustee desires to hire any additional professional, she shall do so under appropriate application and related order pursuant to 11 U.S.C. § 327 and 328.

7. A continued final hearing on the Operation Motion shall be heard on December 19, 2019 at 1:00 p.m. To the extent the Trustee desires to continue to operate the specific aspects of the Debtor's former business, and therefore continue said hearing, she shall file an additional supplement on or before December 13, 2019. Any objection to the same shall be filed with this Court on or before December 16, 2019.

ENTERED: _____

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

_____
Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004

*Assistant United States Trustee*

3

## Local Rule 9022-1 Certification

      I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

                                                          _____
                                                          *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Service List for Entered Order**

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

4