UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
| LeClairRyan PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

### TRUSTEE'S OBJECTION TO BANKDIRECT CAPITAL FINANCE, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MOTION FOR EXPEDITED HEARING

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files this objection (the "**Objection**") to *BankDirect Capital Finance, LLC's Motion for Relief from the Automatic Stay and Motion for Expedited Hearing* ("**Motion for Relief**"), ECF No. 162 and 167, filed by BankDirect Capital Finance, LLC (the "**Movant**") and, in support thereof, states as follows:

### Background

1. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy**

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

2. On September 12, 2019, the United States Trustee filed its Motion to Convert Case to Chapter 7 (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

3. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and she continues to serve in that capacity.

4. On the Conversion Date, the Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143. The Trustee also filed her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**") on the Conversion Date. ECF No. 144. On the Conversion Date, the Court entered the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151, granting the relief sought in the Cash Collateral Motion, as well as the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF

No. 155, grating the Trustee the authority to continue the Wind-Down Operations (as defined in the Operation Motion).

5.    The Trustee has not conducted the section 341 meeting of creditors, and the Trustee is still gathering information about the Debtor's operations, assets, and liabilities.

6.    As of Conversion Date (and even as of the date of this Objection), the Debtor had not (and has not) filed its Schedules and Statements.

7.    Following the Conversion Date and the Trustee's appointment, counsel for Movant sought to persuade the Trustee of the status of certain insurance from the perspective of the Movant and its desired interests. Counsel for the Trustee and counsel for the Movant corresponded by telephone and email regarding Movant's desire for relief from the automatic stay. Having recently been appointed and not having the benefit of any schedules or statements of financial affairs, the Trustee, through counsel, requested from the Movant information about the insurance policies that the Movant allegedly financed for the Debtor, proof of the security interest asserted by Movant in any unused premiums, an accounting of unused premiums, and accounting of payments made and amounts outstanding. Upon request, counsel for the Movant indicated that he did not have any of the requested information but would obtain and be back in touch.

8.    Without providing any of the requested information (but after sending an email indicating that Movant was not able to obtain copies of the requisite insurance policies), on or about October 17, 2019, Movant filed the Motion for Relief. In addition to seeking relief from the automatic stay, the Movant also seeks to expedite (the "**Expedited Request**") its preliminary hearing on the Motion for Relief. On October 21, 2019, Movant filed another pleading that

3

appears to be the same document that was filed on October 17, 2019.

9. Based on the current information available to the Trustee, relief is warranted for neither the underlying Motion for Relief nor the Expedited Request.

## RELIEF IS UNWARRANTED

10. The underlying Motion for Relief and the Expedited Request were filed and set for hearing in contravention of this Court's *Order Establishing Certain Notice, Case Management and Administrative Procedures* , ECF No. 38 (the "**Case Management Order**"), as well as local rules of this Court. The same is especially problematic in that that Trustee, and this Court, has been provided insufficient information from the Movant to properly analyze the requested relief.

11. In contrast, the Trustee was informed by representatives of the Debtor that, on the Conversion Date, all insurance was in place through December 31, 2019. The Trustee reasonably relied on said information and has moved forwarded consistent with the Immediate Authority Order.

12. Upon recent inquiry, the Trustee was informed by representatives of the Debtor that no unused premiums would result even if the requisite policies were cancelled. The Trustee has tried to independently verify this information with the insurance broker but has been unable to do the same under the short time-table created by the Movant. The Trustee's inability to confirm demonstrates the issues caused by the matter suddenly being brought on an expedited basis even though the Movant did nothing for over 30 days while the Debtor was operating as a debtor-in- possession.

13. The Trustee has also been informed by the Debtor that claims have been made

against certain of said policies and that additional claims may be made against certain of said policies. Cancelling the policies without requisite information and diligence could cause extreme harm to the Estate.

14. Furthermore, the Trustee has been informed that former attorneys of the Debtor were told that malpractice insurance was in place through December 31, 2019 and that these former attorneys relied on this representation. The Trustee has also been informed that certain former attorneys of the Debtor have attempted to obtain tail coverage but are having difficulties. The Trustee was further informed that, if the insurance policies were retroactively and/or prematurely cancelled, the ability for the former attorneys to obtain tail coverage could be additionally impaired. Accordingly, in addition to needing additional information and time to become informed to address the Motion on behalf of the Estate, the Trustee also believes it inappropriate under these circumstances to proceed with the Motion on an expedited basis given the potential impact upon the former attorneys' ability to continue practicing law in the face of an unnecessarily hastened ruling on the Motion.

15. Furthermore, it appears that certain of the policies at issue may include coverage for malfeasance, breach of duty and/or other similar matters. The Trustee has been informed, but has not investigated in any fashion, that there may be claims of this nature. If the same is true, it certainly is in the best interest of the Estate for there to be insurance coverage.

16. Contrary to assertions made by counsel for the Movant, the emergency creating the alleged need for the Expedited Request was made by a lack of diligence on the part of the Movant. The bankruptcy case was filed on September 3, 2019. The Movant did nothing until the Case was converted and now seeks expedited relief while the Trustee is without sufficient

information. Furthermore, in the Motion for Relief, Movant alleges the value of its collateral decreases at the rate of approximately $5,082.87 per day. Motion for Relief at §13. If this is accurate, its collateral decreased by over $150,000 during the pendency of the Chapter 11 case while the Movant did nothing.

17. In the Motion for Relief, the Movant asserts that the value of its collateral as of the Petition Date was $609,821.62, Motion for Relief at §13, yet has provided no basis for the same and failed to provide the Trustee with any information related to the same notwithstanding requests by the Trustee. In contrast the Trustee has received information that suggests that the value of the Movant's collateral on the Petition Date was zero. If the same is true, Movant is an unsecured creditor who the Trustee hopes to benefit through an efficient and effective administration of this Case.

18. In numerous places, Movant references the failure of "the Debtor and the Trustee" to take certain actions as requested by Movant. While the Trustee is uncertain as to what was requested from the Debtor, the Trustee was requested to do nothing other than (1) "consent to both the expedited hearing and the underlying relief", (2) "treat next Thursday's hearing as the preliminary hearing on a motion for relief from stay", and (3) obtain copies of the policies at issue. The Trustee cannot agree to the first two requests without receiving and analyzing information. The Trustee is seeking to obtain/locate the policies at issue. So, in every other instance that the Movant alleges that the Trustee has failed to act, the same is an incorrect statement.

19. While the Trustee is sympathetic to Movant's predicament, she is tasked with proceeding in a manner that is in the best interest of the Estate. The Movant is a member of that

6

Estate and is part of the Trustee's constituency. However, she cannot harm the other constituents by agreeing to the relief without requisite information. Furthermore, she cannot consent to relief if that relief causes disproportionate harm to other constituents while providing no added benefit to the Estate.

20. For the reasons stated herein, the Trustee (a) is not currently in the position to agree to the relief requested in the Motion for Relief including but not limited to the Expedited Request; (b) objects to the immediate grant of relief because the same is unwarranted; and (c) reserves her right to supplement this Response if necessary and/or appropriate.

WHEREFORE, the Trustee respectfully requests the Court sustain this Objection, and deny the Motion for Relief or, in the alternative, continue the Motion for Relief to a future date.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: October 23, 2019
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of October 2019, a true copy of the foregoing Objection was sent by electronic delivery to:

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Kevin J. Funk, Esquire
Durrette Arkema Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
Email: kfunk@dagglaw.com

/s/     *Paula S. Beran*
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*