UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**TRUSTEE'S RESPONSE TO THE MOTION OF LECLAIRRYAN PLLC
FOR APPROVAL OF CLIENT FILE DISPOSITION PROCEDURES
AND ORDER APPROVING CLIENT FILE DISPOSITION PROCEDURES**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files this response (the "**Response**") to the *Motion of LeClairRyan PLLC for Approval of Client File Disposition Procedures* (the "**Motion**")[2] and *Order Approving Client File Disposition Procedure* (the "**File Disposition Order**") and, in support thereof, states as follows:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined shall have the meanings ascribed to them in the Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Background**

1.  On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

2.  On September 12, 2019, the United States Trustee filed its Motion to Convert Case to Chapter 7 (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**"). Upon conversion, Lynn L. Tavenner was appointed interim trustee, and she continues to serve in that capacity.

3.  On September 12, 2019, the Debtor filed the Motion, wherein it proposed procedures for the disposition of the Retained Client Files. *See* Motion, ECF No. 70. On September 27, 2019, the Court entered the File Disposition Order approving the procedures (the "**Initial File Disposition Procedures**") set forth in the Motion for the disposition of the Retained Client Files. Order, ECF No. 130. The File Disposition Order contained the following provision:

> This Order and the File Disposition Procedures shall be binding on any successor in interest to the Debtor, including, without limitation, any Chapter 7 Trustee; provided, however, any Chapter 7 Trustee shall have twenty-one (21) days from appointment to file an objection with this Court to this Order.

File Disposition Order at ¶ 12. After review of (a) the Initial File Disposition Procedures, (b) procedures utilized in other cases, and (c) the Debtor's document management system and related processes, the Chapter 7 Trustee maintain, in the exercise of her business judgment, that the Initial

2

File Disposition Procedures are beneficial to the Estate but do require certain modifications. Accordingly, the Chapter 7 Trustee brings this timely Response to the Initial File Disposition Procedures.

### Relief Requested

4. Pursuant to this Response, the Chapter 7 Trustee seeks entry of the order attached hereto as Exhibit A, approving certain modifications (the "**Revised File Disposition Procedures**") substantially in the form of the procedures outlined below.

### Revised File Disposition Procedures

5. The Chapter 7 Trustee believes that the Revised File Disposition Procedures (a) adequately address the ethical obligations of both the Debtor entity and the attorneys who were formerly employed[3] by the Debtor; and (b) are within the parameters and principles of the Bankruptcy Code. The Initial File Disposition Procedures already provide notice to former clients advising them that their files are available to be returned at their expense (or maintained with a storage provider at their expense). The procedures, initially and as proposed to be modified, also permit the Estate to rid itself of the burdensome Retained Client Files that would impair the effective wind-down of the Debtor and the administration of the Estate if such Retained Client Files are not destroyed or abandoned.

6. The proposed Revised File Disposition Procedures and a brief explanation of the rationale behind each are set forth below.

    A.    **Notice**

---

[3] This "employment" characterization is simply used to describe the Debtor's business and is not intended to ascribe any type of legal connotation to the relation between the Debtor and any attorney that the Debtor held out to the public as a LeClairRyan attorney.

3

7. Representatives of the Debtor informed the Chapter 7 Trustee that, upon approval of the Initial File Disposition Procedures, the Debtor sent on October 3, 2019, the Notice of Intent, by electronic means (if known), and by first class mail to those former clients whose files may be included in the Retained Client Files. The Notice of Intent advised that the Estate may currently be in possession of certain client files, which would likely be disposed of no sooner than 90 days after service of the Notice of Intent, unless the client directed otherwise. The deadline to respond was no greater than 90 days after the Notice of Intent was mailed to former clients. To claim and retrieve a client file, a former client must have completed and returned a File Retrieval Form, which was attached to the Notice of Intent, to the Debtor or the Chapter 7 Trustee no later than the later of 90 days after publication or the date the Notice of Intent was mailed to former clients of the Debtor.

8. In the event that a former client does not return the File Retrieval Form to the Estate before the expiration of the 90 day period, those Retained Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the former client and the Estate shall be permitted to destroy such files.

9. Representatives of the Debtor informed the Chapter 7 Trustee that, upon approval of the Initial File Disposition Procedures, the Debtor provided publication notice on October 7, 2019 (the "**Publication Notice**"), in the Richmond Times Dispatch (the widest circulating newspaper in the city of the Debtor's former home office) and a nationally circulated publication. As with the written notice, the former clients have 90 days after publication of the Publication Notice to contact the Estate and request that its files be returned to it or request that its files be destroyed. Furthermore, 90 days after the publication of the Publication Notice or mailing of the

4

Notice of Intent, whichever is later, those Retained Client Files for which no File Retrieval Form has been received shall be deemed abandoned by the Chapter 7 Trustee without the need for further order of this Court, and the Chapter 7 Trustee will be permitted to dispose of such Retained Client Files in the manner she deems appropriate.

10. The Initial File Disposition Procedures did not address a process being employed by the Debtor whereby former attorneys had requested and continued to request Retained Client Files. The Chapter 7 Trustee believes it appropriate to incorporate aspects of this process into procedures approved by this Court. Accordingly, if a former attorney contacts the Chapter 7 Trustee about the disposition of Retained Client Files and he/she possesses the requisite client consent (the "**Attorney Request for Client Files**"), those Retained Client Files may be disposed of pursuant to the Revised File Disposition Procedures.

**B.     Retrieval of Files Shall Be at Expense of Client and/or Former Attorney**

11. The efforts to retrieve a Retained Client File for a former client upon request will result in a cost to the Estate. As approved by this Court in the Initial File Disposition Procedures, the Chapter 7 Trustee intends to charge former clients for expenses arising from the removal, mailing, and/or disposition of Retained Client Files. The Chapter 7 Trustee also anticipates charging for the retrieval and delivery of electronic Retained Client Files if it will require the Estate to incur substantial time and expense processing, compiling, and delivering such electronic Retained Client Files to the Debtor's former clients.

12. The Estate is not in physical possession of certain of the physical Retained Client Files, and certain storage facilities where Retained Client Files are located may charge retrieval

5

related fees. The Estate is authorized to require the former client to pay such fees if the client notifies the Estate that it wishes to retrieve its documents or have them destroyed.

13. To the extent the Estate through the Chapter 7 Trustee receives an Attorney Request for Client Files from an attorney, the Retained Client Files may be released to said attorney and said attorney shall be required to pay all costs related to the same.

14. In the event the Estate does not receive a requisite request regarding the disposition of Retained Client Files, the Estate will try to pay the reasonable costs for the destruction of such Retained Client Files in an attempt to ensure that client confidences are not compromised; provided, however, that (a) said costs may also be assessed against former attorneys of the Debtor, and (b) the Chapter 7 Trustee may file a supplemental request seeking an alternative mechanism to address the remaining Retained Client Files. To the extent that any former attorney contests said charges, he/she may dispute the same by filing an objection with this Court within 14 days of being assessed.

15. The Chapter 7 Trustee shall be authorized to rely on the Debtor's books and records regarding the Retained Client Files.

**C.    Files Must Be Retrieved Within a Reasonable Period**

16. To the extent a File Retrieval Form or an Attorney Request for Client Files is timely received, the former client and/or attorney shall have a reasonable opportunity thereafter to make arrangements to retrieve the files. However, in the event a former client and/or attorney fails to make efforts to retrieve its files or fails to retrieve its files within 30 days after receipt of the notice of intent to retain such Retained Client Files, said Retained Client Files shall be deemed

abandoned, and, accordingly, the Chapter 7 Trustee may dispose of said Retained Client Files in a manner that she deems appropriate.

### D. Estate May Retain Some Retained Client Files

17. Notwithstanding the authority granted to the Estate to abandon Retained Client Files, the Chapter 7 Trustee on behalf of the Estate may retain certain Retained Client Files to the extent such retention is in the best interests of the Estate. Additionally, the Debtor represented to the Court that it took reasonable steps to avoid the destruction of certain estate planning documents, such as wills, and intrinsically valuable documents. The Chapter 7 Trustee intends to continue said process for the Retained Client Files located at the Estate's Cox Road address.

18. The Debtor's practice areas included white-collar defense analogous to matters in the criminal defense context. For the avoidance of doubt, if the Estate does not receive a File Retrieval Form for Retained Client Files that involve a criminal matter or a white-collar defense matter, the Chapter 7 Trustee on behalf of the Estate is authorized to destroy such Retained Client Files.

### Notice

19. This Response has been filed with the Court consistent with the File Disposition Order. The Chapter 7 Trustee submits that no other or further notice need be provided.

20. Furthermore, the File Disposition Order provides:

> [A]ny Chapter 7 Trustee shall have twenty-one (21) days from appointment to file an objection with this Court to this Order. If no such objection is timely filed with this Court by any such Chapter 7 Trustee, this Order shall become final and non-appealable as to any such Chapter 7 Trustee. If an objection is timely filed by any such Chapter 7 Trustee, a hearing will be held before this Court at a date and time to be established by this Court.

File Disposition Order at ¶ 12.

21. The Chapter 7 Trustee respectfully suggests that the requested modifications may be implemented without additional hearing from this Court. First, while the revised procedures do provide that destruction costs of abandoned Retained Client Files may also be assessed against former attorneys of the Debtor, he/she may dispute the same by filing an objection with this Court within 14 days of being assessed. Other modifications clarify that the Estate's obligations rest with the Estate and not with the Chapter 7 Trustee personally. The revised procedures also reserve the rights of the Chapter 7 Trustee to file a supplemental request seeking an alternative mechanism to address the remaining, abandoned Retained Client Files. No other proposed modification materially alters any rights or obligations of any party. Based on the forgoing the Chapter 7 Trustee respectfully requests that Court approve the modifications provided herein by entering the attached proposed order without the need for additional hearing.

WHEREFORE, the Chapter 7 Trustee respectfully requests the Court grant the relief requested in this Response and enter the revised order attached hereto as Exhibit A.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: October 25, 2019
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      Pursuant to the Local Rules of this Court, I certify that on this 25th day of October 2019, a true copy of the foregoing Response was sent electronically to all parties receiving ECF notices in this Case.

                                    */s/ Paula S. Beran*
                                    Paula S. Beran, Esquire
                                    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[4]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

## SUPPLEMENTAL ORDER APPROVING MODIFIED
## CLIENT FILE DISPOSITION PROCEDURES

Upon consideration of the Response[5] filed by Lynn L. Tavenner, Trustee ("**Chapter 7 Trustee**" and/or "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan, PLLC (the "**Debtor**" and/or "**LeClairRyan**") for a supplemental order authorizing and approving modifications to the Initial File Disposition Procedures (the "**Revised File Disposition Procedures**") related to the disposition of former client files; the Court finds that (i) it has jurisdiction over the matters raised in the Response pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) the relief requested in the Response is in the best interest of the Debtor, its Estate, and its creditors and within the sound business judgment of the Chapter 7 Trustee, (iv) proper and adequate notice of the Response and the

---

[4] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[5] Terms not otherwise defined herein shall have the meanings given them in the Response.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

opportunity for a hearing thereon has been given under the particular circumstances and that no other or further notice is necessary, (v) good and sufficient cause exists for granting of the relief requested in the Response as set forth herein, (vi) the transmission of written notice and notice by publication was a reasonable means of locating former clients in an effort to advise such former clients of the need to retrieve their Retained Client Files, and (vii) the legal and factual bases set forth in the Response establish just cause for the relief granted herein. Therefore,

IT IS HEREBY ORDERED THAT:

1. The File Retrieval Form and/or Attorney Request for Client Files must be received on or before January 6, 2020, by the Estate in order for a former client to preserve its right to claim and retrieve its files. To the extent an attorney submitted an Attorney Request for Client Files before entry of this Order, he/she must, on or before January 6, 2020, confirm that the Chapter 7 Trustee is in possession of said request in order for said request to be deemed timely. Once the File Retrieval Form and/or Attorney Request for Client Files is received by the Chapter 7 Trustee, (a) as to physical files, the Chapter 7 Trustee is authorized to instruct the off-site storage facility(ies) to release and transfer the hard copy files as directed, and (b) as to electronic files, the Chapter 7 Trustee is authorized (i) to identify electronic files held by a third party (an "**Electronic Storage Facility**") or the Estate and to deliver the files as directed and (ii) to permanently delete such files and/or to authorize the Electronic Storage Facility to permanently delete such files from its database.

2. It shall be the responsibility of a former attorney to ensure through the Chapter 7 Trustee that the Estate has received the Attorney Request for Client Files. If neither a File Retrieval Form nor an Attorney Request for Client Files is timely received by the Estate concerning any

11

Retained Client Files, then the Chapter 7 Trustee may arrange for the destruction of such Retained Client Files in a manner that will reasonably ensure that client confidences are not compromised. The Estate will attempt to pay the reasonable costs for any such destruction of Retained Client Files; provided (a) said costs may also be assessed against former attorneys of the Debtor, and (b) the Chapter 7 Trustee may file a supplemental request seeking an alternative mechanism to address the remaining Retained Client Files. As to any electronic Retained Client Files for which a requisite request has not been not timely received by the Estate, the Chapter 7 Trustee may identify the applicable electronic Retained Client Files, delete the files, and/or remove the files from the Electronic Storage Facility and authorize the Electronic Storage Facility to permanently delete such files from its database.

   3.  If a File Retrieval Form or an Attorney Request for Client Files is timely received by the Estate, then the former clients and/or attorney shall have a reasonable opportunity thereafter to make arrangements to retrieve their Retained Client Files, either in hard copy or electronic version. If the former client and/or attorney fails to make adequate arrangements for the retrieval of Retained Client Files or otherwise fails to retrieve Retained Client Files within thirty (30) days, then the Chapter 7 Trustee may arrange for the destruction of such Retained Client Files in a manner that will reasonably ensure that client confidences are not compromised. The Estate will attempt to pay the reasonable costs for any such destruction of Retained Client Files; provided (a) said costs may also be assessed against former attorneys of the Debtor, and (b) the Chapter 7 Trustee may file a supplemental request seeking an alternative mechanism to address the remaining Retained Client Files. Notwithstanding the foregoing or any other provision in this Order, nothing in this Order imposes any obligation on any Electronic Storage Facility to coordinate or otherwise

communicate with any former client of the Debtor for the retrieval or deletion of electronic Retained Client Files.

4. Any retrieval of Retained Client Files shall be subject to payment of all costs attendant to retrieval by the former client (or its qualified agent and/or attorney), including, without limitation, (i) any charges arising from the removal, mailing, and disposition of such Retained Client Files; and (ii) the retrieval and delivery of electronic Retained Client Files that will require the Estate to incur time and expense processing, compiling and delivering such electronic data to such former clients.

5. Upon receipt by an Electronic Storage Facility of email notice from the Chapter 7 Trustee to permanently delete Retained Client Files from the Debtor's database, the Electronic Storage Facility may rely upon such notice and may permanently delete the applicable Retained Client File from its electronic system. With respect to electronic files that do not constitute Retained Client Files, upon receipt by an Electronic Storage Facility of email notice from the Chapter 7 Trustee (a) indicating that the Chapter 7 Trustee has another copy of such electronic files and (b) requesting the permanent deletion of such electronic files from the database of the Electronic Storage Facility, the Electronic Storage Facility may rely upon such notice and may permanently delete the applicable electronic files from its electronic system.

6. Notwithstanding any other provision in this Order, the Chapter 7 Trustee is authorized to retain any Retained Client File she deems necessary for the administration of the Estate or for any other reason.

7. Notwithstanding any other provision in this Order, nothing in this Order affects (i) any obligation of Chapter 7 Trustee to pay an Electronic Storage Facility for the access to or

utilization of space at such Electronic Storage Facility; (ii) the rights of an Electronic Storage Facility to assert an administrative expense claim against the Estate or to seek relief from stay in order to exercise its rights with respect to electronic Retained Client Files; or (iii) the rights of the Chapter 7 Trustee to object to any such administrative expense claim or stay relief motion.

8. Based on the Debtor's representation to this Court that it took reasonable steps to avoid the destruction of certain estate planning documents, such as wills, and intrinsically valuable documents, the Estate shall only be required to continue said process for the Retained Client Files located at the Estate's Cox Road address. In the event the Chapter 7 Trustee does not receive a File Retrieval Form or Attorney Request for Client Files that include ongoing criminal defense matters or estate planning documents, the Chapter 7 Trustee shall be permitted to destroy such Retained Client Files.

9. The Revised File Disposition Procedures do not violate any ethical or professional rules that would otherwise require a law firm outside of bankruptcy to retain copies of client files for a set number of years after a client's file is closed.

10. The Chapter 7 Trustee is hereby authorized to rely on the Debtor's books and records regarding the Retained Client Files. The Chapter 7 Trustee is further authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. The Chapter 7 Trustee, on behalf of the Estate, may assess and collect from former attorneys of the Debtor amounts related to the destruction costs of abandoned Retained Client Files. To the extent the Chapter 7 Trustee on behalf of the Estate assesses and seeks to collect any said amount (the "**Collection Notice**"), any such Collection Notice will advise the former attorney of the Debtor of the process to dispute the same by filing an objection with this Court within 14

days of the date of the Collection Notice.

12. Notwithstanding anything to the contrary in the File Disposition Order, the entry of this Court may occur without the need for any additional hearing.

13. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____  _____
United States Bankruptcy Judge

I ask for this:

/s/_____
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.Com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.Com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Local Rule 9022-1 Certification**

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

/s/\_\_\_\_\_
Counsel

**Service List for Entered Order**
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

15