UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**TRUSTEE'S RESPONSE AND LIMITED OBJECTION TO MOTION FOR LIFTING STAY OF CASE 3:19CV135 CHIEN V LECLAIRRYAN ET AL OF US DISTRICT COURT FOR EASTERN DISTRICT OF VIRGINIA (RICHMOND) AND MOTION TO EXPEDITE TO ARRANGE HEARING ON NOVEMBER 11. 2019 FOR MOTION OF LIFTING STAY AND SUPPLEMENTARY**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files this response and limited objection (the "**Response**") to the *Motion for Lifting Stay of Case 3:19cv135 Chien v. LeClairRyan et al of US District Court for Eastern District of Virginia (Richmond)* (the "**Motion for Relief**"), ECF No. 222, the *Motion for Expedite to Arrange Hearing on November 11. 2019 for Motion of Lifting Stay of Case 3:19cv135 Chien v. LeClairRyan et al., of US District Court for Eastern District of Virginia (Richmond)* (the "**Motion to Expedite**"), ECF No. 223, and the *Supplementary*, ECF No.

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

225, filed by Andrew Chien (the "**Movant**") and, in support thereof, states as follows:

### Background

1.   On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

2.   On September 12, 2019, the United States Trustee filed its Motion to Convert Case to Chapter 7 (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

3.   Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

4.   On or about November 13, 2019, Movant filed the Motion for Relief and Motion to Expedite. The Supplementary was filed on November 14, 2019.

### Response and Limited Objection

5.   The Chapter 7 Trustee objects to Movant's requested relief in the Motion to Expedite. Movant did not comply with Local Rule 9013-1(N). Furthermore, Movant fails to allege specific facts to establish that the Motion for Relief should be heard on an expedited basis. The only basis given by Movant is that "because LeClairRyan was already near completion of the dissolution. All defendants' employees of LeClairRyan in that case, had departed, which caused

more difficult in collection of evidence. As more time delay, more difficult will create, which is not fair to all parties in that case." Motion to Expedite. Yet, there is no allegation of spoilage or risk of spoilage.[2] The Chapter 7 Trustee is presently overseeing the processing of client files and the inspection of the Debtor's corporate records (such as they are). Furthermore, as detailed below, the Chapter 7 Trustee, through her professionals, is investigating a process whereby Movant can obtain relevant documents and information from the Estate. Based on the same, and an absence of any fact to justify an expedited hearing, the Motion for Relief should not be heard on an expedited basis.

6. Accordingly, the Chapter 7 Trustee asserts that the Motion to Expedite should be denied and the Motion for Relief should be set for a preliminary hearing on December 19, 2019, at 1:00 p.m. (the next omnibus hearing date and a date that is consistent with relevant notice provisions), allowing the Chapter 7 Trustee the opportunity to work with Movant to determine if there is a consensual resolution to the Motion for Relief.

7. The Chapter 7 Trustee believes that the time between the November 21, 2019, omnibus hearing date and the December 19, 2019, omnibus hearing date will allow her, through counsel, to address Movant's request and determine if there could be a consensual resolution. For example, it appears that Movant concedes that no monetary relief will be sought against the Debtor. Accordingly, it appears that the Debtor may be dismissed from case number 3:19-cv-135, *Chien v. LeClairRyan*, *et al.*

8. In addition, in the Motion for Relief, it appears that Movant seeks "evidence

---

[2] The Trustee is aware of no circumstances since the Conversion Date that would give rise to a spoliation allegation.

documents such as: the company's ethics code, policy, reports, events, meeting and email, telephone calls, time-sheets, communications among inside or with customer, etc., which are relative to Chien's cases." Motion for Relief at 5. As indicated, the Chapter 7 Trustee is presently overseeing the processing of client files and the inspection of the Debtor's corporate records (such as they are). The Trustee is willing to respond to reasonable requests for information so long as the same does not alter, impair, and/or otherwise impact property of the Estate and the Estate shall not be required to incur any significant cost or expense as it relates to the same. These requirements are similar to those agreed to in connection with the Trustee's consent to other motions for relief from stay.

9. Accordingly, any such consent order would likely require that Movant:

   a. Dismiss LeClairRyan from case number 3:19-cv-135, *Chien v. LeClairRyan*, *et al.*, which should not be objectionable given Movant's assertion that "Chien will not ask any compensation damage from LeClairRyan in that case," Motion for Relief at 5;

   b. Agree to a process as it relates to the collection of any "evidence documents" that Movant seeks by which said "evidence documents" are obtained and located for Movant wherein:

      i. Movant shall prepay the Estate any and all costs associated with delivering the "evidence documents" to Movant;

      ii. The "evidence documents" would not include anything containing attorney-client privilege or work product privilege between LeClairRyan and its former clients;

4

  iii. The Chapter 7 Trustee would only be required to take reasonable steps to locate said "evidence documents" for the Movant;

  iv. If a dispute arises as to the reasonableness of said steps between the Chapter 7 Trustee and Movant, then this Court would be the final determiner of the reasonableness of said steps; and

  v. In the event that Movant and the Chapter 7 Trustee need to appear in this Court for a determination as to the reasonableness of any search for "evidence documents," should this Court determine that the Chapter 7 Trustee was unreasonable, the Chapter 7 Trustee will provide the requested "evidence documents" at no additional cost. However, in the event that the Court concludes that the Chapter 7 Trustee was reasonable, then Movant shall pay any and all legal fees and costs associated with the Chapter 7 Trustee having to appear in Court for said determination, as well as the costs for producing the same.

10. The Chapter 7 Trustee, through counsel, welcomes the opportunity to work with Movant to determine if a consensual resolution as suggested herein is possible such that a consent order could be submitted to this Court.

11. Until said time as the Trustee has agreed on the form of order, the Chapter 7 Trustee reserves her right to supplement this Response if necessary and/or appropriate.

WHEREFORE, the Chapter 7 Trustee respectfully requests the Court deny the Motion to Expedite and set the Motion for Relief down for a preliminary hearing on December 19, 2019, at 1:00 p.m., and for whatever further relief is just.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: November 20, 2019  By: */s/ Paula S. Beran*
Richmond, Virginia  Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November 2019, a true copy of the foregoing Trustee's Response was sent by electronic delivery to:

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Andrew Chien
655 Ellsworth Avenue
New Haven, CT 06511
JCS23@yahoo.com

/s/ *Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*