UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**TRUSTEE'S OBJECTION TO CLAIM 2
OF BANKDIRECT CAPITAL FINANCE, LLC**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), through counsel, hereby files this objection (the "**Objection**") seeking to disallow claim 2 ("**Claim 2**") of BankDirect Capital Finance, LLC ("**BD**") on the basis that the claim is overstated, and asserts a secured claim when in essence it is, at best, a partially secured claim and a general unsecured claim. Accordingly, the Trustee moves this Court, pursuant to §§ 105, 502, and 503 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy**

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Jeffrey N. Rothleder, Esq. (VSB No. 91468)
Squire Patton Boggs (US) LLP
2550 M Street NW
Washington, DC 20037
Telephone: (202) 457.6462
Telecopy: (202) 457.6315
Email: jeffrey.rothleder@squirepb.com

Paula S. Beran, Esq. (Va. Bar No. 34679)
David N. Tabakin, Esq. (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
Email: pberan@tb-lawfirm.com
dtabakin@tb-lawfirm.com

*Counsel to Lynn L. Tavenner, Liquidating Trustee of the MSW Liquidating Trust*

**Rules**"), and Local Bankruptcy Rule 3007-1, for an order, granting the relief sought by this Objection, and in support thereof states as follows:

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Procedural Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. On September 12, 2019, the United States Trustee filed its Motion to Convert Case to Chapter 7 (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and she continues to serve in that capacity.

7. On the Conversion Date, the Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143.

8. The Trustee also filed her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**") on the Conversion Date. ECF No. 144.

9. On the Conversion Date, the Court entered the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151, granting the relief sought in the Cash Collateral Motion, as well as the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155, grating the Trustee the authority to continue the Wind-Down Operations (as defined in the Operation Motion).

## OBJECTION TO CLAIM

10. By this Objection, the Trustee seeks entry of an order, pursuant to Bankruptcy Code §§ 105(a), 502, and 503, Bankruptcy Rule 3007, and Local Bankruptcy Rule 3007-1, disallowing Claim 2. The basis for this Objection is that the claim is overstated, and that BD has failed to provide sufficient documentation to substantiate its claim. Claim 2 also asserted as a secured claim when in essence it is, at best, a partially secured claim and a general unsecured claim. The Trustee, therefore, requests that Claim 2 be disallowed until such time as BD has provided the requisite

documentation to allow this Court to determine (a) the value of BD's collateral and (b) the amount of BD's deficiency claim.

## RESERVATION OF RIGHTS

11. The Trustee reserves the right to further object to any and all claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds. Furthermore, the Trustee reserves the right to modify, supplement, and/or amend this Objection as it pertains to any Claim or Claimant herein.

## NOTICE AND PROCEDURE

12. Notice of this Objection has been provided to BD, the Core Parties, the 2002 List as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures*, ECF. No. 38, and to parties-in-interest. The Trustee submits that the following methods of service upon the Claimant should be deemed by the Court to constitute due and sufficient service of this Objection: (a) by first class mail, postage prepaid and/or electronic delivery, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; and, (b) by electronic delivery to any counsel that has appeared on the Claimant's behalf in the Debtor's bankruptcy Case and receives ECF notices from this Court.

## COMPLIANCE WITH BANKRUPTCY RULE 3007

13. This Objection complies with Bankruptcy Rule 3007(e).

## WAIVER OF MEMORANDUM OF LAW

14. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Objection, the Trustee requests that the requirement that all motions be accompanied by a written memorandum of law be waived.

## NO PRIOR RELIEF

15. No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an Order sustaining this Objection and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: November 21, 2019  
Richmond, Virginia

By: */s/Paula S. Beran*  
Paula S. Beran, Esquire (VSB No. 34679)  
PBeran@TB-LawFirm.com  
David N. Tabakin, Esquire (VSB No. 82709)  
DTabakin@TB-LawFirm.com  
Tavenner & Beran, PLC  
20 North 8th Street  
Richmond, Virginia 23219  
Telephone: (804) 783-8300  
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 21st day of November 2019, a true copy of the foregoing Response was sent by electronic delivery to BD, the Core Parties, the 2002 List as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures*, ECF. No. 38, and to parties-in-interest:

| | |
|---|---|
| Robert B. Van Arsdale, Esquire<br>Office of the United States Trustee<br>701 East Broad Street, Room 4304<br>Richmond, Virginia 23219 | Kevin J. Funk, Esquire<br>Durrette Arkema Gerson & Gill PC<br>1111 East Main Street, 16th Floor<br>Richmond, Virginia 23219<br>Email: kfunk@dagglaw.com |
| BankDirect Capital Finance<br>150 North Field Drive, Suite 190<br>Lake Forest, IL 60045<br>Email: rtwardowski@bankdirectcapital.com | BankDirect Capital Finance<br>c/o Richard Twardowski, VP, Portfolio Mgmt.<br>150 North Field Drive, Suite 190<br>Lake Forest, IL 60045<br>Email: rtwardowski@bankdirectcapital.com |

            /s/ *Paula S. Beran*
            *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*