UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**ORDER TERMINATING THE APPOINTMENT OF AMERICAN
LEGAL CLAIMS SERVICES, LLC AS CLAIMS AND NOTICING AGENT**

This matter coming before the Court on the above-captioned Debtor and Debtor-in-possession's *Motion of LeClairRyan PLLC for Entry of an Order Establishing Certain Notice, Case Management, and Administrative Procedures* (the "**Motion**"), [2] ECF No. 68, for entry of an order authorizing and approving the retention and employment of American Legal Claims Services, LLC ("**ALCS**") by the Debtor, whereby the Debtor sought the appointment of ALCS as claims, noticing, and balloting agent in the Debtor's chapter 11 case effective as of September 5, 2019 on terms and conditions set forth in the Services Agreement and upon the *Order Authorizing the Appointment of American Legal Claims Services, LLC as Claims and Noticing Agent* (the "**Order**"), ECF No. 131.

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

The Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion was previously in the best interest of the Debtor, its estate, and its creditors during the Chapter 11 case; and (iv) proper and adequate notice of the Motion and the opportunity for a hearing thereon was given under the particular circumstances and that no other or further notice is necessary.

The Court further finds that (i) Paragraph 16 of the Order provided:

> If this chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, ALCS will perform its duties through the conversion process as required, provided however, that ALCS may be relieved of its duties should there be insufficient funds in such chapter 7 case to enable the chapter 7 trustee to pay ALCS's fees and expenses

Order at ¶ 16; (ii) upon the conversion of the case to a case under Chapter 7 of Title 11 of the United States Code (the "**Chapter 7 Case**"), Lynn L. Tavenner was appointed interim trustee (the "**Chapter 7 Trustee**"), and no trustee having been elected at the meeting of creditors, she continues to serve as trustee; (iii) upon the conversion to the Chapter 7 Case, the Office of the United States Trustee did not consent to the Chapter 7 Trustee's use of property of the estate to pay for any services of ALCS in the Chapter 7 Case; and (iv) good and sufficient cause exists for granting of the relief set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to paragraph 16 of the Order, ALCS is hereby terminated and relieved of all duties under the Services Agreement except as expressly provided herein.

2. ALCS is terminated as agent for the Office of the Clerk of the Court.

2

3. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. The Trustee on behalf of the Estate and ALCS are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. ALCS shall coordinate with the Clerk of Court regarding the transfer of all claims, interests, and registers to the Clerk of the Court. Within 7 days of the later of (a) the entry of this Order or (b) a receipt of a proof of claim or interest, ALCS shall transmit to the Clerk of Court any and all proofs of claim or interests it has received. Furthermore, within 7 days of the entry of this Order, ALCS shall transmit to the Clerk of Court, Attn: David Rabenda, Division Manager, United States Bankruptcy Court, 701 East Broad Street, Suite 4000, Richmond, Virginia 23219 the following:

   a. a PDF copy of the proofs of claim and interests on USB flash drive;
   b. a searchable listing of the proofs of claim, sorted by claim number;
   c. a searchable listing of the proofs of claim sorted by creditor name;
   d. a searchable listing of the proofs of interest, sorted by interest number; and
   e. a searchable listing of the proofs of interest, sorted by holder's name.

To the extent that ALCS is without sufficient funds in its Retainer to pay for these items, ALCS shall be allowed to seek as an administrative expense in the Chapter 7 Case for amounts incurred in connection with the delivery of the items referenced in this Paragraph 5.

6. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

DATED:   November 22, 2019       /s/ Kevin R. Huennekens
      UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Nov 22 2019

I ask for this:

/s/ *Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and No Objection:

/s/ *Robert B. Van Arsdale* (Permission to affix signature received via email dated 11/14/2019)
Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Telephone: (804) 771-8004

    *Assistant United States Trustee*

### Local Rule 9022-1 Certification

    I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

        */s/ Paula S. Beran*
        Counsel for Lynn L. Tavenner, Chapter 7 Trustee

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Jeffrey Pirrung, Managing Director
American Legal Claims Services, LLC
8021 Philips Highway, Ste 1
Jacksonville, FL 32256