UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

### CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE SALE OF MISCELLANEOUS ASSETS AND MEMORANDUM IN SUPPORT THEREOF

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), by counsel, hereby moves (the "**Motion**") this Court for entry of an order, pursuant to §§ 105 and 363 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), authorizing and approving procedures by which, without the need for further Court approval, the Trustee may consummate, free and clear of liens, claims, and encumbrances certain sales of miscellaneous Estate assets of limited value, and in support of this Motion, the Chapter 7 Trustee respectfully represents as follows:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. On the Petition Date, the Debtor filed its Omnibus *Motion for Entry of an Order Authorizing LeClairRyan PLLC to (I) Reject Unexpired Leases and (II) Abandon Certain Property in Conjunction with Such Rejection*, ECF No. 18, which motion included a request to abandon certain personal property (the "**Initial Abandonment**"). On September 12, 2019, the Debtor filed its *Second Omnibus Motion for Entry of an Order Authorizing LeClairRyan PLLC to (I) Reject Unexpired Leases and (II) Abandon Certain Property in Conjunction with Such Rejection*, ECF No. 69, which motion also included a request to abandon certain personal property (together with the Initial Abandonment, the "**Abandonment**"). On September 27, 2019, the Court entered the *Order Authorizing LeClairRyan PLLC to (I) Reject Unexpired Leases and (II) Abandon Certain Property in Conjunction with Such Rejection, ECF No. 132, and Second Order Authorizing LeClairRyan PLLC to (I) Reject Unexpired Leases and (II) Abandon Certain Property in*

*Conjunction with Such Rejection*, ECF No. 135 (collectively the "**Rejection Orders**"), which Rejection Orders authorized the Abandonment.

6. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

7. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

8. On the Conversion Date, the Chapter 7 Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143. As indicated in the Cash Collateral Motion, the Lender has agreed that the Chapter 7 Trustee, on behalf of the Estate, may use under certain terms and conditions cash collateral to pay delineated expenses related to the Wind-down Operations (as hereafter defined). The Cash Collateral Motion has been granted on an interim basis pursuant to certain interim orders, ECF Nos. 151, 191, and 255 (collectively, as well as all subsequent orders, the "**Cash Collateral Order**").

9. On the Conversion Date, the Chapter 7 Trustee also filed her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, in which she requested the immediate authority to operate the Wind-down Operations (as hereafter defined) to preserve the value of the Estate. Also on the Conversion Date, the Court entered the

3

*Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period*, ECF No. 155, granting the Immediate Authority sought in the Operation Motion, which authority was extended by *Supplemental Order Authorizing Trustee to Continue to Operate Certain Aspects of Debtor's Business for a Limited Period*, ECF No. 196.

## RELIEF REQUESTED

10. Given the Abandonment that occurred pursuant to the Rejection Orders, the Trustee understood that there was no physical personal property remaining as of the Conversion Date. However, the Trustee has discovered that there is a small amount of miscellaneous personal property, such as office furniture, printers, other office equipment, and supplies, that remains.

11. Given that the Estate owns this small amount of excess, unused and/or underutilized assets, in conjunction with administering the Estate, the Chapter 7 Trustee has determined that it is in the best interests of the Estate to streamline the sales procedures for miscellaneous individual assets that are valued at $5,000.00 or less.

12. In accordance with the Miscellaneous Sales Procedures as hereafter defined, the Chapter 7 Trustee plans to sell such assets at prices not less than the assets' orderly liquidation values less any administrative cost of carrying the same. In instances where the Chapter 7 Trustee proposes to sell individual assets for which appraisals have not been, or will not be, obtained, the Chapter 7 Trustee shall use as benchmarks (a) a specific asset's net book value; (b) other applicable market value per various internet websites; or (c) other mechanisms to measure liquidation value. While the Chapter 7 Trustee envisions that the proposed sale price for assets sold pursuant to this Motion will not be less than ordinary liquidation value for the specific assets, if the Chapter 7 Trustee believes that acceptance of a lesser purchase price is, in the exercise of her business judgment and discretion, in the best interest of the Estate, the Chapter 7 Trustee will request

approval of such sale in accordance with the Miscellaneous Sales Procedures hereafter defined.

13. Sales pursuant to this Motion will be relatively small, if not *de minimus*, in comparison to the scope of the Estate's total assets. Nevertheless, said sales may constitute transactions that ordinarily would require Court approval pursuant to § 363(b)(1) of the Bankruptcy Code.

14. Requiring Court approval of each such miscellaneous transaction would be administratively burdensome to the Court and costly to the Estate, especially when viewed in the context of the relative size of the transactions. Therefore, to minimize the burdens and costs, the Chapter 7 Trustee hereby seeks the approval of the procedures described herein regarding the miscellaneous transactions falling within the described parameters (the "**Miscellaneous Sales Procedures**"). The Chapter 7 Trustee proposes to utilize the Miscellaneous Sales Procedures to obtain more expeditious and cost-effective review by interested parties, in lieu of Court approval, of the types of transactions described below. With regard to asset sale transactions that are not subject to the Motion, the Chapter 7 Trustee intends to request Court approval of such transactions on an individual basis pursuant to the procedures prescribed under § 363(b)(1) of the Bankruptcy Code.

### THE PROPOSED MISCELLANEOUS SALES PROCEDURES

*Transactions to Which the Sales Procedures Will Apply*

15. The Miscellaneous Sales Procedures will apply to transactions involving proposed sales of any asset with a value of $5,000.00 or less. The value shall be determined by reference to any appraisal that the Estate has, or the "net book value" of any such asset to be sold, or by the Chapter 7 Trustee's exercise of her sound business judgment after reasonable due diligence.

*Notice and Opportunity to Object*

5

16. After the Chapter 7 Trustee receives an acceptable offer contemplating a transaction that is subject to the Miscellaneous Sales Procedure (a "**Proposed Transaction**"), the Chapter 7 Trustee will serve a notice of a Proposed Transaction (the "**Transaction Notice**") by overnight service or electronic mail upon a) the Office of the United States Trustee (the "**U.S. Trustee**"); b) the Debtor's known secured lenders including but not limited to the Lender; and c) all parties holding (or, to the Chapter 7 Trustee's knowledge, asserting) liens on, or other interests in, the assets that are the subject of the Proposed Transaction (the "**Lienholders**" and each a "**Lienholder**") (collectively, the "**Interested Parties**").

17. The Transaction Notice will include the following information regarding the Proposed Transaction:

    a) A description of the asset that is the subject of the Proposed Transaction and its location;

    b) The identity of the non-debtor party or parties to the Proposed Transaction and any relationships of the party or parties with the Chapter 7 Trustee;

    c) The identities of any parties holding liens on or other interests in the asset;

    d) The major economic terms and conditions of the Proposed Transaction;

    e) Any cost to be charged against the sale proceeds; and

    f) Instructions consistent with the procedures set forth below regarding potential objections to the Proposed Transaction.

16. Interested Parties will have three (3) business days from service of the Transaction Notice (the "**Notice Period**") to object to the Proposed Transaction, pursuant to the objection procedures herein. If no objections are filed prior to the expiration of the Notice Period, the Interested Parties, including the Lienholders, by their silence will be deemed to have consented to

the Proposed Transaction and such Proposed Transaction, will be deemed final and fully authorized by the Court, at which time the Chapter 7 Trustee may proceed to consummate such sale. Furthermore, to the extent deemed appropriate or advisable to assist in the closing of any Proposed Transaction, the Chapter 7 Trustee may submit an order or series of orders authorizing the sale of any or all of the sales (even though the requirement of any such orders is waived) which order(s) need be entered only by counsel to the Chapter 7 Trustee.

17. Further, the Chapter 7 Trustee may consummate a Proposed Transaction prior to expiration of the applicable Notice Period if the Trustee obtains each Interested Party's written consent to the Proposed Transaction.

18. Any objections to a Proposed Transaction must be (a) in writing, (b) state with specificity the ground for objection, (c) served by overnight or electronic mail on the Interested Parties and counsel to the Chapter 7 Trustee so as to be received prior to the expiration of the Notice Period, and (d) filed with the Court prior to the expiration of the Notice Period. If an objection to a Proposed Transaction is properly filed and served, then the Proposed Transaction may not proceed absent (a) withdrawal of the objection or (b) entry of an order of the Court specifically approving the Proposed Transaction.

19. Thereafter, the objecting party and the Chapter 7 Trustee shall attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection, the Court will consider the Proposed Transaction and the objection at the next scheduled Omnibus Hearing (as proposed and defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures* (the "**Case Management Order**"), ECF No. 38, or at such other date permitted by the Court. Within three days prior to any such hearing, the objecting party shall notify a) the Court; b) the U.S Trustee, c) counsel for the Debtor's known secured creditors; d)

7

Lienholders, if any; and e) counsel for the Chapter 7 Trustee of the intent to pursue the objection at such hearing or counsel for the Chapter 7 Trustee shall notify the Court, the U.S. Trustee, and counsel for the objecting party of her intent to request approval of the Proposed Transaction at such hearing.

*Effects of Sale*

20. All buyers will take assets sold by the Chapter 7 Trustee pursuant to the Miscellaneous Sales Procedures "as is" and "where is," without any representation or warranties from the Debtor as to the quality or fitness of such assets for either its intended or any particular purposes. Buyers, however, will take title to the assets free and clear of liens, claims, encumbrances and other interests, pursuant to § 363(f) of the Bankruptcy Code.

21. Any existing liens, claims, encumbrances, and other interests will attach to the net proceeds of any sale pursuant to the Miscellaneous Sales Procedures. Sale proceeds received by the Chapter 7 Trustee in connection with any sale pursuant to the Miscellaneous Sales Procedures will be placed in the Estate's operating account to be used consistent with the Cash Collateral order or as otherwise ordered by the Court.

**BASIS FOR RELIEF**

22. Section 363(b)(1) of the Bankruptcy Code provides "The Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Section 105(a) of the Bankruptcy Code provides in relevant part "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. 11 U.S.C. § 105(a).

23. A sale of assets of a debtor should be authorized pursuant to § 363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See*, *e.g.*, *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d. Cir. 1983).

24. In this Case, the Chapter 7 Trustee submits that adequate business justification merits judicial approval of the Miscellaneous Sales Procedures. Unless the miscellaneous assets are sold, the Estate will be burdened with the costs of maintaining them, which will be a continuing cash drain upon the estate. Requiring Court approval of each such miscellaneous transaction would be administratively burdensome to the Court and costly to the Estate, especially when viewed in the context of the relative size of the transactions. Accordingly, a sale of the miscellaneous assets in accordance with the Miscellaneous Sales Procedures will be a benefit to the Estate and the Debtor's creditors.

25. Bankruptcy Rule 2002(a)(2) requires that notice of a sales or lease motion be provided at least twenty-one (21) days prior to the proposed use, "unless the court for cause shown shortens time or directs another method of giving notice." Fed. R. Bankr. P. 2002(a)(2); *see also* Fed. R. Bankr. P. 9006(c). These notice and hearing requirements of § 363(b)(1) are met if the notice and opportunity for hearing that are given are appropriate in the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing"). Moreover, courts are authorized to limit notice of sales and uses of property outside of the ordinary course of the debtor's business, even without a prior showing of cause, to any official committee appointed under § 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice. Fed. R. Bankr. P. 2002(i).

26. When determining whether notice is appropriate under the circumstances for purposes of § 102(1)(A) of the Bankruptcy Code, it is "guided by fundamental notions of procedural due process." *In re Lomas Fin. Corp.*, 212 B.R. 46, 54 (Bankr. D. Del. 1997). Due

process "requires that any notice is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present its objections'" *Id.* (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *In re Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997).

27. To permit the timely purchase of valuable but relatively small-value assets and to maximize such value, the Trustee seeks the adoption of the Miscellaneous Sales Procedures. The Chapter 7 Trustee believes that these procedures will accommodate the orderly and timely consummation of such transactions, and that under the circumstances the usual process of obtaining Court approval of each transaction that would be the subject of the Miscellaneous Sales Procedures will be unnecessarily burdensome on the Court and the Estate. Moreover, the Chapter 7 Trustee believes that the usual sale process pursuant to Bankruptcy Code § 363 may hinder the Chapter 7 Trustee's ability to take advantage of sale opportunities that may be available only for a limited time. Therefore, the Chapter 7 Trustee proposes to streamline the process and shorten the applicable notice periods as proposed herein.

28. The Interested Parties represent the key parties in interest who should receive notice of any Proposed Transaction, in light of (a) their duties relating to the Chapter 7 case (the U.S. Trustee), or (b) their interests in the assets at issue (the Lienholders). The shortened notice provisions of the Miscellaneous Sales Procedure will make the transaction consummation process as efficient as possible, while preserving fully the rights of Interested Parties. Hence, the limiting of service of the Transaction Notices to the Interested Parties is justified under the circumstances.

29. Moreover, sales outside the ordinary course of business may be authorized without an actual hearing if no party in interest timely requests an actual hearing. 11 U.S.C. § 102(1)(B)(i). As due process is satisfied if parties are given "an opportunity to present its objections," *Mullane*,

10

339 U.S. at 314, the Trustee believes that the Miscellaneous Sales Procedure comports with the due process requirements by providing ample opportunity to present objections and request a hearing.

## NOTICE

30.   Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) the Debtor's secured creditors as identified by the Debtor; (iii) the Debtor's 20 Largest Unsecured Creditors; and (iv) all parties requesting service of pleadings in the Bankruptcy Case who receive ECF notices in this Case. The Chapter 7 Trustee submits that, under the circumstances, no other or further notice of the Motion is required.

WHEREFORE, the Chapter 7 Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit A: (i) authorizing the Chapter 7 Trustee to sell certain individual assets in accordance with the Miscellaneous Sales Procedures outlined herein; (ii) reducing, if necessary, any notice period; and (iii) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: November 26, 2019
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

11

## **CERTIFICATE OF SERVICE**

Pursuant to the Local Rules of this Court, I certify that on this 26th day of November 2019, a true copy of the foregoing Motion, was sent electronically to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (e) all parties requesting service of pleadings in this Case (as indicated on Schedule A attached to the Court filed copy of this Motion).

                                        */s/ Paula S. Beran*
                          *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# SCHEDULE A

| | | |
|---|---|---|
| Matrix One Riverfront Plaza LLC<br>CN 4000 Forsgate Drive<br>Cranbury, NJ 08512<br>farias@matrixcompanies.com | Page White Farrer Limited<br>Bedford House, 21 John Street<br>Holborn, London WC1N 2BF<br>United Kingdom<br>david.roberts@pagewhite.com | Robert B. Van Arsdale, Esquire<br>Office of the United States Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia 23219-1885<br>Robert.B.Van.Arsdale@usdoj.gov |
| Super-Server, LLC<br>707 East Main Street, Suite 1425<br>Richmond, Virginia 23219<br>cjohnson@proxios.com<br>kcrowley@clrbfirm.com | Thomson West-6292<br>P.O. Box 629<br>Carol Stream, IL 60197-6292 | Tyler P. Brown<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219<br>tpbrown@huntonak.com |
| GLC Business Services, Inc.<br>28 Prince Street<br>Rochester, NY 14607<br>mhayes@glcbs.com | Post Oak Realty Investment Partners, LP<br>13355 Noel Road, 22nd Floor<br>Dallas, TX 75240 | Jason William Harbour<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219<br>jharbour@huntonAK.com |
| Thomson Reuters Master Data Center<br>P.O. Box 673451<br>Detroit, MI 48267-3451 | Poe & Cronk Real Estate Group, Inc.<br>10 S Jefferson Street, Suite 1200<br>Roanoke, VA 24011<br>slawrence@poecronk.com | Henry Pollard Long, III<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219<br>hlong@huntonAK.com |
| Carlyle Overlook JV, LLC<br>711 High Street<br>Des Moines, IA 50392<br>erin.albert@cushwake.com | BPP Lower Office REIT Inc.<br>BPP Connecticut Ave LLC –<br>BLDG ID: 26870<br>P.O. Box 209259<br>Austin, TX 78720-9259<br>christopher.lyons@transwestern.com | Jennifer Ellen Wuebker<br>Hunton Andrews Kurth LLP<br>951 East Byrd Street<br>Richmond, VA 23219<br>jwuebker@huntonak.com |
| BCal, LLC c/o Beacon Capital Partners<br>200 State Street, 5th Floor<br>Boston, MA 02109<br>accountantmontgomery@avisonyoung.com | EYP Realty LLC<br>P.O. Box 844801<br>Los Angeles, CA 90084-4801<br>james.ishibashi@brookfield.com | Douglas M. Foley<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219<br>dfoley@mcguirewoods.com |
| Parmenter Realty Fund III, Inc.<br>701 Brickell Avenue, Suite 2020<br>Miami, FL 33131<br>nreser@parmco.com | New Boston Long Wharf, LLC<br>c/o The Corporation Trust Company, r/a<br>1209 Orange Street<br>Wilmington, DE 19801 | Sarah B. Boehm<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219<br>sboehm@mcguirewoods.com |
| Latham & Watkins LLP<br>885 Third Avenue<br>New York, NY 10022-4834<br>eric.pike@lw.com | Iron Mountain Records Management<br>448 Broadway<br>Ulster Park, NY 12487<br>noe.lebeau@ironmountain.com<br>Bankruptcy2@ironmountain.com | Shawn R. Fox<br>MCGUIREWOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond, Virginia 23219<br>sfox@mcguirewoods.com |
| 60 State TRS (DE) LLC<br>320 Park Avenue, Floor 17<br>New York, NY 10022<br>ahillman@oxfordproperties.com | NetRight Intermediate LLC<br>iManage LLC<br>540 W. Madison Street, Suite 2400<br>Chicago, IL 60661<br>agreen@clarkhill.com | ULX Partners, LLC<br>100 Broadway, 22nd Floor<br>New York, New York 1005<br>Nicholas Hinton<br>Daniel E. Reed<br>Nicholas.hinton@Unitedlex.com<br>Dan.reed@unitedlex.com |
| ConvergeOne, Inc.<br>3344 Highway 149<br>Eagan, MN 55121<br>esalley@convergeone.com | Integreon Managed Solutions (ND) Inc.<br>3247 47th Street South<br>Fargo, ND 58104<br>murray.joslin@integreon.com | Karen M. Crowley, Esq.<br>Crowley Liberatore P.C.<br>150 Boush Street, Suite 300<br>Norfolk, VA 23510<br>kcrowley@clrbfirm.com |

| | | |
|---|---|---|
| Michael G. Gallerizzo, Esquire<br>Michael D. Nord, Esquire<br>GEBHARDT & SMITH LLP<br>One South Street, Suite 2200<br>Baltimore, Maryland 21202<br>mgall@gebsmith.com<br>mnord@gebsmith.com | Parma Richmond, LLC<br>c/o Kevin J. Funk<br>Durrette Arkema Gerson & Gill PC<br>1111 East Main Street, 16th Floor<br>Richmond, Virginia 23219<br>kfunk@dagglaw.com | David R. Ruby, Esquire<br>William D. Prince IV, Esquire<br>ThompsonMcMullan, P.C.<br>100 Shockoe Slip, Third Floor<br>Richmond, Virginia 23219<br>druby@t-mlaw.com<br>wprince@t-mlaw.com |
| Amy Simon Klug<br>HOLLAND & KNIGHT LLP<br>1650 Tysons Boulevard, Suite 1700<br>Tysons, VA 22102<br>amy.simon@hklaw.com | Joseph Corrigan<br>Iron Mountain Information Mgmt, LLC<br>One Federal Street<br>Boston, MA 02110<br>Bankruptcy2@ironmountain.com | JM Partners, LLC<br>Attn: John Marshall<br>6800 Paragon Place, Suite 202<br>Richmond, VA 23230-1656<br>JMarshall@JMPartnersLLC.com |
| SAUL EWING ARNSTEIN & LEHR LLP<br>Maria Ellena Chavez-Ruark, Esquire<br>500 East Pratt Street, 9th Floor<br>Baltimore, MD 21202<br>maria.ruark@saul.com | SAUL EWING ARNSTEIN & LEHR LLP<br>Robert C. Gill, Esquire<br>1919 Pennsylvania Avenue, N.W., Suite 550<br>Washington, D.C. 20006-3434<br>robert.gill@saul.com | Peter D. Bilowz, Esq.<br>Douglas B. Rosner, Esq.<br>GOULSTON & STORRS PC<br>400 Atlantic Avenue<br>Boston, MA 02110-3333<br>pbilowz@goulstonstorrs.com<br>drosner@goulstonstorrs.com |
| David G. Barger<br>Thomas J. McKee, Jr.<br>Greenberg Traurig, LLP<br>1750 Tysons Boulevard, Suite 1000<br>McLean, Virginia 22102<br>bargerd@gtlaw.com | Mary Joanne Dowd, Esq.<br>Jackson D. Toof, Esq.<br>Arent Fox LLP<br>1717 K Street, NW<br>Washington, DC 20006<br>mary.dowd@arentfox.com<br>jackson.toof@arentfox.com | Robert H. Chappell III, Esquire<br>SPOTTS FAIN PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>rchappell@spottsfain.com |
| Jennifer J. West, Esquire<br>SPOTTS FAIN PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>jwest@spottsfain.com | Neil E. McCullagh, Esquire<br>SPOTTS FAIN PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>nmccullagh@spottsfain.com | Karl A. Moses, Jr., Esquire<br>SPOTTS FAIN PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219<br>kmoses@spottsfain.com |
| Michael G. Wilson, Esq.<br>MICHAEL WILSON PLC<br>PO Box 6330<br>Glen Allen, VA 23058<br>mike@mgwilsonlaw.com | Cynthia L. Hegarty<br>MORRISON SUND, PLLC<br>5125 County Road 101, Suite 200<br>Minnetonka, MN 55345<br>chegarty@morrisonsund.com | Shawn C. Whittaker, Esq.<br>Whittaker\|Myers, PC<br>1010 Rockville Pike, Suite 607<br>Rockville, MD 20852<br>Shawn@whittakermyers.com |
| Nicola G. Suglia, Esquire<br>Fleischer, Fleischer & Suglia, P.C.<br>Four Greentree Centre<br>601 Route 73 N., Suite 305<br>Marlton, NJ 08053<br>consult@fleischerlaw.com | Joshua D. Stiff, Esquire<br>Grayson T. Orsini, Esquire<br>WOLCOTT RIVERS GATES<br>200 Bendix Road, Suite 300<br>Virginia Beach, Virginia 23452<br>jstiff@wolriv.com<br>gorsini@wolriv.com | Alexander R. Green, Esquire<br>CLARK HILL, PLC<br>1001 Pennsylvania Ave NW, STE 1300 S<br>Washington, D.C. 20004<br>agreen@clarkhill.com |
| Bank Direct Capital Finance<br>c/o Kevin J. Funk<br>Durrette Arkema Gerson & Gill PC<br>1111 East Main Street, 16th Floor<br>Richmond, Virginia 23219<br>kfunk@dagglaw.com | Amy Wiekel<br>Commonwealth of Pennsylvania<br>Department of Labor and Industry<br>Collections Support Unit<br>651 Boas Street, Room 925<br>Harrisburg, PA 17121<br>Ra-li-ucts-bankrupt@state.pa.us | |

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[2]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**ORDER AUTHORIZING THE CHAPTER 7 TRUSTEE TO
ESTABLISH PROCEDURES FOR SALES OF MISCELLANEOUS ASSETS**

This matter coming before the Court on the *Chapter 7 Trustee's Motion for Entry of an Order Establishing Procedures for Sale of Miscellaneous Assets and Memorandum in Support Thereof* filed by Lynn L. Tavenner, the Chapter 7 Trustee (the "**Chapter 7 Trustee**" and/or the "**Trustee**"); the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

---

[2] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

3. The Chapter 7 Trustee is authorized, pursuant to §§ 105(a) and 363(b)(1) of the Bankruptcy Code, to sell, without further order of this Court, any and all assets of the Estate valued at $5,000.00 or less in accordance with the Miscellaneous Sales Procedures established in the Motion, and to take any and all action necessary, appropriate, or advisable to complete such Proposed Transactions.

4. Pursuant to Bankruptcy Code § 363(f), any and all sales consummated pursuant to the Miscellaneous Sales Procedures approved herein shall be free and clear of any and all valid liens, claims, and other encumbrances, with any such existing liens, claims, and encumbrances attaching to the proceeds of the sales approved herein.

5. All proceeds received by the Estate pursuant to the Miscellaneous Sales Procedures shall be placed into the Estate's operating account for use consistent with the Cash Collateral Order or as otherwise ordered by this Court.

6. The Chapter 7 Trustee is authorized to take any action and enter into any agreement that, in her business judgment, is reasonably necessary or appropriate to effect any of the foregoing, including the presentation to the Court of an order, or series of orders, requesting authorization of the sale of any or all of the sales pursuant to the Miscellaneous Sales Procedures (even though the requirement of any such order is waived), which order(s) need be endorsed only by counsel to the Chapter 7 Trustee. Notwithstanding any order to the contrary, any order submitted to the Court in

2

connection with the Miscellaneous Sales Procedures shall be served only upon counsel for the Lender and the Office of the United States Trustee.

7. Pursuant to Bankruptcy Rule 7062, and notwithstanding Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Service List for Entered Order**

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219