UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

## SECOND MOTION FOR ENTRY OF FURTHER ORDERS EXTENDING THE CHAPTER 7 TRUSTEE'S TIME TO ASSUME, REJECT, AND/OR ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby submits this second motion (the "**Second Motion**") for entry of further orders (ex-parte bridge order[2] and final order) extending the time to assume, reject, and/or assign certain executory contracts and/or leases as more particularly described hereafter through and including February 28, 2020, pursuant to § 365(d)(1) of Title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and Rule 9006 of the Federal Rules of

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] A copy of the proposed bridge order (the "**Second Bridge Order**") is attached hereto as Exhibit A and will be tendered to this Court upon the filing of this Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Bankruptcy Procedure (the **"Bankruptcy Rules"**), and in support thereof respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019 (the "**September 26 Hearing**"), the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6. At the time of the conversion, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients,

replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all requisite insurance (the "**Wind-down Operations**").

7. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

8. On the Conversion Date, the Chapter 7 Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**") ECF No. 143, which Cash Collateral Motion has been granted by orders of this Court. As indicated in the Cash Collateral Motion, the Lender has agreed that the Chapter 7 Trustee, on behalf of the Estate, may use under certain terms and conditions cash collateral to pay delineated expenses related to the Wind-down Operations (as hereafter defined). On the Conversion Date, the Chapter 7 Trustee also filed her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, in which she requested the immediate authority to operate the Wind-down Operations (as hereafter defined) to preserve the value of the Estate.

9. Also on the Conversion Date, the Court entered the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151, granting the relief sought in the Cash Collateral Motion. The Court also entered the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155,

3

granting the Immediate Authority sought in the Operation Motion, which authority was extended by *Supplemental Order Authorizing Trustee to Continue to Operate Certain Aspects of Debtor's Business for a Limited Period*, ECF No. 196 (collectively with the Immediate Authority Order, the "**Authority Order**").

10. On October 30, 2019, the Chapter 7 Trustee, by counsel, filed her *Motion for Entry of Orders Extending the Chapter 7 Trustee's Time to Assume, Reject, and/or Assign Certain Executory Contracts and/or Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)* (the "**First Executory Contract Motion**"), ECF No. 201, wherein the Trustee requested an extension of the time to assume, reject, and/or assign (the "**Assumption/Rejection Period**") certain executory contracts and/or leases through and including December 16, 2019. Also, on October 30, 2019, the Court entered the *Ex Parte Bridge Order Extending the Time to Assume, Reject, and/or Assign Certain Executory Contracts and/or Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)*, ECF No. 202, extending the Assumption/Rejection Period through and including entry of a final order disposing of the First Executory Contract Motion on the merits. The First Executory Contract Motion addressed multiple issues necessary for the Trustee to continue to administer the Case and conduct the Wind-down Operations. The Trustee, in the exercise of her business judgment, filed the First Executory Contract Motion in an effort to maintain her ability to otherwise continue seamlessly the Wind-down Operations.

11. On October 31, 2019, the Debtor filed its schedules, statements, lists (the "**Schedules**"). *See* ECF Nos. 208 and 209. The Schedules appeared to contain a limited disclosure of executory contracts. On November 12, 2019, the Trustee conducted the meeting of creditors pursuant to § 341 of the Bankruptcy Code. At said meeting, the Trustee confirmed through the testimony of certain of the Debtor's former corporate officers that the Debtor did not maintain a

4

central depository for contract and leases, and as such, it was extremely difficult to ascertain the universe of said agreements.

12. At the hearing on the First Executory Contract Motion, the Court granted the Trustee's expedited hearing request and indicated that it would grant the relief sought in the First Executory Contract Motion (although no said order has been entered at the time of filing this Motion).

13. Following the November 21, 2019 omnibus hearing and the Court's indication to grant the related requested relief, the Trustee has continued with the Wind-down Operations pursuant to the Authority Order and diligently investigated the Debtor's financial affairs. In connection with the same, the Trustee has continued conversation with various parties in interest. It is the general belief of those assisting the Trustee with the Wind-down Operations that there remain outstanding executory contracts and unexpired leases that were in existence at the Petition Date and later the Conversion Date that are still unknown but could be necessary to complete the Wind-down Operations without disruption. As such, the Trustee files this Second Motion, seeking an additional extension of the Assumption/Rejection Period.

**Requested Relief**

14. Given the continued Wind-down Operations and the fact that the Trustee remains unaware of the universe of executory contracts, the Trustee believes it appropriate to further extend the Assumption/Rejection Period.

15. Pursuant to 11 U.S.C. § 365(d)(1):

> in a case under chapter 7 of this title, if the Trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the Debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease in deemed rejected.

5

The current Assumption/Rejection Period expires on December 16, 2019. This Court may extend that period for cause. *See* 11 U.S.C. § 365(d)(1). On November 12, 2019, the Trustee conducted the meeting of creditors pursuant to § 341 of the Bankruptcy Code. At said meeting, the Trustee confirmed that the Debtor did not maintain a central depository for contract and leases. Given the Chapter 7 Trustee's continuation of the Wind-down Operations, the entry of the *Supplemental Order Approving Modified Client File Disposition Procedures*, ECF No. 198, and the Trustee's inability to know with certainty the universe of contracts and lease, the Trustee finds it necessary to further extend the Assumption/Rejection Period. *See In re Simetco*, 1993 WL 541459 (Bankr. N.D. Ohio 1993). The extension of time requested by this Second Motion merely continues preserves the status quo as indicated in the First Executory Contract Motion, to further allow the Chapter 7 Trustee to continue the Wind-down Operations. Simultaneously, the Trustee continues to determine the universe of the contracts and leases and determine which of those that are necessary for the Wind-down Operations, if any, without inadvertently allowing necessary contracts or leases to terminate by operation of law.

16. Based upon the foregoing, the Chapter 7 Trustee submits that the potential harm to the Estate and all parties in interest in the event of a premature rejection of a lease or executory contract is substantial. In contrast, there will be no prejudice whatsoever to the affected parties in interest if the requested extension is granted.

17. The extension of the Assumption/Rejection Period through and through February 28, 2020, is in the best interests of the Debtor, the Estate, and all parties in interest.

## **NOTICE**

18. Upon entry of the Second Bridge Order, the Chapter 7 Trustee will serve said Order and the Motion on: (a) the Office of the United States Trustee; (b) all parties listed on the Debtor's

6

Official Form 106G except known landlords whose leases have already been rejected by Order of this Court; (c) the Debtor's 20 Largest Unsecured Creditors; (d) all known secured creditors from the Debtor's Official Form 106D; (e) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (f) all parties requesting service of pleadings in this Case. In light of the nature of the relief requested herein, the Chapter 7 Trustee submits that no other or further notice is required.

19. Section 365(d)(1) of the Bankruptcy Code empowers this Court to grant the relief requested herein by motion. There is no specific "notice and hearing requirement" found at § 365(d)(1). However, Bankruptcy Rule 6006 states that Bankruptcy Rule 9014 governs matters associated with 11 U.S.C. § 365. Bankruptcy Rule 9014 provides "relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." The "notice and hearing requirements" are met if the notice and opportunity for hearing that are given are appropriate in the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing"). Section 105(a) of the Bankruptcy Code provides in relevant part, "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

**WHEREFORE**, the Chapter 7 Trustee respectfully requests that the Court enter orders (i) extending the Assumption/Rejection Period on an interim basis until such time as this matter may be heard and thereafter through and including February 28, 2020, and (ii) granting such other and further relief as this Court deems just and proper.

                              Respectfully submitted,

                              LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: November 26, 2019        By: */s/ Paula S. Beran*
Richmond, Virginia             Paula S. Beran, Esquire (VSB No. 34679)
                                  PBeran@TB-LawFirm.com
                                  David N. Tabakin, Esquire (VSB No. 82709)
                                  DTabakin@TB-LawFirm.com
                                  Tavenner & Beran, PLC
                                  20 North 8th Street
                                  Richmond, Virginia 23219
                                  Telephone: (804) 783-8300
                                  Telecopier: (804) 783-0178

                                  *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

       Pursuant to the Local Rules of this Court, I certify that on this 26th day of November 2019, a true copy of the foregoing Second Motion was sent electronically and/or by first-class postage prepaid to the Office of the United States Trustee. Upon entry of the Second Bridge Order, the Trustee will send a copy of the Second Motion and Second Bridge Order by electronic means and/or by first-class postage prepaid to: (a) the Office of the United States Trustee; (b) all parties listed on the Debtor's Official Form 106G except known landlords; (c) the Debtor's 20 Largest Unsecured Creditors; (d) all known secured creditors from the Debtor's Official Form 106D; (e) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures*, ECF No. 38; and (f) all parties requesting service of pleadings in this Case.

                                          */s/ Paula S. Beran,* Esquire
                                          *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**SECOND EX PARTE BRIDGE ORDER FURTHER EXTENDING THE TIME TO ASSUME, REJECT, AND/OR ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)**

This matter coming before the Court on the *Second Motion for Entry of Further Orders Extending the Chapter 7 Trustee's Time to Assume, Reject, and/or Assign Certain Executory Contracts and/or Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)*, ECF No.__ (the "**Motion**"),[2] filed by Lynn L. Tavenner, trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor ("**LeClairRyan**" or the "**Debtor**"); the Court having reviewed the Motion and seeking among other things entry of a bridge order extending the Assumption/Rejection Period as set forth herein; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion and the proposed order was adequate under the circumstances and (e) cause has been established under § 365(d)(1) of the Bankruptcy Code to extend the Assumption/Rejection Period as set forth herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the interim relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis. This Bridge Order is effective only from the date hereof until entry of an order disposing of the Motion on its merits (the "**Order Date**"). The Court's disposition of the Motion shall not impair any action taken pursuant to the Bridge Order.

2. The period established by § 365(d)(1) of the Bankruptcy Code during which the Chapter 7 Trustee may assume, reject, and/or assign the leases and executory contracts (the "**Assumption/Rejection Period**") is extended to and including the Order Date (the "**Extended Deadline**").

3. The entry of this Bridge Order is without prejudice to (a) the right, if any, of any party to seek an order requiring the Chapter 7 Trustee to elect to assume or reject such leases and executory contracts prior to the expiration of the Extended Deadline or (b) the Chapter 7 Trustee's right to oppose any such relief.

4. Nothing herein shall constitute or be deemed to constitute: (a) an assumption or rejection of any agreement, lease, or contract pursuant to § 365 of the Bankruptcy Code; or (b) an acknowledgment by the Chapter 7 Trustee that any agreement, contract, or lease is an unexpired

lease of nonresidential real property subject to § 365(d) of the Bankruptcy Code. The Chapter 7 Trustee reserves all of her rights with respect to such issues.

5. The Chapter 7 Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Bridge Order.

6. Upon entry, the Clerk shall forthwith provide (by First Class mail, postage prepaid and/or electronic delivery) a copy of this Bridge Order to counsel for the Chapter 7 Trustee. The Chapter 7 Trustee shall promptly serve copies of this Bridge Order(a) the Office of the United States Trustee; (b) all parties listed on the Debtor's Official Form 106G except known landlords; (c) the Debtor's 20 Largest Unsecured Creditors; (d) all known secured creditors from the Debtor's Official Form 106D; (e) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures*, ECF No. 38; and (f) all parties requesting service of pleadings in this Case.

7. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of this Bridge Order.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## Local Rule 9022-1 Certification

      I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Final Order* has either been served upon and/or endorsed by all necessary parties.

                                                */s/*
                                      Counsel for Lynn L. Tavenner, Chapter 7 Trustee

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**SECOND ORDER RESOLVING MOTION TO FURTHER EXTEND TIME TO ASSUME, REJECT, AND/OR ASSIGN CERTAIN EXECUTORY CONTRACTS, AND/OR LEASES OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)**

This matter coming before the Court on the *Second Motion for Entry of Further Orders Extending the Chapter 7 Trustee's Time to Assume, Reject, and/or Assign Certain Executory Contracts and/or Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)*, ECF No. \_\_\_\_ (the "**Motion**"),[2] filed by Lynn L. Tavenner, trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor ("**LeClairRyan**" or the "**Debtor**"); the Court having reviewed the Motion; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper before this Court pursuant to 28 U.S.C. §§

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1408 and 1409; (d) notice of the Motion and the proposed order was adequate under the circumstances; and (e) cause has been established under § 365(d)(1) of the Bankruptcy Code to extend the Assumption/Rejection Period as set forth herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as provided herein.

2. The period established by § 365(d)(1) of the Bankruptcy Code during which the Chapter 7 Trustee may assume or reject (the "**Assumption/Rejection Period**") any unexpired leases and/or executory contracts is extended to and including February 28, 2020 (the "**Extended Deadline**").

3. The entry of this Order is without prejudice to (a) the right, if any, of any party to seek an order requiring the Chapter 7 Trustee to elect to assume or reject the any such leases and executory contracts prior to the expiration of the Extended Deadline or (b) the Chapter 7 Trustee's right to oppose any such relief.

4. Nothing herein shall constitute or be deemed to constitute: (a) an assumption or rejection of any other agreement, lease, or contract pursuant to § 365 of the Bankruptcy Code; or (b) an acknowledgment by the Chapter 7 Trustee that any other agreement, contract, or lease is an unexpired lease of nonresidential real property subject to § 365(d) of the Bankruptcy Code. The Chapter 7 Trustee reserves all of her rights with respect to such issues.

5. The Chapter 7 Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation or enforcement of this Order.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/
_____
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Final Order* has either been served upon and/or endorsed by all necessary parties.

/s/
_____
Counsel for Lynn L. Tavenner, Chapter 7 Trustee

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219