UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
| LeClairRyan PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**TRUSTEE'S RESPONSE TO MOTION OF R.F. TECHNOLOGIES, INC. AND ROBERT NOORIAN FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files this response (the "**Response**") to the *Motion for Limited Relief from the Automatic Stay* (the "**Motion for Relief**"), ECF No. 253, filed by R.F. Technologies, Inc. ("**RFT**") and Robert Noorian ("**Noorian**" and together with RFT, "**Movants**") and, in support thereof, states as follows:

**Background**

1. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy**

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

2. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019, the Court denied the Motion to Convert. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019.

3. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

4. On November 21, 2019, the Movants filed their Motion for Relief. On November 22, 2019, Movants filed their *Corrected Statement Motion for Limited Relief from the Automatic Stay* (with the Motion for Relief, the "**Motion for Relief**").

5. In the Motion for Relief, Movant seek "relief for the sole purpose of permitting the parties in the RFT Lawsuit to complete a settlement reached before the Debtor filed for bankruptcy protection. The Debtor's payment under the Settlement Agreement will be fully funded by the Debtor's malpractice liability insurance." Motion for Relief at ¶ 13.

## Response

6. The Trustee does not object to the relief sought in the Motion for Relief provided the same does not impact the Estate or property thereof. Furthermore, the Trustee does not object to the relief sought based upon (a) information received from the Debtor's former employees, management, and/or professionals that there is insurance coverage for amounts sought; and (b) Movant's representations that (i) the relief they seek will require no significant expense from the

Estate and (ii) they will agree to reasonable language in a consent order addressing the Trustee's concerns related to the same. And, the Trustee respectfully requests that any order entered grating the relief sought in the Motion for Relief provide that neither the Trustee nor the LeClairRyan Estate have any future obligations of any sort.

7. Paragraphs 4 and 5 of the proposed *Order Granting Motion for Limited Relief from the Automatic Stay* (the "**Proposed Order**"), ECF No. 253-1, attached to the Motion for Relief provide as follows:

> 4. Notwithstanding anything to the contrary herein or in the Motion, (a) the relief granted herein shall not alter, impair, and/or otherwise impact property of the Estate; (b) the Estate shall not be required to incur any significant cost or expense as it relates to the relief granted herein; and (c) neither the Trustee nor the Estate shall have any future obligation of any sort with respect to the settlement of the RTF Litigation absent further order of this Court.
>
> 5. In the event the Plaintiffs are unable to recover the full amount they are owed as a result of the settlement of the RTF Litigation from sources other than property of the Estate, and to the extent the Plaintiffs desire to pursue additional amounts from the Estate, the Plaintiffs shall pursue any such claims only in accordance with the claims procedures established in this case for general unsecured creditors.

8. Given said language, the Trustee does not object to the limited relief sought in the Motion for Relief so long as the Movants obtain the Trustee's endorsement on the Proposed Order before the same is tendered to the Court.

WHEREFORE, the Trustee respectfully requests the that Court not grant the relief requested in the Motion for Relief unless it contains (a) the language contained in paragraphs 4 and 5 of the Proposed Order and (b) the Trustee's endorsement.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: December 4, 2019
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December 2019, a true copy of the foregoing Trustee's Response was sent by electronic delivery to:

Robert B. Van Arsdale, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219


MICHAEL WILSON PLC
Michael G. Wilson, Esquire
PO Box 6330
Glen Allen, VA 23058
mike@mgwilsonlaw.com
*Counsel to Movants*

/s/ *Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*