## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| *In re*: | ) | Chapter 7 |
| | ) | |
| LeClairRyan, PLLC | ) | |
| aka LeClairRyan, a Professional Corporation | ) | |
| *Debtor*. | ) | Case No. 19-34574-KRH |
| | ) | |

### **NOTICE OF MOTION**

Christian and Barton, LLP has filed papers with the Court seeking modification of the automatic stay.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have any attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in this motion, or if you want the Court to consider your views on the motion, then within fourteen (14) days from the date of service of this motion, you must file a written response explaining your position with the Court at the following address:

File with the Court an answer, explaining your position at:

William C. Redden, Clerk
U.S. Bankruptcy Court
Eastern District of Virginia, Richmond Division
701 East Broad Street, Suite 4000
Richmond, VA 23219

If you mail your request or response to the Court for filing, you should mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to

---

Robert H. Chappell, III, Esquire (VSB #31698)
Karl A. Moses, Jr., Esquire (VSB# 89433)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Phone: (804) 697-2000
Fax: (804) 697-2100
*Counsel for Movant*

Robert H. Chappell, III, Esquire
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

and to

Lynn L. Tavenner, Chapter 7 Trustee
20 North Eight Street, Second Floor
Richmond, VA 23219

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

## MOTION TO MODIFY THE AUTOMATIC STAY

Christian and Barton, LLP (the "Movant") through counsel and pursuant to 11 U.S.C. §§ 105(a) and 362 and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), file this Motion to Modify the Automatic Stay (the "Motion"). In support of the Motion, Movant states as follows:

## PRELIMINARY STATEMENT

1. Movant has provided professional legal services to the Debtor and certain attorneys formerly employed by the Debtor in certain litigation matters described below. The fees and costs related to that representation have been paid largely from the proceeds of certain professional liability polices owned by the debtor. Movant, with the consent of the Chapter 7 Trustee, seeks entry of an order modifying the automatic stay to: (i) permit Movant to release from escrow certain funds pertaining to pre-petition legal services; (ii) permit the relevant insurer to advance additional funds in payment of pre-petition legal services; and (iii) authorize a protocol for review and payment of invoices for post-petition legal services for non-Debtor insureds under the terms of the relevant insurance policy.

**BACKGROUND AND PROCEDURAL HISTORY**

2.  The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(a). This matter is a "core" proceeding as defined in 28 U.S.C. § 157(b)(2), including, without limitation, subsections (b)(2)(A), (G), and (O).

3.  On or about September 3, 2019 (the "Petition Date"), LeClairRyan, PLLC (the "Debtor") filed a voluntary petition in the U.S. Bankruptcy Courts of the Eastern District of Virginia Richmond Division seeking relief under Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code"). On or about October 4, 2019 (the "Conversion Date"), an order was entered converting the case to a proceeding under Chapter 7 of the Bankruptcy Code.

4.  On or about October 24, 2019, Lynn L. Tavenner was appointed Interim Trustee (the "Trustee") and Ms. Tavenner continues to serve as the Trustee for the Bankruptcy Estate of the Debtor.

5.  Venue is proper before the Bankruptcy Court pursuant to 11 U.S.C. §§ 1408 and 1409, as this matter arises under a pending chapter 11 case before the Bankruptcy Court.

**The Insurance Policies**

6.  Pre-petition, the Debtor purchased a "stack" of six professional liability insurance policies (the "Policies" and each a "Policy") insuring the Debtor and its employees from certain claims, including claims of professional malpractice.

7.  Upon information and belief a subsidiary of Markel Corporation ("Markel") is the insurer in current payor position under the stack of Policies. Markel is currently disbursing funds pursuant its contractual obligations under the applicable Policy (the "Insurance Proceeds").

**The HDL Litigation**

8.  Pre-Petition, the Debtor provided legal services to Health Diagnostic Laboratories,

Inc. ("HDL").

9. On or about June 7, 2015, HDL filed a voluntary petition in the U.S. Bankruptcy Courts of the Eastern District of Virginia Richmond Division seeking relief under Chapter 11 of the Bankruptcy Code (the "HDL Bankruptcy").

10. The Debtor retained the Movant for legal representation for the Debtor and certain Debtor employees (together with the Debtor, the "Insureds") in the HDL Bankruptcy including with respect to claims brought by the Liquidating Trustee for the HDL Bankruptcy (the "HDL Litigation"). The fees and Costs incurred by the Movant in the above-described representation were paid previously from the Policies.

11. Portions of the HDL Litigation related to the Debtor have been settled.

12. Certain former employees of the Debtor who are Insureds under the Policies are witnesses in ongoing proceedings in the HDL Bankruptcy.

**The Mallory Litigation**

13. On or about December 29, 2017, Latonya Mallory, the Co-Founder and former chief executive officer of HDL, commenced a professional malpractice action in the Circuit Court for the City of Richmond, Virginia (the "Circuit Court") against certain Insureds (the "Mallory Litigation"). The Insureds retained the Movant for legal representation related to the Mallory Litigation. On or about August 8, 2019, the Mallory Litigation was dismissed by the Circuit Court. As of September 9, 2019, the Mallory Litigation is on appeal to the Supreme Court of Virginia. The fees and Costs incurred by the Movant in the above-described representation were paid previously from the Policies.

14. In conjunction with the HDL Litigation and the Mallory Litigation the Insureds

have received pre-petition legal services from and costs incurred by the Movant for which fees and costs remain due outstanding. The Movant has invoiced approximately $85,138.10 for fees and costs in invoices dated July 11, 2019; August 12, 2019; August 21, 2019 and September 20, 2019, for the pre-petition legal services and costs provided for the HDL Litigation and Mallory Litigation that are payable to the Movant pursuant to the Policies (the "Outstanding Fees").

15. Approximately $74,629.87 has been advanced by Markel in partial satisfaction of the Outstanding Fees (the "Escrowed Insurance Proceeds") in checks dated August 23, 2019; September 5, 2019; October 7, 2019; and November 7, 2019. The Escrowed Insurance Proceeds are currently being held in the Movant's trust account (the "Trust Account").

16. The Movant is currently providing post-petition legal services to the Debtor's former employees for ongoing matters related to the HDL Bankruptcy and the Mallory Litigation.

## RELIEF REQUESTED

17. Due to the fees and costs accrued in the HDL Litigation and the Mallory Litigation, the Movant seeks relief from the automatic stay, to the extent applicable, to authorize Markel to advance to the Movant funds for payment of legal fees and costs in connection with the HDL Litigation and the Mallory Litigation, including fees and costs incurred pre-petition and fees and costs that will be incurred in the future, within the applicable limits of the Policy, thereby reducing the limits available to the Debtor, and subject to Policy terms, conditions, and exclusions.

18. Pursuant to § 362(d) of the Code, Movant seeks an Order, authorizing, but not directing, the following:

    (a) That Movant is authorized to access the Escrowed Insurance Proceeds held in trust in partial satisfaction of the Outstanding Fees that have been processed and paid by Markel;

    (b) That Markel is authorized to pay to Movant the balance of the Outstanding

Legal Fees.

(c) That Movant is authorized to issue invoices for reasonable fees and costs incurred in defending the Insureds (after notice of such invoices to the Trustee) and to receive Insurance Proceeds as payment for future invoices for legal representation provided to the Insureds provided that payment is subject to the terms of the Markel Policy;

(d) That Movant is authorized to bill and Markel is authorized to continue to operate in accordance with its contractual obligations under the Policy, including, without limitation, payment and advancement of future fees, costs, and expenses for counsel, experts, and / or vendors incurred in the post-petition defense of the Debtor and the Insureds in connection with the HDL Bankruptcy and the Mallory Litigation, subject to Policy terms, conditions, and exclusions and subject to a protocol affording the Trustee the ability to review invoices related to the HDL Bankruptcy and Mallory Litigation prior to submission for payment.

## ARGUMENT

19. The automatic stay precludes the exercise of control over any "property of the estate." 11 U.S.C. § 362(a)(3). An insurance policy issued to a debtor is property of the bankruptcy estate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1001 (4th Cir. 1986); *Groshong v. Sapp*, 423 B.R. 537, 542 (9th Cir. BAP 2010). Whether the proceeds of an insurance policy are property of the estate is a fact-specific inquiry. *In re Sfuzzi, Inc.*, 191 B.R. 664, 668 (Bank. N.D. Tex. 1996).

20. Section 362(d) further provides, however, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). The Code does not define "cause."

21. Courts generally hold that when a debtor's liability proceeds provide coverage directly to the Debtor, those proceeds are property of the estate; and when the liability proceeds provide coverage directly to the directors and officers, those proceeds are not property of the estate. *In re Allied Digital Techs. Corp.*, 306 B.R. 505, 512 (Bankr. D. Del. 2004). However, where the

liability coverage extends to the directors and officers and the Debtors, the proceeds will be estate property to the extent that the policy protects the Debtor's other assets from diminution. *Id*.

22. Assuming *arguendo* that the proceeds in this instance are property of the estate, the Bankruptcy Court may modify the automatic stay under 11 U.S.C. § 362(d)(1) for "cause." In the Fourth Circuit, "cause" exists to modify the stay where the potential prejudice to a debtor's estate is outweighed by any hardship experienced by the movant. *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992) (modifying the automatic stay). And, the scope of "cause" that justifies modifying the stay under § 362(d)(1) is broad. *NationsBank of Va., N.A. v. DCI Publ'g of Alexandria, Inc.*, 160 B.R. 538, 540 (E.D. Va. 1993).

23. Here, there is sufficient cause to justify an order lifting or modifying the automatic stay. To the extent applicable, the automatic stay interferes with contractual duties owed to the Insureds under the Policy, and the stay is hindering Markel's ability to comply with its duties under the Policy to provide a defense and reimburse defense costs in a timely fashion. Further, although the payment of defense costs will erode the limits of the Policy for the Debtor, the proceeds of the Policy are ***not*** a liquid, general source of recovery for the Debtor's bankruptcy estate. Rather, payment of Policy proceeds is dictated by and subject to the terms of the Policy, and the Movant' rights are established by the Policy. In other words, general unsecured creditors of the Debtor, such as trade vendors or suppliers, cannot look to the Policy for recovery on their claims. Conversely, however, Insureds, may be contractually entitled to recover under the Policy.

24. The automatic stay imposes a further hardship on Movants by preventing them from receiving payment on invoices for covered defense fees and costs. Currently, the stay precludes Markel from reimbursing the Insureds or their counsel.

25. These hardships amount to sufficient cause to justify lifting or modifying the stay.

Courts in other circuits facing this issue have found sufficient "cause" under § 362(d)(1) where similar facts are present. *In re Savient Pharm., Inc.*, No. 13-12680, 2014 WL 3388055, *1 (Bankr. D. Del. May 20, 2014) (ordering stay to be lifted to permit insurer to make payments under an insurance policy to reimburse defense counsel acting on behalf of insureds—including debtor— finding that reimbursement of defense counsel was in debtor's best interest); *In re Enron Corp.*, No. 01-16034, 2002 WL 1008240, *2 (Bankr. S.D.N.Y. May 17, 2002) (lifting stay and authorizing debtor and all parties to exercise contractual rights under insurance policies issued to debtors, including reimbursement of defense costs); *see also In re Boston Reg'l Med. Ctr., Inc.*, 285 B.R. 87, 98 (Bankr. D. Mass. 2002) (granting relief from stay to permit use of D&O policy proceeds to reimburse outstanding defense costs).

**Request for Waiver of Local Rule 9013-1(G)**

26.     The Movant respectfully request that the Court treat this Motion as a written memorandum of points and authorities or waive any requirement that this Motion be accompanied by a written memorandum of points and authorities as described in Local Rule 9013-1(G).

WHEREFORE, the Movant respectfully requests that the Court enter an Order modifying the Automatic Stay and granting the following relief:

(i)     Permitting the Movant to access the Escrowed Insurance Proceeds advanced by Markel in the checks dated August 23, 2019; September 5, 2019; October 7, 2019; and November 7, 2019, totaling $74,629.87 for the partial payment of the legal defense fees and costs included in the invoices dated July 11, 2019; August 12, 2019; August 21, 2019; and September 20, 2019.

(ii)    Authorizing Markel to advance funds from Policy Proceeds in the amount of $10,508.23 that Movant may utilize toward full satisfaction of the remaining Outstanding Fees

contained in the invoices dated July 11, 2019; August 12, 2019; August 21, 2019; and September 20, 2019.

  (iii) Authorizing Markel to pay on behalf of the Insureds under the Policies defense fees and costs that have been and will be incurred post-petition ("Incurred Costs"), and defense fees and costs that accrue post-petition on a prospective basis ("Prospective Costs") as to Insureds under the Policies subject to a protocol affording the Trustee the ability to review invoices from the Movant related to the HDL Bankruptcy and Mallory Litigation prior to submission for payment.

  (iv) For such other relief the Court deems just and proper.

Dated: December 6, 2019          CHRISTIAN AND BARTON, LLP

                    By: */s/ Karl Anthony Moses, Jr.*
                      Counsel

Robert H. Chappell, III, Esquire (VSB# 31698)
Karl A. Moses, Jr., Esquire (VSB# 89433)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
*Counsel for Movant*

**CERTIFICATE OF SERVICE**

  I hereby certify that a true copy of the foregoing Notice and Motion to Modify the Automatic Stay was sent via U.S. Mail, postage prepaid, and/or delivered by electronic means, this 6th day of December 2019 to the following, constituting all necessary parties:

Tyler P. Brown
951 East Byrd Street
Richmond, VA 23219

Lynn L. Tavenner
20 North Eight Street, Second Floor
Richmond, VA 23219

John P. Fitzgerald, III
Office of the US Trustee - Region 4-R
701 E. Broad Street, Ste 4303
Richmond, Virginia 23219

D. Michael Jones
Senior Vice President, General Counsel and Secretary
Markel Corporation
4521 Highwoods Parkway
Glen Allen, Virginia 23060-6148

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ *Karl Anthony Moses, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Counsel