IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>LECLAIRRYAN PLLC,<br><br>　　　Debtor. | Chapter 7<br><br>Civil Action No. 19-34574 |

**MOTION FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

COMES NOW Petersburg Regency LLC ("Petersburg") and Robert Harmon ("Harmon"; together with Petersburg, the "Plaintiffs") and move this Court for entry of an order, substantially in the form attached hereto, granting the Plaintiffs (a) limited relief from the automatic stay pursuant to Section 362(d)(1) of Title 11 of the United States Code (the "Bankruptcy Code") as discussed herein; (b) waiving the fourteen (14) day stay imposed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (c) for certain related relief. In support of this Motion, Plaintiffs respectfully state as follows:

**I.　　JURISDICTION AND VENUE**

1.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated July 10, 1984.

2.　　Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

**MICHAEL WILSON PLC**
Michael G. Wilson (VSB No. 48927)
12733 Storrow Rd.
Henrico, VA 23233
Telephone: (804) 614-8301
mike@mgwilsonlaw.com

*Counsel to the Plaintiffs*

3. The bases for the relief requested herein are 11 U.S.C. § 362(d) and Bankruptcy Rules 4001 and 9014.

## II.    BACKGROUND

4. On September 3, 2019 ("Petition Date"), the above-captioned debtor (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. In early October of 2019, this case was converted to one under chapter 7 of the Bankruptcy Code and Lynn L. Tavenner (the "Trustee") was appointed as the chapter 7 trustee of the Debtor.

6. The Debtor was founded in 1988 and operated as a national law firm that grew to more than 20 offices around the country. On or about July 30, 2019, the Debtor announced that the members of the firm had determined to dissolve the firm and wind-down the Debtor's operations.

7. On May 7, 2019, the Plaintiffs filed a lawsuit in the Superior Court of New Jersey (the "Petersburg Lawsuit") against the Debtor and certain attorneys who formerly worked at the Debtor, asserting, among others, claims for legal malpractice relating to the Debtor's representation of the Plaintiffs in an underlying litigation matter.

## III.    RELIEF REQUESTED

8. The Plaintiffs request that the Court entered an order, substantially in the form attached hereto as Exhibit A (the "Order"), granting the Plaintiffs (a) limited relief from the

automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code to permit the Debtor and its insurer to pursue the Petersburg Lawsuit; and (b) waiving the fourteen (14) day stay of the Order imposed by Bankruptcy Rule 4001(a)(3).

### IV.    ARGUMENT

9. Section 362(d) of the Bankruptcy Code provides that, after notice and a hearing, the court shall grant relief from the automatic stay for "cause." 11 U.S.C. § 362(d)(1). Congress, however, did not define the term "cause" in the Bankruptcy Code. Thus, "Courts must determine when discretionary relief is appropriate on a case-by-case basis." See, e.g., *Robbins v. Robbins (In re Robbins)*, 964 F.2d, 342, 345 (4th Cir. 1992) (citations omitted).

10. The Robbins Court established a three-factor test for courts to sue when determining whether "cause" exits:

> (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

*Id.*

11. Here, all three factors weigh in favor of grating the relief requested. The claims in the Petersburg Lawsuit, including the malpractice claims, all arise under the laws of New Jersey. It would be a waste of this Court's time and the estate's limited assets to have to litigate the claims asserted by the Plaintiffs in the Petersburg Lawsuit. If anything, litigating the Plaintiffs' claims before this Court may impose additional costs and expenses for all parties given that all relevant

3

fact witnesses reside in New Jersey. On the other hand, granting the relief requested herein would impose little or no additional burden on the Debtor or the Estate than would be imposed in liquidating the claims before this Court, nor will such relief impact any other creditors of the Debtor's estate.

12. The Plaintiffs seek relief for the sole purpose of permitting the Plaintiffs in the Petersburg Lawsuit to reduce those claims to either settlement or judgment, and then to permit the Plaintiffs to seek recovery of those amounts from any applicable insurance coverage the Debtor may have.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## V. CONCLUSION

WHEREFORE, for the reasons set forth above, the Plaintiffs request that the Court enter the Order granting: (a) limited relief from the automatic stay pursuant to Section 362(d)(1) of the Bankruptcy Code to permit the Plaintiffs to reduce those claims to either settlement or judgment, and then to permit the Plaintiffs to seek recovery of those amounts from any applicable insurance coverage the Debtor may have; and (b) waiving the fourteen (14) day stay of the Order imposed by Bankruptcy Rule 4001(a)(3); and (c) granting to the Plaintiffs such other and further relief as the Court deems just and proper.

Dated: December 12, 2019         **PETERSBURG REGENCY LLC and ROBERT HARMAN**

/s/ Michael Wilson
Michael G. Wilson (VSB #48927)
**Michael Wilson PLC**
PO Box 6330
Glen Allen, VA 23058
(804) 614-8301
mike@mgwilsonlaw.com

*Counsel to the Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of December 2019, I caused a copy of the foregoing pleading to be served by electronic means through the Court's ECF system and emailed to all parties receiving notices in this case.

                              /s/ Michael Wilson
                              Michael G. Wilson