**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>LECLAIRRYAN PLLC,<br><br>　　　　　Debtor. | Chapter 11<br><br>Civil Action No. 19-34574 |

**ORDER GRANTING MOTION FOR LIMITED**
**RELIEF FROM THE AUTOMATIC STAY**

This matter having come before the Court upon the *Motion for Limited Relief from the Automatic Stay* (the "Motion") filed by R.F. Technologies, Inc. ("RFT") and Robert Noorian ("Noorian"; together with RFT, the "Plaintiffs"); the Court having reviewed the Motion, and considered the evidence and arguments of counsel in support of the Motion; and the Court having concluded that due and proper notice of the Motion having been given; and it appearing that there is good cause to grant the relief requested; accordingly, the Court hereby ORDERS, ADJUGES AND DECREES as follows:

　　1.　　The Motion is GRANTED.

　　2.　　The automatic stay is hereby modified as provided herein pursuant to section 362(d)(1) of the Bankruptcy Code, to permit the Plaintiffs and the other parties to the RTF Litigation to consummate and finalize the settlement of the RTF Lawsuit[1].

　　3.　　The fourteen (14) day stay of the effective date of this Order imposed by Bankruptcy Rule 4001(a)(3) is hereby waived.

---

[1] Capitalized terms used, but not defined herein shall have the meaning ascribed to such terms in the Motion.

4. Notwithstanding anything to the contrary herein or in the Motion, (a) the relief granted herein shall not alter, impair, and/or otherwise impact property of the Estate; (b) the Estate shall not be required to incur any significant cost or expense as it relates to the relief granted herein; and (c) neither the Trustee nor the Estate shall have any future obligation of any sort with respect to the settlement of the RTF Litigation absent further order of this Court.

5. In the event the Plaintiffs are unable to recover the full amount they are owed as a result of the settlement of the RTF Litigation from sources other than property of the Estate, and to the extent the Plaintiffs desire to pursue additional amounts from the Estate, the Plaintiffs shall pursue any such claims only in accordance with the claims procedures established in this case for general unsecured creditors.

Dated: Dec 19 2019

/s/ Kevin R Huennekens

Kevin R. Huennekens
United States Bankruptcy Judge

Entered on Docket:  Dec 20 2019

WE ASK FOR THIS:

/s/ Michael Wilson
Michael G. Wilson (VSB #48927)
**Michael Wilson PLC**
PO Box 6330
Glen Allen, VA 23058
Telephone: (804) 614-8301
mike@mgwilsonlaw.com

*Counsel to the Plaintiffs*

SEEN AND NO OBJECTION:

/s/ Paula S. Beran
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
**Tavenner & Beran, PLC**
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## LOCAL BANKRUPTCY RULE 9022-l(C) CERTIFICATION

Pursuant to Rule 9022-l(C)(l) of the Local Rules of Bankruptcy Procedure for the Eastern District of Virginia, the undersigned counsel hereby certifies that this Order has been endorsed by all necessary parties.

/s/ Michael Wilson
Michael Wilson