**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor.[1] | Chapter 7<br><br>Case No. 19-34574 (KRH) |

**CHAPTER 7 TRUSTEE'S FOURTH INTERIM ORDER (I) AUTHORIZING USE OF PREPETITION SECURED LENDERS' CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (II) GRANTING ADEQUATE PROTECTION AND RELATED RELIEF TO PREPETITION SENIOR SECURED LENDERS**

Upon the motion (the "**Motion**")[2] of Lynn Tavenner, Esq., not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" or the "**Debtor**"), in the above-referenced chapter 7 case (the "**Case**") for entry of an order, pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, authorizing the Chapter 7 Trustee, on behalf of the Estate, to use cash collateral and granting certain adequate protection and related relief filed as of October 4, 2019; the Court finds that: (a) it has jurisdiction over the

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Chapter 7 Trustee's First Interim Order (i) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (ii) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders [ECF 143] (the "**First Interim Order**").

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Trustee*

matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Estate; (d) proper and adequate notice of the Motion and the hearings thereon has been given and no other or further notice is necessary; (e) the Lender and ULXP are adequately protected by virtue of the adequate protection provided under the First Interim Order, the Second Interim Order and Third Interim Order as continued hereunder; (f) all objections raised to the Motion having been resolved, withdrawn or overruled; and (g) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms, conditions and provisions of this Fourth Interim Order, each of the findings, conclusions, representations, recitals, stipulations, and orders contained in the First Interim Order, Second Interim Order and Third Interim Order shall be and hereby are ratified and affirmed as if set forth herein in full, and shall remain in full force and effect except as expressly modified pursuant to the terms of this Fourth Interim Order.

2. The Chapter 7 Trustee is authorized to use cash collateral on an interim basis subject to the terms and conditions contained herein and in the First Interim Order (including without limitation, the continued provision of adequate protection as provided therein and the Carve-Out), Second Interim Order and Third Interim Order for the benefit of the Estate solely in accordance with the Fourth Interim Budget attached hereto as <u>Exhibit 1</u> to satisfy any and all necessary and budgeted (i) obligations incurred in the ongoing post-conversion date operation of the Estate, and (ii) costs and expenses arising in connection with the post-conversion date

administration of the Estate. For the avoidance of doubt, the prior Budgets appended as Exhibit 1 to each of the First Interim Order, Second Interim Order and Third Interim Order shall not be of any further force or effect in regard to payments to be made under this Fourth Interim Order. Absent the express written consent of Lender, the Chapter 7 Trustee shall not use cash collateral to pay any costs or expenses (i) that are or will be in an amount that is in excess of the applicable line item for such cost or expense contained in the Fourth Interim Budget, or (ii) that are not provided for in a line item in the Fourth Interim Budget.

3.  The claim of the Lender on account of the Lender's Prepetition Debt is hereby allowed in full (the "**Lender's Allowed Claim**") and shall not be subject to any avoidance, reduction, set off, offset, recharacterization, subordination (whether equitable, contractual, or otherwise), counterclaim, cross-claim, defense, disallowance, impairment, objection, or any other challenges under any applicable law or regulation by any person or entity (each a "**Challenge**"). As of December 9, 2019, the Lender's Allowed Claim was due and payable to Lender in the total aggregate amount of $1,954,982.68 (the "**December Secured Claim Amount**"), inclusive of all principal, fees, costs, expenses and interest, except certain professional fees that have accrued on and after December 1, 2019. Neither the December Secured Claim Amount nor any of the principal, fees, costs, expenses or interest included therein, nor any previously paid principal, fees, costs or interest shall be subject to Challenge. Interest, fees, costs and expenses on the Lender's Allowed Claim subsequent to December 9, 2019 (and in the case of professional fees, subsequent to December 1, 2019) have accrued and continue to accrue in accordance with the Loan Agreement, the First Interim Order, Second Interim Order, Third Interim Order and the Fourth Interim Order. All interest, fees, costs and expenses accrued or accruing subsequent to

3

December 9, 2019 (and in the case of professional fees, accrued or accruing subsequent to December 1, 2019 and not included in the December Secured Claim Amount) shall be payable from the Estate; provided, however, the Trustee hereby reserves her rights to Challenge such amounts that have accrued or accrue subsequent to December 9, 2019 (and in the case of professional fees, accrued or accruing subsequent to December 1, 2019); provided further, however Lender hereby reserves all of its rights and defenses to any Challenge by the Trustee.

4. Absent a subsequent order of the Court or an agreement between the Chapter 7 Trustee on behalf of the Estate and the Lender, the Chapter 7 Trustee's authorization to use cash collateral on behalf of the Estate hereunder shall terminate upon the first to occur of January 31, 2020, or any of the events of default set forth in Paragraphs 10(a)-(g) of the First Interim Order, provided that the Chapter 7 Trustee (i) may cure any of the events of default set forth in Paragraphs 10(a)-(g) of the First Interim Order that are able to be cured within five (5) business days following such event of default, and (ii) is required to meet and confer with the Lender within five (5) days of the occurrence of such event of default. The Chapter 7 Trustee shall be permitted to use cash collateral on behalf of the Estate until the occurrence of such meet and confer at which time the Chapter 7 Trustee's rights to use cash collateral shall terminate unless otherwise agreed by Lender.

5. The automatic stay under Bankruptcy Code section 362(a) shall be, and hereby is, modified to the extent necessary to permit (i) the Lender to apply any further payments made pursuant to paragraph 6 of the First Interim Order to curtail the Lender's claims for principal, interest, and expenses in accordance with the waterfall contained in the Fourth Interim Budget,

4

and (ii) to send a notice and exercise any rights and remedies hereunder as set forth herein and/or the First Interim Order, Second Interim Order or Third Interim Order.

6. The Lender and ULXP reserve the right to request further or different adequate protection for the period of time after the Chapter 7 Trustee's authorization to use cash collateral under this Interim Order has terminated, and the Chapter 7 Trustee or any other party may contest any such request. In addition, the Lender, ULXP, and the Chapter 7 Trustee reserve all rights and defenses with respect to any further order or further relief pertaining to cash collateral.

7. The Chapter 7 Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Fourth Interim Order.

8. The contents of the Motion, the notice procedures set forth therein, and the service of First Interim Order, Second Interim Order and Third Interim Order provided good and sufficient notice and satisfied Bankruptcy Rules 4001 and 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Interim Order.

Richmond, Virginia

Dated: Dec 20 2019

/s/ Kevin R Huennekens

United States Bankruptcy Judge

Entered on Docket: Dec 20 2019

I ask for this:

/s/ *Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn Lewis Tavenner, Trustee*

## Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

/s/ *Paula S. Beran*
Counsel for Trustee

**Service List for Entered Order**
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

# **EXHIBIT 1**

**Fourth Interim Budget**

LeClairRyan, PLLC
Post Chapter 7 Conversion Budget
**Summary**
$ in 000s

|  | Budgeted Wk 9 12/27 | Budgeted Wk 10 1/3 | Budgeted Wk 11 1/10 | Budgeted Wk 12 1/17 | Budgeted Wk 13 1/24 | Budgeted Wk 14 1/31 |
|---|---|---|---|---|---|---|
| I. Cash Receipts | | | | | | |
| Gross Receipts | $ 127 | $ 352 | $ 157 | $ 126 | $ 67 | $ 43 |
| II. Disbursements | | | | | | |
| Total Payroll, Taxes, & Benefits | 27 | 26 | 26 | 26 | 26 | 26 |
| Operating Expenses | 95.7 | 78.8 | 89.1 | 84.6 | 25.9 | 15.6 |
| Leases | - | - | - | - | - | - |
| Professionals | - | - | - | - | - | - |
| Total Disbursements | 123 | 104 | 115 | 110 | 51 | 41 |
| III. Net Cash Flow | $ 4 | $ 248 | $ 43 | $ 16 | $ 16 | $ 2 |

|  | Budgeted Wk 9 12/27 | Budgeted Wk 10 1/3 | Budgeted Wk 11 1/10 | Budgeted Wk 12 1/17 | Budgeted Wk 13 1/24 | Budgeted Wk 14 1/31 |
|---|---|---|---|---|---|---|
| IV. Weekly Cash Waterfall | | | | | | |
| A) Cash Available | | | | | | |
| Beginning Cash | $ 18 | $ 16 | $ 17 | $ 17 | $ 8 | $ 6 |
| Plus: Net Cash Flow | 4 | 248 | 43 | 16 | 16 | 2 |
| Plus: Release of non-trust "client expenses" | | | | | | |
|  | 23 | 263 | 60 | 33 | 23 | 8 |
| B) Allocation of Available Cash | | | | | | |
| i) Holdback of Post-Petition "client expenses" | (6) | (18) | (8) | (6) | (3) | (2) |
| C) Cash Available for LeClairRyan and VCF Curtailment | 16 | 246 | 52 | 27 | 20 | 6 |
| i) Operating Expense Reserve | (16) | (17) | (17) | (8) | (6) | (6) |
| ii) VCF Loan Curtailment | $ (1) | $ (229) | $ (35) | $ (19) | $ (14) | $ 0 |
| D) Remaining Unallocated Cash | - | - | - | - | - | - |