UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
|     LeClairRyan, PLLC,[1] | 19-34574-KRH |
|     Debtor | Chapter 7 |

## TRUSTEE'S APPLICATION TO RETAIN AND EMPLOY
## FOLEY & LARDNER LLP AS SPECIAL COUNSEL

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby submits this application ("**Application**") pursuant to 11 U.S.C. § 327(e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure for authorization to employ Foley & Lardner LLP ("**Foley & Lardner**" and/or "**Foley**"), as special counsel retroactive to January 30, 2020, and in support thereof states the following:

### Jurisdiction

1.     The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

*Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.     On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor was operating its business as a debtor-in-possession.

5.     On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019, the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**") as stated in the *Order on Motion to Convert Case to Chapter 7* the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019.

6.     Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

### The Need for Special Counsel

7.     The Trustee has determined that she needs the advice and guidance of experienced legal counsel to carry out her duties under the Bankruptcy Code, specifically to investigate and pursue certain litigation claims. The Trustee believes that these potential litigation claims may be

of substantial value but requires the assistance of counsel to assist in her investigation, evaluation, and, if necessary, pursuit of such claims.

## The Trustee's Selection of Foley & Lardner LLP

8.      The Trustee, in the exercise of her business judgment and consistent with her duties, has selected Foley & Lardner to represent her as special counsel in this Case based on its considerable experience in insolvency and bankruptcy matters, as well as its considerable experience in internal investigations. For instance, Foley & Lardner has served as special litigation counsel in *In re MS Grand, Inc.* (Bank. E.D. Va.); *In re: Kang* (Bank E.D. Va.); *In re AgFeed Industries, Inc. et al* (Bankr. D. Del.); *In re Stillwater Asset Backed Offshore Fund Ltd.,* (Bankr. S.D.N.Y. 2013); and *In re Sunterra, Inc.* (Bank. D. Md.).

9.      Foley & Lardner has significant experience in the investigation and prosecution of claims similar to those in this Case. Foley & Lardner's bankruptcy and litigation practitioners have investigated and prosecuted auditor, accountant and other professional liability claims, director and officer liability actions, mass preference actions, fraudulent transfer lawsuits, suits arising out of leveraged buyout transactions, and lender liability suits. Examples of Foley & Lardner's engagements include:

a.  Representing a Litigation Trust in successful litigation in Bankruptcy Court against an auditing firm and certain directors and officers of a bankrupt company for breach of fiduciary duty, constructive fraud, and aiding and abetting liability.

b.  Representing Wilmington Trust, suing on behalf of noteholders, in connection with litigation against private equity owner and certain of its directors and officers in

litigation seeking recovery of a $2 billion judgment against bankrupt entity on grounds of fraud; and

c. Representing officers of a public company in breach of fiduciary duty lawsuit brought by bankruptcy trustee in *In re Land America* defending against claims of breach of duty and alter ego liability.

#### Scope of Services to be Provided

10.    The Trustee contemplates utilizing Foley & Lardner to provide the following professional services:

a. Investigation of potential claims (the "**Investigation Phase**"), including but not limited to, Chapter 5 claims, fraudulent transfers, excessive compensation, breaches of fiduciary duty, and/or unjust enrichment. As part of the Investigative Phase, Foley & Lardner will make a recommendation to the Trustee that will include, among other things, proposed next steps as it relates to the prosecution of some or all of the claims. The claims that Foley & Lardner will pursue will not include any malpractice claims against former lawyers of the Debtor or claims against current employers of former lawyers of the Debtor; and

b. To the extent that the Trustee determines that it is in the best interest of the Estate to pursue claims, through litigation or otherwise, and Foley & Lardner agrees with the Trustee's determination as to each and every claim that should be pursued, Foley & Lardner will pursue such claims through litigation and/or other means. The pursuit of such claims shall be deemed the "**Litigation Phase**" of the representation.

Collectively, the claims and causes of action described above are referred to as the "**Claims**." To the extent Foley & Lardner and the Trustee agree, Foley & Lardner may commence the Litigation Phase on certain Claims notwithstanding that Foley & Lardner has not completed the Investigation Phase on all Claims. Foley & Lardner will bill as appropriate for particular work being done even if in concurrent phases.

11.    The Engagement Letter of Foley & Lardner is attached as Exhibit 1.

12.     Previously, the Trustee filed an application to employ the law firm of Tavenner &

Beran, PLC ("**Tavenner & Beran**") as her bankruptcy counsel. Tavenner & Beran and Foley &

Lardner understand the necessity to, and have agreed to, coordinate with each other to minimize

any duplication of efforts.

### Compensation

13.     During the Investigative Phase, Foley & Lardner shall charge its standard hourly

rates, subject to a ten (10) percent discount. Payment of such fees shall be subject to application

and approval under § 330 of the Bankruptcy Code. Currently, the hourly rates of the attorneys who

will likely work on this matter range from $355 to $1,250. Paraprofessional rates range from $60

to $320. The hourly rate for lead attorney on the engagement is currently $1,050. These rates may

change from time to time.

14.     During the Litigation Phase, the Estate will compensate Foley & Lardner for

services, subject to the professional responsibility and other rules governing its practice, based on

the total recoveries on the Claims or the net value to the Estate of any release of claims against the

Estate (the "**Recoveries**"). Foley & Lardner shall receive 30 percent of the Recoveries.

Notwithstanding anything to the contrary herein, the compensation for the avoidance of any lien

shall be mutually agreed to on a case-by-case basis by the Trustee and Foley & Lardner. Under no

circumstance, however, shall the total compensation for the avoidance of any lien exceed 30

percent of the Recoveries.

15.     Foley & Lardner will be entitled to reimbursement of reasonable expenses during

both phases. Foley & Lardner will receive from the Estate an initial advance of $25,000.00 to be

used by Foley for the payment of actual and reasonable costs and expenses, as approved by the

Bankruptcy Court, incurred during either the Investigative or Litigation Phases. Foley may request the Trustee to advance on behalf of the Estate additional amounts toward the payment of costs and its expenses if the initial amount is insufficient or near exhaustion.

16.      The Estate shall provide to Foley & Lardner a post-petition retainer in the amount of $50,000. These funds will remain in Foley & Lardner's client trust account for the duration of its representation, and any remaining balance will be used to pay Foley & Lardner's final fee application. Foley & Lardner, however, reserves the right to use any part of said funds to satisfy a delinquent payment.

### Retention of Foley & Lardner Under Sections 327(e), 328, and 330

17.      The Trustee seeks to retain Foley & Lardner pursuant to § 327(e) of the Bankruptcy Code. Section 327(e) of the Bankruptcy Code authorizes the Trustee, with court approval, to employ an attorney for specified special purposes if such retention is in the best interest of the Estate and provided that the attorney "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e). Special counsel under § 327(e) need not be disinterested, but merely must not represent or hold an interest adverse to the special matter for which they seek to be employed. *See*, *e.g.*, *In re South Shore Golf Club Holding Co.*, 182 B.R. 94 (Bankr. W.D.N.Y. 1995). The concurrent representation of a creditor does not disqualify counsel from being engaged under § 327(e). *Johnson v. Richter, Miller & Finn*, 312 B.R. 810, 819 (Bankr. E.D. Va. 2004) (Ellis, J.); *see also* 11 U.S.C. § 327(c).

18.      The Trustee proposes to initially retain Foley & Lardner on an hourly basis at the agreed to hourly rates, including reimbursement of reasonable related costs and expenses, subject

to the Court's approval pursuant to § 330 of the Bankruptcy Code. The hourly rates of Foley & Lardner do not exceed the normal and reasonable charges for similar representation and legal services provided by firms of similar reputation, ability, and experience.

19.     The Trustee proposes to retain Foley & Lardner during the Litigation Phase, if necessary, pursuant to a 30 percent contingency fee, plus reimbursement of reasonable related costs and expenses, subject to the Court's approval under § 328 of the Bankruptcy Code. The Trustee believes this contingency fee is reasonable and does exceed the normal and reasonable contingency fees for similar representation and legal services provided by firms of similar reputation, ability, and experience.

20.     This Court and other Courts in and outside this jurisdiction have authorized employment of special counsel under similar terms and conditions. *See*, *e.g.*, *Order Granting Appl. to Emp. Offit Kurman, P.A. as Counsel to the Chapter 7 Trustee*, *In re MGT Constr. Mgmt., Inc.*, Case No. 18-30835-KRH (Bankr. E.D. Va. July 3, 2018), ECF No. 82; *Order Approving Appl. to Emp. Whiteford Taylor & Preston, LLP as Special Counsel*, *In re RoomStore, Inc.*, Case No. 11-37790-KLP (Bankr. E.D. Va. Mar. 25, 2013); *In re Howrey, LLP*, Case No. 11-31376 (Bankr. N.D. Cal.) ECF Nos. 752, 762, 971, 1513, 2514, 2533, 2572, and 2577; *Order Authorizing the Emp't & Retention of Jones Day as Special Counsel*, *In re Dewey & LeBoeuf LLP*, Case No. 12-12321-MG (Bankr. S.D.N.Y. Oct. 5, 2012), ECF No. 525; *In re Dreier LLP*, Case No. 08-15051-SMB (Bankr. S.D.N.Y.), ECF Nos. 314, 719, 1534, and 1692.

### Foley & Lardner Neither Holds nor Represents an Adverse Interest

21.     Attached hereto and incorporated herein as Exhibit 2 is the Verified Statement of Erika L. Morabito of Foley & Lardner pursuant to Fed. R. Bankr. P. 2014(a) (the "**Morabito**

**Statement**"). Based on the Morabito Statement, Foley & Lardner does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which it is to be employed. Accordingly, Foley & Lardner's representation of the Trustee is consistent with § 327(e).

## Foley & Lardner is a Disinterested Person

22.     Based on the Morabito Statement, Foley & Lardner is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code. To the extent that Foley & Lardner is not disinterested, the Trustee is nevertheless permitted to employ Foley & Lardner as special counsel under § 327(e) of the Bankruptcy Code.

## Best Interests of the Estate

23.     As set forth above, Foley & Lardner satisfies all the requirements for employment as attorneys by the Trustee in these proceedings under §§ 327(e), 328, and 330 of the Bankruptcy Code.

24.     The employment of Foley & Lardner by the Trustee is in the best interests of the Estate.

## Effective Date of Retention

25.     Due to the exigencies of this Case, the Trustee requested Foley & Lardner to immediately undertake certain preliminary matters. Accordingly, Foley & Lardner commenced performing services for the Trustee on January 30, 2020. The Trustee requests that her retention of Foley & Lardner be approved effective as January 30, 2020.

**WHEREFORE,** Lynn L. Tavenner, Trustee, hereby requests that the Court enter an order, substantially in the form attached hereto as Exhibit 3 approving the employment of Foley & Lardner, as set forth herein, and to award any further relief the Court deems proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: January 30, 2020　　　By: */s/ Paula S. Beran*
Richmond, Virginia　　　　　Paula S. Beran, Esquire (VSB No. 34679)
　　　　　　　　　　　　　　PBeran@TB-LawFirm.com
　　　　　　　　　　　　　　David N. Tabakin, Esquire (VSB No. 82709)
　　　　　　　　　　　　　　DTabakin@TB-LawFirm.com
　　　　　　　　　　　　　　Tavenner & Beran, PLC
　　　　　　　　　　　　　　20 North 8th Street
　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　Telephone: (804) 783-8300
　　　　　　　　　　　　　　Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January 2020, a true copy of the foregoing Trustee's Application was sent by electronic delivery to:

Kenneth N. Whitehurst, III
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

And to all other parties who receive ECF notification in this Case.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

EXHIBIT 1

# ■FOLEY

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
WASHINGTON HARBOUR
3000 K STREET, N.W.
SUITE 600
WASHINGTON, D.C. 20007-5109
202.672.5300 TEL
202.672.5399 FAX
foley.com

January 16, 2020

202.295.4791
emorabito@foley.com

CLIENT/MATTER NUMBER

**V_IA_ E_MAIL_ O_NLY_ (L_TAVENNER_@tb-lawfirm.com)**

Lynn L. Tavenner, Chapter 7 Trustee of the
Bankruptcy Estate of LeClairRyan, PLLC
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Re:    Engagement Letter Agreement

Dear Lynn:

Thank you for selecting Foley & Lardner LLP (the "Firm" and/or "Foley") to represent you in your capacity as Chapter 7 Trustee, and solely in your capacity as the Chapter 7 Trustee ("you" or the "Trustee") of the bankruptcy estate (the "Estate") of *In re LeClairRyan PLLC,* (the "Debtor") in Case No. 19-34574, currently pending in the United States Bankruptcy Court (the "Court" and/or "Bankruptcy Court") for the Eastern District of Virginia, Richmond Division (the "LeClairRyan Bankruptcy"). The purpose of this Engagement Letter Agreement (the "Agreement") is to ensure that we have a clear understanding of our working relationship going forward. Please do not hesitate to contact us if you have any concerns.

## 1.    <u>Scope of Engagement</u>

This Agreement confirms the terms of this matter. As we discussed, the scope of our engagement will be split into two different phases (collectively, both phases are referred to herein as the "Matter").

a.    **<u>Investigative Phase</u>:** In the Investigative Phase, Foley will investigate and assess the potential claims (the "Claims") belonging to the Estate and report to the Trustee regarding the existence, viability, and collectability of the Claims. The Claims may include, among other things, Chapter 5 claims, fraudulent transfers, excessive compensation, breaches of fiduciary duty, and/or unjust enrichment. The Claims that Foley will pursue will not include any malpractice claims against former lawyers of the Debtor or claims against current employers of former lawyers of the Debtor. As part of the Investigative Phase, Foley will make a recommendation to the Trustee that will include, among other things, proposed next steps as it relates to the prosecution of some or all of the Claims.

AUSTIN          DETROIT          MEXICO CITY          SACRAMENTO          TAMPA
BOSTON          HOUSTON          MIAMI          SAN DIEGO          WASHINGTON, D.C.
CHICAGO          JACKSONVILLE          MILWAUKEE          SAN FRANCISCO          BRUSSELS
DALLAS          LOS ANGELES          NEW YORK          SILICON VALLEY          TOKYO
DENVER          MADISON          ORLANDO          TALLAHASSEE

# ∎FOLEY

### FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 2

     **b.**     **Litigation Phase:** To the extent that you determine that it is in the best interest of the Estate to pursue certain Claims, through litigation or otherwise, and Foley agrees with your determination as to each and every Claim that should be pursued, Foley agrees to pursue such Claims through litigation and/or other means on the terms and conditions set forth herein. The pursuit of such Claims shall be deemed the "Litigation Phase" of the representation.

     To the extent the Firm and you agree, the Firm may commence the Litigation Phase on certain Claims notwithstanding that the Firm has not completed the Investigation Phase on all Claims. The Firm will bill as appropriate for particular work being done even if in concurrent phases.

     **2.**     **Staffing**

     I will have primary responsibility for the Matter, but will utilize other Firm attorneys and paraprofessionals when that is appropriate and cost effective. We will keep you informed of our progress, and will utilize our best efforts to respond to you as promptly as possible. In return, you agree to keep us informed of any developments that affect the Matter as soon as you become aware of them, and to be available when we need to consult with you.

     **3.**     **Conflicts of Interest, Advance Waiver of Conflicts, and Client Identity**

     As we previously have discussed, we have determined that there is no present conflict of interest that prevents us from working on the Matter. However, as a large law firm, there may be instances where you ask us to represent the Estate in a matter that involves another existing or new client of the Firm. Or, conversely, the Firm may be asked during the course of our representation of you to represent another existing or new client in a matter that involves you. In either instance, if the other client's interests and your interests in the matter are directly adverse, the Firm may not handle the matter without your consent. By executing or otherwise affirming the terms of this Agreement, you consent now to such instances in connection with the following types of matters:

          a.     Counseling, advice, and negotiation regarding agreements, rights, or obligations, and preparation of documents unrelated to you and/or the Estate.

          b.     Arbitration, litigation, or other contested proceeding unrelated to you and/or the Estate.

          c.     Advocacy before federal, state, and local governments and non-judicial governmental entities in matters unrelated to you and/or the Estate.

          d.     Bankruptcy or insolvency proceedings in which the client may have an interest.

# ▉FOLEY
### FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 3

     e.     Evaluation of intellectual property rights, such as claim scope analysis, infringement analysis, invalidity analysis, or analysis with respect to any other statutory or non-statutory requirement, participation in connection with contested and uncontested intellectual property proceedings before the USPTO, or prosecuting non-interfering IP for another client in a related technology.

The Firm agrees that it will not handle directly adverse matters for other clients that are substantially related to any work the Firm performs for you.

This consent shall also permit the Firm to represent in the future any other parties who are or become adversely involved in any matters in which the Firm represents you, provided that the matters in which the Firm represents those other parties are not substantially related to any work the Firm performs for you.

## 4.    <u>Fees and Billing</u>

The fees and costs for the Matter are not predictable. Therefore, we cannot promise what fees or expenses will be necessary to resolve or complete the Matter. Any fees and costs we might have previously discussed are estimates only.

     a.     During the Investigative Phase, it is agreed that the Estate will compensate Foley for services, subject to the professional responsibility and other rules governing our practice, based on the time devoted to the Matter at the hourly rates charged by members of the Firm, subject to a 10% discount. Currently, the hourly rates of the attorneys who will likely work on this matter range from $355 to $1,250. Our paraprofessional rates range from $60 to $320. My hourly rate for the Matter is currently $1,050. These rates may change from time to time.

     b.     During the Litigation Phase, for any Claims which the Trustee and Foley should determine should be pursued, it is agreed that the Estate will compensate us for services, subject to the professional responsibility and other rules governing our practice, based on the total recoveries on the Claims or the net value to the Estate of any release of claims against the Estate (the "Recoveries"). Foley shall receive 30% of the Recoveries. Notwithstanding anything to the contrary herein, the compensation for the avoidance of any lien shall be mutually agreed to on a case-by-case basis by the Trustee and Foley. Under no circumstance, however, shall the total compensation for the avoidance of any lien exceed 30% of the Recoveries.

     c.     Allowance and payment of all fees paid to Foley by the Trustee shall be governed by Section 330 of the Bankruptcy Code. As part of the representation, Foley agrees that it will submit fee applications to the Bankruptcy Court with no frequency greater than on a quarterly basis. Foley also agrees to provide the Trustee with monthly

# ▪FOLEY

FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 4

fee statements and other monthly reports regarding the work Foley is performing on behalf of the Trustee when requested and upon reasonable notice by the Trustee.

        d.      Any approved Foley fee application shall be paid in full, to the extent that the Trustee has sufficient funds (including reserve funds sufficient for the operation of the Estate).  Notwithstanding the foregoing, to the extent the Estate, in the Trustee's sole discretion, does not believe that it can pay any given Foley approved fee application in full, the Trustee will determine how much can be paid and will notify Foley of same.  The Trustee agrees that any unpaid amounts will be carried forward and will be paid as soon as the Trustee determines that there are sufficient funds available in the Estate to pay past and current approved Foley fee applications in full.   In other words, a balance due will continue to accrue and will be paid in full when the Estate has sufficient resources to do so.

## 5.    <u>Costs</u>

        a.      We will bill the Estate for support services, such as photocopy, messenger and delivery service, online research, travel, court costs, and search and filing fees.  We do not bill long distance telephone charges or for conference calls. If we arrange a video conference on the Estate's behalf, we will bill at rates established by the service provider.  Certain support services that involve equipment or staffing or that require payments to third parties may include additional charges that reflect our internal costs.  It is our policy to provide the most cost effective and efficient support systems available.  Please note that some of our vendors provide the Firm credits based on volume usage at no additional cost to the Estate.  The Firm uses these credits to offset the cost of these types of services for our pro bono clients.  In addition, please note that if you request the Firm to conduct electronic processing, we will charge a fee designed to offset our cost.  Although we try to adjust our fees below market, fluctuations in the market could result in the Firm making a profit for these services.

        b.      To cover these expenses, Foley will receive from the Trustee an initial advance of $25,000.00 to be used by Foley for the payment of actual and reasonable costs and expenses, as approved by the Bankruptcy Court, incurred during either the Investigative or Litigation Phases.  Foley may request the Trustee to advance on behalf of the Estate additional amounts toward the payment of costs and its expenses if the initial amount is insufficient or near exhaustion.

        c.      You agree that we can make arrangements to have the Estate billed directly by third parties, or the Estate, upon appropriate Court approval, will pay directly invoices which we receive for costs from third parties, such as costs for consultants, appraisers, court reporters, technical support, foreign attorneys, or other parties that render billable services during the Matter.  If arrangements have not been made for direct billing or direct

# FOLEY

FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 5

payment by the Estate for third-party costs, you agree that we may pay these invoices on the Estate's behalf after we have first been paid by the Estate for such costs.

6.     **Retainer Requirements**

Our representation will not commence until we receive from the Estate funds in the amount of $50,000 unless otherwise agreed by Foley & Lardner.  These funds will remain in our client trust account for the duration of our representation, and any remaining balance will be used to pay Foley's final fee application. We reserve the right to use any part of said funds to satisfy a delinquent payment.

7.     **Limitations of Liability**

Foley & Lardner LLP is a limited liability partnership under the laws of Wisconsin.  This means the Estate's right to recover damages in a legal malpractice action that may exceed our insurance and Firm assets is limited to the personal assets of the attorneys whose acts or omissions gave rise to the Estate's claim.

8.     **Termination of Representation**

    a.     Either of us may terminate this Agreement at any time for any reason by written notice.  The Firm is subject to applicable rules of professional conduct when terminating a client engagement.  If we terminate the engagement, the Firm will take all reasonable and practical steps to protect the Estate's interests in the Matter and, at your request, suggest possible new counsel.  We will provide new counsel with any papers you have given us.  If permission from the court is necessary for withdrawal, we will promptly apply for it, and you will engage new counsel to represent the Estate.

    b.     Unless previously terminated, our representation of you in the Matter will end when we send our final invoice.  After the Matter ends, there might be changes in laws or regulations that might affect your future rights and liabilities, but the Firm does not have an obligation to continue to advise you about future legal developments, unless you engage us to do so.

9.     **Disposition of Files and Records**

    a.     Following the conclusion of the Matter, we will maintain the confidentiality of any of your confidential information provided us in accordance with applicable rules of professional conduct.  We will attempt to return to you any original documents provided by you, or provided by a third party, unless you provide written authorization to destroy them.

# ▐FOLEY

FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 6

b.      The Firm has internal policies that determine the retention period for closed representation files, which includes all electronic or hard copy records related to the Matter.  Therefore, we will retain the files pertaining to the Matter, including material prepared by or for the internal use of our attorneys, for a minimum period of ten (10) years following the conclusion of the Matter.  Therefore, if you do not request return of this file material prior to the expiration of the retention period, the Firm reserves the right to destroy it at the end of the defined retention period without further notice to the Estate.  Upon your reasonable request, the Firm will provide such portions of these file materials to you as required by the applicable rules of professional responsibility or other legal requirements.  Unless applicable rules of professional responsibility require an earlier return, we may retain such file material pending receipt of payment of any outstanding fees or costs.  The Firm reserves the right to retain a copy of your representation files.

## 10.   <u>Communication</u>

a.      We often send our clients information about the Firm or legal matters we think might be of interest to them.  You agree that we may send you this material, either by electronic mail or other means.  You also agree that we may communicate with you about this Matter by electronic mail on an unencrypted basis.

b.      Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated.  Any such statement made by us is an expression of opinion only and is not a promise or guarantee of results.

c.      You agree that the Firm may list you on publicly disclosed lists and other materials as a client that the Firm represents.

## 11.   <u>Additional Counsel</u>

The Firm understands that (a) the Trustee previously filed an application to employ the law firm of Tavenner & Beran, PLC ("Tavenner & Beran") as bankruptcy counsel and (b) the Court authorized said employment.  The Firm further understands the necessity to, and has agreed to, coordinate with Tavenner & Beran to minimize any duplication of efforts and to provide services to the Estate in a cost effective and efficient manner.

Please confirm your approval of this Agreement by returning a signed copy subject to all requisite Court approval.  If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

We look forward to working with you on this Matter.



**FOLEY**
FOLEY & LARDNER LLP

Lynn L. Tavenner
January 16, 2020
Page 7

Sincerely,

FOLEY & LARDNER LLP

Erika L. Morabito

Enclosures

AGREED AND ACCEPTED:

Lynn Tavenner, as Chapter 7 Trustee for *In re: LeClairRyan*

BY: _____

_____
1/30/2020
(Date)

EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

## **VERIFIED STATEMENT OF ERIKA L. MORABITO**

I, Erika L. Morabito, a partner at Foley & Lardner LLP, the proposed special counsel for Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), pursuant to Bankruptcy Rule 2014(a), state in support of the Trustee's Application to Retain and Employ Foley & Lardner LLP as Special Counsel (the "**Application**"):

1.      I am a partner at Foley & Lardner LLP ("**Foley**"), Washington Harbour, 3000 K Street, N.W., Suite 600, Washington, D.C. 20007-5109, and am admitted to practice law in, among other jurisdictions, the Commonwealth of Virginia and the United States Bankruptcy Court for the Eastern District of Virginia.

2.      I have run a conflict check prior to executing this statement pursuant to the following procedures:

    a.    Foley searched the names of the Debtor, the Estate, and  the Trustee.

    b.    Foley searched the name of the  potential investigation candidates  currently identified by the Trustee (collectively, the "**Investigation Candidates**").  These

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

included: a) all individuals or entities listed on Exhibit 3 and/or Exhibit 4 of the Statement of Financial Affairs [Dkt No. 211]; b) all members of the Dissolution Committee; and c) all individuals who had arrangements with the firm related to life insurance.

3.      Based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Foley does not represent any creditors or parties in interest in this Case.

4.      In addition, based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Foley does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which it is to be employed.

5.      Furthermore, based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Foley has no connection with the Debtor, the Trustee, the Estate, the Investigation Candidates, the United States Trustee, or any person employed in the Office of the United States Trustee.

6.      To the best of my knowledge, information and belief, Foley has no other connection with the Debtor, the Investigation Candidates, the United States Trustee, any person employed in the Office of the United States Trustee, or any other party in interest.

7.      As with any bankruptcy case, it is difficult to say with certainty that all material relationships have been investigated and discovered at this point in the Case. Accordingly, Foley will periodically update its conflicts database, as well as any additional potential investigation candidates, and if any new material relationships are discovered, they will be disclosed in a supplemental filing with the Court.

8.  Foley's existing standard hourly rates are:

   a.  $355.00 to $1,250.00 for associates and partners; and

   b.  $60.00 to $320.00 for paralegals.

9.  Foley is prepared to serve as special counsel consistent with the terms contained in the Engagement Letter of Foley & Lardner attached as Exhibit 1 to the Application.

I, Erika L. Morabito, one of the partners of Foley & Lardner LLP, declare under penalty of perjury that the forgoing is true and correct.

<br/>

_____
Erika L. Morabito, Esq. (VSB No. 44369)
Foley & Lardner LLP
Washington Harbour
3000 K Street, N.W., Suite 600
Washington, D.C. 20007-5109
202.672.5300 TEL
202.672.5399 FAX
emorabito@foley.com

EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:                                              Case No.
       LeClairRyan, PLLC,[1]                        19-34574-KRH

       Debtor                                       Chapter
                                                    7

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF FOLEY & LARDNER LLP AS SPECIAL COUNSEL**

This matter came before the Court upon the Trustee's Application to Retain and Employ

Foley & Lardner LLP as Special Counsel (the "**Application**"). The Court (a) having reviewed (i)

the Application and (ii) Verified Statement of Erika L. Morabito of Foley & Lardner pursuant to

Fed. R. Bankr. P. 2014(a) (the "**Morabito Statement**"), a partner in the law firm of Foley &

Lardner LLP ("**Foley & Lardner**"), attached to the Application as Exhibit 2; and the Court being

fully advised in the premises and having determined that the legal and factual bases set forth in the

Application and the Morabito Statement establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

C.      Notice of the Application (and service of the proposed order) was sufficient under the circumstances.

D.      The Application and the Morabito Statement are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

E.      Foley & Lardner does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which it is to be employed.

F.      Foley & Lardner is a "disinterested person," as defined in § 101(14) of the Bankruptcy Code.

G.      The retention and employment of Foley & Lardner in accordance with the Application and this Order is in the best interest of the Estate.

IT IS HEREBY ORDERED THAT:

1.      The Application is hereby APPROVED.

2.      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.      Pursuant to § 327(e) of the Bankruptcy Code, the Trustee is authorized to employ Foley & Lardner as special counsel to represent her in the following matters:

> (a) Investigation of potential claims (the "**Investigation Phase**"), including but not limited to, Chapter 5 claims, fraudulent transfers, excessive compensation, breaches of fiduciary duty, and/or unjust enrichment. As part of the Investigative Phase, Foley & Lardner will make a recommendation to the Trustee that will include, among other things, proposed next steps as it relates to the prosecution of some or all of the claims. The claims that Foley & Lardner will pursue will not include any malpractice claims against former lawyers of the Debtor or claims against current employers of former lawyers of the Debtor; and

(b) To the extent that the Trustee determines that it is in the best interest of the Estate to pursue claims, through litigation or otherwise, and Foley & Lardner agrees with the Trustee's determination as to each and every claim that should be pursued, Foley & Lardner will pursue such claims through litigation and/or other means. The pursuit of such claims shall be deemed the "**Litigation Phase**" of the representation.

Collectively, the claims and causes of action described above are referred to as the "**Claims**." To the extent Foley & Lardner and the Trustee agree, Foley & Lardner may commence the Litigation Phase on certain Claims notwithstanding that Foley & Lardner has not completed the Investigation Phase on all Claims. Foley & Lardner shall bill as appropriate for particular work being done even if in concurrent phases:

4.      Approval of Foley & Lardner's fees shall be subject to further order of the Court. Foley & Lardner's fees and expenses during the Investigative Phase are subject to the Court's approval pursuant to § 330 of the Bankruptcy Code. Any contingency fee earned by Foley & Lardner earned during the Litigation Phase is subject to the Court's approval pursuant to § 328 of the Bankruptcy Code.

5.      The Trustee is authorized to retain and employ Foley & Lardner as special counsel, pursuant to § 327(e) of the Bankruptcy Code, retroactive to January 30, 2020.

Entered:                                    _____

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/ _____
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

3

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

/s/ (Permission to affix signature received via email dated )

Kenneth N. Whitehurst, III, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004

*Office of the United States Trustee*

## <u>CERTIFICATION</u>

I hereby certify under Local Rule 9022-1 that the foregoing proposed Order was served on all requisite parties and has been endorsed by all necessary parties.

*/s/*_____
Paula S. Beran, Esquire

Service List:

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219