# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| LECLAIRRYAN PLLC, | Case No. 19-34574 (KRH) |
| Debtor.[1] | |

**CHAPTER 7 TRUSTEE'S FIFTH INTERIM ORDER (I) AUTHORIZING USE OF PREPETITION SECURED LENDERS' CASH COLLATERAL PURSUANT TO 11 U.S.C. §§ 361 AND 363, AND (II) GRANTING ADEQUATE PROTECTION AND RELATED RELIEF TO PREPETITION SENIOR SECURED LENDERS**

Upon the motion (the "**Motion**")[2] of Lynn Tavenner, Esq., not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" or the "**Debtor**"), in the above-referenced chapter 7 case (the "**Case**") for entry of an order, pursuant to sections 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, authorizing the Chapter 7 Trustee, on behalf of the Estate, to use cash collateral and granting certain adequate protection and related relief filed as of October 4, 2019; the Court finds that: (a) it has jurisdiction over the

---

[1] The last four digits of the Debtor's federal tax identification number are 2451.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Chapter 7 Trustee's First Interim Order (i) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (ii) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders [ECF 143] (the "**First Interim Order**").

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for the Trustee*

matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Estate; (d) proper and adequate notice of the Motion and the hearings thereon has been given and no other or further notice is necessary; (e) the Lender and ULXP are adequately protected by virtue of the adequate protection provided under the First Interim Order, the Second Interim Order, the Third Interim Order, and the Fourth Interim Order as continued hereunder; (f) all objections raised to the Motion having been resolved, withdrawn or overruled; and (g) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms, conditions and provisions of this Fifth Interim Order, each of the findings, conclusions, representations, recitals, stipulations, and orders contained in the First Interim Order, Second Interim Order, Third Interim Order, and Fourth Interim Order shall be and hereby are ratified and affirmed as if set forth herein in full, and shall remain in full force and effect except as expressly modified pursuant to the terms of this Fifth Interim Order.

2. The Chapter 7 Trustee is authorized to use cash collateral on an interim basis subject to the terms and conditions contained herein and in the First Interim Order (including without limitation, the continued provision of adequate protection as provided therein and the Carve-Out), Second Interim Order, Third Interim Order, and Fourth Interim Order for the benefit of the Estate solely in accordance with the Fifth Interim Budget attached hereto as Exhibit 1 to satisfy any and all necessary and budgeted (i) obligations incurred in the ongoing post-conversion date operation of the Estate, and (ii) costs and expenses arising in connection with the

post-conversion date administration of the Estate. For the avoidance of doubt, the prior Budgets appended as Exhibit 1 to each of the First Interim Order, Second Interim Order, Third Interim Order, and Fourth Interim Order shall not be of any further force or effect in regard to payments to be made under this Fifth Interim Order. Absent the express written consent of Lender, the Chapter 7 Trustee shall not use cash collateral to pay any costs or expenses (i) that are or will be in an amount that is in excess of the applicable line item for such cost or expense contained in the Fifth Interim Budget, or (ii) that are not provided for in a line item in the Fifth Interim Budget.

3. Absent a subsequent order of the Court or an agreement between the Chapter 7 Trustee on behalf of the Estate and the Lender, the Chapter 7 Trustee's authorization to use cash collateral on behalf of the Estate hereunder shall terminate upon the first to occur of February 26, 2020, or any of the events of default set forth in Paragraphs 10(a)-(g) of the First Interim Order, provided that the Chapter 7 Trustee (i) may cure any of the events of default set forth in Paragraphs 10(a)-(g) of the First Interim Order that are able to be cured within five (5) business days following such event of default, and (ii) is required to meet and confer with the Lender within five (5) days of the occurrence of such event of default. The Chapter 7 Trustee shall be permitted to use cash collateral on behalf of the Estate until the occurrence of such meet and confer at which time the Chapter 7 Trustee's rights to use cash collateral shall terminate unless otherwise agreed by Lender.

4. The automatic stay under Bankruptcy Code section 362(a) shall be, and hereby is, modified to the extent necessary to permit (i) the Lender to apply any further payments made pursuant to paragraph 6 of the First Interim Order to curtail the Lender's claims for principal,

interest, and expenses in accordance with the waterfall contained in the Fifth Interim Budget, and (ii) to send a notice and exercise any rights and remedies hereunder as set forth herein and/or the First Interim Order, Second Interim Order, Third Interim Order, or Fourth Interim Order.

5. The Lender and ULXP reserve the right to request further or different adequate protection for the period of time after the Chapter 7 Trustee's authorization to use cash collateral under this Interim Order has terminated, and the Chapter 7 Trustee or any other party may contest any such request. In addition, the Lender, ULXP, and the Chapter 7 Trustee reserve all rights and defenses with respect to any further order or further relief pertaining to cash collateral.

6. The Chapter 7 Trustee is authorized and empowered to take all actions necessary to implement the relief granted in this Fifth Interim Order.

7. The contents of the Motion, the notice procedures set forth therein, and the service of First Interim Order, Second Interim Order, Third Interim Order, and Fourth Interim Order provided good and sufficient notice and satisfied Bankruptcy Rules 4001 and 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

8. Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Fifth Interim Order, the terms and conditions of this Fifth Interim Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Fifth Interim Order.

Richmond, Virginia

Dated: Jan 31 2020

/s/ Kevin R Huennekens
United States Bankruptcy Judge

I ask for this:

Entered on Docket: Jan 31 2020

/s/ *Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
David N. Tabakin, Esquire (VSB No. 82709)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn Lewis Tavenner, Trustee*

## Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

/s/ *Paula S. Beran*
Counsel for Trustee

**Service List for Entered Order**
Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

# EXHIBIT 1

**Fifth Interim Budget**

LeClairRyan, PLLC
Post Chapter 7 Conversion Budget
**Summary**
$ in 000s

|  | Budgeted Wk Ending 2/7 | Budgeted Wk Ending 2/14 | Budgeted Wk Ending 2/21 | Budgeted Wk Ending 2/28 |
|---|---|---|---|---|
| I. Cash Receipts |  |  |  |  |
| Gross Receipts | $ 152 | $ 114 | $ 110 | $ 119 |
| II. Disbursements |  |  |  |  |
| Total Rent, Payroll, Taxes, & Benefits | $ 22 | $ 22 | $ 19 | $ 19 |
| Operating Expenses | $ 54 | $ 57 | $ 69 | $ 16 |
| Total Disbursements | $ 126 | $ 104 | $ 88 | $ 35 |
| III. Net Cash Flow | $ 26 | $ 10 | $ 22 | $ 85 |

LeClairRyan, PLLC
Post Chapter 7 Conversion Budget
**Weekly Cash Waterfall**
$ in 000s

|  | Budgeted Wk Ending 2/7 | Budgeted Wk Ending 2/14 | Budgeted Wk Ending 2/21 | Budgeted Wk Ending 2/28 |
|---|---|---|---|---|
| IV. Weekly Cash Waterfall |  |  |  |  |
| A) Cash Available |  |  |  |  |
| Beginning Cash | $ 1 | $ 16 | $ 13 | $ 5 |
| Plus: Net Cash Flow | 26 | 10 | 22 | 85 |
| Plus: Release of non-trust "client expenses" |  |  |  |  |
|  | 27 | 25 | 35 | 90 |
| B) Allocation of Available Cash |  |  |  |  |
| i) Holdback of Post-Petition "client expenses" | (8) | (6) | (5) | (6) |
| C) Cash Available for LeClairRyan and VCF Curtailment | 19 | 20 | 29 | 84 |
| i) Operating Expense Reserve | (16) | (13) | (5) | (4) |
| ii) ABLA Loan Curtailment | $ (4) | $ (6) | $ (24) | $ (79) |
| D) Remaining Unallocated Cash | - | - | - | - |