# EXHIBIT B

Case 19-34574-KRH    Doc 364    Filed 02/21/20    Entered 02/21/20 19:59:56    Desc Main
Document      Page 1 of 6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
| LeClairRyan PLLC, | 19-34574-KRH |
| Debtor | Chapter 7 |

### SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "**Agreement**") is made this \_\_\_\_ day of _____, 2020, by and between Lynn L. Tavenner in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy case (the "**Bankruptcy Case**") of LeClairRyan PLLC on behalf of the Chapter 7 bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), on the one hand, and [INSERT NAME OF DEFENDANT] (the "**Defendant**"), on the other hand. The Trustee and Defendant may be referred to hereinafter collectively as the "Parties."

### RECITALS

### Background

WHEREAS, on September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

WHEREAS, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

WHEREAS, upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, the Trustee is seeking avoidance and recovery of certain transfers of the Debtor's assets made on or within two (2) years prior to the Petition Date;

2

WHEREAS, the Trustee alleges that, within the two years prior to the Petition Date, the Defendant received preferential, fraudulent and/or otherwise avoidable transfers from the Debtor (the "**Transfers**");

WHEREAS, the Trustee demanded the return of the Transfers from the Defendant and filed Complaints to Avoid Transfers, to Recover Property and for Related Relief in the Bankruptcy Court, Adv. Pro. No. 20-_____-KRH (the "**Litigation**");

### The Settlement Negotiations

WHEREAS, the Trustee and the Defendant desire to fully resolve and settle the Litigation on the terms set forth herein without admission of guilt; and

WHEREAS, the Trustee and the Defendant have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by the Defendant to the Trustee, which the Trustee and the Defendant agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. Settlement Payment: The Defendant shall pay to the Trustee the total sum of $_____ (the "**Payment**") in full satisfaction of the Litigation. Said Payment shall be made within fifteen (15) days of Bankruptcy Court approval of this Agreement. The Payment shall be made payable to *Lynn L. Tavenner, Chapter 7 Trustee of LeClairRyan, PLLC,* and sent to Paula S. Beran, Esquire, Tavenner & Beran, PLC, 20 North 8th Street, Richmond, VA 23219. This Agreement shall be effective only upon (i) entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, or (ii) satisfaction of settlement procedures approved by the Bankruptcy Court in connection with the Trustee's Motion for Order Establishing Procedures Governing Avoidance Actions (which shall constitute an approval of this Agreement), at the sole discretion of the Trustee. In the event that the Agreement is objected to and the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void, and any Payment Defendant may have provided to the Trustee prior to such denial shall be returned to Defendant. Nothing contained herein shall require any Party to appeal disapproval of this Agreement.

2. [WHEN APPROPRIATE] The Claim: The Defendant shall be entitled to file a proof of claim pursuant to 11 U.S.C. § 502(h) in the amount of the $_____ as a general unsecured claim (the "_____**Claim**"). The Trustee will not object to the _____Claim, and said _____Claim shall be allowed as a general unsecured claim in the amount of the _____ Claim. The _____Claim shall be filed by the Defendant within thirty (30) days of the Payment. If the _____Claim is not filed within thirty (30) days of the Payment,

3

then the Defendant waives the right to file the _____Claim and, in the event that the Defendant files the _____Claim after the thirtieth day of making the Payment, the Trustee shall object to the _____Claim, and the _____ Claim shall be denied.

3. <u>Release by Trustee</u>: Upon receipt by the Trustee of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Estate, shall release and forever discharge the Defendant and the Defendant's agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind (collectively, the "**Defendant's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against the Defendant or the Defendant's Released Affiliates for recovery of the Transfers solely as it relates to the Litigation. For the avoidance of doubt, nothing hereby shall be deemed a waiver of any rights or remedies the Trustee may have against any other defendant, other than the Defendant identified herein, in the other pending adversary proceedings filed in connection with the Bankruptcy Case.

4. <u>Release by Defendant</u>: Upon approval of this Agreement by the Bankruptcy Court, [except for the _____ Claim], the Defendant hereby releases and forever discharges (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Defendant made, could have made, or is able to make against the Trustee, the Estate, or the Trustee's Released Affiliates with respect to the Litigation, [including, but not limited to, any claim against the Estate for the Payment amount that Defendant could claim under § 502(h) of the Bankruptcy Code].

5. <u>Predecessors, Successors, and Assigns</u>: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

6. <u>Preserved Claims</u>: For the avoidance of doubt, claims preserved by the Trustee include, without limitation, all adversary proceedings filed in the Bankruptcy Court and all claims under chapter 5 of the Bankruptcy Code and/or relevant state law ("**Avoidance Actions**") whether or not such Avoidance Actions have been filed or asserted as of the date of this Agreement, other than the claims involved in this Litigation.

7. <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon

representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this Agreement.

8. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Litigation and this Agreement.

9. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

10. <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

11. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

12. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

13. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

14. <u>Jurisdiction</u>: By this Agreement, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement.

15. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if all of the Parties had signed one document. This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

16. <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

17. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

18. <u>Applicable Law</u>: This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement under seal on the day and year set forth above.

**The Bankruptcy Estate of LeClairRyan PLLC**

By: _____    Dated: _____

Name: Lynn L. Tavenner

Title: Chapter 7 Trustee

**[Defendant]**

**By:** _____    Dated: _____

**Name:**

**Title:**