UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
THE TRANSFER OF CERTAIN DESIGNATED ACCOUNTS RECEIVABLE
AND MEMORANDUM IN SUPPORT THEREOF**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Bankruptcy Case**" and/or the "**Case**") hereby by and through her undersigned counsel, pursuant to §§ 105, 363(b), (f), and (m) of the United States Code, 11 U.S.C. §§ 101—1532 (as amended, the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**") moves for the entry of an order authorizing the transfer of the Estate's interest in specifically designated accounts receivable, as more particularly described on Exhibit A attached hereto (the "**Designated AR**") to Juridic Services, LLC ("**JS**") and, in support hereof, respectfully represents as follows:

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## JURISDICTION

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.      Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Estate's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6.      Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

7.      Prior to the Conversion Date, on the Petition Date, the Debtor filed its *Motion of LeClairRyan PLLC for Entry of Interim Orders Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief* (the "**Receivables Motion**"), ECF No. 8. Pursuant to the Receivables Motion, the Debtor requested authority to continue its relationship with On-Site Associates, LLC ("**On-Site**") to aid the Debtor in its collection of outstanding accounts receivable ("**AR**"), which AR includes the Designated AR. Pursuant to the *Interim Order*

2

*Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief and Scheduling a Final Hearing* (the "**Interim Receivables Motion Order**"), ECF No. 51, this Court granted the relief sought in the Receivables Motion on an interim basis. Following the Conversation Date and her appointment, the Trustee, after consultation with the Lender, requested certain modifications to the proposed final order at a hearing held on October 24, 2019. Thereafter this Court entered the *Final Order Approving Settlement Procedures for Compromising Accounts Receivable and Related Relief* (with the Interim Receivables Motion Order, the "**AR Settlement Orders**"), ECF No. 95.

8.      On February 11, 2020, the Trustee, through counsel, filed her *Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"), ECF No. 343. Following a hearing on February 25, 2020, the Court approved the AR Procedures Motion, and entered the *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise AR Actions*, ECF No. 386.

9.      The Trustee, with the assistance of On-Site and her other professionals, has continued to seek the collection of said AR and identify the outstanding AR on which to commence litigation. As reported to this Court at various Omnibus Hearings, the Trustee has collected a substantial amount of AR.

10.      In connection with the Estate's AR collection efforts, the Trustee learned that JS was interested in acquiring the Designated AR. Pursuant to conversations between JS and the Trustee, JS proposes to acquire the Estate's interest in the Designated AR for an aggregate purchase price of $59,510.62 (the "**Purchase Price**") pursuant to the terms of a certain agreement,

attached hereto as Exhibit B[2] (the "**Sale Agreement**"). The transaction described herein shall be the "**Sale**."

### Relief Requested

11.     By this Motion (the "**Motion**"), pursuant to §§ 105, 363(b), (f), and (m) of the United States Code and the AR Settlement Orders, the Trustee seeks the entry of an order (the "**Sale Order**") that would authorize and approve the sale of the Estate's interest in the Designated AR: (i) to JS or (ii) to such other party as may submit a higher or otherwise better offer for the Designated AR (an "**Alternative Buyer**").

12.     The relief sought in this Motion is authorized by §§ 105 and 363 of the Bankruptcy Code and is designed to maximize the value of the Estate's interest in the Designated AR for the Estate's benefit. This relief is in the best interests of the Estate and creditors.

13.     The Trustee hereby requests the entry of an order pursuant to §§ 363(b)(1), 363(f), and 363(m) of the Bankruptcy Code and Bankruptcy Rule 6004 authorizing the Trustee to sell and/or assign all of the Estate's interest in the Designated AR to JS or to an Alternative Buyer. The Estate's interest in the Designated AR shall be sold in one transaction, or as otherwise the Trustee deems appropriate, on an "As Is, Where Is" basis, without representation, warranty, or covenant of any kind or nature, whether express or implied. The Sale will be free and clear of liens, claims, and encumbrances, with any existing liens, claims or encumbrances attaching to the net proceeds of the Sale received by the Trustee.

---

[2] The Agreement will be filed with the Court two (2) business days before the hearing on this Motion.

14.    Based on discussions with On-Site and the Lender, the Trustee believes that the Sale maximizes the value of the Designated AR in a manner that is in the Estate's best interest.

## Legal Authority

### A.    Sale of Assets Under § 363(b)

15.    Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Bankruptcy Rule 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Fed. R. Bankr. P. 6004(f)(1).

16.    To approve a use, sale, or lease of property other than in the ordinary course of business, the court must find "some articulated business justification." *See, e.g.*, *In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity SEC Holders v. Lionel Corp. (In re Lionel Corp)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *WBQ P'ship v. Virginia (In re WBQ P'ship)*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995).

17.    Here, the sale of the Estate's interest in the Designated AR is supported by sound business justification. The Trustee believes that a sale of the Estate's interest in the Designated AR at this time, in the midst of the COVID-19 pandemic, will maximize the value of the Estate's interest in the Designated AR. Moreover, the Trustee believes that the Purchase Price represents a fair recovery for the Estate's interest in the Designated AR. Indeed, the Trustee believes, particularly given the potential for significant degradation in value of the Estate's interest in the Designated AR, that this recovery will exceed any that reasonably could be expected to be

5

otherwise generated by the Trustee. Moreover, the Purchase Price may increase in the event of a higher and better offer presented by a third party.

18.     As to any lien that can be asserted against the Estate's interest in the Designated AR[3], because the Estate's interest in the Designated AR is to be sold for fair market value, pursuant to § 363(f)(5) of the Bankruptcy Code, the holders of any such liens can be compelled to accept money satisfaction of same. The Trustee has the support of the Lender in this instance, and the Lender agrees that the Sale is in the best interest of the Estate.

19.     Lastly, pursuant to § 105 of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986).

## <u>NOTICE</u>

20.     Notice of this Motion has been provided by U.S. Mail, postage prepaid, email, or by ECF notice to (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (c) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice need be given.

---

[3] The Trustee does not intend to alter the terms of the *Sixth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 387 or subsequent orders through the relief requested herein.

## NO PRIOR RELIEF

21.    No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as Exhibit C, approving the sale of the Estate's interest in the Designated AR, free and clear of all liens, claims and encumbrances as provided herein; and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: May 7, 2020
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May 2020, a true and correct copy of the foregoing Motion was served, via electronic delivery and/or first class mail, postage prepaid to: (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (c) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002 (as indicated on the Schedule A attached to the Court filed copy of this Motion).

/s/ *Paula S. Beran*
Counsel

7

# SCHEDULE A

Matrix One Riverfront Plaza LLC
CN 4000 Forsgate Drive
Cranbury, NJ 08512
farias@matrixcompanies.com

Page White Farrer Limited
Bedford House, 21 John Street
Holborn, London WC1N 2BF
United Kingdom
david.roberts@pagewhite.com

Kenneth N. Whitehurst, III
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

Super-Server, LLC
707 East Main Street, Suite 1425
Richmond, Virginia 23219
cjohnson@proxios.com
kcrowley@clrbfirm.com

Thomson West-6292
P.O. Box 629
Carol Stream, IL 60197-6292

Tyler P. Brown
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
tpbrown@huntonak.com

GLC Business Services, Inc.
28 Prince Street
Rochester, NY 14607
mhayes@glcbs.com

Post Oak Realty Investment Partners, LP
13355 Noel Road, 22nd Floor
Dallas, TX 75240

Jason William Harbour
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
jharbour@huntonAK.com

Thomson Reuters Master Data Center
P.O. Box 673451
Detroit, MI 48267-3451

Poe & Cronk Real Estate Group, Inc.
10 S Jefferson Street, Suite 1200
Roanoke, VA 24011
slawrence@poecronk.com

Henry Pollard Long, III
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
hlong@huntonAK.com

Carlyle Overlook JV, LLC
711 High Street
Des Moines, IA 50392
erin.albert@cushwake.com

BPP Lower Office REIT Inc.
BPP Connecticut Ave LLC –
BLDG ID: 26870
P.O. Box 209259
Austin, TX 78720-9259
christopher.lyons@transwestern.com

Jennifer Ellen Wuebker
Hunton Andrews Kurth LLP
951 East Byrd Street
Richmond, VA 23219
jwuebker@huntonak.com

BCal, LLC c/o Beacon Capital Partners
200 State Street, 5th Floor
Boston, MA 02109
accountantmontgomery@avisonyoung.com

EYP Realty LLC
P.O. Box 844801
Los Angeles, CA 90084-4801
james.ishibashi@brookfield.com

Douglas M. Foley
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
dfoley@mcguirewoods.com

Parmenter Realty Fund III, Inc.
701 Brickell Avenue, Suite 2020
Miami, FL 33131
nreser@parmco.com

New Boston Long Wharf, LLC
c/o The Corporation Trust Company, r/a
1209 Orange Street
Wilmington, DE 19801

Sarah B. Boehm
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
sboehm@mcguirewoods.com

Latham & Watkins LLP
885 Third Avenue
New York, NY 10022-4834
eric.pike@lw.com

Iron Mountain Records Management
448 Broadway
Ulster Park, NY 12487
noe.lebeau@ironmountain.com
Bankruptcy2@ironmountain.com

Shawn R. Fox
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
sfox@mcguirewoods.com

60 State TRS (DE) LLC
320 Park Avenue, Floor 17
New York, NY 10022
ahillman@oxfordproperties.com

NetRight Intermediate LLC
iManage LLC
540 W. Madison Street, Suite 2400
Chicago, IL 60661
agreen@clarkhill.com

ULX Partners, LLC
100 Broadway, 22nd Floor
New York, New York 1005
Nicholas Hinton
Daniel E. Reed
Nicholas.hinton@Unitedlex.com
Dan.reed@unitedlex.com

ConvergeOne, Inc.
3344 Highway 149
Eagan, MN 55121
esalley@convergeone.com

Integreon Managed Solutions (ND) Inc.
3247 47th Street South
Fargo, ND 58104
Derek.drizin@integreon.com

Karen M. Crowley, Esq.
Crowley Liberatore P.C.
150 Boush Street, Suite 300
Norfolk, VA 23510
kcrowley@clrbfirm.com

Michael G. Gallerizzo, Esquire
Michael D. Nord, Esquire
GEBHARDT & SMITH LLP
One South Street, Suite 2200
Baltimore, Maryland 21202
mgall@gebsmith.com
mnord@gebsmith.com

Parma Richmond, LLC
c/o Kevin J. Funk
Durrette Arkema Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
kfunk@dagglaw.com

David R. Ruby, Esquire
William D. Prince IV, Esquire
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
druby@t-mlaw.com
wprince@t-mlaw.com

Amy Simon Klug
HOLLAND & KNIGHT LLP
1650 Tysons Boulevard, Suite 1700
Tysons, VA 22102
amy.simon@hklaw.com

Joseph Corrigan
Iron Mountain Information Mgmt, LLC
One Federal Street
Boston, MA 02110
Bankruptcy2@ironmountain.com

JM Partners, LLC
Attn: John Marshall
6800 Paragon Place, Suite 202
Richmond, VA 23230-1656
JMarshall@JMPartnersLLC.com

SAUL EWING ARNSTEIN & LEHR LLP
Maria Ellena Chavez-Ruark, Esquire
500 East Pratt Street, 9th Floor
Baltimore, MD 21202
maria.ruark@saul.com

SAUL EWING ARNSTEIN & LEHR LLP
Robert C. Gill, Esquire
1919 Pennsylvania Avenue, N.W., Suite 550
Washington, D.C. 20006-3434
robert.gill@saul.com

Peter D. Bilowz, Esq.
Douglas B. Rosner, Esq.
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, MA 02110-3333
pbilowz@goulstonstorrs.com
drosner@goulstonstorrs.com

David G. Barger
Thomas J. McKee, Jr.
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
bargerd@gtlaw.com

Mary Joanne Dowd, Esq.
Jackson D. Toof, Esq.
Arent Fox LLP
1717 K Street, NW
Washington, DC 20006
mary.dowd@arentfox.com
jackson.toof@arentfox.com

Robert H. Chappell III, Esquire
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
rchappell@spottsfain.com

Jennifer J. West, Esquire
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
jwest@spottsfain.com

Neil E. McCullagh, Esquire
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
nmccullagh@spottsfain.com

Karl A. Moses, Jr., Esquire
SPOTTS FAIN PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
kmoses@spottsfain.com

Michael G. Wilson, Esq.
MICHAEL WILSON PLC
PO Box 6330
Glen Allen, VA 23058
mike@mgwilsonlaw.com

Cynthia L. Hegarty
MORRISON SUND, PLLC
5125 County Road 101, Suite 200
Minnetonka, MN 55345
chegarty@morrisonsund.com

Shawn C. Whittaker, Esq.
Whittaker|Myers, PC
1010 Rockville Pike, Suite 607
Rockville, MD 20852
Shawn@whittakermyers.com

Nicola G. Suglia, Esquire
Fleischer, Fleischer & Suglia, P.C.
Four Greentree Centre
601 Route 73 N., Suite 305
Marlton, NJ 08053
consult@fleischerlaw.com

Joshua D. Stiff, Esquire
Grayson T. Orsini, Esquire
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
jstiff@wolriv.com
gorsini@wolriv.com

Alexander R. Green, Esquire
CLARK HILL, PLC
1001 Pennsylvania Ave NW, STE 1300 S
Washington, D.C. 20004
agreen@clarkhill.com

Bank Direct Capital Finance
c/o Kevin J. Funk
Durrette Arkema Gerson & Gill PC
1111 East Main Street, 16th Floor
Richmond, Virginia 23219
kfunk@dagglaw.com

Amy Wiekel
Commonwealth of Pennsylvania
Department of Labor and Industry
Collections Support Unit
651 Boas Street, Room 925
Harrisburg, PA 17121
Ra-li-ucts-bankrupt@state.pa.us

Linda Georgiadis
c/o Ronald A. Page, Jr.
Ronald Page, PLC
P.O. Box 73087
N. Chesterfield, VA 23235
rpage@rpagelaw.com

Harris County
c/o John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
Po Box 3064
Houston, TX 77253-3064
houston_bankruptcy@publicans.com

Latonya Mallory
c/o Robert T. Hall
Hall & Sethi, P.L.C
11260 Roger Bacon Drive, Suite 400
Reston, VA 20190
rthall@hallandsethi.com

Lynn L. Tavenner, Trustee
c/o Paula S. Beran, Esq.
Tavenner & Beran, PLC
20 N. 8th Street, 2nd Floor
Richmond, VA 23219
pberan@tb-lawfirm.com

Wilmington Trust, N.A.
Kelly Rae Gring, Esq.
Tromberg Law Group, LLC
413 Stuart Circle, Suite 314
Richmond, VA 23220
ecfva@tromberglawgroup.com
kgring@tromberglawgroup.com

First Legal Network, LLC
c/o Ronald A. Page, Jr.
Ronald Page, PLC
P.O. Box 73087
N. Chesterfield, VA 23235
rpage@rpagelaw.com

**EXHIBIT A**

| | | |
|---|---|---|
| 58929.0001 | The Arctic Chiller Group<br>c/o David M. Golden, Esq.<br>Torkin Manes LLP<br>151 Yonge Street, Ste 1500<br>Toronto, ON M5C2W7 | ads. Alfa Laval Inc. |
| 60299.0001 | Ali Abdelaziz<br>1605 Quartz Ledge Ct.<br>Las Vegas, NV 89117 | Contractual Interference Suit |
| 60247.0001 | Mary Ann Carter<br>450 W. 79th St<br>Indianapolis, IN 46260 | Conservation easement |
| 11610.0016 | H. Louis Salomonsky<br>SWA Construction, Inc.<br>1553 East Main Street<br>Richmond, VA 23219 | Consulting / Columbine Limited Liability Company |
| 58653.0002 | Michael Wager, Jr.<br>1451 Pathfinder Lane<br>McLean, VA 22102 | Formation of Moxfive LLC and Moxie Ventures LLC |
| 11414.0021 | Mikro Systems, Inc.<br>Julie Melampy, Controller<br>1180 Seminole Trail, Suite 220<br>Charlottesville, VA 22901 | SRS Acquiom |
| 13383.0001 | Networking Technologies & Support, Inc.<br>Bernard Robinson<br>14421 Justice Road<br>Midlothian, VA 23113 | Employment Issues |
| 29861.0007 | Charles "Chip" Vosmik<br>c/o Fazenda Investments LLC<br>931 Dover Farm<br>Sabot, VA 23103 | Dispute with Vendor |

1

| | | |
|---|---|---|
| 28978.0001 | Amtek Internacional, S.A. de C.V.<br>Ignacio L. Vallarta No. 811<br>Coloni El Mirador Centro<br>Monterrey, N.L. 64070 | Transat A. T., Inc. - RFC. AIN910411P2A |
| 58894.0001 | Michael I.Pirron<br>2222 E Cary St, Apt 302<br>Richmond, VA 23223 | Employment dispute |
| 48463.001 | Radha Soami Society Beas-America<br>c/o Wayne Caravella, Chairperson<br>8280 Greensboro Drive, Suite 601<br>McLean, VA 22102 | Rizzo Contract |
| 48463.0007 | Radha Soami Society Beas-America<br>c/o Wayne Caravella, Chairperson<br>8280 Greensboro Drive, Suite 601<br>McLean, VA 22102 | PRHL, LP |
| 60223.0001 | Robert Driscoll<br>218 East 70th Street, Apt 1C<br>New York, NY 10021 | Employment issue w/ Crypsis Group |
| 12965.0014 | Live Company Group PLC<br>c/o David Ciclitira<br>10 Peterborough Mews<br>London, SW6 3BL<br>United Kingdom | Parallel Three Six Zero, Inc. |
| 17016.0012 | HRI Properties, LLC<br>Jerry F. Palmer, Dir. of Risk/Contract Mgmt.<br>812 Gravier St., Suite 200<br>New Orleans, LA 70112 | MRB 2017 Rehab Credit Penalty |
| 39238.0004 | Dwight Snead Construction Co., Inc.<br>11255 Washington Highway<br>Glen Allen, VA 23059 | General Representation |

2

# EXHIBIT B

**EXHIBIT C**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>  LeClairRyan PLLC,[1]<br><br>  Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**ORDER AUTHORIZING AND APPROVING TRANSFER OF CERTAIN
DESIGNATED ACCOUNTS RECEIVABLE AND GRANTING RELATED RELIEF**

This matter coming before the Court on the Trustee's *Motion for an Order Authorizing the Transfer of Certain Designated Accounts Receivable and Memorandum in Support Thereof* (the "**Motion**")[2] filed by Lynn L. Tavenner, trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor seeking, *inter alia*, authorization for and approval of: (a) the sale by the Trustee of the Estate's interest in the Designated AR, to Juridic Services, LLC ("JS") or to such other party as may submit a higher or better offer in accordance with the requirements set forth in the Motion, free and clear of all liens, claims, and encumbrances and (b) certain related relief; and upon consideration of the Motion, the Court having reviewed the Motion and having heard

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted

FOUND, that

A.      Notice of the Motion has been provided in the manner required by Bankruptcy Rule 2002(a)(2), and no other or further notice is necessary or required.

B.      The Court has jurisdiction to hear and determine the propriety of entering this Order pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding in this district is proper pursuant to 28 U.S.C § 1409. The hearings on the Motion constitute core proceedings pursuant to 28 U.S.C. § 157 (b)(2)(A), (N), and (O).

C.      Sufficient business judgment exists for the assignment and sale of the Estate's interest in the Designated AR pursuant to § 363(b) of the Bankruptcy Code in that the sale enables the Estate to obtain significant value for such assets and is the highest or otherwise best bid for such assets.

D.      The Sale was: (a) negotiated, proposed, and entered into in good faith, from arm's length bargaining positions, by JS and the Trustee; and (b) constitutes the highest or otherwise best offer for the Designated AR. JS is entitled to the protections and benefits conferred upon a good faith purchaser pursuant to § 363(m) of the Bankruptcy Code with respect to the transactions approved hereby.

2

NOW, THEREFORE, it is ORDERED, that:

1.      The Motion is APPROVED.

2.      The Trustee is authorized to transfer all of the Estate's interest in the Designated AR to JS or an Alternative Buyer in accordance with the Motion.

3.      The terms and conditions in the Motion (together with any non-material modifications the Trustee shall hereafter agree to) and the other documents and instruments executed in connection therewith hereby are approved in all respects, and the Sale pursuant thereto hereby is authorized and approved pursuant to §§ 363(b), 363(f), and 363(m) of the Bankruptcy Code.

4.      The Trustee hereby is authorized and empowered to: (a) execute instruments and documents necessary to consummate the Sale including but not limited to the Sale Agreement; and (b) to fully perform under, consummate and implement the Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to consummate the Sale and transfer the Estate's interest in the Designated AR to JS.

5.      Pursuant to § 363(f) of the Bankruptcy Code, the Estate's interest in the Designated AR shall be transferred to JS free and clear of any claims, debts, obligations, rights, restrictions, interests, liens, and encumbrances (collectively, the "**Encumbrances**"), with all such Encumbrances to attach to the proceeds of the sale with the same validity, force, and effect as they now have with respect to the Estate's interest in the Designated AR subject to use consistent with any entered order authorizing the use of cash colateral.

6.      All persons and entities holding Encumbrances of any kind and nature with respect to the Estate's interest in the Designated AR hereby are barred from asserting such Encumbrances of any kind and nature against JS, its successors or assigns, or the Estate's interest in the Designated AR.

3

7.      The sale of the Designated AR is "As is, Where Is" and subject to no representation, warranty, or covenant of any kind or nature, whether express or implied.

8.      Upon entry of this Order, and after the transfer of the Estate's interest in the Designated AR, JS shall be entitled to the protection of § 363(m) of the Bankruptcy Code. The transactions contemplated herein are undertaken by JS in good faith, as that term is used in §363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of this Order and the authorization to consummate the transaction provided herein shall not affect the validity of any transfer of the Estate's interest in the Designated AR, unless such transfer is duly stayed pending appeal.

9.      The terms of this Order shall be binding in all respects upon, and shall inure to the benefit of, the Trustee and the Estate, creditors, and interest holders and JS, and each of their respective affiliates, successors, and assigns, and any affected third parties.

10.     This Court retains jurisdiction: (a) to enforce and implement the terms and provisions of the transfer and any agreements executed in connection therewith; (b) to resolve any disputes arising under or related to the sale of the Estate's interest in the Designated AR; and (c) to interpret, implement and enforce the provisions of this Order.

11.     As permitted by Bankruptcy Rule 6004(g), notwithstanding Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

12.     Upon entry, the Clerk shall forthwith provide a copy of this Order to counsel for the Trustee, who shall serve (by electronic delivery, first class mail, postage prepaid or overnight delivery) copies of this Order on: the Office of the United States Trustee, JS, the Lender, and ULXP.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

4

I ask for this:

/s/
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

5