UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

**TRUSTEE'S MOTION FOR AN ORDER ESTABLISHING
PROCEDURES REGARDING THE PROSECUTION OF ACTIONS
INVOLVING FORMER ATTORNEYS AND CERTAIN OTHERS
<u>AND MEMORANDUM IN SUPPORT THEREOF</u>**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Bankruptcy Case**" and/or the "**Case**") hereby by and through her undersigned counsel, pursuant to §§ 102(1), 105, and 704 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rules 7016 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**"), and Rules 7016-1 and 9019-1 of the Local Rules of Bankruptcy Procedure (the "**Local Rules**," and each individually a "**Local Rule**"), hereby moves (the "**Motion**") for entry of an order authorizing and approving procedures

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

by which the Trustee, on behalf of the Estate, may prosecute and settle, or otherwise resolve, disputes related to causes of actions involving various matters including but not limited to fiduciary duties, preference payments, fraudulent transfers, other types of actions and/or avoidable transfers provided for in Chapter V of the Bankruptcy Code and/or under other applicable law. By this Motion, the Trustee seeks procedures that will: 1) serve judicial economy; 2) allow the Trustee, to the greatest extent allowed by law, consider any and all defenses, as well as mitigating circumstances, brought to her attention in connection with her prosecution of the FAO Actions (as defined below); 3) speed the time within which the matters will be resolved; and 4) reduce unnecessary litigation costs for the parties. In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on

2

September 26, 2019, the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as Trustee.

7. On January 30, 2020, the Trustee, through counsel, sought to employ the law firm of Foley & Lardner LLP ("**Foley**") as her special counsel, and filed her *Application to Employ Foley & Lardner LLP as Special Counsel* (the "**Foley Employment Application**"), ECF No. 330. The Foley Employment Application was approved by this Court in the *Order Authorizing the Retention and Employment of Foley & Lardner LLP as Special Counsel* (the "**Foley Employment Order**"). ECF No. 342.

8. After the Trustee, with the assistance of Foley and her other professionals, began review of (i) the Debtor's books, records, and other financial information; (ii) the Debtor's Statement of Financial Affairs, ECF No. 211; and (iii) certain transfers made by LeClairRyan between the Petition Date and the Conversion Date, she sought entry of an order approving procedures for matters against Persons[2] other than (a) former attorneys of LeClairRyan and/or entities to which any transitioned, (b) Persons receiving transfers for the benefit of former attorneys of LeClairRyan and/or entities to which any transitioned, (c) ULX Partners, LLC, (d) Persons receiving transfers for the benefit of ULX Partners, LLC, (e) UnitedLex Corporation, (f) Persons receiving transfers for the benefit of UnitedLex Corporation, and/or (g) insurance companies

---

[2] As that term is defined in 11 U.S.C. § 101(4)

3

providing fiduciary or similar coverage to LeClairRyan and/or any of its former attorneys. *See Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Persons Other Than Former Attorneys and Certain Others and Memorandum in Support Thereof*, ECF No. 343. And this Court entered an order, Order Approving Procedures and Permitting Trustee to Prosecute and Compromise NFA Avoidance Actions ECF No. 385, approving certain procedures (the "**NFA Adversary Proceeding Procedures**"). Thereafter, the Trustee sought the return of certain payments and is preparing to commence numerous avoidance actions to recover preference transfers, post-petition transfers, and other (or the same) transfers avoidable under other theories under the Bankruptcy Code and other applicable law (collectively the "**NFA Avoidance Actions**" and individually, each an "**NFA Avoidance Action**").

9.      In addition to the NFA Avoidance Actions customarily brought in bankruptcy cases, the Trustee is also investigating potential avoidance actions and other causes of action that are unique, in certain instances, to insolvent law firms, and she is investigating causes of action related to the operations of LeClairRyan before the Petition Date. Thus, the procedures proposed herein are for matters involving (a) former attorneys of LeClairRyan and/or entities to which any transitioned, (b) Persons receiving transfers for the benefit of former attorneys of LeClairRyan and/or entities to which any transitioned, (c) ULX Partners, (d) Persons receiving transfers for the benefit of ULX Partners, (e) UnitedLex Corporation, (f) Persons receiving transfers for the benefit of UnitedLex Corporation, and/or (g) Persons, including insurance companies providing fiduciary or similar services to LeClairRyan and/or any of its former attorneys.[3] Accordingly, actions involved in this Motion shall be referred to as "**FAO Actions**."

---

[3] Notwithstanding the foregoing, nothing herein prevents the Trustee from seeking approval from the Court to carve out additional individuals and/or entities from this paragraph that otherwise would be included herein.

4

10. The Trustee is eager and willing to resolve as many of the FAO Actions as possible without proceeding to full or extensive litigation. Although the Trustee expects that some of the FAO Actions can be resolved and settled without the need for extensive litigation, it is impossible to predict how many of the lawsuits will ultimately be settled without trial. Accordingly, the Trustee seeks the implementation of the proposed procedures set forth below to hopefully ease the burden on the Court and the parties and to facilitate and maximize the potential for a fair resolution of the FAO Actions without the need for protracted litigation.

## RELIEF REQUESTED

11. The Trustee, through her professionals, is in the process of (a) investigating FAO Actions, (b) preparing demand letters to recover amounts involved in the FAO Actions, and (c) preparing complaints on behalf of the Estate to recover amounts involved in the FAO Actions pursuant to, among others, §§ 547, 548, 549 and 550 of the Bankruptcy Code and/or to otherwise seek recovery under other applicable law.

12. By this Motion, the Trustee is seeking approval of a process whereby the Estate can prosecute, settle, or otherwise resolve FAO Actions. The Trustee requests approval of the following process and procedures to reduce the burden on the parties and Court, minimize cost and expense, and enhance her ability to collect amounts and maximize the recovery for the Estate.

## PROPOSED PROCEDURES

13. The Trustee respectfully requests that the Court adopt and implement the following procedures (the "**FAO Action Procedures**"), which shall apply to (a) FAO Demand Letters (as defined below) and (b) adversary proceedings involving the FAO Actions (the "**FAO Adversary Proceedings**" and each an "**FAO Adversary Proceeding**") unless the Court orders otherwise for good cause shown and where circumstances warrant:

5

1. **Demand Protocol**:

    A. Demand Letter: The Trustee will send a demand letter (the "**FAO Demand Letter**") to each potential defendant ("**FAO Defendant**").

    B. Consent to Mediation: Within 14 days of the date of the FAO Demand Letter, the FAO Defendant may elect to proceed to the Mediation Process provided for in Section 3 herein (the "**Pre-Complaint Mediation Election**") by written request to Paula S. Beran at pberan@tb-lawfirm.com . If the FAO Defendant makes a Pre-Complaint Mediation Election, the Trustee will not file a complaint against said defendant until after the filing of the Mediator's Report (as hereafter defined)(unless otherwise resolved). Absent the timely Pre-Complaint Mediation Election and/or a consummated settlement within 30 days of the date of the FAO Demand Letter, unless otherwise agreed, the Trustee will proceed to file a complaint against the FAO Defendant.

2. **The Litigation Protocol**:

    A. Case-Specific Summons. The summons issued for each FAO Adversary Proceeding will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that he/she/it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

    B. Extension of Time by Which Trustee must Serve the Summons. The time period under Bankruptcy Rule 7004(e), by which the Trustee must serve the summonses and complaints in the FAO Adversary Proceedings on defendants in the United States shall be extended by thirty (30) days, without prejudice to the Trustee to seek further extensions of time for cause shown.

    C. Stipulation to Extend Time for Defendants to Respond to the Complaint. Without further order of the Court, the parties may stipulate to one extension of the time of no more than sixty (60) days within which a defendant must respond to a complaint. The stipulation must be in writing to be binding on the Trustee but can be documented via email. Any further or longer extensions of time will require Court approval.

    D. Stay of Requirement to Conduct Scheduling Conference. Federal Rule of Civil Procedure 26(f), made applicable to the FAO Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed with respect to the FAO

6

    Adversary Proceedings during the Settlement Period (as hereafter defined). Upon the filing of the Mediator's Report (as described below) with respect to each FAO Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise and before the pretrial conference hereafter described, the parties shall conduct a Rule 26(f) conference, discussing discovery issues, estimated length of trial, and available trial dates.

  E. <u>Stay of Discovery and Settlement Period</u>. The one hundred and twenty (120) day period commencing with the filing of the Complaint (the "**Settlement Period**") shall be used by the Trustee to pursue settlement of the claims and commence mediation (if required as set forth below). Unless otherwise ordered by the Court, the parties' obligations to conduct formal discovery in each FAO Adversary Proceeding shall be stayed during the Settlement Period, provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an FAO Adversary Proceeding.

  F. <u>Initial Disclosures</u>. Initial disclosures shall be made as indicated in the Pretrial Scheduling Conference or as otherwise provided in order of the Court.

  G. <u>Pretrial Scheduling Conferences/Motion Hearing Dates</u>. The Court will schedule dates in the Bankruptcy Case, on which dates any post-mediation pretrial scheduling conferences in the FAO Adversary Proceedings will take place. Any pretrial motions filed by the parties in the FAO Adversary Proceedings must be set for hearing after the filing of the Mediator's Report or unless otherwise ordered by the Court.

  H. <u>Motions affecting all FAO Adversary Proceedings</u>. Any motions filed by the Trustee that affect all of the FAO Adversary Proceedings may and should be filed in the Bankruptcy Case, and not in each separately docketed FAO Adversary Proceeding, provided, however, that each defendant shall receive notice of the filing of the same.

  I. <u>Notice of these Special Procedures</u>. A copy of the FAO Action Procedures will be served on each defendant with the FAO Demand Letter and/or summons and complaint in each FAO Adversary Proceeding.

3. **The Mediation Protocol**:

  A. <u>Mediation Process</u>. Mediation will be required in all FAO Adversary Proceedings seeking recovery in excess of $25,000. In FAO Actions seeking recovery of less than $25,000, the parties may jointly agree to participate in the mediation process outlined below, but if mediation is not agreed to, the parties shall (a) conduct a Rule 26(f) conference and submit

7

       an agreed discovery scheduling order or proposed scheduling orders (which shall be substantively similar to pretrial orders used by this Court in a majority of its other adversary proceedings) to the Court promptly at the conclusion of the Settlement Period, and the Trustee shall set the FAO Adversary Proceeding down for a Pretrial Scheduling Conference or (b) proceed as required by the applicable rules of the Court in which the action was commenced if said action was not commenced in this Court.

B.     Within sixty (60) days after (i) the FAO Defendant has filed a response to the complaint or (ii) the Pre-Complaint Mediation Election, the parties must have commenced the mediation process by (a) either (i) having selected a mutually agreeable mediator from the Court approved list of mediators attached to the Court-ordered procedures as Exhibit A[4]; or (ii) the FAO Defendant having obtained on order from this Court authorizing the utilization of a bankruptcy judge from the Eastern District of Virginia willing and able to serve as a mediator (the "**Judicial Mediator**"); (b) having executed a mediation agreement, and (c) having scheduled a date for the mediation. If any FAO Defendant does not timely select a mediator, then the Trustee shall promptly (1) assign a mediator to the FAO Adversary Proceeding and (2) so notify the defendant. Each mediator selected by this process shall hereafter be referred to as the "**Mediator**."

C.     At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator, unless otherwise agreed by the parties and/or the Mediator. Unless agreed in writing by both parties and/or the Mediator, the position statements shall not exceed five (5) pages double-spaced (exclusive of exhibits and schedules). The Mediator may also require the parties to provide to the Mediator any relevant papers, exhibits, and a settlement proposal.

D.     Unless otherwise agreed to by the Trustee or Judicial Mediator, the Mediation shall take place in Richmond, Virginia. The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

E.     The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical under the circumstances.

F.     The parties will participate in the mediation, as scheduled, and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each

---

[4] The Trustee will submit a list of proposed mediators and each mediator's proposed compensation structure for the Court's review no later than two (2) business days prior to the hearing on this Motion.

8

        party having full settlement authority shall attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

G.     The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

H.     All proceedings and writings incident to the mediation will be considered privileged and confidential and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing, or responsibility.

I.     Unless otherwise extended by order of this Court, the mediation must be concluded no later than 120 days after the (1) date on which the defendant has filed his/her/its response to the complaint or (2) the date of the Pre-Complaint Mediation Election.

J.     If a party fails to (a) execute a mediation agreement, (b) submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the Mediator or ordered by the Court, and/or (c) attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the FAO Adversary Proceeding.

K.     Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the FAO Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable FAO Adversary Proceeding settled (the "**Mediator's Report**").

L.     If an FAO Adversary Proceeding or matter subject to FAO Demand Letter has not settled as indicated in the Mediator's Report, then the Trustee must, as appropriate, file with the Court, and serve on the defendant, (1) a notice of Pretrial Scheduling Conference to take place at a hearing with a minimum of fourteen (14) days' notice or (2) a complaint initiating an FAO Adversary Proceeding which FAO Adversary Proceeding shall not be subject to the Mediation requirements provided herein.

**4.**     **Settlement**

A.     The Trustee shall have the authority to settle any FAO Action in an amount less than or equal to $25,000.00 upon terms and conditions the Trustee determines to be in the best interests of the Estate, without the need for any further notice, hearing or order of this Court.

9

B. For all FAO Actions in an amount greater than $25,000.00 (any such, a "**Large FAO Action**"), the Trustee shall have the authority to settle, without the need for further notice, hearing or order of this Court, if the settlement amount is at least 70 percent of the claim.

C. To the extent the Trustee desires to settle a Large FAO Action under terms less favorable than the provisions of paragraph 4(B) (a "**Proposed FAO Settlement**"), the Trustee will serve a notice of the Proposed FAO Settlement (the "**Settlement Notice**") by first class mail and/or electronic delivery on the Office of the United States Trustee and any other party who makes a written request to Paula S. Beran, Esquire at Tavenner & Beran, PLC, 20 North Eighth Street, Second Floor, Richmond, Virginia 23219 (collectively, the "**Interested Parties**" and each an "**Interested Party**").

D. The Settlement Notice will include the following information regarding the Proposed FAO Settlement:

   i. The amount of the FAO Action and/or FAO Demand Letter;

   ii. The name of the FAO Action defendant involved in the Large FAO Action;

   iii. The terms of the Proposed FAO Settlement; and

   iv. Any asserted defenses raised in the Large FAO Action.

E. Instructions consistent with the procedures set forth below regarding potential objections to the Proposed FAO Settlement.

F. Interested Parties will have fifteen (15) days (the "**Notice Period**") to object to the Proposed FAO Settlement pursuant to the objection procedures herein. If no objections are properly filed prior to the expiration of the Notice Period, the Trustee will be authorized, without further notice and without further Court approval, to consummate the Proposed FAO Settlement.

G. In addition, the Trustee may consummate a Proposed FAO Settlement prior to expiration of the applicable Notice Period if the Trustee obtains each Interested Party's written consent to the Proposed FAO Settlement. The matter will thereafter be settled as agreed by the parties.

H. Any objection(s) to a Proposed FAO Settlement must (a) be in writing, (b) state with specificity the ground for objection, (c) be served on the Interested Parties and counsel to the Trustee so as to be received prior to the expiration of the Notice Period, and (d) be filed with the Court prior to the expiration of the Notice Period. If an objection to a Proposed FAO Settlement is properly filed and served, then the Proposed FAO Settlement

10

    may not proceed absent (a) withdrawal of the objection or (b) entry of an Order of the Court specifically approving the Proposed FAO Settlement. The objecting party and the Trustee shall attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection, the Court will consider the Proposed FAO Settlement at a hearing as permitted by the Court. Within ten days prior to any such hearing, the objecting party or the Trustee, by counsel, shall notify the Court, the Interested Parties and, as applicable, counsel for the Trustee of its intent to ask the Court to resolve the objection at such hearing.

I. All settlements shall be documented pursuant to an agreement substantially in the same form as Exhibit B[5] attached hereto.

J. On or before the fifteenth day of July, October, January, and April, the Trustee shall file a report with the Court and serve on the Interested Parties, describing the final disposition of all FAO Actions settled in the previous calendar quarter, beginning in October 2020.

## Legal Authority

14. The statutory predicates for the litigation/mediation relief sought herein are Bankruptcy Code §§ 105 and 704 and Bankruptcy Rules of Procedure 7016 and 9019, and Local Rule 9019-1. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Federal Rule of Civil Procedure 16, applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7016, gives the court discretion to manage the course of actions in various ways to facilitate the "just, speedy, and inexpensive disposition of the action." Similar relief was granted by this Court in *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise NFA Avoidance Actions* ECF No. 385, as well as in several other cases pending in this district, including but not limited to *Order Granting Liquidating Trustee's Motion for an Order Establishing Avoidance Action Procedures*, *In re Morris Schneider*

---

[5] A copy of said form of settlement agreement will be filed with the Court on or before two (2) business days prior to the hearing on this Motion.

*Wittstadt Va., PLLC*, Case No. 15-33370 (Bankr. E.D. Va. Feb. 13, 2017), ECF No. 1318; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Actions*; *In re James A. Moncure*, Case No. 14-31546-KLP (Bankr. E.D. Va. Mar. 25, 2016), ECF No. 382; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Claims*, *In re RoomStore*, Case No. 11-37790-KLP (Bankr. E.D. Va. Nov. 27, 2013), ECF No. 1755; *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re LandAmerica Fin. Group, Inc.*, Case No. 08-35994 (Bankr. E.D. Va. Jan. 20, 2011), ECF No. 4213; and *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Nov. 4, 2010), ECF No. 8898. In addition, the procedures proposed herein are consistent with Local Rule 9019-1.

15. The Trustee respectfully requests that the Court adopt and implement the FAO Action Procedures, which shall apply to FAO Adversary Proceedings and matters involving a Pre-Complaint Mediation Election unless the Court orders otherwise.

16. Given the volume of anticipated FAO Adversary Proceedings, the Trustee believes a general order governing pretrial conferences, discovery, and motions practice is prudent. Absent such an order, the Court's docket will be unnecessarily burdened with pretrial conferences and additional time will be required to review and approve individual case scheduling orders. Further, the relief requested herein will aid the Trustee's efforts to reduce expenses and maximize value for the benefit of creditors and other parties in interest by reducing the paperwork requirements and the number of hearings, as well as prompting resolution without the time and expense of formal discovery and litigation to trial through a mediation program. The procedures will also reduce the burden on the Clerk's office and the Court's docket while protecting the interests of all defendants.

17. The settlement procedures described herein satisfy due process requirements. Settlements may be approved without an actual hearing if no party in interest timely requests an actual hearing. 11 U.S.C. § 102(1)(B)(i). Due process is satisfied if parties are given "an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). The Trustee is providing notice simultaneously with the filing of this Motion upon all known, potential defendants in the FAO Actions.

18. Bankruptcy Rule 9019(b) provides as follows:

(b) Authority to Compromise of Settle Controversies Within Classes. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

19. The purpose of this rule is to provide a simplified procedure when numerous settlements are involved. In such a situation, "forcing the trustee to file a new motion each time a settlement is reached would be onerous, expensive, and burdensome." 10 Collier on Bankruptcy ¶ 9019.03, at 9019-5 (16th Ed.). Similar relief was granted as follows: *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise NFA Avoidance Actions* ECF No. 385; *Order Granting Liquidating Trustee's Motion for an Order Establishing Avoidance Action Procedures*, *In re Morris Schneider Wittstadt Va., PLLC*, Case No. 15-33370 (Bankr. E.D. Va. Feb. 13, 2017), ECF No. 1318; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Actions*; *In re James A. Moncure*, Case No. 14-31546-KLP (Bankr. E.D. Va. Mar. 25, 2016), ECF No. 382; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Claims*, *In re RoomStore*, Case No. 11-37790-KLP (Bankr. E.D. Va. Nov. 27, 2013), ECF No. 1755; *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re LandAmerica Fin. Group, Inc.*, Case No. 08-35994 (Bankr. E.D. Va.

Jan. 20, 2011), ECF No. 4213; and *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Nov. 4, 2010), ECF No. 8898; *Order Granting Motion to Approve*, *In re Va. Pac. Forrest Corp.*, Case No. 03-32842 (Bankr. E.D. Va. Oct. 29, 2004), ECF No. 70 (Tice, J.); and *Order Granting Motion for Trustee to Establish Procedures for Prosecution and Resolution of Preference Claims*, *In re Open Plan Sys.*, Case No 02-64657 (Bankr. E.D. Va. July 15, 2003), ECF No. 197 (Tice, J.). The recommended procedures will not be set in stone in that individual deviations from the procedures will be permitted for good cause shown and where circumstances warrant.

## NOTICE

20. Notice of this Motion has been provided by U.S. Mail, postage prepaid, email, or by ECF notice to (a) the Office of the United States Trustee; (b) Persons[6] who the Trustee is currently investigating to determine if said Person benefited from a transfer involving a FAO Action whose address the Trustee has been able to locate in the Debtor's books and records; (c) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (d) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice need be given.

21. The Trustee believes that service of this Motion and application of the procedures described herein will provide all interested parties with due process by providing (a) ample notice,

---

[6] **Receipt of said notice does not mean said Person has been identified as a defendant; rather, the Trustee is investigating facts related to transactions that may have included said Person, and she will, after the completion of said investigation, make demand where appropriate.**

(b) an opportunity to receive notice of all Proposed FAO Settlements, and (c) an opportunity to present objections and request a hearing.

## NO PRIOR RELIEF

22. No prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests the Court enter an Order substantially in the form attached hereto as Exhibit C: (i) authorizing the Trustee, on behalf of the Estate, to pursue FAO Actions in accordance with procedures outlined herein, (ii) authorizing the Trustee, on behalf of the Estate, to resolve the FAO Actions in accordance with the procedures outline herein, and (iii) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: May 14, 2020
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of May, 2020, a true and correct copy of the foregoing *Trustee's Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* was served, via electronic delivery and/or first class mail, postage prepaid to: (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; and (c) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire (Va. Bar No. 34679)

Exhibit C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

# ORDER APPROVING PROCEDURES AND PERMITTING TRUSTEE TO PROSECUTE AND COMPROMISE FAO ACTIONS

This matter coming before the Court on the Trustee's *Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**Motion**")[2] filed by Lynn L. Tavenner, trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

(and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Trustee is authorized to pursue and settle the FAO Actions as set forth in the Motion.

3. The FAO Action Procedures are hereby approved and incorporated herein.

4. No term of the Motion or this Order shall prohibit the Trustee from seeking specific Court approval that the procedures shall not apply to any individual defendant.

5. No term of the Motion or this Order shall prohibit the Trustee from seeking specific Court approval, pursuant to Bankruptcy Rule 9019, of the settlement of any FAO Action.

5. Upon entry, the Clerk shall serve a copy (by electronic delivery) of this Order on Paula S. Beran.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

2

## CERTIFICATION

      I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

_____<br>Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

3