UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re:<br><br>LeClairRyan PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |
|---|---|

### ORDER APPROVING PROCEDURES AND PERMITTING
### TRUSTEE TO PROSECUTE AND COMPROMISE FAO ACTIONS

This matter coming before the Court on the Trustee's *Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**Motion**")[2] filed by Lynn L. Tavenner, trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor; the Court having reviewed the Motion and having (1) received into evidence the Declaration of Lynn L. Tavenner, Trustee, ECF No. 518, and (2) heard the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
David N. Tabakin, Esquire (Va. Bar No. 82709)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

§ 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. The Trustee is authorized to pursue and settle the FAO Actions as provided herein.

3. The FAO Action Procedures are hereby approved and incorporated herein as provided on Exhibit 1 attached hereto.

4. To the extent a particular FAO Defendant requires as part of any Proposed FAO Settlement that the same be subject to a protective order of this Court, the Settlement Notice shall be (a) filed with this Court under seal using the sealed document docketing event in the ECF system pursuant to CM/ECF Policy 6 (as revised effective December 1, 2019) and (b) provided to the Interested Parties only upon written receipt by Paula S. Beran, Esquire at pberan@tb-lawfirm.com of a commitment of Interested Party to keep such information confidential.

5. No term of the Motion or this Order shall prohibit the Trustee from seeking specific Court approval that the procedures shall not apply to any individual defendant.

6. No term of the Motion or this Order shall prohibit the Trustee from seeking specific Court approval, pursuant to Bankruptcy Rule 9019, of the settlement of any FAO Action.

5. Upon entry, the Clerk shall serve a copy (by electronic delivery) of this Order on Paula S. Beran.

2

ENTERED: Jun 11 2020

/s/ Kevin R Huennekens

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

Entered on Docket: Jun 15 2020

/s/ *Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
David N. Tabakin, Esquire (VSB No. 82709)
DTabakin@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

/s/ *Paula S. Beran*
Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Exhibit 1

# FAO ACTION PROCEDURES

1. **Demand Protocol**:

    A. Demand Letter: The Trustee will send a demand letter (the "**FAO Demand Letter**") to each potential defendant ("**FAO Defendant**").

    B. Consent to Mediation: Within 14 days of the date of the FAO Demand Letter, the FAO Defendant may elect to proceed to the Mediation Process provided for in Section 3 herein (the "**Pre-Complaint Mediation Election**") by written request to Paula S. Beran at pberan@tb-lawfirm.com . If the FAO Defendant makes a Pre-Complaint Mediation Election, the Trustee will not file a complaint against said defendant until after the filing of the Mediator's Report (as hereafter defined) (unless otherwise resolved). Absent the timely Pre-Complaint Mediation Election and/or a consummated settlement within 30 days of the date of the FAO Demand Letter, unless otherwise agreed, the Trustee will proceed to file a complaint against the FAO Defendant.

2. **The Litigation Protocol**:

    A. Case-Specific Summons. The summons issued for each FAO Adversary Proceeding will vary from the Court's standard form and will be an "Answer Only" summons. The summons will inform the defendant that he/she/it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the complaint. The summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only after the completion of the mediation procedures described below unless otherwise ordered by the Court.

    B. Extension of Time by Which Trustee must Serve the Summons. The time period under Bankruptcy Rule 7004(e), by which the Trustee must serve the summonses and complaints in the FAO Adversary Proceedings on defendants in the United States shall be extended by thirty (30) days, without prejudice to the Trustee to seek further extensions of time for cause shown.

    C. Stipulation to Extend Time for Defendants to Respond to the Complaint. Without further order of the Court, the parties may stipulate to one extension of the time of no more than sixty (60) days within which a defendant must respond to a complaint. The stipulation must be in writing to be binding on the Trustee but can be documented via email. Any further or longer extensions of time will require Court approval.

4

D. <u>Stay of Requirement to Conduct Scheduling Conference</u>. Federal Rule of Civil Procedure 26(f), made applicable to the FAO Adversary Proceedings pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), shall be stayed with respect to the FAO Adversary Proceedings during the Settlement Period (as hereafter defined). Upon the filing of the Mediator's Report (as described below) with respect to each FAO Adversary Proceeding that is not resolved through the Mediation Process (as described below) or otherwise and before the pretrial conference hereafter described, the parties shall conduct a Rule 26(f) conference, discussing discovery issues, estimated length of trial, and available trial dates.

E. <u>Stay of Discovery and Settlement Period</u>. The one hundred and twenty (120) day period commencing with the filing of the Complaint (the "**Settlement Period**") shall be used by the Trustee to pursue settlement of the claims and commence mediation (if required as set forth below). Unless otherwise ordered by the Court, the parties' obligations to conduct formal discovery in each FAO Adversary Proceeding shall be stayed during the Settlement Period, provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an FAO Adversary Proceeding.

F. <u>Initial Disclosures</u>. Initial disclosures shall be made as indicated in the Pretrial Scheduling Conference or as otherwise provided in order of the Court.

G. <u>Pretrial Scheduling Conferences/Motion Hearing Dates</u>. The Court will schedule dates in the Bankruptcy Case, on which dates any post-mediation pretrial scheduling conferences in the FAO Adversary Proceedings will take place. Any pretrial motions filed by the parties in the FAO Adversary Proceedings must be set for hearing after the filing of the Mediator's Report or unless otherwise ordered by the Court.

H. <u>Motions affecting all FAO Adversary Proceedings</u>. Any motions filed by the Trustee that affect all of the FAO Adversary Proceedings may and should be filed in the Bankruptcy Case, and not in each separately docketed FAO Adversary Proceeding, provided, however, that each defendant shall receive notice of the filing of the same.

I. <u>Notice of these Special Procedures</u>. A copy of the FAO Action Procedures will be served on each defendant with the FAO Demand Letter and/or summons and complaint in each FAO Adversary Proceeding.

3. **The Mediation Protocol**:

5

A. <u>Mediation Process</u>. Mediation will be required in all FAO Adversary Proceedings seeking recovery in excess of $25,000. In FAO Actions seeking recovery of less than $25,000, the parties may jointly agree to participate in the mediation process outlined below, but if mediation is not agreed to, the parties shall (a) conduct a Rule 26(f) conference and submit an agreed discovery scheduling order or proposed scheduling orders (which shall be substantively similar to pretrial orders used by this Court in a majority of its other adversary proceedings) to the Court promptly at the conclusion of the Settlement Period, and the Trustee shall set the FAO Adversary Proceeding down for a Pretrial Scheduling Conference or (b) proceed as required by the applicable rules of the Court in which the action was commenced if said action was not commenced in this Court.

B. Within sixty (60) days after (i) the FAO Defendant has filed a response to the complaint or (ii) the Pre-Complaint Mediation Election, the parties must have commenced the mediation process by (a) either (i) having selected a mutually agreeable mediator from the Court approved list of mediators attached hereto as Exhibit A; or (ii) the FAO Defendant having obtained on order from this Court authorizing the utilization of a bankruptcy judge from the Eastern District of Virginia willing and able to serve as a mediator (the "**Judicial Mediator**"); (b) having executed a mediation agreement, and (c) having scheduled a date for the mediation. If any FAO Defendant does not timely select a mediator, then the Trustee shall promptly (1) assign a mediator to the FAO Adversary Proceeding and (2) so notify the defendant. Each mediator selected by this process shall hereafter be referred to as the "**Mediator**."

C. At least ten (10) days prior to the scheduled mediation, the parties shall exchange position statements and submit the statements to the Mediator, unless otherwise agreed by the parties and/or the Mediator. Unless agreed in writing by both parties and/or the Mediator, the position statements shall not exceed five (5) pages double-spaced (exclusive of exhibits and schedules). The Mediator may also require the parties to provide to the Mediator any relevant papers, exhibits, and a settlement proposal.

D. Unless otherwise agreed to by the Trustee or Judicial Mediator, the Mediation shall take place in Richmond, Virginia. The Mediator's fees shall be split equally by the parties, and payment arrangements satisfactory to the Mediator must be completed prior to the commencement of the mediation.

E. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations. The Mediator may implement additional procedures which are reasonable and practical

6

      under the circumstances.

F.     The parties will participate in the mediation, as scheduled, and presided over by the Mediator, in good faith and with a view toward reaching a consensual resolution. At least one counsel for each party and a representative of each party having full settlement authority shall attend the mediation in person; provided, however, that a Mediator, in his or her discretion, may allow a party representative to appear telephonically.

G.     The length of time necessary to effectively complete the mediation will be within the Mediator's discretion. The Mediator may also adjourn a mediation that has been commenced if the Mediator determines that an adjournment is in the best interests of the parties.

H.     All proceedings and writings incident to the mediation will be considered privileged and confidential and shall not be reported or admitted in evidence for any reason whatsoever. Nothing stated or exchanged during a mediation shall operate as an admission of liability, wrongdoing, or responsibility.

I.     Unless otherwise extended by order of this Court, the mediation must be concluded no later than 120 days after the (1) date on which the defendant has filed his/her/its response to the complaint or (2) the date of the Pre-Complaint Mediation Election.

J.     If a party fails to (a) execute a mediation agreement, (b) submit the required submissions as provided in these Mediation Procedures or as may be agreed to by the Mediator or ordered by the Court, and/or (c) attend the mediation as required, then the non-defaulting party may file a motion for default judgment or a motion to dismiss the FAO Adversary Proceeding.

K.     Within ten (10) days after the conclusion of the mediation, the Mediator will file a report, drafted with the caption of the FAO Adversary Proceeding, which need only state (a) the date that the mediation took place, (b) the names of the parties and counsel that appeared at the mediation, and (c) whether or not the applicable FAO Adversary Proceeding settled (the "**Mediator's Report**").

L.     If an FAO Adversary Proceeding or matter subject to FAO Demand Letter has not settled as indicated in the Mediator's Report, then the Trustee must, as appropriate, file with the Court, and serve on the defendant, (1) a notice of Pretrial Scheduling Conference to take place at a hearing with a minimum of fourteen (14) days' notice or (2) a complaint initiating an FAO Adversary Proceeding which FAO Adversary Proceeding shall not be subject to the Mediation requirements provided herein.

7

4. **Settlement**

    A.    The Trustee shall have the authority to settle any FAO Action in an amount less than or equal to $25,000.00 upon terms and conditions the Trustee determines to be in the best interests of the Estate, without the need for any further notice, hearing or order of this Court.

    B.    For all FAO Actions in an amount greater than $25,000.00 (any such, a "**Large FAO Action**"), the Trustee shall have the authority to settle, without the need for further notice, hearing or order of this Court, if the settlement amount is at least 70 percent of the claim (which is the amount demanded less any amount subject to an undisputed defense).

    C.    To the extent the Trustee desires to settle a Large FAO Action under terms less favorable than the provisions of paragraph 4(B) (a "**Proposed FAO Settlement**"), the Trustee will file on this Court's docket and serve a notice of the Proposed FAO Settlement (the "**Settlement Notice**") by first class mail and/or electronic delivery on (i) the Office of the United States Trustee, (ii) the 20 largest unsecured creditors as listed on the Debtor's schedules, and (iii) any other party who makes a written request to Paula S. Beran, Esquire at pberan@tb-lawfirm.com or Tavenner & Beran, PLC, 20 North Eighth Street, Second Floor, Richmond, Virginia 23219 (collectively, the "**Interested Parties**" and each an "**Interested Party**").

    D.    The Settlement Notice will include the following information regarding the Proposed FAO Settlement:

        i.    The amount of the FAO Action and/or FAO Demand Letter;

        ii.    The name of the FAO Defendant involved in the Large FAO Action;

        iii.    The terms of the Proposed FAO Settlement; and

        iv.    Any asserted defenses raised in the Large FAO Action.

    E.    Instructions consistent with the procedures set forth below regarding potential objections to the Proposed FAO Settlement.

    F.    Interested Parties will have fifteen (15) days (the "**Notice Period**") to object to the Proposed FAO Settlement pursuant to the objection procedures herein. If no objections are properly filed prior to the expiration of the Notice Period, the Trustee will be authorized, without further notice and without further Court approval, to consummate the Proposed FAO Settlement.

G. In addition, the Trustee may consummate a Proposed FAO Settlement prior to expiration of the applicable Notice Period if the Trustee obtains each Interested Party's written consent to the Proposed FAO Settlement. The matter will thereafter be settled as agreed by the parties.

H. Any objection(s) to a Proposed FAO Settlement must (a) be in writing, (b) state with specificity the ground for objection, (c) be served on the Interested Parties and counsel to the Trustee so as to be received prior to the expiration of the Notice Period, and (d) be filed with the Court prior to the expiration of the Notice Period. If an objection to a Proposed FAO Settlement is properly filed and served, then the Proposed FAO Settlement may not proceed absent (a) withdrawal of the objection or (b) entry of an Order of the Court specifically approving the Proposed FAO Settlement. The objecting party and the Trustee shall attempt to resolve the objection on a consensual basis. If the parties are unable to reach a resolution of the objection, the Court will consider the Proposed FAO Settlement at a hearing as permitted by the Court. Within ten days prior to any such hearing, the objecting party or the Trustee, by counsel, shall notify the Court, the Interested Parties and, as applicable, counsel for the Trustee of its intent to ask the Court to resolve the objection at such hearing.

I. All settlements shall be documented pursuant to an agreement substantially similar to form attached hereto as Exhibit B.

J. On or before the fifteenth day of July, October, January, and April, the Trustee shall file a report with the Court and serve on the Interested Parties, describing the final disposition of all FAO Actions settled in the previous calendar quarter, beginning in October 2020.

EXHIBIT A – Mediator List

**Peter J. Barrett, Esq. – Kutak Rock LLP**
Hourly rate of $540.00/hour plus reimbursement of expenses.

**Michael St. Patrick Baxter, Esq. – Covington & Burling LLP**
Hourly rate of $1,210.00/hour plus reimbursement of expenses.

**Andrew W. Caine, Esq. - Pachulski Stang Ziehl & Jones LLP**
$2,500.00 for a half day; $4,500.00 for a full day, with prep time at a discounted rate of $750.00/hour; waiver of all travel time fees but requires payment of actual travel expenses.

**David Cox, Esq. – Cox Law Group PLLC**
Hourly rate of $450.00/hour plus reimbursement of expenses.

**Douglas M. Foley, Esq. – McGuire Woods LLP**
Hourly rate of $965.00/hour plus reimbursement of expenses.

**Catherine L. Steege, Esq. – Jenner & Block LLP**
$2,500.00 for 1/2 day, $4,500.00 for a full day; $750.00 per hour for prep time; no billing for travel time, but reimbursement for actual expenses including travel costs.

**Rachel C. Strickland, Esq. - Willkie Farr & Gallagher LLP**
Hourly rate of $1,600.00/hour plus reimbursement of expenses.

All have indicated a willingness to further address on a case by case basis.

EXHIBIT B – FORM OF SETTLEMENT AGREEMENT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>　　LeClairRyan PLLC,<br><br>　　　　Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "**Agreement**") is made this ____ day of _____, 2020, by and between Lynn L. Tavenner in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy case (the "**Bankruptcy Case**") of LeClairRyan PLLC on behalf of the Chapter 7 bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), on the one hand, and [INSERT NAME OF DEFENDANT] (the "**Defendant**"), on the other hand. The Trustee and Defendant may be referred to hereinafter collectively as the "Parties."

## RECITALS

### Background

WHEREAS, on September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

WHEREAS, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

WHEREAS, upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, the Trustee is seeking avoidance and recovery of certain transfers of the Debtor's assets;

11

WHEREAS, the Trustee alleges that the Defendant received preferential, fraudulent and/or otherwise avoidable transfers from the Debtor (the "**Transfers**");

WHEREAS, the Trustee demanded the return of the Transfers from the Defendant [WHEN APPROPRIATE: sought other amounts related to alleged damages, and filed a Complaint to _____ in the Bankruptcy Court, Adv. Pro. No. 20-_____-KRH] (the "**Litigation**");

### The Settlement Negotiations

WHEREAS, the Trustee and the Defendant desire to fully resolve and settle the Litigation on the terms set forth herein without admission of guilt; and

WHEREAS, the Trustee and the Defendant have negotiated and reached this Agreement in good faith.

### THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by the Defendant to the Trustee, which the Trustee and the Defendant agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. Settlement Payment: The Defendant shall pay to the Trustee the total sum of **$_____** (the "**Payment**") in full satisfaction of the Litigation. Said Payment shall be made within fifteen (15) days of Bankruptcy Court approval of this Agreement. The Payment shall be made payable to *Lynn L. Tavenner, Chapter 7 Trustee of LeClairRyan, PLLC*, and sent to Paula S. Beran, Esquire, Tavenner & Beran, PLC, 20 North 8th Street, Richmond, VA 23219. This Agreement shall be effective only upon (i) entry of a final and non-appealable order of the Bankruptcy Court approving the terms and conditions of the Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, or (ii) satisfaction of settlement procedures approved by the Bankruptcy Court in connection with the Trustee's Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof (which shall constitute an approval of this Agreement), at the sole discretion of the Trustee. In the event that the Agreement is objected to and the Bankruptcy Court denies approval of this Agreement, then the Agreement shall be null and void, and any Payment Defendant may have provided to the Trustee prior to such denial shall be returned to Defendant. Nothing contained herein shall require any Party to appeal disapproval of this Agreement.

2. [WHEN APPROPRIATE] The Claim: The Defendant shall be entitled to file a proof of claim pursuant to 11 U.S.C. § 502(h) in the amount of the $_____ as a general unsecured claim (the "_____**Claim**"). The Trustee will not object to the _____Claim, and said _____Claim shall be allowed as a general unsecured claim in

12

the amount of the _____ Claim. The _____ Claim shall be filed by the Defendant within thirty (30) days of the Payment. If the _____ Claim is not filed within thirty (30) days of the Payment, then the Defendant waives the right to file the _____ Claim and, in the event that the Defendant files the _____ Claim after the thirtieth day of making the Payment, the Trustee shall object to the _____ Claim, and the _____ Claim shall be denied.

[¶3 OPTION #1]

     3.     <u>Release by Trustee</u>: Upon receipt by the Trustee of the Payment and approval of this Agreement by the Bankruptcy Court, the Trustee, on behalf of the Estate, shall release and forever discharge the Defendant and the Defendant's agents, officers, consultants, employees, attorneys, accountants, financial advisors, and other representatives acting on behalf of the Defendant (collectively, the "**Defendant's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against the Defendant or the Defendant's Released Affiliates for recovery of the Transfers solely as it relates to the Litigation. For the avoidance of doubt, nothing hereby shall be deemed a waiver of any rights or remedies the Trustee may have against any other defendant, other than the Defendant identified herein, in the other pending adversary proceedings filed in connection with the Bankruptcy Case.

[¶3 OPTION #2]

     3.     <u>Covenant Not to Sue</u>: Subject solely to the provisions set forth in Paragraph 3.a. of this Agreement, the Trustee, on behalf of LeClairRyan and the Estate, hereby covenants and agrees: (a) not to sue, assert a claim or take other affirmative action to obtain from the Defendant a recovery of the Transfers; and (b) not to assign any Claim against the Defendant to any other person. Subject to the terms of this Agreement, the Trustee, on behalf of LeClairRyan and the Estate, also covenants and agrees not to sue or assign any right to sue the Defendant's agents, officers, consultants, employees, attorneys, accountants, financial advisors, and other representatives acting on behalf of the Defendant for recovery of the Transfers. Nothing herein shall constitute a release of any other claim against any other person, all of which are reserved.

     3.a.     <u>Covenant to Cooperate</u>: In lieu of responding to subpoenas or other compelled legal process, the Defendant agrees to meet from time to time, at reasonable times and locations, with the Trustee or her counsel in order to respond to questions and provide information relating to LeClairRyan and/or any related entity, and the Defendant also agrees to appear at depositions and court proceedings regarding LeClairRyan when provided with sufficient advance notice to allow for reasonable scheduling. All information and responses provided by the Defendant shall be truthful and accurate to the best of the Defendant's knowledge, information, and belief. To the extent that the Defendant has any documents in his/her custody or control relating to any inquiry made by Trustee or her counsel, the Defendant shall provide copies of such documents upon request. The Defendant shall not receive any payment for such cooperation, except for the direct

cost of any document copies made at Trustee's request. In the event that the Defendant breaches the obligations in this paragraph, and such breach is not cured within five (5) business days following the delivery of a notice of default that identifies the breach, the covenants set forth in Paragraph 3 of this Agreement shall be null and void, and the Trustee shall be permitted to exercise any and all available remedies against the Defendant and the Defendant's agents, officers, consultants, employees, attorneys, accountants, financial advisors, and other representatives acting on behalf of the Defendant.

3.b.    In consideration of the Trustee's Covenant Not to Sue (as set forth in Paragraph 3 of this Agreement), the Defendant agrees that all statutes of limitation, including but not limited to those set forth in Section 108 of the Bankruptcy Code, applicable to any claim the Trustee may bring against the Defendant, to the extent not already expired, are hereby further extended through and including _____, 20__ (the "**Tolling Period**"), and the Tolling Period shall be excluded from any calculation of any statute of limitation period applicable to any claim brought by the Trustee against the Defendant for recovery of the Transfers. The Defendant acknowledges that the Defendant will be stopped hereby from arguing that this Agreement is ineffective to extend the time, to the extent not already expired, within which the Trustee must commence an action to pursue any claim.

4.    <u>Release by Defendant</u>: Upon approval of this Agreement by the Bankruptcy Court, [except for the _____ Claim], the Defendant hereby releases and forever discharges (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Defendant made, could have made, or is able to make against the Trustee, the Estate, or the Trustee's Released Affiliates with respect to the Litigation, [including, but not limited to, any claim against the Estate for the Payment amount that Defendant could claim under § 502(h) of the Bankruptcy Code].

5.    <u>Predecessors, Successors, and Assigns</u>: All persons or business entities granting releases hereby include any assignee, predecessor in interest, or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

6.    <u>Preserved Claims</u>: For the avoidance of doubt, claims preserved by the Trustee include, without limitation, all adversary proceedings filed in the Bankruptcy Court and all claims under chapter 5 of the Bankruptcy Code and/or relevant state law ("**Avoidance Actions**") whether or not such Avoidance Actions have been filed or asserted as of the date of this Agreement, other than the claims involved in this Litigation.

7.    <u>Understanding and Counsel</u>: The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to

14

be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind the parties in all respects to this Agreement.

8. <u>Legal Fees and Costs</u>: Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to the Litigation and this Agreement.

9. <u>Entire Agreement</u>: This Agreement constitutes the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

10. <u>Amendments</u>: This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

11. <u>Headings</u>: All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

12. <u>Construction</u>: As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

13. <u>Waiver and Modification</u>: The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

14. <u>Jurisdiction</u>: By this Agreement, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement.

15. <u>Counterparts and Facsimile Signatures</u>: This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if all of the Parties had signed one document. This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

16. <u>Further Necessary Actions</u>: To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

17. <u>Actions to Enforce</u>: Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the

prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

      18.    <u>Applicable Law</u>: This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

      **IN WITNESS WHEREOF**, the Parties hereto have executed this Settlement Agreement under seal on the day and year set forth above.

**The Bankruptcy Estate of LeClairRyan PLLC**

By: _____

Name: Lynn L. Tavenner

Title: Chapter 7 Trustee

**[Defendant]**

**By:** _____

**Name:**

**Title:**