UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

    LeClairRyan, PLLC,[1]

                Debtor

Case No.
19-34574-KRH

Chapter
7

## MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AND MEMORANDUM OF LAW

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement and Memorandum of Law  (the "**Settlement Motion**"), seeking the entry of an order approving the settlement proposed herein.

## Jurisdiction and Venue

1.    The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
Facsimile:    (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

August 15, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**").  Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.      Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019.  Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee. Pursuant to order of the Bankruptcy Court, Tavenner & Beran serves as counsel to the Trustee.

6.      Before the Petition Date, LeClairRyan entered into one or more engagement agreements with Sistemas Aereos de Mexico, SA de CV ("**Sistemas**"), Aladia Travel, SA de CV ("**Aladia**"), and/or Amtek Internacional, S.A. de C.V. ("**Amtek**") to provide legal services. One said engagement involved LeClairRyan representing Sistemas and Aladia in a lawsuit against Transat A.T. Inc. and Esteban Benavides a/k/a Esteban Daniel Benavides Perez, individually and as an agent of Transat A.T. Inc. in the Supreme Court of the State of New York, County of New York under Index No. 653530/2012 (the "**NY Lawsuit**").

7.      Before the Petition Date, Diamond McCarthy, LLP ("**DM LLP**") substituted into and replaced LeClairRyan as counsel for Sistemas and Aladia in the NY Lawsuit. Thereafter, DM LLP negotiated a settlement of the NY Lawsuit. In connection with disbursements of funds received as part of this settlement, a dispute arose over the distribution of $1,098,242.63 (the "**Disputed Funds**"), with LeClairRyan claiming an interest in said funds.

8.      The Trustee, upon learning of the Disputed Funds and LeClairRyan's potential interest in said funds, immediately made demand for the turnover of the Disputed Funds.  The Trustee, Sistemas, Aladia and DM LLP agreed that DM LLP would tender the Disputed Funds to counsel for the Trustee, Tavenner & Beran, for said Disputed Funds to be held in trust at an account with TowneBank (the "**TowneBank Account**") until further order of this Court. Pursuant to a *Stipulation between Lynn L. Tavenner, as Trustee, Tavenner & Beran, PLC, Diamond McCarthy, LLP,  Sistemas Aereos de Mexico, SA de CV, and Aladia Travel, SA de CV and Stipulated Order* (the "**Stipulated Order**"), ECF No. 588, entered by this Court on  August 8, 2020, the Disputed Funds were tendered to Tavenner & Beran and have remained in the TowneBank Account.

9.      The Trustee, Sistemas, and Aladia, all through counsel, engaged in extensive discussions and negotiations regarding the Disputed Funds.  Sistemas and Aladia have maintained that the Estate was not entitled to any of the Disputed Funds because they suggest that LeClairRyan did not diligently prosecute the NY Lawsuit. Sistemas and Aladia further maintain that the firm failed to, including, inter alia, investigate and identify key witnesses regarding the essential element of causation, which allegedly exposed LeClairRyan to liability for legal malpractice with potential damages of $158,000,000.00.

**THE PROPOSED SETTLEMENT**

4.      After extensive discussions, the Trustee, Sistemas, and Aladia  have reach a resolution as follows:

    a.      $548,242.63 shall be distributed to the law firm of Sponsel Miller Greenberg PLLC on behalf of Sistemas and Aladia;

    b.      $550,000.00 shall be distributed to the Trustee on behalf of the Estate;  and

    c.      The parties shall execute mutual releases, releasing any and all claims related to the Disputed Funds and/or the NY Lawsuit.

(collectively, the "**Settlement**").

**MEMORANDUM OF LAW**

5.      Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In *TMT Trailer*, the Supreme Court stated that compromises and settlements must be "fair and equitable." 390 U.S. at 424; *see also In re Loudoun Heights, LLC*, No. 13-15588, 2014 WL 2928110, at *8 (Bankr. E.D. Va. June 27, 2014) (same); *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Wood, Inc.)*, No. 98-38685, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (same); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) (same); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (same).

6.      In determining whether a proposed compromise and settlement is fair and equitable, courts in this District consider the following factors: (a) "the probability of success in litigation;" (b) "potential collection struggles;" (c) "the complexity, time and expense involved in litigating

the matter;" and (d) "the interests of the creditors." *Loudoun Heights*, 2014 WL 2928110, at *9

(citations omitted); *Three Rivers Wood*, 2001 WL 720620, at *6 (same).

7.      Additionally, the Court must determine whether the proposed settlement is in the

best interests of the Estate. *Three Rivers Wood*, 2001 WL 720620, at *6 ("a compromise or

settlement will most likely gain approval if is it both 'fair and equitable,' as well as representative

of the best interests of the estate as a whole") (citations omitted); *Frye*, 216 B.R. at 174 ("In order

to approve a compromise, this court must look at various factors and determine whether the

compromise is in the best interest of the estate and whether it is fair and equitable."); *In re Energy

Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a

bankruptcy settlement is whether the settlement is in the best interests of the estate.").

8.      The factors that courts consider to determine the best interests are similar to the

factors to determine whether the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*,

515 B.R. 284, 288 (Bankr. E.D. Va. 2014) ("The best interests of the estate are met by considering

the same factors a court considers in reviewing any proposed settlement: (1) the probability of

success on the merits in the litigation; (2) possible difficulties of collecting any judgment which

might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and

(4) the interests of the creditors, giving proper deference to their reasonable views.") (internal

citations omitted).

9.      When reviewing a proposed settlement, the Court may take into account the

Trustee's business judgment and the opinions of the other parties to such settlement, and the Court

should not substitute its judgment for that of the Trustee. Instead, the Court must determine

"whether the settlement falls below the lowest point in the range of reasonableness." *Three Rivers*

*Wood*, 2001 WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400). Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001 WL 720620, at *6.

10.     The Trustee, in the exercise of her business judgment, believes that the Settlement is fair and equitable and in the best interest of the Debtor's Estate in that it (a) provides the Estate with the sum certain of $550,000.00 and (b) avoids extensive and expensive litigation related to whether LeClairRyan diligently prosecuted the NY Lawsuit or committed legal malpractice with potential damages of $158,000,000.00.

11.     Accordingly, the Trustee respectfully requests that the Court approve the Settlement as fair and equitable and in the best interest of the Estate by entry of the Order attached as Exhibit A hereto.

Dated: November 24, 2020
Richmond, Virginia

LYNN L. TAVENNER, TRUSTEE

By:*/s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Trustee*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Local Rules of this Court, I certify that on this 24th day of November 2020, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case (as indicated on the Schedule A attached to the Court filed copy of this Notice).

/s/ *Paula S. Beran*_____
Counsel for the Trustee

Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | |
| | Chapter |
| | 7 |

## **ORDER APPROVING SETTLEMENT**

This day came Lynn L. Tavenner, Trustee (the "**Trustee**"), by counsel, on her Motion for

Approval of Compromise and Settlement and Memorandum of Law (the "**Settlement Motion**"),

the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the

Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement

represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of

reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors;

and the Court having determined that the legal and factual basis set forth in the Settlement Motion

establish just cause for the relief granted herein;

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED**

**THAT:**

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
Facsimile:    (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1.      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion.

2.      The Settlement is approved.

3.      Tavenner & Beran, PLC is authorized and ordered to distribute the Disputed Funds in the TowneBank Account as follows: $548,242.63 to Sponsel Miller Greenberg PLLC on behalf of Sistemas and Aladia, and $550,000.00 to the Estate.

4.      Alberto J. Morales, Sistemas Aereos de Mexico, SA de CV, Aladia Travel, SA de CV, and Amtek Internacional, S.A. de C.V. (collectively, the "**Morales Entities**") hereby release and forever discharges (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that Morales Entities made, could have made, or are able to make against the Trustee, the Estate, or the Trustee's Released Affiliates with respect to the Disputed Funds and/or the NY Lawsuit.

5.      The Trustee, on behalf of the Estate, hereby releases and forever discharges the Morales Entities and their legal counsel, accountants, and financial advisors (collectively, "**Morales Entities' Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Debtor or the Trustee made, could have made, or is able to make against the Morales Entities' Released Affiliates with respect to the Disputed Funds and/or the NY Lawsuit.

2

6.      Notice of the Settlement Motion (and service of the proposed order) was sufficient

under the circumstances.

7.      The Trustee is authorized to take all action necessary to effectuate the Settlement.

8.      Upon making the distributions provided herein, Tavenner & Beran, PLC shall be

released and have no additional obligations or duties pursuant to the Stipulated Order and/or

related to the Disputed Funds and/or the TowneBank Account.

9.      The Court shall retain jurisdiction to interpret and enforce the terms of this Order.


Entered:                                    _____

                                          UNITED STATES BANKRUPTCY JUDGE

I ask for this:

*/s/*_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

        *Counsel for Lynn L. Tavenner, Trustee*

SEEN AND AGREED:

/s/_____
Thane Tyler Sponsel III, Esquire
Sponsel Miller Greenberg PLLC
50 Briar Hollow Ln., Suite 370 West
Houston, Texas 77027

        *Counsel for Alberto J. Morales, Aladia Travel, SA de CV,*
        *Amtek Internacional, S.A. de C.V. , and Sistemas Aereos de Mexico, SA de CV*

3

## <u>CERTIFICATION</u>

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

<u>/s/</u>
Counsel for the Trustee

<u>Service List</u>

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219