David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Fax: (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to ULX Partners, LLC and UnitedLex Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor. | **Chapter 7**<br><br>**Case No. 19-34574 (KRH)**<br><br>**Ref. Docket Nos. 533, 811, 816** |

**OBJECTION OF ULX PARTNERS, LLC AND UNITEDLEX CORPORATION
TO CONSUMMATION OF PROPOSED FAO SETTLEMENTS[1]**

ULX Partners, LLC ("**ULXP**") and UnitedLex Corporation ("**UnitedLex**" and together

with ULXP, the "**Objectors**"), both parties-in-interest, by and through undersigned counsel, hereby

object (the "**Objection**") to consummation of the Proposed FAO Settlements (as defined herein) filed

by Lynn L. Tavenner, in her capacity as the Chapter 7 trustee (the "**Trustee**") of the bankruptcy

---

[1] Notwithstanding arguments to the contrary, this Objection is the first substantive issue in the Debtor's bankruptcy case in which UnitedLex appears and participates. Accordingly, this Objection should not be construed to alter, modify or in any way impact the defenses raised by UnitedLex in *Defendants' Motion to Withdraw the Reference and Memorandum in Support Thereof* [Adv. Pro. No. 20-03142-KRH, ECF No. 13], *Defendants' Reply Memorandum in Support of Their Motion to Withdraw the Reference* [Adv. Pro. No. 20-03142-KRH, ECF No. 21], or *Defendants Objection to the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law* [Adv. Pro. No. 20-03142-KRH, ECF No. 35], and UnitedLex reserves all rights set forth in the foregoing pleadings without waiving any of its defenses raised in connection with claims asserted against it in the Adversary Proceeding (defined below).

estate (the "**Estate**") of LeClairRyan, PLLC ("**LeClairRyan**" , "**LCR**", or the "**Debtor**") in the above-captioned case.  In support of this Objection, the Objectors state as follows:

## Introduction

This Court approved the FAO Action Procedures – prepared and proposed by the Trustee, herself – to govern a streamlined process by which the Trustee, on behalf of the Estate, could pursue and attempt to resolve claims against certain parties.  Unable to consensually resolve an FAO Action with the Trustee, the Objectors, one of which is one of the Estate's largest creditors, are defendants to a pending adversary proceeding captioned as *Lynn L. Tavenner v. ULX Partners, LLC and UnitedLex Corporation*, Adv. Case No. 20-03142-KRH (Bankr. E.D. Va.) (the "**Adversary Proceeding**"), wherein the Trustee alleges, *inter alia*, that the Objectors conspired with certain former employees of the Debtor to engage in and carry out acts that allegedly damaged the Debtor and seeks in excess of $140 million in damages.

The Trustee has also apparently initiated demands against various former LCR attorneys – the details of which have not been disclosed by the Trustee to date.  Nevertheless, the Trustee has apparently reached a settlement with at least 37 different individuals as indicated in her Notice of Proposed FAO Settlements [Docket No. 811] and the Public Notice [Docket No. 816] --  all of whom are believed to be former LCR attorneys, and <u>at least two of which have been identified by the Trustee as alleged co-conspirators of the Objectors</u>.  The Trustee has not disclosed any terms of the proposed

2

settlements to the Objectors, despite their obvious interest in such settlements as a creditor (ULXP) and as defendants in the Adversary Proceeding.[2]

Pursuant to the FAO Procedures Order, the Trustee filed certain Settlement Notices of Proposed FAO Settlements indicating the above-referenced settlements.  The proposed settlements were filed under seal, however, as each of the FAO Defendants must have required confidentiality in their settlements because the FAO Procedures Order provides that "[t]o the extent a particular FAO Defendant requires as part of any Proposed FAO Settlement that the same be subject to a protective order of [the] Court . . . ." (FAO Procedures Order, ¶4).  The FAO Procedures Order does not provide for any exceptions or other conditions to apply, nor does it allow for filing under seal due to the Trustee's desire for confidentiality.  The same paragraph, however, also mandates that the Trustee provide a copy of such Settlement Notice to parties that deliver a written request for the same and agree to maintain the confidentiality of the Settlement Notice.  (Id.).

Therefore, in accordance with paragraph 4 of the FAO Procedures Order, the Objectors timely sent a written request to Trustee's counsel on April 16, 2021 for a copy of the Sealed Notice of Proposed FAO Settlements, which request explicitly provided that the Objectors and their counsel would maintain the confidentiality of the information in the notice.  Based on her unilateral (and baseless) discretion, the Trustee's counsel responded on April 22, 201 that the Trustee, "in the

---

[2] Significantly, the approved FAO Action Procedures include a form of settlement agreement with an option whereby the Trustee agrees not to pursue claims against the subject FAO Defendant in exchange for the FAO Defendant's cooperation in connection with matters related to the Debtor's bankruptcy case; this could include serving as a witness for the Trustee in the Adversary Proceeding. The Trustee is withholding this information from the Objectors.

exercise of her business judgment, maintains that it is not in the Estate's best interest to provide confidential settlement documents to Persons who are involved in litigation with the Estate . . . ."

The Trustee's withholding of such information is unjustified, contrary to the express provisions of the FAO Procedures Order, and contrary to fundamental principles underlying Bankruptcy Rule 9019 and the discovery process.  The Objectors file this Objection due to the Trustee's improper and unauthorized refusal to comply with the FAO Procedures Order and seek relief from the Court to gain access to information so that the Objectors can determine whether they object to the terms of the proposed settlements.

### Relevant Background

1.      On September 3, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Court**").

2.      On October 4, 2019, the case was converted to a case under chapter 7 of the Bankruptcy Code, and the Trustee was appointed [Docket Nos. 140, 154].

3.      On May 14, 2020, the Trustee moved the Court to, among other things, establish procedures (the "**FAO Action Procedures**") to govern the process by which the Trustee, on behalf of the Estate, could prosecute and settle, or otherwise resolve, disputes related to causes of actions for matters involving (a) former attorneys of LeClairRyan and/or entities to which any transitioned, (b) parties receiving transfers for the benefit of former attorneys of LeClairRyan and/or entities to which any transitioned, (c) ULXP, (d) parties receiving transfers for the benefit of ULXP, (e) UnitedLex, (f) parties receiving transfers for the benefit of UnitedLex, and/or (g) parties, including insurance companies providing fiduciary or similar services to LeClairRyan and/or any of its former attorneys [Docket No. 457].

4.      On June 15, 2020, the Court entered its *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise FAO Actions* [Docket No. 533] (the "**FAO Procedures Order**").[3]

5.      On April 12, 2021, in accordance with paragraph 4 of the FAO Procedures Order, the Trustee filed a notice of Proposed FAO Settlements under seal [Docket No. 811] (the "**Sealed Notice of Proposed FAO Settlements**").

6.      On April 15, 2021, the Trustee filed a separate notice [Docket No. 816] (the "**Public Notice**") to publicly announce the filing of the Sealed Notice of Proposed FAO Settlements and disclose the identities of the FAO Defendants that entered into the Proposed FAO Settlements.

7.      Paragraph 4 of the FAO Procedures Order states, "To the extent a particular FAO Defendant requires as part of any Proposed FAO Settlement that the same be subject to a protective order of this Court, the Settlement Notice shall be (a) filed with this Court under seal and (b) provided to the Interested Parties only upon written receipt by Paula S. Beran, Esquire at pberan@tb-lawfirm.com of a commitment of Interested Party to keep such information confidential."[4]

8.      In accordance with paragraph 4 of the FAO Procedures Order, on April 16, 2021, undersigned counsel, on behalf of the Objectors as Interested Parties, emailed counsel to the

---

[3] Capitalized terms used but not defined herein shall have the meanings given to them in the FAO Procedures Order.

[4] As set forth in 4(C) of the FAO Action Procedures, "Interested Parties" means, "(i) the Office of the United States Trustee, (ii) the 20 largest unsecured creditors as listed on the Debtor's schedules, and (iii) any other party who makes a written request to Paula S. Beran, Esquire . . . ." As the Objectors, through their counsel, made a written request to Trustee's counsel, Paula S. Beran, Esquire for service of Settlement Notices, including the Sealed Notice of Proposed FAO Settlements, the Objectors should be considered "Interested Parties". In addition, ULXP is one of the largest unsecured creditors of the Estate.

Trustee requesting to be provided with a copy of all Settlement Notices filed in the case (including the Sealed Notice of Proposed FAO Settlements) and specifically providing that undersigned counsel as well as the Objectors would maintain the confidentiality of the information therein.[5]

9.      Notwithstanding the fact that paragraph 4 of the FAO Procedures Order does <u>not</u> provide the Trustee with discretion to refuse to provide Settlement Notices to an Interested Party that satisfies the condition set forth therein, on April 22, 2021 the Trustee's counsel responded to the Objectors' request, stating:

> The Trustee, in the exercise of her business judgment, maintains that it is not in the Estate's best interest to provide confidential settlement documents to Persons who are involved in litigation with the Estate and, as such, will be asking the Court to modify what we maintain is an unintended nuance of the procedures.  If the Court disagrees or does not otherwise modify, the Trustee, of course, will follow the Court's direction.

10.      The Trustee's refusal to comply with the FAO Procedures Order has necessitated this Objection, as the Objectors are currently unaware of the proposed terms of the Proposed FAO Settlements set forth in the Sealed Notice of Proposed FAO Settlements and reserve all rights and objections with respect thereto.

### <u>Objection</u>

11.      In providing a written request to Trustee's counsel for a copy of the Sealed Notice of Proposed FAO Settlements and committing to maintain the confidentiality of the relevant information for each Proposed FAO Settlement, the Objectors satisfied the requisite condition to receive a copy of such notice.  Under the FAO Procedures Order, the Trustee is, therefore, <u>required</u> to provide a copy, but has disobeyed the Court's FAO Procedures Order and refused to provide a copy on the grounds that it is not in the Estate's best interest due to the parties' involvement in the

---

[5] A copy of the Objectors' request for receipt of a copy of the Sealed Notice of Proposed FAO Settlements sent to counsel to the Trustee on April 16, 2021 is attached as **<u>Exhibit 1</u>**.

Adversary Proceeding.  Notwithstanding her position, the Trustee has no basis to withhold the requested information.

12.      As an initial matter, Bankruptcy Rule 9019 requires transparency.  *See In re Big Apple Volkswagen, LLC*, 571 B.R. 43, 56-57 (S.D.N.Y. 2017) ("Bankruptcy Rule 9019 . . . has a clear purpose to prevent the making of concealed agreements which are unknown to the creditors and unevaluated by the court . . . Rule 9019(a) . . . guarantees transparency in the process of compromise or settlement and provides other creditors an opportunity to voice their concerns. While compromise is favored in bankruptcy, Rule 9019(a) operates as an important check on the process, ensuring that any compromise or settlement will be effective only after it is disclosed to other creditors and reviewed by the bankruptcy court.") (internal quotations and citations omitted); *Ferrone v. RPP, LLC (In re RPP, LLC)*, 547 B.R. 158, 164 n.5 (Bankr. W.D. Pa. 2016) ("The procedure for court approval of a settlement set forth in Fed. R. Bankr. P. 9019 is for the purpose of full disclosure.") (citing *In re Martin*, 91 F.3d 389, 394-95 (3d Cir. 1996)); *In re Panache Cuisine, LLC*, No. 13-17027-JS, 2013 WL 5350613, at *4 (Bankr. D. Md. Sept. 23, 2013) ("In order to have the bankruptcy court approve the settlement of a controversy, Rule 9019(a) requires the filing of a motion, the giving of proper notice of the settlement to interested parties, *the disclosure of the settlement terms*, and the opportunity for a hearing.") (emphasis added).  The FAO Procedures Order recognized this policy by providing a mechanism by which parties could receive and review the terms of proposed settlements, even those filed under seal.  While it is the Court that is charged with evaluating the merits of any Proposed FAO Settlement, ULXP, as one of the Estate's largest creditors, has a vested interest in ensuring that settlements of actionable claims are appropriate, fair, and reasonable.  *See generally In re Big Apple Volkswagen, LLC*, 571 B.R. at 57; *see also In re Barbieri*, No. 00-22274-478, 2009 WL 5216963, at *9, *12 (Bankr.

E.D.N.Y. Dec. 29, 2009) (declining to approve a proposed settlement agreement where, *inter alia*, a creditor challenged the proposed settlement on the basis that the contract underlying the claim being settled was invalid and, even if the contract was valid, the proposed settlement amount exceeded the amount of provable damages).

13.    Despite the objective of full disclosure underlying Bankruptcy Rule 9019, the Trustee seeks to invoke a "litigation privilege" that gives her sole discretion to decide what information to share when the Estate is engaged in litigation.[6]    In other words, the Trustee is improperly seeking to engage in a trial by ambush – providing only the information of her choosing at her sole discretion.  *See Lamonds v. General Motors Corp.*, 34 F.Supp.2d 391, 396 (W.D. Va. 1999) ("The Federal Rules of Civil Procedure in part work to ensure that civil trials seek out the truth.  This important goal is served by ending trial by ambush . . . ."); *Mente Chevrolet Oldsmobile Inc. v. GMAC*, 728 F.Supp.2d 662, 682 (E.D. Pa. 2010) ("To assess whether undisclosed, purported impeachment evidence should be admitted, a court considers the intent of the disclosure requirement in Federal Rule of Civil Procedure 26.  This rule 'was adopted to end two evils that had threatened civil litigation: expensive and time-consuming pretrial discovery techniques and trial-by-ambush.'") (quoting *Hayes v. Cha*, 338 F.Supp.2d 470, 503 (D.N.J. 2004)).

14.    As the Court is well aware, the Trustee commenced the Adversary Proceeding against the Objectors through which the Trustee alleges damages in excess of $140 million based on alleged claims of, among others, conspiracy and aiding and abetting a breach of fiduciary duty. More specifically, the Trustee alleges that "[f]rom at least until in or around 2017 to until or around 2019, the Defendants and one or more of the LCR Officers and Directors acted in concert, agreed,

---

[6] The very fact that the Trustee cites the pending litigation as the basis to withhold the Sealed Notice of Proposed FAO Settlements from the Objectors confirms the relevance of the information to such pending litigation, and thus, its discoverability.

associated, mutually undertook, or combined to accomplish, by concerted action, unlawful, illegal

and oppressive acts that caused injury and damage to the Debtor and creditors of the Debtor."

(Adv. Pro. ECF No. 4, ¶¶286, 297).

15.     When asked in discovery to identify the persons with whom the Trustee contends

the Objectors "acted in concert, agreed, associated, mutually undertook, or combined to

accomplish, by concerted action, unlawful, illegal, and/or oppressive acts that caused damage to

the Debtor and the creditors of the Debtor, as alleged in Paragraph 297 of the Complaint," the

Trustee identified more than thirty (30) people, <u>including two people who are also FAO</u>

<u>Defendants identified in the Public Notice</u>.  Thus, although the Trustee has apparently settled with

at least two alleged co-conspirators, she is refusing to provide the Objectors with information

regarding such proposed settlements despite the fact that the Objectors are entitled to know the

terms of the Trustee's deal as part of discovery in the Adversary Proceeding.

16.     The Objectors have an obvious interest in knowing the terms of the proposed

settlements with the two alleged co-conspirators and other FAO Defendants.  By way of example,

and without limitation, the proposed settlements may include cooperation provisions through

which the settling FAO Defendants have agreed to cooperate with the Trustee in her litigation

against the Objectors.[7]  A witness's motivations and incentives speak to credibility and bias, and

the Objectors are entitled to discover such information.  *See Liles v. Contreras*, 547 S.W.3d 280,

289 (Tex. Ct. App. 2018) ("Settlement agreements are discoverable for many reasons, including

demonstrating bias or prejudice of a party or potential witness."); *In re Touch America Holdings,*

*Inc.*, No. 14-50664 (KJC), 2015 WL 6460260, at *2, *13 (Bankr. D. Del. Oct. 26, 2015) (denying

---

[7] See Section 3.a. ("**Covenant to Cooperate**") in the form of Settlement Agreement attached as
<u>Exhibit B</u> to the FAO Action Procedures.

a motion to quash discovery requests related to an adversary proceeding defendant's settlement with a former co-defendant because Federal Rule of Civil Procedure 26, applicable to the bankruptcy proceeding by Bankruptcy Rule 7026, permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and acknowledging that "[Federal Rule of Evidence] 408[(b)] specifically allows settlement information to be used in asserting the bias or prejudice of a witness."). In other words, the Objectors are entitled to know what the FAO Defendants have been promised by the Trustee, if/how they agreed to cooperate with the Trustee, and the reasons for any tradeoff between monies returned to the Estate and cooperation.

17.    In discovery in the Adversary Proceeding, ULXP requested that the Trustee produce, "all documents reflecting communications with any former LeClairRyan Employees discussing, evidencing, referring to or relating to UnitedLex, ULXP, and/or the allegations in the Complaint." In her January 18, 2021 objections, the Trustee objected to the request on the grounds that is was vague and overly broad, but stated that the "Trustee will subsequently provide her response to this Request and produce or make available non-privileged, responsive documents, to the extent they exist and are in her possession, custody, or control." *Plaintiff's Objections to Defendant ULX Partners, LLC's First Request for Production of Documents to Plaintiff* at 22.[8] Similarly, in her March 19, 2021 written responses, the Trustee again reiterated that she would produce documents responsive to this request. *See Plaintiff's Responses and Objections to Defendant ULX Partner, LLC's First Request for Production of Documents to Plaintiff* at 9.

---

[8] The Objectors can provide copies of *Plaintiff's Objections to Defendant ULX Partners, LLC's First Request for Production of Documents to Plaintiff*, as well as *Plaintiff's Responses and Objections to Defendant ULX Partner, LLC's First Request for Production of Documents to Plaintiff*, as necessary.

Significantly, the Trustee did not object to this request on any other grounds; therefore, all other objections have been waived and the Trustee must provide full and complete responses, which would include the referenced settlement agreements.[9]    The Trustee cannot now attempt to essentially re-write her objections and withhold such information.

18.    Furthermore, the Trustee also alleges that ULXP was an "insider of the Debtor, who exercised dominion and control over the Debtor."  (Adv. Pro. ECF No. 4, ¶¶195, 223, 262).  Thus, it is possible that some of the FAO Defendants may have relevant information regarding the allegation and could serve as witnesses for the Trustee in the Adversary Proceeding.  Accordingly, the Objectors are entitled to discover the relevant FAO Defendants' interactions with the Trustee and any deals the Trustee has reached with any such parties.  *See* ¶16, *supra*.  If deprived of such information, and the relevant FAO Defendants provide witness testimony in the Adversary Proceed, the Objectors will be severely prejudiced with respect to, *inter alia*, challenging the credibility of their testimony.

19.    The Trustee's refusal to provide the Objectors with a copy of the Sealed Notice of Proposed FAO Settlements should not be permitted by the Court.  Without the opportunity to review the Sealed Notice of Proposed FAO Settlements, the Objectors are unable to evaluate the substance and potential merits of the Proposed FAO Settlements.  Accordingly, the Objectors object to the Trustee proceeding with final consummation of the Proposed FAO Settlements for the FAO Defendants identified in the Public Notice.

---

[9] The Objectors reserve all rights with respect to this discovery request, including the right to file a Motion to Compel as may be necessary.  In addition, the Objectors reserve the right to seek recovery of attorneys' fees and costs in connection with this Objection and any Motion to Compel.

## Waiver of Memorandum of Points and Authorities

20.     The Objectors respectfully request that this Court find that this Objection satisfies the requirement for a written memorandum of points and authorities as described in Local Bankruptcy Rule 9013-1(G) or otherwise waive such requirement.

## Conclusion

**WHEREFORE**, for the reasons set forth in this Objection, the Objectors request that the Court (i) direct the Trustee to provide the Objectors with a copy of the Sealed Notice of Proposed FAO Settlements, (ii) grant the Objectors (a) an additional 15 days from the date of receipt of the Sealed Notice of Proposed FAO Settlements to evaluate the Proposed FAO Settlements and (b) an opportunity to file an objection to any of the Proposed FAO Settlements prior to the expiration of the same 15-day period, and (iii) provide such other relief as may be just and appropriate.

*[Signature Page Follows]*

Dated:  April 27, 2021

__/s/ Thomas J. McKee, Jr.__
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Facsimile:   (703) 749-1301
Email: bargerd@gtlaw.com
        mckeet@gtlaw.com

and

J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email:  milmoeg@gtlaw.com

*Counsel to ULX Partners, LLC and
UnitedLex Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of April 2021, I caused a true and correct copy of *Objection of ULX Partners, LLC and UnitedLex Corporation to Consummation of Proposed FAO Settlements* to be served (i) via electronic mail on (a) Paula S. Beran, Esq. (pberan@tb-lawfirm.com), (b) Erika L. Morabito (emorabito@foley.com) and Brittany J. Nelson (bnelson@foley.com), and (c) Kathryn R. Montgomery, Esq. (Kathryn.Montgomery@usdoj.gov).

\_\_/s/ Thomas J. McKee, Jr._____
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone:  (703) 749-1300
Facsimile:   (703) 749-1301
Email: mckeet@gtlaw.com

*Counsel to ULX Partners, LLC and
UnitedLex Corporation*