UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:

    LeClairRyan, PLLC,[1]

        Debtor

Case No. 19-34574-KRH

Chapter 7

**MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT AND MEMORANDUM OF LAW**

Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case hereby files, by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**Motion**"), seeking the entry of an order approving a settlement with Bruce H. Matson ("**Mr. Matson**"). In support of this Motion, the Trustee represents the following:

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the Eastern District of Virginia has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Court**").  Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019.  Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as the Trustee.

6. Consistent with her duties, the Trustee investigated and continues to investigate potential causes of actions.  The Trustee, with the assistance of her counsel, filed her *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"), ECF No. 457.  The FAO Procedures Motion was approved by Order (the "**FAO Order**") of this Court, ECF No. 533.

7. Pursuant to the FAO Order, the Trustee, on behalf the Estate, made a demand upon Mr. Matson.  The Trustee alleged certain civil and statutory claims (collectively, the "**Claims**") against Mr. Matson.  Following Mr. Matson's receipt of the Trustee's demand, the Trustee and

Mr. Matson, through counsel, engaged in settlement discussions. In the course of those discussions, Mr. Matson asserted various contractual breaches by LeClairRyan and various defenses to the Claims, including, without limitation, solvency, recoupment, setoff, release, and accord and satisfaction.

8. In accordance with the procedures set forth in the FAO Order, the Trustee and Mr. Matson engaged in a mediation with the assistance of Rachel C. Strickland, mediator (the "**Mediator**").

9. In connection with the same, the Trustee and Mr. Matson desire to fully resolve and settle (collectively, the "**Settlemen**t") the Claims on the terms set forth in a certain settlement agreement (the "**Settlement Agreement**"), without admission of liability.

10. A material term of the Settlement is that the terms of the Settlement remain confidential, unless otherwise ordered by the Court, and, as such, the Settlement Agreement is being filed under seal pursuant to the requirements set forth in Paragraph 4 of the FAO Order. In addition, the Trustee respectfully requests that the Settlement Agreement remain confidential (under seal), subject to disclosure only as provided in the Settlement Agreement.

## THE PROPOSED SETTLEMENT

11. After extensive discussions and with the assistance of the Mediator, the Trustee and Mr. Matson have reached a resolution that is memorialized in the Settlement Agreement, which generally provides for the following:

   a. The Settlement shall remain confidential, unless otherwise ordered by the Court;
   b. A sum certain will be received by the Estate;
   a. Certain mutual releases will be granted; and
   b. Mr. Matson shall be entitled to any applicable protection of Va. Code Section 8.01-35.1(A)(2).

**MEMORANDUM OF LAW**

5. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In *TMT Trailer*, the Supreme Court stated that compromises and settlements must be "fair and equitable." 390 U.S. at 424; *see also In re Loudoun Heights, LLC*, No. 13-15588, 2014 WL 2928110, at *8 (Bankr. E.D. Va. June 27, 2014) (same); *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Wood, Inc.)*, No. 98-38685, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (same); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) (same); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (same).

6. In determining whether a proposed compromise and settlement is fair and equitable, courts in this District consider the following factors: (a) "the probability of success in litigation;" (b) "potential collection struggles;" (c) "the complexity, time and expense involved in litigating the matter;" and (d) "the interests of the creditors." *Loudoun Heights*, 2014 WL 2928110, at *9 (citations omitted); *see also Three Rivers Wood*, 2001 WL 720620, at *6 (same).

7. Additionally, the Court must determine whether the proposed settlement is in the best interests of the Estate. *Three Rivers Wood*, 2001 WL 720620, at *6 ("a compromise or settlement will most likely gain approval if it is both 'fair and equitable,' as well as representative of the best interests of the estate as a whole") (citations omitted); *Frye*, 216 B.R. at 174 ("In order to approve a compromise, this court must look at various factors and determine whether the

4

compromise is in the best interest of the estate and whether it is fair and equitable."); *In re Energy Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

8. The factors that courts consider to determine whether a settlement is in the best interests of a bankruptcy estate are similar to the factors examined to determine whether the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*, 515 B.R. 284, 288 (Bankr. E.D. Va. 2014) ("The best interests of the estate are met by considering the same factors a court considers in reviewing any proposed settlement: (1) the probability of success on the merits in the litigation; (2) possible difficulties of collecting any judgment which might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and (4) the interests of the creditors, giving proper deference to their reasonable views.") (internal citations omitted).

9. When reviewing a proposed settlement, the Court may take into account the Trustee's business judgment and the opinions of the other parties to such settlement, and the Court should not substitute its judgment for that of the Trustee. Instead, the Court must determine "whether the settlement falls below the lowest point in the range of reasonableness." *Three Rivers Wood*, 2001 WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400). Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001 WL 720620, at *6.

10. The Trustee, in the exercise of her business judgment, believes that the Settlement is fair and equitable and in the best interests of the Estate in that, among other things, (a) the Settlement was reached as a result of a mediation conducted by the Mediator pursuant to the terms

of the FAO Order; (b) the Estate will receive a sum certain upon the Court's approval of the Settlement; (c) the Estate will avoid potentially time-consuming and expensive litigation with Mr. Matson; and (d) the Estate will benefit from a release granted by Mr. Matson.

11. Accordingly, the Trustee respectfully requests that the Court (a) approve the Settlement as fair and equitable and in the best interests of the Estate, (b) authorize the effectiveness of the Settlement Agreement on behalf of the Estate by entry of the Order attached as **Exhibit A** hereto, and (c) grant such other relief as is just and proper.

Dated: May 6, 2021  
Richmond, Virginia

LYNN L. TAVENNER, TRUSTEE

By: /s/ Paula S. Beran  
Paula S. Beran, Esquire (VSB No. 34679)  
Tavenner & Beran, PLC  
20 North 8th Street  
Richmond, Virginia 23219  
Telephone: (804) 783-8300  
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Trustee*

## **CERTIFICATE OF SERVICE**

   Pursuant to the Local Rules of this Court, I certify that on this 6th day of May 2021, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case.

            /s/  *Paula S. Beran*
            Counsel for the Trustee

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

 *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:

    LeClairRyan, PLLC,[1]

           Debtor

Case No. 19-34574-KRH

Chapter 7

## ORDER APPROVING SETTLEMENT

This day came Lynn L. Tavenner, Trustee (the "**Trustee**"), by counsel, on her Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**Motion**"), the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors; and the Court having determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted herein;

      **UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Facsimile:   (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

2. Notice of the Motion (and service of the proposed order) was sufficient under the circumstances.

3. The Trustee is authorized to take all action necessary to effectuate the Settlement, including but not limited to the execution and delivery of the Settlement Agreement.

4. The terms of the Settlement, as well as the documentary evidence of the same in the form of the Settlement Agreement (which was filed under seal in accordance with Paragraph 4 of the FAO Order), shall remain confidential under seal subject to disclosure solely as provided in the Settlement Agreement.

5. To the extent the Trustee asserts a claim against any Person[2] further identified in the Settlement Agreement, which is derivative of or related to the Claims, and any such Person thereafter asserts a resulting third-party claim against Mr. Matson for contribution asserting Mr. Matson is responsible, in whole or in part, for the damages underlying the Trustee's claim, Mr. Matson shall be entitled to all of the applicable protections of Va. Code Section 8.01-35.1(A)(2).

6. The Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Entered:

                          THE HONORABLE KEVIN R. HUENNEKENS
                          UNITED STATES BANKRUPTCY JUDGE

I ask for this:

---

[2] As such term is defined at 11 U.S.C. § 101 (41).

2

*/s/*_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Trustee*

SEEN AND AGREED:


/s/_____
Dion W. Hayes (VSB No. 34304)
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000

    *Counsel for Bruce H. Matson*


SEEN AND AGREED:


*/s/*_____
Bruce H. Matson
117 Thomashire Ct
Richmond, VA 23229

## **CERTIFICATION**

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

/s/
Counsel for the Trustee

Service List

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Dion W. Hayes, Esquire
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219

4