**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:

    LeClairRyan, PLLC,[1]

    Debtor

Case No. 19-34574-KRH

Chapter 7

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, and not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Chapter 7 Estate**" and/or the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above- referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1.    I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2.    I submit this declaration in support of the (A) *Application for Compensation for Barry Strickland & Company as Accountant* [ECF No. 844]; (B) *Fourth Interim Application for Compensation for Tavenner & Beran, PLC as Counsel for the Chapter 7 Trustee/Estate* [ECF No. 847]; (C) *Second Application for Compensation for CR3 Partners, LLC as Financial Advisor* [ECF No.848]; and (D) *Fourth Application for Compensation for Foley & Lardner LLP as Special Counsel to the Chapter 7 Trustee* [ECF No. 845] (collectively, the "**Applications**" and each an "**Application**").

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

1

3.     Further, I submit this declaration in support of (A) *Trustee's Motion for an Order Authorizing the Sale/Transfer of the Estate's Interest in Designated Accounts Receivable and Memorandum In Support Thereof* (the "**Motion for Sale/Transfer**"), [ECF No. 850]; (B) *Trustee's Motion to Modify Procedures Regarding the Settlement of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**Motion to Modify Procedures**"), [ECF No. 852]; (C) *Motion for Authority to Limit Access To Settlement Agreement Filed Under Seal and to Seal Hearing on Approval of Said Settlement, if Necessary* (the "**Motion to Seal**"), [ECF No. 854]; and (D) *Motion to Approve Compromise under FRBP 9019* (the "**9019 Motion**") [ECF No. 855]. I also submit this declaration in support of the settlements referenced in the omnibus *Sealed Notice* [ECF No. 811] and *Notice of Filing Under Seal Proposed FAO Settlements* [ECF No. 816] (the "**Omnibus Settlements**").

4.     The statements in this declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

5.     I understand that the Court may award my professionals reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such firms based on the nature, extent, and value of the services rendered, time spent on such services and the cost of comparable services other than in a bankruptcy case. I also understand that the Court may award reimbursement for actual, necessary expenses that benefit the Estate. I have reviewed the Applications, and the rates charged by my professionals are comparable to, if not less than, fees charged by other firms retained in similar capacities in comparable Chapter 7 cases. I have reviewed the Applications in context on interim applications and I believe that the fees

2

requested satisfy the lodestar factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981). And, in the exercise of my business judgment, I maintain that the amounts should be approved on an interim basis as being in the best interest of the Estate.

6.      The relief sought in the Motion for Sale/Transfer is designed to maximize the value of the Estate's interest in the Designated A/R (as defined in the Motion for Sale/Transfer**)** for the Estate's benefit. In the exercise of my business judgement, I maintain that sale/transfer of the Estate's interest in the Designated A/R (i) to Atwell, Curtis & Brooks Ltd. ("**ACB**") or (ii) to such other party as may submit a higher or otherwise better offer for the Designated A/R (an "**Alternative Buyer**") is in the best interest of the Estate. The Debtor's portfolio of accounts receivable, unfortunately, contained (and still contains) many smaller balances owed from individuals and entities spread across the country (and in some instances internationally). I, with the assistance of On-Site Associates, LLC ("**On-Site**"), have attempted to collect all amounts due in an efficient manner consistent with applicable laws. Unfortunately, there still remains a large number of outstanding accounts receivable on the Debtor's books. Given the nature of the portfolio, On-Site maintained that value likely would be maximized through the sale or other monetization of certain of the outstanding accounts receivable through a transaction with a third-party. Accordingly, I, with the assistance of On-site, sought any and all offers for the purchase or other monetization of certain of the outstanding accounts receivable (the "**Designated A/R**") . The offer for the Designated A/R from ACB was the highest and best offer received and, as such,  I instructed my counsel to file the Motion for Sale/Transfer. Since the filing of said motion, two additional entities contacted me and/or my counsel regarding a potential offer for the  Designated

3

A/R.  In each instance, I requested that On-Site assist in providing requisite information to facilitate

an offer.  As of the signing of this declaration, the offer for the Designated A/R from ACB as

provided in the Motion for Sale/Transfer remains the highest and best offer received.

7.       I respectfully request that this Court modify certain discrete aspects of this Court's

Order found at  ECF No. 533 (the "**FAO Order**") by granting the Motion to Modify Procedures.

Since entry of the FAO Order, I, with the assistance of my professionals and, in certain instances,

a mediator approved by this Court (each a "**Mediator**"), have engaged in (and continue to engage

in) settlement negotiations with a plethora of  Persons[2] concerning the resolution of numerous

actions identified and pursued pursuant to the FAO Order (the "**FAO Actions**"). And in fact, I

have reached settlement, subject to approval by this Court, on numerous FAO Actions.   In

connection with the proposed settlement of certain FAO Actions, it has become apparent that the

settlement procedures currently in place provide for an unintended result – the use of information

for litigation purposes that can and should be addressed through the Federal Rules of Civil

Procedure, Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Evidence as

incorporated into bankruptcy cases and related adversary proceedings.

8.       In most instances, the FAO Actions involve civil and statutory claims, including

but not limited to seeking avoidance and recovery of payments in connection with numerous

categories on various legal bases. Certain of the FAO Actions also include other theories of

recovery including but not limited to breaches of fiduciary duties.  While I will not reveal any legal

advice/strategy or work product, in connection with exercising my business judgement to

determine what I believe is in the best interest of the Estate regarding settlement, I generally value

each category individually and then take into consideration additional factors particular to the

---

[2] As said term is defined at 11 U.S.C. § 101 (41).

specific individual/entity engaged in settlement discussions.  As such, the settlement process,

including but not limited to aspects of the settlement agreements, involves confidential research,

development, and commercial information, which disclosure presents the potential to negatively

impact the Estate's future business dealings in connection with the resolution and/or prosecution

of additional FAO Actions.  In addition, information related to amounts received by former

attorneys at LeClair Ryan, if in the public domain, could be used for scandalous and/or improper

purposes.  The information in the settlement agreements, including but not limited to settlement

amounts, do not enhance the public's understanding of an important historical event.  Furthermore,

the public has not already had (and will not have) access to the information contained in the

records.  The relief sought in the Motion To Modify Procedures furthers the interest of maximizing

the value of Estate's assets and is narrowly tailored to serve that interest.   The proposed

modifications allow Persons who are truly focused on assessing whether a proposed settlement is

fair and equitable and whether it is in the best interest of the Estate to review settlement notices.

Further, the proposed modifications (a) protect and preserve (for the benefit of valid creditors) the

Estate's litigation strategy and work product, (b) otherwise protect the Estate's pecuniary interests

and prevent  economic injury to the Estate, and (c) eliminate the unnecessary dissemination of

information that could be used in a scandalous and/or other improper manner.

9.      I appreciate that sealing should be the relatively rare exception, and not the common

practice.  In the entirety of this Case, I have (a) only once requested that this Court completely seal

all documents related to one settlement and (b) asked for limited access in other matters related to

procedures for settlement of classes of controversies.  In contrast, at every monthly Omnibus

Hearing, I, through my counsel, provide this Court and all parties in interest with a detailed report

of numerous items including but not limited to (a) bank account balances, (b) wind-down

operations, (c) taxes, 401(k) and related administrative matters, (d) client file transitions,  (e) collection of accounts receivable, and (f) investigation/prosecution of potential causes of action for the benefit of the Estate. I, through my counsel, also file quarterly reports with the Court regarding settlement terms and conditions.

10.     The only objection (the "**ULX Objection**") filed to the relief requested in the Motion to Modify Procedures was filed by UnitedLex Corporation and ULX Partners, LLC (collectively, "**ULX/ULXP**"), which, as this Court is aware, is the subject of an adversary proceeding wherein the Estate is seeking damages in an amount not less than $128,000,000.  In connection with said adversary proceeding, I, on behalf of the  Estate, have made requisite disclosures pursuant to Federal Rule of Civil Procedure 26 and this Court's pretrial order, and I, on behalf of the Estate, have answered, subject to certain objections, propounded discovery.  I understand and intend to comply with any and all obligations related to supplementing said disclosures/discovery as required by applicable rules and law. Furthermore, I understand the requirement to address discovery disputes in good faith, and maintain that the Estate has and continues to try to resolve all discovery disputes in good faith.  To that end, my counsel has proposed several resolutions. Furthermore, the requests for information under the FAO Order made by ULX/ULXP as referenced in the ULX Objection have not been ignored as one could infer from the ULX Objection.  For example, after receipt of the email contained in Exhibit B of the ULX Objection, my counsel responded as follows:

> Thanks Tom.  I understand that you spoke with Erika and Brittany on Friday regarding potential ways to address providing certain information in connection with discovery that would also address these other items.   We, on the Estate side, will continue to try to find solutions and hope your side will as well.  Take care, Paula

I believe the ULX Objection is misplaced and really relates to the open discovery matters in the ongoing adversary proceeding against ULX/ULXP where it should be addressed.  Said disputes

are not currently before this Court, and I am hopeful that the parties will consensually resolve

through the traditional meet and confer process in the context of the adversary proceeding.  But as

in all litigation matters, I am confident this Court, if needed, will resolve any matter properly

brought before the Court at the appropriate time in the context of the adversary proceeding.

11.     The Omnibus Settlements are the result of arm's length negotiations with the

exchange of significant amount of information.  In each and every instance, I engaged in the

process described in paragraph 8 above.  In certain instances, the settlements were reached with

the assistance of a Mediator.  In the exercise of my business judgement, I maintain that each of the

Omnibus Settlements maximizes value for the Estate and is in the Estate's best interest.

12.     The Motion to Seal also seeks to protect the Estate from potential harm caused by

the disclosure of certain categories of information.  The Settlement Agreement, as defined in the

Motion to Seal, is subject to expressed confidential provisions requiring that the parties thereto

refrain from disclosing their terms and conditions absent extremely limited, delineated conditions.

If disclosed, the revelation of such information could be harmful to my future negotiations and

strategy in other ongoing FAO Actions with regard to settlement or resolution.  Furthermore, while

on behalf of the Chapter 7 Estate I have never engaged and never intend to engage in any such

behavior, I am concerned that items contained in the Settlement Agreement could be taken out of

context and used by others for scandalous purposes if not subject to the protections requested in

the Motion to Seal.  The information in the Settlement Agreement does not enhance the public's

understanding of an important historical event and instead simply resolves the Estate's legal

claims.  Furthermore, the public has not already had (and will not have) access to the information

contained in the Settlement Agreement. But as the Court and the Office of the United States

Trustee can confirm, the Settlement Agreement does contain requisite provisions that protect

governmental interests and the integrity of the judicial process.

13.     I maintain in the exercise of my business judgement that the relief requested in the 9019 Motion is in the best interest of the Estate. After extensive discussions and with the assistance of a Mediator (in this instance Rachel C. Strickland), Mr. Matson and I have reached a resolution related to certain claims that I maintain (and Mr. Matson disputes) that the Estate possesses against Mr. Matson.  Said resolution (the "**Settlement**") is memorialized in the Settlement Agreement, which generally provides for the following:

   a. The Settlement shall remain confidential, unless otherwise ordered by the Court;
   b. A sum certain will be received by the Estate;
   c. Certain mutual releases will be granted; and
   d. Mr. Matson shall be entitled to any applicable protection of Va. Code Section 8.01-35.1(A)(2).

All of these terms (i) resulted from extensive negotiations, (ii) were fully vetted with and supported by the Mediator based on the facts and circumstances of this matter, and (iii) are considered material aspects of the resolution.  I, in the exercise of my business judgment, maintain that the Settlement is fair and equitable and in the best interest of the Debtor's Estate in that (i) the Settlement was reached as a result of a mediation conducted by the Mediator pursuant to the terms of the FAO Order; (ii) the Estate will receive a sum certain upon this Court's approval of the Settlement; (iii) the Estate will avoid potentially time-consuming and expensive litigation with Mr. Matson; and (iv) the Estate will benefit from a release granted by Mr. Matson.

14.     To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: May  26, 2021                    By: /s/  Lynn L. Tavenner
       Richmond, Virginia                    Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: May 26, 2021                  By: */s/ Paula S. Beran*
    Richmond, Virginia              Paula S. Beran, Esquire (VSB No. 34679)
                           PBeran@TB-LawFirm.com
                           Tavenner & Beran, PLC
                           20 North 8th Street
                           Richmond, Virginia 23219
                           Telephone: (804) 783-8300
                                *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

    I certify that on this 26th day of May 2021, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                             */s/ Paula S. Beran*
                             Paula S. Beran, Esquire
                             *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*