**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING**
**THE EXECUTION OF NOTICES OF PROPOSED ADJUSTMENTS**
**AND MEMORANDUM IN SUPPORT THEREOF**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**") hereby by and through her undersigned counsel, pursuant to §§ 105 and 363(b) of the United States Code, 11 U.S.C. §§ 101—1532 (as hereafter amended, the "**Bankruptcy Code**"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**") moves for the entry of an order authorizing the execution and delivery of (1) IRS Forms 5701, Notices of Proposed Adjustments ("**Forms 5701**") as further described herein and attached hereto as Exhibit A and (2) all other documents necessary to conclude a certain audit

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

conducted by the Internal Revenue Service (together with the Forms 5701, the "**Audit Forms**") and, in support thereof, respectfully represents as follows:

### JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case (the "**Case**") under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

7. Upon conversion, the Trustee became custodian of the Debtor's books and records and asserted control over all made available to her as of the Conversion Date. In addition, the Trustee filed *her Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business*

*for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, and pursuant to numerous Orders of this Court, the Trustee has been provided authority to operate certain aspects of the Debtor's business for a limited period of time (the "**721 Operations**").

Pre-Petition Corporate Conversion

8. Prior to March 2018, the Debtor operated as a Virginia professional corporation. Thereafter, upon the Debtor's filing of Articles of Conversion, the State Corporation Commission of Virginia issued a Certificate of Entity Conversion, effective March 4, 2018 (the "**Corporate Transition**").

9. The Corporate Transition prompted the filing of a federal tax return with the Internal Revenue Service ("**IRS**") for the portion of the calendar tax year that pre-dated the Corporate Transition for the period ending March 4, 2018 (the "**2018 Short Year Return**").

10. Upon information and belief, prior to the Petition Date, the IRS had advised the Debtor of its intent to audit the Debtor's 2018 Short Year Return (the "**2018 IRS Audit**") yet the Trustee was neither informed of nor provided information about the 2018 IRS Audit by any representative of the Debtor. Shortly after the Conversion Date, the IRS contacted the Trustee to begin work in earnest on the 2018 IRS Audit. The Trustee, directly and through her professionals, of course cooperated with the IRS in connection with said audit.

11. The Trustee, with the assistance of her professionals and wind-down team, attempted to locate all information requested by the IRS in conjunction with the 2018 IRS Audit. The Trustee provided certain information to the IRS. Unfortunately, notwithstanding an extensive amount of diligence, the Trustee was unable to locate in the Debtor's books and records a majority

of the information that the IRS maintained was necessary to support aspects of the 2018 Short Year Return.  As a result, the Trustee contacted, directly and through her professionals, former officers and directors of the Debtor, as well as the Debtor's former accountant who had assisted in the preparation of the 2018 Short Year Return, to obtain insight as to the basis for information/amounts contained in the 2018 Short Year Return.  Based upon those communications with the former officers and directors, as well as the Debtor's former accountant who had assisted in the preparation of the 2018 Short Year Return, the Trustee understood there was a substantial amount of back up to support the figures used on the return, including those relating to adjustments for and/or devaluation of accounts receivable, and the same should have been contained within the Debtor's books and records. Once again, notwithstanding an extensive amount of additional diligence, the Trustee, with the assistance of her professionals and wind-down team, was unable to locate in the Debtor's books and records a majority of the information that the IRS maintained was necessary to support aspects of the 2018 Short Year Return. Based upon communications with former officers and directors, the Trustee also understood that the supporting documentation could be explained by, and likely located through, a certain former employee of the Debtor and/or ULXP. The Trustee contacted, directly and through her wind-down team, said individual who, albeit extremely professional and desired to assist, could neither explain nor point to documents to support the extensive adjustment for and/or devaluation of accounts receivable contained in the 2018 Short Year Return. As a result, the Trustee was unable to provide to the IRS the complete documentation it maintained was required to support aspects of the Debtor's 2018 Short Year Return.

4

12. In connection with finalizing the 2018 IRS Audit, the IRS has requested that the Trustee execute the Forms 5701. And based on discussions with the Estate's accountant, the Trustee, in the exercise of her business judgment, maintains that it is in the best interest of the Estate to execute the Forms 5701 and otherwise facilitate the conclusion of the 2018 IRS Audit.

### RELIEF REQUESTED

13. By this Motion (the "**Motion**"), pursuant to §§ 105 and 363(b) of the United States Code, the Trustee seeks the entry of an order that would authorize and approve the Trustee's (and/or her approved professional's) execution of the Audit Forms.

14. The relief sought in this Motion is authorized by §§ 105 and 363 of the Bankruptcy Code and provides the Trustee with the authority to comply with such IRS actions, which will positively impact the amount of the IRS proofs of claims in this Case. Specifically, without the execution of the Audit Forms, the Trustee understands that the IRS will completely disallow certain items in the 2018 Short Year Return, which could result in millions of additional dollars in priority claims to the detriment of other creditors and the Estate. Therefore, this relief is in the best interest of the Estate and its creditors.

15. The Trustee hereby requests the entry of an order pursuant to §§ 105 and 363(b) of the Bankruptcy Code authorizing the Trustee, directly and/or through her professionals, to execute the Audit Forms such that the 2018 IRS Audit can be concluded in the manner that is most favorable to the Estate based on the current facts and circumstances. Of course, if any additional information becomes available to the Trustee, she will forward the same forthwith to the appropriate IRS agent/auditor.

## **LEGAL AUTHORITY**

16. Section 363(b) of the Bankruptcy Code provides that a trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

17. To approve a use, sale, or lease of property other than in the ordinary course of business, the court must find "some articulated business justification." *See, e.g.*, *In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *Comm. of Equity SEC Holders v. Lionel Corp. (In re Lionel Corp)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *WBQ P'ship v. Virginia (In re WBQ P'ship)*, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995).

18. While, arguably the execution and delivery of the Audit Forms is in the ordinary course of the Trustee's 721 Operations and/or within her purview as a fiduciary, the Trustee believes it appropriate to seek independent Court authority for said actions. The Trustee respectfully submits that the execution and delivery of the Audit Forms is supported by sound business justification. The Trustee maintains that the same will assist in the preservation of the value of the Estate's assets for creditors by reducing the amount of priority claim that ultimately could result from the 2018 IRS Audit and eliminating costly claim litigation to which the Trustee, notwithstanding an extreme amount of diligence, has been unable to locate documentation to support certain amounts asserted on the Debtor's 2018 Short Year Return. Moreover, given the efforts of the Trustee and her professionals and agents to date with respect to the same, the Trustee believes that based upon the information currently available, the proposed course of action will

6

result in ultimate savings to the Estate when contrasted with the prospect of the additional liability that will be claimed by the IRS without such executed Audit Forms.

19. Also, pursuant to § 105 of the Bankruptcy Code, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g.*, *In re Chinichian*, 784 F.2d 1440, 1443 (9th Cir. 1986), which is promoted by the authority requested in this Motion.

## NOTICE

20. Notice of this Motion has been provided by U.S. Mail, postage prepaid, email, or by ECF notice to (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case (as indicated on the Schedule A attached to the Court filed copy of said Motion). The Trustee submits that no other or further notice need be given.

## NO PRIOR RELIEF

21. No prior request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an Order, substantially in the form attached hereto as Exhibit B (a) approving the Motion and authorizing the Trustee and/or her professionals to execute and delivery the Audit Forms; and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: June 10, 2021
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of June 2021, a true copy of the foregoing Motion was sent electronically to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case (as indicated on the Schedule A attached to the Court filed copy of said Motion).

*/s/     Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

| Form **5701** (April 2019) | Department of the Treasury - Internal Revenue Service **Notice of Proposed Adjustment** | |
|---|---|---|
| Name of taxpayer LECLAIRRYAN PLLC | | Issue Number 1 |
| Name and title of person to whom delivered Strickland, Barry CPA | | Date |
| Entity for this proposed adjustment LECLAIRRYAN PLLC | | Response Due |

Based on the information we now have available and our discussions with you, we believe the proposed adjustment listed below should be included in the revenue agent's report. However, if you have additional information that would alter or reverse this proposal, please furnish this information as soon as possible.

| Years | Amount | Account or return line | SAIN Number | UIL Code |
|---|---|---|---|---|
| 201803 | $207,538.00 | /IRS Form 1120/Line 26/Other Deductions | 526-22 | 00274.01-00 |

Reasons for Proposed Adjustment   *(If the explanation of the adjustment will be longer than the space provided below, the entire explanation should begin on Form 886-A (Explanation of items).)*

Taxpayer's / Representative's Action:
☐ Agreed   ☐ Agreed in Part   ☐ Disagreed   ☐ Have additional information; will submit by:

Taxpayer's / Representative's Signature | Date

If Disagreed in Part or in Full - Check here for consideration of Fast Track Settlement
☐ Taxpayer   ☐ IRS

Team Manager | Date

Cat. No. 42770J   Part 1 - Taxpayer's File Copy   www.irs.gov   Form **5701** (Rev. 4-2019)

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service<br>**Explanation of Items** | Schedule number or exhibit<br>Form 5701 No. 001 |
|---|---|---|
| Name of taxpayer<br>LECLAIRRYAN PLLC | Tax Identification Number (last 4 digits)<br>2451 | Year/Period ended<br>201803 |

**Item Being Adjusted: Other Deductions - Meals and Entertainment**
**SAIN Number: 526-22**

|  | 201803 |
|---|---|
| Amount per Return | $ 25,042,018 |
| Amount per Exam | 24,834,480 |
| Adjustment | $     207,538 |

**ISSUE:**

Whether the taxpayer was allowed to deduct entertainment expenses?

**FACTS:**

LeClairRyan, A Professional Corp. and Subsidiaries (LCR), filed a final tax return on 201803 before converting to a partnership. The 201803 return was examined. Upon review of the GL accounts and tax returns, it was discovered that LCR had fully deducted GL accounts 91100 Potential Client Entertainment-Entertainment for $4,000 and 91530 Legal Network Involvement-Entertainment for $203,538. There was no M-3 adjustment made for these accounts. The examiner determined that the accounts were not deductible under the changes to IRC 274 made by the Tax Cuts and Jobs Act and therefore an adjustment was required.

LCR is in bankruptcy proceedings. The examiner has worked with the Trustee and the Court Appointed Accountant who was the Power of Attorney as authorized by the Trustee.

**LAW:**

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service<br>**Explanation of Items** | Schedule number or exhibit<br>Form 5701 No. 001 |
|---|---|---|
| Name of taxpayer<br>LECLAIRRYAN PLLC | Tax Identification Number (last 4 digits)<br>2451 | Year/Period ended<br>201803 |

Internal Revenue Code Section (IRC) 274 provides a disallowance of certain entertainment, etc., expenses.

(a) Entertainment, amusement, or recreation, or qualified transportation fringes.

(1) In general. No deduction otherwise allowable under this chapter [IRC Sections 1 et seq.] shall be allowed for any item—

(A) Activity. With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or

(B) Facility. With respect to a facility used in connection with an activity referred to in subparagraph (A).

TAXPAYER'S POSITION:

The Trustee has indicated that they agree with the proposed adjustment.

GOVERNMENT'S POSITION:

It is the government's position that the above adjustment should be made under IRC Section 274 in order to correctly reflect taxable income.

| Form **5701** (April 2019) | Department of the Treasury - Internal Revenue Service **Notice of Proposed Adjustment** | |
|---|---|---|
| Name of taxpayer LECLAIRRYAN PLLC | | Issue Number 2 |
| Name and title of person to whom delivered Strickland, Barry CPA | | Date |
| Entity for this proposed adjustment LECLAIRRYAN PLLC | | Response Due |

Based on the information we now have available and our discussions with you, we believe the proposed adjustment listed below should be included in the revenue agent's report. However, if you have additional information that would alter or reverse this proposal, please furnish this information as soon as possible.

| Years | Amount | Account or return line | SAIN Number | UIL Code |
|---|---|---|---|---|
| 201803 | $12,768,766.00 | /IRS Form 1120/Line 26/Other Deductions | 515 | 00166.02-00 |

Reasons for Proposed Adjustment  *(If the explanation of the adjustment will be longer than the space provided below, the entire explanation should begin on Form 886-A (Explanation of Items).)*

Issue: A/R adjustment to FMV
Item Being Adjusted: Other Deductions - A/R adjustment to FMV
See Attached Form 886-A for details.

Taxpayer's / Representative's Action:
[ ] Agreed    [ ] Agreed in Part    [ ] Disagreed    [ ] Have additional information; will submit by:

| Taxpayer's / Representative's Signature | Date |
|---|---|

If Disagreed in Part or in Full - Check here for consideration of Fast Track Settlement
[ ] Taxpayer    [ ] IRS

| Team Manager | Date |
|---|---|

Cat. No. 42770J
Part 1 - Taxpayer's File Copy

www.irs.gov

Form **5701** (Rev. 4-2019)

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service **Explanation of Items** | Schedule number or exhibit Form 5701 No. 002 |
|---|---|---|
| Name of taxpayer LECLAIRRYAN PLLC | Tax Identification Number (last 4 digits) 2451 | Year/Period ended 201803 |

**Item Being Adjusted: Other Deductions - A/R adjustment to FMV**
**SAIN Number: 515.01**

|  | 201803 |
|---|---|
| Amount per Return | $ 20,666,097 |
| Amount per Exam | 7,897,331 |
| Adjustment | $ 12,768,766 |

**ISSUE:**

Whether LeClairRyan met the requirements to write-down accounts receivable?

**FACTS:**

LeClairRyan, a Professional Corporation (LCR) converted to a Professional Limited Liability Company during 2018. The 201803 tax return for LeClairRyan, A Professional Coporation was examined. At the time of examination, the company had declared bankruptcy and was under the control of a Trustee. The court appointed accountant was granted Power of Attorney by the Trustee. The examiner worked with the accountant.

LCR wrote down the accounts receivable account on the 201803 return. The write-down was noted as FMV Write-down to Accounts Receivable in the amount of $20,666,097. The POA and Trustee worked with the tax preparer and former employees of LCR and were unable to get support for the calculation of the FMV write-down. LCR was able to provide support showing that $7,297,301 was subsequently written off as uncollectible by the successor PLLC. The examiner and manager deemed this to be adequate support for that portion of the write down for A/R. Due to lack of substantiation, the examiner proposed an adjustment of $12,768,766 for the remaining amount of the FMV write-down.

**LAW:**

| Form **886-A** (May 2017) | Department of the Treasury - Internal Revenue Service **Explanation of Items** | Schedule number or exhibit Form 5701 No. 002 |
|---|---|---|
| Name of taxpayer LECLAIRRYAN PLLC | Tax Identification Number (last 4 digits) 2451 | Year/Period ended 201803 |

Under IRC Section 336(a), generally except as otherwise provided in this section or section 337, gain or loss shall be recognized to a liquidating corporation on the distribution of property in complete liquidation as if such property were sold to the distributee at its fair market value.

Under IRC Section 515 generally:

(1) Wholly worthless debts

There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

(2) Partially worthless debts

When satisfied that a debt is recoverable only in part, the Secretary may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction.

**TAXPAYER'S POSITION:**

The Trustee has indicated that they are in agreement with the proposed adjustment.

**GOVERNMENT'S POSITION:**

It is the government's position that the above adjustments should be made under IRC Sections 336 and 515 in order to correctly reflect taxable income.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**ORDER AUTHORIZING THE EXECUTION OF NOTICES OF PROPOSED
ADJUSTMENTS AND MEMORANDUM IN SUPPORT THEREOF**

This matter coming before the Court on the Trustee's *Motion for an Order Authorizing the Execution of Notices of Proposed Adjustments and Memorandum In Support Thereof* (the "**Motion**")[2] filed by Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**") seeking, *inter alia*, (a) authorization for and approval of the execution of IRS Forms 5701, Notices of Proposed Adjustments ("**Forms 5701**"), as well all other documents necessary to facilitate the conclusion of a certain audit conducted by the Internal Revenue Service (together with the Forms 5701, the "**Audit Forms**"); and (b) other and further relief as the Court may deem proper; and upon consideration of the Motion, the Court having reviewed the Motion and having heard the statements of counsel in support of the relief

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted.

NOW, THEREFORE, it is **ORDERED**, that:

1. The Motion is GRANTED.

2. The Trustee, directly and/or through her professionals, is authorized to execute and deliver, as appropriate, any and all Audit Forms.

3. This Court retains jurisdiction to (a) enforce and implement the terms and provisions of the Audit Forms and (b) interpret, implement, and enforce the provisions of this Order.

4. As permitted by Bankruptcy Rule 6004(h), notwithstanding Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

5. Upon entry, the Clerk shall forthwith provide a copy of this Order to counsel for the Trustee, who shall serve (by electronic delivery, first class mail, postage prepaid or overnight delivery) copies of this Order on: the Office of the United States Trustee.

ENTERED:                                              _____
                                                                                   UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/_____
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and No Objection

/s/_____

Shannon F. Pecoraro, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219

    *Trial Attorney*

## CERTIFICATION

    I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

                                           _____
                                                          Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

3