**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, and not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above- referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this declaration in support of the (A) Statement -*TRUSTEES NINTH SUPPLEMENT TO HER MOTION FOR AUTHORITY TO OPERATE CERTAIN ASPECTS OF THE DEBTORS BUSINESS FOR A LIMITED PERIOD AND MEMORANDUM IN SUPPORT THEREOF*(the "**Ninth Supplement to Operate**"), [ECF No. 910]; (B) Motion to Authorize *TRUSTEES MOTION FOR AN ORDER AUTHORIZING THE EXECUTION OF NOTICES OF PROPOSED ADJUSTMENTS AND MEMORANDUM IN SUPPORT THEREOF* filed by Paula S. Beran of Tavenner & Beran, PLC (the "**Motion to Authorize**

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Notices**")[ECF No. 914]; (C) Objection to - *TRUSTEES ANSWER AND LIMITED OBJECTION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY* (the "**Trustee's Objection to the Motion for Relief From Stay**")  [ECF No. 921].; and (D) the Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A), all of which are reflected on the Proposed Agenda For June 24, 2021, at 11:00 A.M  [ECF 923].

3.      Further, I submit this declaration regarding the Adversary Proceeding No. 20-03142 (ULX Partners, LLC, UnitedLex Corporation) – *Objection to (Plaintiffs Opposition to Defendants Motion to Partially Dismiss the Complaint)* (the "**Objection to Defendant's Motion to Dismiss**") [ECF No. 25].

4.      The statements in this declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

5.      The relief requested in the Ninth Supplement to Operate is based upon a valid exercise of my business judgment and is in the best interests of the Estate. As indicated in the Ninth Supplement to Operate, pursuant to the Authority Orders (as defined in the Ninth Supplement to Operate), I have continued the Wind-down Operations (as defined in the Ninth Supplement to Operate), and:

> a. Worked with members of the Wind-down Team (as defined in the Ninth Supplement to Operate) and the Lender (as defined in the Ninth Supplement to Operate) in the reconciliation, resolution, and collection of accounts receivable, and as a result, known amounts due and owing to the Lender have been satisfied other

than expenses; specifically, the Estate did recently receive an additional invoice for outstanding legal fees of the Lender.

b. Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, as well as implemented processes related to the same, and as a result, all of the files that were requested have been transferred, where available, and the destruction process has continued.

c. With the assistance of my professionals and members of the Wind-down Team, designed and implemented a process to address post-petition segregated funds related to client costs through the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, ECF No. 34, as approved by Order of this Court, ECF No. 383. *See also List of Claims in Post-Petition Segregated Funds*, ECF No. 425. With the assistance of my professionals and members of the Wind-down Team, I am now assessing the validity of claims filed in connection with such Court approved procedures.

d. With the assistance of my counsel, I have sought and obtained the employment of Foley & Lardner LLP ("**Foley**") as special litigation counsel. Beginning January 30, 2020, Ms. Erika L. Morabito, has served as the lead special counsel at Foley, with the assistance of, among others, Ms. Brittany J. Nelson. The attorneys of Foley have aided in my research in and investigation of potential preference, other

avoidance actions and/or related causes of action and further assisted in assertion of certain of those matters.

e.  On May 18, 2021, Ms. Morabito and Ms. Nelson joined Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"). Prior to Ms. Morabito and Ms. Nelson's departure, Foley and Ms. Morabito sent me a joint letter advising of the relocation of Ms. Morabito and Ms. Nelson to Quinn Emanuel and informing me of my options as a client for representation on a go forward basis.

f.  After being informed of Ms. Morabito and Ms. Nelson's relocation from Foley to Quinn Emanuel, I conducted due diligence with respect to the Estate's ongoing special litigation needs and, in the exercise of my business judgment and consistent with my duties, selected, subject to this Court's approval, Quinn Emanuel to represent me as special counsel in this Case on the majority of unresolved litigation matters based on its considerable experience in insolvency, bankruptcy, and litigation matters, as well as its considerable experience in internal investigations.

g.  I recently sought approval from this Court for the retention of Quinn Emanuel as special litigation counsel on matters identified through Application filed at ECF No. 908.

h.  With the assistance of my counsel, filed the *Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"), ECF No. 343. The AR Procedures Motion was approved by Order (the "**AR Procedures Order**") of this Court, ECF No. 386. Pursuant to the authority granted in the AR Procedures Order I have continued to seek the collection of outstanding accounts receivable owed the

Estate and commenced certain recovery actions to collect upon recalcitrant entities and individuals in the pursuit of turnover of valid and mature Estate assets, and moved forward with respect to the same. While certain of those recovery actions have been resolved through settlement and judgment, I have recently identified a subset of the remaining portfolio of accounts receivable, which unfortunately, contained (and still contains) a large number of smaller balances owed from individuals and entities spread across the country (and in some instances internationally) (the "**Small Portfolio**"). After due diligence and pursuant to *Trustee's Motion For An Order Authorizing The Sale/Transfer Of The Estate's Interest In Designated Accounts Receivable And Memorandum In Support Thereof*, ECF No. 850 , which was approved by Court Order at ECF No. 913, I am working with my professionals to finalize the sale of the Small Portfolio. I, with the assistance of my counsel, am also continuing to work on the remaining AR in the portfolio and recently filed an additional seven adversary proceedings in this Court related to the same.

i. With the assistance of my counsel, filed my *Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Persons Other Than Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**NFA Procedures Motion**"), ECF No. 343. The NFA Procedures Motion was approved by Order (the "**NFA Procedures Order**") of this Court, ECF No. 385. Pursuant to the authority granted in the NFA Procedures Order I have continued to work with the attorneys of Foley and Quinn Emanuel to research potential claims against persons and entities other than former attorneys of the

    Debtor and have made demand on a plethora on Persons (as said term is defined 11 U.S.C. § 101(41). In addition, by counsel, I have filed additional adversary proceedings involving preference and other avoidance actions; and continues to investigate and pursue other matters with the expectation that more adversary proceedings will be filed.

j. With the assistance of my counsel, filed the *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"), ECF No. 457. The FAO Procedures Motion was approved by Order (the "**FAO Procedures Order**") of this Court, ECF No. 533. Pursuant to the authority granted in the FAO Procedures Order, I have made demand on certain entities and moved forward with mediation and initiated a multi-million dollar lawsuit, in which I am participating in pre-trial discovery and pleading practice and moving toward trial scheduled in late October. I am prepared for and have participated in the settlement of many matters, through formal and informal mediation. I am also in the process, with the Wind-down Team and the Estate's professionals, of compiling the final information to make additional, numerous demands.

k. Addressed tax items/issues, including but not limited to (a) preparing and filing the 2019 tax returns as instructed by my professionals and (b) preparing and filing the 2020 tax returns with the assistance of my professionals. Also, with the assistance of my professionals and Wind-down Team, I have attempted to finalize the information request by the IRS in conjunction with a 2018 IRS audit related to the Debtor's filing of a federal tax return for the portion of the calendar tax year where

    the Debtor operated as a Virginia professional corporation prior to its filing of Articles of Conversion with the State Corporation Commission of Virginia in early March 2018. I recently filed the *Trustee's Motion For An Order Authorizing The Execution Of Notices Of Proposed Adjustments And Memorandum In Support Thereof* at ECF No. 914, wherein I request authority to execute the Notices of Proposed Adjustments requested by the IRS as based upon its findings from the 2018 audit.

l. Addressed items/issues related to retirement vehicles, including but not limited to having a 2018 and 2019 audit performed and in connection with the submission of the 2018 and 2019 Form 5500.

m. Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities and implemented processes related to the same. I continue to assess and reduce expenses.

n. Addressed operational issues including but not limited to those related to the exit the remaining premises of the Debtor and ongoing operational infrastructure needs. While I have completely exited the Debtor's former premises, I continue to assess ongoing infrastructure needs and address residual issues related to the unplanned quick exit.

o. Addressed items related to disposition of other Estate assets.

p. Reviewed insurance items.

q. Addressed items related to the preservation of Estate assets.

   r. Corresponded with numerous creditors and former members regarding the Case and addressed certain concerns or other inquiries raised by the same.

   s. Investigated other potential Estate assets.

   t. Provided periodic reports to the Court and the Office of the United States Trustee.

  6. Neither I nor my professionals have engaged or will engage in any Legal Services on behalf of the Debtor.

  7. Even though tremendous progress has been made in certain areas delineated herein, many such activities are ongoing, and I believe continuing the same will have a beneficial impact on the Estate, and similarly, ceasing such ongoing operations will have a negative impact on the Estate. Accordingly, I maintain in the exercise of my business judgment that it is in the best interest of the Estate to continue with the Wind-down Operations through at least through the next quarter.

  8. While the relief sought in the Motion to Authorize Notices is arguably within the ordinary course of business, out of an abundance of caution and in complete transparency to this Court, I seek this Court's authority pursuant to §§ 105 and 363 of the Bankruptcy Code.  Upon information and belief, prior to the Petition Date, the IRS had advised LeClairRyan of its intent to audit the LeClairRyan's 2018 Short Year Return (the "**2018 IRS Audit**") yet I was neither informed of nor provided information about the 2018 IRS Audit by any representative of the Debtor.  Shortly after the Conversion Date, the IRS contacted me to begin work in earnest on the 2018 IRS Audit. I,  directly and through my professionals, of course cooperated with the IRS in connection with said audit.

  9. I, with the assistance of  my professionals and Wind-down Team, attempted to locate all information requested by the IRS in conjunction with the 2018 IRS Audit. I provided certain information to the IRS. Unfortunately, notwithstanding an extensive amount of diligence,

I was unable to locate in the Debtor's books and records a majority of the information that the IRS maintained was necessary to support aspects of the 2018 Short Year Return. As a result, I contacted, directly and through my professionals, former officers and directors of the Debtor, as well as the Debtor's former accountant who had assisted in the preparation of the 2018 Short Year Return, to obtain insight as to the basis for information/amounts contained in the 2018 Short Year Return. Based upon those communications with the former officers and directors, as well as the Debtor's former accountant who had assisted in the preparation of the 2018 Short Year Return, I understood there was a substantial amount of back up to support the figures used on the return, including those relating to adjustments for and/or devaluation of accounts receivable, and the same should have been contained within the Debtor's books and records. Once again, notwithstanding an extensive amount of additional diligence, I, with the assistance of my professionals and Wind-down Team, was unable to locate in the Debtor's books and records a majority of the information that the IRS maintained was necessary to support aspects of the 2018 Short Year Return. Based upon communications with former officers and directors, I also understood that the supporting documentation could be explained by, and likely located through, a certain former employee of the Debtor and/or ULXP. I contacted, directly and through my Wind-down Team, said individual who, albeit extremely professional and desired to assist, could neither explain nor point to documents to support the extensive adjustment for and/or devaluation of accounts receivable contained in the 2018 Short Year Return. As a result, I was unable to provide to the IRS the complete documentation it maintained was required to support aspects of the Debtor's 2018 Short Year Return.

10. In my Motion to Authorize Notices, I request for authority to execute the Notices of Proposed Adjustments, and other related documents, (collectively, the "**Audit Forms**")

requested by the IRS as based upon its findings from the 2018 IRS Audit. Without the execution of the Audit Forms, the IRS may completely disallow certain items in the 2018 Short Year Return, which could result in millions of additional dollars in priority claims to the detriment of other creditors and the Estate. Thus, in the exercise of my business judgment, I respectfully submit that the relief requested in the Motion to Authorize Notices is in the best interest of the Estate.

11. Additionally, for the reasons stated in my Trustee's Objection to the Motion for Relief From Stay, I object to the relief requested in the *Motion for Relief from Stay Re: Insurance Policy* (the "**Motion for Relief From Stay**"), ECF No. 857, filed by Columbia Casualty Company ("**Columbia**"). As this Court likely recalls from my testimony in another matter in this Case, the policy at issue in the Motion for Relief From Stay, policy number 596749072, dated January 17, 2019, was modified by Runoff Endorsement No. 10, effective August 31, 2019 (collectively the "**Complete Policy**"). I recognize that the subject policy may provide in certain limited instances for proceeds to be available for eligible persons/entities (including LeClair Ryan), and I do not unequivocally object to the use of proceeds in specific delineated instances for the advancement of reasonable defense costs to identified individuals. However, the Complete Policy (which is property of the Estate over which this Court has express jurisdiction) is limited, and Columbia has not even identified the individuals it is intending to cover. Accordingly, I submit that limited, reasonable defense costs for eligible individuals should only be available (a) after complete disclosure by Columbia of the individuals it intends to provide with defense costs and (b) under appropriate, identified parameters imposed by this Court to ensure that the proceeds of the Complete Policy are equitably made available for all eligible.

12. Notwithstanding that I, on behalf of the Estate, through my counsel Ms. Morabito, provided a Notice of Claim/Circumstances – LeClair Ryan to Columbia over 10 months ago,

Columbia has failed to respond to the same in any fashion (other than the filing of the Motion). Instead, I recently learned that "Columbia provided its coverage position to the former General Counsel" of the Debtor, and I reserve all of the Estate's rights related to providing any information to "former General Counsel," an individual who no longer has any authority to act on behalf of LeClairRyan. And notwithstanding repeated requests that Columbia provide to the Estate its coverage position, Columbia refuses to do the same.

13. Notwithstanding my requests, through counsel, Columbia has also refused to date to provide to me a list of individuals that it (a) maintains are allegedly covered by the Complete Policy and/or (b) intends to advance defense costs on behalf of. The only information received from Columbia on this front is "[a]fter discussions with Lori Thompson (formerly of LeClairRyan) and former LeClairRyan colleagues, we have decided to move to lift the stay to advance defense costs to insureds given the ongoing "discovery", etc. of insureds." As such, Columbia attempts to step its toe into this Court to unilaterally snatch and deplete a significant asset of the Estate for the benefit of this undisclosed number of undisclosed individuals in an undisclosed, unlimited amount.

14. I, on behalf of the Estate, have direct claims against certain individuals for Management Wrongful Acts and Interrelated Wrongful Acts (as both are defined in the Complete Policy), as well as claims for entity coverage. Collectively these claims vastly exceed the available limits provided by the Complete Policy. Therefore, the proceeds of the Complete Policy are a significant asset of the Estate and should be protected by this Court for the equitable treatment of all of the claimants under the subject policy; as such, the relief sought in the Motion should be denied.

15. In addition, for the reasons stated through counsel in my Objection to Defendant's Motion to Dismiss, I, object to the relief sought in *Defendant's Motion to Dismiss Adversary*

*Proceeding /Partially Dismiss the Complaint* filed by ULX Partners, LLC and UnitedLex Corporation (collectedly the "**ULX DEFENDANTS**"). As such, I respectfully request that this Court deny the ULX Defendant's *Motion to Dismiss Adversary Proceeding /Partially Dismiss the Complaint.*

16. Finally, I have reviewed the Estate's accounts and provided information to my counsel for the Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A).

17. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: June 23, 2021　　　　　By: */s/ Lynn L. Tavenner*
　　Richmond, Virginia　　　　　　　Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: June 23, 2021　　　　　By: */s/ Paula S. Beran*
　　Richmond, Virginia　　　　　Paula S. Beran, Esquire (VSB No. 34679)
　　　　　　　　　　　　　　　　PBeran@TB-LawFirm.com
　　　　　　　　　　　　　　　　Tavenner & Beran, PLC
　　　　　　　　　　　　　　　　20 North 8th Street
　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　Telephone: (804) 783-8300
　　　　　　　　　　　　　　　　　　*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      I certify that on this 23rd day of June 2021, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                                                                /s/     *Paula S. Beran*
                                                               Paula S. Beran, Esquire
                                                               *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*