**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. 19-34574-KRH |
|     LeClairRyan, PLLC,[1] | |
|     Debtor | Chapter 7 |

**PROPOSED AGENDA FOR HEARING ON**
**JULY 22, 2021, AT 1:00 P.M. (PREVAILING EASTERN TIME)**

Set forth below are the matters scheduled to be heard before the Honorable Kevin R.

Huennekens, United States Bankruptcy Judge, in Room 5000, United States Courthouse, 701 East

Broad Street, Richmond, Virginia 23219, on July 22, 2021, beginning at 1:00 p.m. via Zoom:

**Zoom registration link**:
https://www.zoomgov.com/meeting/register/vJIsf-2oqjMrH8c1XuMy81plCxDtOdX0B4g

Listen-only conference line:
    Dial:  1-866-590-5055
    Access Code:  4377075
    Security Code:  72221

**I.**    **MATTERS OF THE TRUSTEE AND/OR THE ESTATE**

1.  Motion to Approve Compromise under FRBP 9019 filed by Paula S. Beran of Tavenner & Beran, PLC on behalf of Lynn L. Tavenner. (Beran, Paula) [ECF No. 941]

    Related documents:

        a.  Notice of Motion and Notice of Hearing (Re: related document(s)941 Motion to Approve filed by Lynn L. Tavenner) filed by Paula S. Beran of Tavenner & Beran,

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

PLC on behalf of Lynn L. Tavenner. Hearing scheduled for 7/22/2021 at 01:00 PM at Judge Huennekens' Courtroom, 701 E. Broad St., Rm. 5000, Richmond, Virginia. (Beran, Paula) [ECF No. 942]

Response Deadline:   July 15, 2021

Responses Filed:     None

Status:              The Trustee will request that the Court approve the Motion.

2. Motion to Authorize *Disclosure of Certain Settlement Materials* filed by Erika L. Morabito of Quinn Emanuel on behalf of Lynn L. Tavenner. (Morabito, Erika) [ECF No. 944] and Adversary Proceeding No. 20-03142 (ULX Partners, LLC, UnitedLex Corporation) [ECF No. 55]

Related documents:

   a. Notice of Motion (Re: related document(s)944 Motion to Authorize filed by Lynn L. Tavenner) filed by Erika L. Morabito of Quinn Emanuel on behalf of Lynn L. Tavenner. (Morabito, Erika) [ECF No. 945] [ECF No. 56]

Response Deadline:   July 19, 2021

Responses Filed:     None

Status:              The Trustee will request that the Court enter an Order granting the Motion as modified pursuant to the Order attached hereto as Exhibit A.

## II.    Matters of Third Parties

3. Motion for Relief from Stay Re: Insurance Policy filed by Rebecca L. Saitta of Wiley Rein LLP on behalf of Columbia Casualty Company. (Attachments: # 1 Exhibit(s) A # 2 Proposed Order) (Saitta, Rebecca) [ECF No. 857]

Related documents:

2

    a.   Notice of Motion and Notice of Hearing (Re: related document(s)857 Motion for Relief from Stay filed by Columbia Casualty Company) filed by Rebecca L. Saitta of Wiley Rein LLP on behalf of Columbia Casualty Company. Hearing scheduled for 6/24/2021 at 11:00 AM at Judge Huennekens' Courtroom, 701 E. Broad St., Rm. 5000, Richmond, Virginia. (Attachments: # 1 Exhibit(s) A)(Saitta, Rebecca) [ECF No. 859]

    b.   Hearing held; final hearing set; Declaration of Lynn Tavenner #924 Admitted. Appearance(s): Paula Beran for Trustee; Rebecca Saitta for Columbia Casualty Company (Re: related document(s)857 Motion for Relief from Stay filed by Columbia Casualty Company) Hearing scheduled for 7/22/2021 at 01:00 PM at Judge Huennekens' Courtroom, 701 E. Broad St., Rm. 5000, Richmond, Virginia. (Gary, Lisa) [ECF No. 927]

| | |
|---|---|
| Response Deadline: | June 17, 2021 |
| Responses Filed: | Objection to - *TRUSTEES ANSWER AND LIMITED OBJECTION TO THE MOTION FOR RELIEF FROM THE AUTOMATIC STAY* (Re: related document(s)857 Motion for Relief from Stay filed by Columbia Casualty Company) filed by Paula S. Beran of Tavenner & Beran, PLC on behalf of Lynn L. Tavenner. (Beran, Paula) [ECF No. 921] |
| Status: | The Trustee objects to the relief requested in the Motion and therefore requests that the Motion be denied. |

## III.   REPORTS

4.  Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A)

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: July 20, 2021        By: */s/ Paula S. Beran*
Richmond, Virginia         Paula S. Beran, Esquire (VSB No. 34679)
                       PBeran@TB-LawFirm.com
                       Tavenner & Beran, PLC
                       20 North 8th Street
                       Richmond, Virginia 23219
                       Telephone: (804) 783-8300
                       Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

3

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules of this Court and applicable orders, I certify that on this 20th day of July 2021, a true copy of the foregoing Agenda was sent electronically to all parties receiving ECF notices in this Case.

/s/ Paula S. Beran
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

4

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY
## COURTFOR THE EASTERN DISTRICT OF
## VIRGINIA
### (Richmond Division)

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,<br><br>      Debtor.<br>_____<br><br>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>      Plaintiff,<br><br>v.<br><br>ULX Partners, LLC and UnitedLex<br>Corporation,<br><br>      Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br><br>Adv. Proc. No. 20-03142 (KRH) |

### [PROPOSED] ORDER GRANTING MOTION TO ALLOW DISCLOSURE OFSETTLEMENT MATERIALS AND TO ESTABLISH PROCEDURES FOR THE PRESERVATION OF PRIVILEGE

Upon consideration of the motion (the "**Motion**"),[1] filed by Lynn L. Tavenner, Chapter

7 trustee (the "**Trustee**") of the above-captioned debtor, for entry of an order (i) authorizing

disclosure of certain settlement materials to ULX Partners, LLC and UnitedLex Corporation

(collectively, "**Defendants**") and (ii) establishing procedures to preserve the Trustee's

privilege in relation to third-party subpoenas issued by Defendants; and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion

157 and 1334; and the Court having determined that due and proper notice of the Motion has

been given and that no other or further notice need be given; and the Court having reviewed

and considered the Motion and the responses and objections thereto, if any; and it appearing

that good cause exists for granting the Motion, it is hereby: ADJUDGED, ORDERED, AND

DECREED as follows:

1.      The Motion is hereby GRANTED.

2.      The Trustee is authorized to produce to Defendants (i) communications with

third parties (including former employees of the Debtor and/or their counsel), including

without limitation, settlement communications; and (ii) settlement agreements, and/or any

other agreements, that the Trustee has entered with any third party and/or their counsel.  (All

materials, agreements, documents, and communications referenced in this paragraph shall be

collectively referred to as the "**Third Party Materials**").  The Trustee will produce the Third

Party Materials to the Defendants to the extent and subject to the parties agreeing to a

reasonable search protocol or as may be further ordered by this Court.

3.      Pursuant to the terms of the Protective Order governing discovery in this

matter, the Trustee may, if appropriate per the terms of the Protective Order, designate any

such Third Party Materials as "Confidential".

4.      The production of privileged material to Defendants by a former employee of

the Debtor shall not constitute a waiver of the Debtor's privilege without further Order of this

Court, with both the Trustee and the Defendants reserving all rights and arguments with

respect to such issue.

5.      In the event the Trustee believes, in good faith, that documents sought by

Defendants from any third party through a subpoena may include privileged materials, then

pursuant to the deadline set forth in Federal Rule of Civil Procedure 45, as such deadline may

be extended by agreement of the parties without further Order of this Court, the Trustee shall

serve upon the subpoena recipient and counsel for the Defendants a letter setting forth specific

objections, if any, as to privilege (the "**Privilege Objection Letter**") with respect to the

category or categories of documents at issue.  The Privilege Objection Letter shall further

expressly state and inform the subpoena recipient that such recipient may nevertheless

produce the objectionable materials to counsel for the Defendants.

6.      If the Trustee timely serves a Privilege Objection Letter upon counsel for the

Defendants, then the Defendants, without substantive and/or material review, shall provide

the Trustee with a copy of any documents they receive in response to the subpoena at issue to

allow the Trustee to conduct a review for privilege (the "**Production Copy**").

7.      Upon receipt from Defendants, the Trustee shall promptly review any third-

party production for privilege and provide Defendants with (i) a privilege log; and (ii)

replacement images for any documents that should be withheld or redacted.  If the Trustee

does not provide the above-referenced privilege log and replacement images to the Defendants

within 7 calendar days after Defendants produce the Production Copy to the Trustee's counsel,

or some other amount of time as agreed to by the parties without further Order of this Court,

then the materials at issue may be maintained and reviewed by the Defendants.  Further,

Defendants' counsel shall destroy any materials from third-parties identified by the Trustee

on the above-referenced privilege log.

8.      Defendants are deemed to have reserved all rights to object to any designation

of privilege by the Trustee.  In addition, nothing herein shall be treated as a waiver by the

Trustee of privilege or other protection from disclosure, and the Trustee is deemed to have

3

reserved all rights to assert a claim of privilege or other protection from disclosure in relation to any third-party document, regardless of whether she serves a Privilege Objection Letter.

9.    This Order is without prejudice to the rights of any party, including the right to challenge the relevance, admissibility, or privilege of any document, or the right to assert that a party has waived any such right or objection. Nothing herein shall be construed to revive any rights that a party may have already waived.

10.    The Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

11.    This Order shall be effective and enforceable immediately upon entry.

_____
UNITED STATES BANKRUPTCY JUDGE

4