# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

### TRUSTEE'S SECOND MOTION TO MODIFY PROCEDURES REGARDING THE PROSECUTION AND/OR SETTLEMENT OF ACTIONS INVOLVING FORMER ATTORNEYS AND CERTAIN OTHERS AND MEMORANDUM IN SUPPORT THEREOF

Lynn L. Tavenner, Trustee, not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Bankruptcy Case**" and/or the "**Case**"), by and through her undersigned counsel, pursuant to §§ 102(1), 105, 108, and 704 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rules 7016 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**"), and Rules 7016-1 and 9019-1 of the Local Rules of Bankruptcy Procedure (the "**Local Rules**," and each individually a "**Local Rule**"), hereby moves (the "**Motion**") for entry of an order modifying certain procedures by which

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

the Trustee, on behalf of the Estate, may prosecute and/or settle disputes of alleged causes of actions involving various matters, including but not limited to, fiduciary duties, preference payments, fraudulent transfers, other types of actions and/or avoidable transfers provided for in Chapter V of the Bankruptcy Code and/or under other applicable law. Specifically, the Trustee seeks to modify certain discrete aspects of this Court's Order, ECF No. 533, as modified by this Court's Order, ECF No. 929 (collectively, the "**FAO Order**").  In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof. ECF No. 61. At a hearing on September 26, 2019, the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's

bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**").

6. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as Trustee.

7. While still in the initial stages of her investigation and not fully appreciating the extensive breadth of actions that would result from said investigation, the Trustee, with the assistance of her counsel, filed her *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"),[2] ECF No. 457. The same was granted by this Court's Order dated June 15, 2020, ECF No. 533.

8. Thereafter the Trustee filed her *Motion to Amend – Trustee's Motion to Modify Procedures Regarding the Settlement of Actions Involving Former Attorneys and Certain Others and Memorandum In Support Thereof* (the "**FAO Procedures Modification Motion**"), ECF No. 852, which was granted by this Court's Order dated June 24, 2021, ECF No. 929.

9. Since entry of the initial FAO Order on June 15, 2020, and pursuant to the procedures authorized therein, the Trustee, through counsel, has made demand on over 210 Persons.[3] And, with the assistance of counsel and, in certain instances, Court approved mediators, the Trustee has resolved approximately 70 of those demands.[4]

10. Approximately 60 of said demands are currently the subject of this Court's mediation procedures delineated in the FAO Action Procedures as authorized by the FAO Order;

---

[2] Terms not otherwise defined herein shall have the meaning prescribed in the FAO Procedures Motion.
[3] As said term is defined at 11 U.S.C. § 101 (41).
[4] As of the filing of this Motion, certain of those resolutions were in the process of being documented. Upon completion of said documentation, the Trustee will seek approval of said resolutions as required under the FAO Order.

approximately 11 are within the period, pursuant to the terms of the FAO Order, upon which said Person may elect to proceed with mediation. And most of these matters include one or more claims pursuant to §§ 544, 547, and/or 548 of the Bankruptcy Code, as well as including claims under other applicable laws.

11.     Pursuant to 11 U.S.C. § 546, the statutory deadline to bring an action or proceeding under §§ 544, 547, and/or 548 (among others) of the Bankruptcy Code is September 2, 2021, as is the statutory deadline contained in § 108 (collectively and each, the "**Statutory Deadline**"), absent an agreement, tolling, and/or other equitable remedies.

## RELIEF REQUESTED

12.     Based on the foregoing, the Trustee maintains that it is prudent to request discrete modifications of the FAO Action Procedures. Accordingly, by this Motion, the Trustee is seeking to modify the FAO Order to ensure that the intent and basis for implementing the FAO Action Procedures remains intact while not jeopardizing the value of Estate assets given the Statutory Deadline.[5]

## PROPOSED REVISED PROCEDURES

13.     The Trustee proposes that the FAO Order be modified to provide that:

Notwithstanding anything to the contrary in the FAO Action Procedures:

    a. For any Person who has made the Pre-Complaint Mediation Election on or before August 20, 2021, the Trustee shall be permitted at any time, in her sole

---

[5] Pursuant to the FAO Action Procedures authorized by the FAO Order, although not a traditional complaint that initiates an adversary proceeding, each FAO Demand Letter arguably commenced an action under §§ 546 and/or 108. However, give the language of Rule 7001 which references "adversary proceeding", the Trustee, out an abundance of caution, proposes the modified procedures to eliminate ambiguity and/or uncertainty.

and absolute discretion, to (i) enter into a tolling agreement (each a "**Tolling Agreement**") to extend on a case by case basis the Statutory Deadline, (ii) file a complaint (each a "**Sealed Complaint**") with this Court using the sealed document docketing event in the ECF system pursuant to CM/ECF Policy 6 (as revised effective December 1, 2019) or as otherwise instructed by the Court and/or (iii) for any Person that the Trustee perceives is an indispensable party to an existing complaint, add said Person to said complaint to the extent that said amendment is allowed under Rule 7015 ("**Indispensable Party Amended Complaint**").

b.  The Court shall not issue a summons for any Sealed Complaint.

c.  For any matter involving a Sealed Complaint, within 14 days of the filing of a Mediator's Report wherein the FAO Action has not settled, the Trustee shall seek, pursuant to procedures provided by the Court, to have (i) the Sealed Complaint's seal protection removed such that the complaint is available for public view (each an "**Unsealed Complaint**") and (ii) a summons issued.

d.  The summons issued for each Unsealed Complaint will be the Court's standard form with the exception that it will inform the defendant that he/she/it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the Unsealed Complaint and the initial pretrial conference will be set for the next Omnibus Hearing that is at least 67 days after the issuance of the summons. The mediation protocol found at section 3 of the FAO Action Procedures shall not apply to any Unsealed Complaint.

e. Sections 2A, 2D and 2E of the FAO Action Procedures shall not apply to any matter involving an Unsealed Complaint.

f. Sections 2A, 2D, 2E, and 2G and sections 3A, 3B, 3I, 3J, and 3L of the FAO Action Procedures shall not apply to any matter involving an Indispensable Party Amended Complaint. To the extent a Person subject to an Indispensable Party Amended Complaint, who has not previously mediated pursuant to the FAO Order, desires to mediate, (i) said Person shall select a Mediator and (ii) the mediation shall proceed under sections 3C, 3D, 3E, 3F, 3G, 3H, and 3K, of the FAO Actions Procedures or as otherwise provided by the Court.

g. For any matter involving a Sealed Complaint that is resolved during the Settlement Period, said complaint shall be dismissed as agreed by the parties and thereafter stricken from the Court's docket pursuant to procedures provided by the Court.

## **Legal Authority**

14. The statutory predicates for the litigation/mediation relief sought herein are Bankruptcy Code §§ 105, 108, and 704 and Bankruptcy Rules of Procedure 7016 and 9019, and Local Rule 9019-1. Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Federal Rule of Civil Procedure 16, applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7016, gives the court discretion to manage the course of actions in various ways to facilitate the "just, speedy, and inexpensive disposition of the action." Similar relief was granted by this Court in *Order Approving Procedures and Permitting*

*Trustee to Prosecute and Compromise NFA Avoidance Actions* ECF No. 385, as well as in several other cases pending in this district, including but not limited to *Order Granting Liquidating Trustee's Motion for an Order Establishing Avoidance Action Procedures*, *In re Morris Schneider Wittstadt Va., PLLC*, Case No. 15-33370 (Bankr. E.D. Va. Feb. 13, 2017), ECF No. 1318; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Actions*; *In re James A. Moncure*, Case No. 14-31546-KLP (Bankr. E.D. Va. Mar. 25, 2016), ECF No. 382; *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise Avoidance Claims*, *In re RoomStore*, Case No. 11-37790-KLP (Bankr. E.D. Va. Nov. 27, 2013), ECF No. 1755; *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re LandAmerica Fin. Group, Inc.*, Case No. 08-35994 (Bankr. E.D. Va. Jan. 20, 2011), ECF No. 4213; and *Order Establishing Procedures for Avoidance Action Adversary Proceedings*, *In re Circuit City Stores, Inc.*, Case No. 08-35653 (Bankr. E.D. Va. Nov. 4, 2010), ECF No. 8898. In addition, the procedures proposed herein are consistent with Local Rule 9019-1.

## NOTICE

15.    Notice of this Motion has been provided by U.S. Mail, postage prepaid, email, or by ECF notice to (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; (c) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002; and (d) those Persons, through counsel where appropriate, referenced in paragraph 10 herein. The Trustee submits that no other or further notice need be given.

## NO PRIOR RELIEF

16. Other than through the FAO Procedures Motion and the FAO Procedures Modification Motion, no prior request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, the Trustee respectfully requests the Court enter an Order substantially in the form attached hereto as Exhibit A: (i) modifying the FAO Action Procedures as provided herein and (ii) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: August 5, 2021
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2021, a true and correct copy of the foregoing *Trustee's Second Motion to Modify Procedures Regarding the Prosecution and/or Settlement of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* was served, via electronic delivery and/or first class mail, postage prepaid to: (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management, and Administrative Procedures*, ECF No. 38; (c) all parties that properly filed a request for notice of papers in this case pursuant to Bankruptcy Rule 2002; and (d) those Persons, through counsel where appropriate, referenced in paragraph 10 herein.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire (Va. Bar No. 34679)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

    LeClairRyan PLLC,[6]

    Debtor

Case No.
19-34574-KRH

Chapter 7

## ORDER MODIFYING PROSECUTION AND
## SETTLEMENT PROCEDURES FOR FAO ACTIONS

This matter coming before the Court on the Trustee's *Second Motion to Modify Procedures Regarding the Prosecution and/or Settlement of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**Motion**")[7] filed by Lynn L. Tavenner, Trustee, not individually but solely in her capacity as the chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, the above-captioned debtor; the Court having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at a hearing before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that

---

[6] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[7] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Notwithstanding anything to the contrary in the FAO Action Procedures:

    a. For any Person who has made the Pre-Complaint Mediation Election on or before August 20, 2021, the Trustee shall be permitted at any time, in her sole and absolute discretion, to (i) enter into a tolling agreement (each a "**Tolling Agreement**") to extend on a case by case basis the Statutory Deadline, (ii) file a complaint (each a "Sealed Complaint") with this Court using the sealed document docketing event in the ECF system pursuant to CM/ECF Policy 6 (as revised effective December 1, 2019)  or as otherwise instructed by the Court and/or (iii) for any Person that the Trustee perceives is an indispensable party to an existing complaint, add said Person to said complaint  to the extent that said amendment is allowed under  Rule 7015 ("**Indispensable Party Amended Complaint**").

    b. The Court shall not issue a summons for any Sealed Complaint.

    c. For any matter involving a Sealed Complaint, within 14 days of the filing of a Mediator's Report wherein the FAO Action has not settled, the Trustee shall seek, pursuant to procedures provided by the Court, to have (i)  the Sealed Complaint's seal protection removed such that the complaint is available for public view (each an "**Unsealed Complaint**") and (ii) a summons issued.

    d.  The summons issued for each Unsealed Complaint will be the Court's standard form with the exception that it will inform the defendant that he/she/it has thirty days from the date of service of the summons (rather than the date of issuance) to respond to the Unsealed Complaint and the initial pretrial conference will be set for the next Omnibus Hearing that is at least 67 days after the issuance of the summons. The mediation protocol found at section 3 of the FAO Action Procedures shall not apply to any Unsealed Complaint.

    e.  Sections 2A, 2D and 2E of the FAO Action Procedures shall not apply to any matter involving an Unsealed Complaint.

    f.  Sections 2A, 2D, 2E, and 2G and sections 3A, 3B, 3I, 3J, and 3L of the FAO Action Procedures shall not apply to any matter involving an Indispensable Party Amended Complaint. To the extent a Person subject to an Indispensable Party Amended Complaint, who has not previously mediated pursuant to the FAO Order, desires to mediate, (i) said Person shall select a Mediator and (ii) the mediation shall proceed under sections 3C, 3D, 3E, 3F, 3G, 3H, and 3K, of the FAO Actions Procedures or as otherwise provided by the Court.

    g.  For any matter involving a Sealed Complaint that is resolved during the Settlement Period, said complaint shall be dismissed as agreed by the parties and thereafter stricken from the Court's docket pursuant to procedures provided by the Court.

3. The Trustee is authorized to take all action necessary to effectuate the provisions of this Order, including but not limited to the execution and delivery of any Tolling Agreement. Any said Tolling Agreement shall be binding upon the parties thereto, and the Trustee may reasonably rely on the terms thereof.

4. Except as expressly modified herein, the FAO Order shall remain in full force and effect.

5. The Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

6. Upon entry, the Clerk shall serve a copy (by electronic delivery) of this Order on Paula S. Beran.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219