Paul A. Driscoll
Virginia State Bar No. 33476
ZEMANIAN LAW GROUP
223 East City Hall Avenue, Suite 201
Norfolk, Virginia  23510
Telephone: (757) 622-0090
Facsimile: (757) 622-0096
E-mail: paul@zemanianlaw.com
*Counsel for Lisa M. Murphy*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| LeClairRyan, PLLC, | ) | Case No.:  19-34574-KRH |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

**OBJECTION TO TRUSTEE'S SECOND
MOTION TO MODIFY PROCEDURES REGARDING THE PROSECUTION
AND /OR SETTLEMENT OF ACTIONS INVOLVING FORMER ATTORNEYS
AND CERTAIN OTHERS AND MEMORANDUM IN SUPPORT THEREOF**

Lisa M. Murphy ("Ms. Murphy"), by counsel, objects to *Trustee's Second Motion to Modify Procedures Regarding the Prosecution and/or Settlement of Actions Involving Former Attorneys and Certain Others* ("*Second Motion to Modify*") [Electronic Case Docket ("ECF") Number 962], filed on behalf of Lynn L. Tavenner, Trustee (the "Trustee")  and requests it be denied in its entirety.  In support of this request, Ms. Murphy states the following:

SUMMARY OF ARGUMENT

The *Second Motion to Modify* seeks to amend the procedures approved by the Court and implemented at the Trustee's request for the handling of claims against former attorneys, permit

the filing of sealed complaints for those electing mediation who do not execute a tolling agreement, and add anyone who the Trustee perceives is an "indispensable party" to an existing complaint at her discretion. The *Second Motion to Modify* is more accurately characterized as the Trustee's motion to enlarge time after expiration to make demand under the Procedures Order entered on June 15, 2020 (ECF No. 533), to remove a bar to filing such complaints and adding defendants to existing complaints until after the conclusion of mediation and thus shorten time to file complaints under the Procedures Order, and to file such complaints under seal. None of the requested procedural modifications are appropriate. The Trustee does not allege any basis to support a finding of excusable neglect to extend the time for her to make demand under the Procedures Order to complete mediation before filing a complaint in advance of the Statutory Deadlines. No basis for a finding of excusable neglect can be inferred from the allegations contained in the *Second Motion to Modify*. The Trustee does not allege cause necessary to shorten time for filings complaints under the Procedures Order or Rule 9006. Finally, she cites no specific authority to permit the filing of sealed complaints in contravention of 11 U.S.C. § 107.

The *Second Motion to Modify* should be denied and the Trustee required to comply with the existing Procedures Order as previously amended.

STATEMENT OF THE CASE

The following supplements the Background set out in *Second Motion to Modify* ¶¶ 4-11 to include facts pertinent to Ms. Murphy and this Objection.

The procedures governing avoidance actions approved at the Trustee's request are set out in an order dated June 15, 2020 (the "Procedures Order") [ECF No. 533]. It provides in pertinent part:

2

1. **Demand Protocol:**

    A. <u>Demand Letter</u>: The Trustee will send a demand letter (the "FAO Demand Letter" to each potential defendant ("**FAO Defendant**").

    B. <u>Consent to Mediation</u>: Within 14 days of the date of the FAO Demand Letter, the FAO Defendant may elect to proceed to the Mediation Process provided for in Section 3 herein (the "Pre-Complaint Mediation Election") by written request to Paula S. Beran at pberan@tb-lawfirm.com. If the FAO Defendant makes a Pre-Complaint Mediation election against said defendant, *the Trustee will not file a complaint against said defendant until the filing of the Mediator's Report (as hereafter defined)(unless otherwise resolved).* Absent the timely Pre-Complaint Mediation Election and/or consummated settlement within 30 days of the date of the FAO Demand Letter, unless otherwise agreed, the Trustee will proceed to file a complaint against the FAO Defendant.

    . . .

3. **The Mediation Protocol**.

    A. <u>Mediation Process</u>. Mediation will be required in all FAO Adversary proceedings seeking recovery in excess of $25,000. . . .

    B. Within sixty (60) days after (i) the FAO Defendant has filed a response to the complaint or (ii) the Pre-Complaint Mediation Election, the parties must have commenced the mediation process outlined below . . .

    . . .

    I. Unless otherwise extended by order of this Court, the mediation must be concluded no later than 120 days after the (1) date on which the defendant has filed his/her/its response to the complaint; or (2) the date of the Pre-Complaint Mediation Election.

(Emphasis added.)

2. Ms. Murphy is a former partner of LeClairRyan, PLLC and former equity shareholder of its predecessor, LeClairRyan, A Professional Corporation. She was a member of the Board of Directors of LeClairRyan, A Professional Corporation at various times, most recently from 2012 to 2015.

3. Ms. Murphy is a creditor in this case with a timely filed proof of claim. (Claim No.

171.)

4.      She received a demand letter from Trustee's counsel dated July 28, 2021, seeking an amount in excess of $25,000 alleging theories of relief including, but not limited to, those under 11 U.S.C. §§ 547, 548, 550, and various state law claims for unjust enrichment, and arising out of her tenure on the debtor's Board of Directors (the "Demand Letter").  She timely replied through counsel on August 10, 2021 and elected to proceed with mediation and included a reservation of all defenses, transmitted by e-mail to Trustee's counsel: Brittany Nelson, Erika Morabito, and Paula Beran.  Copies of Ms. Murphy's mediation election and Ms. Beran's response in acknowledgment are attached as Exhibits 1 and 2.

5.      Ms. Murphy is a "Large FAO Defendant" within the meaning of the Demand and Mediation Protocols approved by the Procedures Order with whom the Trustee is required to engage in, and conclude, mediation before filing a complaint.

## ARGUMENT

A. The Trustee May Not File a Complaint Against Lisa Murphy Before the Completion of Mediation Nor Add Her as an "Indispensable Person" to an Existing Complaint.

The July 28, 2021, demand upon Ms. Murphy is in excess of $25,000 and Ms. Murphy's election mandates mediation and prohibits the filing of a complaint until the submission of the Mediator's Report.  Mediation must be commenced within sixty days from August 10, 2021, and concluded sixty days thereafter.  In order for a complaint to have been timely filed for a Large FAO Defendant who take the full fourteen days to elect mediation under the Demand Protocol, demand should have been made not later than April 23, 2021 to be timely.

It is unknown whether the Trustee considers Ms. Murphy, or any other recent FAO

4

Defendant an "indispensable party" to an existing complaint, and if so, which FAO Defendant is to be joined to which existing complaint. The Trustee ought not be permitted at this late date to circumvent the Court's existing requirement to engage in mediation prior to filing a complaint simply by designating an FAO Defendant an "indispensable party" under Proposed Revised Procedure 13(a)(iii) and (f).

B. <u>The Relief Sought in the *Second Motion to Modify* is Effectively a Simultaneous Motion for Enlargement of Time under Fed. R. Bankr. P. 9006(b)(1) and for Reduction Under (c)(1)</u>.

Enlargement of time to undertake any act required or allowed to be done at or within a specified period by the Bankruptcy Rules, a notice thereunder, or by order of the Court is governed by Rule 9006. The Court at any time for cause shown in its discretion--

(1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order or

(2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b).

Had the Trustee timely made demand upon Ms. Murphy under the Procedures Order, the relief sought would be unnecessary. The relief sought by the Trustee is, in effect, a request to both enlarge time to make demand and to shorten time to file complaints against FAO Defendants with a claim of more than $25,000 who timely elected mediation. The *Second Motion to Modify* is silent on the applicability of Rule 9006, suggesting the absence of excusable neglect under Rule 9006(b)(2) to make demand after May 7, 2021, or cause under Rule 9006(c)(1) to shorten time to file a complaint against an FAO Defendant who has timely made her election for mediation.

5

C. The Trustee Cannot Establish Excusable Neglect to Warrant Enlarging Time to Make Demand under the Procedures Order.

The determination of the existence of excusable neglect is governed by the four-factor test set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 385 and 395-396 (1993): (1) danger of prejudice to the debtor; (2) length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith.  507 U.S. at 395; *In re MI Windows and Doors, Inc. Products Liability Litigation*, 860 F.3d 218, 226 (4th Cir. 2017)(applying *Pioneer Investment Services* to Fed. R. Civ. P. 6(b)(1) and 60(b)(1)).  The burden of proof rests with the moving party. *See Board v. AMK Bowling Worldwide, Inc., et al* (*In re AMF Bowling Worldwide*), 520 B.R. 185, 196 (Bankr. E.D.Va. 2014)(applying *Pioneer Investment Services* and Rule 9006(b) to an application to allow a late claim).

1. Danger of prejudice.

Judge Shelley interpreted prejudice in one of the first cases following *Pioneer Investment Services* to mean prejudice to the non-moving party.  *Huennekens, Trustee v. Marx* (*In re Springfield Contract Corp.*), 156 B.R. 761, 766 (Bankr. E. D. 1993), a position later taken by the Fourth Circuit in *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 533 (4th Cir. 1996) (applying *Pioneer Investment Services* to excusable neglect found in Fed. R. App. P. 4(a)(5)(A)). In this instance, enlarging time for the Trustee to file complaints beyond that provided in the Procedures Order, or be added as a defendant to an existing complaint, is prejudicial to any FAO Defendant who did not receive timely demand, particularly those included among the FAO Defendants who received demand letters dated July 28, 2021, such as Ms. Murphy.  Under the Procedures Order, the earliest the Trustee may file a complaint against Ms. Murphy is 120 days

after the mediation election: December 9, 2021, well past the statutory deadlines to bring certain actions the Trustee concedes is September 2-3, 2021. *Second Motion to Modify* at ¶ 11.

Allowing the Trustee to proceed as proposed at this late date will deprive Ms. Murphy of statutes of limitations defenses. These concerns are exacerbated by the lack of confirmation from the debtor's insurance carrier that it will provide coverage to Ms. Murphy for actions taken by her while a member of the debtor's board of directors.

        2. <u>Length of Delay and Potential Impact on Judicial Proceedings</u>.

The delay is substantial. The Procedures Order precludes the filing of a complaint for a FAO Defendant who elects mediation until the sixty days required to commence mediation and another sixty days to mediation to conclude for a minimum of 120 days. As result, demand could not be made upon a FAO Defendant who took a full 14 days to elect mediation any later than April 23, 2021.

The impact on judicial proceedings is difficult to estimate. The Procedures Order provides for mediation which Ms. Murphy presumes will proceed within the times set by the Procedures Order. The matter will either be settled or the trustee will file a complaint on December 10, 2021, subject to the defenses Ms. Murphy may bring.

        3. <u>Reason for delay and whether it was in the reasonable control of the movant</u>.

The Trustee provides no reason for the delay in making demand upon Ms. Murphy other than a passing reference that the Trustee filed her motion for a procedures order "[w]hile still in the initial stages of her investigation and not full appreciating the breadth of actions that would result from said investigation . . ." *Second Motion to Modify* at ¶ 7. The Trustee has served as trustee since her appointment on October 7, 2019, and since then has been in control of the books

and records of LeClairRyan, PLLC. She had ample opportunity to make a timely demand by mid-spring of 2021 and timely proceed with mediation as required in the Procedures Order. The *Second Motion to Modify* alleges no special facts or circumstances applicable to the Trustee nor does it allege any act or omission on Ms. Murphy's part to excuse the Trustee's delay in making demand earlier than July 28, 2021.

    4. Good faith.

The *Second Motion to Modify* makes apparent the Trustee is aware of the looming statutory deadlines:

> 10. Approximately 60 of said demands are currently the subject of this Court's mediation procedures delineated in the FAO Action Procedures as authorized by the FAO Order; approximately 11 are within the period, pursuant to the terms of the FAO Order, upon which said Person may elect to proceed with mediation. And most of these matters include one or more claims pursuant to §§ 544, 547, and/or 548 of the Bankruptcy Code, as well as claims under other applicable laws.
>
> 11. Pursuant to 11 U.S.C. § 546, the statutory deadlines to bring an action or proceedings under §§ 544, 547and/or 548 (among others) of the Bankruptcy Code is September 2, 2021, as is the statutory deadline contained in § 108 (collectively and each, the "Statutory Deadline"), absent an agreement, tolling, and /or other equitable remedies.
>
> . . .
>
> 12. Based on the foregoing, the Trustee maintains that it is prudent to request discrete modifications of the FAO Action Procedures. Accordingly, by this Motion, the Trustee is seeking to modify the FAO order to ensure the intent and basis for implementing the FAO Action Procedures remains intact while not jeopardizing the value of Estate assets.[5]
>
> ---
> [5] Pursuant to the FAO Actions Procedures authorized by the FAO Order, although not a traditional complaint that initiates an adversary proceeding, each FAO Demand Letter arguably commenced an action under §§ 546 and/or 108. However, give [sic] the language of Rule 7001 which references "adversary proceeding", the Trustee, out of an abundance of caution, proposed the modified procedures to eliminate ambiguity and/or uncertainty.

*Second Motion to Modify* at ¶¶ 10-12, n.5.

Nowhere does the Trustee squarely identify the biggest problem she now faces: the

Procedures Order bars the Trustee from filing a complaint against a recent FAO Defendant who timely elected mediation until such mediation is finished, a date now well past the statutory deadlines. There is nothing ambiguous about the bar on filing a complaint in the Procedures Order following a mediation election.

The *Second Motion to Modify*'s lack of any specific discussion of the procedural trap of the Trustee's own creation in which she now finds herself does not give rise to an inference of good faith.

D. <u>There is No Showing of Cause to Warrant Shortening Time to File a Complaint Under the Procedures Order.</u>

Reduction of time is governed by Fed. R. Bankr. P. 9006(c)(1):

> . . . when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without notice order the period reduced.

The Trustee did not plead specific cause to warrant a shortening of the time for the filing of the complaint from the timelines set out in the Procedures Order, leading to the inference none exists. The Trustee has served in her position for over 22 months, had access to the debtor's books and records since her appointment, and is owed no documents or other information from Ms. Murphy on account of information sought from her under Fed. R. Bankr. P. 2004 or similar process. There is no showing of likelihood of success against any of the July 28, 2021 FAO Defendants, including Ms. Murphy, that would allow any reader to make an informed assessment of whether there are in fact avoidable transfers which may be recovered for the Estate in any material amount to justify the relief sought in the *Second Motion to Modify*.

9

E. <u>Bankruptcy Code section 107(a) prohibits to sealing of papers filed in this Court except under narrow exceptions inapplicable to the *Second Motion to Modify*.</u>

Nowhere does *Second Motion to Modify* state a meaningful position on the necessity of filing complaints under seal.[1] All dockets and all papers filed in bankruptcy cases are accessible to the public under 11 U.S.C. § 107(a) with narrow exceptions:

> Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

The exceptions in § 107(b) and (c) are inapplicable. The Trustee has not alleged a need to protect an entity with respect to a trade secret or confidential research, development, or commercial information; nor the need to protect a person from scandalous or defamatory matter, or from the disclosure of information that would create a risk of identity theft to warrant sealing under § 107(b) and (c). Bankruptcy Code § 112 is similarly unavailing because it deals only with disclosing the names of minor children. In that unlikely event, such information could be simply redacted from the public record with the unredacted original placed under seal.

The remaining authority cited by the Trustee do not support the sealing of complaints. Nowhere do §§ 105, 108, or 704 limit § 107's requirement of public access to court records nor can Fed. R. Civ. P. 16 (Fed. R. Bankr. P. 7016) be read to limit, much less abrogate, the unambiguous legislative command of § 107 for public accessibility to court papers. A review of the case management orders entered by this Court the Trustee cites do not reveal any authority for the wholesale sealing of complaints.

---

[1] In the absence of any explanation, it appears the Trustee wants the leverage of a sealed complaint without the burdens that come with alleging facts and asserting theories of relief that might be challenged in responsive filings or in negotiations with FAO Defendants.

10

CONCLUSION

The Trustee's *Second Motion to Modify* should be denied in its entirety for the reasons set out above and the Trustee required to follow the existing Procedures Order as previously amended.

Date:   August 16, 2021                                   LISA M. MURPHY

By:  /s/ *Paul A. Driscoll*
                                                                                    Of Counsel

Paul A. Driscoll
Virginia State Bar No. 33476
Zemanian Law Group
223 East City Hall Avenue, Suite 201
Norfolk, Virginia  23510
Telephone: (757) 622-0090
Facsimile: (757) 622-0096
E-mail:paul@zemanianlaw.com
*Counsel for Lisa M. Murphy*

CERTIFICATE OF SERVICE

I certify that I filed the forgoing electronically with the Clerk on August 16, 2021, with service on all necessary parties via ECF on the same day.

/s/ *Paul A. Driscoll*