# EXHIBIT B

## Redacted

//8922203v1



J. Scott Sexton

sexton@gentrylocke.com

P: (540) 983-9379

F: (540) 983-9400

August 5, 2021

**Via E-Mail and U.S. Mail**

Rex Lee, Esq.
QUINN EMANUEL
51 Madison Avenue, 22nd Floor
New York, New York 10010

      Re:    Proposed Amended Complaint
                *Tavenner v. ULX Partners, LLC & UnitedLex Corp.*, Adv. Proc. No. 20-03142

Dear Mr. Lee:

We write in response to your August 4, 2021 email in which the Trustee seeks ▇▇▇▇'s consent to add him as a defendant in the adversary proceeding commenced against ULX Partners, LLC and UnitedLex Corp. (collectively, "UnitedLex").

We were surprised by your email given the nature of ▇▇▇▇'s cooperation with the Trustee's investigation. We affirmatively reached out to the Trustee on September 18, 2020 to offer an informal interview. ▇▇▇▇ voluntarily submitted to an interview with the Trustee's counsel on October 16, 2020. At the Trustee's request, ▇▇▇▇ produced over 2,000 pages of documents related to specific issues identified by her counsel. ▇▇▇▇ then submitted to a second round of questioning on November 19, 2020. At the end of that interview, counsel for the Trustee indicated that he would speak to the Trustee and continue the conversation. ▇▇▇▇ remained willing to cooperate; however, the Trustee never sought any further discussions. Absent the present threat of litigation, ▇▇▇▇ has not refused a single request by the Trustee to provide documents, information, or interviews.

As has been made unequivocally clear in these interviews and documents, ▇▇▇▇ was not an officer, director, or board member of either LeClairRyan, a Professional Corporation, or its successor, LeClairRyan, PLLC (collectively, "LeClairRyan" or the "Firm") in the years leading up to and during the joint venture with UnitedLex. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

August 5, 2021
Page 2

The Trustee has nevertheless asserted unfounded claims that ▬▬▬▬▬ took part in a conspiracy with UnitedLex. The Court has expressly rejected the crux of the legal theory upon which the Trustee's conspiracy claim relies:

> Entering into a joint venture, converting the [Firm] from a professional corporation to a professional limited liability company, terminating the firm's deferred compensation and supplemental retirement plans, and making misleading or false statements to third-party professional consultants are not themselves unlawful acts, nor does the Trustee allege any unlawful means through which these acts were accomplished.[2]

To the extent the "Trustee has alleged that [UnitedLex] willfully conspired with the non-defendant board members and officers of [the Firm] to breach the fiduciary duties owed by the officers and directors through the misappropriation of client funds" or to facilitate the unauthorized practice of law,[3] ▬▬▬▬▬ was not an officer, director, or board member at that time, and did not engage in such conduct.

With respect to the requested amendment, the timing of the Trustee's request is manifestly improper under the FAO Procedures proposed by the Trustee, as approved by the Court. As the Trustee is well aware, on July 22, 2021, ▬▬▬▬▬ sent a Pre-Complaint Mediation Election pursuant to Paragraph 1(B) of the FAO Procedures.[4] Under those procedures, the Court ordered: "If the FAO Defendant makes a Pre-Complaint Mediation Election, the Trustee will not file a complaint against said defendant until after the filing of the Mediator's Report."[5] The Trustee's requested amendment contravenes the express terms of the Court's Order, and is grounds for dismissal.[6]

We note that the FAO Procedures have been in place for over a year—since June 15, 2020. The Trustee represented to the Court these procedures would:

> 1) serve judicial economy; 2) allow the Trustee, to the greatest extent allowed by law, consider any and all defenses, as well as mitigating circumstances, brought to her attention in connection with her prosecution of the FAO Actions . . . ; 3) speed the time

---

[2] ECF No. 57, at 19.

[3] *Id.*

[4] *See In re LeClairRyan PLLC*, Case No. 19-34574-KRH, ECF No. 533 (Bankr. E.D. Va. Jun. 15, 2020).

[5] *Id.*

[6] *Id.* at ¶ 3(J).

August 5, 2021
Page 3

within which the matters will be resolved; and 4) reduce unnecessary litigation costs for the parties.[7]

Consistent with these purposes, the Trustee and ████████ are currently operating under the existing FAO Procedures with respect to the Trustee's demand letter. ████████ remains willing and able to engage in mediation within 60 days of his Pre-Complaint Mediation Election, specifically the week of September 13, 2021, as required by these existing procedures.[8] ████████ even offered to toll the applicable statute of limitations to permit what he hoped would be a productive mediation process. The Trustee, however, has not responded to ████████'s offer.

The Trustee's stated intent to change these rules on August 18, 2021 for the specific purpose of retroactively authorizing her impermissible suit against ████████ runs roughshod over the Court's Order establishing the FAO Procedures, and is contrary to the Trustee's stated purpose for establishing those procedures. We are unaware of any authority that permits the Trustee to unilaterally change the rules in the midst of this proceeding.

As a matter of equity, the timing of the Trustee's requested amendment is highly prejudicial for two reasons.

*First*, the Trustee, by counsel, notified ████████ of her intent to join him in the UnitedLex adversary proceeding at the close of business yesterday, August 4, 2021 at 4:55 PM EST. The Trustee demanded a response by noon today. While claiming to give a "professional courtesy," the Trustee affords no time for meaningful consideration of her request.

*Second*, the ULX adversary proceeding is currently set for trial from October 25, 2021 through November 5, 2021.[9] Discovery closes on October 4, 2021.[10] In the event ████████ is added to that proceeding, he would have about two months to prepare for a ten day trial in which his name and reputation are at stake. Were the Trustee's tactics countenanced, ████████ would have time—barely—to issue a single round of written discovery before expert reports are due. This is obviously unfair, and is a deliberate attempt to prejudice ████████ rights.[11]

Finally, the Trustee intends to assert claims she knows or should know have no basis in fact or law, particularly vis-à-vis the UnitedLex proceeding. At that time negotiations concerning the UnitedLex joint venture began in 2017, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Simply put, ████████ had no

---

[7] *See* ECF No. 457, at 2.

[8] *Id.* at ¶ 3(B).

[9] *See Tavenner v. ULX Partners, LLC & UnitedLex Corp.*, Adv. Proc. No. 20-3142-KRH, ECF No. 49, ¶ 1.

[10] *See* ECF No. 9, ¶ 4.

[11] Moreover, as the Trustee is well aware, ████████ has an upcoming surgery shortly before the trial date.

29646/1/10021426v1

August 5, 2021
Page 4

management or leadership role in the Firm, and, as such, did not owe a fiduciary duty under Virginia law.

Insofar as the Trustee alleges ▮▮▮▮▮▮▮▮ engaged in some sort of conspiracy—and, to be clear, he did not—the Trustee asserts a tort claim pursuant to Section 541(a)(1) of the Bankruptcy Code. Under Section 541, the Trustee stands in the shoes of the debtor (LeClairRyan) and is subject to the same defenses as could have been asserted against it. Even pretending ▮▮▮▮▮▮▮▮ participated in this fictional conspiracy, he did so as an employee of LeClairRyan, acting in the course and scope of his employment. Thus, the defense of *in pari delicto* bars the Trustee from asserting such a claim against him.

Notwithstanding the foregoing, ▮▮▮▮▮▮▮▮ needs additional information to evaluate the Trustee's request. Please provide a copy of the Trustee's proposed changes to the FAO Procedures as well as a copy of the proposed amended complaint. ▮▮▮▮▮▮▮▮ is willing to treat the Trustee's proposed amended complaint as "Confidential" consistent with the terms of the existing protective order,[12] provided that ▮▮▮▮▮▮▮▮ reserves all rights.

We are available to discuss options regarding the Trustee's intended path forward.

                                                Very truly yours,

                                                GENTRY LOCKE

                                                J. Scott Sexton

JSS:amb

cc:    Erika L. Morabito, Esq.
       Brittany J. Nelson, Esq.
       Andrew M. Bowman, Esq.

---

[12] *See* ECF No. 47.

29646/1/10021426v1