**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. 19-34574-KRH |
| LeClairRyan, PLLC,[1] | |
| Debtor | Chapter 7 |

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, and not individually but solely in my capacity as the

Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the

bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"),

in the above- referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby

declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1.      I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2.      I submit this declaration in support of the (a) *Motion to Approve – (Trustee's*

*Second Motion to Modify Procedures Regarding the Prosecution and/or Settlement of Action*

*Involving Former Attorneys and Certain Others and Memorandum in Support Thereof)*  (the

"**Second Motion to Modify Procedures**") [ECF No. 962]; (b) *Motion to Authorize Disclosure of*

*Certain Settlement Materials* (the "**Motion to Authorize Disclosure**") [ECF No. 944]

Adversary Proceeding No. 20-03142 (ULX Partners, LLC, UnitedLex Corporation) [ECF No.

55]; (c) *Objection to – Trustee's Answer and Limited Objection to the Motion for Relief from*

*Stay* (the "**Trustee's Objection to the Motion for Relief From Stay**")  [ECF No. 921]; and (d)

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

the Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A), all of which are reflected on

the Proposed Agenda For August 19, 2021, at 11:00 A.M [ECF 972].

3.      Further, I submit this declaration in support of (a) *Motion to File Document(s)*

*Under Seal* (the "**Sealing Motion**") [ECF No. 68] and (b) *Motion to Amend Complaint and to*

*Modify Pretrial Scheduling Order* (the "**Motion to Amend**") [ECF No. 66] in Adversary

Proceeding No. 20-03142 (ULX Partners, LLC, UnitedLex Corporation), as also are reflected on

the Proposed Agenda For August 19, 2021, at 11:00 A.M [ECF 972 ].

4.      The statements in this declaration are, except where specifically noted, based on

my personal knowledge on information that I have obtained in connection with my role as the

Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth

herein on that basis.

5.      As previously argued on June 24, 2021, and again on July 22, 2021, the relief

requested in the Motion for Relief from Stay (as defined in Trustee's Objection to the Motion for

Relief From Stay) is not supported by the relevant authority and I therefore objected to the relief

sought by Columbia Casualty Company ("**Columbia**"). As this Court likely recalls from my

testimony in another matter in this Case, the policy at issue in the Motion for Relief From Stay,

policy number 596749072, dated January 17, 2019, was modified by Runoff Endorsement No.

10, effective August 31, 2019 (collectively the "**Complete Policy**"). I recognize that the subject

policy may provide in certain limited instances for proceeds to be available for eligible

persons/entities (including LeClairRyan), and I do not unequivocally object to the use of

proceeds in specific delineated instances for the advancement of reasonable defense costs to

identified individuals. However, the Complete Policy (which is property of the Estate over which

this Court has express jurisdiction) is limited. And I, on behalf of the Estate, have direct claims

against certain individuals for Management Wrongful Acts and Interrelated Wrongful Acts (as

both are defined in the Complete Policy), as well as claims for entity coverage. Collectively

these claims vastly exceed the available limits provided by the Complete Policy. Therefore, the

proceeds of the Complete Policy are a significant asset of the Estate and should be protected by

this Court for the equitable treatment of all of the claimants under the Complete Policy.  I do

however maintain, in the exercise of my business judgment, that it is in the best interest of the

Estate for limited, reasonable defense costs for eligible individuals should be available under

appropriate, identified parameters imposed by this Court to ensure that the proceeds of the

Complete Policy are equitably made available for all eligible.

6.      Columbia is interfering (albeit the interference could be unintentional) with this

Court's FAO Order.  Specifically, certain individuals are concerned whether proceeding with

mediation would somehow negatively impact potential coverage under the Complete Policy and,

as such, have refused to schedule mediation as required under this Court's FAO Procedures

Order.  Others are hesitant to take additional steps that could result in settlement.  Accordingly, I,

through counsel, have respectfully requested that Columbia affirmatively let all know who

inquire that proceeding under any order of this Court will not nullify insurance coverage.

Columbia has agreed to do the same.  Nonetheless, the fact that issues related to the Complete

Policy are interfering with the FAO Order further demonstrates the need for this Court to retain

control and jurisdiction over all assets of this Estate including but not limited to the Complete

Policy.

7.      In resolution of Trustee's Objection to the Motion for Relief From Stay, I,

through counsel, have agreed, subject to this Court's approval, to the limited relief provided for

in the proposed order that can be found at ECF No. 965.

8.      In the Second Motion to Modify Procedures, consistent with, and as expressly provided for by a term of the initial FAO Order (as defined in the Second Motion To Modify Procedures),  I respectfully request that this Court invoke an express provision of the FAO Order and authorize the modification of certain discrete aspects of the FAO Actions Procedures (as defined in the Second Motion To Modify Procedures).  While still in the initial stages of my investigation in the Spring of 2020, I, with the assistance of my counsel, filed the *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"), ECF No. 457, which this Court approved. Thereafter, I filed the Motion to Amend – Trustee's *Motion to Modify Procedures Regarding the Settlement of Actions Involving Former Attorneys and Certain Others and Memorandum In Support Thereof* (the "**FAO Procedures Modification Motion**"), ECF No. 852, to address certain settlement items.

9.      Since the entry of the initial FAO Order, I have made demands on over 210 Persons[2] and resolved approximately 115 of those demands. Approximately 50 of the 210 demands are still currently the subject of this Court's mediation procedures delineated in the FAO Action Procedures as authorized by the FAO Order; of those 50 demands, approximately 43 are pending mediation and 7 involve mediations that have been conducted and continued (collectively, the "**Remaining Mediation Matters**").

10.     While the Pre-Complaint Mediation Election process has been extremely successful, it has taken significantly longer than expected. For the most part, the lag has been the result of accommodating the requests of the Persons who made a Pre-Complaint Mediation

---

[2] As said term is defined at 11 U.S.C. § 101 (41).

Election. For example, some of the Persons are attorneys who have desired to resolve without the

assistance of a mediator.  And given the pre-mediation success with certain defense counsel, I

have accommodated requests even though it meant a longer than initially expected time to

resolve.  In addition, counsel for certain Persons requested mediation schedules substantially

longer than I desired, but I acquiesced to give said counsel time to exercise his discretion as to

how to best utilize the mediator and the mediation process.  And while I was initially frustrated

with this specific delay, I do not regret affording additional time based on the results, including

but not limited to, resolving in the last 4 weeks over 30 matters with the assistance of one

particular mediator.  There also has been delay in receiving, reviewing, investigating, and/or

analyzing information.   Unfortunately, given these delays, demand has been made on one

Person wherein I have not provided dates for a mediation in August but am willing to (a) mediate

before September 1, 2021, and/or (b) enter into an appropriate agreement that would allow for a

mediation in September and/or October.  And contrary to certain misrepresentations made by

another to this Court in recently filed pleadings, I have been ready and willing to mediate any

and all other matters before the expiration of the statutory deadline described below.  Others,

however, have been unavailable and/or asked to mediate in the Fall, with the former attorney

referenced in the objection filed at ECF No. 968  initially claiming unavailability until mid-

October, notwithstanding that both the selected mediator and I were available multiple dates in

August.  It was not until after the filing of the Motion to Amend that said former attorney

suddenly became available to mediate in mid-September (but apparently was still "unavailable"

to mediate on any of the numerous August dates).

   11.    Finally, in my business judgment, ULX Manager, LLC ("**ULX Manager**") is not

a party that was an intended beneficiary of the FAO Order and the procedures should not apply

to it.  During discovery, the defendants in the Adversary Proceeding (defined below) disclosed

that ULX Manager is the Managing Member of ULXP and is a 100% owned indirect subsidiary

of United Lex and was to be "managed, operated, and controlled by or under the direction" of the

Managing Member.  It has therefore received ample notice of this claim. Furthermore, ULX

Manager had a voice at a mediation through its sole parent - United Lex.

12.    Pursuant to 11 U.S.C. § 546, the statutory deadline to bring an action or

proceeding under §§ 544, 547, and/or 548 of the Bankruptcy Code is September 3, 2021, as is

the statutory deadline contained in § 108 (collectively, the "**Statutory Deadline**"). It was never

my intent, nor did I believe, that the FAO Order would reduce the Statutory Deadline.  The

language that I, through counsel, proposed in the FAO Order to address this, as well as other

items, was as follows: "No term of the Motion or this Order shall prohibit the Trustee from

seeking specific Court approval that the procedures shall not apply to any individual defendant. "

Your Honor accepted said language in connection with the entry of the FAO Order.  In the

exercise of my business judgement, I believe it is in the Estate's best interest for this Court to

determine that the procedures shall not apply to the Remaining Mediation Matters and ULX

Manager  but in so doing also allow flexibility for continued settlement discussions, including

but not limited to mediation procedures. As such, modifying the FAO Order will ensure that the

intent and basis for implementing the FAO Action Procedures remains intact while not

jeopardizing the value of Estate assets given the Statutory Deadline.  Accordingly, I respectfully

ask that this Court enter an Order as provided on Exhibit A attached hereto allowing the

modification of the FAO Actions Procedures.

13.    In connection with Motion to Authorize Disclosure, I respectfully request that the

Court enter an order (i) authorizing, but not requiring, disclosure of settlement materials on a

confidential basis pursuant to a certain protective order entered in this Case and (ii) establishing

procedures to preserve the Debtor's privilege in relation to third-party subpoenas.]. I, in the

exercise of my business judgment, maintain that the same is in the best interest of the Estate,  In

a declaration filed with this Court on May 26, 2021 [ECF No. 893], I previously represented to

this Court that

> I believe the ULX Objection is misplaced and really relates to the open discovery matters
> in the ongoing adversary proceeding against ULX/ULXP where it should be addressed.
> Said disputes are not currently before this Court, and I am hopeful that the parties will
> consensually resolve through the traditional meet and confer process in the context of the
> adversary proceeding.  But as in all litigation matters, I am confident this Court, if
> needed, will resolve any matter properly brought before the Court at the appropriate time
> in the context of  the adversary proceeding.

I also represented,   "I understand the requirement to address discovery disputes in good faith,

and maintain that the Estate has and continues to try to resolve all discovery disputes in good

faith." *Id.* The relief sought in the Motion to Authorize Disclosure is the result of my good faith

in trying to resolve said disputes.  In this instance, I believe that the settlement materials

requested by ULX/ULXP are not relevant and should therefore not be discoverable. However, to

avoid expending significant resources on this issue, I agree that the production of the settlement

materials within a reasonable search plan and with the consent of the settling party is within the

best interest of the Estate. In furtherance of protecting both the Estate and the settling parties, I

believe that the settlement material should be exchanged under a protective order approved by

this Court.  As such, I respectfully request that the Court grant the Motion to Authorize

Disclosure by entering the proposed order attached hereto as Exhibit B.

14.     Additionally, I respectfully request that this Court enter an Order granting the

Sealing Motion in Adversary Proceeding No. 20-03142 (ULX Partners, LLC, UnitedLex

Corporation). The FAO Order could create an expectation of confidentiality for some potential

defendants, and therefore I, in the exercise of my business judgment, maintain it is prudent to

treat such allegations in the proposed amended complaint as confidential until the Court rules on

the Second Motion to Modify Procedures and the Motion to Amend.  Contrary to baseless

allegations in recent pleadings filed with this Court, I have never willfully and intentionally

violated any Order of this Court.  To the contrary, I come to this Court with clean hands, having

used (and will continue to use) in the exercise of my business judgment  all reasonable means to

ensure compliance with your Honor's orders.

15.     Finally, the Motion to Amend in Adversary Proceeding No. 20-03142 (ULX

Partners, LLC, UnitedLex Corporation) (the "**Adversary Proceeding**") is based upon a valid

exercise of my business judgment, is in the best interests of the Estate, was filed as promptly as

possible, and was filed in good faith. Since filing the initial complaint in the Adversary

Proceeding, I, along with my counsel, have continued to investigate the misconduct of the ULX

Entities (as defined in the Motion to Amend) and certain of the Debtor's former officers and

directs. I have uncovered compelling evidence that supports adding the new defendants and new

claims in order to hold the defendants accountable for their substantial misappropriation and

receipt of value, which rightly belongs to LeClairRyan and its stakeholders.  While determining

whether adding the new claims to the initial complaint through an amended complaint is the

most efficient way to advance the litigation is certainly this Court's ultimate decision, I, in the

exercise of my business judgment, maintain it is in the best interest of the Estate to ask this Court

to make such a determination.  I perceive that the new claims arise from a scheme to manipulate

a law firm for  gain and benefit of others. This scheme was described in the initial complaint, and

the amended complaint drills down into all known aspects of the scheme that was more

encompassing and devious than initially discovered.   In my business judgment, any additional

resources or delay from the amended complaint will be less than the financial burden and

duplication and effort if I am unable to add additional parties to the complaint.   Moreover,

discovery is ongoing.  As such, the new claims will neither require the expenditure of additional,

significant resources nor cause any substantial delay to the case. In contrast,  there will be a

duplication of efforts and extra financial burden on the Estate if it is not able to file an amended

complaint. I respectfully submit that common questions of fact and legal issues in the existing

claims predominate in the new claims.  For the forgoing, I respectfully request that the Court

grant the Motion to Amend.

16.     To the best of my knowledge, information, and belief, I declare under penalty of

perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: August  18, 2021                    By: */s/ Lynn L. Tavenner*
      Richmond, Virginia                     Lynn L. Tavenner, Chapter 7 Trustee


Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: August 18, 2021                    By: */s/ Paula S. Beran*
      Richmond, Virginia                     Paula S. Beran, Esquire (VSB No. 34679)
                                    PBeran@TB-LawFirm.com
                                    Tavenner & Beran, PLC
                                    20 North 8th Street
                                    Richmond, Virginia 23219
                                    Telephone: (804) 783-8300
                                        *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 18th day of August 2021, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

*/s/     Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*