UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:

    LeClairRyan, PLLC,[1]

Debtor

Case No.
19-34574-KRH

Chapter 7

**TRUSTEE'S TENTH SUPPLEMENT TO HER MOTION FOR AUTHORITY
TO OPERATE CERTAIN ASPECTS OF THE DEBTOR'S BUSINESS
FOR A LIMITED PERIOD AND MEMORANDUM IN SUPPORT THEREOF**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files her tenth supplement (the "**Tenth Supplement**"), by counsel, to her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, which Operation Motion was filed pursuant to 11 U.S.C. §§ 363(b), (f), and 721, and Rules 2002, 4001, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**"). This Court granted the Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority**

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Order**"), ECF No. 155. Following entry of the Immediate Authority Order the Trustee, by counsel, filed additional supplements (ECF Nos. 165, 290, 359, 432, 535, 598, 710, 791, and 920, collectively, the "**Prior Supplements**") which this Court granted by entry of additional Orders (ECF Nos. 196, 313, 396, 452, 551, 619, 725, 805 and 955, collectively with the Immediate Authority Order, the "**Authority Orders**"). Consistent with the Operation Motion and the Authority Orders, this Tenth Supplement seeks authority to further continue to operate certain aspects of the Debtor's business for a limited period and, in support thereof, states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**"). Upon conversion, Lynn L.

Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

6. On the Conversion Date, the Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143. As indicated in the Cash Collateral Motion, the Lender agreed that the Trustee, on behalf of the Estate, may use under certain terms and conditions cash collateral to pay delineated expenses related to the Wind-down Operations (as hereafter defined). Thereafter, the Court granted the relief sought in the Cash Collateral Motion pursuant to (a) the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151; (b) *Chapter 7 Trustee's Second Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 USC §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 191; (c) *Chapter 7 Trustee's Third Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 255; (d) *Fourth Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection*, ECF No. 309; (e) *Fifth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 USC §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 339; (f) *Sixth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 USC §§ 361 and 363 and (II) Granting Adequate Protection and*

*Related Relief to Prepetition Senior Secured Lenders*, ECF No. 387; (g) *Seventh Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 453; (h) *Eighth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 550; (i) *Ninth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 USC §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 617; and (j) *Tenth Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363 and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 674.

## Relief Requested

7. In this Tenth Supplement, the Trustee requests authority to further continue to operate certain aspects of the Debtor's business through and including December 31, 2021.

8. As this Court is aware, as of the Conversion Date, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all requisite insurance (the "**Wind-**

down Operations"). The Wind-down Operations were performed by employees, independent contractors, consultants, and/or agents (collectively, the "**Wind-down Team**" and each a "**Member of the Wind-down Team**"). Before the Petition Date, the Debtor, through attorneys within its employ,[2] provided legal advice and related services (the "**Legal Services**") to numerous clients. After the Petition Date, the Debtor also may have provided limited Legal Services.

9. Since the Conversion Date, the Trustee has continued the Wind-down Operations (and where appropriate has utilized certain members of the Wind-down Team as independent contractors for the Estate) to effectuate an orderly liquidation pursuant to the Authority Orders. As such, the Trustee has:

 a. Worked with members of the Wind-down Team and the Lender in the reconciliation, resolution, and collection of accounts receivable, and as a result, known amounts due and owing to the Lender, were, with the exception of legal fees, completely satisfied.[3]

 b. Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, as well as implemented processes related to the same, and as a result, all of the files that were requested have been transferred, and the destruction process has continued.

---

[2] This "employment" characterization is simply used to describe the Debtor's business and is not intended to ascribe any type of legal connotation to the relation between the Debtor and any attorney that the Debtor held out to the public as a LeClairRyan attorney.

[3] Unfortunately, due to the action of third parties, said legal fees continue to accrue.

c. With the assistance of her professionals and members of the Wind-down Team, designed and implemented a process to address post-petition segregated funds related to client costs through her *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, ECF No. 34, as approved by Order of this Court, ECF No. 383. *See also List of Claims in Post-Petition Segregated Funds*, ECF No. 425. The Trustee, with the assistance of her professionals and members of the Wind-down Team, continues to assess the validity of claims filed in connection with such Court approved procedures.

d. The Trustee, with the assistance of her counsel, sought and obtained the employment of Foley & Lardner LLP ("**Foley**"), ECF No. 330, as special counsel. The former and current attorneys of Foley have aided the Trustee in her research in and investigation of potential preference, other avoidance actions and/or related causes of action and further assisted in the assertion of certain of those matters.

e. The Trustee, in her business judgment and in the best interest of the Estate, sought and obtained the employment of Quinn Emmanuel Urquhart & Sullivan, LLP ("**Quinn Emmanuel**"), ECF No. 908, as special counsel. Two of the attorneys of Quinn Emmanuel formerly worked closely with the Trustee regarding potential preference, other avoidance actions and/or related causes of action during their employment at Foley. The Trustee believed that it was in the best interest of the

    Estate for those attorneys to continue working on the matter, while also bringing on the expertise of experienced litigators at Quinn Emmanuel.

f. The Trustee, with the assistance of her counsel, filed her *Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"), ECF No. 343. The AR Procedures Motion was approved by Order (the "**AR Procedures Order**") of this Court, ECF No. 386. Pursuant to the authority granted the Trustee in the AR Procedures Order the Trustee has continued to seek the collection of outstanding accounts receivable owed the Estate and has commenced certain recovery actions to collect upon recalcitrant entities and individuals in her pursuit of turnover of valid and mature Estate assets and moved forward with respect to the same. While certain of those recovery actions have been resolved through settlement and judgment, the Trustee identified a subset of the remaining portfolio of accounts receivable, which, unfortunately, contained a large number of smaller balances owed from individuals and entities spread across the country (and in some instances internationally) (the "**Small Portfolio**"). After due diligence and pursuant to *Trustee's Motion For An Order Authorizing The Sale/Transfer Of The Estate's Interest In Designated Accounts Receivable And Memorandum In Support Thereof,* ECF No. 850, which was approved by Court Order at ECF No. 913, the Trustee worked with her professionals to finalize the sale of the Small Portfolio, which was consummated earlier this month. This sale will require various reconciliations in

the upcoming months. The Trustee, with the assistance of her counsel, also continues to work on the remaining AR in the portfolio.

g. The Trustee, with the assistance of her counsel, filed her *Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Persons Other Than Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**NFA Procedures Motion**"), ECF No. 343. The NFA Procedures Motion was approved by Order (the "**NFA Procedures Order**") of this Court, ECF No. 385. Pursuant to the authority granted the Trustee in the NFA Procedures Order the Trustee has continued to work with the attorneys of Foley and Quinn Emmanuel to research potential claims against persons and entities other than former attorneys of the Debtor and has made demand on a plethora on Persons (as said term is defined 11 U.S.C. § 101(41). In addition, the Trustee, by counsel, has filed additional adversary proceedings involving preference and other avoidance actions and continues to investigate and pursue other matters with the potential that one or more additional adversary proceedings may be filed.[4]

h. The Trustee, with the assistance of her counsel, filed her *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"), ECF No. 457. The FAO Procedures Motion was approved

---

[4] The Trustee has entered into tolling agreements with one or more persons.

by Order of this Court, ECF No. 533, and thereafter modified by Court Orders, ECF Nos. 929 and 982 (collectively, the "**FAO Procedures Order**"). Pursuant to the authority granted to the Trustee in the FAO Procedures Order, the Trustee made demand on numerous entities, moved forward with mediation, and recently initiated over forty-five lawsuits.

i. Addressed tax items/issues, including but not limited to (a) preparing and filing the 2019 tax returns as instructed by her professionals and (b) preparing and filing the 2020 tax returns with the assistance of her professionals. Also, with the assistance of her professionals and Wind-down team, the Trustee located certain of the information request by the IRS in conjunction with a 2018 IRS audit related to the Debtor's filing of a federal tax return for the portion of the calendar tax year where the Debtor operated as a Virginia professional corporation prior to its filing of Articles of Conversion with the State Corporation Commission of Virginia in early March 2018. In connection with the same, the Trustee, through counsel, filed *Motion For An Order Authorizing The Execution Of Notices Of Proposed Adjustments And Memorandum In Support Thereof* at ECF No. 914, seeking authority to execute the Notices of Proposed Adjustments requested by the IRS as based upon its findings from the 2018 audit. Said motion was granted by Court Order, ECF. No. 947.

j. Addressed items/issues related to retirement vehicles, including but not limited to having a 2018 and 2019 audit performed and in connection with the submission of 2018 and 2019 Form 5500 year. She also continues to address inquiries from former

    participants and to collect and assess data and other information related to the winding up of various vehicles and potential causes of action related thereto.

k. Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities and implemented processes related to the same.

l. Addressed operational issues including but not limited to those related to the exit from the remaining premises of the Debtor and ongoing operational infrastructure needs.

m. Addressed items related to disposition of other Estate assets.

n. Reviewed insurance items.

o. Addressed items related to the preservation of Estate assets.

p. Corresponded with numerous creditors and former members regarding the Case and addressed certain concerns or other inquiries raised by the same.

q. Investigated other potential Estate assets.

r. Provided periodic reports to the Court and the Office of the United States Trustee.

10. Neither the Trustee nor her professionals have engaged or will engage in any Legal Services on behalf of the Debtor.

11. Based on her efforts to date, the Trustee, in the exercise of her business judgment, believes it is in the best interest of the Estate to continue the Wind-down Operations.

WHEREFORE, the Trustee respectfully requests that the Court (A) enter an Order, in substantially the same form as Exhibit A attached hereto: (1) authorizing the Trustee to continue to conduct the Wind-down Operations; (2) setting a continued hearing(s); and (3) granting such

other and further relief as is just and appropriate under the circumstances; and (B) enter additional orders thereafter as subsequently requested by the Trustee.

        Respectfully submitted,

        **LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: September 16, 2021  
Richmond, Virginia

By: */s/ Paula S. Beran*  
Paula S. Beran, Esquire (VSB No. 34679)  
PBeran@TB-LawFirm.com  
Tavenner & Beran, PLC  
20 North 8th Street  
Richmond, Virginia 23219  
Telephone: (804) 783-8300  
Telecopier: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

Pursuant to the Authority Orders, I certify that on this 16th day of September 2021, a true copy of the foregoing Tenth Supplement was sent electronically to:

Kathryn R. Montgomery
Shannon F. Pecoraro
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                                                       /s/    *Paula S. Beran*
                                                       Paula S. Beran, Esquire
                                                       *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

### TENTH SUPPLEMENTAL ORDER AUTHORIZING TRUSTEE TO CONTINUE TO OPERATE CERTAIN ASPECTS OF DEBTOR'S BUSINESS FOR A LIMITED PERIOD

This matter came before the Court upon the *Motion for Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, and the Trustee's tenth supplement thereto (the "**Tenth Supplement**"). This Court granted the Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155. Following entry of the Immediate Authority Order the Trustee, by counsel, filed additional supplements (ECF Nos. 165, 290, 359, 432, 535, 598, 710, 791, and 920) which the Court granted by entry of additional Orders (ECF Nos. 196, 313, 396, 452, 551, 619, 725, 805 and 955, collectively with the Immediate Authority Order, the "**Authority Orders**"). Consistent with the Operation Motion and the Authority Orders, the Tenth Supplement seeks authority to further continue to operate certain aspects of the Debtor's business for a limited

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

period and, in support thereof.

IT APPEARING that the Court previously entered the Authority Orders finding that proper notice of the Operation Motion was given to all necessary parties under the circumstances; and that the relief sought in the Operation Motion was just and proper and in the best interest of the Estate; and

IT ALSO APPEARING THAT the relief sought in the Tenth Supplement is in the best interest of the Estate and supported by the business judgment of the Trustee; and that notice of the Tenth Supplement was proper pursuant to the Authority Orders; and for good cause shown, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Operations Motion, as modified by the Tenth Supplement is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Tenth Supplement.

3. The Trustee is authorized, pursuant to § 721 of the Bankruptcy Code, to continue to operate the Wind-down Operations until December 31, 2021, for the purpose of accomplishing tasks for an orderly liquidation of the Estate's assets and winding up the Estate's affairs in an efficient and effective manner.

4. The Trustee is hereby granted all necessary authority and permitted to take all requisite actions to effectuate the terms of this Order including but not limited to (a) paying the expenses of the Wind-down Operations consistent with any additional order entered granting the Cash Collateral Motion; and (b) utilizing any and all Members of the Wind-down Team consistent

with any additional order entered granting the Cash Collateral Motion.

5. Neither the Trustee nor her professionals shall have any obligation to provide Legal Services to any of the Debtor's former clients. Furthermore, in the context of this Case, neither the Trustee nor her professionals shall provide Legal Services to any of the Debtor's former clients.

6. To the extent the Trustee desires to hire any additional professional she shall do so under appropriate application and related order pursuant to 11 U.S.C. §§ 327 and 328, as necessary.

7. A continued final hearing on the Operations Motion shall be heard on December 21, 2021, at 11:00 a.m. To the extent the Trustee desires to continue to operate the specific aspects of the Debtor's former business, and therefore continue said hearing, she shall file an additional supplement on or before December 14, 2021. Any objection to the same shall be filed with this Court on or before December 17, 2021.

ENTERED:

_____
UNITED STATES BANKRUPTCY JUDGE

I ask for this:

_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

_____
Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304

Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

## Local Rule 9022-1 Certification

      I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

                                          *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Service List for Entered Order**

Kathryn R. Montgomery, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

4