**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this declaration in support of the (1) *Interim Application for Compensation for Quinn Emanuel Urquhart & Sullivan as Special Counsel*, [ECF No. 992]; (2) *Third Application for Compensation for CR3 Partners, LLC as Financial Advisor*, [ECF No. 1030]; and (3) *Fifth Application for Compensation for Tavenner & Beran, PLC as Counsel for the Chapter 7 Trustee/Estate*, [ECF No. 1032] (collectively, the "**Applications**" and each an "**Application**");

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

3. Additionally, I submit this declaration in support of (4) *Motion to Extend Time – Eighth Motion for Entry of Further Order Extending the Chapter 7 Trustees Time to Assume, Reject, And/Or Assign Certain Executory Contracts And/Or Leases of Personal Property Pursuant to 11 U.S.C. § 365(d)(1)* (the "**Eighth Lease Extension Motion**"), ECF No. 986; (5) *Statement – Trustee's Tenth Supplement to Her Motion for Authority to Operate Certain Aspects of the Debtors Business For a Limited Period and memorandum in Support Thereof* (the "**Tenth Supplement to Operate**"), ECF No. 1048; and (6) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A).

4. The statements in this Declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

5. I understand that the Court may award my professionals reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such firms based on the nature, extent, and value of the services rendered, time spent on such services, and the cost of comparable services other than in a bankruptcy case. I also understand that the Court may award reimbursement for actual, necessary expenses that benefit the Estate. I have reviewed the Applications, and the rates charged by my professionals are comparable to, if not less than, fees charged by other firms retained in similar capacities in comparable Chapter 7 cases. I have reviewed the Applications in the context of interim applications and I believe that the fees requested satisfy the lodestar factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d

246, 249 (4th Cir. 1981). I anticipate certain adjustments to future fee applications to address items in one or more of these interim Applications. Based on the same, I believe the amounts sought are consistent with the terms authorized by this Court. And, in the exercise of my business judgment, I maintain that the amounts should be approved on an interim basis as being in the best interest of the Estate.

6. The relief requested in the Eighth Lease Extension Motion is based upon a valid exercise of my business judgment and is in the best interests of the Estate. As indicated in the Eighth Lease Extension Motion, I have continued the Wind-down Operations pursuant to the authority granted by this Court. The extension of time requested in the Eighth Lease Extension Motion continues to preserve the existing status of the First, Second, Third, Fourth, Fifth, Sixth and Seventh Executory Contract Motions. The difficulty of locating contracts/agreements/documents/policies that have been referenced in other documents during my investigation makes it necessary to further extend the Assumption/Rejection Period. However, I am also continuing my investigation to determine the universe of the contracts and leases and to determine which of those that are necessary, if any, without inadvertently allowing necessary contracts or leases to terminate by operation of law. Until each lease of executory contract has been located and reviewed, it is premature to determine if the same should be assumed or rejected.

7. The relief requested in the Tenth Supplement to Operate is based upon a valid exercise of my business judgment and is in the best interests of the Estate. As indicated in the Tenth Supplement to Operate, pursuant to the Authority Orders, I have continued the Wind-down Operations. The Wind-down Operations were performed by employees, independent contractors, consultants, and/or agents (collectively, the "**Wind-down Team**" and each a "**Member of the**

**Wind-down Team**"). Before the Petition Date, the Debtor, through attorneys within its employ,[2] provided legal advice and related services (the "**Legal Services**") to numerous clients. After the Petition Date, the Debtor also may have provided limited Legal Services. Since the Conversion Date, I have continued the Wind-down Operations (and where appropriate have utilized certain members of the Wind-down Team as independent contractors for the Estate) to effectuate an orderly liquidation pursuant to the Authority Orders. As such, I have:

    a. Worked with members of the Wind-down Team and the Lender in the reconciliation, resolution, and collection of accounts receivable, and as a result, known amounts due and owing to the Lender, were, with the exception of legal fees, completely satisfied.[3]

    b. Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, as well as implemented processes related to the same, and as a result, all of the files that were requested have been transferred, and the destruction process has continued.

    c. With the assistance of my professionals and members of the Wind-down Team, designed and implemented a process to address post-petition segregated funds related to client costs through *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, ECF No. 34, as approved by Order of this Court,

---

[2] This "employment" characterization is simply used to describe the Debtor's business and is not intended to ascribe any type of legal connotation to the relation between the Debtor and any attorney that the Debtor held out to the public as a LeClairRyan attorney.

[3] Unfortunately, due to the action of third parties, said legal fees continue to accrue.

ECF No. 383. *See also List of Claims in Post-Petition Segregated Funds*, ECF No. 425. I, along with the assistance of my professionals and members of the Wind-down Team, continue to assess the validity of claims filed in connection with such Court approved procedures.

d. With the assistance of my counsel, sought and obtained the employment of Foley & Lardner LLP ("**Foley**"), ECF No. 330, as special counsel. The former and current attorneys of Foley have aided me in my research in and investigation of potential preference, other avoidance actions and/or related causes of action and further assisted in the assertion of certain of those matters.

e. In my business judgment and in the best interest of the Estate, sought and obtained the employment of Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"), ECF No. 908, as special counsel. Two of the attorneys of Quinn Emanuel formerly worked closely with me regarding potential preference, other avoidance actions and/or related causes of action during their employment at Foley. I believed that it was in the best interest of the Estate for those attorneys to continue working on the matter, while also bringing on the expertise of experienced litigators at Quinn Emanuel.

f. With the assistance of my counsel, filed my *Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"), ECF No. 343. The AR Procedures Motion was approved by Order (the "**AR Procedures Order**") of this Court, ECF No. 386. Pursuant to the authority granted in the AR Procedures Order I have continued to seek the collection of outstanding accounts receivable owed the

Estate and commenced certain recovery actions to collect upon recalcitrant entities and individuals in pursuit of turnover of valid and mature Estate assets and moved forward with respect to the same. While certain of those recovery actions have been resolved through settlement and judgment, I have identified a subset of the remaining portfolio of accounts receivable, which, unfortunately, contained a large number of smaller balances owed from individuals and entities spread across the country (and in some instances internationally) (the "**Small Portfolio**"). After due diligence and pursuant to *Trustee's Motion For An Order Authorizing The Sale/Transfer Of The Estate's Interest In Designated Accounts Receivable And Memorandum In Support Thereof,* ECF No. 850, which was approved by Court Order at ECF No. 913, I worked with my professionals to finalize the sale of the Small Portfolio, which was consummated earlier this month. This sale will require various reconciliations in the upcoming months. I, with the assistance of my counsel, also continue to work on the remaining AR in the portfolio.

g. With the assistance of counsel, filed *Motion for an Order Establishing Procedures Regarding the Prosecution of Avoidance Actions Involving Persons Other Than Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**NFA Procedures Motion**"), ECF No. 343. The NFA Procedures Motion was approved by Order (the "**NFA Procedures Order**") of this Court, ECF No. 385. Pursuant to the authority granted in the NFA Procedures Order I have continued to work with the attorneys of Foley and Quinn Emanuel to research potential claims against persons and entities other than former attorneys of the Debtor and made a demand on a plethora of Persons (as said term is defined 11 U.S.C. § 101(41). In

      addition, I, by counsel, filed additional adversary proceedings involving preference and other avoidance actions and continues to investigate and pursue other matters with the potential that one or more additional adversary proceedings may be filed.[4]

h. I, with the assistance of my counsel, filed *Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof* (the "**FAO Procedures Motion**"), ECF No. 457. The FAO Procedures Motion was approved by Order of this Court, ECF No. 533, and thereafter modified by Court Orders, ECF Nos. 929 and 982 (collectively, the "**FAO Procedures Order**"). Pursuant to the authority granted in the FAO Procedures Order, I made demands on numerous entities, moved forward with mediation, and recently initiated over forty-five lawsuits.

i. Addressed tax items/issues, including but not limited to (a) preparing and filing the 2019 tax returns as instructed by my professionals and (b) preparing and filing the 2020 tax returns with the assistance of my professionals. Also, with the assistance of my professionals and Wind-down team, I located certain of the information request by the IRS in conjunction with a 2018 IRS audit related to the Debtor's filing of a federal tax return for the portion of the calendar tax year where the Debtor operated as a Virginia professional corporation prior to its filing of Articles of Conversion with the State Corporation Commission of Virginia in early March 2018. In connection with the same, I, through counsel, filed *Motion For An Order Authorizing The Execution Of Notices Of Proposed Adjustments And Memorandum In Support Thereof* at ECF No. 914, seeking authority to execute the Notices of

---

[4] I have entered into tolling agreements with one or more Persons.

Proposed Adjustments requested by the IRS as based upon its findings from the 2018 audit.  Said motion was granted by Court Order, ECF. No. 947.

j.  Addressed items/issues related to retirement vehicles, including but not limited to having a 2018 and 2019 audit performed and in connection with the submission of 2018 and 2019 Form 5500 year. I also continued to address inquiries from former participants and to collect and assess data and other information related to the winding up of various vehicles and potential causes of action related thereto.

k.  Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities and implemented processes related to the same.

l.  Addressed operational issues including but not limited to those related to the exit from the remaining premises of the Debtor and ongoing operational infrastructure needs.

m.  Addressed items related to the disposition of other Estate assets.

n.  Reviewed insurance items.

o.  Addressed items related to the preservation of Estate assets.

p.  Corresponded with numerous creditors and former members regarding the Case and addressed certain concerns or other inquiries raised by the same.

q.  Investigated other potential Estate assets.

r.  Provided periodic reports to this Court and the Office of the United States Trustee.

8.  Neither myself nor my professionals have engaged or will engage in any Legal Services on behalf of the Debtor. Based on my efforts to date, I, in the exercise of my business judgment, believes it is in the best interest of the Estate to continue the Wind-down Operations

9. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: September 22, 2021　　　　By: */s/ Lynn L. Tavenner*
　　Richmond, Virginia　　　　　　　　　Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: September 22, 2021　　　　By: */s/ Paula S. Beran*
　　Richmond, Virginia　　　　　　　Paula S. Beran, Esquire (VSB No. 34679)
　　　　　　　　　　　　　　　　　PBeran@TB-LawFirm.com
　　　　　　　　　　　　　　　　　Tavenner & Beran, PLC
　　　　　　　　　　　　　　　　　20 North 8th Street
　　　　　　　　　　　　　　　　　Richmond, Virginia 23219
　　　　　　　　　　　　　　　　　Telephone: (804) 783-8300
　　　　　　　　　　　　　　　　　　　*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of September 2021, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

　　　　　　　　　　　　　　　　　*/s/　　Paula S. Beran*
　　　　　　　　　　　　　　　　　Paula S. Beran, Esquire
　　　　　　　　　　　　　　　　　*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*