# EXHIBIT A

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "**Agreement**") is made this 19th day of November, 2021, by and between Lynn L. Tavenner in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy case (the "**Bankruptcy Case**") of LeClairRyan PLLC on behalf of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC, which was formerly known as LeClair Ryan, P.C. (collectively, "**LeClairRyan**"), and Elizabeth Acee, Richard Bowerman, Paul Burleigh, John Cahill, Mark Dombroff, Niclas Ferland, Janice Grubin, Erik Gustafson, Chris Lange, Jason Medley, Lori Thompson, Karol Corbin Walker, Andrew Zappia, Joseph F. Lagrotteria, Bryan Couch, Jeffrey Alitz, Thomas Butler, Kevin Kenneally, David Freinberg, Michael Hern, Gary LeClair, Lisa Murphy, Stephen Romine, Katja H. Hill, Vernon E. Inge, Jr., and John Reilly (collectively, the "**Defendants**"), and Columbia Casualty Company ("**Columbia**"). The Trustee, the Defendants, and Columbia may be referred to hereinafter collectively as the "**Parties**."

## RECITALS

WHEREAS, on September 3, 2019 (the "**Petition Date**"), LeClairRyan filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-l532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, LeClairRyan operated as a debtor-in-possession;

WHEREAS, per agreement between LeClairRyan, the United States Trustee, and ABL Alliance, LLP, LeClairRyan's Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**");

WHEREAS, upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee;

WHEREAS, LeClairRyan's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, the Trustee has alleged civil and statutory claims against the Defendants including, without limitation, Management Wrongful Acts[1] or Interrelated Wrongful Acts, including statutory or common law breach of fiduciary duty, trade secrets, statutory and common law conspiracy, or unlawful distribution in violation of Va. Code Ann. §§ 13.1-653, 13.1-690, and 13.1–692 (the "**Covered Claims**") and additional claims under Chapter 5 of the Bankruptcy Code, under Virginia Code §55.1-400 or Va. Code §13.1-1035, or other similar state law claims, including but not limited to claims for unjust enrichment, conversion, and/or unlawful distributions received directly or indirectly to or for the benefit of any Defendant and/or Insured Person (as hereafter defined) (collectively, the "**Non-Covered Claims**"). The Trustee has demanded, asserted, and/or filed adversary proceedings in the Bankruptcy Court ("**Demands**") against certain

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Columbia Policy.

1

Defendants with respect to the Covered Claims and Non-Covered Claims, including Adversary Proceeding Nos. 21-03069, 21-03070, 21-03071, 21-03078, 21-03079, 21-03080, 21-03081, 21-03082, 21-03083, 21-03084, 21-03085, 21-03086, 21-03087, 21-03088, 21-03089, 21-03090, 21-03091, 21-03092, and 20-03142  (collectively, the "**Adversary Proceedings**");

WHEREAS, Columbia and the Defendants assert that the Defendants are "Insured Persons" under Management Liability Policy Number 596749072 (the "**Columbia Policy**") issued to LeClairRyan by Columbia;

WHEREAS, the Trustee, Defendants, and Columbia participated in an informal settlement conference on November 16, 2021 (the "**Settlement Conference**");

WHEREAS, after extensive negotiations, through their respective counsel, the Trustee, the Defendants, and Columbia seek to fully and finally resolve the Covered Claims on the terms set forth herein without admission of liability; and

WHEREAS, the Trustee, the Defendants, and Columbia have negotiated and reached this Agreement in good faith.

## THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual releases set forth herein and the payment of certain sums provided herein by Columbia to the Trustee and the Defendants, which the Trustee, the Defendants and Columbia agree is good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1. **Court Approval.**  Upon execution of this Agreement, the Trustee shall file a motion in form and substance reasonably acceptable to the Defendants and Columbia seeking Bankruptcy Court approval of this Agreement pursuant to the *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise FAO Action* [Docket No. 533] (the "**FAO Order**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "**9019 Motion**").  The Defendants and Columbia agree to reasonably cooperate with the Trustee in obtaining approval of this Agreement.  The 9019 Motion will relate solely to Covered Claims. To the extent any resolution is reached between the Trustee and any individual Defendant as to Non-Covered Claims, such resolution will be subject to a separate approval process provided by the FAO Order and will occur on a defendant-by-defendant basis. The Trustee shall file the 9019 Motion no later than November 19, 2021, and request a hearing on or before November 30, 2021.

2. **Settlement Payment.**  Columbia shall pay $9,475,000 (nine million four hundred seventy-five thousand dollars) to Lynn L. Tavenner, Trustee of the Estate of LeClairRyan (the "**Payment**"), in full satisfaction of the Covered Claims.  Said Payment shall be made after the Effective Date (as hereafter defined), but no later than January 28, 2022.  If, however, the 9019

2

Order (as hereafter defined) is not entered on or before January 18, 2022, then the Payment will be made no later than ten (10) calendar days after entry of the 9019 Order.[2]

3.     **Payment of Claim Expenses.**  Columbia shall not pay more than $525,000 (five hundred twenty-five thousand dollars) in total Claim Expenses, as that term is defined in the Columbia Policy (the "**Claim Expenses Payments**").  All Claim Expenses shall be approved and paid by Columbia in accordance with the Columbia Policy, and Columbia agrees to use good faith in reviewing the invoices submitted to determine if they constitute covered Claim Expenses.  Prior to the payment of any Claim Expenses, Columbia shall submit supporting documentation to the Trustee for review and consultation, and, within seven (7) business days, the Trustee may review such documentation and consult with Columbia regarding the Claim Expenses; provided, however, that the Trustee shall not have consent or veto rights with respect to payment of any Claim Expenses.  Columbia has the sole discretion to determine approved Claim Expenses and pay the Claim Expenses pursuant to and in accordance with this Agreement and the Columbia Policy.  The Parties reserve all rights to object to any of the Claim Expenses that are not paid in accordance with the Columbia Policy and/or this Agreement. To the extent that the Claim Expenses of Defendants represented by Fox Rothschild LLP, the Zemanian Law Group, Cole Schotz P.C., Wolff & Orenstein, LLC (but solely with respect to fees and costs specific to Thomas Butler), McGuire Woods, and Venable are less than $525,000, Columbia shall distribute the remainder to the law firms representing the Defendants not identified previously in this sentence on a pro rata basis based on the invoices submitted and approved by Columbia on account of work on Covered Claims. The Claim Expenses Payments shall only be made simultaneously with or after the Payment to the Trustee as set forth in paragraph 2 above.  In no event shall Columbia be required to pay more than $525,000 for amounts under this paragraph.

4.     **Effectiveness.**  This Agreement shall be effective only upon entry of a final and non-appealable order (the "**9019 Order**") by the Bankruptcy Court approving the terms and conditions of the Agreement as set forth in the 9019 Motion (the "**Effective Date**").  The proposed 9019 Order submitted with the 9019 Motion shall include language authorizing Columbia to make the Payment and the Claim Expenses Payments from the limit of liability of the Columbia Policy, and shall state that the Payment and Claim Expenses Payments will exhaust the entire aggregate limit of liability under the Columbia Policy.  The proposed 9019 Order shall further state that after making the Payment and Claim Expenses Payments, Columbia has no further obligations under the Columbia Policy.

5.     **Release by Trustee of Defendants and Other Insured Persons.**  In exchange for the consideration reflected in this Agreement and upon receipt of the Payment, the Trustee, on behalf of herself, the Estate, and LeClairRyan, except as otherwise set forth in this Agreement, and solely as to Covered Claims, hereby releases and forever discharges (a) the Defendants, (b) each of the Defendants' family members, relatives, agents, officers, consultants, insurers, employees,

---

[2]     The Payment shall be sent via ACH transfer pursuant to the wire instructions to be provided separately by counsel for the Trustee to counsel for Columbia. The Trustee must provide Columbia with wire instructions, a W-9 for payee, and verbal confirmation of wire instructions on or before December 15, 2021.

3

attorneys, accountants, financial advisors, and representatives of any kind, and heirs (collectively, the "**Defendants' Released Affiliates**"), and (c) other Insured Persons[3] (collectively with the Defendants and the Defendants' Released Affiliates, the "**Releasees**") from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that LeClairRyan, the Estate, and/or the Trustee has made, could have made, and/or is able to make against any of the Releasees for all Covered Claims, as those claims are defined above, regardless of whether or not said Covered Claims exceed the coverage or benefits under the Columbia Policy. Nothing in this Agreement shall be deemed a waiver, release or discharge by the Trustee of any claims, rights, or actions that the Trustee, on behalf of the Estate, or the Defendants may have against any other former attorney, advisor, consultant, agent, employee, director, owner, member or officer of LeClairRyan who is not an Insured Person.

For the avoidance of doubt, nothing in this Agreement shall be deemed a waiver, release or discharge by the Trustee of the Defendants or the Defendants' Released Affiliates, in part or in whole, as to Non-Covered Claims. Further, Defendants' Released Affiliates shall not include any defendant named in any other pending action brought by the Trustee or any of those defendants' family members, relatives, agents, officers, consultants, insurers, employees, attorneys, accountants, financial advisors, and representatives of any kind, and heirs, including but not limited to ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation, CVC Capital Partners, Daniel Reed, Nicholas Hinton, and/or P. Douglas Benson.

**6.     Release by Defendants of Trustee.** In exchange for the consideration reflected in this Agreement and upon the Trustee's receipt of the Payment, the Defendants and Insured Persons hereby release and forever discharge (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, attorneys, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, that the Defendants made, could have made, and/or are able to make against the Trustee, the Estate, and/or the Trustee's Released Affiliates for relying on Management Wrongful Acts, and for asserting, pursuing, settling, and/or releasing any of the Covered Claims.

Notwithstanding anything in this Agreement to the contrary (or to the extent not otherwise released by the Trustee or the Defendants in a separate agreement), to the extent the Trustee has asserted, is pursuing, or may assert or pursue a Non-Covered Claim against any Defendant or Insured Person, nothing in this Agreement shall preclude or act as a bar against such Defendant or Insured Person from asserting, solely in response to such Non-Covered Claim, any applicable counterclaim, third-party claim, defense, setoff right or affirmative defense to the Non-Covered Claim. Further, nothing in this Agreement shall be deemed a release of any such third-party claim, setoff right or affirmative defense to the Non-Covered Claim. In addition, nothing in this

---

[3] For sake of clarity, this definition of "Insured Persons" includes Janice Bowen, Everette Allen, Jennifer Mistal, Charles Osthimer, Patricia Peden, Thomas Regan, Robert Reklaitis, Josh Rosenfeld, Jeffrey O'Hara, and George Whitley, but is without prejudice to whether this person constitutes an "Insured Person" as defined in the Columbia Policy.

Agreement shall be deemed a waiver of any timely filed proof of claim or claim under 11 U.S.C. § 502(h) by any Defendant or a waiver of any objections to said proof of claim or claim under 11 U.S.C. § 502(h) that has or may be raised by the Trustee.

7.      **Defendants' Covenant Not to Sue Defendants**.  The Defendants hereby covenant and agree that they will not assert any claims against any of the other Defendants (as defined herein) arising out or related to the Covered Claims or Non-Covered Claims.

8.      **Release by Trustee and Defendants of Columbia.**  In exchange for the consideration reflected in this Agreement and upon the Trustee's receipt of the Payment (and as to Defendants only, upon receipt of the Claim Expense Payments in accordance with paragraph 3 above), the Trustee and Defendants hereby discharge and release Columbia and its respective affiliates, parents, subsidiaries, predecessors, successors, agents, officers, directors, employees, attorneys, reinsurers, representatives and agents, heirs, beneficiaries, and assigns and any person acting on its behalf from any and all claims, actions, causes of action, rights or obligations, whether known or unknown, whether contingent or liquidated, of every kind, nature and description that they now have or may have arising out of, related to, based upon, by reason of, or in any way involving any and all claims for coverage or insurance benefits that were made or could have been made under the Columbia Policy, including any claim for misrepresentation, fraud, indemnity, contribution, breach of contract, breach of duty, negligence, "bad faith," violation of statute or regulation, unfair claims handling, attorneys' fees, or damages of any kind whatsoever arising out of or relating to the Columbia Policy or any request for coverage or benefits under the Columbia Policy.  The Trustee and Defendants acknowledge that, when the Payment and Claim Expenses Payments are made, the entire aggregate limit of liability of the Columbia Policy is exhausted and Columbia has no further obligations under the Columbia Policy.

9.      **Contribution Bar.**  The Parties agree that the proposed 9019 Order shall include findings that the releases contained in the 9019 Order and this Agreement were given in good faith as defined in Virginia Code Section 8.01-35.1, and the Defendants shall be entitled to all of the applicable protections of Virginia Code Section 8.01-35.1 (the "**Contribution Bar**").  The Parties further agree that this Agreement is conditioned upon the good faith finding as defined in Virginia Code Section 8.01-35.1.  Furthermore, the Trustee will use reasonable efforts in seeking to obtain Bankruptcy Court approval of the following provisions in the 9019 Order, although such approval is not a condition to this Agreement:

> The Trustee has demonstrated that the releases, bar order, and protections contemplated by the Settlement Agreement are proper in scope and are either consensual or apply only to claims or causes of action that are either: (i) property of the Estate; or (ii) derivative of a right assertable by, or belonging to, the Debtor or Trustee.

> Upon the receipt of the Payment, all persons and entities are enjoined and barred from commencing or continuing any and all past, present or future claims and from asserting any and all allegations of liability or damages, of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, whether or not based

5

on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), against the Defendants and other Insured Persons, and their successors, advisors, attorneys, and insurers, including but not limited to Columbia, solely in their capacity as such (collectively, the "**Contribution Releasees**") based on the Covered Claims.

To the extent that any person ("**Petitioner**") commences any action against any of the Contribution Releasees either (a) asserting a claim that is based on the Covered Claims and where the alleged injury to such person arises from that person's alleged liability to the Debtor or (b) seeking contribution or indemnity for any liability or expenses incurred in connection with a Covered Claim, and if such action or claim is not barred by a court pursuant to this Order, neither this Order nor the Settlement Agreement shall bar claims by the Contribution Releasee against (x) such Petitioner, (y) any person who is or was controlled by, controlling, or under common control with the Petitioner, whose assets or estate are or were controlled, represented, or administered by the Petitioner, or as to whose claims the Petitioner has succeeded, and (z) any person that participated with any of the preceding persons described in items (a) and (b) of this paragraph in connection with the assertion of the Claim brought against the Releasee(s).

Notwithstanding anything contained in this Agreement, the injunction and bar order set forth above are limited in purpose, scope, and effect and is not a third-party "bankruptcy discharge." It is not a release of direct third-party claims, except to the extent such claims were property of the Estate and derivative of the Debtor's right or (i) asserted against Contribution Releasees by any person based on theories of joint and several liability; or (ii) for set-off, indemnity, contribution, or apportionment of liability under Virginia Code Section 8.01-35.1 or other applicable law.

**10.    Dismissal.**  Within ten (10) calendar days of receipt of Payment, the Trustee shall file all necessary pleadings to effectuate the dismissal with prejudice of Covered Claims in each of the Adversary Proceedings in accordance with this Agreement.

**11.    Predecessors, Successors, and Assigns.**  All persons or business entities granting releases hereby include any predecessor in interest or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

**12.    Understanding and Counsel.**  The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and right (provided, however, the Trustee's authority is subject to the approval referenced in paragraph 1 herein) to grant the releases expressed in this Agreement and to bind the parties in all respects to this Agreement.

6

**13.    Legal Fees and Costs.**  Except as otherwise set forth in this Agreement, each of the Parties shall pay its own respective costs and attorneys' fees incurred or to be incurred with respect to the Demands, Covered Claims, and Non-Covered Claims, including but not limited to those incurred in connection with this Agreement, settlement conferences, mediation, and/or attendance at any hearing in connection with this Bankruptcy Case or any related adversary proceedings.

**14.    Entire Agreement.**  This Agreement constitutes the entire agreement with respect to the subject matter addressed in this Agreement and supersedes any prior written and/or verbal agreements between the Parties.

**15.    Amendments.**  This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

**16.    Headings.**  All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

**17.    Construction.**  As used in this Agreement, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

**18.    Waiver and Modification.**  The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise any option contained in this Agreement, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.  Further, nothing in this Agreement shall be deemed to be a release of the Trustee, Defendants, and/or Columbia for their breach of any terms and conditions of this Agreement.

**19.    Jurisdiction.**  By this Agreement, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement.

**20.    Counterparts and Electronic Signatures.**  This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if all of the Parties had signed one document. This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

**21.    Survival.**  In the event any provision of this Agreement should be held to be void, voidable, unlawful, or for any reason unenforceable, the remaining portions hereto shall remain in full force and effect.

**22.    Further Necessary Actions.**  To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

**23.     Actions to Enforce.**  Should any action be brought by one of the Parties to enforce any provision of this Agreement, the non-prevailing party to such action shall reimburse the prevailing party for all reasonable attorneys' fees and court costs and other expenses incurred by the prevailing party in said action to enforce.

**24.     Applicable Law.**  This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

**25.     No Admission of Liability**.  Each of the Parties understands and acknowledges that this Agreement constitutes a compromise and settlement of the Covered Claims as described in this Agreement.  No action taken by any of the Parties hereto, either previously or in connection with this Agreement, shall be deemed or construed to be an admission of the truth or falsity of any Covered Claims, Non-Covered Claims, or other potential claims or an acknowledgment or admission by any Party of any fault, wrongdoing or liability by such Party and/or any of its affiliates, employees, agents or representatives, and the Agreement will not be offered or used for any of these purposes.

**[THIS PAGE IS INTENTIONALLY LEFT BLANK.  SIGNATURE PAGES TO FOLLOW]**

The Parties hereby knowingly and voluntarily enter into this Agreement as of the date set forth below.

**LYNN L. TAVENNER, in her capacity as trustee of the Estate of LeClairRyan PLLC**

_____     Date: _____
Lynn L. Tavenner

**COLUMBIA CASUALTY COMPANY**

_____     Date: _____
By:
Name:
Its:

**ELIZABETH ACEE**

_____

**RICHARD BOWERMAN**

_____

**PAUL BURLEIGH**

_____

**JOHN CAHILL**

_____

**MARK DOMBROFF**

_____

9

**NICLAS FERLAND**

_____


**JANICE GRUBIN**

_____


**ERIK GUSTAFSON**

_____


**CHRIS LANGE**

_____


**JASON MEDLEY**

_____


**LORI THOMPSON**

_____


**KAROL CORBIN WALKER**

_____


**ANDREW ZAPPIA**

_____


**JOSEPH F. LAGROTTERIA**

_____

**BRYAN COUCH**

_____

**JEFFREY ALITZ**

_____

**THOMAS BUTLER**

_____

**KEVIN KENNEALLY**

_____

**DAVID FREINBERG**

_____

**MICHAEL HERN**

_____

**GARY LECLAIR**

_____

**LISA MURPHY**

_____

**STEPHEN ROMINE**

_____

**KATJA H. HILL**

_____


**VERNON E. INGE, JR.**

_____


**JOHN REILLY**

_____