**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>　　　LeClairRyan, PLLC,[1]<br><br>　　　　　Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

# DECLARATION OF LYNN L. TAVENNER, TRUSTEE

　　　I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**" and/or the "**Company**"), in the above- referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

　　　1.　　I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

　　　2.　　I submit this declaration in support of the matters on the Proposed Hearing Agenda filed at ECF No. 1111, which matters are (a) Motion to Expedite Hearing on Trustee's Motion (the "**Motion to Expedite**")  and (b)  Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**9091 Motion**", together with the Motion to Expedite,

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

the "**Motions**"). Unless otherwise defined herein, capitalized terms shall have the meaning ascribed in the 9019 Motion.

3. The statements in this Declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4. The relief requested in the Motions is based upon a valid exercise of my business judgment and is in the best interests of the Estate.

5. As part of my administration of this Estate and as I began investigating causes of action, I determined in the exercise of my business judgment that it was in the best interest of the Estate to request that this Court establish procedures for prosecuting and/or settling matters. As such, I, through counsel, proposed to this Court certain procedures, including but not limited to those in my Motion for an Order Establishing Procedures Regarding the Prosecution of Actions Involving Former Attorneys and Certain Others and Memorandum in Support Thereof (the "**FAO Procedures Motion**"), which were approved by three orders of this Court (collectively, the "**FAO Order**").

6. Pursuant to the procedures established by the FAO Order, I alleged certain civil and statutory claims against the Defendants (collectively, the "**Claims**"). Thereafter, certain of the Defendants and their counsel engaged in settlement discussions and entered into tolling agreements. For other Defendants, I filed complaints in various adversary proceedings, including the Adversary Proceedings.

7. I asserted Claims that included (a) civil and statutory claims against the Defendants including, without limitation, Management Wrongful Acts or Interrelated Wrongful Acts,

2

including statutory or common law breach of fiduciary duty, trade secrets, statutory and common law conspiracy, or unlawful distribution in violation of Va. Code Ann. §§ 13.1-653, 13.1-690, and 13.1–692 (the "**Covered Claims**") and (b) additional claims under Chapter 5 of the Bankruptcy Code, under Virginia Code §55.1-400 or Va. Code §13.1-1035, or other similar state law claims, including but not limited to claims for unjust enrichment, conversion, and/or unlawful distributions received directly or indirectly to or for the benefit of any Defendant and/or Insured Person (collectively, the "**Non-Covered Claims**").

8.  After I asserted Claims, I was informed that certain individuals sought coverage under a particular insurance policy. Specifically, prior to the Petition Date, Columbia issued a Management Liability Policy to LeClairRyan, Policy Number 596749072 (as modified by Runoff Endorsement No. 10) with a liability limit of $10,000,000 (the "**Columbia Policy**"). LeClair Ryan is the named insured under the Columbia Policy and holds direct claims against it as well. The Columbia Policy also provides coverage to individuals on account of certain claims. The Columbia Policy is a waning policy, and any claim expenses paid from the policy reduce amounts that could otherwise be available for the benefit of the Estate. I, through counsel, had previously provided a Notice of Claim/Circumstances to Columbia and preserved the Estate's interest in the Columbia Policy.

9.  On May 7, 2021, Columbia filed a Motion for Relief From the Automatic Stay (the "**Motion for Relief From Stay**"), seeking relief to permit it to advance claim expenses ("**Claim Expenses**"). I, through counsel, filed a Limited Objection to the Motion for Relief from the Automatic Stay (the "**Limited Objection**"), asserting that the Estate had an interest in the proceeds of the Columbia Policy and arguing that the form of Order on the Motion for Relief should not decide the legal issue but rather preserve the rights of all parties with respect thereto

3

and provide for an orderly mechanism for the limited, reasonable payment of a small portion of the Columbia Policy proceeds with a reporting process so that this Court and I (along with requisite interested parties) could monitor the remaining, available proceeds. After significant negotiations with Columbia, this Court entered a "Consent Order Granting Relief From the Automatic Stay and Establishing Procedures for Access to Proceeds of Insurance Policy" (the "**Consent Order**"). Among other things, the Consent Order provided that Columbia could advance certain Claim Expenses to Insured Persons up to and not to exceed $1,000,000 (subject to a full reservation of Columbia's rights, remedies, and defenses for the defense of the Insured Persons) and that I, on behalf of the Estate, had certain rights to object to the advancements of Claim Expenses.

10. The Consent Order also required that I be provided updates with amounts being sought for Claim Expenses. Upon receiving these updates, I determined that it was in the Estate's best interest to take additional steps to protect and preserve the Columbia Policy for the benefit of the Estate. As such, I suggested and encouraged global settlement discussions with all requisite parties in the same physical and/or virtual room. Although it is unclear to me who constitutes an Insured Person under the Columbia Policy, Columbia and the Defendants assert that the Defendants are "Insured Persons." Given the same, I determined in the exercise of my business judgement that it was in the best interest of the Estate to invite all Defendants to any global settlement meeting.

11. On November 16, 2021, I, the Defendants, and Columbia (along with respective counsel) participated in an all-day settlement conference (the "**Settlement Conference**").

12. Based on these extensive negotiations, I, the Defendants, and Columbia seek to fully and finally resolve the Covered Claims on the terms (the "**Settlement**") set forth in the Settlement Agreement attached as Exhibit A to the 9019 Motion.

13. While parties should review the Settlement Agreement for the specific terms of the Settlement, I perceive the following as the salient terms of the Settlement:

- Columbia shall pay the Estate $9,475,000 (nine million four hundred seventy-five thousand dollars) in full satisfaction of the Covered Claims (the "**Payment**").
- In addition, Columbia shall pay not more than $525,000 (five hundred twenty-five thousand dollars) in total Claim Expenses in accordance with the Columbia Policy. Certain Defendants waived the right to seek defense costs from the Columbia Policy, which preserves a greater recovery for the Estate. Columbia will use good faith in reviewing the invoices submitted to determine if they constitute covered Claim Expenses. I will review such documentation and consult with Columbia regarding the Claim Expenses.
- I, on behalf of the Estate, will release Defendants and other Insured Persons (and other related Persons (as said term is defined 11 U.S.C. § 101(41) ) solely as it relates to Covered Claims, regardless of whether or not said Covered Claims exceed the coverage or benefits of the Columbia Policy. It is important to note that I am not releasing as part of the Settlement any of the Defendants and/or Insured Person, in part or in whole, as to Non-Covered Claims.
- The Defendants and the Insured Persons will release me and the Estate (and other related Persons) for claims that the Defendants made, could have made, or are able to make for relying on Management Wrongful Acts, and for asserting, pursuing, settling, and/or releasing any of the Covered Claims.
- I, on behalf of the Estate, and the Defendants will release Columbia for any and all claims for coverage or insurance benefits that could have been made under the Columbia Policy.
- The proposed order granting the 9019 Motion includes findings that the releases were given in good faith as defined in Virginia Code Section 8.01-35.1, and the Defendants shall be entitled to all of the applicable protections of Virginia Code Section 8.01-35.1. The specific form of order ultimately rests with this Court and I would never intentionally attempt to usurp this Court's authority; as such I merely agreed that the proposed order would contain the requested language. The Settlement is conditioned upon the good faith finding as defined in Virginia Code Section 8.01-35.1. ; and
- Upon this Court's approval and my receipt of the Payment, all Persons will be enjoined in a narrowly tailored, limited in purpose, scope and effect (the "**Contribution Bar**").

14. I, in the exercise of my business judgment and in consultation with my professionals, believe that the Settlement (a) is fair and equitable and in the best interests of the Estate and (b) results in maximum value to the Estate.

15. Resolution of the Covered Claims will significantly reduce administrative fees and costs for the Estate by eliminating time-consuming and expensive litigation with more than twenty-five Defendants with respect to Covered Claims. Before commencing the Settlement Conference, I conducted due diligence on the enforcement and ultimate collectability of potential judgments against the Defendants and determined, among other things, that proceeds from the Columbia Policy were the best source of payment to compensate the Estate for damages caused by the Defendants for the Covered Claims, even if it meant releasing significant Claims against the Defendants for damages that would exceed the limits of the Columbia Policy. Moreover, Non-Covered Claims against the Defendants are not included in the Settlement and therefore I may, if successful on the Non-Covered Claims, recover additional sums from these Defendants. Furthermore, I also insisted upon a specific mechanism to ensure that all Claim Expenses are paid pursuant to and in accordance with the Settlement Agreement and the Columbia Policy, consistent with the Estate's rights under this Court's Consent Order.

16. I insisted that the Contribution Bar, if any, be narrowly tailored, limited in purpose, scope and effect, and not a third-party "bankruptcy discharge." Furthermore, I required that the Contribution Bar, if any, not release direct third-party claims, except to the extent such claims were property of the Estate and derivative of the Debtor's right or (i) asserted against Contribution Releasees (as that term is defined by the Settlement Agreement) by any person based on theories of joint and several liability; or (ii) for set-off, indemnity, contribution, or apportionment of liability under Virginia Code Section 8.01-35.1 or other applicable law. I also insisted that other releases benefit the Estate. For example, if any Defendant engaged in a Management Wrongful Act (such as actual or alleged error, misstatement, misleading statement, act or omission) and

thereafter an Estate representative relied on the same, it is not beneficial to the Estate to release that Defendant for causing an issue but then allow the Defendant to seek recovery from the Estate and/or Estate representatives. As such, the release includes reliance on a Management Wrongful Act.

17. The Settlement was the result of extensive, arms-length negotiations. I proceed in good faith, and I perceive that all others acted in good faith. Neither the Settlement Agreement nor any of the negotiations leading to any portion of the Settlement were collusive.

18. One of the Defendants is Gary D. LeClair ("**Mr. LeClair**"), who, is a defendant in the First Amended Complaint ("**UnitedLex Amended Complaint**") filed against ULX Partners, LLC, ULX Manager LLC, UnitedLex Corporation and Gary LeClair on August 25, 202 in Adversary Proceeding 20-03142 (the "**UnitedLex Adversary Proceeding**"). As this Court is aware, the UnitedLex Adversary Proceeding is scheduled for a lengthy trial, beginning in April 2022. To avoid additional, significant expenses related to that litigation, I and Mr. LeClair desire for the Motion to be heard as soon as possible. For example, discovery in the matter is in full swing, including but not limited to responses to interrogatories and requests for admission due soon or the subject to ongoing negotiations, and depositions already scheduled starting November 30. To avoid additional, significant expenses related to extensive discovery that would ultimately be unnecessary if this Court approves the Settlement Agreement, I maintain, in the exercise of my business judgement, that it is in the best interest of the Estate for the 9019 Motion to be heard as soon as possible.

19. Similarly, matters involving other Defendants have upcoming deadlines, and the Estate would save resources if the 9019 Motion was heard as soon as possible. As such, I

7

maintain, in the exercise of my business judgement, that it is in the best interest of the Estate for the 9019 Motion to be heard as soon as possible

20. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: November 28, 2021       By: */s/ Lynn L. Tavenner*
    Richmond, Virginia          Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: November 28, 2021      By: */s/ Paula S. Beran*
    Richmond, Virginia          Paula S. Beran, Esquire (VSB No. 34679)
                                  PBeran@TB-LawFirm.com
                                  Tavenner & Beran, PLC
                                  20 North 8th Street
                                  Richmond, Virginia 23219
                                  Telephone: (804) 783-8300
                                      *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on this 28th day of November 2021, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                                    */s/    Paula S.Beran*
                                    Paula S. Beran, Esquire
                                    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*