**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**FOURTH INTERIM APPLICATION OF CR3 PARTNERS, LLC
FOR ALLOWANCE OF COMPENSATION AND EXPENSE REIMBURSEMENT
AS  FINANCIAL ADVISOR FOR THE CHAPTER 7 ESTATE**

CR3 Partners, LLC ("**CR3**"), financial advisor for Lynn L. Tavenner, Chapter 7 Trustee and not individually but solely in her capacity as the Chapter 7 Trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**") submits, through the Trustee's counsel, this Third Interim Application for Allowance of Compensation and Expense Reimbursement as Financial Advisor for the Chapter 7 Estate (the "**Application**") pursuant to 11 U.S.C. §§ 330, 331 and 503(b) and Rule 2016 of the Federal Rules of Bankruptcy Procedure. In this Application, CR3 seeks approval of fees in the amount of $28,917.00 for the period of August 1, 2021 through October 31, 2021 (the "**Application Period**").  However, in an effort to assist the Trustee in reducing administrative expenses of the Estate, CR3 Partners is voluntarily reducing its fees by 5%, or $1,445.85.  CR3, therefore, seeks compensation of fees of $27,471.15.  In support of this Application, CR3 respectfully represents the following:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

## BACKGROUND

1. On September 3, 2019, LeClairRyan filed for relief pursuant to Chapter 11 of the Bankruptcy Code in this Court and, thereafter, on or about October 4, 2019, an order was entered converting the case to a case pending under Chapter 7.

2. On October 4, 2019, the Court entered the Order of Conversion of Chapter 11 to Chapter 7 [Doc. No. 140]. Upon conversion, the Trustee was appointed interim trustee and continues to serve as Trustee in this case.

3. On August 24, 2020, the Trustee filed an application to employ CR3 as financial advisor in connection with activities traditionally undertaken in Chapter 7 Estates including but not limited to reviewing, quantifying, and analyzing (a) claims against the Estate and (b) financial transactions related to certain accounts, disbursements, transfers, and investments of the Debtor. The Trustee anticipated she would also likely need (a) other litigation support services, including expert report preparation, deposition, and trial testimony with respect to potential recovery actions and (b) CR3 to provide such other financial services as may be required by additional issues and developments not known as of the date of the Application, as requested by the Trustee (directly and/or through her counsel) nunc *pro tunc* to August 18, 2020 (the "**Employment Application**"). On September 1, 2020, this Court entered an order approving the Employment Application (the "**Employment Order**") [Doc. No. 616].

4. On January 7, 2021, CR3 filed through the Trustee's counsel its *First Interim Application of CR3 Partners, LLC for Allowance of Compensation and Expense Reimbursement as Financial Advisor for the Chapter 7 Estate* (the "**First Fee Application**") wherein CR3 requested interim approval of compensation in the amount of $214,844.88 and expense reimbursement of $53.70 for the period August 18, 2020 through November 30, 2020 [Doc. No. 734]. The First Fee Application was granted by entry of the Court's *Order Granting First*

*Interim Application for Compensation* [Doc. No. 771] on February 5, 2021 and has been paid in full.

5. On May 6, 2021, CR3 filed through the Trustee's counsel its *Second Interim Application of CR3 Partners, LLC for Allowance of Compensation and Expense Reimbursement as Financial Advisor for the Chapter 7 Estate* (the "**Second Fee Application**") wherein CR3 requested interim approval of compensation in the amount of $289,143.42 and for the period December 1, 2020 through March 31, 2021 [Doc. No. 848]. The Second Fee Application was granted by entry of the Court's *Order Granting Second Interim Application for Compensation* [Doc. No. 910] on June 8, 2021 and has been paid in full.

6. On September 2, 2021, CR3 filed through the Trustee's counsel its *Third Interim Application of CR3 Partners, LLC for Allowance of Compensation and Expense Reimbursement as Financial Advisor for the Chapter 7 Estate* (the "**Third Application**") wherein CR3 requested interim approval of compensation in the amount of $236,644.55 and expense reimbursement of $942.34 or the period April 1, 2021 through July 31, 2021 [Doc. No. 1030]. The Third Fee Application was granted by entry of the Court's *Order Granting Third Interim Application of Compensation and Expense Reimbursement* [Doc. No. 1068] on October 4, 2021 and has been paid. [2]

## COMPENSATION REQUESTED

7. Key terms of CR3's employment are as follows: CR3 charges fees on an hourly basis at its consultants' hourly rates, which are set in accordance with the consultants' experience

---

[2] The Court's order granting CR3's compensation request contained a typo referencing fees of $234,644.55 in CR3's Third Application, rather than the actual fees requested of $236,644.55. To date, CR3 has only been paid the $234,644.55 delineated in the order.

3

and seniority. CR3 also charges for actual expenses incurred such as postage, copying, and other disbursements.

8. CR3 submits this Application for allowance of reasonable compensation for the actual, reasonable, and necessary professional services that it rendered as financial advisor to the Trustee in this case during the Application Period in the total amount of $27,471.15.[3]

9. The professionals of CR3 provided services to the Estate as summarized below:

   a. Fee Applications:    Total Hours  6.30    Total Fee  $3,311.50

   **Task Description:**    Fee Applications

| Professional | Rate | Total Hours | Total Fees* |
|---|---|---|---|
| Roski, Suzanne | $ 775.00 | 2.20 | $ 1,705.00 |
| Moosally, Alicia | 595.00 | 0.70 | 416.50 |
| Usera, Katie | 350.00 | 3.40 | 1,190.00 |
| Total | | 6.30 | $ 3,311.50 |

*Before giving effect to 5% voluntary reduction.

Description

Prepared and reviewed the Third Application and supporting exhibits to be filed with the Court. Attended the Third Fee Application hearing.

Attached hereto as **Exhibit C** is a complete statement of such services CR3 rendered to the Estate.

Necessity and Benefit to the Estate

These services were necessary to assist the Chapter 7 Trustee in her review of the employment needs, time incurred and payment of professionals in this Case.

---

[3] After giving effect to 5% voluntary reduction.

  b. <u>Litigation</u>:    Total Hours 41.10    Total Fee $25,605.50

**Task Description:** Litigation

| Professional | Rate | Total Hours | Total Fees* |
|---|---|---|---|
| Roski, Suzanne | $ 775.00 | 8.30 | $ 6,432.50 |
| Moosally, Alicia | 595.00 | 31.40 | 18,683.00 |
| Usera, Katie | 350.00 | 1.40 | 490.00 |
| Total | | 41.10 | $ 25,605.50 |

*Before giving effect to 5% voluntary reduction.

Description

Prepared analyses, corresponded with counsel, and reviewed, gathered and analyzed documentation to assist the Trustee with ongoing litigation matters, including the United Lex litigation and FAO parties' settlement negotiations, mediations, information requests and complaints.

Attached hereto as **Exhibit C** is a complete statement of such services CR3 rendered to the Estate.

Necessity and Benefit to the Estate

These services were necessary to assist the Chapter 7 Trustee in her ongoing assessment, settlement and litigation of recovery actions in order to collect all property of the Estate.

10. A summary schedule of the time expended by all CR3 professionals engaged in the representation of the Trustee during the Application Period is attached hereto as **Exhibit A**. A summary schedule of hours and fees covered by this Application, categorized by project code, is attached as **Exhibit B**. A detailed chronological itemization of the services rendered and direct expenses incurred is attached hereto as **Exhibit C**.

**BASIS FOR RELIEF REQUESTED**

11. During the Application Period, CR3 provided services to the Trustee in accordance with its Employment Application, including, but not limited to: (i) reviewing and analyzing Debtor financial statements and other financial records, (ii) consulting on and evaluating asset recovery actions pursued by the Trustee, (iii) preparing detailed analyses for the

5

Trustee regarding the same, and (iv) completing other certain accounting and financial tasks at the request of the Trustee.

12. In performing the services detailed in this Application, CR3 has endeavored to ensure that its professionals comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of the Court.

13. CR3 endeavored to provide financial advisory services to the Trustee in the most expeditious and economical manner possible. CR3 assigned tasks to professionals, so work was performed by those most familiar with the task and with the lowest hourly rate professional appropriate. Moreover, CR3 coordinated with other professionals and individuals involved in the case to minimize duplication of effort and fees of the Estate. CR3 believes it was successful in this regard.

14. No agreement or understanding exists between CR3 and any other person for sharing compensation received or to be received in connection with this case.

### APPLICABLE LEGAL STANDARD

15. Under § 330 of the Bankruptcy Code, the Court may award a financial advisor to the Trustee reasonable compensation for actual, necessary services rendered in service to the Trustee and the Estate and reimbursement for actual, out-of-pocket expenses incurred. Factors considered by the Court include the nature, value, and extent of the services provided, time spent on such services, and the market rates of comparable services in a non-bankruptcy matter.

16. Under the "lodestar" approach, the Court should consider the number of hours of service reasonably devoted to the case multiplied by the professional's reasonable rates. Courts frequently consider the specific lodestar factors enumerated in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). These lodestar tests were adopted by the Fourth

Circuit in *Barber v. Kimbrells, Inc.,* 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981), where the Fourth Circuit held that the District Court should employ the lodestar approach and then adjust the fee based on the remaining *Johnson* factors in the case. The following are the *Johnson* factors:

    (a) the time and labor required;
    (b) the novelty and difficulty of the questions;
    (c) the skill requisite to perform the legal service properly;
    (d) the preclusion of other employment by the attorney due to acceptance of the case;
    (e) the customary fee;
    (f) whether the fee is fixed or contingent;
    (g) time limitations imposed by the client or the circumstances;
    (h) the amount involved and the results obtained;
    (i) the experience, reputation and ability of the attorneys;
    (j) the "undesirability" of the case;
    (k) the nature and length of the professional relationship with the client; and
    (l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719; *Barber*, 577 F.2d at 226, n.28; *Anderson*, 658 F.2d at 248, n.2. 23.

17. CR3 believes the services it rendered to the Chapter 7 Trustee and the Estate and the out-of-pocket expenses it incurred therewith were necessary and reasonable in view of the Trustee's obligations in this case and the scope and nature of the matters in which the Chapter 7 Trustee was involved.

18. Upon information and belief, the rates charged by CR3 are comparable to, if not less than, rates other firms charge in comparable Chapter 7 cases. CR3 believes the fees requested herein clearly satisfy the *Johnson* factors as set forth above.

## CONCLUSION

**WHEREFORE**, CR3 respectfully requests this Court enter an Order, substantially in the form attached hereto (i) approving this Application, (ii) allowing for interim allowance of reasonable compensation for the actual, reasonable, and necessary professional services CR3

rendered as financial advisor to the Trustee in this case for the Application Period in the amount of $27,471.15 and (iii) for any such other relief as the Court deems proper and just.

DATED: November 30, 2021

*[signature]*

_____
Suzanne B. Roski
Partner
CR3 Partners, LLC
7229 Forest Avenue, Suite 102
Richmond, VA 23226

*Financial Advisor to the Trustee*

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: November 30, 2021
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# EXHIBIT A

PROFESSIONALS RENDERING SERVICES

Fourth Interim Application Period
(August 1, 2021 - October 31, 2021)

| Professional | Rate | Total Hours | Total Fees |
|---|---|---|---|
| Roski, Suzanne | $ 775.00 | 10.50 | $ 8,137.50 |
| Moosally, Alicia | 595.00 | 32.10 | 19,099.50 |
| Usera, Katie | 350.00 | 4.80 | 1,680.00 |
| Total: | | 47.40 | 28,917.00 |
| Less: 5% Courtesy Discount | | | (1,445.85) |
| **Grand Total:** | | | $ 27,471.15 |
| Blended Rate: | | | $ 579.56 |

# EXHIBIT B

COMPENSATION BY PROJECT CATEGORY

Fourth Interim Application Period
(August 1, 2021 - October 31, 2021)

| Project Category | Total Hours | Total Fees [1] |
|---|---:|---:|
| Fee Applications | 6.30 | 3,311.50 |
| Litigation | 41.10 | 25,605.50 |
| **Total** | **47.40** | **$ 28,917.00** |

---

[1] Prior to 5% voluntary fee reduction.

# EXHIBIT C

### DETAILED DESCRIPTIONS BY PROJECT CODE

Fourth Interim Application Period
(August 1, 2021 - October 31, 2021)

| Entry Date | Name | Activity/Expense | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| **FEE APPLICATIONS** | | | | | | |
| 8/17/2021 | Moosally, Alicia | Fee Applications | 595.00 | 0.70 | 416.50 | Update third fee application with July invoice data. |
| 8/19/2021 | Usera, Katie | Fee Applications | 350.00 | 1.10 | 385.00 | Update fee app exhibits and narrative for additional month entries. Crosscheck for completeness and accuracy. |
| 8/25/2021 | Usera, Katie | Fee Applications | 350.00 | 0.20 | 70.00 | Update and compile fee application per request. |
| 8/30/2021 | Roski, Suzanne | Fee Applications | 775.00 | 0.90 | 697.50 | Review and revise 3rd Interim Fee Application. |
| 8/31/2021 | Roski, Suzanne | Fee Applications | 775.00 | 0.50 | 387.50 | Review and revise edited 3rd Interim Fee Application. |
| 8/31/2021 | Usera, Katie | Fee Applications | 350.00 | 1.60 | 560.00 | Revise fee application per request. Discuss with S. Roski. |
| 9/2/2021 | Usera, Katie | Fee Applications | 350.00 | 0.50 | 175.00 | Update fee application per counsel request. |
| 9/23/2021 | Roski, Suzanne | Fee Applications | 775.00 | 0.80 | 620.00 | Prepare for and attend Fee Application hearing. |
| *Subtotal - Fee Applications* | | | | 6.30 | 3,311.50 | |
| **LITIGATION** | | | | | | |
| 8/4/2021 | Moosally, Alicia | Litigation | 595.00 | 4.00 | 2,380.00 | Review draft ULEX amended complaint. |
| 8/4/2021 | Moosally, Alicia | Litigation | 595.00 | 2.50 | 1,487.50 | Research items for REDACTED. |
| 8/4/2021 | Moosally, Alicia | Litigation | 595.00 | 1.00 | 595.00 | Call with counsel re REDACTED. |
| 8/4/2021 | Roski, Suzanne | Litigation | 775.00 | 3.50 | 2,712.50 | Review and provide REDACTED. |
| 8/4/2021 | Roski, Suzanne | Litigation | 775.00 | 0.90 | 697.50 | Calls with counsel re REDACTED. |
| 8/4/2021 | Roski, Suzanne | Litigation | 775.00 | 1.00 | 775.00 | Participate in call with Quinn and Trustee's counsel re REDACTED. |
| 8/4/2021 | Usera, Katie | Litigation | 350.00 | 0.20 | 70.00 | Update REDACTED per counsel request. |
| 8/5/2021 | Moosally, Alicia | Litigation | 595.00 | 1.50 | 892.50 | Research items requested by counsel for REDACTED. |
| 8/12/2021 | Moosally, Alicia | Litigation | 595.00 | 1.20 | 714.00 | Call with counsel re REDACTED. |
| 8/17/2021 | Moosally, Alicia | Litigation | 595.00 | 1.80 | 1,071.00 | Compile REDACTED per counsel request. |
| 8/20/2021 | Roski, Suzanne | Litigation | 775.00 | 0.80 | 620.00 | Participate in call with counsel and research REDACTED. |
| 8/23/2021 | Roski, Suzanne | Litigation | 775.00 | 0.80 | 620.00 | Assist counsel with REDACTED. |
| 8/24/2021 | Roski, Suzanne | Litigation | 775.00 | 0.50 | 387.50 | Participate in call with counsel re REDACTED. |
| 8/27/2021 | Moosally, Alicia | Litigation | 595.00 | 2.50 | 1,487.50 | Research and compile data for REDACTED. |
| 8/27/2021 | Moosally, Alicia | Litigation | 595.00 | 0.90 | 535.50 | Call with counsel re REDACTED. |
| 8/27/2021 | Moosally, Alicia | Litigation | 595.00 | 3.00 | 1,785.00 | Research and compile data for REDACTED. |
| 8/29/2021 | Moosally, Alicia | Litigation | 595.00 | 2.50 | 1,487.50 | Prepare REDACTED per counsel request. |
| 8/30/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Call with counsel re REDACTED. |
| 8/30/2021 | Moosally, Alicia | Litigation | 595.00 | 0.30 | 178.50 | Research requested items for counsel Re REDACTED. |
| 8/30/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Research REDACTED requested by counsel. |
| 8/31/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Call with counsel re REDACTED. |
| 9/1/2021 | Moosally, Alicia | Litigation | 595.00 | 3.20 | 1,904.00 | Call with counsel. Prepare requested analysis and respond to REDACTED. |
| 9/2/2021 | Moosally, Alicia | Litigation | 595.00 | 0.20 | 119.00 | Respond to REDACTED. |
| 9/21/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Respond to counsels requests related to REDACTED. |
| 9/21/2021 | Usera, Katie | Litigation | 350.00 | 0.20 | 70.00 | Review counsel request and compile REDACTED. Confer with A. Moosally. |

EXHIBIT C

DETAILED DESCRIPTIONS BY PROJECT CODE

Fourth Interim Application Period
(August 1, 2021 - October 31, 2021)

| Entry Date | Name | Activity/ Expense | Rate | Hours | Amount | Description |
|---|---|---|---|---|---|---|
| 9/23/2021 | Moosally, Alicia | Litigation | 595.00 | 0.20 | 119.00 | Call with counsel re REDACTED. |
| 9/27/2021 | Moosally, Alicia | Litigation | 595.00 | 0.80 | 476.00 | Respond to counsel's requests re REDACTED. |
| 9/27/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Call with counsel re REDACTED. |
| 9/27/2021 | Roski, Suzanne | Litigation | 775.00 | 0.80 | 620.00 | Prepare for and participate in call with counsel and Trustee's counsel. |
| 10/12/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Call with R. Lee re REDACTED. |
| 10/12/2021 | Moosally, Alicia | Litigation | 595.00 | 0.40 | 238.00 | Respond to data requests from counsel re REDACTED. |
| 10/26/2021 | Moosally, Alicia | Litigation | 595.00 | 0.20 | 119.00 | Research / respond to counsel information request. |
| 10/26/2021 | Usera, Katie | Litigation | 350.00 | 1.00 | 350.00 | Update and compile REDACTED per request. Discuss same with counsel. |
| 10/27/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Research items related to REDACTED. Call with counsel re same. |
| 10/28/2021 | Moosally, Alicia | Litigation | 595.00 | 0.50 | 297.50 | Calls with P. Beran re REDACTED. |
| 10/28/2021 | Moosally, Alicia | Litigation | 595.00 | 1.20 | 714.00 | Review relativity database for deferred compensation data. |
| *Subtotal - Litigation* | | | | 41.10 | 25,605.50 | |
| **Total Fees Incurred** | | | | 47.40 | 28,917.00 | |
| Less: 5% Courtesy Adjustment | | | | | (1,445.85) | |
| **Discounted Fees** | | | | | $ 27,471.15 | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 30th day of November 2021, a true copy of the foregoing Application was served via first-class and/or electronic mail to Shannon F. Pecoraro, Esquire, Trial Attorney for the Office of the United States Trustee, and all parties receiving ECF notices. Notification of the filing of the Application and amounts sought therein will be served on (a) the Debtor's 20 Largest Unsecured Creditors; (b) all known secured creditors from the Debtor's Official Form 106D; (c) the Core Parties and 2002 List as defined in the Case Management Order; and (d) all parties requesting service of pleadings in this Case (as indicated on the Schedule A attached to the Court filed copy of said Application).

                                                                     */s/ Paula S. Beran*
                                                                    Counsel for the Chapter 7 Trustee