UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**ELEVENTH SUPPLEMENTAL ORDER AUTHORIZING
TRUSTEE TO CONTINUE TO OPERATE CERTAIN ASPECTS
OF DEBTOR'S BUSINESS FOR A LIMITED PERIOD**

This matter came before the Court upon the *Motion for Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144. This Court granted the Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155. Following entry of the Immediate Authority Order the Trustee, by counsel, filed additional supplements (ECF Nos. 165, 290, 359, 432, 535, 598, 710, 791, 920, and 1048) which the Court granted by entry of additional Orders (ECF Nos. 196, 313, 396, 452, 551, 619, 725, 805, 955 and 1065, Collectively, the "**Authority Orders**"). Consistent with the Operation Motion and the Authority Orders, this Eleventh Supplement seeks authority to further continue to operate certain aspects of the Debtor's business

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

for a limited period and, in support thereof.

IT APPEARING that the Court previously entered the Authority Orders finding that proper notice of the Operation Motion was given to all necessary parties under the circumstances; and that the relief sought in the Operation Motion was just and proper and in the best interest of the Estate; and

IT ALSO APPEARING THAT the relief sought in the Eleventh Supplement is in the best interest of the Estate and supported by the business judgment of the Trustee; and that notice of the Eleventh Supplement was proper pursuant to the Authority Orders; and for good cause shown, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Operations Motion, as modified by the Supplements is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Eleventh Supplement.

3. The Trustee is authorized, pursuant to § 721 of the Bankruptcy Code, to continue to operate the Wind-down Operations until June 30, 2022, for the purpose of accomplishing tasks for an orderly liquidation of the Estate's assets and winding up the Estate's affairs in an efficient and effective manner.

4. The Trustee is hereby granted all necessary authority and permitted to take all requisite actions to effectuate the terms of this Order including but not limited to (a) paying the expenses of the Wind-down Operations consistent with any additional order entered granting the Cash Collateral Motion; and (b) utilizing any and all Members of the Wind-down Team consistent with any additional order entered granting the Cash Collateral Motion.

5. Neither the Trustee nor her professionals shall have any obligation to provide Legal Services to any of the Debtor's former clients. Furthermore, in the context of this Case, neither the Trustee nor her professionals shall provide Legal Services to any of the Debtor's former clients.

6. To the extent the Trustee desires to hire any additional professional she shall do so under appropriate application and related order pursuant to 11 U.S.C. §§ 327 and 328, as necessary.

7. A continued final hearing on the Operations Motion shall be heard on the Omni Hearing date in June of 2022 (the "**June Omni Hearing Date**") as will be further delineated on this Court's docket. To the extent the Trustee desires to continue to operate the specific aspects of the Debtor's former business, and therefore continue said hearing, she shall file an additional supplement on or before 3 days prior to the June Omni Hearing Date. Any objection to the same shall be filed with this Court on or before 1 day prior to the June Omni Hearing Date.

ENTERED: Jan 3 2022

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Jan 5 2022

I ask for this:

*/s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

*/s/ Shannon F. Pecoraro* (signature authority via 12/26/21 email)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

    *Trial Attorney*

## Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

        */s/ Paula S. Beran*
        *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Service List for Entered Order**

Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219