**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

# DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this declaration in support of the (1) the Masked Tax Return Copy Procedures aspect of the *Motion to Approve – TRUSTEE'S MOTION FOR AN ORDER APPROVING (I) THE TRUSTEE'S RELIANCE ON DEBTOR'S LIST OF EQUITY SECURITY HOLDERS AND (II) PROCEDURES FOR OBTAINING COPIES OF FILED TAX RETURNS AND MEMORANDUM IN SUPPORT THEREOF* (the "**ESHL Motion**"), [ECF No. 1086]; (2) *Motion to Authorize --TRUSTEES MOTION FOR AN ORDER AUTHORIZING PAYMENT OF REASONABLE AND NECESSARY ADMINISTRATIVE EXPENSES IN EXCESS OF CAP*

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300

Counsel for Lynn L. Tavenner, Chapter 7 Trustee

*FOUND AT LOCAL BANKRUPTCY RULE 2016-2 AND MEMORANDUM IN* SUPPORT (the "**Expense Motion**"), [ECF No. 1201]; and (3) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A).

3.  The statements in this Declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4.  On November 2, 2021, I, through counsel, filed the ESHL Motion. On November 15, 2021, I, through counsel, filed my Declaration (and related exhibits) [ECF Nos. 1097 - 1099] in support of the relief sought in the ESHL Motion. Thereafter, based upon the request of counsel for certain individuals who had objected to the ESHL Motion, I sought, and this Court granted, a continuation of the hearing on the ESHL Motion several times. During the continuance period, I, directly and through counsel, attempted to resolve the objections to the ESHL Motion and address the underlying concerns of individuals who continue to receive K-1s from the Estate. While I have been and remain understanding of the position of certain of the individuals, I have maintained (and will continue to maintain) that any resolution of either item must be in the best interest of the Estate and/or supported by applicable law.  On or about February 14, 2021, Gary D. LeClair filed his *Motion to Amend Debtor's Equity Security Holders List Pursuant to Bankruptcy Rule 1009(a)*, and I understand that similar relief requests may follow from other individuals.  I, in the exercise of my business judgement, maintain that it is in the best interest of the Estate for the Court to contemporaneously address portions of my ESHL Motion and any request to modify the ESH List.  Therefore, I am requesting that an aspect of the ESHL Motion be continued until the March 29, 2022, Omnibus Hearing.  However, I, in the exercise of my

business judgement, maintain that it is in the best interest of the Estate to no longer delay the Court's consideration of the process allowing certain former attorneys of the Debtor to obtain masked copies of the Debtor's filed tax returns. I, through counsel, resolved concerns related to the same and have agreed to revise the form of Non-Disclosure and Indemnification Agreement as indicated in the proposed Order attached to the Proposed Agenda [ECF No. 1218].

5.  In preparation of the rapidly approaching lengthy trial in Adversary Proceeding 20-03142, the Estate participated in extensive discovery including but not limited to a plethora of depositions. In connection with the same, the Estate has received numerous invoices for recordation and transcription of those depositions, certain of which invoices can be found at Exhibit B of the Expense Motion. In that motion, I am requesting that the Court enter an order authorizing and approving the payment of the Deposition Invoices from Estate funds, which invoices exceed the cap found at LBR 2016-2. There are ample funds in the Estate's bank accounts to pay the Deposition Invoices, which I maintain represent reasonable and necessary administrative expenses.

6.  To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: February 16, 2022
Richmond, Virginia

By: /s/ Lynn L. Tavenner
Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: February 16, 2022
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I certify that on this 16th day of February 2022, a true copy of the foregoing Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*