**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**LeClairRyan PLLC,**<br><br>Debtor.[1] | **Case No. 19-34574-KRH**<br><br>**Chapter 7** |

**COVER SHEET FOR THIRD INTERIM APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**

| **General Information** | |
|---|---:|
| Name of applicant: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Authorized to provide professional services to: | Lynn L. Tavenner, Chapter 7 Trustee |
| Date of bankruptcy filing: | September 3, 2019 |
| Date of retention order: | July 1, 2021 |
| **Third Interim Period** | |
| Period for which compensation and reimbursement sought: | November 1, 2021 – January 31, 2022 |
| Type of fee statement or application: | Interim Application |
| Total hours billed: | 39.40 |

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Erika L. Morabito (VA Bar No. 44369)
Brittany J. Nelson (VA Bar No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
Telephone:  (202) 538-8334

*Special Counsel to the Chapter 7 Trustee*

| | |
|---|---:|
| Total hourly fees requested: | $48,063.00[2] |
| Blended hourly rate (all timekeepers): | $1,219.87 |
| Total contingent fees requested: | $200,550.00 |
| Total expenses requested: | $91,399.36 |

---

[2] This amount reflects a ten (10) percent discount off of Quinn's standard hourly rates, as stated in the Retention Application (defined below) and per entry of the Retention Order (defined below).

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **In re:**<br><br>**LeClairRyan PLLC,**<br><br>Debtor.[1] | **Case No. 19-34574-KRH**<br><br>**Chapter 7** |

**THIRD INTERIM APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL TO THE TRUSTEE, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**

Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn**"), special counsel to Lynn L. Tavenner, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), respectfully represents:

**I.    INTRODUCTION**

1. Quinn hereby submits this third interim application (the "**Application**") for interim allowance of compensation for professional services rendered and actual and necessary expenses incurred by Quinn as special counsel to the Trustee for certain professional services in the period November 1, 2021 through February 28, 2022 (the "**Third Interim Period**") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2016-1 of the United States Bankruptcy Court for the Eastern District of Virginia Local Bankruptcy Rules (the "**Local Rules**").

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

**II.    BACKGROUND**

2.    On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor was operating its business as a debtor-in-possession.

3.    On September 12, 2019, the United States Trustee filed its *Motion to Convert Case to Chapter 7* (the "**Motion to Convert**") and notice thereof [ECF No. 61]. At a hearing on September 26, 2019, the Court denied the Motion to Convert. However, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP (the "**Lender**") as stated in the *Order on Motion to Convert Case to Chapter 7*, the Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019 [ECF No. 140].

4.    On June 7, 2021, the Trustee filed *Trustee's Application to Retain and Employ Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 908] (the "**Retention Application**"). On June 28, 2021, the Court entered its *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 939] (the "**Retention Order**"), retroactive to May 18, 2021.

5.    Pursuant to the Retention Application and Retention Order, the Estate will compensate Quinn for administrative tasks on an hourly basis (the "**Administrative Fees**"). During the Litigation Phase (as defined in the Retention Application and Retention Order), the Estate will compensate Quinn, subject to the professional responsibility and other rules governing its practice, based on the total recoveries on claims or causes of action or the net value to the Estate of any release of claims against the Estate (the "**Recoveries**"). Quinn shall receive thirty percent (35%) of the recoveries (the "**Contingent Fees**").

### III.   JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7. The predicates for the relief requested in this Application are sections 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

### IV.   RELIEF REQUESTED

8. By this Application, Quinn respectfully requests that the Court enter an order (a) for interim allowance of reasonable compensation for certain of the actual, reasonable, and necessary professional services that it has rendered as special counsel to the Trustee in this Case for the Administrative Fees during the Third Interim Period in the amount of **$48,063.00** (the "**Interim Administrative Fees**"); (b) for reimbursement of actual, reasonable and necessary expenses incurred in representing the Trustee during the Third Interim Period in the amount of **$91,399.36**; and (c) for payment of **$200,550.00** for Contingent Fees.[2]

9. A summary schedule of compensation by timekeeper during the Third Interim Period is attached hereto as **Exhibit B**. A summary schedule of hours and fees covered during the Third Interim Period, categorized by project code is attached hereto as **Exhibit C**. A summary schedule of the expense reimbursements requested by category is attached hereto as **Exhibit D**. A

---

[2] As will be described more fully in the forthcoming (a) the *Fourth Notice of Proposed FAO Settlements* filed under seal, (b) the *Notice of Filing Under Seal of Proposed FAO Settlements.* and (c) future notices of settlement and/or Bankruptcy Rule 9019 motions that may be filed in connection with future settlements requiring court approval, the Estate will receive certain settlement payments after the date hereof. For the sake of clarity, in this Application, Quinn seeks payment of Contingent Fees only after the relevant settlements have been approved and the Estate has received the relevant settlement payments. In addition, with respect to future recoveries, Quinn reserves the right to apply for the payment of additional Contingent Fees for work that was performed during the Third Interim Period.

10750-00001/13210258.5                    3

chart containing information related to the recoveries related to FAO Actions is attached hereto as **Exhibit E**.[3]

## V.  BASIS FOR RELIEF REQUESTED

10. In addition to the contingency work for which Quinn is not seeking payment at this time, during the Third Interim Period, Quinn provided the following services to, and as requested by, the Trustee: (i) investigation of potential claims, including but not limited to, Chapter 5 claims, fraudulent transfers, excessive compensation, breaches of fiduciary duty, and/or unjust enrichment; (ii) made recommendations to the Trustee that included, among other things, proposed next steps as it relates to the prosecution of some or all of the claims; and (iii) settlement of certain claims.

11. In performing the services detailed in this Application, Quinn has endeavored to ensure that its professionals comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures or orders of the Court.

12. Quinn has not made any prior request for payment of professional fees earned and expenses incurred and/or paid during the Third Interim Period. Except as provided in the Retention Application and Retention Order, Quinn has not received any payments on account of such fees or expenses.

13. In accordance with Bankruptcy Rule 2016 and Local Rule 2016-1, a detailed chronological itemization of the services rendered by each professional and paraprofessional, calculated by tenths of an hour and categorized in accordance with the appropriate project code

---

[3] Pursuant to the *Order Approving Procedures and Permitting Trustee to Prosecute and Compromise FAO Actions* [ECF No. 533] (the "**Procedures Order**"), **Exhibit E** will be filed separately under seal using the sealed document docketing event in the ECF system pursuant to CM/ECF Policy 6. *See* Procedures Order ¶ 4.

and a detailed chronological itemization of the expenses incurred by Quinn during the Third Interim Period are attached hereto as **Exhibit F**.

14.     Quinn has endeavored to represent the Trustee in the most expeditious and economical manner possible.  Tasks have been assigned to attorneys and paralegals at Quinn so that the work has been performed by those most familiar with the particular matter or task and, where attorney involvement was required, by the lowest hourly rate professional appropriate for a particular matter.  Moreover, Quinn has endeavored to coordinate with other professionals involved in this Case so as to minimize any duplication of effort and to minimize attorneys' fees and expenses.  Quinn believes it has been successful in this regard.

15.     No agreement or understanding exists between Quinn and any other person for the sharing of compensation received or to be received for services rendered in connection with this Case.

**VI.     NOTICE**

16.     Notice of this Application has been provided to all necessary parties in accordance with the Case Management Procedures and the Compensation Procedures.  Quinn submits that no other or further notice need be provided.

17.     No previous application for the relief sought in this Application has been made to this or any other court.

18.     Quinn has reviewed the requirements of the Local Rules and certifies that this Application complies with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

**WHEREFORE**, Quinn hereby respectfully requests that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving this Application; (ii) awarding Quinn, on an interim basis, Interim Administrative Fees in the amount of **$48,063.00** and

reimbursement of actual, reasonable, and necessary expenses incurred by Quinn during the Third Interim Period in the amount of **$91,399.36**; (iv) awarding Quinn, on an interim basis, Contingent Fees in the amount of **$200,550.00**; (v) authorizing the Trustee to pay Quinn the amount of Interim Administrative Fees and Contingent Fees approved by the Court, when the Trustee deems such funds are available; and (vi) granting such other relief as theCourt deems proper and just.

Dated:  March 8, 2022                                          Respectfully submitted,


                                                                                */s/ Erika L. Morabito*
                                                                                Erika L. Morabito (VSB No. 44369)
                                                                                Brittany J. Nelson (VSB No. 81734)
                                                                                QUINN EMANUEL URQUHART
                                                                                 & SULLIVAN, LLP
                                                                                1300 I Street, NW, Suite 900
                                                                                Washington, DC  20005
                                                                                (202) 538-8000 (telephone)
                                                                                (202) 538-8100 (facsimile)
                                                                                erikamorabito@quinnemanuel.com

                                                                                *Special Counsel to Lynn L. Tavenner, the Chapter 7 Trustee of the Estate of LeClairRyan PLLC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on the 8th day of March 2022, a true copy of the foregoing Application was served via first-class and/or electronic mail to Shannon F. Pecoraro, Esquire, Trial Attorney for the Office of the United States Trustee, and all parties receiving ECF notices. Notification of the filing of the Application and amounts sought therein will be served on (a) the Debtor's 20 Largest Unsecured Creditors; (b) all known secured creditors from the Debtor's Official Form 106D; (c) the Core Parties and 2002 List as defined in the Case Management Order; and (d) all parties requesting service of pleadings in this Case (as indicated on the Schedule A attached to the Court filed copy of said Application).

                */s/ Erika L. Morabito*
                Special Counsel to the Chapter 7 Trustee