# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:  LECLAIRRYAN PLLC,                   Case No. 19-34574-KRH

                                                        Chapter 7

              Debtor.

## ORDER

This matter comes before the United States Bankruptcy Court for the Eastern District of Virginia (this "Court") upon the *Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief* [ECF No. 1328] (the "Motion"), filed by Lynn Tavenner, (the "Trustee") in her capacity as Chapter 7 trustee for the bankruptcy estate of LeClairRyan PLLC (the "Debtor"), in the above-captioned bankruptcy case. The Motion seeks this Court's approval of a judicially mediated global settlement (the "Settlement Agreement") under Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a copy of which is attached to the Motion as Exhibit A [ECF No. 1396]. The Settlement Agreement includes, inter alia, an improvident payment of $3.15 million (the "Improvident Payment") to the Trustee's special litigation counsel, Quinn Emanuel Urquhart & Sullivan LLP ("Quinn").

John P. Fitzgerald, III, Acting United States Trustee for Region Four, (the "U.S. Trustee") objected [ECF Nos. 1333, 1370] (collectively, the "U.S. Trustee's Objection") to the Motion. Foley & Lardner LLP ("Foley") filed a limited objection [ECF No. 1365] to the Motion. The Court conducted a hearing (the "Hearing") on June 8, 2022. At the conclusion of the Hearing, the Court took the Motion under advisement.

For the reasons stated in the Court's Memorandum Opinion issued contemporaneously herewith, the Court having found that (A) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (C) notice of the Motion and hearing thereon was sufficient under the circumstances; and (D) the Court having determined that the legal and factual basis set forth in the Motion and at the Hearing establish that the Settlement Agreement is fair and equitable and in the best interest of the Debtor's estate, its creditors, and all other parties in interest, and represents the sound business judgment of the Trustee, it is **ORDERED, ADJUDGED, and DECREED** that:

1. The U.S. Trustee's Objection is **OVERRULED**.

2. The Motion is **GRANTED** as set forth herein.

3. The Improvident Payment is **APPROVED**.

4. The Settlement Agreement is **APPROVED** in its entirety and in accordance with Bankruptcy Rule 9019.

5. The Trustee is authorized to take all action necessary to consummate and implement the Settlement Agreement, including but not limited to the execution and delivery of the Settlement Agreement.

6. Notwithstanding the foregoing or anything to the contrary contained herein, Quinn shall not be entitled to a contingency fee on the Improvident Payment. Instead, subject to the reservation of rights contained in paragraph 7 of this Order, Quinn will be entitled to a contingency fee of 35 percent of the net amount of total settlement amount less (A) certain costs and expenses and (B) the Improvident Payment.

7. Nothing herein shall modify paragraph 8 of the *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan LLP as Special Counsel* [ECF No. 937

at 3-4]. All rights, claims, and defenses with the respect to the apportionment of fees as between Quinn and Foley are hereby preserved pending further order of the Court.

8. Pursuant to the *Order to Seal Omnibus Settlement Agreement and Related Documents, Information, and Hearings* [ECF No. 1382], the unredacted Memorandum Opinion shall be sealed pending further order of the Court.

9. The Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Dated:   June 28, 2022          /s/ Kevin R. Huennekens
                                UNITED STATES BANKRUPTCY JUDGE

                                Entered on Docket:   June 28, 2022