# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| In re:<br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this declaration in support of the (1) *Motion for Approval of Compromise and Settlement and Memorandum of Law (Iron Mountain)* ("**9019 Motion**"); and (2) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A). I also submit it in connection with the Estate's position regarding the Motion to Seal Settlement Agreement and Related Documents, Information, and Hearings (the "**ULX Seal Request**") filed by David G. Barger of Greenberg Traurig, LLP on behalf of ULX Partners, LLC, ULX Manager, LLC, and UnitedLex Corporation (collectively, "**United Lex Entities**").

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

3.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge of information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4.      The relief requested in the 9019 Motion is based upon a valid exercise of my business judgment and is in the best interest of the Estate.  Before September 3, 2019, LeClairRyan and/or its predecessors entered into one or more arrangements with Iron Mountain Information Management, LLC(" **Iron Mountain**") for it to provide document storage and management services to LeClairRyan (and/or one of its predecessors) around the country.  Based on the same, Iron Mountain maintains that it is owed a substantial amount of money for storage; Iron Mountain also maintains that LeClairRyan owes it to destroy the documents (the "**Documents**")  that remain in its facilities across the country. The Documents are contained in approximately 125,000 boxes.  I dispute that any amount is owed by the Chapter 7 Estate, maintaining that the services were not necessary costs and expenses of preserving the Estate. I have been informed that the Documents in facilities other than the Richmond Facility (as hereafter defined) are substantially client files. Pursuant to the Supplemental Order Approving Modified Client File Disposition Procedures ("**Client File Order**"), I am authorized by this Court to destroy client files.  I also was informed that there are some administrative files (collectively "**Administrative Files**" and each an "**Administrative File**") in the Richmond Facility, but I understand that either the same are extremely old and/or there also are electronic copies of said administrative files.

5.      After extensive discussions and exchange of information occurring over numerous months, I and Iron Mountain have reached a resolution as follows:

2

    a. Iron Mountain shall receive a $175,000 Chapter 7 administrative expense against the Estate payable the later of entry of a final, non-appealable order approving the 9019 Motion and August 1, 2022.

    b. Iron Mountain shall receive a $300,000 Chapter 11 administrative expense against the Estate payable with other Chapter 11 administrative expenses pursuant to which **I represented that I intended to file a request to pay the same in 2022** (emphasis added and addressed further at paragraph 8 herein).

    c. Iron Mountain shall receive an allowed general unsecured claim against the Estate in the amount of $1,400,000, and its Claim No. 154 previously filed in this Case will be deemed amended as part of this settlement to reflect the same.

    d. Iron Mountain shall destroy (i) all boxes located in any facility other than those in the Richmond, Virginia metropolitan area (collectively, the "**Richmond Facility**") and (ii) all boxes at the Richmond Facility received on or before December 31, 2013.

    e. Iron Mountain shall receive an additional Chapter 7 administrative expense claim in the amount of $3,100 a month beginning June 1, 2022 for the storage of the remaining records at the Richmond Facility until receiving my instruction to destroy all remaining boxes. The storage fee for the months of June and July will be included in the first August payment, so a total of $9,300 will be paid on the later of August 1, 2022 or entry of a final order approving the 9019 Motion. Thereafter starting September 1, 2022, I shall make monthly payments of $3,100 until I provide written instruction to destroy all remaining boxes.

    f. Upon receiving my instruction, Iron Mountain shall destroy the remaining boxes at the Richmond Facility.

    g. Except as in the 9019 Motion (and related order approving the same), Iron Mountain shall be entitled to no additional claims against and/or amounts from the Estate.

    h. Upon the entry of a final, non-appealable order approving the IM Settlement, except for the obligations created by the IM Settlement, or to enforce the obligations created by the IM Settlement or claims arising from the IM Settlement, the Parties release, remise, acquit and forever discharge the other, of and from any and all actions, causes of action, claims, suits, demands, rights, debts, dues, obligations, accounts, contracts, agreements, controversies, judgments, damages, losses, costs, expenses, fees, attorneys' fees, sanctions, executions, liabilities, obligations and any and all other liabilities of any kind whatsoever, either in law or equity, whether known or unknown, suspected or unsuspected which could have been asserted from the beginning of time to the date hereof against each other.

(collectively, the "**IM Settlement**").

6. Any Administrative File in the Richmond Facility that was received at Iron Mountain on or before December 31, 2013 is burdensome to the Estate and provides inconsequential value and benefit. Further, the destruction and disposal of Administrative Files

in the Richmond Facility that were received at Iron Mountain on or before December 31, 2013 is an important step in the process of completing my administration of the Estate whereas, here, the files are costly to retain and are not necessary to complete the wind down or administration of the Estate. As such, I, in my sound business judgment, have determined that it is in the best interest of the Estate, creditors, and all parties in interest to destroy and dispose of any Administrative File in the Richmond Facility that was received at Iron Mountain on or before December 31, 2013 as part of the IM Settlement.

7. I, in the exercise of my business judgment, believe that the IM Settlement is fair and equitable and in the best interest of the Debtor's Estate in that it (a) settles several asserted claims, including a large, alleged Chapter 7 administrative expense and (b) avoids litigation related to the same, as well as provides for the destruction in the near future of remaining client files and any Administrative File in the Richmond Facility that was received at Iron Mountain on or before December 31, 2013. The IM Settlement also provides a mechanism for the destruction in the future of all remaining Administrative Files.

8. Since this Court established the administrative claim bar date of May 31, 2022, I have worked toward resolution of all asserted administrative claims. Given my progress on the same and the added factor that I had reached a large settlement that, pending Court approval, would (a) bring substantial sums into the Estate in the near future and (b) foster a systematic reduction of costs of the operational infrastructure of the Estate's operations, when I negotiated the terms of the IM Settlement and authorized the filing of the 9019 Motion, I fully intended that I would be in a position to file a request with this Court to pay Chapter 11 administrative expenses in 2022. At the time of executing this Declaration, I remain hopeful that I will be able to request authority to pay in 2022, but am concerned about whether I will now be in a position

4

to do the same given issues related to the recent appeal noted on the docket in this Case at ECF No. 1480 on July 11, 2022 by the Office of the United States Trustee. I have already taken steps to address those issues and intend to do everything in my power that is within my fiduciary duties and is in the best interest of this Estate to protect this Estate such that it is able to pay all administrative and priority claims in full and make a meaningful distribution to general unsecured creditors. However, there are items that can negatively impact the same that are beyond my control.

9. As my counsel has previously articulated to this Court, sealing/confidentiality is neither a term nor condition of settlement with United Lex Entities and others. However, I did, at the direction of the Judicial Mediator (as defined in the ULX Seal Request) and, in the exercise of my business judgement, determine that it is in the best interest of the Estate to not object to the ULX Seal Request under certain terms and conditions. Pursuant to the settlement addressed in the ULX Seal Request, notwithstanding the entry of any seal/confidentiality order, information as may be required for me to comply with my duties shall not be confidential. Accordingly, I have provided, through my counsel, to the United Lex Entities' counsel those items that I maintain should be included as part of the public record in order for me to comply with my duties. To the extent no resolution is reached, I am prepared to present the same to this Court.

10. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: July 13, 2022           By: */s/  Lynn L. Tavenner*
　　　Richmond, Virginia　　　　　　Lynn L. Tavenner, Chapter 7 Trustee

5

          Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: July 13, 2022
    Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

### CERTIFICATE OF SERVICE

    I certify that on this 13th day of July 2022, a true copy of the foregoing Declaration was sent electronically to:

Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Jason B. Shorter, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

    */s/*    Paula S. Beran
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*