UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
|     LeClairRyan, PLLC,[1] | 19-34574-KRH |
|                 Debtor. | Chapter 7 |

## TRUSTEE'S APPLICATION TO RETAIN AND EMPLOY
## COZEN O'CONNOR AS SPECIAL COUNSEL

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby submits this application ("**Application**") pursuant to 11 U.S.C. § 327 and  § 330 and Rule 2014  of the Federal Rules of Bankruptcy Procedure for authorization to employ Cozen O'Connor  ("**Cozen O'Connor**"), as special counsel retroactive to July 28, 2022, and in support thereof (i) provides the Verified Statement of Brian L. Shaw  of Cozen O'Connor pursuant to Fed. R. Bankr. P. 2014(a) (the "**Shaw Statement**") attached hereto and incorporated herein as Exhibit 1 and (ii) states the following:

---

[1]    The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.      On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**").  Pursuant to sections 1007 and 1108 of the Bankruptcy Code, the Debtor was operating its business as a debtor-in-possession.

5.      On September 12, 2019, the Office of United States Trustee (the "**UST**") filed its *Motion to Convert Case to Chapter 7* [ECF No. 61] (the "**Motion to Convert**") and notice thereof. At a hearing on September 26, 2019, the Court denied the Motion to Convert.  However, per an agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**") as stated in the *Order on Motion to Convert Case to Chapter 7* [ECF No. 140] the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019.

6.      Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

7.      On October 4, 2019, the Trustee filed her Trustee's Application to Employ Tavenner & Beran, PLC as Counsel for the Trustee (the "**Tavenner & Beran Employment**

**Application**") [ECF No. 142]. The Tavenner & Beran Employment Application was approved

by this Court's Order Granting Application to Employ Tavenner & Beran, PLC as Trustee's

Counsel (the "**Tavenner & Beran Employment Order**") [ECF No. 152].  Since said time,

Tavenner & Beran, PLC ("**Tavenner & Beran**") has served as the Trustee's general counsel in

this Case.

### The Need for Additional Special Counsel

8.      As the Trustee has previously represented to the Court, the Trustee determined that

she needed the advice and guidance of experienced legal counsel to carry out her duties under the

Bankruptcy Code, specifically to investigate and pursue certain litigation claims. The Trustee

believed (and continues to believe) that these potential litigation claims may be of substantial value

but required the assistance of counsel to assist in her investigation, evaluation, and, if necessary,

pursuit of such claims.

9.      Accordingly, on January 30, 2020, the Trustee filed an application to employ the

law firm of Foley & Lardner LLP ("**Foley**") as special counsel to investigate and pursue potential

claims, which the Court approved on February 10, 2020, retroactive to January 30, 2020 [ECF

Nos. 300, 342].  Beginning January 30, 2020, Ms. Erika L. Morabito, on behalf of Foley, served

as the lead special counsel to the Trustee.  In addition, Ms. Brittany J. Nelson, also on behalf of

Foley, represented the Trustee.

10.     On May 18, 2021, Ms. Morabito and Ms. Nelson joined Quinn Emanuel Urquhart

& Sullivan, LLP ("**Quinn Emanuel**"). After being informed of Ms. Morabito and Ms. Nelson's

relocation from Foley to Quinn Emanuel, the Trustee conducted due diligence with respect to the

Estate's ongoing special litigation needs and, in the exercise of her business judgment and

consistent with her duties, selected, subject to Court approval, Quinn Emanuel to represent her as

special counsel going forward in this Case on the vast majority of unresolved matters based on its considerable experience in insolvency, bankruptcy, and litigation matters, as well as its considerable experience in internal investigations. As such, on June 7, 2021, the Trustee filed *Trustee's Application to Retain and EmployQuinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 908] (the "**Quinn Retention Application**").  On June 28, 2021, the Court entered its *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 937] (the "**Quinn Retention Order**"), retroactive to May 18, 2021.

11.    To date, in connection with the Trustee's retention and assistance of special counsel, the Estate has recovered in excess of $19,000,000.00.

12.    In addition, with the significant assistance of Quinn Emanuel, after mediating for more than two and a half months, litigating for over a year and half, and engaging in hard fought, arms-length negotiations with multiple parties, aided in large part by a substantial amount of hours (more than 100)  expended by the judicial mediator (the "**Judicial Mediator**") in this Case (who happens to be the Chief Bankruptcy Judge in this District), the Trustee, all of the defendants in two separate adversary proceedings, and certain insurers reached a global, comprehensive $21,000,000 agreement (the "**Judicially Mediated Global Settlement**"),   that is a fair and reasonable compromise of the claims and causes of action asserted by the Trustee in those two separate adversary proceedings. The Judicially Mediated Global Settlement was the result of  a mediator's proposal that was to either be accepted or rejected in total.  The Trustee in the exercise of her business judgment determined that acceptance was in the best interest of the Estate because, among other things, this settlement avoids lengthy, complex, and expensive litigation of a myriad disputed

issues among these parties, and provides for a significant amount of money that likely could provide for a meaningful distribution to unsecured creditors.

13.     As such, the Trustee sought this Court's approval of the Judicially Mediated Global Settlement by filing *Trustee's Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment under Section 328(a); and (II) Granting Related Relief* [ECF No. 1328] (the "**Judicially Mediated Settlement Motion**").

14.     Prior to the filing of the Judicially Mediated Settlement Motion, upon hearing of the salient terms relayed by the parties in open Court,  the UST expressed concerns to the Trustee with respect to the Judicially Mediated Global Settlement, which the Trustee immediately tried to address, to no avail. Ultimately, the UST propounded discovery upon the Trustee [ECF 1335]. Finding herself in the precarious position at odds with the UST(a position she has never experienced in her (a) 25 years of serving as a Chapter 7 Trustee and (b) over 30 years as a member of this Court's bankruptcy community), the Trustee sought and received assistance from the Judicial Mediator in an effort to address the UST' s issues. Through this process the Trustee addressed certain concerns articulated by the UST, provided all of the information that had been requested by the UST, answered all questions posed by UST, and learned that no additional documents or other information was needed from the Trustee. At the conclusion of such process, the Trustee understood that, while the UST would have preferred a different structure for the settlement embodied in the Judicially Mediated Settlement Motion, it recognized the unique circumstances that resulted in the same. Nevertheless, the UST persisted with its objection [ECF Nos. 1333 and 1370] (the "**US Trustee Objection**").

15.    At the hearing on the Judicially Mediated Settlement Motion on June 8, 2022, after (a) receiving and reviewing extensive evidence from the Trustee and (b) hearing respective arguments of counsel,  this Court took the matter under advisement.  On June 28, 2022, this Court approved the Judicially Mediated Global Settlement by entering *Order Granting Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief* [ECF No. 1453], and issuing an accompanying *Memorandum Opinion* [ECF No. 1452] (collectively, the "**Judicially Mediated Settlement Ruling**").

16.    Upon receipt of the Judicially Mediated Settlement Ruling, recognizing that the Estate was now poised to receive additional substantial sums and in a position to significantly reduce expenses, the Trustee focused upon estate administrative items and a path forward to address claims including but not limited to the most immediate potential administrative claims of Iron Mountain. The Trustee also reached out to the Acting Assistant United States Trustee for Region 4 to thank him for his professionalism and that of his Richmond office in connection with a difficult task that she understood the UST program believed was in the best interest of the bankruptcy system. Upon receipt of a very kind response, acknowledging the great result for the Estate, the Trustee progressed forward with the belief that the UST was satisfied with the Judicially Mediated Settlement Ruling and the added benefit that the UST believed its program had contributed to the process.

17.    As a result, the Trustee was surprised when the UST appealed the Judicially Mediated Settlement Ruling by filing a Notice of Appeal on the docket in this Case at ECF No. 1480 on July 11, 2022, thereby initiating Civil Action No. 3:22cv328 (the "**Judicially Mediated Global Settlement Appeal**").

18.    The Trustee immediately recognized and was concerned  (and now creditors have expressed similar concerns) about the negative impact on the Estate and potential distributions to creditors resulting from the UST's Judicially Mediated Global Settlement Appeal. As such, the Trustee has attempted on numerous occasions to explain the concerns with supporting facts to the UST with the hope that, once recognizing the significance of the potential impact compared with little, if any, upside benefit to its program, the UST would reconsider its path forward. To date, the UST has not appeared interested in receiving any such information about the impact on case administration.  And it has not altered its path forward.  Thus, the Trustee has no alternative but to expend the Estate's resources to defend the Judicially Mediated Global Settlement Appeal. After all, it involves a $21,000,000 settlement that all parties in interest who have verbalized an opinion maintain is, at a minimum, a great result for the Estate and which the Trustee maintains will likely yield sufficient funds to make a  meaningful distribution to general unsecured creditors.

19.    On July 14, 2022,  in a bench ruling (the "**Oral Seal Ruling**"), this Court indicated that it would grant as modified a *Motion to Seal Settlement Agreement and Related Documents, Information, and Hearings* [ECF. No. 1325] and *Supplement to Their Previously-Filed Motion to Seal Settlement Agreement and Related Documents, Information, and Hearings* [ECF No. 1479] filed by the ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC.  In connection with the same, this Court indicated that it would write an opinion for the benefit of the District Court if any party intended to appeal. Without providing this Court the opportunity to write that opinion, before entry of any order by this Court, and with no professional courtesy notice to the Trustee, the UST filed a premature notice of appeal of the Court's Oral Seal Ruling, thereby initiating Civil Action No. 3:22cv515 (the "**Premature Seal Appeal**").  As such, the Trustee also

will have to expend additional  resources to ensure that the Estate is protected in connection with

the Premature Seal Appeal.

20.    Pursuant to the Quinn Retention Order as found in the engagement letter attached

to the Quinn Retention Application,

> In the event that the result of any Claim at the trial level is appealed, QEU&S would
> be pleased to represent the Trustee in such appeal on mutually agreeable terms,
> subject to Court approval, if the Trustee believes it would be in the best interest of
> the Estate.  We understand the Trustee will make such determination depending on
> the facts and circumstances of each Claim, including the amount involved and cost
> of such appeal.

Accordingly, Quinn Emanuel is not retained to represent the Estate in connection with any

appeal.

21.    After (a) conducting extensive due diligence including but not limited to research

on numerous court dockets of billing rates and potential  hours to be exerted on known appeals,

(b) communicating with five law firms about rates and estimated costs, and (c) considering that a

component of the  Judicially Mediated Global Settlement addresses a fee to Quinn Emanuel, the

Trustee determined in the exercise of her business judgement that it was in the Estate's best interest

to retain the firm of Cozen O'Connor to assist the Estate in the Judicially Mediated Global

Settlement Appeal[2].

## Scope of Services to be Provided

22.    The Trustee contemplates utilizing Cozen O'Connor on an hourly basis at agreed

rates in connection with the Judicially Mediated Global Settlement Appeal.[3]  However, there is a

---

[2] The Trustee fully intends for Quinn Emanuel to remain involved as special counsel on other items.

[3] At the time of filing this Application, the Trustee anticipates, based upon information currently known, that the Estate will primarily utilize Tavenner & Beran in connection with the Estate's involvement in the Premature Seal Appeal given Tavenner & Beran's (a) involvement in the underlying specific issues to date, (b) intimate

possibility that the Trustee ultimately may determine it would be in the best interest of the Estate to also utilize Cozen O'Connor in connection with other appellate and related matters, including the Premature Seal Appeal.  As such, the Trustee seeks authority herein to also utilize  Cozen O'Connor  on an hourly basis at agreed to rates in connection with appellate and related matters. The Trustee further seeks authorization to immediately share all unredacted materials related to the same with Cozen O'Connor.

23.      Simultaneously herewith, the Trustee is filing *Trustee's Supplement to Application to Retain and Employ Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* to assist the Estate in connection with nuances related to the impacts of the UST appeals on the two pending adversary proceedings as well as to provide information and support to Cozen O'Connor as requested by the Trustee given Quinn Emanuel's extensive knowledge of the facts and law that likely will be part of the Judicially Mediated Global Settlement Appeal.  Tavenner & Beran,  Quinn Emanuel, and Cozen O'Connor understand the necessity to, and have agreed to, coordinate with each other and the Trustee to minimize duplication of efforts and maximize value for the benefit of the Estate.

## Retention and Compensation of Cozen O'Connor Under Sections 327  and 330

24.      The Trustee seeks to retain Cozen O'Connor pursuant to § 327 of the Bankruptcy Code.  Section 327(a) of the Bankruptcy Code authorizes the Trustee to employ one or more attorneys who "do not hold or represent an interest adverse to the Estate, and that are disinterested persons." 11 U.S.C. §327(a).  Section 327(e) of the Bankruptcy Code authorizes the Trustee, with this Court's approval, to employ an attorney for specified special purposes if such retention is in

---

knowledge of the Trustee's administration of this Estate, and (c) extensive knowledge and experience representing Chapter 7  trustees for over 20 years.

the best interest of the Estate and provided that the attorney "does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. §327(e). Special counsel under § 327(e) need not be disinterested, but merely must not represent or hold an interest adverse to the special matter for which they seek to be employed. *See, e.g., In re South Shore Golf Club Holding Co.*, 182 B.R. 94 (Bankr. W.D.N.Y. 1995). Furthermore, the representation of a creditor does not disqualify counsel from being engaged. 11 U.S.C. § 327(c); *see also Johnson v. Richter, Miller & Finn*, 312 B.R. 810, 819 (Bankr. E.D. Va. 2004) (Ellis, J.). Cozen O'Connor satisfies all said standards as set forth below.

25.     The Trustee submits that, based upon the Shaw Statement, Cozen O'Connor is appropriately situated to represent the Estate pursuant to both § 327(a) and § 327(e). The Trustee submits that Cozen O'Connor represents no interest adverse to the Debtor or to the Debtor's Estate in the matters upon which Cozen O'Connor is to be engaged and also is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Moreover, to the best of the Trustee's knowledge, Cozen O'Connor has no connection with the Debtor, its creditors, or any other party-in-interest in this Case, their respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, other than as set forth in the Shaw Statement.

26.     In connection with the selection of special appellate counsel, the Trustee was extremely careful to avoid any ill-founded concerns about the bankruptcy community in general and the local Richmond bankruptcy community being too closed or small. And as always, she sought to employ the counsel best situated to accomplish the task at hand, which in this instance is Cozen O'Connor. Furthermore, Cozen O'Connor has never represented the Trustee in any matter. While the Trustee has known Mr. Shaw for over 20 years and served with Mr. Shaw on

the Board of Directors of the American Bankruptcy Institute and related committees and panels,

prior to this Application, the Trustee has never sought to retain any firm associated with Mr. Shaw.

Other than a representation of Northwestern University nine years ago where in Tavenner & Beran

served as local counsel with Mr. Shaw's prior firm in a small matter in the United States

Bankruptcy Court for the Western District of Virginia, Tavenner & Beran has worked on no legal

matter with Mr. Shaw.

### Cozen O'Connor Neither Holds Nor Represents an Adverse Interest

27.    Based on the Shaw Statement, Cozen O'Connor does not hold or represent an

interest adverse to the Estate.  And the Firm does not represent or hold any interest adverse to the

Debtor or to the Estate with respect to the matter on which it is to be employed.

### Cozen O'Connor is a Disinterested Person

28.    Based on the Shaw Statement, Cozen O'Connor is a "disinterested person" as that

term is defined in § 101(14) of the Bankruptcy Code.   And, to the extent that Cozen O'Connor is

not disinterested, the Trustee is nevertheless permitted to employ Cozen O'Connor  as special

counsel under § 327(e) of the Bankruptcy Code.

### Compensation

29.    The Trustee proposes to compensate Cozen O'Connor on an hourly basis at the

agreed to rates, subject to the Court's approval for said compensation pursuant to § 330 of the

Bankruptcy Code. Cozen O'Connor shall charge its standard hourly rates which currently are as

follows:

| | | | |
|---|---|---|---|
| a. | Brian L. Shaw | (Member) - | $750.00 |
| b. | Peter J. Roberts | (Member) - | $670.00 |
| c. | Christina M. Sanfelippo | (Associate) - | $530.00 |
| d. | Marla Benedek | (Associate) - | $505.00 |
| e. | Patricia M. Fredericks | (Parelegal) - | $300.00 |

The hourly rates of Cozen O'Connor do not exceed the normal and reasonable charges for similar representation and legal services provided by firms of similar reputation, ability, and experience. Payment of such fees shall be subject to application and approval under § 330 of the Bankruptcy Code. Cozen O'Connor's hourly rates vary with the experience and seniority of its attorneys and paralegals and are adjusted from time to time. Subject to this Court's approval, Cozen O'Connor will charge for its legal services on an hourly basis in accordance with the rates in effect on the date on which the services are rendered.

30.     In addition, it is Cozen O'Connor's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. These expenses include, among other things certain mail charges, express mail charges, special or hand delivery charges, photocopying charges, computerized research, travel expenses, as well as extra-ordinary overhead expenses such as secretarial overtime. Cozen O'Connor will charge the Trustee for these expenses in a manner and at rates consistent with the charges made to Cozen O'Connor's clients, generally.

31.     In connection with the forgoing and under the terms of the proposed engagement, Cozen O'Connor is to receive a retainer in the amount of $50,000, which shall be held for application pending further order of the Court.

**Best Interests of the Estate**

32.     As set forth above, Cozen O'Connor satisfies all the requirements for employment and compensation as attorneys by the Trustee in these proceedings under §§ 327 and 330 of the Bankruptcy Code. The employment of Cozen O'Connor by the Trustee is in the best interest of the Estate.

**WHEREFORE**, Lynn L. Tavenner, Trustee, hereby requests that the Court enter an order,

substantially in the form attached hereto as Exhibit 2 approving the employment of Cozen

O'Connor, as set forth herein, and to award any further relief the Court deems proper.

Respectfully submitted,

Dated:  August 2, 2022                      **Lynn L. Tavenner, Chapter 7 Trustee**
      Richmond, Virginia

_/s/   Paula S. Beran_
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178
_Counsel for Lynn L. Tavenner, Chapter 7_
_Trustee_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd  day of August 2022, a true copy of the foregoing Trustee's

Application was sent by electronic delivery to:

Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219


And to all other parties who receive ECF notification in this Case.

/s/ *Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

LeClairRyan, PLLC,[4]

Debtor.

Case No.
19-34574-KRH

Chapter 7

## VERIFIED STATEMENT OF BRIAN L. SHAW

I, Brian L. Shaw, a member of Cozen O'Connor, the proposed special counsel for Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**"), pursuant to Bankruptcy Rule 2014(a), state in support of the Trustee's Application to Retain and Employ Cozen O'Connor as Special Counsel (the "**Application**"):

1.      I am a member of Cozen O'Connor ("**Cozen O'Connor**"), with my principal office at 123 North Wacker Drive, Suite 1800, Chicago, IL 60606, and am admitted to practice law in, among other jurisdictions, the State of Illinois, as well as the United States Supreme Court, the United States Courts of Appeal of the Third, Seventh and Eighth Circuits, and the United States District Courts for the Northern and Central Districts of Illinois, Eastern District of Wisconsin and Northern District of Indiana. I am also a member of the Federal Trial Bar of the Northern District of Illinois.

2.      I have run a conflict check prior to executing this statement pursuant to the following procedures:

---

[4]  The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

1

a.  Cozen O'Connor conflict personnel searched the names of the following on its conflicts data base: the Debtor, the Trustee, Trustee's counsel, the Acting United States Trustee for Region 4 and the members of the Richmond Office of the United States Trustee, all Persons having a filed a proof of claim in the Case, including any known "claims traders" who have purchased such claims, all Persons holding an allowed Chapter 7 and/or 11 administrative expense, the defendants and insurance companies listed in the Judicially Mediated Settlement Motion, the presiding judges for the Case and the Judicially Mediated Settlement Appeal; and

b.  Cozen O'Connor reviewed its employment records to determine if any current attorney at Cozen O'Connor had previously been employed at or a partner in LeClairRyan during the six-year period prior to the Petition Date.

3.  Based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Cozen O'Connor does not represent in this Case any creditors or parties in interest.

4.  In addition, based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Cozen O'Connor does not represent or hold any interest adverse to the Debtor or to the Estate with respect to the matter on which it is to be engaged and is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

5.  Furthermore, based upon this conflict check, and after making necessary, additional investigations regarding any matches, I have determined that Cozen O'Connor has no connection with the Debtor, the Trustee, Trustee's counsel, the Acting United States Trustee for Region 4 and the members of the Richmond Office of the United States Trustee, all Persons having a filed a proof of claim in the Case, all Persons holding an allowed Chapter 7 and/or 11 administrative expense, the defendants and insurance companies listed in the Judicially Mediated Settlement Motion, the presiding judges for the Case and the Judicially Mediated Global Settlement Appeal except as follows:

a.  The Trustee and I previously served together on the Board of Directors of the American Bankruptcy Institute and related committees and panels.

b.    I am a Fellow in the American College of Bankruptcy as are others involved in this Case.

c.    I was a guest, along with the Hon. Kevin R. Huennekens, on Season 2, Episode 5 (MAY 26) of the American Bankruptcy Institute's Eye on Bankruptcy.  In addition, the Hon. Kevin R. Huennekens and I were two of six panelists in a National Association of Attorney Generals' Bankruptcy Seminar session in November 2021.

d.    Tavenner & Beran, PLC previously served as local counsel with me at a prior firm in a small matter in the United States Bankruptcy Court for the Western District of Virginia;

e.    Cozen O'Connor has or currently does represent the following creditors and certain of their affiliates with regard to matters unrelated to this Case:
1.    De Lage Landen Financial Services, Inc.;
2.     Iron Mountain Information Management, LLC;
3.    Ambius, Inc.;
4.    CCPIT Patent and Trademark Law Office;
5.    Dannemann Siemsen Bigler & Ipanema Moreira;
6.    EYP, LLC; and
7.    Verizon Business Group LLC.

f.    Cozen O'Connor has or currently does represent, and has also been or is still adverse to the following creditors in matters unrelated to the Case:
1.    Centurylink Communications;
2.    City and County of San Francisco;
3.    State of Connecticut;
4.    FedEx Corporate Services, Inc.;
5.    Illinois Department of Employment Security;
6.    Regents of the University of California;
7.    Staples, Inc.;
8.    Wolters Kluwer Legal and Regulatory US; and
9.    Connecticut Department of Revenue Services.

g.    Cozen O'Connor has or currently does represent affiliates of the following creditors  in matters unrelated to this Case:
1.    Carlyle Overlook Owner LLC.

h.    Cozen O'Connor currently represents CNA Insurance and Travelers Casualty and Surety Company of America in matters unrelated to the Case.

i.    Cozen O'Connor has or currently represents Quinn Emanuel Urquhart & Sullivan, LLP in matters unrelated to the Case.

3

j.    Current Cozen O'Connor member David R. Doyle, while at Fox Rothschild LLP, assisted in the preparation of proofs of interest of several former partners of LeClairRyan. Mr. Doyle had no further involvement in the Case on behalf of those former partners.

k.    Current Cozen O'Connor attorneys Tom Lisk (member), Jeffrey Townes (member) and Hongling Zou (associate) were once employed at LeClairRyan.

l.    Lynn L. Tavenner and Allen Guon, a current member of Cozen O'Connor, previously served together on the board of a non-profit organization related to financial literacy, and Paula S. Beran currently serves on the same board with Mr. Guon.

m.    Current Cozen O'Connor member Ira Bodenstein previously served as the United States Trustee for Region 11 from May 1998 through January 2006.

6.    To the best of my knowledge, information and belief, Cozen O'Connor has no other connection with the Debtor, the Trustee, Trustee's counsel, the Acting United States Trustee for Region 4 and the members of the Richmond Office of the United States Trustee, all Persons having a filed a proof of claim in the Case, all Persons holding an allowed Chapter 7 and/or 11 administrative expense, the defendants and insurance companies listed in the Judicially Mediated Settlement Motion, the presiding judges for the Case and the Judicially Mediated Global Settlement Appeal.

7.    As with any bankruptcy case, it is difficult to say with certainty that all material relationships have been investigated and discovered at this point in the Case. Accordingly, Cozen O'Connor will periodically update its conflicts database, as well as any additional potential investigation candidates, and if any new material relationships are discovered, they will be disclosed in a supplemental filing with the Court.

8.    Cozen O'Connor's existing standard hourly rates are:

a.    $570 - $940 for members;
b.    $500 - $565 for associates; and
c.    $300 - $325 for paralegals.

9.    Cozen O'Connor is prepared to serve as special counsel consistent with the terms contained in the terms provided for in the Application.

I, Brian L. Shaw, a member of Cozen O'Connor, declare under penalty of perjury that the forgoing is true and correct.

*/s/ Brian L. Shaw*_____
Brian L. Shaw, Esquire
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
P: 312-474-1644 F: 312-361-0644
Email: bshaw@cozen.com

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>　　LeClairRyan, PLLC,[5]<br><br>　　Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
### OF COZEN O'CONNOR AS SPECIAL COUNSEL

This matter came before the Court upon the Trustee's Application to Retain and Employ Cozen O'Connor as Special Counsel (the "**Application**"). The Court  having reviewed (i) the Application and (ii) Verified Statement of Brian L. Shaw pursuant to Fed. R. Bankr. P. 2014(a) (the "**Shaw Statement**"), a member of the law firm of Cozen O'Connor  ("**Cozen O'Connor**""), attached to the Application as Exhibit 1; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application and the Shaw Statement establish just cause for the relief granted herein;

THE COURT HEREBY FINDS THAT:

A.　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B.　　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[5]  The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1

C.       Notice of the Application (and service of the proposed order) was sufficient under the circumstances.

D.       The Application and the Shaw Statement are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court.

E.       Cozen O'Connor does not represent or hold any interest adverse to the Debtor or to the Estate.

F.       Cozen O'Connor is a "disinterested person," as defined in § 101(14) of the Bankruptcy Code.

G.       Cozen O'Connor does not represent or hold any interest adverse to the Debtor or to the Estate with respect to matters to which it is being employed.

H.       The retention and employment of Cozen O'Connor in accordance with the Application and this Order is in the best interest of the Estate.

IT IS HEREBY ORDERED THAT:

1.       The Application is hereby APPROVED.

2.       Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

3.       Pursuant to § 327(a) and (e) of the Bankruptcy Code, the Trustee is authorized  to employ Cozen O'Connor, on an hourly basis at agreed to rates, including reimbursement of reasonable related costs and expenses, in connection with appellate matters including the Judicially Mediated Global Settlement Appeal  and related matters.  The Trustee is further authorized to immediately share all unredacted materials related to the same with Cozen O'Connor.

5.       Pursuant to § 327 of the Bankruptcy Code and the Application, the Trustee is authorized to retain and employ Cozen O'Connor as special counsel retroactive to July 28, 2022.

6.      The Trustee is authorized to provide to Cozen O'Connor a retainer in the amount

of $50,000, which shall be held for application pending further order of the Court.

7.      Approval of Cozen O'Connor's fees shall be subject to further order of the Court.

8.      This Court shall retain exclusive jurisdiction over the Application as well as all

matters related thereto.


Entered:                                    _____

                                            UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:


Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004

    *Office of the United States Trustee*

## **CERTIFICATION**

I hereby certify under Local Rule 9022-1 that the foregoing proposed Order was served

on all requisite parties and has been endorsed by all necessary parties.

                        /s/_____
                        Paula S. Beran, Esquire

3