UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**MOTION TO EXPEDITE HEARING**
**AND MEMORANDUM IN SUPPORT THERETO**

    Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby moves, by counsel, (the "**Expedited Hearing Motion**") the Court for the entry of an order pursuant to Local Bankruptcy Rule 9013-1(N) granting an expedited hearing on her Trustee's Application to Retain and Employ Cozen O'Connor as Special Counsel (the "**Cozen O'Connor Employment Application**") and Trustee's Supplement to Application to Retain and Employ Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (the "**Quinn Emanuel Supplemental Employment Application**," together with the Cozen O'Connor Employment

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Application, the "**Applications**")[2]  In support of this Expedited Hearing Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FOR REQUESTED RELIEF

4. As the Trustee has represented to the Court on several occasions, the Trustee previously determined that she needed the advice and guidance of experienced legal counsel to carry out her duties under the Bankruptcy Code, specifically to investigate and pursue certain litigation claims. The Trustee believed (and continues to believe) that these potential litigation claims may be of substantial value but required the assistance of counsel to assist in her investigation, evaluation, and, if necessary, pursuit of such claims.

5. Accordingly, on January 30, 2020, the Trustee filed an application to employ the law firm of Foley & Lardner LLP ("**Foley**") as special counsel to investigate and pursue potential claims, which the Court approved on February 10, 2020, retroactive to January 30, 2020 [ECF Nos. 300, 342]. Beginning January 30, 2020, Ms. Erika L. Morabito, on behalf of Foley, served

---

[2] Capitalized terms not otherwise defined shall have the meanings given them in the Applications.

as the lead special counsel to the Trustee. In addition, Ms. Brittany J. Nelson, also on behalf of Foley, represented the Trustee.

6. On May 18, 2021, Ms. Morabito and Ms. Nelson joined Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**"). After being informed of Ms. Morabito and Ms. Nelson's relocation from Foley to Quinn Emanuel, the Trustee conducted due diligence with respect to the Estate's ongoing special litigation needs and, in the exercise of her business judgment and consistent with her duties, selected, subject to Court approval, Quinn Emanuel to represent her as special counsel going forward in this Case on the vast majority of unresolved matters based on its considerable experience in insolvency, bankruptcy, and litigation matters, as well as its considerable experience in internal investigations. As such, on June 7, 2021, the Trustee filed *Trustee's Application to Retain and Employ Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 908] (the "**Quinn Retention Application**"). On June 28, 2021, the Court entered its *Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 937] (the "**Quinn Retention Order**"), retroactive to May 18, 2021.

7. To date, in connection with the Trustee's retention and assistance of special counsel, the Estate has recovered in excess of $19,000,000.00.

8. In addition, with the significant assistance of Quinn Emanuel, after mediating for more than two and a half months, litigating for over a year and half, and engaging in hard fought, arms-length negotiations with multiple parties, aided in large part by a substantial amount of hours (more than 100) expended by the judicial mediator (the "**Judicial Mediator**") in this Case (who happens to be the Chief Bankruptcy Judge in this District), the Trustee, all of the defendants in two

3

separate adversary proceedings, and certain insurers reached a global, comprehensive $21,000,000 agreement (the "**Judicially Mediated Global Settlement**"), that is a fair and reasonable compromise of the claims and causes of action asserted by the Trustee in those two separate adversary proceedings. The Judicially Mediated Global Settlement was the result of a mediator's proposal that was to either be accepted or rejected in total. The Trustee in the exercise of her business judgment determined that acceptance was in the best interest of the Estate because, among other things, this settlement avoids lengthy, complex, and expensive litigation of a myriad disputed issues among these parties, and provides for a significant amount of money that likely could provide for a meaningful distribution to unsecured creditors.

9. As such, the Trustee sought this Court's approval of the Judicially Mediated Global Settlement by filing *Trustee's Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment under Section 328(a); and (II) Granting Related Relief* [ECF No. 1328] (the "**Judicially Mediated Settlement Motion**").

10. Prior to the filing of the Judicially Mediated Settlement Motion, upon hearing of the salient terms relayed by the parties in open Court, the Office of the United States Trustee (the "**UST**" and/or the "**Program**") expressed concerns to the Trustee with respect to the Judicially Mediated Settlement, which the Trustee immediately tried to address, to no avail. Ultimately, the UST propounded discovery upon the Trustee [ECF 1335]. Finding herself in the precarious position at odds with the UST(a position she has never experienced in her (a) 25 years of serving as a Chapter 7 Trustee and (b) over 30 years as a member of this Court's bankruptcy community), the Trustee sought and received assistance from the Judicial Mediator in an effort to address the

UST's issues. Through this process the Trustee addressed certain concerns articulated by the UST, provided all of the information that had been requested by the UST, answered all questions posed by UST, and learned that no additional documents or other information was needed from the Trustee. At the conclusion of such process, the Trustee understood that, while the UST would have preferred a different structure for the settlement embodied in the Judicially Mediated Settlement Motion, it recognized the unique circumstances that resulted in the same. Nevertheless, the UST persisted with its objection [ECF Nos. 1333 and 1370] (the "**US Trustee Objection**").

11. At the hearing on the Judicially Mediated Settlement Motion on June 8, 2022, after (a) receiving and reviewing extensive evidence from the Trustee and (b) hearing respective arguments of counsel, this Court took the matter under advisement. On June 28, 2022, this Court approved the Judicially Mediated Global Settlement by entering *Order Granting Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief* [ECF No. 1453], and issuing an accompanying *Memorandum Opinion* [ECF No. 1452] (collectively, the "**Judicially Mediated Settlement Ruling**").

12. Upon receipt of the Judicially Mediated Settlement Ruling, recognizing that the Estate was now poised to receive additional substantial sums and in a position to significantly reduce expenses, the Trustee focused upon estate administrative items and a path forward to address claims including but not limited to the most immediate potential administrative claims of Iron Mountain. The Trustee also reached out to the Acting Assistant United States Trustee for Region 4 to thank him for his professionalism and that of his Richmond office in connection with a difficult task that she understood the UST program believed was in the best interest of the

bankruptcy system. Upon receipt of a very kind response, acknowledging the great result for the Estate, the Trustee progressed forward with the belief that the UST was satisfied with the Judicially Mediated Settlement Ruling and the added benefit that the UST believed its program had contributed to the process.

13. As a result, the Trustee was surprised when the UST appealed the Judicially Mediated Settlement Ruling by filing a Notice of Appeal on the docket in this Case at ECF No. 1480 on July 11, 2022, thereby initiating Civil Action No. 3:22cv 494[3] (the "**Judicially Mediated Global Settlement Appeal**").

14. The Trustee immediately recognized and was concerned (and now creditors have expressed similar concerns) about the negative impact on the Estate and potential distributions to creditors resulting from the UST's Judicially Mediated Global Settlement Appeal. As such, the Trustee has attempted on numerous occasions to explain the concerns with supporting facts to the UST with the hope that, once recognizing the significance of the potential impact compared with little, if any, upside benefit to its program, the UST would reconsider its path forward. To date, the UST has not appeared interested in receiving any such information about the impact on case administration. And it has not altered its path forward. Thus, the Trustee has no alternative but to expend the Estate's resources to defend the Judicially Mediated Global Settlement Appeal. After all, it involves a $21,000,000 settlement that all parties in interest who have verbalized an opinion maintain is, at a minimum, a great result for the Estate and which the Trustee maintains will likely yield sufficient funds to make a meaningful distribution to general unsecured creditors.

---

[3] The Applications incorrectly note this appeal with the case number Civil Action No. 3:22cv328

15. On July 14, 2022, in a bench ruling (the "**Oral Seal Ruling**"), this Court indicated that it would grant as modified a *Motion to Seal Settlement Agreement and Related Documents, Information, and Hearings* [ECF. No. 1325] and *Supplement to Their Previously-Filed Motion to Seal Settlement Agreement and Related Documents, Information, and Hearings* [ECF No. 1479] filed by the ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC. In connection with the same, this Court indicated that it would write an opinion for the benefit of the District Court if any party intended to appeal. Without providing this Court the opportunity to write that opinion, before entry of any order by this Court, and with no professional courtesy notice to the Trustee, the UST filed a premature notice of appeal of the Court's Oral Seal Ruling, thereby initiating Civil Action No. 3:22cv515 (the "**Premature Seal Appeal**"). As such, the Trustee also will have to expend additional resources to ensure that the Estate is protected in connection with the Premature Seal Appeal.

16. Pursuant to the Quinn Retention Order as found in the engagement letter attached to the Quinn Retention Application,

> In the event that the result of any Claim at the trial level is appealed, QEU&S would be pleased to represent the Trustee in such appeal on mutually agreeable terms, subject to Court approval, if the Trustee believes it would be in the best interest of the Estate. We understand the Trustee will make such determination depending on the facts and circumstances of each Claim, including the amount involved and cost of such appeal.

Accordingly, Quinn Emanuel is not retained to represent the Estate in connection with any appeal.

17. After (a) conducting extensive due diligence including but not limited to research on numerous court dockets of billing rates and potential hours to be exerted on known appeals, (b) communicating with five law firms about rates and estimated costs, and (c) considering that a

component of the Judicially Mediated Global Settlement addresses a fee to Quinn Emanuel, the Trustee determined in the exercise of her business judgement that it was in the Estate's best interest to retain the firm of Cozen O'Connor to assist the Estate in the Judicially Mediated Global Settlement Appeal as well as to also utilize Cozen O'Connor in connection with other appellate and related matters, including the Premature Seal Appeal, should the Trustee in the exercise of her business judgment determine it is in the best interest of the Estate. And notwithstanding the proposed retention of Cozen O'Connor, the Trustee also seeks authority to utilize Quinn Emanuel in connection with nuances related to the impacts of the UST appeals on the two pending Adversary Proceedings, Numbers 20-03142 and 21-03095-KRH, as well as to provide information and support to Cozen O'Connor as requested by the Trustee given Quinn Emanuel's extensive knowledge of the facts and law that likely will be part of the Judicially Mediated Global Settlement Appeal (the "**Supplemental Representation**").

## REQUESTED RELIEF

18.    Contemporaneously herewith, the Trustee has filed the Applications, seeking to separately employ both Cozen O'Connor and Quinn Emanuel in connection with the afore mentioned appellate matters for the specific purposes identified in each. Notwithstanding exhaustive efforts to prevent and eliminate the need for even the hiring of appellate counsel, as well as efforts to eliminate the need for an expedited hearing, the Trustee's efforts appear to have fallen into a deep abyss, and the UST has persisted on its own path. For example, other than a response today to the Trustee's request for the UST to endorse the proposed employment orders contained in the Applications, the Trustee has had no communication with the UST on this case for a week notwithstanding the Trustee repeated request in a sincere, heartfelt email dated July 26,

2022 to have discussions with the Program. To date, there has been no response from the Program to said email --not even an acknowledgement of receipt.

19. Irrespective of the same, the Trustee persists forward. Imminently, the Estate is faced with numerous deadlines in connection with appellate matters, which occur as early as August 8, 2022. And these deadlines are merely multiplying by virtue of the actions of the Program. For example, on August 1, 2022, the UST filed in the District Court a Motion to Consolidate Appeals, ECF No. 3 in 3:22cv 494 (the "**Consolidation Motion**") with 8 lawyers listed on the pleading as representing the UST in these appeals. The Consolidation Motion indicates in a footnote that "Opposing counsel declined to consent to this motion to consolidate, asserting that it is premature at this time." The Trustee was never provided a copy of any said motion before its filing. In response to an email from the UST indicating that it intended to file a motion to consolidate and asking for the Trustee's position on the same without providing any supporting information, the Trustee requested that the UST defer the filing of any motion until said time as this Court had issued its memorandum opinion for the Premature Seal Appeal and the Program had identified its issues on appeal. The Trustee further indicated, after the same had been completed, she would discuss the consolidation issue with her professionals to ensure that she based any decision on all available information and, with the same, made a decision in her business judgement as to what was in the best interest of the Estate. Until the filing of the Consolidation Motion, the Trustee did not know that the UST had chosen not to honor her request to defer. And now the Trustee faces yet another deadline, which deadline pursuant to Fed. R. Bankr. Pro. 8013 would be August 8, 2022 or pursuant to the District Court's Local Civil Rule 7 would be August 15, 2022. So, it is important that the Estate immediately retain appellate counsel

to address these items and provide information and advice to the Trustee such that she can make informed decisions as to what she believes in the exercise of her business judgment is in the best interest of the Estate.

20. Also, as this Court is aware, certain documents have been sealed and/or redacted wherein the Trustee's counsel is permitted to access the sealed and unredacted documents. However, there is no similar provision for proposed counsel. And even more importantly, this Court's Judicially Mediated Settlement Ruling has been redacted and, absent further order of this Court, Cozen O'Connor is not permitted to review the unredacted Judicially Mediated Settlement Ruling. The Cozen O'Connor Employment Application requests authorization to immediately share all relevant unredacted materials with Cozen O'Connor.

21. Finally, pleadings being filed by the UST in the District Court wrongly suggest on their face that the proceeding is against Lynn Tavenner personally. The Trustee is hopeful that the same is merely an oversight rather than an attempt to convert what is already an extremely precarious position for the Trustee to a cataclysmic unauthorized personal attack. The issue nonetheless needs to be addressed immediately.

## LEGAL AUTHORITY

22. Local Rule 9013-1(N) contemplates the relief requested herein. Pursuant to Local Rule 9013-1(N), the Certification for Expedited Hearing is attached hereto as Exhibit A.

23. For the reasons stated herein and in the Applications, the Trustee submits that the requisite cause has been shown and, as such, respectfully requests that this Court conduct a hearing on the Applications on or before August 4, 2022, which in and of itself only provides the Trustee one business day and a weekend (which weekend the Trustee had originally intended to spend with

10

her family celebrating her son's 17th birthday that is on August 8) to (a) have appellate counsel begin review of a plethora of information, (b) coordinate with various counsel, and (c) make informed decisions in the exercise of her business judgement on matters having upcoming deadlines as early as August 8, 2022.

## **NOTICE**

24. Copies of this Expedited Hearing Motion and notice thereof will be provided on August 3, 2022 to (a) the Office of the United States Trustee, (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case.

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit B: (a) permitting the Trustee to present the Applications on on an expedited basis and (b) granting such other and further relief, as the Court may deem proper.

Dated: August 3, 2022
Richmond, Virginia

**LYNN L. TAVENNER, TRUSTEE**

By:/s/ *Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Trustee*

## **CERTIFICATE OF SERVICE**

      Pursuant to the Local Rules and/or orders of this Court, I certify that on this 3rd day of August 2022, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; and (e) all parties requesting service of pleadings in this Case.

      /s/ *Paula S. Beran*

*Counsel for the Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
|     LeClairRyan, PLLC, | 19-34574-KRH |
|     Debtor | Chapter 7 |

## CERTIFICATION FOR EXPEDITED HEARING

Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") Lynn L. Tavenner, Chapter 7 Trustee (the "**Trustee**"), has filed (a) a request for an expedited hearing (the "**Expedited Hearing Motion**") and (b) Applications (as defined in the Expedited Hearing Motion). In support thereof, as required by Local Rule 9013-1(N), I, Paula S. Beran, hereby swear under penalty of perjury the following:

1. I am a member of the Bar of this Court;

2. I have carefully examined the matter and have concluded that there is a true need for an emergency hearing;

3. I have not created the emergency through any lack of due diligence; and

4. I am unable to resolve the matter without a hearing.

                                                  */s/ Paula S. Beran*
                                                  Paula S. Beran, Esquire

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| In re: | Case No. |
|---|---|
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**ORDER GRANTING EXPEDITED HEARING ON THE TRUSTEE'S MOTION TO EXPEDITE HEARING ON THE TRUSTEE'S APPLICATIONS TO RETAIN APPELLATE COUNSEL AND MEMORANDUM IN SUPPORT THERETO**

This matter came before the Court upon the motion of Lynn L. Tavenner, Chapter 7 trustee (the "**Trustee**") of the above-captioned bankruptcy case, requesting an expedited hearing and shortened response period (the "**Expedited Hearing Motion**") on the Applications (as defined in the Expedited Hearing Motion), and it appearing that a certification under Local Rule 9013-1(N) was attached to the Expedited Hearing Motion and it further appearing good cause exists for granting an expedited hearing, it is hereby:

ADJUDGED, ORDERED, AND DECREED as follows:

1. The Expedited Hearing Motion is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Expedited Hearing Motion.

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:  (804) 783-8300
Facsimile:   (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

3. The Court shall hear the Applications on August ____2022 at ____ __.m. (prevailing Eastern Time) at the U.S. Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, Virginia 23219.

4. Upon entry, the Clerk shall serve (by electronic delivery) a copy of this Order on counsel for the Trustee.

ENTERED:

                                         UNITED STATES BANKRUPTCY JUDGE

I ask for this:

*/s/*_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Trustee*

### Local Rule 9022-1 Certification

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

                                    _____
                                      Counsel

**Service List for Entered Order**

Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

2

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

3