UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**ORDER CLARIFYING THE ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF QUINN
<u>EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL</u>**

This matter came before the Court upon the Trustee's Supplement to Application to Retain and Employ Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (the "<u>**Supplemental Application**</u>")[ECF 1533]. The Court having reviewed (i) the Supplemental Application, (ii) the Quinn Retention Application,[2] (iii) Verified Statement (and its supplement) of Erika Morabito pursuant to Fed. R. Bankr. P. 2014(a) (collectively, the <u>**"Morabito Statement"**</u>), a partner in the law firm of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), (iv) the Declaration of Lynn L. Tavenner, Chapter 7 Trustee (the "<u>**Tavenner Declaration**</u>"); and the Court having entered the Interim Order Authorizing the Supplemental Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel (the "<u>**Interim Order**</u>") [ECF 1549], and being fully advised of the premise and having determined that the legal and factual basis set forth in the

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Supplemental Application.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Supplemental Application, the Quinn Retention Application, the Morabito Statement, and the Tavenner Declaration establish just cause for the relief granted herein.

THE COURT HEREBY FINDS THAT:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C. Notice of the Supplemental Application was sufficient under the circumstances.

D. The continued retention and employment of Quinn Emanuel in accordance with this Order is in the best interest of the Estate.

E. As a result of the entry by the United States District Court of the Eastern District of Virginia on August 8, 2022 of various orders dismissing the Judicially Mediated Global Settlement Appeal and the Premature Seal Appeal, the Supplemental Representation is no longer necessary in so far as this Order addresses all necessary items to be made *nunc pro tunc* to July 11, 2022 to the Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan LLP as Special Counsel entered on June 28, 2021 (the "**Quinn Retention Order**") [ECF 937].

F. The work that the Trustee requested in writing for Quinn Emanuel to undertake, as described in paragraph 23 of the Supplemental Application, to protect and preserve value for the Estate while the Trustee conducted extensive due diligence on what was in the Estate's best interest to address the Judicially Mediated Global Settlement Appeal (the "**Preservation Services**") constitutes a Non-Contingency Matter for which Quinn Emanuel is entitled pursuant to the Quinn Retention Order to charge its standard hourly rates, subject to a ten (10) percent discount.

G. This Order shall constitute the final order referenced in the Interim Order. IT IS HEREBY ORDERED THAT:

1. The Quinn Retention Order is clarified as set forth herein *nunc pro tunc* to July 11, 2022, and any other request for the Supplemental Representation is hereby deemed withdrawn.

2. In connection with the Preservation Services provided on July 11, 2022 and continuing through and including August 8, 2022, Quinn Emanuel is entitled pursuant to the Quinn Retention Order to charge the Estate its standard hourly rates, subject to a ten (10) percent discount, and same shall be included as such in any future fee application that may be filed by or on behalf of Quinn Emanuel. Approval of Quinn Emanuel's fees for the Preservation Services shall be subject to further order of the Court after appropriate notice and application which application may be filed on or after September 7, 2022.

3. Except as otherwise set forth herein, beginning on August 9, 2022, Quinn Emanuel shall no longer be compensated on an hourly basis for Preservation Services and any such services provided thereafter shall be in connection with the Contingency Fee delineated in the Quinn Retention Order as found in the engagement letter attached to the Quinn Retention Application (the "**Quinn Engagement Letter**"), except as clarified hereafter.[3] Specifically, of the amount received by the Estate at Closing, Quinn Emanuel shall be entitled to receive $6,247,500, which represents 35% of the Total Settlement Payment less the Improvident Payment.[4] From the Second Defendants' Payment received by the Estate, Quinn Emanuel shall be entitled to receive 50% ($1,575,000) of the total Improvident Payment ($3,150,000)). From the Third Defendants'

---

[3] Notwithstanding anything herein, this Order does not preclude Quinn Emanuel from also seeking approval of its fees and costs on an hourly basis for all time and expenses it incurred performing work related to the Supplemental Application that is not otherwise defined as Preservation Services. This request may include, but is not limited to, preparation and/or review of all pleadings related to the Supplemental Application, negotiations regarding the Supplemental Application, addressing or resolving any formal or informal objections to the Supplemental Application, and preparation for and/or attendance at any hearings conducted by the Court related to the Supplemental Application regardless of the date these services were provided by Quinn Emanuel.

[4] For clarification, pursuant to the Judicially Mediated Global Settlement, the Total Settlement Payment less the Improvident Payment is an amount of $17,850,000.

3

Payment received by the Estate, Quinn Emanuel shall be entitled to receive the remaining 50% of the total Improvident Payment ($1,575,000), less thirty-five percent of all Costs and Expenses (with "**Cost and Expenses**" being costs and expenses paid by the Estate (and/or by Quinn Emanuel on behalf of the Estate) pursuant to, and consistent with, those costs and expenses described and/or set forth in the Quinn Engagement Letter). Notwithstanding the foregoing or anything in the Quinn Engagement Letter to the contrary, any amounts paid to Cozen O'Connor shall not be included as Costs and Expenses. Amounts paid to Quinn Emanuel on an hourly basis (solely in connection with the Preservation Services), however, shall be included as Costs and Expenses to be deducted from the amounts due and owing to Quinn Emanuel from the Third Defendants' Payment, as described herein. Should the Estate ultimately not receive at least $17,850,000 from the Defendants pursuant to the Judicially Mediated Global Settlement *and* Quinn Emanuel receives more than 35% of the Net Amount (with "**Net Amount**" being the amount paid to the Estate by the Defendants less Costs and Expenses), Quinn Emanuel shall disgorge any amount it received in excess of 35% of the Net Amount.

4. As stated in the Quinn Retention Order at ¶ 8, Foley's rights to seek compensation for its prior work are reserved pending further order of this Court. The payment of the amounts to Quinn Emanuel set forth in this Order shall not limit, preclude, or impact in any way Foley's right to seek recovery from Quinn Emanuel by providing requisite notice of its fee application at the appropriate time. Moreover, nothing herein shall act as a bar for the Trustee, Quinn Emanuel, or the UST to oppose any request by Foley for fees related to this Supplemental Application or any other fees paid (or sought to be paid) to Foley either by Quinn Emanuel or the Estate during the pendency of this Case. Further, no rights regarding the apportionment of any professional fees

4

in this case, are waived by Foley, Quinn Emanuel, or the Trustee, and all rights are expressly reserved.

5. Unless specifically modified herein, the Quinn Retention Order remains in full force and effect.

6. This Court shall retain exclusive jurisdiction over this Order, as well as all matters related thereto.

Entered: Sep 1 2022

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Sep 2 2022

I ask for this:

*/s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

*/s/ Kathryn R. Montgomery (signature authority via 8/19/22 email)*
Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
(804) 771-8004

*Office of the United States Trustee*

**CERTIFICATION**

I hereby certify under Local Rule 9022-1 that the foregoing proposed Order was served on all requisite parties and has been endorsed by all necessary parties.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire

**Service List of Entered Order**

Kathryn R. Montgomery, Esquire
Shannon F. Pecoraro, Esquire
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219