IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| In re:<br><br>**LECLAIRRYAN PLLC,**<br><br>Debtor.<br><hr>Lynn L. Tavenner, as Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC<br><br>Defendants. | Chapter 7<br><br>Case No. 19-34574 (KRH)<br><br><br><br><br><br>Adv. Proc. No. 20-03142-KRH |

**ULX PARTNERS, LLC'S, UNITEDLEX CORPORATION'S, AND ULX MANAGER, LLC'S SUPPLEMENT TO THEIR PREVIOUSLY-FILED
MOTION TO SEAL SETTLEMENT AGREEMENT AND RELATED DOCUMENTS, INFORMATION, AND HEARINGS**

ULX Partners, LLC ("**ULXP**"), UnitedLex Corporation ("**UnitedLex**"), and ULX Manager, LLC ("**ULXM**") (collectively, the "**Defendants**") by and through their undersigned counsel, pursuant to sections 105 and 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, respectfully submit the following as supplemental authority and argument in support of their previously-filed Motion to Seal [Docket No. 207] due to the various

_____
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
J. Gregory Milmoe (admitted *pro hac vice*)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Fax:         (703) 749-1301
Email:  mckeet@gtlaw.com

*Counsel to ULX Partners, LLC, UnitedLex Corp., and ULX Manager, LLC*

intervening and material events that have occurred since the Motion to Seal was originally filed on May 11, 2022, and in light of the Court's instruction at the June 28, 2022 hearing that the Court receive proposed redactions to various documents in advance of the final hearing of this matter currently scheduled for July 14, 2022.[1]

### Supplemental Background[2]

1.      On May 11, 2022, the Defendants filed the Motion to Seal [AP Docket No. 207] seeking the redaction and/or sealing of various documents and transcripts, including the April 19th Transcript, relating to the settlement of the above-referenced adversary proceeding, among others.

2.      At the direction of the Judicial Mediator, and in an effort to help facilitate the settlement of the parties' dispute, the Motion to Seal was filed in advance of the Trustee filing her 9019 Motion and any supporting documents and/or evidence offered by the Trustee (or others) relating to the same. Accordingly, at the time the Motion to Seal was filed, the Defendants' arguments focused primarily upon seeking to seal settlement-related information that constituted confidential commercial information under Section 107(b) of the Bankruptcy Code, and that "public disclosure of the terms of the Omnibus Settlement Agreement or other sensitive information, including allegations in the litigation that Defendants contended are defamatory, has the potential to be harmful to Defendant's ability to engage in future business dealings." (Motion to Seal, AP Docket No. 207, p.9-10).

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Seal and/or the 9019 Motion.

[2] References to "Docket No." means the main bankruptcy case, Case No. 19-34574, while references to "AP Docket No." means Adversary Proceeding Case No. 20-03142. Multiple documents referenced herein apply in various case numbers relating to the main bankruptcy case, and thus Defendants' Motion to Seal applies to all instances where such documents/information appear.

3. Shortly after the filing of the Motion to Seal, reports regarding the settlement as described at the April 19th hearing appeared in the press, publicly disclosing certain terms of the Omnibus Settlement Agreement. *See* UST Objection, AP Docket No. 215, ¶22, fn.3.

4. On May 18, 2022, the Court entered Defendants' Unopposed Bridge Order Restricting Public Access to the April 19th Transcript. [AP Docket No. 210]. On May 18, 2022, the Trustee also filed her 9019 Motion [AP Docket No. 211].

5. On May 23, 2022, the United States Trustee filed an objection to the Motion to Seal (the "**UST Objection**") [AP Docket No. 215].

6. At the May 25th and 26th hearings on the Motion to Seal, and in light of certain terms being disclosed publicly through press reports, the Defendants ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7. At the conclusions of the May hearings on the Motion to Seal, the Court granted the Motion to Seal on an interim basis pending a final hearing that would be held once the Court had all pleadings and evidence before it regarding the Trustee's 9019 Motion and the hearing thereon that was scheduled for June 8, 2022.

8. On June 3, 2022, the Trustee filed Declarations by Lynn Tavenner and Brittany Nelson at Docket Nos. 1374 and 1380 in support of the 9019 Motion. Pursuant to the Court's rulings and instructions at the May 25th and 26th hearings on the Motion to Seal, the Declarations were both filed under seal.

9. On June 6, 2022, pursuant to its rulings at the May 25th and 26th hearings on the Motion to Seal, the Court entered an *Order to Seal Omnibus Settlement Agreement and Related Documents, Information, and Hearings* [AP Docket No. 250] (the "**Interim Sealing Order**"), through which the Court sealed and/or redacted certain previously-filed pleadings from the litigation on a final basis, but sealed certain pleadings, declarations, and transcripts on an interim basis.

10. With respect to settlement-related pleadings, the Interim Sealing Order provided, among other things, that (i) the 9019 Motion shall be redacted as provided for therein on an interim basis, (ii) that declarations and other evidence that the Trustee may offer in connection with her 9019 Motion shall be under seal on an interim basis, (iii) that any objections/responses to the 9019 Motion shall be filed under seal on an interim basis, (iv) the April 19th Transcript shall be redacted as provided for therein on an interim basis, and (v) the transcripts of the hearings held by the Court on May 25, 2022 and May 26, 2022 shall be sealed on an interim basis.

11. As seen in the Attachments to the Interim Sealing Order, the redactions to the 9019 Motion and the April 19th Transcript were limited and narrowly tailored, with the material terms of the Omnibus Settlement Agreement all still being placed on the public record – including, without limitations, the amounts and payors of the settlement payments, the waiver of the ULXP Proofs of Claim, the compensation of the Trustee's counsel through the Improvident Payment (including the amount of such proposed payment), and the fact that the settlement included a statement that no party admitted liability. (*See* Interim Sealing Order, Attachments 1 & 2).

12. Significantly, the Interim Sealing Order also provided that the unredacted versions of the 9019 Motion (and the Omnibus Settlement Agreement), as well as objections/responses could be provided, subject to an agreement of confidentiality, to estate creditors holding

undisputed proofs of claim pursuant. (*See* Interim Sealing Order, ¶9).[3]  As relayed to the undersigned by the Trustee's counsel, only a single creditor – Foley & Lardner – requested copies of the same as provided for in the Interim Sealing Order.

13.  The Interim Sealing Order, however, limited the disclosure of the Trustee's Declarations in support of her 9019 Motion, which expanded on the allegations in the 9019 Motion, to those creditors who timely filed an objection to the 9019 Motion. (*See* Interim Sealing Order, ¶10).  The only purported creditor to file an objection to the 9019 Motion, however, was Foley & Lardner [Docket No. 1365], which was provided a copy of the Declarations.

14.  On June 8, 2022, the Court held a hearing on the Trustee's 9019 Motion. The Court admitted into evidence the Declarations, as well as the testimony of Brittany Nelson and Lynn Tavenner. The June 8, 2022 hearing was held under seal, pending a final ruling on the Defendants' Motion to Seal which the Court continued until June 28, 2022.

15.  ███████████████████████████████████

---

[3] As this process had been agreed to already by the parties in the Omnibus Settlement Agreement, the Trustee included instructions as to how such creditors could receive unredacted copies of such documents in the *Notice of Motion and Hearing Thereon* [Docket No. 1329] regrading the Trustee's 9019 Motion that she served on May 18, 2022 upon (i) all parties and counsel requesting service via the Court's ECF system, (ii) the Office of the US Trustee, (iii) the 20 largest unsecured creditors as listed in the Debtor's schedules, (iv) the Service List as defined by the governing Case Management Order, (v) Foley & Lardner, and (vi) all Persons identified in paragraph 4 of the FAO Procedures Order.  In other words, notification of this procedure was given to the appropriate parties well before entry of the Interim Sealing Order and well before the June 1, 2022 objection deadline for the Trustee's 9019 Motion. *See* Docket No. 1329.



17. At the conclusion of the June 8th Hearing, the Court continued the final hearing on the Motion to Seal until June 28, 2022. At the June 28, 2022 hearing, the Court continued the hearing again until July 14, 2022, to allow time for the Court's ruling and memorandum opinion on the 9019 Motion to be issued.

18. Also at the June 28, 2022 hearing, which was not under seal, the Court stated that Defendants should be prepared to submit to the Court at the July 14th hearing proposed redacted documents. As set forth herein, Defendants have attached the proposed redactions to this Supplemental Memorandum.

6

19. Later that same day on June 28, 2022, the Court issued its Order and accompanying Memorandum Opinion approving the Omnibus Settlement Agreement. [Docket Nos. 1452 and 1453]. The Court filed a redacted version of the Memorandum Opinion on the docket in light of the pending Motion to Seal. [Docket No. 1450].

### Relief Requested

20. Through the Motion to Seal, as well as this Supplement and arguments made at the various hearings relating to this matter, the Defendants respectfully request that the following sealings and/or redactions be made by the Court on a final basis, and notwithstanding any prior order of this Court, shall remain sealed and not disclosed absent further order of the Court:

(i) The 9019 Motion, as provided for in the Interim Sealing Order and as re-docketed in redacted form at Docket No. 1454, as well as its Exhibits A and B in the form attached collectively hereto as **Attachment 1**;

(ii) The April 19th Transcript, as provided for in the Interim Sealing Order and as re-docketed in redacted form at AP Docket No. 266;

(iii) The UST Objection to the 9019 Motion, in the proposed redacted form attached hereto as **Attachment 2**;

(iv) The May 25th Transcript, in the proposed redacted form attached hereto as **Attachment 3**;

(v) The May 26th Transcript, in the proposed redacted form attached here as **Attachment 4**;

(vi) The Declaration of Lynn L. Tavenner, Trustee (the "**Tavenner Declaration**") [Docket No. 1374], in the proposed redacted form attached here as **Attachment 5**;

(vii) The Declaration of Brittany J. Nelson (the "**Nelson Declaration**") [Docket No. 1380], in the proposed redacted form attached here as **Attachment 6**, as well as all exhibits thereto[4];

(viii) The Trustees' Reply in Support of the 9019 Motion [AP Docket No. 252], in the proposed redacted form attached hereto as **Attachment 7**;

(ix) The June 8, 2022 Transcript [AP Docket No. 259], in the proposed redacted form attached hereto as **Attachment 8**;

(x) The Court's Memorandum Opinion approving the 9019 Motion [Docket No. 1450] (the "**Memorandum Opinion**"), in the redacted form already provided by the Court.

(xi) The instant Supplement to the Previously-Filed Motion to Seal in the redacted form attached hereto as **Attachment 9**, and all exhibits/attachments thereto.

(xii) The July 14th Transcript and proffered evidence regarding the hearing on the Motion to Seal, which redactions will be proposed by Defendants following completion of the July 14th hearing in the event the Court grants the Motion to Seal.[5]

---

[4] The Tavenner Declaration and the Nelson Declaration may be collectively referred to herein as the "**Declarations**".

[5] All the materials that Defendants seek to seal through the Motion to Seal, this supplement, and as discussed at the hearing on the same, shall be collectively referred to as the "**Subject Materials**". The proposed redactions in the Subject Materials are highlighted in yellow in the Attachments and Exhibits. In the event the Court grants the Motion to Seal, and due to the fact that various documents appear in multiple case numbers, the Defendants will prepare an Order addressing the sealing in the appropriate case numbers.

8

## BASIS FOR RELIEF REQUESTED

21. The Motion to Seal is now primarily focused on the purported reasons underlying the Improvident Payment component of the Omnibus Settlement Agreement that had been directed by the Judicial Mediator. In addition to the reasons for sealing as set forth in Defendants' original Motion to Seal, subsequent filings and hearings in this case have made clear that the Subject Materials should be sealed because they are saturated with settlement/confidential mediation discussions and information, and because they contain scandalous and/or defamatory material.





### B. Mediation Information Should be Redacted

25. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ such information should remain under seal anyway because the Subject Material contains significant descriptions of the mediation, and mediation is sacrosanct. *See Herman v. Wells Fargo Bank, N.A.*, 2021 U.S. Dist. LEXIS 43321 (W.D.Va. Mar. 9, 2021) ("The guarantee of confidentiality is essential to the proper functioning of a settlement conference program.") (citing *Clark v. Stapleton Corp.*, 957 F.2d 745 (10th Cir. 1992)); *see also Sheldone v. Pa. Tpk. Comm'n*, 104 F.Supp. 2d 511 (W.D.Pa. 2000) ("If participants cannot rely on the confidential treatment of everything that transpires during [mediation] sessions then counsel of necessity will feel constrained to conduct themselves in a cautious, tightlipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute. This atmosphere if allowed to exist would surely destroy the effectiveness of a program that has led to settlements . . ., thereby expediting cases at a time when . . . judicial resources . . . are sorely taxed."); *see also* Fed. R. Evidence 408.

26. This Court's Local Rules provide that the "[t]he substance of communications and writings in the mediation process shall not be disclosed to any person other than participants in the mediation process . . . ." Local Rule 9019-1(J). The Rule continues by stating that "unless

otherwise agreed to by the party, communications and writings between a party and the mediator shall be considered privileged and confidential and shall not be subject to discovery." *Id.*

27. In addition to this Court's Local Rule regarding mediation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the parties engaged in extensive discussions and negotiations to ensure the confidentiality of the mediation that ultimately resulted in the entry of the *Mediation Order Regarding Confidentiality* [AP Docket No. 195] (the "**Mediation Confidentiality Order**") that was entered by the Judicial Mediator on April 11, 2012.

28. The confidentiality provided for by FRE 408, the local rules, and the Mediation Confidentiality Order, were all critical to the global resolution of this matter. Indeed, over at least a four-month period from February until the beginning of June 2022, the parties engaged in settlement-related (protected by FRE 408) discussions leading up to the mediation, and countless discussions during the course of the mediation and after the settlement was announced at the April 19th hearing while the parties negotiated the details and language of the Omnibus Settlement Agreement with the assistance and direction of the Judicial Mediator.

29. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

12

30. All such information should remain under seal and not be publicly disclosed. Not only would it be contrary to the local rules and the Mediation Confidentiality Order to hold otherwise, but such a holding would undoubtedly have a chilling-effect on mediation in this district.

### C. The Subject Material is Scandalous and/or Defamatory Under Section 107(b)

31. As noted in the Motion to Seal, Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of certain categories of information. Section 107(b) states, in part:

> On request of a party in interest, the bankruptcy court shall . . .
>
> > (2) Protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b)(2).

44. Bankruptcy Rule 9018 also provides in relevant part:

> On motion or its own initiative, with or without notice, the court may make any order which justice requires . . . (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code . . . .

Fed. R. Bank. P. 9018 (emphasis added).[8]

45. In the case of *In re Gordon Props. LLC*, 536 B.R. 703 (Bank. E.D.Va. 2015), Judge Mayer discussed the standard for sealing under Section 107(b) and ultimately granted a motion to seal various letters containing scandalous statements about a debtor's manager. *See id..* at 712 ("if found to be scandalous, the court is <u>required</u> to protect the parties involved.") (emphasis added).

---

[8] The Court also has the inherent power to seal materials submitted to it. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests.").

More specifically, the Court in that matter evaluated the letters at issue against the "plain meaning of scandalous," and noted that a scandalous statement by itself qualified for sealing – with no need for the Court to determine the statement's veracity. *See id* (relying upon *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011) (noting that the ordinary dictionary meaning of "scandalous" included "bringing discredit on one's class or position," "grossly disgraceful," "offensive to a sense of decency or shocking to the moral feelings of the community; shameful"); *see also Ballentine's Law Dictionary* (defining "scandalous matter" to be "[i]mpertinent allegations which are damaging to the reputation of the person aspersed."); *see also Robbins v. Tripp*, 510 B.R. 61, 69 (E.D.Va. 2014) (keeping a report sealed because it contained information that could harm counsel's professional reputation, and noting that the Ninth Circuit "found that the definition of scandalous included bringing discredit to one's profession," and further noting *In re Neal*, 461 F.3d 1048 (8th Cir. 2006) for "employing a test to determine if a matter is scandalous by asking 'whether a reasonable person could alter their opinion of Defendants based on the statements therein, taking those statements in the context in which they appear.'").

46. The proposed redacted allegations and statements throughout the Subject Material fall within the exception provided for in Section 107(b) of the Bankruptcy Code, as such falls within the plain meaning of "scandalous". ███████████

███████████

███████████

███████████

███████████

███████████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

47. Further, the Court expressly held in its Memorandum Opinion that it was approving the Omnibus Settlement Agreement "in full, including the Improvident Payment" and that it could not consider the Improvident Payment as a separate clause. *See Memorandum Opinion* p.26. █

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

---

9 ████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

48. To unseal or un-redact the Subject Material at this point would serve no useful purpose ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ The Omnibus Settlement Agreement has already been approved, with actual creditors already having had the opportunity to, at a minimum, read the unredacted 9019 Motion that █████████████████████████████████

███████████████████████████████████████████████

███████████████████████████ The press has already been following this case and has published various articles regarding the settlement. ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████.[10]

49. ████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

WHEREFORE, Defendants respectfully request that the Court grant the Motion to Seal, providing for the redactions of various settlement-related pleadings and transcripts in the form of the Attachments to this Supplement or as otherwise referenced herein, and granting such other and further relief as the Court deems just and proper.

---

[10] Defendants reserve the right to file and/or present additional evidence to the Court for the hearing on the Motion to Seal, including submission of declarations as necessary.

Dated: July 11, 2022

/s/ *David G. Barger*
David G. Barger (VSB No. 21652)
Thomas J. McKee, Jr. (VSB No. 68427)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301
Email: bargerd@gtlaw.com
mckeet@gtlaw.com

J. Gregory Milmoe (*admitted pro hac vice*)
Greenberg Traurig, LLP
One International Place, Suite 2000
Boston, MA 02110
Telephone: (617) 310-6064
Email: milmoeg@gtlaw.com

*Counsel to ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 11th day of July, 2022, a true and accurate copy of the foregoing document was filed under seal in light of the Court's ongoing consideration of the Motion to Seal, but was served in unredacted form via email upon the following:

Paula Beran, Esq.
Tavenner & Beran
pberan@tb-lawfirm.com
*Counsel to the Chapter 7 Trustee*

Erika Morabito, Esq.
Brittany Nelson, Esq.
Quinn Emanuel
erikamorabito@quinnemanuel.com
brittanynelson@quinnemanuel.com
*Special Litigation Counsel to the Chapter 7 Trustee*

Kathryn Montgomery, Esq.
Shannon Pecoraro, Esq.
Office of the United States Trustee
Kathryn.montgomery@usdoj.gov
Shannon.pecoraro@usdoj.gov

                                                  /s/ David G. Barger
                                                David G. Barger (VSB No. 21652)
                                                Greenberg Traurig, LLP
                                                1750 Tysons Boulevard, Suite 1000
                                                McLean, Virginia 22102
                                                Telephone: (703) 749-1300
                                                Facsimile: (703) 749-1301
                                                Email: bargerd@gtlaw.com

                                                *Counsel to ULX Partners, LLC, UnitedLex Corporation, and ULX Manager, LLC*

# Exhibit 1

**McKee Jr., Thomas (Shld-NVA-LT-Bky)**

**From:**
**Sent:** Wednesday, April 27, 2022 11:04 AM
**To:** Barger, David G. (Shld-NVA-LT); Milmoe, Greg (Shld-BOS-Bky); McKee Jr., Thomas (Shld-NVA-LT-Bky)
**Subject:** Judge Santoro response

**\*EXTERNAL TO GT\***



Law Clerk to the Hon. Frank J. Santoro, Chief Judge
United States Bankruptcy Court – Eastern District of Virginia
600 Granby Street, 4th Floor
Norfolk, VA 23510

1