**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br><br>Chapter 7 |

## WITNESS LIST AND RELATED DECLARATION

In accordance with Richmond General Order 22-2, Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, a witness list and related declaration.[2]

## WITNESS LIST

In support of the relief requested in the items designated on the *Proposed Hearing Agenda*, ECF No. 1630, I, Lynn L. Tavenner, Trustee submit the following list:

1.    Lynn L. Tavenner, Trustee

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

1.    I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 Trustee of the LeClairRyan Estate, pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] As reflected on the Proposed Hearing Agenda, no objections were filed with respect to the delineated items.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

2. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

3. I submit this declaration in support of the (1) *Trustee's Motion to Establish Procedures for Interim Distribution to Chapter 11 Administrative Creditors*, ECF No. 1607; (2) *Trustee's Second Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds,* ECF No. 1614; and (3) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A) .

4. The statements in this Declaration are, except where specifically noted, based on my personal knowledge of information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

### A. *Trustee's Motion to Establish Procedures for Interim Distribution to Chapter 11 Administrative Creditors* (the "Interim Distribution Motion")

5. At the time the Debtor's case was converted to Chapter 7, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all requisite insurance.

6. I understood there could be costs that had been incurred in connection with the wind-down operations that remained unpaid as of the conversion date on October 4, 2019. As such I, as Trustee, in the exercise of my business judgment, determined that it was in the Estate's best interest to quantify the amount of said costs that would be compensable pursuant to § 503(a) of

the Bankruptcy Code. On April 27, 2022, upon motion, notice, and a hearing, this Court entered its *Order Setting Bar Date for Filing Chapter 11 Applications for Administrative Claims,* which required that requests for payment of administrative expenses incurred on or after September 3, 2019, and before October 4, 2019 must be filed on or before May 31, 2022 (unless extended by Court Order) and that deadline is referred to as the Chapter 11 Administrative Claims Bar Date.

7. On or before the Chapter 11 Administrative Claims Bar Date, several requests were filed with this Court under § 503(a) of the Bankruptcy Code for payment of administrative expenses incurred on or after September 3, 2019, and before October 4, 2019. I, as Trustee, have resolved all said requests with the requisite claimants, and this Court has entered orders allowing for certain of the administrative expense.

8. Furthermore, pursuant to interim orders of this Court, Protiviti, Inc., which I refer to as Protiviti, was awarded compensation in the amount of $125,196.00 and Hunton Andrews Kurth LLP, which I refer to as Hunton, was awarded compensation in the amount of $296,127.70 and reimbursement of expenses in the amount of $2,013.58. Pursuant to the terms of said orders, I, as Trustee, was provided additional time to investigate and assert, if appropriate, claims and to setoff, if ultimately warranted, under specified terms. Upon expiration of a time certain (as may be extended by Order of this Court and/or written agreement of the parties) with no objection having been filed by me, the amounts contained in those order shall be deemed approved on a final basis without further Order of this Court. I, as Trustee, and Hunton have been working collaboratively to address all items related to LeClairRyan; as such, Hunton and Protiviti have further extended said deadlines.

9. As of September 29, 2022, the amount of Estate funds in my possession, as Trustee, was as follows: $858,631 (Signature Bank- Regular), $15,990,995.52 (Signature Bank – Money

Market), $65,715.09 (Operating Account – HSBC), $954,692.37 (commonly referred to as CAPE account), and $299,775.36 (Virginia IOLTA). And as of the filing of this Declaration, the amount of Estate funds in my possession, as Trustee, (less checks in transit) is as follows: $1,299,824.57 (Signature Bank- Regular), $16,011,397.52 (Signature Bank – Money Market), $52,197.99 (Operating Account – HSBC), $954,692.37 (commonly referred to as CAPE account), and $299,775.36 (Virginia IOLTA).

10. I, as Trustee, have and continue to review the claims filed in the Case for amounts due and owing as of Debtor's petition date, which currently total more than $670,000,000.00. I, as Trustee, anticipate that additional time will be required to fully administer the Debtor's Estate but maintain, based on facts and circumstances currently known to me, that payment of Allowed Chapter 11 Administrative Expenses (as hereafter defined) will neither impede my ability to properly administer this Estate to conclusion nor negatively impact the payment of expenses related to that administration. And I, as Trustee, am diligently working to address claims in hopes that there will be sufficient funds to make a meaningful distribution to all pre-petition claims that are ultimately allowed by this Court. As such, with the Interim Distribution Motion, I, as Trustee, seek to establish procedures whereby I, as Trustee, may make an interim distribution to those claiming an administrative expense under § 503(a) of the Bankruptcy Code which administrative expense was (a) incurred on or after September 3, 2019 and before October 4, 2019 and (b) has been allowed by final order of this Court, which I refer to collectively as the Allowed Chapter 11 Administrative Expenses and singularly as an Allowed Chapter 11 Administrative Expense.

11. Specifically, with this Interim Distribution Motion, I, as Trustee, seek entry of an order which will permit me to accomplish an interim distribution using the following procedures as further delineated in the motion:

    a. I shall be authorized to pay the Allowed Chapter 11 Administrative Expenses listed on Exhibit B attached Interim Distribution Motion, as may be amended (the "Initial Interim Distribution List").

    b. To the extent I, as Trustee, determine, in the exercise of my business judgment, that it is in the best interest of the Estate to pay an Allowed Chapter Administrative Expense that is not identified on the Initial Interim Distribution List, including but not limited to amounts that may be owed to Hunton and/or Protiviti, I, as Trustee ,will file a Notice of Interim Distribution ("Notice of Interim Distribution") with the Court which will provide a listing of those Persons I propose to pay, along with a summary of the distribution sought.

    c. I, as Trustee, will also serve the Notice of the Interim Distribution on the Office of the United States Trustee, all parties listed on the Debtor's Official Form 106G except known landlords, the Debtor's 20 Largest Unsecured Creditors, all known secured creditors from the Debtor's Official Form 106D, the Core Parties and 2002 List as defined in the *Order Establishing Certain Notice, Case Management and Administrative Procedures*, and all parties requesting service of pleadings in this Case.

    d. Any Person desiring to object to one or more of the payments I propose shall on or before 14 days from the date of the Notice of Interim Distribution (the "Objection Period") file with this Court and serve on me and the Office of the United States Trustee an objection stating with particularity the basis of why the objector maintains that I should not be authorized to pay the particular Allowed Chapter 11 Administrative Expense (the "Payment Objection").

    e. After the expiration of the Objection Period, I, as Trustee, shall be authorized to pay the Allowed Chapter 11 Administrative Expenses listed on the Notice of Interim Distribution to which no Payment Objection has been filed.

    f. To the extent a Payment Objection is filed, I, as Trustee, shall not thereafter pay the particular Allowed Chapter 11 Administrative Expense absent (a) written consent from the Person filing the Payment Objection or (b) further order of this Court after a hearing thereon at a requisite Omnibus Hearing, which may be set by me with at least 7 days' notice to the Person who had filed the Payment Objection.

12.    I, in the exercise of my business judgment, maintain that it is in the Estate's best interest to pay Allowed Chapter 11 Administrative Expenses for numerous reasons. For example, said interim distributions may reduce the costs associated with maintaining Estate funds in the requisite approved depository with little risk of otherwise negatively impacting the administration of the Estate. Indeed, said distributions provide for a meaningful and expedited payment to designated administrative creditors without requiring the conclusion of ongoing matters of an indeterminate length and without impact on the ongoing administration of this Case.

5

**B. *Trustee's Second Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in certain funds held in a Segregated Account and (II) Authorizing the Distribution of Funds* (the "Trustee's Second CAPE Motion")**

13. After September 3, 2019 but before my appointment as Trustee, , the Debtor filed its *Motion for Entry of an Order Authorizing and Directing Payment of Client Expense Reimbursements* (the "Debtor's CAPE Motion"), which motion sought the authority for the Debtor to pay certain third-party vendors ("Client Vendors") providing services to, or for the benefit of, LeClairRyan's clients ("Clients") certain sums for which LeClairRyan had previously billed its Clients for attorney fees and for reimbursement of certain expenses (the "Client Expense Reimbursements"). The Debtor's CAPE Motion sought authority to pay the Client Vendors with funds that had been placed on and after September 3, 2019 in a separate account (the "Segregated Account"). As of September 3, 2019, the balance in said account was $439, 840 (the "Pre-petition Account Balance"), with a corresponding "open vouchers with paid client costs" of $1,509,352, leaving a deficiency of as much as $1,069, 511. The Trustee's Second CAPE Motion does not seek any relief as it relates to the Pre-petition Account Balance and claims related thereto. Said issues will be addressed in connection with my continued reconciliation of pre-petition claims.

14. After my appointment, , I, as Trustee, continued the hearing on the Debtor's CAPE Motion several times such that the issues surrounding the funds in the Segregated Account could be further examined. In addition, I continued the process and procedures that had been established regarding the placement of funds into the Segregated Account.

15. I, as Trustee, through counsel, at a hearing on November 21, 2019, orally moved to modify certain of the terms of the Debtor's CAPE Motion, and this Court subsequently entered the Trustee's *Order Authorizing Payment of Client Expense Reimbursements and Continuing Hearing* (the "Trustee's First CAPE Order").

6

16. Following entry of the Trustee's First CAPE Order, I, as Trustee, with the assistance of my professionals and other members of my wind-down team, and one of the Debtor's secured creditors, examined the facts and circumstances related to amounts contained in the Segregated Account received after September 3, 2019 (the "Post-Petition Segregated Funds") to determine what amounts had been paid to the respective Client Vendor such that the same could be released from the Segregated Account and placed in the Estate's operating account for use in the administration of the Chapter 7 Estate consistent with any cash collateral order entered by this Court, all as allowed pursuant to the Trustee's First CAPE Order. Said examination revealed that approximately $389,000.00 of the Post-Petition Segregated Funds could be released from the Segregated Account and placed in the Estate's operating account for use in the administration of the Chapter 7 Estate consistent with any cash collateral order entered by this Court. The same occurred on February 20, 2020, and the exact amount was $389,247.52.

17. This examination also revealed that certain amounts that are designated as unpaid in the Debtor's books and records may have been paid to the respective Client Vendor. In addition, to the extent funds were received without remittance instructions, amounts were applied first to expenses and then to fees. And the nature of some of the remittances suggests that the same is property of the Estate. As such, I, as Trustee, believed it prudent to establish a process that allowed additional information for parties and this Court to determine the nature of the Post-Petition Segregated Funds in the Segregated Account.

18. Accordingly, I, as Trustee, filed the *Trustee's Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*. After requisite notice and a hearing, this Court granted the requested relief and

7

entered *Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds* (the "Initial Post-Petition Segregated Funds Order"). Pursuant to the terms of the Initial Post-Petition Segregated Funds Order, requisite notice was provided via mail and publication, with the effective date of said notice being February 28, 2020. As of said date, the balance of Post-Petition Segregated Funds was $869,610.23, and the balance as of the filling of the Trustee's Second CAPE Motion was (and remains as of the filing of this Declaration) 954,692.37 – an increase of $85,082.14 (the "Additional Post-Petition Segregated Funds").

19.    I, with the assistance of my professionals and winddown team members, have reconciled many of the claims made pursuant to the Initial Post-Petition Segregated Funds Order but have neither paid amounts to claimants nor released funds to the Estate's general operating accounts due to litigation items that potentially could be impacted.  I, in the exercise of my business judgment, maintain that it is now again in the Estate's best interest to move forward to either pay amounts to claimants or release funds to the Estate's general operating accounts consistent with authority contained in the Initial Post-Petition Segregated Funds Order. Furthermore, I, as Trustee, will continue to reconcile additional claims made pursuant to the Initial Post-Petition Segregated Funds Order. The relief in the Trustee's Second CAPE Motion does not seek to alter or modify the Initial Post-Petition Segregated Funds Order. Instead, the Trustee's Second CAPE Motion addresses Additional Post-Petition Segregated Funds, amounts that were not in my possession as of the entry of the Initial Post-Petition Segregated Funds Order.

20.    The procedures proposed to address the Additional Post-Petition Segregated Funds are substantially similar to those provided for in the Initial Post-Petition Segregated Funds Order with a few modifications to address the amount at issue and realities as the country exits the full-

blown pandemic phase of COVID. I, in the exercise of my business judgment, maintain that it is in the Estate's best interest to address the Additional Post-Petition Segregated Funds through said procedures.

21. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: October 26, 2022
Richmond, Virginia

By: */s/  Lynn L. Tavenner*
Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,
**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: October 26, 2022
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of October 2022, a true copy of the foregoing Witness List and Related Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

*/s/    Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*