**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**MOTION FOR APPROVAL OF COMPROMISE AND**
**SETTLEMENT AND MEMORANDUM OF LAW**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement and Memorandum of Law  (the "**Settlement Motion**" and/or the "**Motion**"), seeking the entry of an order approving the settlement proposed herein with Petersburg Regency LLC ("**PR**") and Robert Harmon ("**Harmon**" and together with PR, the "**Claimants**") .

**Jurisdiction and Venue**

1.    The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
Facsimile:     (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

*Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019. Upon conversion, Lynn L. Tavenner was appointed interim trustee (and no trustee having been elected at the meeting of creditors, she continues to serve as Trustee.

6. On or about November 18, 2019, PR filed in the Case Proof of Claim No. 20 ("**Regency Proof of Claim**"), attaching to the same a complaint that had initiated the Petersburg Litigation.[2] On December 19, 2019, the Claimants sought relief from the automatic stay to move forward in the Petersburg Lawsuit to reduce those claims to either settlement or judgment, and

---

[2]On May 7, 2019, the Claimants filed a lawsuit in the Superior Court of New Jersey (the "**Petersburg Lawsuit**") against the Debtor, asserting, among others, claims for legal malpractice relating to the Debtor's representation of one or more of the Claimants in an underlying litigation matter.

then to permit the Claimants to seek recovery of those amounts from Debtor's applicable insurance coverage and then have the balance, if any, be an allowed claim in this Case. *See Motion for Limited Relief from the Automatic Stay* [ECF No. 287]. The Trustee objected to aspects of the relief sought. *See Trustee's Limited Objection.* [ECF No. 326]. The matter was continued several times while certain informal and formal discovery ensued. At a hearing on August 20, 2020, it was announced that the motion would be withdrawn. [ECF No. 613].

7.      Thereafter, AXIS Insurance Company ("**AXIS**" and/or the "**Insurance Company**"), and Claimants determined that it could be productive to utilize a mediator to try to resolve the Petersburg Lawsuit outside of the Case. The Trustee consented to the same under specific terms.

8.      On December 2, 2021, this Court entered an *Agreed Order Granting Petersburg Regency LLC and Robert Harmon Limited Relief from the Automatic Stay*, [ECF. No. 1128], wherein the automatic stay was modified to (a) permit the Claimants and AXIS to pursue resolution of the Petersburg Lawsuit by settlement, (b) allow the advancement of defense costs from proceeds of policy of insurance identified Policy No. 745269/01/2015 (the "**Malpractice Policy**") issued by AXIS to the extent necessary in connection with settlement conferences and/or mediation of the matter, and/or (c) pay amounts within limits of the Malpractice Policy to fully resolve the Petersburg Lawsuit (the "**Petersburg Lawsuit Resolution**"). To the extent there was a Petersburg Lawsuit Resolution, on or before 5 business days of the effective date of the same, the Claimants were required to withdraw with prejudice the Regency Proof of Claim, and Claimants shall be entitled to no distribution of any sort in this Case. To the extent Claimants and AXIS are unable to fully resolve the Petersburg Lawsuit within the limits of the Malpractice

Policy and/or absent further Order of this Court, the Petersburg Lawsuit and the Regency Proof of Claim shall be addressed in connection with the claims resolution process in this Bankruptcy Case.

9. After entry of this Court's order, Axis and PR elected to engage a retired State Court Judge from New Jersey as Mediator (the "**New Jersey Mediator**"). After several unsuccessful mediation sessions, the New Jersey Mediator requested in late summer of 2022 that the Trustee participate. Accordingly, the Trustee sought and obtained this Court's authority to retain defense counsel. *See Order Authorizing the Retention and Employment of Merritt Law, PLLC as Special Counsel.* [ECF No. 1641]. The Trustee also sought and obtained this Court's authority to retain insurance coverage counsel. *See Order Granting Application to Employ Gilbert LLP as Special Counsel*. [ECF No. 1642].

10. Thereafter, pursuant to the New Jersey Mediator's request, the Trustee participated in an initial mediation session on November 8, 2022 with bankruptcy, defense, and coverage counsel. A follow-up session was conducted on November 22, 2022. That session concluded with a settlement in concept (the "**Settlement**"), subject only to this Court's approval.

11. The Settlement provides in pertinent part that PR shall receive $2,100,000.00 (the "**Settlement Amount**") from proceeds of the Malpractice Policy in exchange for a complete and absolute release including but not limited to withdrawing with prejudice the Petersburg Proof of Claim, as more particular described on the Memorandum of Settlement attached hereto as Exhibit B.[3]

---

[3] The Settlement will be fully documented pursuant to a Settlement Agreement, which agreement will be filed with this Court before any hearing on this Motion.

4

12. The Trustee maintains that the Settlement is in the best interest of the Estate, as it resolves a twenty-eight million dollar claim with proceeds of Malpractice Policy and does not require the Estate to use any of its funds to pay the Settlement Amount. As such, the Trustee seeks this Court's authority to consummate the Settlement through the execution of the Settlement Agreement.[4]

## MEMORANDUM OF LAW

8. Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In *TMT Trailer*, the Supreme Court stated that compromises and settlements must be "fair and equitable." 390 U.S. at 424; *see also In re Loudoun Heights, LLC*, No. 13-15588, 2014 WL 2928110, at *8 (Bankr. E.D. Va. June 27, 2014) (same); *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Wood, Inc.)*, No. 98-38685, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (same); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) (same); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (same).

9. In determining whether a proposed compromise and settlement is fair and equitable, courts in this District consider the following factors: (a) "the probability of success in litigation;" (b) "potential collection struggles;" (c) "the complexity, time and expense involved in litigating

---

[4] Pursuant to the terms of the Consent Order, this Court granted authority for the Malpractice Policy and the proceeds thereof to fund any settlement. However, given the Trustee's participation at the request of the New Jersey Mediator and the Estate being a proposed party to the Settlement Agreement, the Trustee files this Motion seeking the requested relief.

5

the matter;" and (d) "the interests of the creditors." *Loudoun Heights*, 2014 WL 2928110, at *9 (citations omitted); *Three Rivers Wood*, 2001 WL 720620, at *6 (same).

10. Additionally, the Court must determine whether the proposed settlement is in the best interests of the Estate. *Three Rivers Wood*, 2001 WL 720620, at *6 ("a compromise or settlement will most likely gain approval if is it both 'fair and equitable,' as well as representative of the best interests of the estate as a whole") (citations omitted); *Frye*, 216 B.R. at 174 ("In order to approve a compromise, this court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable."); *In re Energy Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate.").

11. The factors that courts consider to determine the best interests are similar to the factors to determine whether the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*, 515 B.R. 284, 288 (Bankr. E.D. Va. 2014) ("The best interests of the estate are met by considering the same factors a court considers in reviewing any proposed settlement: (1) the probability of success on the merits in the litigation; (2) possible difficulties of collecting any judgment which might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and (4) the interests of the creditors, giving proper deference to their reasonable views.") (Internal citations omitted).

12. When reviewing a proposed settlement, the Court may consider the Trustee's business judgment and the opinions of the other parties to such settlement, and the Court should not substitute its judgment for that of the Trustee. Instead, the Court must determine "whether the settlement falls below the lowest point in the range of reasonableness." *Three Rivers Wood*, 2001

WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400). Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001 WL 720620, at *6.

13. The Trustee, in the exercise of her business judgment, believes that the Settlement is fair and equitable and in the best interest of the Debtor's Estate in that it resolves a twenty-eight million dollar claim with proceeds of the Malpractice Policy and does not require the Estate to use any of its funds to pay the Settlement Amount.

14. Accordingly, the Trustee respectfully requests that the Court approve the Settlement as fair and equitable and in the best interest of the Estate by entry of the Order attached as Exhibit A hereto.

| | |
|---|---|
| Dated: November 27, 2022<br>Richmond, Virginia | **LYNN L. TAVENNER, TRUSTEE**<br><br>By:/s/ *Paula S. Beran*<br>Paula S. Beran, Esquire (VSB No. 34679)<br>Tavenner & Beran, PLC<br>20 North 8th Street<br>Richmond, Virginia 23219<br>Telephone: (804) 783-8300<br>Facsimile: (804) 783-0178<br><br>*Counsel for Lynn L. Tavenner, Trustee* |

**CERTIFICATE OF SERVICE**

Pursuant to the Local Rules and/or orders of this Court, I certify that on this 27th day of November 2022, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; (e) counsel for AXIS and PR; and (f) all parties requesting service of pleadings in this Case.

/s/ *Paula S. Beran*
Counsel for the Trustee

7

Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

## ORDER APPROVING SETTLEMENT

This day came Lynn L. Tavenner, Trustee (the "**Trustee**"), by counsel, on her Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**Settlement Motion**"),[2] the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors; and the Court having determined that the legal and factual basis set forth in the Settlement Motion establish just cause for the relief granted herein;

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
Facsimile:   (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1. The Settlement Motion is granted.

2. The Settlement is approved. The Trustee is authorized to take all action necessary to effectuate the Settlement, including but not limited to executing the Settlement Agreement.

3. Immediately upon receipt of the Settlement Amount by counsel for Petersburg Regency, LLC, but in no case more than five (5) business days thereafter, counsel for Petersburg Regency, LLC shall withdraw with prejudice the Petersburg Proof of Claim submitted in this Case. The Claimants shall be entitled to no distribution in this Case other than payment of the Settlement Amount from the proceeds of the Malpractice Policy.

4. This Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Entered: _____

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Trustee*

Seen and Agreed:

/s/
Michael G. Wilson, Esquire (VSB #48927)
**Michael Wilson PLC**
PO Box 6330
Glen Allen, VA 23058

2

Telephone: (804) 614-8301
mike@mgwilsonlaw.com

*Counsel for Petersburg Regency LLC and
Robert Harmon*

_____
Gary P. Seligman, Esquire
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006
202.719.3587
gseligman@wiley.law

*Counsel for AXIS Insurance Company*

## CERTIFICATION

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

/s/_____
Counsel for the Trustee

Service List for Entered Order

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Michael G. Wilson, Esquire
Michael Wilson PLC
PO Box 6330
Glen Allen, VA 23058

Gary P. Seligman, Esquire
Wiley Rein LLP
1776 K Street NW
Washington, DC 20006

-

3

# *MEMORANDUM OF SETTLEMENT*

*November 22, 2022*

Mr. McKenna,

This memorandum documents the material points on which the parties agreed at today's mediation session, resolving all disputes between Petersburg Regency, LLC, and/or Robert Harmon (collectively "Claimants"), on the one hand, and Lynn Tavenner, Trustee (the "Trustee") for LeClairRyan, PLLC (f/k/a LeClairRyan, A Professional Corporation) (the "Debtor" or "LeClairRyan") and its individual former attorneys, on the other hand.

The parties and their counsel agree that the electronic exchange of written electronic mail messages setting forth the material terms agreed upon by the parties shall meet all requirements of New Jersey and Virginia law for the documentation, endorsement, and enforceability of the terms of the settlement, and have waived all objections to the documentation of the terms of this settlement by electronic means.

The material points, to be fully documented in a written Settlement Agreement, are:

1. AXIS Insurance Company (AXIS) will pay to Petersburg Regency, LLC, on behalf of its insureds the sum of Two Million One Hundred Thousand and 00/100 Dollars ($2.1 million) (the "Settlement Amount"), without reduction or reimbursement for any deductible, self-insured retention, or other amount.

2. In consideration of and automatically upon payment of the Settlement Amount by AXIS, Claimants, individually and collectively (and all associated persons, agents, and entities, as fully defined in standard fashion in the Settlement Agreement), will unconditionally release the Debtor (and all of its former individual attorneys, employees, officers, and professionals, including but not limited to Charles Sims and Charlie Meyer), the Trustee (and her professionals, winddown team members, and or agents/representatives), and AXIS from any and all claims of any kind or based on any facts or conduct whatsoever, from the beginning of time to the date of payment of the settlement amount, including but not limited to all claims that were made or could have been made in (a) the Proof of Claim filed November 18, 2019, in the U. S. Bankruptcy Court for the Eastern District of Virginia (the "Court" or "Bankruptcy Court") in case number 19-34574(KRH), (b) the civil action styled *Petersburg Regency, LLC and Robert Harmon v. LeClairRyan*, Docket No. ESX-L-3395-19, and (c) the adversary proceeding, Case No. 15-01995 (VFP), filed in the U.S. Bankruptcy Court for the District of New Jersey.

3. The Trustee will seek expedited approval of the settlement under Bankruptcy Rule 9019 by submitting a motion to the Bankruptcy Court describing the terms of the settlement, to be followed promptly by submission of the final Settlement Agreement executed by all necessary parties. The Trustee will take all reasonable steps to expedite settlement approval, with the understanding that the processes of the Court and the timing of approval are subject to the sole control of the Court.

4.  Promptly upon receiving the Bankruptcy Court's approval of the settlement, complete payment instructions, and a W-9 for the payee, AXIS will take all commercially reasonable and necessary steps to deliver the Settlement Amount by check to counsel for Petersburg Regency, LLC, in accordance with such written instructions as counsel for Petersburg Regency, LLC, shall provide.

5.  Promptly upon receipt of the Settlement Amount by counsel for Petersburg Regency, LLC, but in no case more than five (5) business days thereafter, counsel for Petersburg Regency, LLC, shall withdraw with prejudice the Proof of Claim submitted in the LeClairRyan bankruptcy case.

6.  The settlement as described above, and the written Settlement Agreement between the parties, are and will remain subject to the final approval of the Bankruptcy Court.

7.  The Bankruptcy Court's approval of the settlement is the only condition precedent to the effectiveness of the settlement, and all parties hereto shall be bound upon the Bankruptcy Court's approval.

8.  The Settlement Agreement will be substantially in a form, format, and substance as agreements that have been previously approved by the Bankruptcy Court.

/s/ Craig T. Merritt
Counsel to the Trustee