**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

# WITNESS LIST AND RELATED DECLARATION

In accordance with Richmond General Order 22-2, Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, a witness list and related declaration.

## WITNESS LIST

In support of the relief requested in the items designated on the *Proposed Hearing Agenda,* ECF No. 1661, I, Lynn L. Tavenner, Trustee submit the following list:

    A. Lynn L. Tavenner, Trustee, not individually but solely in her capacity as the Chapter 7 trustee

## DECLARATION OF LYNN L. TAVENNER, TRUSTEE

    1.    I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

the above- referenced Chapter 7 case (the "**Case**" and/or "**Bankruptcy Case**"), pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

2. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

3. I submit this declaration in support of the (1) Trustee's Motion for Approval of Compromise and Settlement [ECF No. 1647]; (2) Notice of Trustee's (I) Motion and Hearing Thereon if Necessary And (II) Intent to Abandon Pursuant to 11 U.S.C. § 554(A) [ECF No. 1649]; (3) Trustee's Motion for Entry of an Order (I) Authorizing Transfer of Funds to Another Bank Account, (II) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account, and (III) Authorizing the Distribution of Funds Thereafter [ECF No. 1650]; (4) Motion to Approve Compromise under FRBP 9019 [ECF No. 1655]; (5) Motion to Expedite Hearing [ECF No. 1656] and (6) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A).

4. The statements in this Declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as the Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

5. Almost immediately upon my appointment as Trustee, the then trustee in the bankruptcy case of LandAmerica Financial Group, Inc., filed a *Final Report and Motion for Final Decree to Modify Final Decree*. Given that (a) the then trustee had previously been employed at LeClair Ryan and (b) LeClair Ryan had served as his counsel, I immediately investigated what, if any amounts, may be due and owing to LeClair Ryan from that LFG Liquidation Trust. As a result of this investigation, I determined that there could be amounts due in connection with both prior

2

services performed and related costs of the same. As such, I preserved the Estate's rights with the filing of a *Limited Response of the LeClair Ryan PLLC Chapter 7 Trustee to the Motion to Modify Final Decree* in the LFG bankruptcy case. Thereafter, I, directly and through counsel, entered into discussions with the prior trustee and/or an individual who represented to have authority to speak on his behalf about the potential payment by the LFG Liquidation Trust of costs expected to be incurred for the continued storage and thereafter destruction of certain files of the LFG Liquidation Trust that were in the possession of LeClair Ryan as former counsel to the LFG Liquidation Trust. I also, directly and through counsel, discussed with the prior trustee of the LFG Liquidation Trust and/or an individual who represented to have authority to speak on his behalf whether LeClair Ryan was owed additional compensation for services provided to the LFG Liquidation Trust.

6. On November 25, 2019, this Court entered in the LFG case the *Order Appointing Successor Trustee for LFG Liquidation Trust* appointing Benjamin C. Ackerly as the successor trustee of the LFG Liquidation Trust. I understood that, pursuant to that order, Mr. Ackerly would need to investigate as to whether the LFG Liquidation Trust possessed any claims against LeClair Ryan because the former trustee had been a member and/or employee of LeClair Ryan and LeClair Ryan had served as counsel to the LFG Liquidation Trust.

7. Given that the deadline of December 13, 2019 to file proofs of a claim in the LeClair Ryan bankruptcy case was just a few weeks after Mr. Ackerly's appointment, I, on behalf of the Estate, consented to his request that this Court extend that deadline for the LFG Liquidation Trust, which has now been continued numerous times by this Court such that the deadline is currently December 15, 2022.

8. Following our respective investigations, Mr. Ackerly and I have considered the merits of any and all claims and the costs and delays that each estate would incur in pursuing

3

claims against the other estate. The costs of the pursuing potential claims and the litigation risks associated with the same heavily outweigh the potential benefit to the Estate. As such, I maintain, in the exercise of my business judgment, that it is in the Estate's best interest to enter into the settlement with the LFG Liquidation Trust, a settlement that provides certainty.

9. Furthermore, pursuant to interim orders of this Court, Protiviti, Inc., which I refer to as Protiviti, was awarded compensation in the amount of $125,196.00 and Hunton Andrews Kurth LLP, which I refer to as Hunton, was awarded compensation in the amount of $296,127.70 and reimbursement of expenses in the amount of $2,013.58. Pursuant to the terms of those orders, I, as Trustee, was provided additional time to investigate and assert, if appropriate, claims and to setoff, if ultimately warranted, under specified terms. Upon expiration of a time certain (as may be extended by order of this Court and/or written agreement of the parties) with no objection having been filed by me, the amounts contained in those orders shall be deemed approved on a final basis without further order of this Court. Protiviti had served as financial advisor to LeClair Ryan and the LFG Liquidation Trust, and its services to both clients overlapped for a period of time. Hunton served as counsel to LeClair Ryan and worked with Protiviti with regards to LeClair Ryan. I, as Trustee, and Hunton worked collaboratively to address all items related to LeClair Ryan; as such, Hunton and Protiviti have further extended my deadline to object to the compensation orders, with the current deadline being December 15, 2022. If this Court grants the requests to approve the proposed settlement between the Estate and LFG Liquidation Trust, I intend to neither file any objection to the Hunton and Protiviti orders nor seek to extend my deadline because the Estate would have incurred no harm even if there was a valid claim (which I am currently aware of none). In essence, I intend to abandon pursuant to 11 U.S.C. § 554(a) any

claims that the Estate may have against the Debtor's professionals in the Chapter 11 case in that the same, if any, is of inconsequential value and benefit to the Estate.

10. In addition, when I was appointed as Trustee, I learned that LeClair Ryan held funds in a certain account designated as an IOLTA account at HSBC Bank USA, NA, which I referred to as HSBC. I, as Trustee, investigated the nature of those funds and learned that (a) $23,514.59 had been designated as funds that should be escheated to the Virginia Treasury Department, Division of Unclaimed Property and the process had begun to accomplish the same and (b) certain amounts had been transferred from various other accounts beginning as early as 2012 with either no designation as to who the fund belonged to and/or designations that suggest the amounts were due and owing to LeClair Ryan (and/or its predecessors). For example, one designation provides "Represents 12.10.2018 incoming wire into Texas trust account, received from JLT Specialty Limited, representing interest in certain London market insurers. JLT Specialty discovered this sum of funds had been collected from insureres, but not paid to Hays, McConn."

11. During the beginning stages of my administration of this Estate, I, directly and/or through one of the wind-down team members, corresponded with one or more representative of Virginia Treasury Department, Division of Unclaimed Property to discuss items related to potential unclaimed funds and nuances related thereto given the Bankruptcy Case. And in January of 2020, I, as Trustee, corresponded with the Records & Receipts Supervisor at the Virginia Treasury Department, Division of Unclaimed Property about the nuances related to LeClair Ryan's Bankruptcy Case. During this conversation I, in my capacity as Trustee, and the Virginia Treasury Department representative agreed that LeClair Ryan's file would be noted as "bankruptcy," and nothing more would be required until such time as I was authorized by this Court.

12. I was recently informed by HSBC that, on or after November 30, 2022, it will no longer maintain the IOLTA account, and it will be discontinuing its services related to the same. The amount of funds in that account is $299,775.36. I respectfully submit that it is in the best interest of the Estate to move those funds to what is commonly referred to as the CAPE account pending completion of the process described below.

13. In the exercise of my business judgement, as Trustee, I believe it is in the best interest of the Estate to close out the IOLTA account and otherwise address the funds therein pursuant to a process that is fair and equitable and provides all requisite due process. Thus, I propose to tender amounts to the Virginia Treasury Department for funds that, based on the Debtor's books and records, unequivocally belong to former clients and/or other Persons (as such term is defined by the Bankruptcy Code) where, notwithstanding appropriate due diligence, the current address for those Persons is unknown. I also have proposed a process whereby other Persons will be notified via electronic delivery, first-class mail, and/or publication of the existence of certain funds and the need to assert and establish a claim to those funds. And absent a timely asserted claim, I propose that the funds will be deemed unencumbered property of the Estate and may be released from the CAPE account and placed in another Estate's account for use in the administration of the Chapter 7 Estate consistent with any cash collateral and/or other order entered by this Court.

14. I also respectfully submit that it is in the best interest of the Estate to resolve all matters with certain claimants that filed a proof of claim in the amount of $28,000,000.00 in a manner that appropriately utilizes a certain professional liability insurance policy with AXIS Insurance Company (which I refer to as AXIS) and otherwise limits any negative impact on the Estate. After entry of this Court's consent order granting Petersburg Regency partial relief from

6

the automatic stay, AXIS and Petersburg Regency elected to engage a retired State Court Judge from New Jersey as Mediator. After several unsuccessful mediation sessions, the New Jersey Mediator requested that I participate as the representative of the Estate. Given that I believed, in the exercise of my business judgment, that it was in the Estate's best interest to determine one last time if a resolution could be reached in this matter with the assistance of the New Jersey mediator before proceeding to address the substance of that 28-million-dollar proof of claim with this Court, I (after numerous discussions with representatives at the Office of the United States Trustee) sought and obtained this Court's authority to retain defense counsel and insurance coverage counsel. I (along with bankruptcy, defense, and coverage counsel), thereafter, participated in two mediation sessions, the first occurring on November 8, 2022 and the second taking place on November 22, 2022. The second session concluded with a settlement in concept, subject only to this Court's approval. The settlement eliminates a claim made against the Estate in excess of 28,000,000 and provides certainty between the Estate and the claimants on all matters related to LeClair Ryan. In essence, AXIS will pay to Petersburg Regency, on behalf of LeClair Ryan, the sum of Two Million One Hundred Thousand and 00/100 Dollars ($2.1 million), without reduction or reimbursement for any deductible, self-insured retention, or other amount. AXIS's payment of the settlement amount will be final and without recourse and will not be reduced or subject to reimbursement in whole or in part due to any SIR or for any other reason. While the Estate will neither have to utilize any of its funds for the payment of the settlement amount nor be subject to any type of indemnification claim, it will have to pay certain additional legal fees to bankruptcy counsel and insurance coverage counsel. Of course, no such payment will be made until this Court has approved those legal fees.

15. A material part of the settlement with Petersburg Regency is payment in 2022. As such, I agreed to request from this Court an expedited hearing of the 9019 motion such that the matter could be heard, approved by final order, and check/wire request processed through the requisite channels at AXIS with the goal of payment being received in 2022. Pursuant to the terms of this Court's consent order granting Petersburg Regency limited relief from stay, this Court granted authority for a certain professional liability insurance policy and the proceeds thereof to fund any settlement so long as the settlement was within the limits of that insurance policy. The settlement amount at issue in the 9019 motion is within the limits of that insurance policy. As such, one could argue that I did not need to obtain this Court's approval of the settlement. However, given that I participated, at the request of the New Jersey Mediator, as the Estate's representative and the Estate is a proposed party to the settlement agreement, I maintain that it is in the best interest of the Estate to obtain this Court's authority to consummate the terms of this specific settlement through the filing of the 9019 motion and entry of a related order thereafter.

16. As of the filing of this declaration, the Estate funds in my possession are as follows: $1,253,289.31 (Signature Bank- Regular), $16,007203.92 (Signature Bank – Money Market), $42,130.29 (Operating Account – HSBC); $954,692.37 (commonly referred to as CAPE account); and $299,775.36 (Virginia IOLTA).

17. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: November 28, 2022  By: /s/ Lynn L. Tavenner
Richmond, Virginia  Lynn L. Tavenner, Chapter 7 Trustee

          Respectfully submitted,
**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: November 28, 2022    By: */s/ Paula S. Beran)*
    Richmond, Virginia    Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I certify that on this 28th day of November 2022, a true copy of the foregoing Witness List and Related Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

    */s/ Paula S. Beran*
    Paula S. Beran, Esquire
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*