**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**TRUSTEE'S THIRTEENTH SUPPLEMENT TO HER MOTION FOR AUTHORITY
TO OPERATE CERTAIN ASPECTS OF THE DEBTOR'S BUSINESS
FOR A LIMITED PERIOD AND MEMORANDUM IN SUPPORT THEREOF**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files her thirteenth supplement (the "**Thirteenth Supplement**"), by counsel, to her *Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144, which Operation Motion was filed pursuant to 11 U.S.C. §§ 363(b), (f), and 721, and Rules 2002, 4001, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**," and each individually a "**Bankruptcy Rule**"). This Court granted the Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority**

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Order"), ECF No. 155. Following entry of the Immediate Authority Order the Trustee, by counsel, filed additional supplements (ECF Nos. 165, 290, 359, 432, 535, 598, 710, 791, 920, 1048, 1144, and 1426) which the Court granted by entry of additional Orders (ECF Nos. 196, 313, 396, 452, 551, 619, 725, 805, 955 1065, and 1181, collectively, the "**Authority Orders**"). Consistent with the Operation Motion and the Authority Orders, this Thirteenth Supplement seeks authority, based upon her business judgment that it is in the best interest of the Estate, to further continue to operate certain aspects of the Debtor's business for a limited period and, in support thereof, states as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4. On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5. Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP (the "**Lender**"), the Debtor's bankruptcy case was converted to a case under Chapter 7 of

the Bankruptcy Code on October 4, 2019 (the "**Conversion Date**"). Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

6. On the Conversion Date, the Trustee filed the *Trustee's Motion for Use of Cash Collateral and Grant of Adequate Protection Related Thereto and Memorandum in Support Thereof* (the "**Cash Collateral Motion**"). ECF No. 143. As indicated in the Cash Collateral Motion, the Lender agreed that the Trustee, on behalf of the Estate, may use under certain terms and conditions cash collateral to pay delineated expenses related to the Wind-down Operations (as hereafter defined). Thereafter, the Court granted the relief sought in the Cash Collateral Motion pursuant to the *Chapter 7 Trustee's First Interim Order (I) Authorizing Use of Prepetition Secured Lenders' Cash Collateral Pursuant to 11 U.S.C. §§ 361 and 363, and (II) Granting Adequate Protection and Related Relief to Prepetition Senior Secured Lenders*, ECF No. 151. This authority, as modified by the Trustee's request (ECF Nos. 645 and 667) was extended through numerous additional orders (ECF Nos. 191, 255, 339, 387, 453, 550, 617, and 682).

**Relief Requested**

7. In this Thirteenth Supplement, the Trustee requests authority to further continue to operate certain aspects of the Debtor's business through and including June 30, 2022. She requests that the same be done in a two-step process with a bridge order to January 31, 2023 and thereafter an order extending the authority to June 30, 2023.[2] The Office of the United States Trustee has no objection to extending the authority to June 30, 2023.

---

[2] While this Court verbally extended the Trustee's authority to and through December 31, 2022, due to an error of counsel for the Trustee, the proposed order endorsed by the Office of the United States Trustee was never entered. Given that this error was recently discovered and therefore there is nothing on the Court's docket providing for procedures to object to the relief requested herein (other than the proposed form of order), the Trustee, out an

8. As this Court is aware, as of the Conversion Date, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all insurance (the "**Wind-down Operations**"). The Wind-down Operations were performed by employees, independent contractors, consultants, and/or agents (collectively, the "**Wind-down Team**" and each a "**Member of the Wind-down Team**"). Before the Petition Date, the Debtor, through attorneys within its employ,[3] provided legal advice and related services (the "**Legal Services**") to numerous clients. After the Petition Date, the Debtor also may have provided limited Legal Services.

9. Since the Conversion Date, the Trustee has continued many aspects of the Wind-down Operations (and where appropriate has utilized certain members of the Wind-down Team as independent contractors for the Estate) to effectuate an orderly liquidation pursuant to the Authority Orders. As such, the Trustee has:

    a. Worked with members of the Wind-down Team, her counsel, and the Lender in the reconciliation, resolution, and collection of accounts receivable, and as a result, known amounts due and owing to the Lender, were, with the exception of potential

---

abundance of caution, proceeds under the two-step process to provide additional notice and an opportunity to be heard.
[3] This "employment" characterization is simply used to describe the Debtor's business and is not intended to ascribe any type of legal connotation to the relation between the Debtor and any attorney that the Debtor held out to the public as a LeClairRyan attorney.

legal fees, completely satisfied.[4] Said process involved, at the Trustee's request, *see Motion for an Order Establishing Procedures Regarding the Collection of Accounts Receivable and Memorandum in Support Thereof* (the "**AR Procedures Motion**"), ECF No. 343, Court approved, *see* ECF No. 386 (the "**AR Procedures Order**") collection and litigation procedures. The Trustee also identified a subset of the remaining portfolio of accounts receivable, which, unfortunately, contained a large number of smaller balances owed from individuals and entities spread across the country (and in some instances internationally) (the "**Small Portfolio**"). After due diligence and pursuant to Trustee's Motion For An Order Authorizing The Sale/Transfer Of The Estate's Interest In Designated Accounts Receivable And Memorandum In Support Thereof, ECF No. 850, which was approved by Court Order at ECF No. 913, the Trustee worked with her professionals to finalize the sale of the Small Portfolio. This sale requires various, periodic reconciliations The Trustee, with the assistance of her counsel, also continues to work on the remaining AR in the portfolio.

b. Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, as well as implemented processes related to the same, and as a result, all of the files that were requested within the time period of the Court approved process have been

---

[4] The Trustee understands that said legal fees may have continued to accrue as a result of a sub poena from third parties but has to date received no additional invoices.

transferred, and the Trustee continues to try to accommodate additional requests so long as the same does not require significant resources of the Estate; furthermore, the destruction process has continued.

c. With the assistance of her professionals and members of the Wind-down Team, designed and implemented a process to address post-petition segregated funds related to client costs through her two motions (ECF Nos. 34 and 1614) , as approved by Orders of this Court (ECF Nos. 383 and 1639); s*ee also List of Claims in Post-Petition Segregated Funds* (ECF Nos. 425 and 1686). The Trustee with the assistance of her professionals and members of the Wind-down Team continues to assess the validity of claims filed in connection with such Court approved procedures. The Trustee has also developed a framework to address pre-petition segregated funds related to client costs. Furthermore, after vetting with certain of her professionals and members of her Winddown Team, requested (ECF No. 1650) from this Court an appropriate mechanism to address funds held in an account designated as an IOLTA account.

d. The Trustee, with the assistance of her counsel, sought and obtained this Court's authority to employ special counsel (Foley & Lardner LLP ("**Foley**") (ECF No. 330), and thereafter, for reasons previously explained to this Court in numerous documents, Quinn Emmanuel Urquhart & Sullivan, LLP ("**Quinn Emmanuel**"), (ECF No. 908) to assist the Trustee in her research, investigation, and prosecution of various causes of actions/claims. This process involved, at the request of the Trustee (ECF No. 345 (the "**NFA Procedures Motion**") and ECF No. 457 (the

"**FAO Procedures Motion**")), procedures approved by this Court (ECF No. 385, (the "**NFA Procedures Order**") ECF Nos. 533, 929, and 982 (collectively, the "**FAO Procedures Order**")). Pursuant to the authority granted to the Trustee in the NFA Procedures Order and the FAO Procedures Order, the Trustee made demand on several hundred Persons, moved forward with settlement conferences and/or mediations with mediators approved/appointed by this Court, and initiated over fifty-five lawsuits. Other than a couple in continued settlement discussions and one matter that is set for trial in the late Winter of 2023, all other items have been resolved or otherwise addressed.

e. With the completion of the administration of Estate assets in sight, the Trustee's primary focus turned to the claims resolution process. Claims filed against the Estate include, but are not limited to, professional liability claims. In fact, the two largest claims filed in this Case are legal malpractice claims which comprise over 90% of the claims pool amount. As such, the Trustee, with the assistance of her counsel, sought (ECF Nos. 1625 and 1626) and obtained this Court's authority to employ special counsel in the form of coverage counsel (ECF No. 1642) and professional liability defense counsel (ECF No. 1641). And as a result, a claim in the amount of $28,000,000 has already been withdrawn.

f. Addressed tax items/issues, including but not limited to (a) preparing and filing the 2019 tax returns as instructed by her professionals and (b) preparing and filing the 2020 and 2021 tax returns with the assistance of her professionals.. Also, with the assistance of her professionals and Wind-down team, the Trustee located certain of

    the information request by the IRS in conjunction with a 2018 IRS audit related to the Debtor's filing of a federal tax return for the portion of the calendar tax year where the Debtor operated as a Virginia professional corporation prior to its filing of Articles of Conversion with the State Corporation Commission of Virginia in early March 2018. In connection with the same, the Trustee, through counsel, filed a Motion For An Order Authorizing The Execution Of Notices Of Proposed Adjustments And Memorandum In Support Thereof at ECF No. 914, seeking authority to execute the Notices of Proposed Adjustments requested by the IRS as based upon its findings from the 2018 audit. Said motion was granted by Court Order, ECF. No. 947. The Trustee continues to address continuing related tax and operational items, including those addressed in this Court's Memorandum Opinion and related rulings at ECF Nos. 1301, 1302, 1311 and 1313 and ongoing appeals to the United States District Court.

g. Addressed items/issues related to retirement vehicles, including but not limited to having a 2018 and 2019 audit performed and in connection with the submission of 2018 and 2019 Form 5500 year. She also continues to correspond with various former participants.

h. Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities and implemented processes related to the same. She continues to access and maintain as needed for ongoing operations.

    i. Addressed operational issues including but not limited to those related to ongoing operational infrastructure needs.

    j. Addressed items related to disposition of other Estate assets.

    k. Reviewed and addressed insurance items.

    l. Addressed other items related to the preservation of Estate assets, including but not limited to continued efforts to identify executory contracts and leases.

    m. Corresponded with numerous creditors and former members regarding the Case and addressed certain concerns or other inquiries raised by the same.

    n. Investigated other potential Estate assets.

    o. Obtained an administrative bar date and reviewed and addressed, with the assistance of her professionals as needed, administrative claims as filed.

    p. Reviewed and assessed, with the assistance of her professionals as needed, the merits of certain general unsecured claims though such process is in the initial stage.

    q. Provided periodic reports to the Court and the Office of the United States Trustee.

10. Neither the Trustee nor her professionals have engaged or will engage in any Legal Services on behalf of the Debtor.

11. Based on her efforts to date and the status of operational and related items, the Trustee, in the exercise of her business judgment, believes it is in the best interest of the Estate to continue the Wind-down Operations.

WHEREFORE, the Trustee respectfully requests that the Court enter three orders: (1) the proposed order attached to the *Trustee's Twelfth Supplement to Her Motion for Immediate*

*Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof, and Memorandum in Support Thereof* (which order was endorsed by the Office of the United States Trustee) with paragraph 7 deleted;  (2) a bridge order authorizing the Trustee to continue to conduct the Wind-down Operations through January 31, 2023 and setting a continued hearing on January 24, 2023, with an objection deadline of January 20, 2023; and  (3) the order attached hereto as Exhibit A, authorizing the Trustee to continue to conduct the Wind-down Operations through June 30, 2023, setting a continued hearing in June of 2023, and granting such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: December 19, 2022
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopier: (804) 783-0178
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# CERTIFICATE OF SERVICE

Pursuant to the Authority Orders, I certify that on this 19th day of December 2022, a true copy of the foregoing Thirteenth Supplement was sent electronically to:

Kathryn R. Montgomery
Shannon F. Pecoraro
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
# Richmond Division

| | |
|---|---|
| In re: <br>     LeClairRyan, PLLC,[1] <br> Debtor | Case No. <br> 19-34574-KRH <br><br> Chapter 7 |

### THIRTEENTH SUPPLEMENTAL ORDER AUTHORIZING TRUSTEE TO CONTINUE TO OPERATE CERTAIN ASPECTS OF DEBTOR'S BUSINESS FOR A LIMITED PERIOD

This matter came before the Court upon the *Motion for Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and Memorandum in Support Thereof* (the "**Operation Motion**"), ECF No. 144. This Court granted the Operation Motion pursuant to the *Interim Order Authorizing Trustee to Operate Certain Aspects of Debtor's Business for a Limited Period* (the "**Immediate Authority Order**"), ECF No. 155. Following entry of the Immediate Authority Order the Trustee, by counsel, filed additional supplements (ECF Nos. 165, 290, 359, 432, 535, 598, 710, 791, 920, 1048, 1144, and 1426) which the Court granted by entry of additional Orders (ECF Nos. 196, 313, 396, 452, 551, 619, 725, 805, 955, 1065, 1181, ____, and ____ (collectively, the "**Authority Orders**"). Consistent with the Operation Motion and the Authority Orders, the Thirteenth Supplement sought authority to further continue to operate certain aspects

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

of the Debtor's business for a limited period.

IT APPEARING that the Court previously entered the Authority Orders finding that proper notice of the Operation Motion was given to all necessary parties under the circumstances; and that the relief sought in the Operation Motion was just and proper and in the best interest of the Estate; and

IT ALSO APPEARING THAT the relief sought in the Thirteenth Supplement is in the best interest of the Estate and supported by the business judgment of the Trustee; and that notice of the Thirteenth Supplement was proper pursuant to the Authority Orders; and for good cause shown, it is hereby:

ORDERED, ADJUDGED AND DECREED that:

1. The Operations Motion, as modified by the Supplements is hereby GRANTED.

2. Capitalized terms not otherwise defined herein shall have the meanings given to them in the Thirteenth Supplement.

3. The Trustee is authorized, pursuant to § 721 of the Bankruptcy Code, to continue to operate the Wind-down Operations until June 30, 2022, for the purpose of accomplishing tasks for an orderly liquidation of the Estate's assets and winding up the Estate's affairs in an efficient and effective manner.

4. The Trustee is hereby granted all necessary authority and permitted to take all requisite actions to effectuate the terms of this Order including but not limited to (a) paying the expenses of the Wind-down Operations consistent with any additional order entered granting the Cash Collateral Motion; and (b) utilizing any and all Members of the Wind-down Team consistent with any additional order entered granting the Cash Collateral Motion.

5. Neither the Trustee nor her professionals shall have any obligation to provide Legal Services to any of the Debtor's former clients. Furthermore, in the context of this Case, neither the Trustee nor her professionals shall provide Legal Services to any of the Debtor's former clients.

6. To the extent the Trustee desires to hire any additional professional she shall do so under appropriate application and related order pursuant to 11 U.S.C. §§ 327 and 328, as necessary.

7. A continued final hearing on the Operations Motion shall be heard on the Omni Hearing date in June of 2023 (the "**June Omni Hearing Date**") as will be further delineated on this Court's docket. To the extent the Trustee desires to continue to operate the specific aspects of the Debtor's former business, and therefore continue said hearing, she shall file an additional supplement on or before 3 days prior to the June Omni Hearing Date. Any objection to the same shall be filed with this Court on or before 1 day prior to the June Omni Hearing Date.

ENTERED:

UNITED STATES BANKRUPTCY JUDGE

I ask for this:

Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Seen and not objected to:

Kathryn R. Montgomery (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304

3

Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330

## Local Rule 9022-1 Certification

      I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed *Order* has either been served upon and/or endorsed by all necessary parties.

_____
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**Service List for Entered Order**

Kathryn R. Montgomery, Esquire
Office of the United States Trustee
701 East Broad Street, Room 4304
Richmond, Virginia 23219

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219