**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>Debtor | Case No. 19-34574-KRH<br><br>Chapter 7 |

## WITNESS LIST AND RELATED DECLARATION

In accordance with Richmond General Order 22-2 and this Court's Order at ECF 1687, Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, a witness list and related declaration.

### WITNESS LIST

In support of the relief requested in the items designated on the *Proposed Hearing Agenda* [ECF No. 1691], the Trustee submits the following list:

1. Lynn L. Tavenner, Chapter 7 Trustee

### DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 Trustee of the LeClair Ryan Estate, pursuant to 28 U.S.C. § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this declaration in support of the (1) *Sixth Application for Compensation for Quinn Emanuel as Attorney*, [ECF No. 1670]; (2) *First Application of Merritt Law, PLLC for Allowance of Compensation and Expense Reimbursement as Special Counsel to the Chapter 7 Trustee*, [ECF No. 1678]; (3) *Eighth Application of Barry Strickland & Company, CPA for Allowance of Compensation and Expense Reimbursement as Special Counsel to the Chapter 7 Trustee*, [ECF No. 1672]; (4) *Application for Compensation for Tavenner & Beran, PLC as Counsel for the Chapter 7 Trustee*, [ECF No. 1677] (collectively, the "**Applications**" and each an "**Application**"); (5) *Eleventh Motion for Entry of Further Order Extending the Chapter 7 Trustee's Time to Assume, Reject, and/or Assign Certain Executory Contracts and/or Leases Of Personal Property Pursuant to 11 U.S.C. § 365(D)(1)*, [ECF No. 1673](the "**Contract Deadline Motion**"); (6) *Trustee's Thirteenth Supplement to Her Motion for Authority to Operate Certain Aspects of the Debtor's Business for a Limited Period*, [ECF No. 1680] (the "**Supplement to Operate**"); and (7) Case Status and Report pursuant to Local Rule 2015-(a)-(1)(A).

3. The statements in this Declaration are, except where specifically noted, based on my personal knowledge on information that I have obtained in connection with my role as Chapter 7 Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

**APPLICATIONS**

4. The Bankruptcy Code sets forth legal standards for the Court to award my professionals reasonable compensation for actual, necessary services rendered by such attorneys and paraprofessionals employed by such firms based on the nature, extent, and value of the services rendered, time spent on such services, and the cost of comparable services other than in a

bankruptcy case. I understand that the Court may award reimbursement for actual, necessary expenses that benefit the Estate. I regularly review the invoices of Estate professionals and require modifications when I believe in the exercise of my business judgment adjustments are warranted and in the best interest of the Estate. I have reviewed the Applications in the context of interim applications. I believe that the fees requested satisfy the loadstar factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) as adopted by the Fourth Circuit in *Barber v. Kimbrells, Inc.*, 577 F.2d 216, 226 (4th Cir.), *cert. denied*, 439 U.S. 934 (1978), and in *Anderson v. Morris*, 658 F.2d 246, 249 (4th Cir. 1981). The rates charged by my professionals are comparable to, if not less than, fees charged by other firms retained in similar capacities in comparable Chapter 7 cases, or, in all requisite instances, elevation above the rates in the Richmond Division is warranted by both the factors enumerated in 11 U.S.C. § 330 and the *Johnson* loadstar factors. I anticipate certain adjustments to future fee applications to address items in one or more of these interim Applications. Pursuant to various employment orders, certain of my professionals are allowed to file requests for compensation on a quarterly basis. Because it saves time and expenses, I respectfully request that all of the professionals be allowed to file together on a quarterly basis as is the case with the Applications. And, in the exercise of my business judgment, I maintain that the amounts in the Applications should be approved on an interim basis as being in the best interest of the Estate.

### CONTRACT DEADLINE MOTION

5.      As this Court is aware, I was extremely concerned about potential outstanding executory contracts and/or unexpired leases that could be necessary to complete what I commonly referred to as the Wind-down Operations and administration of the Estate without disruption especially given that I could find no central repository for these types of documents. I was able

3

to locate a plethora of documents in numerous places, and I have reviewed all said documents. I also learned of and obtained documents from third party vendors, and I reviewed the same. And as previously reported to this Court, in connection with pursuing and/or defending various causes of actions and/or motions, I have had difficulty locating contracts/agreements/documents/policies that were referenced in other documents during my investigation and in connection with certain litigation in this Case, including matters now on appeal.

6. As my counsel has reported to this Court, I am now conducting an extensive review and analysis of the numerous proofs of claims filed in this Case, which initially totaled in dollar amount in excess of $680,000,000.00. This review suggests that claimants may rely on documents not attached to the proofs of claim. Given what I experienced in connection with the Wind-down Operations and the litigation, I am concerned that, in the claims reconciliation/resolution process, I may learn of additional executory contracts and/or unexpired leases that I have neither located nor reviewed.

7. Accordingly, I, in my business judgement as Chapter 7 Trustee, believe that until all contracts related to the Wind-down Operation, the litigation, and the claims resolution process have been located, reviewed, and analyzed, it is premature to determine if the same should be assumed or rejected. As such, I, as Chapter 7 Trustee filed the Contract Deadline Motion seeking additional extension of the Assumption/ Rejection Period through and including June 30, 2023, a date whereby the Wind-down Operations, the litigation, and the claims resolution process could be substantially completed.

## SUPPLEMENT TO OPERATE

8. In the Supplement to Operate, I, not individually, but solely in my capacity as the Chapter 7 Trustee request authority to further continue to operate certain aspects of the Debtor's

4

business through and including June 30, 2023. I request this in a two-step process with a bridge order to January 31, 2023, and thereafter an order extending the authority to June 30, 2023. The Office of the United States Trustee has no objection to extending the authority to June 30, 2023.

9. As this Court is aware, as of the time this case was converted, the Debtor was winding down its affairs in an orderly fashion, which fashion involved operating certain aspects of its business. These operations included, but were not limited to, the (a) reconciliation, resolution, and collection of accounts receivable, (b) transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, (c) continued utilization of pre-petition bank accounts, cash management systems, IT systems, and/or payroll processing entities, (d) disposition of other Estate assets, and (e) maintenance of all insurance, all of which are commonly referred to as Wind-down Operations. The Wind-down Operations were performed by employees, independent contractors, consultants, and/or agents, who are collectively referred to as the "Wind-down Team."  Before the Petition Date, the Debtor, through attorneys within its employ, provided legal advice and related services to numerous clients. After the Petition Date, the Debtor also may have provided limited legal services. Since my appointment, neither I nor anyone under my direction has provided legal services to any client on behalf of LeClairRyan.

10. Since my appointment, I, as Chapter 7 Trustee, have continued many aspects of the Wind-down Operations (and where appropriate has utilized certain members of the Wind-down Team as independent contractors for the Estate) to effectuate an orderly liquidation consistent with orders entered by this Court. For example, I, as Chapter 7 Trustee:

   a. Worked with members of the Wind-down Team, my counsel, and the Debtor's secured lender in the reconciliation, resolution, and collection of accounts receivable, and as a result, known amounts due and owing to the lender, were, with

5

the exception of potential legal fees, completely satisfied, which fees may have continued to accrue as a result of a subpoena from third parties but I have received no additional invoices. This process involved, at my request Court approved collection and litigation procedures. I, as Chapter 7 Trustee, also identified a subset of the remaining portfolio of accounts receivable, which, unfortunately, contained a large number of smaller balances owed from individuals and entities spread across the country (and in some instances internationally). After due diligence and pursuant to my request, which this Court approved, I, as Chapter 7 Trustee, worked with my professionals to finalize the sale of this portion of the portfolio. This sale required various, periodic reconciliations. I, as Chapter 7 Trustee, with the assistance of my counsel, also continue to work on the remaining AR in the portfolio.

b.  Consulted with members of the Wind-down Team and others to improve the process for the transition of client files and other related information to respective clients, replacement attorneys, and/or queues for destruction, as well as implemented processes related to the same, and as a result, all of the files that were requested within the time period of the Court approved process have been transferred, and I, as Chapter 7 Trustee, continue to try to accommodate additional requests so long as the same does not require significant resources of the Estate; furthermore, the destruction process has continued.

c.  With the assistance of my professionals and members of the Wind-down Team, designed and implemented Court approved processes to address post-petition segregated funds related to client costs. I, as Chapter 7 Trustee, with the assistance

of my professionals and members of the Wind-down Team continue to assess the validity of claims filed in connection with such Court approved procedures. I, as Chapter 7 Trustee, have also developed a framework to address pre-petition segregated funds related to client costs. Furthermore, after vetting with certain of my professionals and members of my Wind-down Team, requested from this Court an appropriate mechanism to address funds held in an account designated as an IOLTA account.

d. With the assistance of my counsel, sought and obtained this Court's authority to employ special counsel to assist me, as Chapter 7 Trustee, in my research, investigation, and prosecution of various causes of actions/claims. This process involved, at my request Court approved procedures. Pursuant to the authority granted to me, as Chapter 7 Trustee, in Court orders, I made demand on several hundred Persons, moved forward with settlement conferences and/or mediations with mediators approved/appointed by this Court, and initiated over fifty-five lawsuits. Other than a couple in continued settlement discussions and one matter that is set for trial in the late Winter of 2023, all other items have been resolved or otherwise addressed.

e. With the completion of the administration of Estate assets in sight, as Chapter 7 Trustee, I turned my primary focus to the claims resolution process. Claims filed against the Estate include, but are not limited to, professional liability claims. In fact, the two largest claims filed in this Case are legal malpractice claims which comprise over 90% of the claims pool amount. As such, I, as Chapter 7 Trustee, with the assistance of my counsel, sought and obtained this Court's authority to

7

employ special counsel in the form of coverage counsel and professional liability defense counsel. And as a result, a claim in the amount of $28,000,000 has already been withdrawn.

f. Addressed tax items/issues, including but not limited to (a) preparing and filing the 2019 tax returns as instructed by my professionals and (b) preparing and filing the 2020 and 2021 tax returns with the assistance of my professionals.. Also, with the assistance of my professionals and Wind-down team, I located certain of the information request by the IRS in conjunction with a 2018 IRS audit related to the Debtor's filing of a federal tax return for the portion of the calendar tax year where the Debtor operated as a Virginia professional corporation prior to its filing of Articles of Conversion with the State Corporation Commission of Virginia in early March 2018. In connection with the same, I, as Chapter 7 Trustee, and through counsel, filed a motion seeking authority to execute the Notices of Proposed Adjustments requested by the IRS as based upon its findings from the 2018 audit. This Court granted my request. I continue to address related tax and operational items, including those addressed in this Court's Memorandum Opinion and related rulings and ongoing appeals to the United States District Court.

g. Addressed items/issues related to retirement vehicles, including but not limited to having a 2018 and 2019 audit performed and in connection with the submission of 2018 and 2019 Form 5500 year. I also continue to correspond with various former participants.

h. Consulted with members of the Wind-down Team and others regarding efficient utilization of pre-petition bank accounts, cash management systems, IT systems,

8

and/or payroll processing entities and implemented processes related to the same. I continue to access and maintain as needed for ongoing operations.

i. Addressed operational issues including but not limited to those related to ongoing operational infrastructure needs.

j. Addressed items related to disposition of other Estate assets.

k. Reviewed and addressed insurance items.

l. Addressed other items related to the preservation of Estate assets, including but not limited to continued efforts to identify executory contracts and leases.

m. Corresponded with numerous creditors and former members regarding the Case and addressed certain concerns or other inquiries raised by the same.

n. Investigated other potential Estate assets.

o. Obtained an administrative bar date and reviewed and addressed, with the assistance of my professionals as needed, administrative claims as filed.

p. Reviewed and assessed, with the assistance of my professionals as needed, the merits of certain general unsecured claims though such process is in the initial stage.

q. Provided periodic reports to the Court and the Office of the United States Trustee.

11. Based on my efforts to date and the status of operational and related items, I, in the exercise of my business judgment, believe it is in the best interest of the Estate to continue the Wind-down Operations

12. I, as Chapter 7 Trustee, respectfully request that the Court enter three orders: (1) the proposed order attached to my *Twelfth Supplement to Her Motion for Immediate Authority to Operate Certain Aspects of Debtor's Business for a Limited Period and to Shorten Notice Thereof,*

*and Memorandum in Support Thereof,* which order was endorsed by the Office of the United States Trustee, with paragraph 7 deleted; (2) a bridge order authorizing me to continue to conduct the Wind-down Operations through January 31, 2023 and setting a continued hearing on January 24, 2023, with an objection deadline of January 20, 2023; and (3) the order attached as Exhibit A, to the Supplement to Operate authorizing me, as Chapter 7 Trustee, to continue to conduct the Wind-down Operations through June 30, 2023, setting a continued hearing in June of 2023, and granting such other and further relief as is just and appropriate under the circumstances.

13. As of the filing of this declaration, the Estate funds in my possession are as follows: $1,270,798.94 (Signature Bank- Regular), $16,003,497.13 (Signature Bank – Money Market), $32,820.00 (Operating Account – HSBC); $954,692.37 (commonly referred to as CAPE account); and $299,775.36 (Virginia IOLTA).

14. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: December 21, 2022  By: */s/ Lynn L. Tavenner*
Richmond, Virginia  Lynn L. Tavenner, Chapter 7 Trustee


Respectfully submitted,
**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: December 20, 2022  By: */s/ Paula S. Beran*
Richmond, Virginia  Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

10

## CERTIFICATE OF SERVICE

      I certify that on this 20th day of December 2022, a true copy of the foregoing Witness List and Related Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                                                   /s/     Paula S. Beran
                                                 Paula S. Beran, Esquire
                                               *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*