**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**ORDER GRANTING TRUSTEE'S MOTION TO ESTABLISH PROCEDURES FOR
INTERIM DISTRIBUTION TO CHAPTER 11 ADMINISTRATIVE CREDITORS**

This matter coming before the Court on the Trustee's Motion to Establish Procedures for

Interim Distribution to Chapter 11 Administrative Creditors-(the "**Motion**")[2] filed by Lynn L.

Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such

capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**")

of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**") seeking, *inter alia*, an order

authorizing and otherwise establishing procedures whereby the Trustee may make an interim

distribution to any Person claiming an administrative expenses under § 503(a) of the Bankruptcy

Code which administrative expense was (a) incurred on or after September 3, 2019 and before

October 4, 2019 and (b) has been allowed by final order of this Court (collectively, **the "Allowed**

**Chapter 11 Administrative Expenses**" and each an "**Allowed Chapter 11 Administrative**

**Expense**"); and upon consideration of the Motion, the Court having reviewed the Motion and

having heard the statements of counsel in support of the relief requested in the Motion at a hearing

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

before the Court (the "**Hearing**"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Motion (and service of the proposed order) was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief herein granted.

NOW, THEREFORE, it is **ORDERED**, that:

1.      The Motion is GRANTED as modified herein.

2.      The Trustee is hereby authorized to pay the Allowed Chapter 11 Administrative Expenses listed on Exhibit A attached hereto (the "**Initial Interim Distribution List**").

3.      To the extent the Trustee determines, in the exercise of her business judgment, that it is in the best interest of the Estate to pay an Allowed Chapter Administrative Expense that is not identified on the Initial Interim Distribution List, including but not limited to amounts that may be owed to Hunton and/or Protiviti, the Trustee may file a Notice of Interim Distribution ("**Notice of Interim Distribution**") with the Court which will provide a listing of those Persons she proposes to pay, along with a summary of the distribution sought.

4.      The Trustee shall also serve the  Notice of the Interim Distribution on the Office of the United States Trustee, all parties listed on the Debtor's Official Form 106G except known landlords, the Debtor's 20 Largest Unsecured Creditors, all known secured creditors from the Debtor's Official Form 106D, the Core Parties and 2002 List as defined in the Order Establishing Certain Notice, Case Management and Administrative Procedures, ECF No. 38, and all parties requesting service of pleadings in this Case.

5.      Any Person desiring to object to the Trustee's one or more payments as proposed

on the Notice of Interim Distribution shall on or before 14 days from the date of the Notice of Interim Distribution (the "Objection Period") file with this Court and serve on the Trustee and the Office of the United States Trustee an objection stating with particularity the basis of why the objector maintains that the Trustee should not be authorized to pay the particular Allowed Chapter 11 Administrative Expense (the "**Payment Objection**").

6.      After the expiration of the Objection Period, the Trustee shall be authorized to pay the Allowed Chapter 11 Administrative Expenses listed on the Notice of Interim Distribution to which no Payment Objection has been filed.

7.      To the extent a Payment Objection is filed, the Trustee shall not thereafter pay the particular Allowed Chapter 11 Administrative Expense absent (a) written consent from the Person filing the Payment Objection or (b) further order of this Court after a hearing thereon at a requisite Omnibus Hearing, which may be set by the Trustee with at least 7 days' notice to the Person who had filed the Payment Objection.

8.      The Office of the United States Trustee shall have an allowed administrative expense claim in the amount of $37,582.00 for fees incurred between September 3, 2019 and October 4, 2019.

9.      This Court retains jurisdiction to interpret, implement, and enforce the provisions of this Order.

10.      As permitted by Bankruptcy Rule 6004(h), notwithstanding Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

ENTERED: Dec 20 2022

/s/ Kevin R Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered On Docket: Dec 21 2022

I ask for this:

*/s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
   *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*


Seen and No Objection:

*/s/ Shannon F. Pecoraro (signature authority via 11/29/22 email)*
Shannon F. Pecoraro, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
   *Trial Attorney*


<u>CERTIFICATION</u>

  I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either been endorsed by and/or served upon all necessary parties.

       */s/ Paula S. Beran*
       Counsel


**<u>Service List for Entered Order</u>**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Shannon F. Pecoraro, Esquire
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

| Claimant | Claim Description | Amount | ECF | Order Date |
|---|---|---|---|---|
| BankDirect Capital Finance | Ch 11 Admin Expense | $14,327.84 | 312 | 12/20/2019 |
| Ponte Gadea Washington | Ch 11 Admin Expense | $23,633.62 | 1496 | 7/15/2022 |
| Carlyle Overlook Owner | Ch 11 Admin Expense | $4,989.77 | 1511 | 7/21/2022 |
| Park Towers Investment | Ch 11 Admin Expense | $59,000.00 | 1462 | 7/5/2022 |
| Iron Mountain | Ch 11 Admin Expense | $300,000.00 | 1570 | 9/2/2022 |
| Technology Leasing Concepts* | Ch 11 Admin Expense | $28,247.22 | 537* | 6/23/2020* |
| Masergy Communications, Inc | Ch 11 Admin Expense | $65,347.86 | 1090 | 11/9/2021 |
| EYP Realty, LLC | Ch 11 Admin Expense | $24,880.74 | 1404 | 6/10/2022 |
| Lathem & Watkins | Ch 11 Admin Expense | $40,848.96 | 1451 | 6/28/2022 |
| Cityside | Ch 11 Admin Expense | $55,000.00 | 1049 | 9/20/2021 |
| Lori Thompson** | Ch 11 Admin Expense | $19,888.28 | ** | ** |
| Office of the US Trustee | Admin Expense | $37,582.00 | *** | *** |
| Parma Richmond, LLC | Ch 11 Admin Expense | $56,500.32 | 664 | 10/20/2020 |

*stip filed but no order
entered as of the filing
of the Motion

** Amount agreed to subject
to Court approval under
settlement procedures

*** Allowed pursuant to Chapter 123
of Title 28, United States Code