**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:

    LeClairRyan, PLLC,[1]

    Debtor

Case No. 19-34574-KRH

Chapter 7

## WITNESS LIST AND RELATED DECLARATION

In accordance with Richmond General Orders 23-1 and 23-2, Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case** ") hereby files, by counsel, a witness list and related declaration.

### WITNESS LIST

In support of the relief requested in the items designated on the *Proposed Hearing Agenda* [ECF No. 1774], the Trustee submits the following list:

1. Lynn L. Tavenner, Chapter 7 trustee

### DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 Trustee of the LeClair Ryan Estate, pursuant to 28 USC § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
   *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1.      I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2.      I submit this declaration in support of: (a) Statement --NOTICE OF HEARING ON

TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION

SEGREGATED FUNDS (*Global Access Litigation Services/GALS-CR, Inc.* ) [ECF No. 1738]; (b)

Statement --NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT

SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (I Witness Video Group)

[ECF No. 1739]; (c) Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT*

*WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (The Pettit*

*Company Inc.)*    [ECF No. 1740]; (d) Statement --*NOTICE OF HEARING ON TRUSTEES*

*DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED*

*FUNDS (William D. Janicki, Esquire)* [ECF No. 1741];(e)Statement --*NOTICE OF HEARING*

*ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION*

*SEGREGATED FUNDS (Keating & Walker Attorney Service, Inc..)*    [ECF No. 1742]; (f)

Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT*

*SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Lian and Lien IP Attorneys)*

[ECF No. 1743]; (g) Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT*

*WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Rifkin*

*Wiene Livingston LLC)* [ECF No. 1744]; (h) Statement --*NOTICE OF HEARING ON TRUSTEES*

*DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED*

*FUNDS (Interstate Services)* [ECF No. 1745]; (i) Statement --*NOTICE OF HEARING ON*

*TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION*

*SEGREGATED FUNDS (Drew & Napier, LLC)* [ECF No. 1746]; (j) Statement --*NOTICE OF*

*HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-*

*PETITION SEGREGATED FUNDS (Ungria International Inc.)* [ECF No. 1747]; (k) Statement --NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Stokes & Associates, LLC)* [ECF No. 1748]; (l) Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Barrister Digital Solutions, LLC)* [ECF No. 1749]; (m) Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Metropolitan Court Reporter)* [ECF No. 1750]; and (n) Statement --*NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (Schulman, Wiegmann & Associates, PA)* [ECF No. 1751] (collectively, the "**CAPE Notices**" and each a "**CAPE Notice**").

3.      The statements in this Declaration are, except where specifically noted, based on my personal knowledge of information that I have obtained in connection with my role as Chapter 7 Trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

4.      In connection with my responsibilities as Trustee, I have reviewed the numerous Claims in Post-Petition Segregated Funds submitted pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter. I compared these claims with the information found in the Debtor's book and records. While I am extremely sympathetic to the plight of many of these vendors who clearly provided services to LeClairRyan and/or its clients and were not appropriately compensated for the same, my analysis was focused, and my conclusions are based, on whether the money was received by the Estate after the bankruptcy filing

or LeClairRyan before it sought bankruptcy relief. The former is the basis that allows me to distribute money from the CAPE account to the various vendors pursuant to this Court's specific order. Once I have completed the process for amounts received by the Estate, I will work with my counsel and propose to this Court a process to address the amounts in the CAPE account that were received before September 3, 2019.

5.    In connection with the claim submitted by Global Access Litigation Services/GALS-CR, Inc., the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 200554 | **350.00** | Invoice paid on 12/06/2019 | Yes |
| 200509 | **1,180.92** | Invoice paid on 09/12/2019 | Yes |
| 200510 | **1,678.21** | Invoice paid on 09/12/2019 | Yes |
| 200593 | **175.00** | Invoice paid on 11/25/2019 | Yes |
| 200622 | **225.00** | Invoice paid on 11/25/2019 | Yes |
| 200638 | **225.00** | Invoice paid on 11/25/2019 | Yes |
| 200524 | 782.11 | invoice paid on 07/29/2019 | Yes |
| 200534 | 679.55 | invoice paid on 07/29/2019 | Yes |
| 200621 | 150.00 | Invoice paid on 08/09/2019 | Yes |
| 200522 | 3,243.90 | invoice  paid on 07/29/2019 | Yes |
| 200576 | 1,899.08 | Invoice paid on 07/30/2019 | Yes |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Global Access Litigation Services/GALS-CR, Inc. is entitled to receive $ 3,834.13, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified Global Access Litigation Services/GALS-CR, Inc. of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Global Access Litigation Services/GALS-CR, Inc. Based on email correspondence, I understand that Global Access Litigation Services/GALS-CR, Inc. agrees with my position, and

as such, I will tender the undisputed amount to Global Access Litigation Services/GALS-CR, Inc. and not reserve any additional amount for this claim.

6.     In connection with the claim submitted by I Witness Video Group, the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 47026 | 1,155.00 | Invoice paid on 07/29/2019 | Yes |
| 47034 | **1,107.50** | Invoice paid on 10/21/2019 | Yes |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, I Witness Video Group is entitled to receive $1,107.50, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified I Witness Video Group of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for I Witness Video Group. Based on email correspondence, I understand that I Witness Video Group agrees with my position, and as such, I will tender the undisputed amount to I Witness Video Group and not reserve any additional amount for this claim.

7.     In connection with the claim submitted by The Pettit Company Inc., the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 96667 | 20.00 | Invoice has not been paid | Yes |
| 96668 | 35.00 | Invoice has not been paid | Yes |
| 96673 | 20.00 | Invoice has not been paid | Yes |
| 96674 | 35.00 | Invoice has not been paid | Yes |

| 96677 | 105.00 | Invoice has not been paid | Yes |
|---|---|---|---|
| 96703 | 90.00 | Invoice has not been paid | Yes |
| 96837 | 171.00 | Invoice paid on 05/01/2019 | Yes |
| 97334 | 350.00 | Unbilled | Yes |
| 97356 | 200.00 | Unbilled | Yes |
| 97700 | 35.00 | Invoice has not been paid | Yes |
| 97701 | 35.00 | Invoice has not been paid | Yes |
| 97971 | **20.00** | Invoice paid on 10/01/2019 | Yes |
| 98044 | **455.00** | Invoice paid on 10/01/2019 | Yes |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, The Pettit Company Inc. is entitled to receive $ 475.00, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified The Pettit Company Inc. of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for The Pettit Company Inc.  Based on my conversation with Maverick Pettitt, I understand that The Pettit Company Inc. agrees with my position, and as such, I will tender the undisputed amount to The Pettit Company Inc. and not reserve any additional amount for this claim.

8.      In connection with the claim submitted by William D. Janicki, Esquire, the Debtor's books and records indicate that no amount that Mr. Janicki contributed to the firm in the context of a capital contribution in 2018 was part of the Post-Petition Segregated Funds.  Furthermore, I have neither seen an accounting of a separate bank account nor located a bank account that segregated member capital contributions from other funds received by the firm. As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Mr. Janicki is not entitled to receive any part of the Post-Petition

Segregated Funds. My counsel notified Mr. Janicki of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice, a copy of which is attached hereto as Exhibit A.   It appears that the physical address and email address on Mr. Janicki's claim, which was used by my counsel to mail and email the letter, may no longer be accurate. And I am unclear as to whether the letter has been forwarded to Mr. Janicki.  After additional research, I believe I have located additional potential addresses for Mr. Janicki and intend to provide correspondence to those addresses.  As such, I believe it appropriate to continue this matter for a month.

9.      In connection with the claim submitted by Keating & Walker Attorney Service, Inc., the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 134764 | **85.00** | Invoice paid on 10/07/2019 | Yes |
| 135038R | 100.00 | Invoice paid on 07/23/2019 | Yes |
| 135544 | **85.00** | Invoice paid on 09/20/2019 | Yes |
| 135750 | 190.00 | Unbilled | Yes |
| 125773 | 275.00 | Invoice unpaid | Yes |
| 126758 | 213.50 | Invoice not in Elite | Yes |
| 128891 | 112.45 | Invoice not in Elite | Yes |
| 132186 | 330.00 | Invoice paid on 08/23/2019 | Yes |
| 132565R | 99.80 | Invoice paid on 07/23/2019 | Yes |

As such, I maintain that pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Keating & Walker Attorney Service, Inc. is entitled to receive $170.00, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified Keating & Walker Attorney Service, Inc. of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Keating & Walker Attorney Service, Inc., a copy of which is attached hereto as Exhibit B.

10.    In connection with the claim submitted by Lian and Lien IP Attorneys, the Debtor's

books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| LLP180019LCR | 565.00 | Invoice paid on 08/16/2019 | No |
| LLP180020LCR | 500.00 | Invoice paid on 08/16/2019 | No |
| LLP180021LCR | 509.00 | Invoice paid on 05/26/2019 | No |
| LLP180022LCR | 234.52 | Invoice paid on 09/17/2018 | No |
| LLP180023LCR | 565.00 | Invoice paid on 09/17/2018 | No |
| LLP180024LCR | 334.00 | Invoice paid on 09/17/2018 | No |
| LLP180025LCR | 563.77 | Invoice paid on 08/20/2019 | No |
| LLP180026LCR | 507.39 | Invoice paid on 10/15/2018 | No |
| LLP180027LCR | 507.39 | Invoice paid on 10/15/2018 | No |
| LLP180028LCR | 431.00 | Invoice paid on 10/15/2018 | No |
| LLP180030LCR | 539.00 | Invoice paid on 10/15/2018 | No |
| LLP180031LCR | 319.00 | Invoice paid on 10/15/2018 | No |
| LLP180118LCR | 471.00 | Invoice paid on 03/13/2019 | No |
| LLP190085LCR | **456.81** | Invoice paid on 09/19/2019 | Yes |
| LLP190086LCR | **322.54** | Invoice paid on 09/19/2019 | Yes |
| LLP190098LCR | **322.54** | Invoice paid on 09/19/2019 | Yes |
| LLP190101LCR | **322.54** | Invoice paid on 09/19/2019 | Yes |
| LLP190102LCR | **322.54** | Invoice paid on 09/19/2019 | Yes |
| LLP190111LCR | **515.73** | Invoice paid on 09/19/2019 | Yes |
| LLP190112LCR | **287.69** | Invoice paid on 09/19/2019 | Yes |
| LLP190113LCR | **517.34** | Invoice paid on 09/19/2019 | Yes |
| LLP190114LCR | **287.69** | Invoice paid on 09/19/2019 | Yes |
| LLP190115LCR | **517.34** | Invoice paid on 09/19/2019 | Yes |
| LLP190116LCR | **517.34** | Invoice paid on 09/19/2019 | Yes |
| LLP190117LCR | **325.73** | Invoice paid on 10/18/2019 | Yes |
| LLP190118LCR | **325.73** | Invoice paid on 10/18/2019 | Yes |
| LLP190119LCR | **325.73** | Invoice paid on 10/18/2019 | Yes |
| LLP190120LCR | **325.73** | Invoice paid on 10/18/2019 | Yes |
| LLP190121LCR | **325.73** | Invoice paid on 10/18/2019 | Yes |
| LLP190122LCR | **171.31** | Invoice paid on 09/19/2019 | Yes |
| LLP190123LCR | **513.93** | Invoice paid on 09/19/2019 | Yes |
| LLP190124LCR | **513.93** | Invoice paid on 09/19/2019 | Yes |
| LLP190125LCR | **513.93** | Invoice paid on 09/19/2019 | Yes |
| LLP190126LCR | **171.31** | Invoice paid on 09/19/2019 | Yes |
| LLP190127LCR | 130.00 | Invoice not in Elite | |

| | | | |
|---|---|---|---|
| LLP190128LCR | 130.00 | Invoice not in Elite | |
| LLP190129LCR | 130.00 | Invoice not in Elite | |
| LLP190130LCR | 130.00 | Invoice not in Elite | |
| LLP190131LCR | 130.00 | Invoice not in Elite | |
| LLP190132LCR | 130.00 | Invoice not in Elite | |
| LLP190133LCR | 130.00 | Invoice not in Elite | |
| LLP190134LCR | 130.00 | Invoice not in Elite | |
| LLP190135LCR | **516.36** | Invoice paid on 10/18/2019 | Yes |
| LLP190136LCR | **229.02** | Invoice paid on 10/18/2019 | Yes |
| LLP190137LCR | **172.12** | Invoice paid on 10/18/2019 | Yes |
| LLP1901038LCR | **516.36** | Invoice paid on 10/18/2019 | Yes |
| LLP190139LCR | **287.18** | Invoice paid on 10/18/2019 | Yes |
| LLP190140LCR | **516.36** | Invoice paid on 10/18/2019 | Yes |
| LLP190141LCR | **331.92** | Invoice paid on 10/18/2019 | Yes |
| LLP190142LCR | **441.80** | Invoice paid on 10/18/2019 | Yes |
| LLP190143LCR | **287.25** | Invoice paid on 10/18/2019 | Yes |
| LLP190144LCR | **344.37** | Invoice paid on 10/18/2019 | Yes |
| LLP190145LCR | **516.63** | Invoice paid on 10/18/2019 | Yes |
| LLP190146LCR | **516.63** | Invoice paid on 10/18/2019 | Yes |
| LLP190147LCR | **516.63** | Invoice paid on 10/18/2019 | Yes |
| LLP190148LCR | **516.63** | Invoice paid on 10/18/2019 | Yes |
| LLP190149LCR | 126.00 | Invoice not in Elite | |
| LLP190150LCR | 272.00 | Invoice not in Elite | |
| LLP190151LCR | 489.00 | Invoice not in Elite | |
| LLP190152LCR | 272.00 | Invoice not in Elite | |
| LLTO18116 | 3,016.00 | Invoice not in Elite | |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Lian and Lien IP Attorneys is entitled to receive $13,612.42, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified Lian and Lien IP Attorneys of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Lian and Lien IP Attorneys. Based on email correspondence, I understand that Lian and Lien IP Attorneys agrees with my position, and

as such, I will tender the undisputed amount to Lian and Lien IP Attorneys and not reserve any

additional amount for this claim.                         .

11.      In connection with the claim submitted by Rifkin Wiene Livingston LLC, the

Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 52677 | 5,087.25 | Invoice paid 08/19/2019 | Yes |
| 52773 | 5,967.50 | Invoice paid 08/19/2019 | Yes |
| 52845 | 10,368.98 | Invoice paid 08/19/2019 | Yes |
| 53018 | 162.82 | Invoice not in Elite | |

As such, I maintain that pursuant, to this Court's Order (I) Establishing Procedures Including a

Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing

the Distribution of Funds Thereafter, Rifkin Wiene Livingston LLC is not entitled to receive any

part of the Post-Petition Segregated Funds. My counsel notified Rifkin Wiene Livingston LLC of

this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE

Notice for Rifkin Wiene Livingston LLC. Based on email correspondence, I understand that agrees

Rifkin Wiene Livingston LLC with my position, and as such, I will tender no funds to Rifkin

Wiene Livingston LLC and not reserve any amount for this claim.

12.      In connection with the claim submitted by Interstate Services, the Debtor's books

and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| S15003 | 183.00 | Invoice paid on 06/18/2019 | Yes |
| S15134 | **183.00** | Invoice paid on 09/19/2019 | Yes |
| S15282 | 186.00 | Invoice not in Elite | |
| S15411 | 183.00 | Invoice not in Elite | |

| S15501 | 183.00 | Invoice not in Elite | |
| S15517 | 12.00 | Invoice not in Elite | |
| S15825 | 450.00 | Invoice not in Elite | |

As such, I maintain that pursuant, to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Interstate Services is entitled to receive $183.00, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified Interstate Services of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Interstate Services.  Based on a telephone call between Mr. Steve Wayland and my counsel, Paula Beran, I understand that Interstate Services agrees with my position, and as such, I will tender the undisputed amount to Interstate Services and not reserve any additional amount for this claim.

13.    In connection with the claim submitted by Drew & Napier, LLC., the Debtor's books and records indicate the following:

| 10595674 | 1,236.89 | Paid 08/12/2019 | unpaid |
| 10595921 | 283.47 | Paid 08/12/2019 | unpaid |
| 10597588 | 597.56 | Paid 07/15/2019 | unpaid |
| 10597923 | 154.92 | Not paid | unpaid |
| 10597924 | 157.92 | Not paid | unpaid |
| 10599909 | **463.21** | Paid 09/10/2019 | unpaid |
| 10601901 | **995.90** | Paid 11/07/2019 | unpaid |
| 10602459 | **905.74** | Paid 11/07/2019 | unpaid |
| 10602555 | **528.69** | Paid 11/07/2019 | unpaid |
| 10602962 | **1,815.77** | Paid 10/03/2019 | unpaid |
| 10602964 | **3,081.15** | Paid 11/07/2019 | unpaid |
| 10603408 | 1,171.31 | Not paid | unpaid |
| 10604975 | 794.26 | | Invoice not in accounting system |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a

Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing

the Distribution of Funds Thereafter, Drew & Napier, LLC is entitled to receive $7,790.46, which

is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My

counsel notified Drew & Napier, LLC of this position in a letter dated February 8, 2023, which

had as an enclosure the respective CAPE Notice for Drew & Napier, LLC.  Based on email

correspondence, I understand that Drew & Napier, LLC agrees with my position, and as such, I

will tender the undisputed amount to Drew & Napier, LLC and not reserve any additional amount

for this claim.

14.    In connection with what I understood was the claim submitted by Ungria

International Inc., the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 6609518 | 2,890.00 | Paid 07/19/2019 | Paid |
| 6610918 | 1,263.00 | Paid 03/04/2019 | Paid |
| 6611018 | 295.00 | Paid 03/04/2019 | Paid |
| 6618718 | 395.00 | Paid 03/04/2019 | Paid |
| 6618918 | 395.00 | Paid 03/04/2019 | Paid |
| 6619618 | 395.00 | Paid 03/04/2019 | Paid |
| 6630219 | 821.00 | Paid 05/01/2019 | Paid |
| 6630319 | 402.00 | Paid 05/01/2019 | Paid |
| 6630419 | 395.00 | Paid 05/01/2019 | Paid |
| 6630519 | 395.00 | Paid 05/01/2019 | Paid |
| 6634419 | 648.00 | Paid 05/01/2019 | Paid |
| 6634519 | 742.00 | Paid 05/01/2019 | Paid |
| 6634619 | 545.00 | Paid 05/01/2019 | Paid |
| 6647919 | 295.00 | Paid 05/01/2019 | Paid |
| 6662319 | 755.00 | Paid 07/19/2019 | Paid |
| 6663719 | 2,709.00 | Paid 05/01/2019 | Paid |
| 6664819 | 1,145.00 | Paid 05/29/2019 | Paid |
| 6664919 | 700.00 | Paid 07/19/2019 | Paid |

| 6672619 | 195.00 | Paid 07/19/2019 | unpaid |
|---------|--------|-----------------|--------|
| 6684419 | 650.00 | Paid 07/19/2019 | unpaid |
| 6702319 | 2,090.00 | Paid 07/19/2019 | Paid |
| 6702519 | 790.00 | Paid 08/12/2019 | Paid |
| 6703519 | 3,830.00 | Paid 07/19/2019 | Paid |
| 6712519 | 295.00 | Paid 08/12/2019 | unpaid |

As such, I maintained that pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Ungria International Inc. is entitled to receive no amount. My counsel notified Ungria International Inc. of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Ungria International Inc. After email correspondence that clarified certain things, I again reviewed the Debtor's books and records which indicate the following:

| **Vendor Invoice #** | **Amount** | **Client Payment Status** | **Unpaid in AP** |
|----------------------|------------|---------------------------|------------------|
| 66,726/19 | $195.00 | Paid 7/19/19 | Yes |
| 66,844/19 | $650.00 | Paid 7/19/19 | Yes |
| 67,125/19 | $295.00 | Paid 8/12/19 | Yes |
| 67,274/19 | $1,995.00 | Paid 8/12/19 | Yes |
| 67,285/19 | $2,890.00 | Paid 8/12/19 | Yes |
| 67,410/19 | **$1,003.00** | Paid 9/10/19 | Yes |
| 67,422/19 | **$2,795.00** | Paid 9/10/19 | Yes |
| 67,472/19 | **$700.00** | Paid 9/10/19 | Yes |
| 67,681/19 | **$695.00** | Paid 9/10/19 | Yes |
| 67,756/19 | **$1,362.00** | Paid 9/10/19 | Yes |
|  |  |  |  |

Based on this additional review, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Ungria International Inc. is

entitled to receive $6,555.00, which is the sum of the invoices paid and amounts received by the

Estate after September 3, 2019 This was conveyed to Ungria International Inc in an email and a

phone conversation.  Based on that correspondence, I understand that Ungria International Inc.

agrees with my position, and as such, I will tender the undisputed amount to Ungria International

Inc and not reserve any additional amount for this claim.

15.     In connection with the claim submitted by Stokes & Associates, LLC., the Debtor's

books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
|  |  |  |  |
| 674 | 175.00 | Not charged to client | Paid |
| 6713 | 400.00 | Paid 11/02/2018 | Paid |
| 676 | 350.00 | Paid 08/15/2017 | Paid |
| 1 | 100.00 | Paid 04/30/2019 | Paid |
| 1 | 200.00 | Paid 07/23/2019 | unpaid |
| 1 | **200.00** | Paid 10/18/2019 | unpaid |
| 1 | 120.00 | Paid 07/29/2019 | unpaid |
| 1 | 120.00 | Paid 07/29/2019 | unpaid |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a

Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing

the Distribution of Funds Thereafter, Stokes & Associates, LLC is entitled to receive $200.00,

which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019.

My counsel notified Stokes & Associates, LLC of this position in a letter dated February 8, 2023,

which had as an enclosure the respective CAPE Notice for Stokes & Associates, LLC, a copy of

which is attached hereto as Exhibit C.

16.     In connection with the claim submitted by Barrister Digital Solutions, LLC, the

Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 65131 | 310.21 | Invoice paid 08/19/2019 | Yes |
| 65104 | 238.50 | Invoice paid 08/19/2019 | Yes |
| 65132 | 4,805.67 | Invoice paid 08/19/2019 | Yes |
| 65083 | 5,186.56 | Invoice paid 08/19/2019 | Yes |
| 64824 | 66.25 | Client did not pay costs | Yes |
| 64921 | **45.16** | Invoice paid on 09/10/2019 | Yes |
| 64392 | 302.34 | Invoice paid 08/19/2019 | Yes |
| 64391 | 3,960.09 | Invoice paid 08/19/2019 | Yes |
| 64757 | 182.55 | Invoice paid 08/19/2019 | Yes |
| 64756 | 274.22 | Invoice paid 08/19/2019 | Yes |
| 64755 | 319.17 | Invoice paid 08/19/2019 | Yes |
| 64753 | 5,545.58 | Invoice paid 08/19/2019 | Yes |
| 64799 | 576.06 | Invoice paid 08/19/2019 | Yes |
| 64636 | **64.66** | Invoice paid on 09/10/2019 | Yes |
| 64138 | 270.30 | Client not billed | Yes |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, Barrister Digital Solutions is entitled to receive $109.82, which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019. My counsel notified Barrister Digital Solutions of this position in a letter dated February 8, 2023, which had as an enclosure the respective CAPE Notice for Barrister Digital Solutions, a copy of which is attached hereto as Exhibit D.  The letter contained a typographical error that involves a 10 cents difference.

17.    In connection with the claim submitted by Metropolitan Court Reporter, the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 206273 | **381.80** | Paid 11/04/2019 | unpaid |
| 206329 | 489.50 | | Invoice not in accounting system |

As such, I maintain that pursuant to this Court's Order (I) Establishing Procedures Including a Bar

Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the

Distribution of Funds Thereafter, Metropolitan Court Reporter is entitled to receive $381.80,

which is the sum of the invoices paid and amounts received by the Estate after September 3, 2019.

My counsel notified Metropolitan Court Reporter of this position in a letter dated February 8, 2023,

which had as an enclosure the respective CAPE Notice for Metropolitan Court Reporter.  Based

on email correspondence, I understand that Metropolitan Court Reporter agrees with my position,

and as such, I will tender the undisputed amount to Metropolitan Court Reporter  and not reserve

any additional amount for this claim.

      18.     In connection with the claim submitted by Schulman, Wiegmann & Associates,

PA., the Debtor's books and records indicate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 77333 | 2,731.66 | Not paid | yes |
| 78331 | 400.50 | Not paid | yes |
| 78747 | 2,500.30 | Not paid | yes |
| 79062 | 528.50 | Not paid | yes |

As such, I maintain that, pursuant to this Court's Order (I) Establishing Procedures Including a

Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing

the Distribution of Funds Thereafter, Schulman, Wiegmann & Associates, PA. is not entitled to

receive any part of the Post-Petition Segregated Funds. My counsel notified Schulman, Wiegmann

& Associates, PA. of this position in a letter dated February 8, 2023, which had as an enclosure

the respective CAPE Notice for Schulman, Wiegmann & Associates, PA., a copy of which is attached hereto as Exhibit E.

### Case Reports

19.     As of the filing of this Declaration, the Estate funds in my possession are as follows: $258,644.66 (Signature Bank- Regular); $15,997,012.00 (Signature Bank – Money Market); $198,925.48 (Operating Account – HSBC); $1,058,503.63 (commonly referred to as CAPE account).

20.     To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.


**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: February 22, 2023          By: */s/ Lynn L. Tavenner*
     Richmond, Virginia                  Lynn L. Tavenner, Chapter 7 Trustee


Respectfully submitted,
**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**


Dated:  February 22, 2023          By: */s/ Paula S. Beran*
     Richmond, Virginia                  Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
     *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of February 2023, a true copy of the foregoing Witness List and Related Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

*/s/ Paula S. Beran*
Paula S. Beran, Esquire
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# Tavenner & Beran, PLC

## ATTORNEYS AT LAW

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

February 8, 2023

William D. Janicki, Esquire
1013 Galleria Boulevard Suite 250
Rosevillle, CA 95678-1365
WJanicki@fmglaw.com

RE:  LeClairRyan PLLC 19-34574-KRH

Dear Mr. Janicki,

Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**") is in receipt of your request of $100,000.00 ("**CAPE Claim**") submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that you have a valid claim and/or interest in any portion of the Post-Petition Segregated Funds. The Post-Petition Segregated Funds in the Segregated Account were received after September 3, 2019. As such, no amounts that you contributed in 2018 are part of the Post-Petition Segregated Funds. Furthermore, the Trustee has neither seen an accounting of a separate bank account nor located a bank account that segregates member capital contributions from other funds received by the Debtor. Based on the same and other information, the Trustee maintains that you are not entitled to any of the Post-Petition Segregated Funds.

Pursuant to the Order, if you disagree with the Trustee's position and desire to continue to pursue your claim to $100,000 from the Post-Petition Segregated Funds, you must establish your entitlement at a hearing on February 23, 2023 as further provided on the Notice of Hearing on Trustee's Disagreement with Amount Sought in Claim in Post-Petition Segregated Funds enclosed herewith.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc:     Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter<br>7 |

### Notice of Hearing on Trustee's Disagreement with
### Amount Sought in Claim in Post-Petition Segregated Funds
### (William D. Janicki, Esquire)

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely

in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the

above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures*

*Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II)*

*Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,*[2] ECF.

No. 383, (the **"Order"**) hereby provides notice that she disagrees with the amount sought by

William D. Janicki, Esquire (**"Claimant"**) in his Claim in Post-Petition Segregated Funds.

Pursuant to the Order, a hearing on this matter will be held on **February 23, 2023, at 1 P.M.** (or

such time thereafter as the matter may be heard) before The Honorable Kevin R. Huennekens,

United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,* Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Street Richmond, Virginia 23219. In accordance with Richmond General Order 22-2, unless ordered otherwise, the hearing will be conducted both in person and via Zoom with a listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial: 1-866-590-5055
Access Code: 4377075
Security Code: 22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023
Richmond, Virginia

By: */s/ Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February 2023, a true and correct copy of the foregoing Notice has been sent to the Claimant as follows:

William D. Janicki, Esquire
1013 Galleria Boulevard Suite 250
Rosevillle, CA 95678-1365

WJanicki@fmglaw.com

*/s/    Paula S. Beran*
Counsel

# Tavenner & Beran, PLC
## ATTORNEYS AT LAW

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

February 8, 2023

John J. Walker, President
Keating & Walker Attorney Service, Inc.
816 Nassau Street - Suite 816
New York NY, 10038
Service@Keatingandwalker.com

RE: LeClairRyan PLLC 19-34574-KRH

Dear Claimant,

Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**") is in receipt of the request ("**CAPE Claim**") of Keating & Walker Attorney Service, Inc. (the "**Claimant**")   submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that the Claimant has the claimed interest in Post-Petition Segregated Funds. The Debtor's books and records demonstrate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 134764 | **85.00** | Invoice paid on 10/07/2019 | Yes |
| 135038R | 100.00 | Invoice cost paid on 07/23/2019 | Yes |
| 135544 | **85.00** | Invoice paid on 09/20/2019 | Yes |
| 135750 | 190.00 | Unbilled | Yes |
| 125773 | 275.00 | Check was voided and reversed no longer needed | |
| 126758 | 213.50 | Invoice not in Elite | Yes |
| 128891 | 112.45 | Invoice not in Elite | Yes |
| 132186 | 330.00 | Invoice paid on 08/23/2019 | Yes |
| 132565R | 99.80 | Invoice paid on 07/23/2019 | Yes |

Based on the same and other information, the Trustee maintains that (a) the Claimant is entitled to receive $ 170.00 from the Post-Petition Segregated Funds and (b) all remaining amounts sought in the CAPE Claim should be disallowed for any and all purposes related to the Post-Petition Segregated Funds.

Pursuant to the Order, if you: (1) agree with the Trustee's position, she is authorized to distribute to the Claimant $ 170.00, and the remaining portion of the claimed interest in the Post-Petition Segregated Funds may be released from the Segregated Account and placed in the Estate's operating account for use in the administration of the Chapter 7 Estate consistent with any cash collateral order entered by this Court; or (2) disagree with the Trustee's position, no said funds claimed therein shall be disbursed from the Segregated Account absent further order of the Bankruptcy Court and the Trustee will have the allowance/disallowance on said Claim in Post-Petition Segregated Funds heard by the Bankruptcy Court as further provided on the Notice of Hearing on Trustee's Disagreement with  Amount Sought in  Claim in Post-Petition Segregated Funds enclosed herewith.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc:    Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

LeClairRyan, PLLC,[1]

Debtor

Case No.
19-34574-KRH

Chapter
7

### Notice of Hearing on Trustee's Disagreement with
### Amount Sought in Claim in Post-Petition Segregated Funds
Keating & Walker Attorney Service, Inc.

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely

in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the

above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures*

*Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II)*

*Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,*[2]  ECF.

No. 383 (the "**Order**") hereby provides notice that she disagrees with the amount sought by

Keating & Walker Attorney Service, Inc. ("**Claimant**") in its Claim in Post-Petition Segregated

Funds. Pursuant to the Order, a hearing on this matter will be held on **February 23, 2023, at 1**

**P.M.** (or such time thereafter as the matter may be heard) before The Honorable Kevin R.

Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse,

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,* Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
   *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

701 E. Broad Street Richmond, Virginia 23219. In accordance with Richmond General Order 22-2, unless ordered otherwise, the hearing will be conducted both in person and via Zoom with a listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial:  1-866-590-5055
Access Code:  4377075
Security Code:  22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023            By: */s/ Paula S. Beran*
Richmond, Virginia                 Paula S. Beran, Esquire (VSB No. 34679)
                                   Tavenner & Beran, PLC
                                   20 North 8th Street
                                   Richmond, Virginia 23219
                                   Telephone: (804) 783-8300
                                       *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, a true and correct copy of the foregoing Notice has been sent to the Claimant as follows: (1) mailed to 816 Nassau Street - Suite 816 New York NY, 10038 (attn: John J. Walker, Pres.); and   (2) mailed electronically to Service@Keatingandwalker.com.

·

*/s/    Paula S. Beran*
Counsel

2

Exhibit C

# Tavenner & Beran, PLC
## ATTORNEYS AT LAW

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

Ralph E.Stokes
Stokes.ralph@gmail.com

Matthew E. Stokes, Real Estate Title Examiner
mstokes650@gmail.com

Stokes & Associates, LLC
112 New Road
Exeter, RI 02822

      RE:  LeClairRyan PLLC 19-34574-KRH

Dear Claimant,

      Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her
capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**")
is in receipt of the request ("**CAPE Claim**") Stokes & Associates, LLC (the "**Claimant**")
submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to
Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the
Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim
against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that
the Claimant has the claimed interest in Post-Petition Segregated Funds. The Debtor's books and
records demonstrate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| | | | |
| 674 | 175.00 | Not charged to client | Paid |
| 6713 | 400.00 | Paid 11/02/2018 | Paid |
| 676 | 350.00 | Paid 08/15/2017 | Paid |
| 1 | 100.00 | Paid 04/30/2019 | Paid |
| 1 | 200.00 | Paid 07/23/2019 | unpaid |
| 1 | 200.00 | Paid 10/18/2019 | unpaid |
| 1 | 120.00 | Paid 07/29/2019 | unpaid |
| 1 | 120.00 | Paid 07/29/2019 | unpaid |

Based on the same and other information, the Trustee maintains that (a) the Claimant is entitled to receive $ 200.00 from the Post-Petition Segregated Funds and (b) all remaining amounts sought in the CAPE Claim should be disallowed for any and all purposes related to the Post-Petition Segregated Funds.

Pursuant to the Order, if you: (1) agree with the Trustee's position, she is authorized to distribute to the Claimant $ 200.00, and the remaining portion of the claimed interest in the Post-Petition Segregated Funds may be released from the Segregated Account and placed in the Estate's operating account for use in the administration of the Chapter 7 Estate consistent with any cash collateral order entered by this Court; or (2) disagree with the Trustee's position, no said funds claimed therein shall be disbursed from the Segregated Account absent further order of the Bankruptcy Court and the Trustee will have the allowance/disallowance on said Claim in Post-Petition Segregated Funds heard by the Bankruptcy Court as further provided on the Notice of Hearing on Trustee's Disagreement with  Amount Sought in Claim in Post-Petition Segregated Funds enclosed herewith.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc:    Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:

LeClairRyan, PLLC,[1]

Debtor

Case No.
19-34574-KRH

Chapter
7

**Notice of Hearing on Trustee's Disagreement with**
**Amount Sought in Claim in Post-Petition Segregated Funds**
Stokes & Associates, LLC

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely

in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the

above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures*

*Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II)*

*Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,*[2] ECF.

No. 383 (the "**Order**") hereby provides notice that she disagrees with the amount sought by Stokes

& Associates, LLC ("**Claimant**") in its Claim in Post-Petition Segregated Funds. Pursuant to the

Order, a hearing on this matter will be held on **February 23, 2023, at 1 P.M.** (or such time

thereafter as the matter may be heard) before The Honorable Kevin R. Huennekens, United States

Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad Street Richmond,

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,* Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Virginia 23219. In accordance with Richmond General Order 22-2, unless ordered otherwise, the

hearing will be conducted both in person and via Zoom with a listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial: 1-866-590-5055
Access Code: 4377075
Security Code: 22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023          By: */s/ Paula S. Beran*
Richmond, Virginia                    Paula S. Beran, Esquire (VSB No. 34679)
                                      Tavenner & Beran, PLC
                                      20 North 8th Street
                                      Richmond, Virginia 23219
                                      Telephone: (804) 783-8300
                                              *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February 2023, a true and correct copy of the
foregoing Notice has been sent to the Claimant as follows: (1) mailed to 112 New Road Exeter,
RI 02822 (attn: Ralph E.Stokes); (2) mailed electronically to Stokes.ralph@gmail.com; and (3)
mailed electronically to mstokes650@gmail.com.

*/s/    Paula S. Beran*
Counsel

2

# Tavenner & Beran, PLC

### ATTORNEYS AT LAW

Exhibit D

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

February 8, 2023

Barrister Digital Solutions, LLC
Attn: Rita DeSilva
1700 K ST. NW, Suite B-100
Washington, DC 20006

Barrister Digital Solutions, LLC
Attn: Rita DeSilva
10790 Parkridge Boulevard, Suite 30
Reston, VA 2091

     RE:  LeClairRyan PLLC 19-34574-KRH

Dear Claimant,

     Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**") is in receipt of the request ("**CAPE Claim**") of Barrister Digital Solutions, LLC (the "**Claimant**")   submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that the Claimant has the claimed interest in Post-Petition Segregated Funds. The Debtor's books and records demonstrate the following:

| Vendor Invoice # | Amount | Client Payment Status | Unpaid in AP |
|---|---|---|---|
| 65131 | 310.21 | Invoice paid 08/19/2019 | Yes |
| 65104 | 238.50 | Invoice paid 08/19/2019 | Yes |
| 65132 | 4,805.67 | Invoice paid 08/19/2019 | Yes |
| 65083 | 5,186.56 | Invoice paid 08/19/2019 | Yes |
| 64824 | 66.25 | Client did not pay costs | Yes |
| 64921 | **45.16** | Invoice paid on 09/10/2019 | Yes |
| 64392 | 302.34 | Invoice paid 08/19/2019 | Yes |
| 64391 | 3,960.09 | Invoice paid 08/19/2019 | Yes |
| 64757 | 182.55 | Invoice paid 08/19/2019 | Yes |
| 64756 | 274.22 | Invoice paid 08/19/2019 | Yes |
| 64755 | 319.17 | Invoice paid 08/19/2019 | Yes |
| 64753 | 5,545.58 | Invoice paid 08/19/2019 | Yes |
| 64799 | 576.06 | Invoice paid 08/19/2019 | Yes |
| 64636 | **64.66** | Invoice paid on 09/10/2019 | Yes |
| 64138 | 270.30 | Client not billed | Yes |

Based on the same and other information, the Trustee maintains that (a) the Claimant is entitled to receive $109.92 from the Post-Petition Segregated Funds and (b) all remaining amounts sought in the CAPE Claim should be disallowed for any and all purposes related to the Post-Petition Segregated Funds.

Pursuant to the Order, if you: (1) agree with the Trustee's position, she is authorized to distribute to the Claimant $109.92, and the remaining portion of the claimed interest in the Post-Petition Segregated Funds may be released from the Segregated Account and placed in the Estate's operating account for use in the administration of the Chapter 7 Estate consistent with any cash collateral order entered by this Court; or (2) disagree with the Trustee's position, no said funds claimed therein shall be disbursed from the Segregated Account absent further order of the Bankruptcy Court and the Trustee will have the allowance/disallowance on said Claim in Post-Petition Segregated Funds heard by the Bankruptcy Court as further provided on the Notice of Hearing on Trustee's Disagreement with Amount Sought in Claim in Post-Petition Segregated Funds enclosed herewith.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc:    Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter |
| | 7 |

**Notice of Hearing on Trustee's Disagreement with**
**Amount Sought in  Claim in Post-Petition Segregated Funds**
Barrister Digital Solutions, LLC

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof,*[2] ECF. No. 383 (the "**Order**") hereby provides notice that she disagrees with the amount sought by Barrister Digital Solutions, LLC ("**Claimant**") in its Claim in Post-Petition Segregated Funds. Pursuant to the Order, a hearing on this matter will be held on **February 23, 2023, at 1 P.M.** (or such time thereafter as the matter may be heard) before The Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad Street Richmond, Virginia 23219. In accordance with Richmond General Order 22-2, unless ordered otherwise, the hearing will be conducted both in person and

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

via Zoom with a listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial: 1-866-590-5055
Access Code: 4377075
Security Code: 22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023               By: */s/ Paula S. Beran*
Richmond, Virginia                    Paula S. Beran, Esquire (VSB No. 34679)
                                      Tavenner & Beran, PLC
                                      20 North 8th Street
                                      Richmond, Virginia 23219
                                      Telephone: (804) 783-8300
                                                *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, a true and correct copy of the
foregoing Notice has been sent to the Claimant as follows:

Barrister Digital Solutions, LLC
Attn: Rita DeSilva
1700 K ST. NW, Suite B-100
Washington, DC 20006

Barrister Digital Solutions, LLC
Attn: Rita DeSilva
10790 Parkridge Boulevard, Suite 30
Reston, VA 2091

                        */s/    Paula S. Beran*
                        Counsel

2

# Tavenner & Beran, PLC

## ATTORNEYS AT LAW

Exhibit E

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

February 8, 2023

Schulman, Wiegmann & Associates, PA
Attn: Barry J. Wiemann, CCR
216 Stelton Roads, Suite O-1
Piscataway, NJ 08854
Bwiegmann@swreporters.com

RE: LeClairRyan PLLC 19-34574-KRH

Dear Claimant,

Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**") is in receipt of the request ("**CAPE Claim**") of Schulman, Wiegmann & Associates, PA (the "**Claimant**") submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that the Claimant has the claimed interest in Post-Petition Segregated Funds. The Debtor's books and records demonstrate the following:

| **Vendor Invoice #** | **Invoice date** | **Amount** | **Client Payment Status** | **Unpaid in AP** |
|---|---|---|---|---|
| 77333 | 2/20/2019 | 2,731.66 | The client did not pay for any costs. | yes |
| 78331 | 5/6/2019 | 400.50 | This charge has not been billed to the client. The client has not paid for this charge. | yes |
| 78747 | 6/14/2019 | 2,500.30 | This charge has not been billed to the client. The client has not paid for this charge. | yes |
| 79062 | 7/9/2019 | 528.50 | This charge has not been billed to the client. The client has not paid for this charge. | yes |

Based on the same and other information, the Trustee maintains that (a) the Claimant is entitled to receive $ 00.00 from the Post-Petition Segregated Funds and (b) all remaining amounts sought in the CAPE Claim should be disallowed for any and all purposes related to the Post-Petition Segregated Funds.

Pursuant to the Order, if you disagree with the Trustee's position and desire to continue to pursue your claim from the Post-Petition Segregated Funds, you must establish your entitlement at a hearing on February 23, 2023 as further provided on the Notice of Hearing on Trustee's Disagreement with  Amount Sought in  Claim in Post-Petition Segregated Funds enclosed herewith.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc:    Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

### Notice of Hearing on Trustee's Disagreement with Amount Sought in Claim in Post-Petition Segregated Funds
Schulman, Wiegmann & Associates, PA

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*,[2] ECF. No. 383 (the "**Order**") hereby provides notice that she disagrees with the amount sought by Schulman, Wiegmann & Associates, PA ("**Claimant**") in its Claim in Post-Petition Segregated Funds. Pursuant to the Order, a hearing on this matter will be held on **February 23, 2023, at 1 P.M.** (or such time thereafter as the matter may be heard) before The Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse,

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

701 E. Broad Street Richmond, Virginia 23219. In accordance with Richmond General Order 22-

2, unless ordered otherwise, the hearing will be conducted both in person and via Zoom with a

listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial:  1-866-590-5055
Access Code:  4377075
Security Code:  22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

Respectfully submitted,

LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023          By: */s/ Paula S. Beran*
Richmond, Virginia               Paula S. Beran, Esquire (VSB No. 34679)
                                 Tavenner & Beran, PLC
                                 20 North 8th Street
                                 Richmond, Virginia 23219
                                 Telephone: (804) 783-8300
                                     *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of February 2023, a true and correct copy of the
foregoing Notice has been sent to the Claimant as follows:

Schulman, Wiegmann & Associates, PA
Attn: Barry J. Wiemann, CCR
216 Stelton Roads, Suite O-1
Piscataway, NJ 08854
Bwiegmann@swreporters.com

*/s/    Paula S. Beran*
Counsel