**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. |
| LeClairRyan, PLLC,[1] | 19-34574-KRH |
| Debtor | Chapter 7 |

**MOTION FOR APPROVAL OF COMPROMISE AND**
**SETTLEMENT AND MEMORANDUM OF LAW**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement and Memorandum of Law  (the "**Settlement Motion**" and/or the "**Motion**"), seeking the entry of an order approving the settlement proposed herein with LaTonya Mallory ("**Claimant**" and/or "**Mallory**").

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
pberan@tb-lawfirm.com
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

*Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

4.       On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). ECF No. 1. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.       Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019. ECF No. 140. Upon conversion, Lynn L. Tavenner was appointed interim trustee and no trustee having been elected at the meeting of creditors, she continues to serve as Trustee.

6.       On or about December 29, 2017, Claimant filed a civil action in the Circuit Court for the City of Richmond, Virginia, claiming that she was injured by LeClairRyan's malpractice. The case was styled Latonya Mallory v. LeClairRyan, A Professional Corporation, Case No. CL17-6164-8 ("**Virginia Malpractice Case**"). The same was timely reported to LeClairRyan's various professional liability insurers, including but not limited to Alterra American Insurance Company ("**Markel**") under policy number MAXA7PL0001058 issued for the policy period from January 1, 2013 to January 1, 2014 (the "**Markel Policy**").

7. On or about August 8, 2019, the Circuit Court for the City of Richmond issued its memorandum opinion sustaining LeClairRyan's demurrer and dismissing the Virginia Malpractice Case.

8. On or about September 5, 2019, Claimant noticed her appeal from the ruling dismissing the Virginia Malpractice Case and subsequently obtained a stay order from the Virginia Supreme Court given the filing of the Bankruptcy Case on September 3, 2019.

9. On or about December 2, 2019, Claimant filed in the Case Proof of Claim No. 48 (also referenced by detail on the docket as 48-1) ("**Proof of Claim**"). On or about December 23, 2022, the Trustee objected to the Proof of Claim (the "**Objection**"), ECF No. 1701, and thereafter filed a motion for summary judgment ("**Motion for Summary Judgement**"), seeking to have the Court sustain the Objection and disallow the Proof of Claim on various grounds. ECF No. 1770.

10. Claimant then objected to the Motion for Summary Judgement, ECF No. 1798, and the matter was set to be heard before the Bankruptcy Court on March 28, 2023, and also filed a motion for relief from Stay ("**Motion for Relief**"). ECF No. 1799.

11. The Trustee and Claimant desire to fully resolve and settle, without admission of liability, the Proof of Claim, the Motion for Relief, and all matters related to LeClairRyan on terms (the "**Settlement**") summarized herein as will be more particularly described in a settlement agreement (the "**Settlement Agreement**") which agreement will be filed with the Court as Exhibit B before any hearing on this Motion.

12.    The Settlement provides in pertinent part that Claimant shall receive $300,000.00 (the "**Settlement Amount**") from proceeds of the Markel Policy in exchange for a complete and absolute release including but not limited to withdrawing with prejudice the Proof of Claim and the Motion for Relief and dismissing with prejudice the Virginia Malpractice Case.

13.    The Trustee maintains that the Settlement is in the best interest of the Estate, as it resolves a 603 million dollar claim with proceeds of the Markel Policy and does not require the Estate to use any of its funds to pay the Settlement Amount. As such, the Trustee seeks this Court's authority to consummate the Settlement through the execution of the Settlement Agreement.

## MEMORANDUM OF LAW

14.    Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (*citing Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). In *TMT Trailer*, the Supreme Court stated that compromises and settlements must be "fair and equitable." 390 U.S. at 424; *see also In re Loudoun Heights, LLC*, No. 13-15588, 2014 WL 2928110, at *8 (Bankr. E.D. Va. June 27, 2014) (same); *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Wood, Inc.)*, No. 98-38685, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (same); *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) (same); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (same).

15.    In determining whether a proposed compromise and settlement is fair and equitable, courts in this District consider the following factors: (a) "the probability of success in litigation;"

(b) "potential collection struggles;" (c) "the complexity, time and expense involved in litigating

the matter;" and (d) "the interests of the creditors." *Loudoun Heights*, 2014 WL 2928110, at *9

(citations omitted); *Three Rivers Wood*, 2001 WL 720620, at *6 (same).

16.    Additionally, the Court must determine whether the proposed settlement is in the

best interests of the Estate. *Three Rivers Wood*, 2001 WL 720620, at *6 ("a compromise or

settlement will most likely gain approval if is it both 'fair and equitable,' as well as representative

of the best interests of the estate as a whole") (citations omitted); *Frye*, 216 B.R. at 174 ("In order

to approve a compromise, this court must look at various factors and determine whether the

compromise is in the best interest of the estate and whether it is fair and equitable."); *In re Energy

Coop. Inc.*, 886 F.2d 921, 927 (7th Cir. 1989) ("The benchmark for determining the propriety of a

bankruptcy settlement is whether the settlement is in the best interests of the estate.").

17.    The factors that courts consider to determine the best interests are similar to the

factors to determine whether the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*,

515 B.R. 284, 288 (Bankr. E.D. Va. 2014) ("The best interests of the estate are met by considering

the same factors a court considers in reviewing any proposed settlement: (1) the probability of

success on the merits in the litigation; (2) possible difficulties of collecting any judgment which

might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and

(4) the interests of the creditors, giving proper deference to their reasonable views.") (Internal

citations omitted).

18.    When reviewing a proposed settlement, the Court may consider the Trustee's

business judgment and the opinions of the other parties to such settlement, and the Court should

not substitute its judgment for that of the Trustee. Instead, the Court must determine "whether the

settlement falls below the lowest point in the range of reasonableness." *Three Rivers Wood*, 2001 WL 720620, at \*6 (quoting *Austin*, 186 B.R. at 400). Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001 WL 720620, at \*6.

19.    The Trustee, in the exercise of her business judgment, believes that the Settlement is fair and equitable and in the best interest of the Debtor's Estate in that it resolves a 603  million dollar claim with proceeds of the Markel Policy and does not require the Estate to use any of its funds to pay the Settlement Amount.

20.    Accordingly, the Trustee respectfully requests that the Court approve the Settlement as fair and equitable and in the best interest of the Estate by entry of the Order attached as Exhibit A hereto.

Dated: March 30, 2023
Richmond, Virginia

**LYNN L. TAVENNER, TRUSTEE**

By:*/s/  Paula S. Beran*
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
pberan@tb-lawfirm.com
     *Counsel for Lynn L. Tavenner, Trustee*

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules and/or orders of this Court, I certify that on this 30th  day of March 2023, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; (e) counsel for LaTonya Mallory; (f) Markel,  and (g) all parties requesting service of pleadings in this Case.

/s/ *Paula S. Beran*
Counsel for the Trustee

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re: | Case No. |
|     LeClairRyan, PLLC,[1] | 19-34574-KRH |
|     Debtor | Chapter 7 |

## ORDER APPROVING SETTLEMENT

This day came Lynn L. Tavenner, Trustee (the "**Trustee**"), by counsel, on her Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**Settlement Motion**"),[2] the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Settlement Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors; and the Court having determined that the legal and factual basis set forth in the Settlement Motion establish just cause for the relief granted herein;

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
pberan@tb-lawfirm.com
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

1.        The Settlement Motion is granted.

2.        The Settlement is approved. The Trustee is authorized to take all actions necessary to effectuate the Settlement, including but not limited to executing the Settlement Agreement.

3.        The Claimant shall be entitled to no distribution, in this Case, other than payment of the Settlement Amount from the proceeds of the Markel Policy.

4.        This  Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.

Entered: _____

_____
UNITED STATES BANKRUPTCY JUDGE

I ask for this:

/s/_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178
Email: pberan@Tb-lawfirm.com

     *Counsel for Lynn L. Tavenner, Trustee*

Seen and Agreed:

/s/_____
Robert T. Hall, Esquire
Law Office of Robert T. Hall
11260 Roger Bacon Drive, Suite 400
Reston, VA 20190
Telephone: (703) 925-9500
Email: rth@rthallattorneys.com

     *Counsel for LaTonya Mallory*

## **CERTIFICATION**

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

/s/_____
Counsel for the Trustee

Service List for Entered Order

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

Robert T. Hall, Esquire
Law Office of Robert T. Hall
11260 Roger Bacon Drive, Suite 400
Reston, VA 20190

-