J. Scott Sexton (VSB No. 29284)  
Andrew M. Bowman (VSB No. 86754)  
GENTRY LOCKE  
P.O. Box 40013  
Roanoke, Virginia 24022  
Telephone: 540.983.9300  
Email: sexton@gentrylocke.com  
bowman@gentrylocke.com  

William A. Broscious (VSB No. 27436)  
William A. Broscious, Esq., PLC  
P.O. Box 71180  
Henrico, Virginia 23255  
Telephone: 804.533.2734  
Email: wbroscious@brosciouslaw.com  

*Counsel for Gary D. LeClair*

**UNITED STATES BANKRUPTCY COURT**  
**EASTERN DISTRICT OF VIRGINIA**  
**Richmond Division**

| | |
|---|---|
| In re:<br><br>LeClairRyan, PLLC,<br><br>Debtor. | Case No.: 19-34574-KRH<br><br>Chapter 7 |

**GARY D. LECLAIR'S RESPONSE TO THE TRUSTEE'S MOTION FOR ENTRY OF AN ORDER DETERMINING THE AMOUNT AND LEGALITY OF ESTATE TAX AND MEMORANDUM IN SUPPORT THEREOF**

Gary D. LeClair ("**GDL**"), by and through the undersigned counsel, hereby files his Response to the Trustee's "Motion for Entry of an Order Determining the Amount and Legality of Estate Tax and Memorandum in Support Thereof," D.E. 1874, (the "**Virginia 505 Motion**" or the "**Motion**") filed by Lynn L. Tavenner, in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan, PLLC (the "**Debtor**") in the above-referenced Chapter 7 case (the "**Proceeding**"). In support of this Response, GDL states as follows:

1. The Virginia 505 Motions asks this Court to hold: (i) that Virginia Code § 58.1-486.2(A-B) is preempted by federal law (the "**Preemption Issue**"); and (ii) applying this preemption, that the Estate is not liable for the amounts in the Virginia Tax Assessments (the "**Liability Issue**").

2. GDL takes no position on the Preemption Issue.

29646/1/11168510v2

3.  The Court should not decide the Liability Issue because it is predicated on the assumption that the Debtor was a "pass-through entity" on the Petition Date and, therefore, the Estate has remained a "pass-through entity" for tax purposes. *See* Motion, at ¶¶ 8, 10, 14.

4.  The "**Virginia Tax Assessments**," as defined in Paragraph 9 of the Motion, do not "concede" that the Estate was a "pass-through entity." *See* Motion, at ¶ 9. The Virginia Department of Taxation assigned the "pass-through entity" designation based upon the type of tax return the Trustee filed on behalf of the Estate. Specifically, the Trustee filed a "2021 Virginia Pass Through Income Tax Return, 502"[1] on or about September 19, 2022.

> Return and Payment Details
> 
> 2021  Virginia Pass Through Income Tax Return,  502
> Original Return
> Date: 09/19/2022

*See* Motion, Ex. A, at 19.

5.  The "pass-through entity" designation in the Virginia Tax Assessments merely reflects that the Trustee filed a Virginia Form 502 "Pass-Through Entity Return of Income and Return of Nonresident Withholding Tax" on behalf of the Estate. That was not a concession or independent determination by the Virginia Department of Taxation that the Estate meets the definition of "pass-through entity" under Virginia law. *See* Va. Code Ann. § 58.1-486.1; *see also* Va. Code Ann. 58.1-390.1.

---

[1] Virginia Form 502 is titled "Pass-Through Entity Return of Income and Return of Nonresident Withholding Tax." *See* https://www.tax.virginia.gov/sites/default/files/taxforms/corporation-and-pass-through-entity-tax/2022/502-2022.pdf.

6. The Virginia 505 Motion does not analyze whether the Estate is a "pass-through entity" under Virginia law.

7. Whether the Estate is a "pass-through entity" is an open question.

8. The answer to that question hinges on an appeal currently pending at the Fourth Circuit Court of Appeals, *LeClair v. Tavenner*, No. 21-1131(L) (the "**Appeal**"). Among other things, the Appeal involves an interpretation of the membership provisions of the Debtor's operating agreement. The Fourth Circuit's resolution of the Appeal will be determinative of whether the Debtor had any members on the Petition Date, which would, in turn, bear on the Debtor's status as a "pass-through entity" under Virginia law.

9. The Court should not decide the Liability Issue at this time because the Motion assumes the Estate is a "pass-through entity." The Court cannot make that assumption in light of the pending Appeal.

10. Accordingly, the Court should stay this Motion pending resolution of the Appeal.

WHEREFORE, Gary D. LeClair, by counsel, respectfully requests the Court note his Response, stay the Virginia 505 Motion pending resolution of the Appeal, and grant such further relief as is just and proper.

Respectfully submitted this 26th day of May, 2023.

    GARY D. LECLAIR

    /s/ Andrew M. Bowman

J. Scott Sexton (VSB No. 29284)
Andrew M. Bowman (VSB No. 86754)
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022

29646/1/11168510v2

Telephone: 540.983.9300
Fax:       540.983.9400
Email:     sexton@gentrylocke.com
           bowman@gentrylocke.com

William A. Broscious (VSB No. 27436)
William A. Broscious, Esq., PLC
P.O. Box 71180
Henrico, Virginia 23255
Telephone: 804.533.2734
Email:     wbroscious@brosciouslaw.com

*Counsel for Gary D. LeClair*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2023, I electronically filed the foregoing with the Clerk using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Andrew M. Bowman