# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: <br>     LeClairRyan, PLLC,[1] <br> Debtor | Case No. 19-34574-KRH <br><br> Chapter 7 |

## WITNESS LIST AND RELATED DECLARATION

Lynn L. Tavenner, Trustee, not individually, but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, a witness list and related declaration.

### WITNESS LIST

In support of the relief requested in the items designated on the *Proposed Hearing Agenda* [ECF No. 1888], the Trustee submits the following list:

1. Lynn L. Tavenner, Chapter 7 trustee

### DECLARATION OF LYNN L. TAVENNER, TRUSTEE

I, Lynn L. Tavenner, Trustee, not individually but solely in my capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), in the above-

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

referenced Chapter 7 case (the "**Case**"), pursuant to 28 USC § 1746, hereby declare as follows under penalty of perjury to the best of my knowledge, information, and belief:

1. I am the duly appointed Chapter 7 Trustee in the LeClairRyan Case.

2. I submit this Declaration in support of the (1) *Motion for Entry of an Order Determining the Amount and Legality of Estate Tax and Memorandum in Support Thereof* [ECF No. 1874]; (2) *Notice of Hearing on Trustee's Disagreement with Amount Sought in Claim in Post-Petition Segregated Funds (William D. Janicki, Esquire)* [ECF Nos. 1741, 1777 and 1833]; and (3) Case Status and Report pursuant to Local Rule 2015-(a) -(1)(A).

3. The statements in this Declaration are, except where specifically noted, based on my personal knowledge of information that I have obtained in connection with my role as the trustee. If I were called upon to testify, I could and would competently testify to the facts set forth herein on that basis.

**A.    *Motion for Entry of an Order Determining the Amount and Legality of Estate Tax***

4. In connection with my administration of the Estate, I, in my capacity as the Chapter 7 trustee, timely filed with the Virginia Department of Taxation tax returns for the years 2020 and 2021. On such returns, as with all returns for this Estate, I utilized the same EIN as used prior to the Petition Date because this Debtor is an entity and not an individual. The EIN was that of a professional limited liability company. I had located in the Debtor's books and records the returns for 2018, which were last filed as a professional limited liability company and I saw nothing in the Debtor's books and records indicating that the Debtor and/or its members had taken the requisite steps to change such status. On the tax returns, I noted that amounts due from each Equity Security Holder, including but not limited to non-Virginia residents, should be forthcoming from each

Person (as said term is defined at 11 U.S.C. § 101 (41)). In connection with the same, I provided each Equity Security Holder with the requisite K-1.

5. On or about September 10, 2021, and February 9, 2023, the Estate received from the Virginia Department of Taxation Notices of Assessment (individually the "**2020 Virginia Assessment**" and "**2021 Virginia Assessment**" and collectively the "**Virginia Tax Assessments**"). The 2020 Virginia Assessment lists a tax due of $15,051.00, and the 2021 Virginia Assessment lists a tax of $28,165.00 and a penalty of $5,069.70 for a total amount due of $33,234.70. Together, the Virginia Tax Assessments list the total amount owing as $48,285.70. The Virginia Tax Assessments in and of themselves concede that the Estate is a pass-through entity. The Virginia Tax Assessments are attached hereto as Exhibit A to the Virginia 505 Motion at ECF No. 1876.

6. While I am working diligently as the Trustee to make a significant distribution to creditors, it is unfortunately anticipated that creditors will not be paid in full. As such, there will likely be no distribution to the Debtor's Equity Security Holders to deduct and withhold any amount. To that end, in the exercise of my fiduciary duties, after conducting my own diligence and learning of rulings on this issue from other courts within Fourth Circuit, I determined to file the *Motion for Entry of an Order Determining the Amount and Legality of Estate Tax and Memorandum in Support Thereof*.

7. After I filed the *Motion for Entry of an Order Determining the Amount and Legality of Estate Tax and Memorandum in Support Thereof*, the Virginia Department of Taxation, through counsel, reached out to me, through counsel. After two conversations discussing and vetting the relief requested, the Virginia Department of Taxation through counsel informed that it appreciated the discussions, did not believe any further information was needed from the Estate. and, absent

3

learning something unexpected from the client, an objection would not be forthcoming. The representative further informed that she would be back in touch if additional information was needed and/or an objection would be forthcoming. No additional discussions occurred.

8. In addition, counsel for several of the Debtor's Equity Security Holders, who are not residents of Virginia, also has corresponded with me through counsel and informed that they are not objecting to the requested relief.

9. I was surprised to learn that the only objector, Mr. Gary LeClair, filed an objection for a number of reasons including but not limited to language contained in a confidential settlement agreement. The Estate is prejudiced by such action on his part at this juncture as I work to wrap up the administration of this Case.

B. *NOTICE OF HEARING ON TRUSTEES DISAGREEMENT WITH AMOUNT SOUGHT IN CLAIM IN POST-PETITION SEGREGATED FUNDS (William D. Janicki, Esquire)*

10. In connection with the claim submitted by William D. Janicki, Esquire (or "**Mr. Janicki**"), the Debtor's books and records revealed that no amounts that Mr. Janicki contributed in 2018 are part of the Post-Petition Segregated Funds. Furthermore, I have neither seen an accounting of a separate bank account nor located a bank account that segregates member capital contributions from other funds received by the Debtor. As such, I maintain that pursuant to this Court's Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, William D. Janicki, Esquire is not entitled to receive any part of the Post-Petition Segregated Funds. My counsel notified Mr. Janicki of this position in a letter dated February 8, 2023, which enclosed the respective CAPE Notice for William D. Janicki, Esquire, a copy of which is attached

hereto as Exhibit A. In addition, on April 26, 2023, my counsel notified Mr. Janicki of the continued hearing, a copy of which is attached hereto as Exhibit B.

## CASE REPORTS

11. As of the filing of this Declaration, the Estate funds in my possession are as follows: $288,429.05 (Flagstar Bank- Regular); $15,538,780.63 (Flagstar Bank – Money Market); $176,439.92 (Operating Account – HSBC); $1,059,618.43 (commonly referred to as CAPE account).

12. To the best of my knowledge, information, and belief, I declare under penalty of perjury that the foregoing is true and correct.

**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: May 29, 2023  
    Richmond, Virginia

By: */s/ Lynn L. Tavenner*  
    Lynn L. Tavenner, Chapter 7 Trustee

Respectfully submitted,  
**LYNN L. TAVENNER, CHAPTER 7 TRUSTEE**

Dated: May 29, 2023  
    Richmond, Virginia

By: */s/ Paula S. Beran*  
Paula S. Beran, Esquire (VSB No. 34679)  
PBeran@TB-LawFirm.com  
Tavenner & Beran, PLC  
20 North 8th Street  
Richmond, Virginia 23219  
Telephone: (804) 783-8300  
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

      I certify that on this 29th day of May 2023, a true copy of the foregoing Witness List and Related Declaration was sent electronically to:

Shannon F. Pecoraro, Esquire (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

And all other parties receiving CM/ECF notices in this Case.

                                                                  /s/     *Paula S. Beran*
                                                               Paula S. Beran, Esquire
                                                               *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

# Tavenner & Beran, PLC
## ATTORNEYS AT LAW

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

February 8, 2023

William D. Janicki, Esquire
1013 Galleria Boulevard Suite 250
Rosevillle, CA 95678-1365
WJanicki@fmglaw.com

RE: LeClairRyan PLLC 19-34574-KRH

Dear Mr. Janicki,

    Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**") is in receipt of your request of $100,000.00 ("**CAPE Claim**") submitted in connection with the Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter, ECF No. 383 (the "**Order**"). After vetting the CAPE Claim against the Debtor's books and records, the Order, and applicable law, the Trustee disputes that you have a valid claim and/or interest in any portion of the Post-Petition Segregated Funds. The Post-Petition Segregated Funds in the Segregated Account were received after September 3, 2019. As such, no amounts that you contributed in 2018 are part of the Post-Petition Segregated Funds. Furthermore, the Trustee has neither seen an accounting of a separate bank account nor located a bank account that segregates member capital contributions from other funds received by the Debtor. Based on the same and other information, the Trustee maintains that you are not entitled to any of the Post-Petition Segregated Funds.

    Pursuant to the Order, if you disagree with the Trustee's position and desire to continue to pursue your claim to $100,000 from the Post-Petition Segregated Funds, you must establish your entitlement at a hearing on February 23, 2023 as further provided on the Notice of Hearing on Trustee's Disagreement with Amount Sought in Claim in Post-Petition Segregated Funds enclosed herewith.

    Please feel free to contact me at pberan@tb-lawfirm.com with any questions. I look forward to hearing your position on this matter.

Very truly yours,

Paula S. Beran

cc: Lynn L. Tavenner, Trustee (w/out encl.)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re:<br><br>    LeClairRyan, PLLC,[1]<br><br>    Debtor | Case No.<br>19-34574-KRH<br><br>Chapter<br>7 |

### Notice of Hearing on Trustee's Disagreement with
### Amount Sought in Claim in Post-Petition Segregated Funds
### (William D. Janicki, Esquire)

PLEASE TAKE NOTICE that Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, in the above-referenced Chapter 7 case by counsel, pursuant to the *Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*,[2] ECF. No. 383, (the "**Order**") hereby provides notice that she disagrees with the amount sought by William D. Janicki, Esquire ("**Claimant**") in his Claim in Post-Petition Segregated Funds. Pursuant to the Order, a hearing on this matter will be held on **February 23, 2023, at 1 P.M.** (or such time thereafter as the matter may be heard) before The Honorable Kevin R. Huennekens, United States Bankruptcy Judge, in Room 5000, of the United States Courthouse, 701 E. Broad

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meanings given them in the *Motion for Entry of an Order (I) Establishing Procedures Including a Bar Date to Claim an Interest in Certain Funds Held in a Segregated Account and (II) Authorizing the Distribution of Funds Thereafter and Memorandum in Support Thereof*, Docket No. 347.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

Street Richmond, Virginia 23219. In accordance with Richmond General Order 22-2, unless ordered otherwise, the hearing will be conducted both in person and via Zoom with a listen-only line available.

Zoom registration link:

https://www.zoomgov.com/meeting/register/vJIscemprTksExn9Ogrc_yNBzn2fS2zA4Uw

Listen-only conference line:

Dial: 1-866-590-5055
Access Code: 4377075
Security Code: 22323

**PLEASE GOVERN YOURSELVES ACCORDINGLY.**

                                    Respectfully submitted,

                                    LYNN L. TAVENNER, CHAPTER 7 TRUSTEE

Dated: February 8, 2023         By: */s/ Paula S. Beran*
Richmond, Virginia             Paula S. Beran, Esquire (VSB No. 34679)
                                    Tavenner & Beran, PLC
                                    20 North 8th Street
                                    Richmond, Virginia 23219
                                    Telephone: (804) 783-8300
                                        *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February 2023, a true and correct copy of the foregoing Notice has been sent to the Claimant as follows:

William D. Janicki, Esquire
1013 Galleria Boulevard Suite 250
Rosevillle, CA 95678-1365

WJanicki@fmglaw.com

                                            */s/*   *Paula S. Beran*
                                            Counsel

# Tavenner & Beran, PLC
## ATTORNEYS AT LAW

Exhibit B

PAULA S. BERAN
PBERAN@TB-LAWFIRM.COM

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER:

April 26, 2023

William D. Janicki, Esquire
5250 Woodvale Way
Carmichael, CA  95608-1670

RE:  LeClairRyan PLLC 19-34574-KRH

Dear Mr. Janicki,

As you may remember, my firm represents Lynn L. Tavenner, Trustee, (the "**Trustee**") and not individually but solely in her capacity as the Chapter 7 trustee of the bankruptcy estate of LeClairRyan PLLC, (the "**Debtor**").  We previously served you with the attached letter and notice.  We received a bounce back from the email address but have not received any returned mail from the physical address.  However, the Trustee was concerned that you may not have received given that we have not heard from you and you have been extremely responsive throughout this case.  Accordingly, the Trustee further researched potential physical and email addresses for you and located those listed above.  In addition, the Trustee requested, and the Court granted, the continuation of the hearing.  It is now scheduled for May 30, 2023 at 1:00 p.m.  If you disagree with the Trustee's position and desire to continue to pursue your claim to $100,000 from the Post-Petition Segregated Funds, you must establish your entitlement at that hearing.

Please feel free to contact me at pberan@tb-lawfirm.com with any questions.  I look forward to hearing your position on this matter.

Very truly yours,

*Original Signature on Mailed Copy*

Paula S. Beran

cc:     Lynn L. Tavenner, Trustee (w/out encl.)