IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>LeClairRyan PLLC,<br><br>Debtor.[1] | Case No.: 19-34574-KRH<br><br>Chapter 7 |

**FOLEY & LARDNER LLP'S EXPEDITED MOTION TO SET
CONTESTED HEARING PROTOCOL AND PROCEDURES
RELATED TO FOLEY & LARDNER LLP FEE APPLICATION**

Foley & Lardner LLP ("Foley"), by and through its underlying counsel, hereby moves the Court (the "Motion")[2] for the entry of an order, pursuant to section 105 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 7026, 7027, 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7026-1, 7030-1, 9014-1 of the Local Rules of Bankruptcy Procedure (the "Local Rule") to set and establish protocols and procedures for an evidentiary trial to be held regarding the *Final Application for Compensation of Fees and Expenses of Foley & Lardner LLP, as Special Counsel to the Trustee, for Approval and Allowance of Compensation and Reimbursement of Expenses Incurred for the Period from January 30, 2020*

---

[1] The principal address of LeClairRyan PLLC as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Contemporaneously herewith, Foley filed *Foley & Lardner LLP's Expedited Motion to Set Contested Hearing Protocol and Procedures Related to Foley & Lardner LLP Fee Application* seeking that this Motion be heard on September 28, 2023, at 11:00 a.m. (prevailing Eastern Time), the same time that the Foley Final Fee Application is set to be heard.

Jonathan L. Hauser (VSB 18688)
JONATHAN L. HAUSER, ESQ.
929 Bobolink Dr.
Virginia Beach, VA 23451
(757) 639-7768 (telephone)
jhauser929@gmail.com

Susan Poll Klaessy (VSB No. 87021)
Geoffrey S. Goodman (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
3000 K Street, NW, Suite 600
Washington, DC 20007-5109
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)
spollklaessy@foley.com
ggoodman@foley.com

Michael Gay (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
(407) 423-7656 (telephone)
(407) 648-1743 (facsimile)
mgay@foley.com

*Counsel to Foley & Lardner LLP*

4854-6603-3538

*through July 31, 2023* [Dkt. No. 1960] (the "Foley Final Fee Application"). In support of this Motion, Foley respectfully states as follows:

## RELIEF REQUESTED

1. Foley seeks entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, setting forth, among other things, trial dates, briefing practice, and discovery schedules on the issues and factual allegations set forth in the Foley Final Fee Application and the Objections (as defined below).

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Virginia, dated August 15, 1984.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for relief are section 105 of the Bankruptcy Code; Bankruptcy Rules 7026, 7027, and 9014; and Local Rules 7026-1, 7030-1, and 9014-1.

## BACKGROUND

6. On August 7, 2023, Foley filed the Foley Final Fee Application seeking final approval of fees and expenses incurred by Foley as special counsel to Lynn L. Tavenner, and not individually, but solely in her capacity as the Chapter 7 Trustee (in such capacity, the "Trustee") of the bankruptcy estate (the "Estate") of LeClairRyan PLLC ("LeClairRyan" or the "Debtor") in the above-captioned Chapter 7 case (the "Case"). Foley incorporates the entirety of the Foley Final Fee Application by reference. Foley initially noticed the hearing on the Foley Final Fee Application for August 28, 2023. *See* Dkt. No. 1961.

4854-6603-3538

7. Subsequently, Foley engaged with the Trustee and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") regarding the scheduling and timing of the hearing on the Foley Final Fee Application. As Quinn's counsel asserted that it would not be able to attend the August 28, 2023 hearing, Foley agreed to schedule the hearing on September 28, 2023.

8. On September 18, 2023, the Trustee (Dkt. No. 1985) (the "Trustee Objection") and Quinn (Dkt. No. 1983) (the "Quinn Objection," and with the Trustee Objection, the "Objections") filed their objections to the Foley Final Fee Application. The Objections contain various, false factual assertions that are not supported by the record in this Case and require discovery by Foley.

9. Notwithstanding these factual disputes that require discovery, on September 25, 2023, Ms. Erika Morabito, a Quinn partner, emailed Foley counsel stating that both Quinn and the Trustee were prepared to "move forward with a full evidentiary hearing" on September 28, 2023 (the "Morabito Email"). A true and correct copy of the Morabito Email is attached hereto as **Exhibit B**.

10. Going straight into an evidentiary hearing is contradictory to this Court's statement at the hearing held on June 8, 2022. Foley proposes a procedure to resolve the fee dispute between Foley and Quinn in the Foley Final Fee Application. *See* June 8, 2022 Hearing Transcript (the Court stating "[i]f you can't agree on a procedure, …, then the Court will convene the parties and suggest a procedure."). This Motion proposes protocols and procedures – which were also proposed in the Foley Final Fee Application – in an effort to provide a framework for resolving this dispute between Foley and Quinn.

11. At this time, an evidentiary hearing on the Foley Final Fee Application would be premature and based on an incomplete record. As noted in the Foley Final Fee Application, Foley has not been able to determine the exact allocation of contingency-based fees between Foley and

Quinn. *See* Foley Final Fee Application, *passim*. Without this information, among others, which Quinn has refused to provide, Foley cannot make a precise request for approval of contingency fees from this Court. Further, if additional briefing is necessary to provide the Court with additional factual and/or legal evidence, then that should be promoted and permitted.

12. The Objections also contain disputed allegations and factual assertions that necessitate Foley to propound discovery. For example, the Objections both contain false assertions that Foley either refused to continue representing the Trustee or could not continue to represent the Trustee following Ms. Morabito's and Ms. Brittany Nelson's departure from Foley. *See* Trustee Objection, p. 4; Quinn Objection, p. 5 (citing to the Trustee's previous declaration [Dkt. No. 1387], which Foley disputes the accuracy of), p. 17-20.[3] Requiring an evidentiary hearing now – when Foley has not been able to resolve the factual issues set forth in the Foley Final Fee Application or had the ability to perform discovery on the allegations set forth in the Objections – significantly harms Foley's ability to properly prosecute the Foley Final Fee Application.

13. Contemporaneously herewith, Foley served a Request for Production on Quinn (the "Quinn RFP"). *See Notice of Service of Discovery* [Dkt. No. 1991]. In addition to the discovery requested in the Quinn RFP, Foley will need to perform other forms of discovery that may become necessary, including, but not limited to, the deposition of the Trustee, Ms. Morabito, Ms. Nelson, and Mr. Rohan Virginkar.[4] If a "full evidentiary hearing" is to occur, then Foley must be given the opportunity to perform discovery necessary to complete the evidentiary record – not the unilateral record presented by Quinn.

---

[3] The Objections also contain assertions that now is not the time for the Court to determine the Foley Final Fee Application. *See* Trustee Objection, p.5-6 (stating "entry of a final order allowing any amount to Foley on a final basis is now premature given the facts and circumstances of the Case."); Quinn Objection, p. 3-4 (noting that "a final accounting between the Trustee and Quinn may not even occur until August 2024.").

[4] Mr. Virginkar was previously a Foley partner who worked on this Case. As Mr. Virginkar is no longer employed by Foley, a subpoena will be required to obtain his deposition.

WHEREFORE, Foley respectfully requests that this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, setting forth, among other things, trial dates, briefing practice, and discovery schedules on the issues and factual allegations set forth in the Foley Final Fee Application and the Objections

Dated: September 27, 2023  Respectfully submitted,

*/s/ Jonathan L. Hauser*
Jonathan L. Hauser (VSB 18688)
JONATHAN L. HAUSER, ESQ.
929 Bobolink Dr.
Virginia Beach, VA 23451
(757) 639-7768 (telephone)
jhauser929@gmail.com

- and -

Susan Poll Klaessy (VSB No. 87021)
Geoffrey S. Goodman (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)
spollklaessy@foley.com
ggoodman@foley.com

- and -

Michael Gay (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
(407) 423-7656 (telephone)
(407) 648-1743 (facsimile)
mgay@foley.com

*Counsel to Foley & Lardner LLP*

4854-6603-3538

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of September, 2023, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the Case Management Order; and (e) all parties requesting service of pleadings in this Case.

                                                */s/ Jonathan L. Hauser*
                                                Counsel to Foley & Lardner LLP

# Exhibit A

## Proposed Order

4854-6603-3538

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:<br><br>**LeClairRyan PLLC,**<br><br>Debtor.[1] | Case No. 19-34574-KRH<br><br>Chapter 7 |

**ORDER SETTING CONTESTED HEARING PROTOCOL AND PROCEDURES
RELATED TO FOLEY & LARDNER LLP FEE APPLICATION**

Upon the motion of Foley & Lardner LLP ("Foley"), by counsel, requesting an expedited hearing (the "Motion");[2] the Court finding that

upon the representations by Foley that good cause exists for granting an expedited hearing on the Procedures and Protocol Motion; and this Court having found that proper and adequate notice of the Expedited Hearing Motion has been given and no other or further notice is necessary; and this Court having found that good and sufficient cause exists for granting the relief set forth in the Motion to Expedite; it is hereby ordered that:

1. The Motion is GRANTED.

2. The trial on the Foley Final Fee Application shall be held on _____ (the "Trial Date"), at __:00 _.m.

3. On or before 21 days prior to the Trial Date counsel for the parties shall meet at a mutually convenient location and make a good faith effort to narrow the issues in the trial to and enter into written stipulation of any controverted facts (the "Stipulation"). The Stipulation (or in

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.
[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

4854-6603-3538

lieu thereof, a joint statement of counsel that no agreement as to any uncontroverted facts could be reached) shall be filed with the Court on or before 14 days prior to the Trial Date.

4. Discovery shall be completed on or before 21 days prior to the Trial Date.

5. All dispositive motions must be filed no later than 35 days prior to the Trial Date.

6. On or before 14 days prior to the Trial Date, counsel for the parties shall file with the Clerk a list of proposed exhibits and the proposed exhibits.

7. Objections to any of the proposed exhibits shall be filed on or before 7 days prior to the Trial Date. Exhibits to which no timely objection has been made will stand as admitted into evidence.

8. Counsel for Plaintiff shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Plaintiff intends to call to testify at trial on or before 14 days prior to the Trial Date; and counsel for Defendants shall file a list of witnesses in accordance with Rule 7026(a)(3)(A) of the Federal Rules of Bankruptcy Procedure that Defendants intend to call at trial not later than 10 days prior to the Trial Date. Counsel for Plaintiff may file a list of rebuttal witnesses on or before 7 days prior to the Trial Date.

9. Counsel for the parties shall file a designation of those witnesses whose testimony is expected to be presented by means of a deposition and a redacted transcript of the pertinent portions of the deposition testimony on or before 14 days prior to the Trial Date. Any other party may file counter designations of the redacted portions of the deposition transcript they deem relevant not later than 10 days prior to the Trial Date. Objections to the use under Rule 7032(a) of the Federal Rules of Bankruptcy Procedure of a deposition so designated by another party shall be filed on or before 7 days prior to the Trial Date.

10. Should a settlement be reached, counsel shall immediately file any motion required by Rule 9019 of the Federal Rules of Bankruptcy procedure for approval of the settlement (the "Rule 9019 Motion"). Counsel shall schedule a hearing to be conducted not later than 28 days after the Trial Date to consider any Rule 9019 Motion and for presentation of a final order.

11. It is the responsibility of all counsel to be thoroughly acquainted with and follow the procedures set forth in the statutes, the national and local bankruptcy rules, and the requirements of the judge.

12. This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation of this ORDER.

Entered: _____

Richmond, Virginia

_____
THE HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

4854-6603-3538

WE ASK FOR THIS:

*Jonathan L. Hauser*
Jonathan L. Hauser (VSB 18688)
JONATHAN L. HAUSER, ESQ.
929 Bobolink Dr.
Virginia Beach, VA 23451
(757) 639-7768 (telephone)
jhauser929@gmail.com

    - and -

Susan Poll Klaessy (VSB No. 87021)
Geoffrey S. Goodman (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
(312) 832-4500 (telephone)
(312) 832-4700 (facsimile)
spollklaessy@foley.com
ggoodman@foley.com

    - and -

Michael Gay (Admitted *Pro Hac Vice*)
FOLEY & LARDNER LLP
301 East Pine Street, Suite 1200
Orlando, FL 32801
(407) 423-7656 (telephone)
(407) 648-1743 (facsimile)
mgay@foley.com

*Counsel to Foley & Lardner LLP*

## CERTIFICATION OF PROOF OF SERVICE
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been served upon all necessary parties.

Dated: September 27, 2023

                                  */s/ Jonathan L. Hauser*

                                  Counsel to Foley & Lardner LLP

**Exhibit B**

**Morabito Email**

4854-6603-3538

**From:** Erika Morabito <erikamorabito@quinnemanuel.com>
**Date:** September 26, 2023 at 1:43:37 AM GMT+2
**To:** "Jonathan L. Hauser (jhauser929@gmail.com)" <jhauser929@gmail.com>
**Cc:** "Paula S. Beran - Tavenner & Beran, PLC (pberan@tb-lawfirm.com)" <pberan@tb-lawfirm.com>, davidgrable@quinnemanuel.com, Brittany Nelson <brittanynelson@quinnemanuel.com>
**Subject: LeClair Ryan-  September 28th Hearing**

Dear Jonathan.

Please be advised that to the extent the Court is not able to resolve the threshold legal issues addressed in the Objections filed by Quinn and the Trustee to Foley's pending motions at the hearing set for September 28th, Quinn and the Trustee will be prepared to move forward with a full evidentiary hearing on that same date unless the Court instructs otherwise.  To that end, Quinn attorneys will be traveling tomorrow from out of state for these purposes.  Please be sure that any witnesses that Foley intends to call to support its pending Motions will also appear in person on the 28th.

Best,
Erika

**Erika L. Morabito**
*Partner*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, D.C. 20005
202-538-8334 Direct
202-538-8000 Main Office Number
301-706-0767 Cell
erikamorabito@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.