## Exhibit K

**Proposed Order**

10750-00001/14671493.6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | | |
| **LeClairRyan PLLC,** | | **Case No. 19-34574-KRH** |
| **Debtor.** | | **Chapter 7** |

**[PROPOSED] ORDER GRANTING FINAL FEE APPLICATION OF QUINN
EMANUEL URQUHART & SULLIVAN, LLP, AS SPECIAL COUNSEL TO THE
TRUSTEE, FOR APPROVAL AND ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM
OCTOBER 1, 2023 THROUGH JANUARY 22, 2024**

Upon consideration of the Final Fee Application for Compensation of Fees and Expenses

(the "**Final Fee Application**")[1] filed by Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn**") as

special counsel to Lynn L. Tavenner, and not individually but solely in her capacity as the Chapter

7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan

PLLC (the "**Debtor**"); and the Nelson Declaration; and the Court having reviewed the Final Fee

Application, and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and determining that proper and adequate notice has been given and that no other

or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Final Fee Application is **APPROVED** in its entirety on a final basis.

---

[1] Capitalized terms used but not defined in this Order shall have the meaning given to
them in the Final Fee Application.

10750-00001/14671493.6

2.      For the Tenth Interim Period, Quinn is awarded, on an interim and final basis, hourly fees in the amount of **$35,953.50** and reimbursement of actual, reasonable, and necessary expenses incurred by and/or paid by Quinn in the amount of **$28,182.20.** In addition, Quinn is awarded any reasonable and necessary additional fees and costs incurred between January 23, 2024 and the date of the hearing on the Final Fee Application in an amount of $ [not to exceed $15,000].

3.      Quinn is allowed final compensation and reimbursement of fees and expenses for the Final Fee Period in the amounts set forth in the Final Fee Application.  Specifically, Quinn is allowed a) compensation for its hourly fees on a final basis in the aggregate amount of $**532,640.60;** b) compensation for its contingent fees on a final basis in the amount of $**12,172,525.00**; and c) reimbursement of expenses incurred by Quinn on a final basis in the aggregate amount of $**275,370.35**.  The allowance of the compensation on a final basis shall be without prejudice solely to the rights of the Trustee to assert any and all claims of the Estate, including rights of setoff or recovery, but only to the extent such claims are directly related to the Third Defendants' Payment, the Notes and/or the Irrevocable Letters of Credit, as provided for in the Settlement Agreement.

4.      Within three (3) business days of the Trustee's receipt of funds constituting the Third Defendants' Payment, the Trustee shall make a payment to Quinn in the amount of $838,311.29, the remaining amount due to Quinn pursuant to the Supplemental Retention Order.

5.      Upon entry of this Order, the Trustee is authorized to make payments in the ordinary course and consistent with the Order (I) Finalizing Trustee's Authority to Operate Business and (II) Authorizing the Use of Property of the Estate Pursuant to 11 U.S.C. Section 363(b)(1) (ECF No. 2079) to Epiq eDiscovery Solutions, Inc. for the storage of electronic data on behalf of the Estate.

6.     Quinn will return all amounts being held in its trust account pursuant to the Engagement Letter within ten (10) business days of the entry of this Order.

7.     The Trustee is authorized and empowered to take such other actions as may be necessary and appropriate to implement the terms of this Order.

8.     Quinn is granted a limited waiver of Bankruptcy Rule 2002(a)(6) and Local Rule 2002-1 to serve a full copy of the Final Fee Application as proposed therein.

9.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

10.    This Order shall be effective immediately upon entry.

Dated: _____

HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE


Entered on Docket: _____


WE ASK FOR THIS:

_____
Erika Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8334 (telephone)
erikamorabito@quinnemanuel.com
brittanynelson@quinnemanuel.com

*Special Counsel to the Chapter 7 Trustee*

## <u>CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1(C)</u>

I hereby certify that the foregoing has either been endorsed by or served upon all

necessary parties.

_____

Brittany J. Nelson