**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>**LeClairRyan PLLC,**<br><br>Debtor. | **Case No. 19-34574-KRH**<br><br>**Chapter 7** |

**ORDER GRANTING FINAL FEE APPLICATION OF QUINN EMANUEL
URQUHART & SULLIVAN, LLP, AS SPECIAL COUNSEL TO THE TRUSTEE, FOR
APPROVAL AND ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM
OCTOBER 1, 2023 THROUGH JANUARY 22, 2024**

Upon consideration of the Final Fee Application for Compensation of Fees and Expenses

(the "**Final Fee Application**")[1] filed by Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn**") as

special counsel to Lynn L. Tavenner, and not individually but solely in her capacity as the Chapter

7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan

PLLC (the "**Debtor**"); and the Nelson Declaration; and the Court having reviewed the Final Fee

Application, and finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and determining that proper and adequate notice has been given and that no other

or further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor,

---

[1] Capitalized terms used but not defined in this Order shall have the meaning given to them in the Final Fee Application. Settlement Agreement shall mean the settlement agreement executed in connection with the United Lex Settlement pursuant to the *Order Granting Motion and Memorandum of Law for Entry of an Order (I) Approving (A) Judicially Mediated Settlement and (B) Compensation to Counsel Including an Improvident Payment Under Section 328(a); and (II) Granting Related Relief* [ECF No. 1453] which order was entered on June 28, 2022. Third Defendants' Payment, the Notes and the Irrevocable Letters of Credit shall have the meaning given to them in the Settlement Agreement.

**IT IS HEREBY ORDERED THAT:**

1.      The Final Fee Application is **APPROVED** in its entirety on a final basis as modified by this Order.

2.      For the Tenth Interim Period, Quinn is awarded, on an interim and final basis, hourly fees in the amount of **$35,953.50** and reimbursement of actual, reasonable, and necessary expenses incurred by and/or paid by Quinn in the amount of **$28,182.20.** In addition, Quinn is awarded any reasonable and necessary additional fees and costs incurred between January 23, 2024 and the date of the hearing on the Final Fee Application in an amount of **$15,000.00**.

3.      Quinn is allowed final compensation and reimbursement of fees and expenses for the Final Fee Period in the amounts set forth below. Specifically, Quinn is allowed a) compensation for its hourly fees on a final basis in the aggregate amount of **$547,640.60;** b) compensation for its contingent fees on a final basis in the amount of **$12,142,637.50**; and c) reimbursement of expenses incurred by Quinn on a final basis in the aggregate amount of **$366,769.71**. The allowance of the compensation on a final basis shall be without prejudice solely to the rights of the Trustee to assert any and all claims of the Estate, including rights of setoff or recovery, but only to the extent such claims are directly related to the Third Defendants' Payment, the Notes and/or the Irrevocable Letters of Credit, as provided for in the Settlement Agreement and/or Supplemental Retention Order.

4.      Within three (3) business days of the Trustee's receipt of funds constituting the Third Defendants' Payment, the Trustee shall make a payment to Quinn in the amount of $821,152.93, the remaining amount due to Quinn pursuant to the Supplemental Retention Order.

5.      Upon entry of this Order, the Trustee is authorized to make payments in the ordinary course and consistent with the *Order (I) Finalizing Trustee's Authority to Operate*

*Business and (II) Authorizing the Use of Property of the Estate Pursuant to 11 U.S.C. Section 363(b)(1)* [ECF No. 2079] to Epiq eDiscovery Solutions, Inc. for the storage of electronic data on behalf of the Estate.

6.       Quinn will return the $100,000.00, currently  being held in its trust account pursuant to the  *Supplemental Order Authorizing the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP as Special Counsel* [ECF No. 1085], within ten (10) business days of the entry of this Order.

7.       The Trustee is authorized and empowered to take such other actions as may be necessary and appropriate to implement the terms of this Order.

8.       Quinn is granted a limited waiver of Bankruptcy Rule 2002(a)(6) and Local Rule 2002-1 to serve a full copy of the Final Fee Application as proposed therein.

9.       This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

10.       This Order shall be effective immediately upon entry.

Dated: Mar 1 2024

/s/ Kevin R Huennekens

HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Mar 5 2024

WE ASK FOR THIS:

*/s/ Brittany J. Nelson* (signature authority via 2/22/24 email)
Erika Morabito (VSB No. 44369)
Brittany J. Nelson (VSB No. 81734)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street, NW, Suite 900
Washington, DC  20005
(202) 538-8334 (telephone)
erikamorabito@quinnemanuel.com
brittanynelson@quinnemanuel.com
    *Special Counsel to the Chapter 7 Trustee*

SEEN AND NO OBJECTION:

*/s/ Kathryn R. Montgomery* (signature authority via 2/20/24 email)
Kathryn R. Montgomery, Esquire (Va. Bar No. 42380)
Shannon F. Pecoraro (Va. Bar No. 46864)
Department of Justice
Office of the United States Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219
Tel: (804) 771-2310
Fax: (804) 771-2330
   *Office of the United States Trustee*


**CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1(C)**

I hereby certify that the foregoing has either been endorsed by or served upon all

necessary parties.


/s/ *Brittany J. Nelson* (signature authority via 2/22/24 email)
Brittany J. Nelson