**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| In re:<br><br>　　　LeClairRyan, PLLC,[1]<br><br>　　　Debtor | Case No.<br>19-34574-KRH<br><br>Chapter 7 |

**MOTION FOR APPROVAL OF COMPROMISE AND
SETTLEMENT AND MEMORANDUM OF LAW**
**(Resolution of Janine Bowen Claim No. 76)**

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**"), in the above-referenced Chapter 7 case (the "**Case**") hereby files, by counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement and Memorandum of Law  (the "**Settlement Motion**" and/or "**Motion**"), seeking the entry of an order approving the settlement proposed herein with Ms. Janine Bowen (the "**Claimant**", and collectively with the Trustee and Debtor, the "**Parties**").

**Jurisdiction and Venue**

1.　　The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing*

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

Paula S. Beran, Esquire (Va. Bar No. 34679)
pberan@tb-lawfirm.com
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
　*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

*Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Background**

4.      On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.      Per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019. Upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee.

6.      Before the Petition Date, LeClairRyan employed numerous individuals, including the Claimant. The Claimant, at differing  points in time, possessed various equity interests in LeClairRyan.

7.      On or about December 05, 2019, (before the requisite bar date of December 13, 2019, the "**General Claims Bar Date**"), the Claimant filed Claim 76 in the Debtor's Case asserting amounts are due and owing by virtue of various instruments and/or documents related to the same (the "**Asserted Claim**"). The amount of the Asserted Claim is $100,000.00.

8. The Trustee neither disputes that the Debtor's books and records provide a basis for the Asserted Claim nor disagrees that there is a legal argument for the amount of the Asserted Claim. The Trustee does maintain that there are legal arguments to support that the Asserted Claim should be (1) disallowed in its entirety or (2) allowed and entitled to distribution (a) with subordination under § 726(a)(2) of the Bankruptcy Code and/or (b) under § 726(a)(6) of the Bankruptcy Code.

## THE PROPOSED SETTLEMENT

9. After discussions, the Trustee and the Claimant have reached a resolution regarding the Asserted Claim, which resolution addresses all matters related to the Claimant and LeClair Ryan and its Estate:

a. The Asserted Claim shall be allowed as unsecured in the amount of $50,000.00 entitled to distribution pursuant to 11 U.S.C. § 726(a)(2) without any subordination. The Claimant shall be entitled to no additional distribution of any kind from the Estate.

b. Nothing in the settlement shall be construed as an admission of the Claimant's current and/or former equity status with the Debtor.

c. Upon the entry of a final, non-appealable order approving the Settlement (the "**Effective Date**"), except for the obligations created by the Settlement, the Claimant is deemed to have released and forever discharged (i) the Trustee, (ii) the Estate, (iii) LeClairRyan, and (iv) any agents, officers, consultants, employees, former individual attorneys, legal counsel, accountants, financial advisors, insurers, and representatives of any kind of the Estate, the Trustee and/or LeClairRyan (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the Effective Date, that the Claimant made, could have made, or is able to make, against the Trustee, the Estate, LeClairRyan, and the Trustee's Released Affiliates with respect to any matter related to LeClairRyan or the Estate.

d. Upon the Effective Date, except for the obligations created by the Settlement, or to enforce the obligations created by the Settlement or claims arising from the

3

Settlement, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged the Claimant from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the Effective Date, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against the Claimant for any matter related to LeClairRyan or the Estate. Furthermore, upon the Effective Date, except for the obligations created by the Settlement, or to enforce the obligations created by the Settlement or claims arising from the Settlement, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged the Claimant's successors, assigns, executors, personal representatives or administrators, heirs, beneficiaries, family members, relatives, agents, consultants, and attorneys (collectively, "**Claimant's Released Affiliates**") from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the Effective Date, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against Claimant's Released Affiliates for any matter, provided such matter relates to both (i) the Claimant and (ii) LeClairRyan or the Estate.

(collectively, the "**Settlement**").

## <u>MEMORANDUM OF LAW</u>

10.     Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

11.     In *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, the United States Supreme Court pronounced the "fair and equitable" test as the standard for approval of a compromise and settlement. 390 U.S. 414, 424 (1968); *see also Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re LeClairRyan, PLLC*, 2022 Bankr. LEXIS 1817, at *23 (Bankr. E.D. Va. 2022 (*quoting In re Alpha Nat. Res., Inc.*, 544 B.R. 848, 857 (Bankr. E.D. Va. 2016), *In re Frye*, 216 B.R. 166 (Bankr. E.D. VA. 1997); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); and *Shaia v. Three Rivers Wood*,

*Inc. (In re Three Rivers Woods, Inc.)*, 2001 Bankr. LEXIS 737, 2001 WL 720620 (Bankr. E.D.
Va. 1995).

12.    As identified by the District Court in *Markwest Liberty Midstream & Res., LLC v.
Meridien Energy, LLC*, No. 3:23cv593 (DJN), 2024 U.S. Dist. LEXIS 120599 (E.D. Va. July 9,
2024), the relevant factors that this Court should consider in its analysis, sometimes referred to as
the *Austin* factors, are "the probability of the trustee's success in any ensuing litigation, any
collection difficulties, the complexity, time and expense of litigation, and the interest of creditors
with proper deference to their reasonable views." *Id.*; *see also Fetner v. Hotel St. Cap., L.L.C.*,
2021 U.S. Dist. LEXIS 52980, 2021 WL 1022585, at *3 (E.D. Va. Feb. 5, 2021), *aff'd,* 2021 U.S.
App. LEXIS 31755, 2021 WL 4922324 (4th Cir. Oct. 21, 2021) (citing *In re Austin*, 186 B.R. 397,
400 (Bankr. E.D. Va. 1995)); *see also In re Three Rivers Woods, Inc.,* 2001 Bankr. LEXIS 737, at
*17, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (calling the *Austin* factors "the basic
criteria for consideration of a motion to approve a compromise and settlement" within this
District).

13.    Indeed, in determining whether to approve the proposed settlement under
Bankruptcy Rule 9019 upon consideration of the delineated *Austin* factors, "[t]he Court's
fundamental determination is '. . . whether the settlement falls below the lowest point in the range
of reasonableness'" Three *Rivers Woods*, 2001 Bankr. LEXIS 737, at *17, 2001 WL 720620, at
*6 (quoting *Austin*, 186 B.R. at 400).   Where a proposed settlement is fair and equitable and
represents the best interests of the estate as a whole, it should gain approval. *Id.* And the factors
that courts consider to determine the best interests are similar to the factors to determine whether
the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*, 515 B.R. 284, 288 (Bankr.

E.D. Va. 2014) ("The best interests of the estate are met by considering the same factors a court considers in reviewing any proposed settlement: (1) the probability of success on the merits in the litigation; (2) possible difficulties of collecting any judgment which might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and (4) the interests of the creditors, giving proper deference to their reasonable views.") (Internal citations omitted).

14.    When reviewing a proposed settlement, the Court may consider the Trustee's business judgment and the opinions of the other parties to such settlement, and the Court should not substitute its judgment for that of the Trustee. Instead, the Court must determine "whether the settlement falls below the lowest point in the range of reasonableness." *Three Rivers Wood*, 2001 WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400).  Where a proposed settlement is not below the lowest point of what is fair and reasonable and represents the best interests of the estate as a whole, the court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001 WL 720620, at *6.

15.    The Trustee, in the exercise of her business judgment, believes that the Settlement is fair and equitable and in the best interest of the Debtor's Estate in that it (a) addresses a claim that involves debt, contract, rejection, indemnity, and/or redemption, (b) provides clarity in connection with distribution pursuant to 11 U.S.C. § 726, and (c) avoids litigation (which litigation could be lengthy and expensive) related to the same. As indicated, the Trustee neither disputes that the Debtor's books and records provides a basis for the Asserted Claim nor disagrees that there is a legal argument for the amount of the Asserted Claim. The Trustee does maintain that there are valid legal arguments, some stronger than others, that the Asserted Claim should be (1) disallowed in its entirety or (2) allowed and entitled to distribution (a) with subordination under § 726(a)(2)

of the Bankruptcy Code and/or (b) under § 726(a)(6) of the Bankruptcy Code. However, prevailing on certain of the legal arguments requires specific, detailed evidence on the Asserted Claim which could (a) be costly, (b) require an extensive amount of time to resolve including but not limited to potential appeals, and (c) likely delay distributions to creditors in this Case. Creditors have and continue to desire a distribution sooner as opposed to later. And, as recently reported to this Court, since her appointment, the Trustee has largely administered the Estate, and, at this juncture is attempting to finalize outstanding items including addressing the ruling, which includes a remand, of an appeal from the 4th Circuit Court of Appeals such that a final report will be forthcoming once items related to the 4th Circuit ruling have been addressed. Resolving this Asserted Claim further paves a potential path forward for a distribution to creditors once the same is complete.

16.     This Court may and should give great weight to the Trustee's informed analysis of the various legal basis for the amounts asserted and potential distribution scenarios along with her "extensive experience as a bankruptcy trustee and lawyer.*"* *In re Austin*, 186 B.R. at 401.

17.     Accordingly, the Trustee respectfully requests that the Court approve the Settlement as fair and equitable and in the best interest of the Estate by entry of the Order attached as Exhibit A hereto.

Dated: May 27, 2025
Richmond, Virginia

**LYNN L. TAVENNER, TRUSTEE**

By:/s/  Paula S. Beran
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
     *Counsel for Lynn L. Tavenner, Trustee*

## CERTIFICATE OF SERVICE

Pursuant to the Local Rules and/or orders of this Court, I certify that on  this 27 day of May, 2025, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Core Parties and 2002 List as defined in the Order Establishing Certain Notice, Case Management, and Administrative Procedures, ECF No. 38  (c)  the Claimant; and (d) all parties requesting service of pleadings in this Case (all as listed on Schedule A attached to the Court filed copy of this Motion).

*/s/ Paula S. Beran*
Counsel for the Trustee

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re:                                              Case No.
    LeClairRyan, PLLC,[1]                    19-34574-KRH

    Debtor                                     Chapter 7

## ORDER APPROVING SETTLEMENT
**(Resolution of Janine Bowen Claim No. 76)**

This day came Lynn L. Tavenner, Trustee (the "**Trustee**"), by counsel, on her Motion for

Approval of Compromise and Settlement and Memorandum of Law (the "**Settlement Motion**"),[2]

the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the

Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement

represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of

reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors;

and the Court having determined that the legal and factual basis set forth in the Settlement Motion

establish just cause for the relief granted herein;

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED**

**THAT:**

    1.    The Settlement Motion is granted.

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.
[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion.

2.        The Settlement is approved. The Trustee is authorized to take all action necessary to effectuate the Settlement.

3.        Claim 76 shall be an allowed unsecured claim in the amount of $50,000.00 entitled to distribution pursuant to 11 U.S.C. § 726(a)(2) without any subordination. The Claimant shall be entitled to no additional distribution of any kind from the Estate.

4.        Upon the entry of a final, non-appealable order approving the Settlement (the "**Effective Date**"), except for the obligations created by the Settlement, the Claimant is deemed to have released and forever discharged (i) the Trustee, (ii) the Estate, (iii) LeClairRyan, and (iv) any agents, officers, consultants, employees, former individual attorneys, legal counsel, accountants, financial advisors, insurers, and representatives of any kind of the Estate, the Trustee and/or LeClairRyan (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the Effective Date, that the Claimant made, could have made, or is able to make, against the Trustee, the Estate, LeClairRyan, and the Trustee's Released Affiliates with respect to any matter related to LeClairRyan or the Estate.

5.        Upon the Effective Date, except for the obligations created by the Settlement, or to enforce the obligations created by the Settlement or claims arising from the Settlement, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged the Claimant from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the

2

Effective Date, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against the Claimant for any matter related to LeClairRyan or the Estate. Furthermore, upon the Effective Date, except for the obligations created by the Settlement, or to enforce the obligations created by the Settlement or claims arising from the Settlement, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged the Claimant's  successors, assigns, executors, personal representatives or administrators, heirs, beneficiaries, family members, relatives, agents, consultants, and attorneys (collectively, "**Claimant's Released Affiliates**") from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action of any nature whatsoever, whether asserted or unasserted, known or unknown, disclosed or undisclosed, from the beginning of time to the Effective Date, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against Claimant's Released Affiliates for any matter, provided such matter relates to both (i) the Claimant and (ii) LeClairRyan or the Estate.

6.      Nothing in this Order shall be construed as or deemed to be a finding as to the Claimant's current or former equity status with the Debtor. Claimant expressly reserves any and all rights and positions she may take with respect to that status or this Agreement vis-à-vis any taxing authorities.

7.      The Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.


Entered:                                    _____
                                            UNITED STATES BANKRUPTCY JUDGE


I ask for this:

3

*/s/*_____
Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
         *Counsel for Lynn L. Tavenner, Trustee*

Seen and Agreed:


_____
Janine Bowen
         *Claimant*


## **CERTIFICATION**

I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

                    */s/*_____
                    Counsel for the Trustee

<u>Service List</u>

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219