## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:                                                    Case No.

     LeClairRyan, PLLC,[1]                          19-34574-KRH

Debtor                                                   Chapter 7

## MOTION FOR (I) APPROVAL OF COMPROMISE AND
## SETTLEMENT AND (II) REDUCED NOTICE PERIOD
## AND MEMORANDUM OF LAW
### (Gary D. LeClair)

Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7

trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate

(the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**"), in the above-

referenced Chapter 7 case (the "**Case**") hereby files, by counsel, pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure, this Motion for Approval of Compromise and Settlement

and Memorandum of Law  (the "**Settlement Motion**" and/or the "**Motion**")[2], seeking the entry of

an order, substantially in the form of Exhibit A attached hereto, approving the settlement proposed

herein with Mr. Gary D. LeClair ("**Mr. LeClair**" and together with the Trustee, the "**Parties**").

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Terms not otherwise defined herein shall have the meaning prescribed at 11 U.S.C. § 101.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
pberan@tb-lawfirm.com
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*

"**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated August 15, 1984.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

4.      On September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (as thereafter amended, the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"). ECF No. 1. Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession.

5.      On September 19, 2019, the Debtor filed its List of Equity Security Holders (the "**ESH List**," ECF No. 79), which was dated July 29, 2019 and  included Mr. LeClair.

6.      Per an agreement between the Debtor, the United States Trustee, and ABL Alliance, LLP, the Debtor's Case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019. ECF No. 140. Upon conversion, Lynn L. Tavenner was appointed interim trustee. No trustee having been elected at the meeting of creditors; she continues to serve as Trustee.

7.      On November 2, 2021, the Trustee filed a Motion for an Order Approving (I) the Trustee's Reliance on Debtor's List of Equity Security Holders and (II) Procedures for Obtaining Copies of Filed Tax Returns and Memorandum in Support Thereof (the "**Motion to Authorize**") ECF No.  1086.

8.     On February 14, 2022, Mr. LeClair filed a Motion to Amend Debtor's Equity Security Holders List Pursuant to Bankruptcy Rule 1009(a) (the "**Motion to Amend**") ECF No. 1217, seeking to be removed from the ESH List.

9.     Mr. LeClair filed an amended proof of claim in the amount of $3,448,789.00 on March 7, 2022, which is located on the Bankruptcy Court's docket as Claim 134-1 (the "**Amended Proof of Claim**").

10.     On March 29, 2022, this Court held a hearing at which time it orally granted the Motion to Authorize and denied the Motion to Amend.

11.     On April 12, 2022, Mr. LeClair noticed an appeal to the United States District Court for the Eastern District of Virginia, Richmond Division ("**District Court**") of this Court's denial of his Motion to Amend and granting of the Trustee's Motion to Authorize.

12.     On April 21, 2022, this Court issued a Memorandum Opinion, ECF No. 1301,  and Order, ECF No. 1302, memorializing its oral ruling denying the Motion to Amend.

13.     On April 28, 2022, this Court entered an Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders, ECF No. 1311, and on April 28, 2022, this Court entered a Corrected Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders ECF No. 1313 (the "**Reliance Order**");

14.     The Parties litigated the District Court appeal.

15.     On January 3, 2023, the District Court issued a Memorandum Opinion and Order affirming this Court's ruling on the Motion to Amend, and as to the Reliance Order, affirming in part, reversing in part, and  remanding the matter to this Court  to change the date of the ESH List to September 3, 2019 (the "**District Court Remand**").

16.    On February 2, 2023, Mr. LeClair filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit ("**Fourth Circuit**") in connection with the District Court's ruling on the Motion to Amend.

17.    The Parties litigated the Fourth Circuit appeal.

18.    On February 7, 2025, the Fourth Circuit issued its judgment (the "**Fourth Circuit Ruling**"), vacating the judgement of the District Court related to the Motion to Amend and remanding the matter to the District Court with instructions to further remand to this Court (the "**Fourth Circuit Remand**").

19.    The Trustee and Mr. LeClair are parties to three prior Court approved settlement agreements, namely the November 19, 2021 settlement agreement (the "**Covered Claims Settlement Agreement**"), the December 13, 2021 confidential settlement agreement (the "**Non-Covered Claims Settlement Agreement**") and the November 1, 2023 settlement agreement (the "**Proof of Claim Settlement Agreement**", together with the Covered Claims Settlement Agreement and the Non-Covered Claims Settlement Agreement, the "**Prior Settlement Agreements**"), wherein certain matters were resolved. The Proof of Claim Settlement Agreement addressed the Amended Proof of Claim and, among other things, provided Mr. LeClair with an allowed general unsecured claim in the amount of $1,612,197.25 (the "**Allowed Claim**") and stated that Mr. LeClair shall be entitled to no additional distribution from the Estate other than his pro rata share under 11 U.S.C. § 726(a)(2) of his Allowed Claim.

20.    The Trustee and Mr. LeClair desire to fully resolve and settle all remaining issues that were not resolved in the Prior Settlement Agreements, including, but not limited to: (a) items related to the District Court Remand, the Fourth Circuit Ruling, and the Fourth Circuit Remand;

(b) eliminate any and all future litigation between the Parties; and (c) pave a path forward for the

Trustee to conclude her administration of the Estate and distribute available funds pursuant to 11

U.S.C. § 726.   In connection with the same, the Parties have reached an agreement (the

"**Settlemen**t") which is memorialized in a settlement agreement, the form of which is attached

hereto as Exhibit B (the "**Settlement Agreement**").

21.    The Settlement Agreement contains the details of the terms and conditions of the

Settlement which generally provides in pertinent part as follows:

    a.  Withdraw of Mr. LeClair's Motion to Amend.
    b.  Entry of a proposed Second Corrected Order Approving the Trustee's Reliance on
       Debtor's List of Equity Security Holders (the "**Amended Reliance Order**").[3]
    c.  Specific agreement on future litigation as further provided herein.
    d.  Releases as further provided therein.
    e.  Executed agreed side letter (the "**Letter**").

22.    The Trustee understands that this Settlement is supported by numerous Persons,

including but not limited to creditors of the Estate and/or other individuals listed on the ESH List.

23.    The Trustee seeks this Court's approval of the Settlement because, in the exercise

of her business judgement she maintains it is fair and equitable and is in the best interest of the

Estate in that it (a) eliminates additional litigation, (b) reduces the need to incur additional

---

[3] The Trustee and Mr. LeClair respectfully proffer the proposed Amended Reliance Order which they believe adequately addresses the District Court Remand. The Trustee and Mr. LeClair nevertheless understand and appreciate that this Court must determine whether the proposed order adequately addresses the District Court Remand. They further posit that the proposed Settlement is not intended to dictate action or inaction on behalf of this Honorable Court and/or the District Court concerning entry of the Amended Reliance Order. Rather, the Parties proffer the proposed Amended Reliance Order in an effort to bring all matters between them to a conclusion. To the extent this Court and/or the District Court determines that the proposed Amended Reliance Order does not adequately address the District Court Remand, the Parties propose to meet and confer within ten (10) business days after such determination in an effort to achieve an acceptably revised Amended Reliance Order. Prior to the resolution of any revision to the Amended Reliance Order, the Trustee and/or Mr. LeClair each reserve the right to withdraw from the proposed settlement and not be bound by the terms of the Settlement Agreement, and the Parties respectfully request that the Court reserve ruling on the present Motion to allow the Parties the opportunity to fully and finally resolve all matters between them.

administrative expenses, which in turn provides more funds to distribute to pre-petition creditors, and (c) paves a path forward for the Trustee to conclude her administration of the Estate and distribute available funds pursuant to 11 U.S.C. § 726.

## **MEMORANDUM OF LAW**

24.      Bankruptcy Rule 9019(a) provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

25.      In *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, the United States Supreme Court pronounced the "fair and equitable" test as the standard for approval of a compromise and settlement. 390 U.S. 414, 424 (1968); *see also Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *In re LeClairRyan, PLLC*, 2022 Bankr. LEXIS 1817, at *23 (Bankr. E.D. Va. 2022 (*quoting In re Alpha Nat. Res., Inc.*, 544 B.R. 848, 857 (Bankr. E.D. Va. 2016), *In re Frye*, 216 B.R. 166 (Bankr. E.D. VA. 1997); *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995); and *Shaia v. Three Rivers Wood, Inc. (In re Three Rivers Woods, Inc.)*, 2001 Bankr. LEXIS 737, 2001 WL 720620 (Bankr. E.D. Va. 1995).

26.      As identified by the District Court in *Markwest Liberty Midstream & Res., LLC v. Meridien Energy, LLC*, No. 3:23cv593 (DJN), 2024 U.S. Dist. LEXIS 120599 (E.D. Va. July 9, 2024), the relevant factors that this Court should consider in its analysis, sometimes referred to as the *Austin* factors, are "the probability of the trustee's success in any ensuing litigation, any collection difficulties, the complexity, time and expense of litigation, and the interest of creditors with proper deference to their reasonable views." *Id.*; *see also Fetner v. Hotel St. Cap., L.L.C.*, 2021 U.S. Dist. LEXIS 52980, 2021 WL 1022585, at *3 (E.D. Va. Feb. 5, 2021), *aff'd,* 2021 U.S. App. LEXIS 31755, 2021 WL 4922324 (4th Cir. Oct. 21, 2021) (citing *In re Austin*, 186 B.R. 397,

400 (Bankr. E.D. Va. 1995)); *see also In re Three Rivers Woods, Inc.,* 2001 Bankr. LEXIS 737, at *17, 2001 WL 720620, at *6 (Bankr. E.D. Va. Mar. 20, 2001) (calling the *Austin* factors "the basic criteria for consideration of a motion to approve a compromise and settlement" within this District). For the reasons stated herein, the complexity, time and expense of litigation and the interest of creditors and their reasonable views weigh heavily in favor of approving the Settlement.

27.    Indeed, in determining whether to approve the proposed settlement under Bankruptcy Rule 9019 upon consideration of the delineated *Austin* factors, "[t]he Court's fundamental determination is '. . . whether the settlement falls below the lowest point in the range of reasonableness'" Three *Rivers Woods*, 2001 Bankr. LEXIS 737, at *17, 2001 WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400). Where a proposed settlement is fair and equitable and represents the best interests of the estate as a whole, it should gain approval. *Id.* And the factors that courts consider to determine the best interests are similar to the factors to determine whether the settlement is fair and equitable. *See Parker v. Bullis (In re Bullis)*, 515 B.R. 284, 288 (Bankr. E.D. Va. 2014) ("The best interests of the estate are met by considering the same factors a court considers in reviewing any proposed settlement: (1) the probability of success on the merits in the litigation; (2) possible difficulties of collecting any judgment which might be obtained; (3) the complexity, expense, and likely duration of any ensuing litigation; and (4) the interests of the creditors, giving proper deference to their reasonable views.") (Internal citations omitted).

28.    When reviewing a proposed settlement, the Court may consider the Trustee's business judgment and the opinions of the other parties to such settlement, and the Court should not substitute its judgment for that of the Trustee. Instead, the Court must determine "whether the settlement falls below the lowest point in the range of reasonableness." *Three Rivers Wood*, 2001

WL 720620, at *6 (quoting *Austin*, 186 B.R. at 400).  Where a proposed settlement is not below

the lowest point of what is fair and reasonable and represents the best interests of the estate as a

whole, the Court should approve it pursuant to Bankruptcy Rule 9019. *Three Rivers Wood*, 2001

WL 720620, at *6.

29.     The Trustee, in the exercise of her business judgment, believes that the Settlement

is fair and equitable and in the best interest of the Debtor's Estate. The Settlement, if  effectuated

as contemplated, will fully resolve and settle all remaining issues with Mr. LeClair and likely result

in the Case being fully administered within a year which is in the best interest of creditors because

allowed claims would be paid sooner and likely in an amount greater than if the Settlement is not

approved and effectuated. Without the Settlement effectuated as contemplated, the matters could

be litigated not only before this Court but also with appeals to the District Court and the Fourth

Circuit, resulting unfortunately in additional administrative expenses and a delay in payment to

creditors.

30.     Furthermore, the Trustee, in the exercise of her business judgment maintains that

the Settlement is in the best interests of the creditors, and in fact the Trustee has given significant

deference to their reasonable views. The Trustee was encouraged by one or more creditors to

negotiate a potential settlement with Mr. LeClair with the goal of paving a path forward for the

Trustee to conclude her administration of the Estate and distribute available funds pursuant to 11

U.S.C. § 726.  The Trustee has accomplished the same through the Settlement.  And the Settlement

is supported by numerous Persons including but not limited to creditors as well as individuals

(some of which are creditors) on the ESH List.

31.     Bankruptcy Rule 2002(a)(3) normally requires 21 days' notice for a motion to

approve a compromise or settlement in a bankruptcy proceeding unless a court for cause shown directs otherwise. Fed. R. Bankr. P. 2002(a)(3). Furthermore, Bankruptcy Rule 9006(c) provides (with certain exceptions not applicable here) that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced an act is required or allowed to be done." Fed. R. Bankr. P. 9006(c)(1). Here, cause exists to shorten the notice period by one day for this Motion. The Settlement resolves all outstanding issues with Mr. LeClair and eliminates any further litigation that would result in the expenditure of legal fees and thereby reduce the Estate's assets. In addition, the Settlement would pave the way for much quicker and efficient administration of the Estate as well as a sooner final distribution date.  And the Trustee understands that this is all supported by numerous Persons including but not limited to creditors as well as individuals (some of which are creditors) on the ESH List. While the specific language of the Settlement Agreement was agreed upon in time for filing the Motion with a 21-day notice period, clarifications were needed in this Motion. Given the timing of the finalization of the Settlement Agreement and the schedules of the Parties and their counsel, this language could not be finalized until the morning of May 28, 2025.  Based on the foregoing, the Trustee maintains that cause exists to shorten the notice period on this Motion by one day from 21 days to 20 days.

32.    Accordingly, the Trustee respectfully requests that the Court approve the Settlement as fair and equitable and in the best interest of the Estate in that it (a) eliminates additional litigation, (b) reduces the need to incur additional administrative expenses, which in turn provides more funds to distribute to pre-petition creditors, and (c) paves a path forward for

the Trustee to conclude her administration of the Estate and distribute available funds pursuant to

11 U.S.C. § 726. The Trustee also respectfully requests that the Court shorten the notice period

on this Motion by one day from 21 days to 20 days.


Dated: May 28, 2025                              **LYNN L. TAVENNER, TRUSTEE**
Richmond, Virginia

                                                 By:*/s/ Paula S. Beran*
                                                 Paula S. Beran, Esquire (VSB No. 34679)
                                                 Tavenner & Beran, PLC
                                                 20 North 8th Street
                                                 Richmond, Virginia 23219
                                                 Telephone: (804) 783-8300
                                                 pberan@tb-lawfirm.com
                                                         *Counsel for Lynn L. Tavenner, Trustee*

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Local Rules and/or orders of this Court, I certify that on this 28th day of May 2025, a true copy of the foregoing Motion was sent electronically and/or by first-class mail to: (a) the Office of the United States Trustee; (b) the Debtor's 20 Largest Unsecured Creditors; (c) all known secured creditors from the Debtor's Official Form 106D; (d) the Core Parties and 2002 List as defined in the *Case Management Order*; (e) all Persons listed on the ESH List; and (f) all parties requesting service of pleadings in this Case (all as indicated on Schedule A attached to the Motion filed with the Court).

                                                 */s/ Paula S. Beran*
                                                 Counsel for the Trustee

Exhibit A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | Case No. |
|     LeClairRyan, PLLC,[1] | 19-34574-KRH |
|     Debtor | Chapter 7 |

## <u>ORDER APPROVING SETTLEMENT</u>

       This day came, by counsel, Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7 trustee (in such capacity, the "**Trustee**") of the bankruptcy estate (the "**Estate**") of LeClairRyan PLLC (the "**LeClairRyan**" and/or the "**Debtor**") on her Motion for Approval of Compromise and Settlement and Memorandum of Law (the "**Settlement Motion**"),[2] the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Settlement Motion and hearing thereon was sufficient under the circumstances, and (d) the Settlement represents (i) a sound exercise of the Trustee's business judgment, (ii) falls within the range of reasonableness, (iii) is fair and equitable, and (iv) is in the best interest of the Estate and creditors; and the Court having determined that the legal and factual basis set forth in the Settlement Motion establish just cause for the relief granted herein;

---

[1] The principal address of the Debtor as of the Petition Date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Settlement Motion.

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone:   (804) 783-8300
pberan@tb-lawfirm.com
*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*
29646\0001\12630036v1

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED
THAT:**

1.      The Settlement Motion is granted.

2.      The Settlement is approved on the terms set forth in the Settlement Motion.

3.      The Trustee is authorized to take all actions necessary to effectuate the Settlement including, but not limited to, tendering for this Court's consideration the Amended Reliance Order, which is provided herewith.

4.      Upon the Release Date as defined in the Settlement Agreement, executed copies of the Settlement Agreement and the Letter shall be released from Escrow, and executed copies of the Settlement Agreement and the Letter shall be provided to (a) the Trustee and (b) counsel for Mr. LeClair.  In addition, upon the Release Date, the Motion to Amend shall be deemed withdrawn. Furthermore, upon the Release Date, the releases in Paragraph 7 of the Settlement Agreement shall be effective.

5.      The notice period for the Motion is hereby reduced by one day from 21 days to 20 days.

6.      This Court shall retain exclusive jurisdiction to interpret and enforce the terms of this Order.


Entered:                                    _____
                                                     UNITED STATES BANKRUPTCY JUDGE

I ask for this:

*/s/* _____

Paula S. Beran, Esquire (VSB No. 34679)
Tavenner & Beran, PLC
20 North 8th Street
Richmond, Virginia 23219
Telephone: (804) 783-8300
Email: pberan@Tb-lawfirm.com
       *Counsel for Lynn L. Tavenner, Trustee*


Seen and Agreed:

/s/ _____

J. Scott Sexton, Esquire (VSB No. 29284)
Andrew M. Bowman, Esquire (VSB No. 86754)
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022
Telephone: 540.983.9300
Fax: 540.983.9400
Email: sexton@gentrylocke.com
bowman@gentrylocke.com
       *Counsel for Mr. Gary D. LeClair*

## **CERTIFICATION**

       I hereby certify that, pursuant to Local Rule 9022-1, the foregoing Order Approving Settlement has been served upon and/or endorsed by all necessary parties.

                        */s/* _____
                        Counsel for the Trustee

Service List for Entered Order

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, VA 23219

J. Scott Sexton, Esquire
Andrew M. Bowman, Esquire
GENTRY LOCKE
P.O. Box 40013
Roanoke, Virginia 24022

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter the "**Agreement**") is signed this ___ day of  June, 2025 but shall be effective as provided in  Paragraph 6,  by and between Lynn L. Tavenner in her capacity as the Chapter 7 Trustee (the "**Trustee**") of the Chapter 7 bankruptcy estate (the "**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**"), on the one hand, and Mr. Gary D. LeClair (the "**Mr. LeClair**"), on the other hand. The Trustee and Mr. LeClair may be referred to hereinafter collectively as the "**Parties**."

## RECITALS

### Background

WHEREAS, on September 3, 2019 (the "**Petition Date**"), the Debtor filed for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "**Bankruptcy Court**"), commencing the above referenced bankruptcy case (the "**Bankruptcy Case**").  Pursuant to §§ 1007 and 1108 of the Bankruptcy Code, the Debtor operated as a debtor-in-possession;

WHEREAS, on September 19, 2019, the Debtor filed its List of Equity Security Holders (the "**ESH List**"), which ESH List included Mr. LeClair;

WHEREAS, per agreement between the Debtor, the United States Trustee, and ABL Alliance, LLLP, the Debtor's bankruptcy case was converted to a case under Chapter 7 of the Bankruptcy Code on October 4, 2019;

WHEREAS, upon conversion, Lynn L. Tavenner was appointed interim trustee, and no trustee having been elected at the meeting of creditors, she continues to serve as trustee;

WHEREAS, the Debtor's Bankruptcy Case is presently pending in the Bankruptcy Court;

WHEREAS, Mr. LeClair filed an amended proof of claim in the amount of $3,448,789.00 on March 7, 2022, which is located on the Bankruptcy Court's docket as Claim 134-1 (the "**Amended Proof of Claim**");

WHEREAS, on November 2, 2021, the Trustee filed a Motion for an Order Approving (I) the Trustee's Reliance on Debtor's List of Equity Security Holders and (II) Procedures for Obtaining Copies of Filed Tax Returns and Memorandum in Support Thereof (the "**Motion to Authorize**");

WHEREAS, on February 14, 2022, Mr. LeClair filed a Motion to Amend Debtor's Equity Security Holders List Pursuant to Bankruptcy Rule 1009(a) (the "**Motion to Amend**"), seeking to be removed from the ESH List;

WHEREAS, on March 29, 2022, the Bankruptcy Court held a hearing at which time it orally granted the Motion to Authorize and denied the Motion to Amend;

WHEREAS, on April 12, 2022, Mr. LeClair noticed an appeal to the United States District Court for the Eastern District of Virginia, Richmond Division ("**District Court**") of the Bankruptcy Court's denial of his Motion to Amend and granting of the Trustee's Motion to Authorize;

WHEREAS, on April 21, 2022, the Bankruptcy Court issued a Memorandum Opinion (Dkt. 1301) and Order (Dkt. 1302) memorializing its oral ruling denying the Motion to Amend;

WHEREAS, on April 28, 2022, the Bankruptcy Court entered an Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders (Dkt. 1311), and on April 28, 2022, the Bankruptcy Court entered a Corrected Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders (Dkt. 1313) (the "**Reliance Order**");

WHEREAS, the Parties litigated the District Court appeal;

WHEREAS, on January 3, 2023, the District Court issued a Memorandum Opinion and Order affirming the Bankruptcy Court's ruling on the Motion to Amend, and as it related to the Reliance Order, affirming in part, reversing in part, and remanding the matter to the Bankruptcy Court to change the date of the ESH List to September 3, 2019 (the "**District Court Remand**");

WHEREAS, on February 2, 2023, Mr. LeClair filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit ("**Fourth Circuit**") in connection with the District Court's ruling on the Motion to Amend;

WHEREAS, the Parties litigated the Fourth Circuit appeal;

WHEREAS, on February 7, 2025, the Fourth Circuit issued its judgment (the "**Fourth Circuit Ruling**"), vacating the judgement of the District Court related to the Motion to Amend and remanding the matter to the District Court with instructions to further remand to the Bankruptcy Court (the "Fourth Circuit **Remand**");

WHEREAS, the Trustee and Mr. LeClair are parties to three prior settlement agreements, namely the November 19, 2021 settlement agreement (the "**Covered Claims Settlement Agreement**"), the December 13, 2021 confidential settlement agreement (the "**Non-Covered Claims Settlement Agreement**") and the November 1, 2023 settlement agreement (the "**Proof of Claim Settlement Agreement**", together with the Covered Claims Settlement Agreement and the Non-Covered Claims Settlement Agreement, the "**Prior Settlement Agreements**"), wherein certain matters were resolved; and

WHEREAS, the Proof of Claim Settlement Agreement, among other things, provided Mr. LeCLair with an allowed general unsecured claim in the amount of $1,612,197.25 (the "**Allowed Claim**") and stated that Mr. LeClair shall be entitled to no additional distribution from the Estate other than his pro rata share under 11 U.S.C. § 726(a)(2) of his Allowed Claim and thereafter Mr. LeClair transferred the Allowed Claim as evidenced on the Bankruptcy Court docket (Dkt. 2041).

### The Settlement Negotiations

WHEREAS, the Trustee and Mr. LeClair desire to fully resolve and settle all remaining issues that were not resolved in the Prior Settlement Agreements, including, but not limited to: (a) items related to the District Court Remand, the Fourth Circuit Ruling, and the Fourth Circuit Remand; (b) eliminate any and all future litigation between the Parties; and (c) pave a path forward for the Trustee to conclude her administration of the Estate and distributed available funds pursuant to 11 U.S.C. § 726;  and

WHEREAS, the Trustee and Mr. LeClair have negotiated and reached this Agreement in good faith.

## THE AGREEMENT

**NOW, THEREFORE,** in consideration of the mutual obligations and releases set forth herein, which the Trustee and Mr. LeClair agree constitute good and valuable consideration for the various covenants and understandings set forth in this Agreement, it is hereby agreed by the Parties as follows:

1.      **Motion to Amend**.  Mr. LeClair will withdraw the Motion to Amend, which withdrawal shall be memorialized in and effectuated through the 9019 Order (as hereafter defined). The Trustee hereby stipulates and agrees to such withdrawal.

2.      **Reliance Order**. In furtherance of  the District Court Remand, the Trustee will tender, at the same time as the 9019 Order (as defined in Section 6 below) for entry the Second Amended Order Approving the Trustee's Reliance on Debtor's List of Equity Security Holders, attached hereto as Exhibit 1 (the "**Amended Reliance Order**"), which changes the date of the ESH List to September 3, 2029. The Trustee may continue to rely on the relief provided in the Amended Reliance Order.

3.      **Litigation.**  The Trustee will not initiate any litigation against Mr. LeClair on any matter (other than obligations created by this Agreement) including but not limited to matters relating to whether Mr. LeClair should be on the ESH List or other issues relating to his membership status. For the avoidance of any doubt, the Parties acknowledge that: (a) the Trustee continues to review claims in the Bankruptcy Case and there may be instances of claim objections against others related to claims filed on behalf of/related to each's membership interest; (b) Mr. LeClair and the Trustee have already resolved all such issues as to Mr. LeClair resulting in the Allowed Claim, and nothing in this Agreement shall otherwise alter the same;  (c) nothing in this Agreement shall be construed to prevent, preclude, or otherwise impair Mr. LeClair's ability to fully and completely defend himself should any claim be brought, or other matter asserted, against him, by a claimant,  any other Person (as such term is defined at 11 U.S.C. §  101(41), and/or any Governmental Unit (as such term is defined at 11 U.S.C. §  101(27)); and (d) nothing in this Agreement shall be construed to prevent, preclude, or otherwise impair the Trustee's ability to fully and completely defend herself and/or the Estate should any claim be brought, or other matter asserted, against her and/or the Estate, by a claimant, any other Person, and/or any Governmental Unit.

4.    **Acknowledgements.** The Trustee acknowledges that, based on the factual and legal arguments set forth in Mr. LeClair's briefing before the Fourth Circuit in Record No. 23-1131, as well as the Fourth Circuit's holding in that case, Mr. LeClair would no longer be a member of LeClairRyan, PLLC as of July 31, 2019, which acknowledgements, along with others, are memorialized in a letter from Tavenner & Beran, PLC to Gentry Locke and acknowledged by the Trustee and Mr. LeClair, as provided in Exhibit 2 attached hereto (the "**Letter**").

5.    **Time of the Essence**. The Parties represent that time is of the essence with respect to this Agreement, including, without limitation, that the Parties desire that the Estate be fully administered as expeditiously as appropriate under the circumstances.

6.    **Court Approval**. The Parties recognize that this Agreement and the Letter are subject to Bankruptcy Court approval pursuant to Bankruptcy Rule 9019 (and should no approval become effective all rights are reserved). This Agreement shall be effective following the Bankruptcy Court's entry of an order approving this agreement (the "**9019 Order**"), and upon the 9019 Order and the Amended Reliance Order becoming final and non-appealable or, in the event of any appeals, the affirming of the 9019 Order and the Amended Reliance Order by all appellate courts asked to consider the matter (the "**Release Date**"). Executed copies of this Agreement and the Letter shall be held in escrow (the "**Escrow**") by Paula S. Beran, Esquire, pending the Release Date. Upon the Release Date, Paula S. Beran shall, as provided in the 9019 Order, release from Escrow and provide executed copies of this Agreement and the Letter to (a) the Trustee and (b) counsel for Mr. LeClair. Furthermore, upon the Release Date, the releases in Paragraph 7 shall become effective.

7.    **Releases.**

a.    **By Trustee.** Upon the Release Date, the Trustee, on behalf of the Estate and the Debtor, shall be deemed to have released and forever discharged Mr. LeClair and Mr. LeClair's successors, assigns, executors, personal representatives or administrators, heirs, beneficiaries, family members, relatives, agents, consultants, legal counsel, accountants, financial advisors, Gentry Locke, and William A. Broscious, Esq., PLC, and representatives of any kind (collectively, the "**Mr. LeClair's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action related to LeClairRyan or the Estate of any nature, in law, equity or otherwise, whether asserted or unasserted, known or unknown, disclosed or undisclosed, that the Debtor, the Estate, or the Trustee made, could have made, or is able to make against Mr. LeClair or Mr. LeClair's Released Affiliates for any reason as of the Effective Date.

b.    **By Mr. LeClair.** Upon the Release Date, except for the Allowed Claim, Mr. LeClair shall be deemed to have released and forever discharged (i) the Trustee, (ii) the Estate, and (iii) any agents, officers, consultants, employees, legal counsel, accountants, financial advisors, and representatives of any kind of the Estate and/or the Trustee (collectively, the "**Trustee's Released Affiliates**"), from each and every right, claim, debt, cause of action, demand, suit for damages, liability, legal fee, act or right of action related to LeClairRyan or the Estate of any nature in law, equity or otherwise, whether asserted or unasserted, known or unknown, disclosed or undisclosed that Mr. LeClair made, could have made, or is able to make, against the Trustee, the Estate, or the Trustee's Released

Affiliates for any reason as of the Effective Date. Nothing herein shall alter or otherwise impact Mr. LeClair's rights with regards to his tax obligations, and Mr. LeClair's arguments to any taxing authority or positions to any taxing authority relating to federal, state, or other tax obligations are reserved.

       c.     **Reserved Rights.** For the avoidance of doubt, nothing in Paragraph 7 shall release any rights or obligations specifically created or preserved in this Agreement, the Covered Claims Settlement Agreement, the Non-Covered Claims Settlement Agreement (and its Allocation Acknowledgment), and the Proof of Claim Settlement Agreement, except to the extent such agreements have been subsequently modified by this Agreement or the Proof of Claim Settlement Agreement.

       8.     **Predecessors and Successors.** All persons or business entities granting releases hereby include any predecessor in interest or successor in interest of the respective grantor. All persons or business entities released hereby include any predecessor in liability or successor in liability for the released liability.

       9.     **Understanding and Counsel.** The Parties represent and warrant that (i) they have read and understand the terms of this Agreement, (ii) they have been (or had the opportunity to be) represented by counsel with respect to this Agreement and all matters covered by and relating to it, (iii) they have entered into this Agreement for reasons of their own and not based upon representations of any other party hereto, and (iv) they have full authority and right to grant the releases expressed herein and to bind themselves in all respects to this Agreement.

       10.     **Legal Fees and Costs.** Each of the Parties shall pay its own respective costs and attorneys' fees incurred with respect to this Agreement.

       11.     **Entire Agreement.** This Agreement, including the Letter, which is incorporated herein by reference, the Covered Claims Settlement Agreement, the Non-Covered Claims Settlement Agreement (and its Allocation Acknowledgment), and the Proof of Claim Settlement Agreement, including all exhibits to any of the foregoing agreements, constitute the entire agreement with respect to the subject matter addressed herein and supersedes any prior written and/or verbal agreements between the Parties.

       12.     **Amendments.** This Agreement may not be orally modified. This Agreement may only be modified in a writing signed by all of the Parties.

       13.     **Headings.** All headings and captions in this Agreement are for convenience only and shall not be interpreted to enlarge or restrict the provisions of the Agreement.

       14.     **Construction.** As used herein, the plural shall include the singular, and the singular shall include the plural, unless the context or intent indicates to the contrary. "Person" shall include natural persons, corporations, partnerships, and/or any other entity, which by law is treated as or has the rights of a natural person.

       15.     **Waiver and Modification.** The failure of the Parties to insist, in any one or more instances, upon the strict performance of any of the covenants of this Agreement, or to exercise

9692\0029\12621436v1

any option herein contained, shall not be construed as a waiver, or a relinquishment for the future of such covenant or option, but the same shall continue and remain in full force and effect.

16.     **Jurisdiction.** By this Agreement, each of the Parties submits to the jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Agreement, including all rights of appeal.

17.     **Counterparts and Facsimile Signatures.** This Agreement may be executed in counterparts and all such counterparts when so executed shall together constitute the final Agreement as if all of the Parties had signed one document.  This Agreement may be executed by facsimile or PDF copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed a single original document.

18.     **Further Necessary Actions.** To the extent that any document is required to be executed by any Party to effectuate the purposes of this Agreement, the Party will execute and deliver such document or documents to the requesting Party.

19.     **Applicable Law.** This Agreement shall be construed and interpreted in accordance with the laws of the Commonwealth of Virginia. This Agreement shall not be construed against any of the Parties, but shall be given a reasonable interpretation.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement on the day and year set forth above.

**The Bankruptcy Estate of LeClairRyan PLLC**

By:  _____     Date:  _____

Name:  Lynn L. Tavenner _____

Title:   Chapter 7 Trustee _____

**Gary D. LeClair**

**By:**  _____     Date:  _____

**Name:**  Gary D. LeClair _____

9692\0029\12621436v1

Exhibit 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

      LeClairRyan, PLLC,[1]

      Debtor

Case No.
19-34574-KRH

Chapter 7

## SECOND CORRECTED ORDER APPROVING THE TRUSTEE'S
## RELIANCE ON DEBTOR'S LIST OF EQUITY SECURITY HOLDERS

This matter coming before the Court on the Trustee's Motion For An Order  Approving (I) The

Trustee's Reliance On Debtor's List of Equity Security Holders And (II) Procedures For Obtaining

Copies Of Filed Tax Returns And Memorandum In Support Thereof (the "**Motion**")[2] [ECF No. 1086]

filed by Lynn L. Tavenner, Trustee, and not individually but solely in her capacity as the Chapter 7

trustee (in such capacity, the "**Chapter 7 Trustee**" and/or the "**Trustee**") of the bankruptcy estate (the

"**Estate**") of LeClairRyan PLLC ("**LeClairRyan**" and/or the "**Debtor**") seeking, *inter alia*, an order

(1) approving the Trustee's continued reliance on Debtor's ESH List, (2) approving  procedures to

obtain masked copies of the Debtor's tax returns, and (3) granting other and further relief as the Court

may deem proper, as well as on the various objections and responses to Trustee's Motion filed on the

Court's docket at ECF No. 1092, 1093, 1094, 1095, and 1100 (collectively, the "**Objections**" and each

---

[1] The principal address of the Debtor as of the petition date was 4405 Cox Road, Glen Allen, Virginia 23060, and the last four digits of the Debtor's federal tax identification number are 2451.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

---

Paula S. Beran, Esquire (Va. Bar No. 34679)
Tavenner & Beran, PLC
20 North Eighth Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Telecopy: (804) 783-0178

*Counsel for Lynn L. Tavenner, Chapter 7 Trustee*
29646\0001\12554678v1

an "**Objection**"); and the Court having (1) previously entered Order Approving Procedures For

Obtaining Copies of Filed Tax Returns [ECF No. 1224] (the "**Copy Procedures Order**") that

approved as modified the Masked Tax Return Copy Procedures aspect of the Motion and (2) reviewed

and considered the Motion and the Objections, as well as the evidence in support of the Motion

presented at a hearing before the Court (the "**Hearing**"); and the Court finding that (1) jurisdiction

exists over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (2) this is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2); (3) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; (4) notice of the Motion and Hearing was sufficient under the circumstances; and (5) the Court

determined that the Objections had either been withdrawn or overruled; and on appeal, the United

States District Court for the Eastern District of Virginia entered an Order affirming-in-part and

reversing-in-part and directing that certain language of this Court's Order be struck and the date of the

ESH List be corrected to September 3, 2019;

NOW, THEREFORE, it is **ORDERED**, that:

1.    The Order Granting Motion to Authorize is modified as provided herein.

2.    The ESH List shall be dated as of September 3, 2019.

3.    The Trustee, directly and/or through her professionals,  is authorized to continue to rely

on the Debtor's ESH List in its current form.

4.    Nothing in this Order shall be construed as or deemed to be a determination of the

taxable consequences of inclusion on the Debtor's ESH List, and all rights, claims, and defenses in

connection therewith are preserved.

5.    This Court retains jurisdiction to interpret, implement, and enforce the provisions of

this Order.

6.     Upon entry, the Clerk shall forthwith provide a copy of this Order to counsel for the

Trustee, who shall serve (by electronic delivery, first class mail, postage prepaid or overnight delivery)

copies of this Order on: the Office of the United States Trustee and the individuals listed on the

Debtor's ESH List.


ENTERED:                                        _____

                                                UNITED STATES BANKRUPTCY JUDGE




I ask for this:

_____
Paula S. Beran, Esquire (VSB No. 34679)
PBeran@TB-LawFirm.com
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219
Telephone: (804) 783-8300
Facsimile: (804) 783-0178

    *Counsel for Lynn L. Tavenner, Chapter 7 Trustee*


## CERTIFICATION

    I hereby certify that, pursuant to Local Rule 9022-1, the foregoing proposed Order has either
been endorsed by and/or served upon all necessary parties (on May 28, 2025).


                                _____
                                        Counsel

**Service List for Entered Order**

Paula S. Beran, Esquire
Tavenner & Beran, PLC
20 North 8th Street, Second Floor
Richmond, Virginia 23219

Exhibit 2

# Tavenner & Beran, PLC

### ATTORNEYS AT LAW

PAULA S. BERAN
pberan@tb-lawfirm.com

20 NORTH EIGHTH STREET, 2ND FLOOR
RICHMOND, VIRGINIA 23219
TELEPHONE: (804) 783-8300
FACSIMILE: (804) 783-0178

FILE NUMBER: 02202-067

June ___, 2025

Andrew M. Bowman
GENTRY LOCKE
10 Franklin Rd. S.E., Suite 900
Roanoke, Virginia 24011

      Re:    LeClairRyan, PLLC

Dear Andrew:

I am writing in my capacity as counsel for Lynn L. Tavenner, Chapter 7 Trustee (the "Trustee") of LeClairRyan, PLLC.

By way of background, the Trustee was appointed as the Chapter 7 bankruptcy trustee for the bankruptcy estate of LeClairRyan, PLLC (the "Estate") in October 2019. Following her appointment, the Trustee was immediately faced with an audit by the Internal Revenue Service, additional tax filings on short turnaround, and questions about the Estate's issuance of Schedule K-1s. In addressing these matters, the Trustee relied in good faith on the LeClairRyan, PLLC's books and records. In addition, the Trustee is aware that the Dissolution Committee prepared a List of Equity Security Holders (the "ESH List") that the Dissolution Committee dated as of July 29, 2019, and that said ESH List included Mr. LeClair. Based on the factual and legal arguments set forth in Mr. LeClair's briefing before the Fourth Circuit in Record No. 23-1131, as well as the Fourth Circuit's holding in that case, the Trustee understands that Mr. LeClair would no longer be a member of LeClairRyan, PLLC as of July 31, 2019.

The Trustee further notes that the Estate has opted out of the centralized audit regime pursuant to 26 U.S.C. § 6221(b) and 26 C.F.R. § 301.6221(b)-1(a) in all requisite tax filings. The Trustee understands that the Schedule K-1 allocation matters involve members, that individual members may have conflicting positions with respect to such allocations, that the three year period for amending certain of the Estate's prior tax returns has passed, and that there has been no definitive resolution of the Schedule K-1 allocation matters by the requisite taxing authorities. As such and based on current circumstances known to the Trustee, the Trustee intends to neither amend prior tax returns to change the Schedule K-1 allocations set forth in prior returns nor file future returns on a basis other than the Schedule K-1 allocations set forth in such prior returns. The Trustee has maintained and continues to maintain that all of the members and/or former members of LeClairRyan, PLLC should resolve their Schedule K-1 allocation matters directly with the relevant taxing authorities.

Both the Trustee and Mr. LeClair acknowledge the foregoing by signing this letter below.

Very truly yours,

TAVENNER & BERAN

Paula S. Beran

**LYNN L. TAVENNER, in her capacity as trustee of the Estate of LeClairRyan PLLC**

_____    Date: _____
Lynn L. Tavenner

**GARY D. LECLAIR**

_____    Date: _____